UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEWARD HEALTH CARE SYSTEM LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 1:21-cv-11902 |

**STEWARD HEALTH CARE SYSTEM LLC'S UNOPPOSED
JOINDER TO MEDICAL PROPERTIES TRUST, INC.'S SUBMISSION
IN SUPPORT OF CERTIFICATION OF CONTROLLING
QUESTION OF LAW PURSUANT TO 28 U.S.C. § 1292(b)**

On September 6, 2022, Medical Properties Trust, Inc. submitted in the matter of <u>Zurich American Insurance Company v. Medical Properties Trust, Inc.</u>, Civil Action No. 1:21-cv-11621-PBS an Unopposed Submission In Support of Certification of Controlling Question of Law Pursuant to 28 U.S.C. § 1292(b).  <u>See</u> Paper No. 52.  Steward Heath Care System LLC ("Steward") respectfully joins in MPT's Submission, including the analysis and reasoning set forth therein.  The parties to this action have conferred and this filing is unopposed.

As MPT sought through its Submission, if the Court issues an order granting plaintiff American Guarantee and Liability Insurance Company's ("AGLIC") Motion for Partial Summary Judgment (Paper No. 27) and denying Steward's Motion for Partial Summary Judgment (Paper No. 23), Steward requests that such orders be certified for immediate appeal to the United States Court of Appeals for the First Circuit, in accordance with 28 U.S.C. § 1292(b).

1

Steward further requests that all existing scheduling deadlines in the case be vacated while the interlocutory appeal proceeds, and that the Court enter an order staying all discovery and other proceedings except for fact discovery and related proceedings relevant to any and all issues that the parties may identify as being reasonably seperable from the Court's decision on the the parties' motions for partial summary judgment and thus capable of proceeding during the appellate process, including the nature and extent of Steward's claimed damages (including time element coverage and damage to personal property such as diagnostic equipment), and Steward's claim that Defendants acted in bad faith.  The parties reserve the right to object to discovery that they contend is affected by the Court's Flood sublimit ruling and further agree that neither this submission nor any discovery contemplated herein constitutes or is evidence of a waiver by Steward to any right to Reference it may hold under 175 M.G.L. § 99 and 100, *et seq*.

Respectfully submitted,

STEWARD HEALTH CARE SYSTEM LLC,

By its attorneys:

/s/  David H. Rich
Howard M. Cooper (BBO # 543842)
hcooper@toddweld.com
David H. Rich (BBO # 634275)
drich@toddweld.com
Rebecca M. O'Brien (BBO # 693592)
robrien@toddweld.com
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626

Dated:  September 6, 2022

## **CERTIFICATE OF SERVICE**

      I, David H. Rich, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants on September 6, 2022.

                                                /s/ David H. Rich
                                                David H. Rich