UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEWARD HEALTH CARE SYSTEM LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMERICAN GUARANTEE AND LIABILITY ) <br> INSURANCE COMPANY and ) <br> ZURICH AMERICAN INSURANCE ) <br> COMPANY, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 1:21-cv-11902 |

**OPPOSITION OF AMERICAN GUARANTEE AND LIABLITY INSURANCE COMPANY AND ZURICH AMERICAN INSURANCE COMPANY
TO
PLAINTIFF'S MOTION FOR LEAVE TO LIFT STAY FOR THE LIMITED PURPOSE OF SUPPLEMENTING ITS PLEADING BY AMENDMENT**

Jonathan D. Mutch (BBO # 634543)
ROBINS KAPLAN LLP
800 Boylston Street 25th Floor
Boston, MA 02199
Tel (617) 267-2300

*Attorneys for Defendants American Guarantee and liability Insurance Company and Zurich American Insurance Company*

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1

II. BACKGROUND .................................................................................................................. 3

    A. Relevant Procedural History ........................................................................................ 3

    B. Background Facts ........................................................................................................ 3

    C. Steward's Existing Allegations in the Operative First Amended Complaint ................... 5

III. LEGAL STANDARDS ....................................................................................................... 6

IV. ARGUMENT ....................................................................................................................... 8

    A. Steward's proposed amendments would not impact the parties' rights and the stay should remain in place to ensure an orderly resolution of the appeal ........................................ 8

    B. Steward's motion seeks amendments adding no substance to Steward's claims and is therefore futile ............................................................................................................... 10

    C. Steward's newly proposed M.G.L. Chapters 93A and 176D and implied-covenant allegations fail under Rule 12(b)(6) and are therefore futile ....................................... 10

        1. Steward's proposed allegations show AGLIC's Period of Liability decisions were made in reliance on opinions of qualified experts ............................................................ 10

        2. Steward's implied covenant of good faith and fair dealing claim is futile because Steward pleads no conduct beyond alleged breach of contract ............................. 12

V. CONCLUSION .................................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akebia Therapeutics, Inc. v. Azar*,
   No. 19-CV-12132-ADB, 2020 WL 5732331 (D. Mass. Sept. 24, 2020) ..........................7, 8, 9

*Barrett v. QuoteWizard.com, LLC*,
   No. CV 20-11209-LTS, 2020 WL 7626464 (D. Mass. Nov. 12, 2020) ...................................9

*Behn v. Legion Ins. Co.*,
   173 F. Supp. 2d 105 (D. Mass. 2001) ................................................................................10

*Bobick v. U.S. Fid. & Guar. Co.*,
   439 Mass. 652 (2003) .........................................................................................................11

*Cunningham v. Lyft, Inc.*,
   No. 1:19-CV-11974-IT, 2020 WL 2616302 (D. Mass. May 22, 2020)...............................6, 8

*Duclersaint v. Fed. Nat. Mortg. Ass'n*,
   427 Mass. 809 (1998) .........................................................................................................12

*Fields v. Locke Lord Bissell & Liddell LLP*,
   No. 1:07-CV-2984-TWT-CCH, 2008 WL 11336849 (N.D. Ga. June 12, 2008) ...............7, 10

*Gonzales v. Ridgewood Landscaping, Inc.*,
   No. CIV.A. H-09-2992, 2010 WL 5100601 (S.D. Tex. Dec. 8, 2010)...............................8, 10

*Gottlieb v. Amica Mut. Ins. Co.*,
   57 F.4th 1 (1st Cir. 2022)....................................................................................................12

*Hatch v. Dep't for Child., Youth & Their Fams.*,
   274 F.3d 12 (1st Cir. 2001)...................................................................................................7

*Imaging, Inc. v. Aetna Health Mgmt. LLC*,
   No. CIV. 09-11873-LTS, 2014 WL 1278012 (D. Mass. Mar. 26, 2014) ................................11

*Massachusetts v. Schering-Plough Corp.*,
   779 F. Supp. 2d 224 (D. Mass. 2011)..................................................................................12

*Morgan v. Town of Lexington, MA*,
   823 F.3d 737 (1st Cir. 2016)................................................................................................7

*O'Sullivan v. Hingham Mut. Fire Ins. Co.*,
   2009 Mass. App. Div. 154, 2009 WL 2438329 (Jul. 30, 2009)..............................................11

*Rodriguez-Vives v. Puerto Rico Firefighters Corps of Puerto Rico*,
    743 F.3d 278 (1st Cir. 2014) ................................................................................8

*Royce-George & Assocs., LLC v. U.S. Bank, N.A.*,
    No. 18-CV-12198-ADB, 2021 WL 294244 (D. Mass. Jan. 28, 2021) ..................12

*United States v. Brooks*,
    145 F.3d 446 (1st Cir. 1998) ................................................................................7

*United States v. Mala*,
    7 F.3d 1058 (1st Cir. 1993) ..................................................................................6

*Van Dyke v. St. Paul Fire & Marine Ins. Co.*,
    388 Mass. 671 (1983) ...................................................................................10, 11

**Statutes**

G.L. c. 176D, §3(9) ......................................................................................................10

M.G.L. c.93A ...............................................................................................................11

M.G.L. chapter 93A ..................................................................................................9, 12

M.G.L. Chapters 93A and 176D .....................................................................2, 5, 8, 10

Massachusetts General Law chapter 93A, Section 11 ...................................................2

**Other Authorities**

Fed. R. Civ. P. 15 ...........................................................................................................7

Rule 12(b)(6) .....................................................................................................7, 10, 12

American Guarantee and Liability Insurance Company ("AGLIC") and Zurich American Insurance Company ("ZAIC") hereby oppose Steward Healthcare System LLC's ("Steward") Motion to Lift Stay for the Limited Purpose of Supplementing its Pleading by Amendment.

## I. INTRODUCTION

Steward chose to seek interlocutory review of the Court's partial summary judgment ruling against it on the Flood sublimit issue. As a result, proceedings in this Court are stayed (save discovery) while the First Circuit Court of Appeals considers that interlocutory appeal. Steward now asks this Court to lift that stay, but only to file a proposed Second Amended Complaint that adds no new parties or counts to the action. Instead, Steward seeks only to add factual averments that will not alter the discovery taken while the interlocutory appeal is pending and, as to Steward's purported "bad faith" claims, that fail to state a claim as a matter of law.

Steward's Motion is largely a vehicle to argue that AGLIC prematurely stopped payments to Steward for its lost business income. AGLIC has paid Steward $97.4 million dollars for its loss, including over $91 million for lost business income (called "Gross Earnings" by the Policy). The Policy establishes and sets a cap on the length of time for which Steward may recover for a Gross Earnings loss. AGLIC communicated to Steward the basis for AGLIC's calculation of the length of the "Period of Liability." Steward simply disagrees with it. This provides no basis or need for Steward's proposed Second Amended Complaint.

Even taking as true Steward's claim that AGLIC stopped paying Gross Earnings prematurely (that claim is not true) the amendments sought by Steward's motion still should be rejected. This Court should deny Steward's proposed amendment for two reasons: **First**, the already-existing operative Amended Complaint covers Steward's complaint about the adjustment of its claim for Gross Earnings loss. The operative pleading includes counts seeking declaratory

1

judgment as to "Steward's losses resulting from the rain event" [ECF Doc. No. 7 at p. 22, ¶ 69], that AGLIC breached the Policy by allegedly not paying Steward for its losses [ECF Doc. No. 7 at p. 23, ¶ 76], that AGLIC breached a duty of good faith and fair dealing by allegedly preventing Steward "from reaping the benefits of the [Policy]" [ECF Doc. No. 7 at p. 23, ¶ 82] and various alleged violations of Massachusetts General Law chapter 93A, Section 11 as to AGLIC and ZAIC [ECF Doc. No. 7 at p. 24, ¶ 92 *et seq*.].  The count of alleged "tortious interference" as to ZAIC is proposed to remain unchanged.  None of the additions set out in the proposed Second Amended Complaint add new counts.  None of the proposed additions would alter the scope of damages or bad faith discovery to go forward during the interlocutory appeal.

**Second**, Steward's proposed amendment is futile insofar as it purports to allege new breaches of Chapters 93A and 176D and the implied covenant of good faith and fair dealing.  For instance, Steward seeks to add allegations that AGLIC's decision as to the length of the Period of Liability under the Policy was supported by the report of an expert consultant.  [ECF Doc. No. 57-2 at pp. 23-24, ¶¶ 72-75 (describing exchanges of "competing" reports as to the time needed for repair after the flood)].  Although Steward takes issue with the conclusion of the report considered by AGLIC, reliance upon an expert report defeats the claim that AGLIC is liable under Chapters 93A and 176D for ending Gross Earnings payments, as a matter of law.  Likewise, Steward's proposed amended allegations fail to state a claim for breach of the implied covenant of good faith and fair dealing because they describe conduct that (even assuming Steward is right, which it is not) constitutes simple breach of contract.

## II. BACKGROUND

### A. Relevant Procedural History

As the Court is aware, this action is related to another case pending before this Court, *Medical Properties Trust, Inc. v. Zurich American Insurance Company*, 1:21-cv-11621-PBS ("MPT Action"), which involves the same flood loss. The parties in both actions submitted partial summary judgment motions as to application of the Flood sublimit in both insurance policies at issue. The Court granted partial summary judgment in favor of ZAIC and AGLIC. [ECF Doc. No. 48 (cross referencing summary judgment ruling in MPT Action).]

Steward requested that the Court certify the Flood sublimit issue for interlocutory review by the First Circuit. [ECF Doc. No. 46.] The Court granted this request.[1] [ECF Doc. No. 52.] The Court also stayed proceedings pending the appeal, but subject to the parties' joint request that discovery proceed on certain limited issues.[2] [ECF Doc. No. 51.] Despite this, Steward requests that the Court lift the stay so that it can amend its complaint for a second time to add additional facts to its claim for Time Element coverage under Steward's insurance policy with AGLIC ("Policy"). [ECF Doc. No. 57.]

### B. Background Facts

A key dispute between Steward and AGLIC centers on the length of time needed to restore Norwood Hospital after the Flood event of June 28, 2020. That period of time directly impacts Steward's claim for Time Element loss, primarily loss of business income pursuant to the Gross

---

[1] Medical Properties Trust also sought interlocutory appeal. Both requests were subsequently allowed by the United States Court of Appeals for the First Circuit.

[2] The Court's order states that discovery may only proceed as to damages. *Id.* However, the parties' submission reflected that they are in agreement that discovery may also proceed as to Steward's bad faith claim. This matter is not stayed concerning that discovery.

Earnings provision of the AGLIC Policy issued to Steward.[3]  (Medical Properties Trust, Inc. ("MPT") – owner of the hospital buildings – is insured separately by ZAIC and MPT has its own insurance claim that includes damage to the buildings.)

A construction schedule report prepared by Shawmut Design and Construction ("Shawmut") opined that the hospital could be repaired by May 13, 2022. [ECF Doc. No. 57-1 at pp. 259-260.] The report was provided to MPT and copied to Steward's public adjuster on December 23, 2020.  [ECF Doc. No. 57-1, at pp. 259, 268 (cc to Ron Papa, National Fire Adjustment Company).]

AGLIC used Shawmut's expert opinion in considering the Period of Liability, stated by the Policy to be the "period starting from the time of physical loss or damage of the type insured against and ending when with due diligence and dispatch the building and equipment could be repaired or replaced, and made ready for operations under the same or equivalent physical and operating conditions that existed prior to the damage." [ECF No. 7-1 at p. 34.]

By letter dated January 11, 2021, AGLIC addressed Steward's contentions that the hospital could not be repaired and, instead, a brand-new hospital must be built, thus requiring until June of 2023. [ECF Doc. No. 57-1 at pp. 270-271 ("[f]irst, substantially too long of a time is asserted by Steward as necessary to repair and restore operations of the Norwood Hospital following the loss" (underlining in original).] AGLIC's letter addressed the Period of Liability provision in the Policy, including the requirement that repair work proceed with "due diligence and dispatch." *Id.* AGLIC explained that Steward's and MPT's scope—which contemplated a full teardown and rebuild of the hospital as well as replacement of substantially all equipment therein—far exceeded what was

---

[3] Other disputes exist, including as examples Steward's claim for "Extra Expense" and whether or to what extent Steward's hospital equipment was damaged.

necessary to return the hospital to pre-loss conditions. *Id.* AGLIC also expressed concern with Steward's and MPT's lack of diligence in testing equipment and making repairs. *Id.*

Although Steward does not agree with the Shawmut report and its schedule, no part of Steward's proposed amendment contests that the Shawmut report has been in Steward's possession for over *two years*. And, Steward has not provided AGLIC with information to contradict the Shawmut report's calculation of the time required for repair of the flood damage.

AGLIC corresponded with Steward on December 23, 2022. That letter addressed calculation of the Q2 2022 Gross Earnings amount due to Steward.[4] AGLIC's letter also advised Steward that Gross Earnings loss would not be paid beyond July 15, 2022, a date approximately two months longer than AGLIC's original calculation provided to Steward on December 23, 2020. [ECF Doc. No. 57-1 at pp. 285, 287.]

Counsel for Steward sent correspondence contesting the termination date for Gross Earnings payments and seeking assent for Steward's proposed amendments. Counsel for AGLIC responded by explaining the basis for the July 15, 2022 end-date, noting (among other points) the consultation by AGLIC with an additional expert.

## C. Steward's Existing Allegations in the Operative First Amended Complaint

Steward's currently operative First Amended Complaint alleges claims for declaratory relief (Count I), breach of contract (Count II), breach of the implied covenant of good faith and fair dealing (Count III), and violation of Chapters 93A and 176D (Count IV) as follows:

- "the Steward Policy covers business personal property, time element and medical equipment losses." [ECF Doc. No. 7 at ¶ 2];

- "The 'Flood' provision within the 'Described Causes of Loss' section of the Steward Policy states, in pertinent part: [']The Company will pay for direct physical

---

[4] Steward provided support for claimed Gross Earnings loss over time, and payments were made over time, as provided for by the Policy.

loss of or damage to Covered Property, Time Element loss and Special Coverages loss as provided by this Policy, if such loss or damage is caused by Flood regardless of any other cause or event contributing concurrently or in any other sequence of loss.[']" [ECF Doc. No. 7 at ¶ 20];

- "In its first coverage position letter to Steward, the Defendants stated that an 'initial review' of the Loss showed that the property damage to both the basement and ground levels of the Hospital, as well as any time element losses, resulted from 'Flood.'" [ECF Doc. No. 7 at ¶ 44];

- "Steward's preliminary claim calculated extensive business interruption (time element) damages … ." [ECF Doc. No. 7 at ¶ 50];

- "The Defendants further alleged that Steward's claimed time element loss is 'incomplete' and yet 'appear[s] based on a scope of repair beyond that which is needed to restore the' damage. This position ignores key undisputed facts: that Steward has engaged building specialists who are the leading industry experts in hospital design, environmental health and safety, and building and accessibility codes, many of which prepared assessments based on their own visual inspections of the Loss as well as ongoing testing at the Hospital. Tellingly, the Defendants cited zero evidence in support of its supposition that the Hospital can be repaired sooner." [ECF Doc. No. 7 at ¶ 57]; and

- "AGLIC has breached the Steward Policy by failing to pay Steward for all its Covered Causes of Loss thereunder … ." [ECF Doc. No. 7 at ¶ 76].

## III.   LEGAL STANDARDS

A pending interlocutory appeal generally removes a District Court's authority concerning the specific subject of the appealed order, and also gives the District Court discretion as to other matters.  Thus, "an interlocutory appeal ordinarily suspends the power of the district court to modify the order subject to appeal, but does not oust district-court jurisdiction to continue with proceedings that do not threaten either the appeal's orderly disposition or its raison d'etre." *Cunningham v. Lyft, Inc.*, No. 1:19-CV-11974-IT, 2020 WL 2616302, at *2 (D. Mass. May 22, 2020) (quoting 16A Fed. Prac. & Proc. Juris. § 3949.1 (5th ed.)); *United States v. Mala*, 7 F.3d 1058, 1060–61 (1st Cir. 1993) ("[A]n appeal from … an interlocutory order made immediately appealable by statute divests a district court of authority to proceed with respect to any matter

touching upon, or involved in, the appeal … .") (internal citations omitted). Even where it does not appear that the requested relief would necessarily disrupt the appeal, the District Court may, in its discretion, decline to act if doing so would promote the interests of judicial economy or efficiency. *Akebia Therapeutics, Inc. v. Azar*, No. 19-CV-12132-ADB, 2020 WL 5732331, at *3 (D. Mass. Sept. 24, 2020) (even if Court had jurisdiction to hear motion brought during pendency of interlocutory appeal, motion would be denied where it was "in the interests of efficiency and judicial economy for the Court to wait until the First Circuit has issued its opinion"); *see also United States v. Brooks*, 145 F.3d 446, 456 (1st Cir. 1998) ("Allowing more than one court to take charge of a case at any given moment often disserves the interests of comity and judicial economy.").

As such, and given the pendency of Steward's interlocutory appeal, this Court is not bound to address this motion under the liberal standards applicable to requests for leave to amend a pleading filed in the normal course. *Cf.* Fed. R. Civ. P. 15; [ECF Doc. No. 57 at p. 9]. Where, as here, the amendments seek to add only factual averments, discretion would be properly exercised to deny the proposed amendments. Furthermore, even if the Court were to analyze Steward's present motion under Rule 15 standards, it should be denied if the proposed amendment is futile. *Hatch v. Dep't for Child., Youth & Their Fams.*, 274 F.3d 12, 19 (1st Cir. 2001) ("futility is fully sufficient to justify the denial of a motion to amend"). A proposed amendment should be deemed futile if the resulting claim would not survive a Rule 12(b)(6) motion to dismiss. *Morgan v. Town of Lexington, MA*, 823 F.3d 737, 742 (1st Cir. 2016). Proposed amendments have also been found futile if they only seek to add unnecessary factual detail and do not expand the scope of the claims pleaded in the complaint. *Fields v. Locke Lord Bissell & Liddell LLP*, No. 1:07-CV-2984-TWT-

7

CCH, 2008 WL 11336849, at *3 (N.D. Ga. June 12, 2008); *Gonzales v. Ridgewood Landscaping, Inc.*, No. CIV.A. H-09-2992, 2010 WL 5100601, at *1 (S.D. Tex. Dec. 8, 2010).

## IV.  ARGUMENT

### A. Steward's proposed amendments would not impact the parties' rights and the stay should remain in place to ensure an orderly resolution of the appeal.

During the pendency of an interlocutory appeal, this Court must refuse to take any action that could disrupt the appeal's disposition and may decline to grant any relief that would hinder efficiency and judicial economy. *Cunningham*, 2020 WL 2616302, at *2; *Akebia Therapeutics*, 2020 WL 5732331, at *3.  The relief sought by Steward is inefficient and strains at notions of judicial economy.  Steward's proposed amendment is limited to additional factual details concerning AGLIC's conclusion as to the length of Policy's Period of Liability and termination of Time Element payments.  However, the operative complaint makes claim for Time Element payments that Steward contends are owed under the Policy. *See* [ECF Doc. No. 7 at ¶ 2 (Policy covers Time Element losses), ¶ 20 (describing Policy's limits applicable to Time Element claims), ¶ 44 (alleging AGLIC inappropriately adjusted Time Element claim as flood loss), ¶ 50 (Steward claimed Time Element loss), ¶ 57 (taking issue with AGLIC's determination that Steward claimed excessive Time Element losses), ¶ 76 (alleging AGLIC breached the Policy by not paying all amounts claimed by Steward)].  Steward likewise alleged breach of the implied covenant and violation of Chapters 93A and 176D arising out of the same conduct. [*Id.* at ¶¶ 78-84, 91-103.]

It is unnecessary for Steward to amend the complaint so that it details every back-and-forth between the parties concerning Time Element coverage, as Steward attempts here. "A complaint need not allege every fact necessary to win at trial, but need only include sufficient facts to make it plausible on its face." *Rodriguez-Vives v. Puerto Rico Firefighters Corps of Puerto Rico*, 743 F.3d 278, 283 (1st Cir. 2014) (citations and internal quotation marks omitted).  Such specifics

8

concerning Steward's Time Element claim can be borne out through evidence at later stages of the litigation.

Any concern by Steward that the operative pleading is too narrow for it to conduct discovery concerning Time Element damages and related Chapter 93A allegations during pendency of the appeal as agreed upon by the parties is unfounded. "[A] plaintiff's well-pleaded factual allegations state a plausible basis for relief is usually enough to entitle the plaintiff to … proceed to discovery." *Barrett v. QuoteWizard.com, LLC*, No. CV 20-11209-LTS, 2020 WL 7626464, at *6 (D. Mass. Nov. 12, 2020). While AGLIC and ZAIC reserve the right to object to Steward's specific discovery requests on relevance and other grounds (as does Steward to discovery served on it) the scope of the operative complaint is not so limited as to preclude discovery as to Steward's Time Element claim, the evaluation of it by AGLIC, and the attendant adjustment and assertions of purported "bad faith" conduct. Indeed, Steward has already served discovery addressing the same subjects that are the subject of its motion to lift the stay and amend. Defendants do not argue that the case is stayed as to discovery concerning the identified subjects.

Moreover, although it does not presently appear that Steward's proposed amendment raises issues that directly overlap with the interlocutory appeal, it is necessarily unknown how the First Circuit will rule or how that outcome could impact proceedings in this Court. As acknowledged by this Court and the First Circuit, "shared jurisdiction almost always portends a potential for conflict and confusion … ." *Akebia Therapeutics*, 2020 WL 5732331, at *2 (quoting *Brooks*, 415 F. 3d at 456). In order to minimize any such jurisdictional conflict or confusion, the prudent course would be to deny Steward's motion.

The amendment Steward seeks would neither expand nor contract the scope of its claim or discovery it seeks. It is thus inefficient and a waste of judicial resources by definition. The Court

9

should deny Steward's motion for this reason, as well as to ensure that disposition of Steward's appeal is not interrupted and that proceedings ultimately resume in this Court in an orderly manner.

### B. Steward's motion seeks amendments adding no substance to Steward's claims and is therefore futile.

Proposed amendments that seek only to add unnecessary detail are futile. *See Fields v. Locke Lord Bissell & Liddell LLP*, No. 1:07-CV-2984-TWT-CCH, 2008 WL 11336849, at *3 (N.D. Ga. June 12, 2008) ("The Court finds that Plaintiff's First Amended Complaint is a futile attempt to bolster Plaintiff's claims by adding extraneous factual allegations that are not essential or material to Plaintiff's claims against Defendant."); *Gonzales v. Ridgewood Landscaping, Inc.*, No. CIV.A. H-09-2992, 2010 WL 5100601, at *1 (S.D. Tex. Dec. 8, 2010) (denying motion to amend for reasons including futility given that there was "no practical need to add" allegations against new defendant). As discussed in Argument A, *supra*, Steward has already made out breach of contract, implied covenant, and Chapters 93A and 176D claims concerning its alleged entitlement to Time Element coverage.

### C. Steward's newly proposed M.G.L. Chapters 93A and 176D and implied-covenant allegations fail under Rule 12(b)(6) and are therefore futile.

#### 1. Steward's proposed allegations show AGLIC's Period of Liability decisions were made in reliance on opinions of qualified experts.

A claim under Chapters 93A and 176D for bad faith claims handling requires the plaintiff to plead and prove that liability under the policy is "reasonably clear." *Van Dyke v. St. Paul Fire & Marine Ins. Co.*, 388 Mass. 671, 678 (1983) (93A claim premised on multiple subsections of G.L. c. 176D, §3(9) failed because insurer "did not cause any injury to or adversely affect the plaintiffs" given that liability was not "reasonably clear"); *Behn v. Legion Ins. Co.*, 173 F. Supp. 2d 105, 117 (D. Mass. 2001) ("Since liability was never reasonably clear, this Court need not make

10

findings as to whether [the insurer] violated specific subsections of Mass.Gen.L. ch. 176D, § (3)(9).").

Liability under these causes of action cannot be "reasonably clear" when the insurer is in possession of information suggesting a "reasonable prospect of success at trial." *Van Dyke*, 388 Mass. at 677. A "reasonable prospect of success" exists when an insurer has a "good faith basis" for its coverage position. *Imaging, Inc. v. Aetna Health Mgmt. LLC*, No. CIV. 09-11873-LTS, 2014 WL 1278012, at *15 (D. Mass. Mar. 26, 2014) ("[w]here there is a good faith basis that the claim was excluded from coverage, liability is not reasonably clear."). An insurer has a good faith basis for a coverage determination when it obtained a supportive expert opinion. *O'Sullivan v. Hingham Mut. Fire Ins. Co.*, 2009 Mass. App. Div. 154, 2009 WL 2438329, at *4 (Jul. 30, 2009) (liability not "reasonably clear" when insurer's adjuster advised insurer that loss was excluded); *Van Dyke*, 388 Mass. 677 (no 93A/176D liability where opinion of medical expert supported defendant insurer's trial position).

Steward's proposed allegations concede that AGLIC's original determination that the Period of Liability ended on May 13, 2022 came from an expert opinion prepared by a qualified construction consultant, Shawmut.[5] [ECF Doc. No. 57-1 at pp. 23-24 ¶ 73.] The fact that Steward disagrees with AGLIC's experts (because Steward believes it should be paid Gross Earnings for the time needed to build a freshly constructed hospital complex, not to repair the flood damage to the damaged buildings) cannot support a meritorious 93A claim—such disagreement merely reflects "a legitimate difference of opinion as to the extent of [AGLIC's] liability." *Bobick v. U.S. Fid. & Guar. Co.*, 439 Mass. 652, 660 (2003) (M.G.L. c.93A claim failed where facts suggested a

---

[5] AGLIC extended this date to July 15, 2022 following additional expert consultation, that date is referenced by Steward in its proposed amendments. [ECF Doc. No. 57-2 at p.26, ¶ 79.]

11

triable liability issue); *Duclersaint v. Fed. Nat. Mortg. Ass'n*, 427 Mass. 809, 814 (1998) ("[A] good faith dispute as to whether money is owed, or performance of some kind is due, is not the stuff of which a c. 93A claim is made"). Any M.G.L. chapter 93A or 176D claim arising out of Steward's newly proposed allegations would fail under Rule 12(b)(6) given the facts alleged, and therefore any such claim is futile.

### 2. Steward's implied covenant of good faith and fair dealing claim is futile because Steward pleads no conduct beyond alleged breach of contract.

The implied covenant of good faith and fair dealing "provides that 'neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'" *Gottlieb v. Amica Mut. Ins. Co.*, 57 F.4th 1, 8 (1st Cir. 2022) (quoting *Latson v. Plaza Home Mortg., Inc.*, 708 F.3d 324, 326 (1st Cir. 2013)) (further citations omitted). "A party may breach the covenant of good faith and fair dealing implicit in every contract without breaching any express term of that contract. Otherwise, the implied covenant would be a mere redundancy." *Massachusetts v. Schering-Plough Corp.*, 779 F. Supp. 2d 224, 240 (D. Mass. 2011) (citations and internal quotation marks omitted). In other words, a party "cannot bring an independent claim for breach of the implied covenant of good faith and fair dealing where such claim is premised on the same conduct as its breach of contract claim." *Royce-George & Assocs., LLC v. U.S. Bank, N.A.*, No. 18-CV-12198-ADB, 2021 WL 294244, at *7 (D. Mass. Jan. 28, 2021).

Steward's new allegations do not describe any conduct of AGLIC that conceivably deprived Steward of the "fruits of the contract." AGLIC has paid over $97 million to Steward. The core of Steward's complaint is simply that AGLIC has not paid all amounts claimed by Steward. Steward does not allege that AGLIC did anything outside the contract that defeated Steward's right to coverage. Steward's implied covenant claim is therefore "premised on the same conduct as its breach of contract claim." As such, it is futile and would fail under Rule 12(b)(6).

## V. CONCLUSION

For the above reasons, the Court should deny Steward's motion to lift the stay for the limited purpose of supplementing the complaint by amendment.

March 9, 2023

AMERICAN GUARANTEE AND
LIABILITY COMPANY and
ZURICH AMERICAN INSURANCE
COMPANY

By its attorneys:

/s/ Jonathan D. Mutch
Jonathan D. Mutch (BBO # 634543)
ROBINS KAPLAN LLP
800 Boylston Street 25th Floor
Boston, MA 02199
Tel (617) 267-2300
jmutch@robinskaplan.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2023, a copy of the foregoing was filed with the Court via the ECF filing system. As such, this document will be electronically sent to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ Jonathan D. Mutch
Jonathan D. Mutch

37477505.1