**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| STEWARD HEALTH CARE SYSTEM LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 1:21-cv-11902 |

**AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND COUNTERCLAIM**

American Guarantee and Liability Insurance Company ("AGLIC") hereby answers and responds to Steward Health Care System LLC's ("Steward") Second Amended Complaint (the "Complaint"). To the extent the headings and sub-headings that appear throughout the Complaint include characterizations of the factual allegations and conclusions of law, no response is required. To the extent a response is required, AGLIC denies the allegations in each and every heading or sub-heading that appears in the Complaint, which are repeated herein for convenience only. With respect to each numbered paragraph of the Complaint, AGLIC answers as follows and denies any allegations not expressly admitted:

## I. INTRODUCTION

1. Admitted that Zurich American Insurance Company ("Zurich") is the parent corporation of AGLIC and that Medical Properties Trust, Inc. ("MPT") has made a claim for damage to its real property under a separate commercial property insurance policy, which speaks

for itself. Denied that AGLIC has failed to indemnify Steward and denied that Zurich largely has been managing the adjustment of Steward's claim in conjunction with MPT's claim. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 and leaves Steward to its proof.

2. Admitted that the Steward Policy provides certain coverage for time element loss, business personal property and medical equipment, subject to all terms, which speak for themselves. To the extent the allegations in paragraph 2 purport to further characterize the MPT Policy and Steward Policy, those policies speak for themselves. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 regarding the ownership of the Hospital buildings and the relationship between MPT and Steward, and leaves Steward to its proof. Denied as to all remaining allegations in paragraph 2.

3. Admitted that the Town of Norwood issued a Cease-and-Desist Order, which speaks for itself. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 and leaves Steward to its proof.

4. Denied that Steward has provided AGLIC with the information that would enable it to administer and process the claim. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 and leaves Steward to its proof.

5. Admitted that Steward and MPT seek to remove the existing buildings and develop a new complex in its place. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and leaves Steward to its proof.

6. Admitted that the Massachusetts Commissioner of Insurance issued advice to insurers regarding the rain event. To the extent the allegations in paragraph 6 purport to

characterize the terms of the MPT Policy and Steward Policy, those policies speak for themselves. Denied as to all remaining allegations in paragraph 6.

7. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 regarding communications Steward and MPT had with their consultants and leaves Steward to its proof. Denied as to all remaining allegations in paragraph 7.

8. Denied.

9. Denied.

10. Denied.

11. Denied, except AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding a multiplier effect on the local economy and leaves Steward to its proof.

12. Denied, except AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 regarding the overall health care infrastructure in Norfolk County and leaves Steward to its proof.

## II. PARTIES

13. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and leaves Steward to its proof.

14. Admitted.

15. Admitted, except denied that Zurich has been managing the adjustment of Steward's claim on behalf of AGLIC together with Zurich's own adjustment of the MPT claim.

## III. JURISDICTION AND VENUE

16. Paragraph 16 states a legal conclusion to which no response is required. To the extent a response is required, AGLIC admits that the Court has subject matter jurisdiction over this matter only on information and belief, given that Steward's Complaint does not identify the legal status and citizenship of the sub-member Delaware LLC's member entities.

17. Paragraph 17 states a legal conclusion to which no response is required.

## IV. FACTS

### A. The Steward Policy

18. Admitted and refers to the Policy which speaks for itself.

19. Admitted and refers to the Policy which speaks for itself.

20. Admitted and refers to the Policy which speaks for itself.

21. Admitted and refers to the Policy which speaks for itself.

22. Admitted and refers to the Policy which speaks for itself.

23. Admitted and refers to the Policy which speaks for itself.

24. Admitted and refers to the Policy which speaks for itself.

25. Admitted and refers to the Policy which speaks for itself.

26. Admitted and refers to the Policy which speaks for itself.

27. Admitted and refers to the Policy which speaks for itself.

28. Admitted that Steward quoted from the Policy, except to the extent the allegations in paragraph 28 purport to characterize the Policy, which speaks for itself.

### B. Norwood Hospital

29. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and leaves Steward to its proof.

30. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and leaves Steward to its proof.

31. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and leaves Steward to its proof.

32. Admitted, except AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 regarding all six buildings supporting clinical and non-clinical functions and leaves Steward to its proof.

33. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and leaves Steward to its proof.

### C. <u>The Rain Event</u>

34. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and leaves Steward to its proof.

35. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and leaves Steward to its proof.

#### 1. Flooding of the Basement and Ground Floors

36. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and leaves Steward to its proof.

37. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and leaves Steward to its proof.

#### 2. Storm Water Damage on Upper Floors

38. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and leaves Steward to its proof.

39. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and leaves Steward to its proof.

**D. Hospital Operations Cease and Steward/MPT Immediately Begin to Assess and Investigate the Damage**

40. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and leaves Steward to its proof.

41. Admitted, except denied that Zurich identified Sedgwick as its or the adjuster for both claims.

42. Admitted and refers to the Cease-and-Desist Order which speaks for itself.

43. Admitted that the Massachusetts Commissioner of Insurance issued Bulletin 2020-22, which speaks for itself, and that the quoted portions appear in that Bulletin.

44. Admitted that Steward sought to take the lead as to both its and MPT's claim, and denied as to the remaining allegations in paragraph 44 of the Complaint.

45. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and leaves Steward to its proof.

46. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and leaves Steward to its proof.

47. Admitted that Steward and MPT seek to remove the existing buildings and develop a new complex in its place. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and leaves Steward to its proof.

**E. The Defendants' Adjustment of the Claims**

48. Denied except to admit that Mark Graves sent a letter on August 20, 2020, while the investigation was ongoing, containing the quoted language. The letter speaks for itself.

49. Denied.

50. Denied.

51. Denied.

52. Admitted that on October 29, 2020, MPT, Steward, Zurich, and the Massachusetts Commissioner of Insurance met to discuss next steps regarding the Loss; all parties expressed a willingness to work collaboratively to move the claims process forward; and that Zurich would be prepared to have a preliminary discussion in December 2020; otherwise denied.

53. Denied, except to admit that Steward and MPT presented certain claim information on December 4, 2020.

54. Admitted that the Steward December 4, 2020 submission asserted time element loss and damage to certain equipment and supplies, and refers to the submission which speaks for itself.

55. Admitted that the Steward December 4, 2020 submission included certain information from Stantec, and refers to the submission which speaks for itself.

56. This allegation solely concerns the claim by MPT under a policy of insurance issued by Zurich to which no response is required by AGLIC.

57. Admitted that BR+A submitted a report expressing that opinion, denied that the opinion is accurate, and refers to the report which speaks for itself.

58. Denied.

59. This allegation solely concerns the claim by MPT under a policy of insurance issued by Zurich to which no response is required by AGLIC.

60. Denied.

61. Admitted that a letter was sent on January 11, 2021 responding to Steward's preliminary submission, the contents of which speak for itself. Denied as to the remaining allegations in paragraph 61 of the Complaint.

62. Admitted that a letter was sent on January 11, 2021 responding to Steward's preliminary submission, the contents of which speak for itself. Denied as to the remaining allegations in paragraph 62 of the Complaint.

63. Denied, except admitted that Steward and MPT submitted separate documents styled as "Sworn Statement in Proof of Loss – Interim" on February 5, 2021.

64. Denied and refers to the Interim Proofs of Loss, which speak for themselves.

65. This allegation solely concerns the claim by MPT under a policy of insurance issued by Zurich to which no response is required by AGLIC.

66. Admitted that AGLIC responded to the Interim Proof of Loss on March 5, 2021, that it contains the quoted language, and refers to that letter, which speaks for itself. Denied to the extent this paragraph alleges that there is no additional new information in AGLIC's March 5, 2021 letter, and further refers to the letters of March 5, 2021 and January 11, 2021 which speak for themselves.

67. Admitted, except denied that Steward has provided extensive supporting documentation and data in support of its claim on a rolling basis, oftentimes providing the same information multiple times at AGLIC's request.

68. Denied.

69. Denied.

70. Denied.

71. Denied to the extent this paragraph alleges that the Hospital's closure is due to Defendants.

### F. Defendants Unilaterally Cut Off Steward's $10 Million Per Quarter Business Interruption Payments Without Basis, in Bad Faith and Without Discussion or Explanation Despite Steward's Request for An Explanation

72. Admitted that MPT submitted to Zurich documents that MPT characterized as an estimate of loss and schedule, both of which speak for themselves. Denied as to the remaining allegations in paragraph 72 of the Complaint.

73. Admitted that a letter was sent on December 23, 2020 from Zurich to MPT containing a report and repair schedule prepared by Shawmut Design and Construction, and refers to that letter and report, both of which speak for themselves. Denied as to the remaining allegations in paragraph 73 of the Complaint.

74. Admitted that a letter was sent on January 11, 2021 from AGLIC to Steward, that it contains the language quoted in Paragraph 74, and refers to that letter, which speaks for itself. Denied as to the remaining allegations in paragraph 74 of the Complaint.

75. Admitted that Steward, MPT, AGLIC and Zurich held adjustment meetings and presentations that included the period of time necessary to repair and restore Norwood Hospital. Denied as to the remaining allegations in paragraph 75 of the Complaint.

76. Denied.

77. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 and leaves Steward to its proof.

78. Admitted as to quarterly payments, denied that AGLIC's quarterly business interruption payment to Steward for the second quarter of 2022 was overdue, and to the extent

Steward seeks to characterize the Policy concerning "agreed upon by the parties" regarding the Period of Liability, the Policy speaks for itself.

79. Admitted that a letter was sent on December 23, 2022 from AGLIC to Steward regarding Steward's second quarter 2022 business interruption payment and the Period of Liability containing the quoted wording, and refers to that letter in its entirety, the contents of which speak for itself. Denied as to the remaining allegations in paragraph 79 of the Complaint.

80. Denied.

81. Admitted that Steward sought an explanation of AGLIC's determination of the Period of Liability, otherwise denied.

**COUNT I**
**<u>Declaratory Judgment</u>**
**(Against AGLIC)**

82. AGLIC adopts, incorporates and realleges all preceding paragraphs as if set forth fully herein.

83. Admitted.

84. Admitted that declaratory relief is appropriate and denied as to the remainder of the allegations in paragraph 84.

85. Denied.

**COUNT II**
**<u>Breach of Contract</u>**
**(Against AGLIC)**

86. AGLIC adopts, incorporates and realleges all preceding paragraphs as if set forth fully herein.

87. Admitted and refers to the Policy which speaks for itself.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

**COUNT III**
**Breach of the Implied Covenant of Good Faith and Fair Dealing**
**(Against AGLIC)**

92. AGLIC adopts, incorporates and realleges all preceding paragraphs as if set forth fully herein.

93. Paragraph 93 states a legal conclusion to which no response is required.

94. Paragraph 94 states a legal conclusion to which no response is required.

95. Admitted and refers to the Policy which speaks for itself.

96. Denied.

97. Denied.

98. Denied.

**COUNT IV**
**Tortious Interference with Contractual Relations**
**(Against Zurich)**

99. AGLIC adopts, incorporates and realleges all preceding paragraphs as if set forth fully herein.

100. Admitted and refers to the Policy which speaks for itself.

101. This Count is directed solely at Zurich and no response is required by AGLIC. To the extent a response is required to this paragraph, denied.

102. This Count is directed solely at Zurich and no response is required by AGLIC. To the extent a response is required to this paragraph, denied.

103. This Count is directed solely at Zurich and no response is required by AGLIC. To the extent a response is required to this paragraph, denied.

104. This Count is directed solely at Zurich and no response is required by AGLIC. To the extent a response is required to this paragraph, denied.

**COUNT V**
**Violation of G.L. c. 93A, § 11**
**(Against AGLIC and Zurich)**

105. AGLIC adopts, incorporates and realleges all preceding paragraphs as if set forth fully herein.

106. Admitted.

107. Admitted.

108. Admitted.

109. Admitted.

110. Paragraph 110 states a legal conclusion to which no response is required. To the extent a response is required, AGLIC denies that Steward held reasonable expectations of coverage other than what is expressly specified by the Policy.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

AGLIC does not respond to Steward's "WHEREFORE" paragraph reciting the relief sought. To the extent a response is required, denied.

**AFFIRMATIVE AND OTHER DEFENSES TO THE CLAIMS**

**Defense One – Failure to State a Claim**

1. Steward's claims are barred because it failed to state a claim upon which relief may be granted.

**Defense Two – Performance**

2. Steward's claims are barred because AGLIC fully met its obligations under the terms of the Policy.

**Defense Three – Failure of Condition Precedent**

3. Steward's claims are barred because it did not fulfill conditions precedent to coverage pursuant to the terms of the Policy.

**Defense Four – Lack of Subject Matter Jurisdiction**

4. This court may lack subject matter jurisdiction because Steward's Complaint fails to identify the legal status and citizenship of its members and sub-members of all levels.

**Defense Five – Failure to Comply with Policy Reference Requirements and Massachusetts General Laws chapter 175 § 99**

5. Steward's claims may be barred in whole or in part because it has failed to comply with required reference proceedings as set forth in the Policy and in M. G. L. c. 175, § 99.

**Defense Six – Failure to Mitigate**

6. Steward has failed to properly mitigate its damages.

## COUNTERCLAIM

Pursuant to Fed. R. Civ. P. 13 and 28 U.S.C. §§ 2201 and 2022, American Guarantee and Liability Insurance Company ("AGLIC") hereby asserts the following counterclaim against Steward Health Care System LLC ("Steward").

## THE NATURE OF THE COUNTERCLAIM

1. This is a counterclaim for declaratory judgment to determine and resolve questions of actual controversy involving a claim for coverage under a commercial property insurance policy for losses arising out of a single Flood event at Norward Hospital (the "Property") in Norwood, Massachusetts on June 28, 2020. At the time of the loss, Medical Properties Trust, Inc. owned the Property and leased it to Steward, who operates Norwood Hospital. Steward was insured under a first party property policy issued by AGLIC (the "Policy"). In this counterclaim, AGLIC seeks declarations determining the parties' rights and obligations under the Policy it issued to Steward relating to the June 28, 2020 Flood event.

2. Specifically, AGLIC seeks declarations that Steward's total recovery cannot exceed the sublimit applicable to Flood.

## THE PARTIES

3. Plaintiff-in-counterclaim, AGLIC, is a New York corporation with a principal place of business in Schaumburg, Illinois.

4. Defendant-in-counterclaim, Steward, is a Delaware limited liability company. Steward's Second Amended Complaint alleges two members of Steward Health Care, LLC, one a Maryland corporation with a principal place of business in Alabama and a Delaware LLC with a principal place of business in Dallas, Texas and alleges that "none of the members of this Delaware limited liability company are domiciled in New York or Illinois." (Dkt. 61 at ¶ 13).

Steward, on February 22, 2022, provided additional information concerning the membership of Steward Health Care, LLC (Dkt. 13-1). That information differs from the citizenship allegations in the Second Amended Complaint. The additional information, however, indicates that none of the members or sub-members of Steward Health Care, LLC were citizens of or domiciled in New York or Illinois.

**JURISDICTION AND VENUE**

5. On information and belief, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 (a)(1) and (2) because AGLIC and Steward are citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims occurred in this district.

**THE POLICY**

7. AGLIC issued commercial property insurance policy number ZMD1393138-00 to Steward (the "Policy"). The Policy covers the period of November 1, 2019 to November 1, 2020. A copy of the Policy is attached as Exhibit A to Steward's Second Amended Complaint. (Dkt. 61-1).

8. The Policy insures against direct physical loss of or damage caused by a covered cause of loss to covered property.

9. Flood loss is a "Described Cause of Loss" under the Policy:

> 5.03. DESCRIBED CAUSES OF LOSS
>
> 5.03.03. **FLOOD**
>
> The Company will pay for direct physical loss of or damage to Covered Property, Time Element loss and Special Coverages loss as provided by this Policy, if such loss or damage is caused by **Flood** regardless of any other cause or

> event contributing concurrently or in any other sequence of loss. However, ensuing physical loss or damage by fire, explosion, theft, vandalism or sprinkler leakage will not be considered to be loss by **Flood** within the terms and conditions of this Policy.

(Dkt. 61-1, at 51).

10. The Policy contains a $150,000,000 sublimit for claims arising out of Flood. (Dkt. 61-1, at 20). This sublimit is separate and apart from other sublimits within the Policy. (Dkt. 61-1, at 16) ("The limit of Liability we show for a coverage part is the maximum amount we will pay for the coverage part. Sublimits within a coverage part may reduce the amount payable under a coverage part. . . . $150,000,000 FLOOD in the Annual Aggregate . . . .").

11. The Policy language specifically states that the $150,000,000 sublimit as applicable to Flood acts as a collective ceiling for all Flood damage. (Dkt. 61-1, at 16) ("The most the Company will pay in an **Occurrence** caused by a **Described Cause of Loss** is the Limit of Liability for that **Described Cause of Loss**.").

12. The Policy defines Flood as "[a] general and temporary condition of partial or complete inundation of normally dry land areas or structure(s) caused by: . . . The unusual and rapid accumulation or runoff of surface waters, waves, tides, tidal waves, tsunami, the release of water, the rising, overflowing or breaking of boundaries of nature or man-made bodies of water; or the spray there from all whether driven by wind or not . . ." (Dkt. 7-1, at 67).

**<u>THE JUNE 28, 2020 FLOOD EVENT</u>**

13. The Property in which Steward operated Norwood Hospital consists of multiple connected buildings, including the Draper Building and the Lorusso Building, which are joined by common corridors. The Draper Building is 5-stories in height, exclusive of the basement level, and the Lorusso Building stands 4-stories tall with a separate basement. Upon information

and belief, the Draper Building was built in the 1962 and the Lorusso Building was built in the late 1980s or early 1990s.

14. On June 28, 2020, Norwood Hospital was damaged by Flood as a result of torrential rain that fell in the area.

15. Rainwater accumulated in areas surrounding the Property, eventually flooding the basement areas of the Lorusso and Draper Buildings. Water was reported to have reached 4' to 5' in the Lorusso Building basement and approximately 2' in the Draper Building basement.

16. Flood water damage the main electrical switchgear and backup generators causing the Property to lose power.

17. Flood water also entered through other openings on the ground floor and spread throughout the interior of the Property.

18. Additional Flood water accumulated on the roof and the second floor courtyard of the Lorusso Building.

19. Unable to handle the accumulation of surface water, storm drains failed and Flood water entered the Lorusso Building from the roof and second floor courtyard.

**STEWARD'S CLAIM UNDER THE POLICY**

20. Steward notified AGLIC on or about June 29, 2020 that it had sustained damage as a result of the Flood (the "Claim").

21. AGLIC promptly investigated and adjusted the reported Claim. AGLIC hired several consultants to assist with investigating the Claim.

22. Steward also retained consultants to value the Claim on its behalf.

23. On or about February 5, 2021, AGLIC received a proof of loss for the Claim totaling over $220,500,000.

24. Steward divides its Claim between what it terms "Flood" damage ($124,965,010) and purported "storm" damage ($95,728,363). AGLIC disputes these sums.

25. Upon information and belief, Steward is classifying damage arising from surface water infiltration from the roof and courtyard as "storm" damage. This purported distinction between "Flood" damage and "storm" damage is unsupported by the Policy and appears to be an improper attempt to bypass the $150,000,000 Flood limit.

**COUNT I**
**(Request for Declaratory Judgment — Application of Sublimit for Flood)**

26. AGLIC incorporates paragraphs 1 through 25 of this counterclaim as if set forth fully herein.

27. The Policy provides coverage for Flood, which is defined in the Policy as including "[a] general and temporary condition of partial or complete inundation of normally dry land area or structure(s) caused by . . . [t]he unusual and rapid accumulation or runoff of surface waters …." (Dkt. 61-1, at 67).

28. The Policy contains a sublimit for Flood of $150 million in the annual aggregate, which is further stated as AGLIC's maximum amount payable that it will pay during the policy year regardless of the number of Locations, Coverages, or Occurrences involved. (Dkt. 61-1, at 16).

29. All covered loss or damage sustained by Steward, including Time Element loss and any damage to equipment or other property is Flood damage.

30. Accordingly, all loss or damage that Steward sustained which was caused by water is subject to the Policy's $150 million sublimit applicable to Flood.

31. AGLIC respectfully requests a declaration that Steward's recovery under the Policy cannot exceed the Policy's $150 million sublimit applicable to Flood.

**PRAYER FOR RELIEF**

WHEREFORE, AGLIC prays that it be granted judgment against Steward that:

(a) Declares that Steward's total recovery cannot exceed the sublimit applicable to Flood; and

(b) Any other and further relief, at law or equity, that the Court deems just and proper.

Dated: March 29, 2023

Respectfully submitted,

*/s/ Jonathan D. Mutch*

Jonathan D. Mutch, Esq. (BBO No. 634543)
ROBINS KAPLAN LLP
800 Boylston Street, 25th Floor
Boston, MA 02199
Tel: 617-859-2722
Email: JMutch@RobinsKaplan.com

***Attorney for Defendant American Guarantee and Liability Insurance Company***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of March, 2023 a copy of the foregoing Answer and Counterclaim was filed with the Court via the ECF filing system. As such, this document will be electronically sent to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

*/s/Jonathan D. Mutch*

Jonathan D. Mutch

37482860.1