UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEWARD HEALTH CARE SYSTEM LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 1:21-cv-11902 |

ZURICH AMERICAN INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE
AND OTHER DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Zurich American Insurance Company ("Zurich") hereby answers and responds to

Steward Health Care System LLC's ("Steward") Second Amended Complaint (the "Complaint")

on its own behalf, and not on behalf of defendant American Guarantee and Liability Insurance

Company ("AGLIC"). To the extent the headings and sub-headings that appear throughout the

Complaint include characterizations of the factual allegations and conclusions of law, no

response is required. To the extent a response is required, Zurich denies the allegations in each

and every heading or sub-heading that appears in the Complaint, which are repeated herein for

convenience only. With respect to each numbered paragraph of the Complaint, Zurich answers

as follows and denies any allegations not expressly admitted:

## I.      INTRODUCTION

1.      Admitted that Zurich is the parent corporation of AGLIC, that Medical Properties

Trust, Inc. ("MPT") has made a claim for damage to its real property under a commercial

property insurance policy issued by Zurich, which speaks for itself, and that Steward has made a

claim under a commercial property insurance policy issued by AGLIC, which speaks for itself.

Denied that Zurich largely has been managing the adjustment of Steward's claim in conjunction

with MPT's claim.  Zurich lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in paragraph 1 and leaves Steward to its proof.

2.      Admitted that the MPT Policy provides certain coverage for real property, subject

to all terms, which speak for themselves.  To the extent the allegations in paragraph 2 purport to

further characterize the MPT Policy or characterize the Steward Policy, those policies speak for

themselves.  Zurich lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph 2 regarding the ownership of the Hospital buildings and the

relationship between MPT and Steward, and leaves Steward to its proof.  Denied as to all

remaining allegations in paragraph 2.

3.      Admitted that the Town of Norwood issued a Cease-and-Desist Order, which

speaks for itself.  Zurich lacks knowledge or information sufficient to form a belief as to the truth

of the remaining allegations in paragraph 3 and leaves Steward to its proof.

4.      Denied that MPT has provided Zurich with the information that would enable it to

administer and process the claims.  Zurich lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in paragraph 4 and leaves Steward to its proof.

5.      Admitted that Steward and MPT seek to remove the existing buildings and

develop a new complex in its place.  Zurich lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in paragraph 5 and leaves Steward to its proof.

6.      Admitted that the Massachusetts Commissioner of Insurance issued advice to

insurers regarding the rain event.  To the extent the allegations in paragraph 6 purport to

characterize the terms of the MPT Policy and Steward Policy, those policies speak for themselves.  Denied as to all remaining allegations in paragraph 6.

7.      Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 regarding communications Steward and MPT had with their consultants and leaves Steward to its proof.  Denied as to all remaining allegations in paragraph 7.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Denied, except Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding a multiplier effect on the local economy and leaves Steward to its proof.

12.     Denied, except Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 regarding the overall health care infrastructure in Norfolk County and leaves Steward to its proof.

## II.      PARTIES

13.     Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and leaves Steward to its proof.

14.     Admitted.

15.     Admitted, except denied that Zurich has been managing the adjustment of Steward's claim on behalf of AGLIC together with Zurich's own adjustment of the MPT claim.

### III.      JURISDICTION AND VENUE

16.      Paragraph 16 states a legal conclusion to which no response is required.  To the extent a response is required, Zurich admits that the Court has subject matter jurisdiction over this matter only on information and belief, given that Steward's Complaint does not identify the legal status and citizenship of the sub-member Delaware LLC's member entities.

17.      Paragraph 17 states a legal conclusion to which no response is required.

### IV.      FACTS

#### A.      The Steward Policy

18.      This allegation concerns a policy of insurance issued by AGLIC to which no response is required by Zurich.  To the extent a response is required, admitted and refers to the Steward Policy, which speaks for itself.

19.      This allegation concerns a policy of insurance issued by AGLIC to which no response is required by Zurich.  To the extent a response is required, admitted and refers to the Steward Policy, which speaks for itself.

20.      This allegation concerns a policy of insurance issued by AGLIC to which no response is required by Zurich.  To the extent a response is required, admitted and refers to the Steward Policy, which speaks for itself.

21.      This allegation concerns a policy of insurance issued by AGLIC to which no response is required by Zurich.  To the extent a response is required, admitted and refers to the Steward Policy, which speaks for itself.

22.      This allegation concerns a policy of insurance issued by AGLIC to which no response is required by Zurich.  To the extent a response is required, admitted and refers to the Steward Policy, which speaks for itself.

23.     This allegation concerns a policy of insurance issued by AGLIC to which no response is required by Zurich.  To the extent a response is required, admitted and refers to the Steward Policy, which speaks for itself.

24.     This allegation concerns a policy of insurance issued by AGLIC to which no response is required by Zurich.  To the extent a response is required, admitted and refers to the Steward Policy, which speaks for itself.

25.     This allegation concerns a policy of insurance issued by AGLIC to which no response is required by Zurich.  To the extent a response is required, admitted and refers to the Steward Policy, which speaks for itself.

26.     This allegation concerns a policy of insurance issued by AGLIC to which no response is required by Zurich.  To the extent a response is required, admitted and refers to the Steward Policy, which speaks for itself.

27.     This allegation concerns a policy of insurance issued by AGLIC to which no response is required by Zurich.  To the extent a response is required, admitted and refers to the Steward Policy, which speaks for itself.

28.     This allegation concerns a policy of insurance issued by AGLIC to which no response is required by Zurich.  To the extent a response is required, admitted that Steward quoted from the Policy, except to the extent the allegations in paragraph 28 purport to characterize the Policy, which speaks for itself.

### B.     Norwood Hospital

29.     Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and leaves Steward to its proof.

30.     Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and leaves Steward to its proof.

31.     Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and leaves Steward to its proof.

32.     Admitted, except Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 regarding all six buildings supporting clinical and non-clinical functions and leaves Steward to its proof.

33.     Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and leaves Steward to its proof.

### C.     The Rain Event

34.     Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and leaves Steward to its proof.

35.     Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and leaves Steward to its proof.

#### 1.     Flooding of the Basement and Ground Floors

36.     Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and leaves Steward to its proof.

37.     Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and leaves Steward to its proof.

#### 2.     Storm Water Damage on Upper Floors

38.     Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and leaves Steward to its proof.

39.     Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and leaves Steward to its proof.

**D.     Hospital Operations Cease and Steward/MPT Immediately Begin to Assess and Investigate the Damage**

40.     Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and leaves Steward to its proof.

41.     Admitted, except denied that Zurich identified an adjuster for both claims.

42.     Admitted and refers to the Cease-and-Desist Order which speaks for itself.

43.     Admitted that the Massachusetts Commissioner of Insurance issued Bulletin 2020-22, which speaks for itself, and that the quoted portions appear in that Bulletin.

44.     Admitted that Steward sought to take the lead as to both its and MPT's claim, and denied as to the remaining allegations in paragraph 44 of the Complaint.

45.     Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and leaves Steward to its proof.

46.     Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and leaves Steward to its proof.

47.     Admitted that Steward and MPT seek to remove the existing buildings and develop a new complex in its place.  Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and leaves Steward to its proof.

**E.     The Defendants' Adjustment of the Claims**

48.     Denied except to admit that Mark Graves sent a letter on August 20, 2020, while the investigation was ongoing, containing the quoted language.  The letter speaks for itself.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Admitted that on October 29, 2020, MPT, Steward, Zurich, and the Massachusetts Commissioner of Insurance met to discuss next steps regarding the Loss; all parties expressed a willingness to work collaboratively to move the claims process forward; and that Zurich would be prepared to have a preliminary discussion in December 2020; otherwise denied.

53.     Denied, except to admit that Steward and MPT presented certain claim information on December 4, 2020.

54.     This allegation solely concerns the claim by Steward under a policy of insurance issued by AGLIC to which no response is required by Zurich.  To the extent a response is required, admitted that the Steward December 4, 2020 submission asserted time element loss and damage to certain equipment and supplies, and refers to the submission which speaks for itself.

55.     This allegation solely concerns the claim by Steward under a policy of insurance issued by AGLIC to which no response is required by Zurich.  To the extent a response is required, admitted that the Steward December 4, 2020 submission included certain information from Stantec, and refers to the submission which speaks for itself.

56.     Admitted that the MPT December 4, 2020 submission asserted damage to structures, infrastructure, and building systems and included information from Consigli, and refers to the submission which speaks for itself.

57.     Admitted that BR+A submitted a report expressing that opinion, denied that the opinion is accurate, and refers to the report which speaks for itself.

58.     Denied.

59.     Admitted that Zurich made a partial payment to MPT on December 23, 2020 based on a construction conceptual schedule and reconstruction estimate of $32,008,340 and denies the remaining allegations in paragraph 59 of the Complaint.

60.     Denied.

61.     Admitted that a letter was sent on behalf of AGLIC on January 11, 2021 responding to Steward's preliminary submission, the contents of which speak for itself. Denied as to the remaining allegations in paragraph 61 of the Complaint.

62.     Admitted that a letter was sent on behalf of AGLIC on January 11, 2021 responding to Steward's preliminary submission, the contents of which speak for itself. Denied as to the remaining allegations in paragraph 62 of the Complaint.

63.     Denied, except admitted that Steward and MPT submitted separate documents styled as "Sworn Statement in Proof of Loss – Interim" on February 5, 2021.

64.     Denied and refers to the Interim Proofs of Loss, which speak for themselves.

65.     Admitted that Zurich responded to the MPT Interim Proof of Loss on March 5, 2021, that it contains the quoted language, and refers to that letter, which speaks for itself. Denied to the extent this paragraph alleges that there is no additional new information in Zurich's March 5, 2021 letter, and further refers to the letters of March 5, 2021 and December 23, 2020, which speak for themselves.

66.     This allegation solely concerns the claim by Steward under a policy of insurance issued by AGLIC to which no response is required by Zurich. To the extent a response is required, admitted that AGLIC responded to the Interim Proof of Loss on March 5, 2021, that it contains the quoted language, and refers to that letter, which speaks for itself. Denied to the extent this paragraph alleges that there is no additional new information in AGLIC's March 5,

2021 letter, and further refers to the letters of March 5, 2021 and January 11, 2021 which speak

for themselves.

67.     Admitted, except denied that Steward has provided extensive supporting

documentation and data in support of its claim on a rolling basis, oftentimes providing the same

information multiple times at Defendants' request.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied to the extent this paragraph alleges that the Hospital's closure is due to

Defendants.

> **F.      Defendants Unilaterally Cut Off Steward's $10 Million Per Quarter Business Interruption Payments Without Basis, in Bad Faith and Without Discussion or Explanation Despite Steward's Request for An Explanation**

72.     Admitted that MPT submitted to Zurich documents that MPT characterized as an

estimate of loss and schedule, both of which speak for themselves.  Denied as to the remaining

allegations in paragraph 72 of the Complaint.

73.     Admitted that a letter was sent on December 23, 2020 from Zurich to MPT

containing a report prepared by Shawmut Design and Construction, and refers to that letter and

report, both of which speak for themselves.  Denied as to the remaining allegations in paragraph

73 of the Complaint.

74.     Admitted that a letter was sent on January 11, 2021 from AGLIC to Steward, that

it contains the language quoted in Paragraph 74, and refers to that letter, which speaks for itself.

Denied as to the remaining allegations in paragraph 74 of the Complaint.

75.     Admitted that Steward, MPT, AGLIC and Zurich held adjustment meetings and presentations that included the period of time necessary to repair and restore Norwood Hospital. Denied as to the remaining allegations in paragraph 75 of the Complaint.

76.     Denied.

77.     This allegation solely concerns the claim by Steward under a policy of insurance issued by AGLIC to which no response is required by Zurich.  To the extent a response is required, Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 and leaves Steward to its proof.

78.     This allegation solely concerns the claim by Steward under a policy of insurance issued by AGLIC to which no response is required by Zurich.  To the extent a response is required, admitted as to quarterly payments, denied that AGLIC's quarterly business interruption payment to Steward for the second quarter of 2022 was overdue, and to the extent paragraph 78 attempts to characterize a policy, it speaks for itself.

79.     Admitted that a letter was sent on December 23, 2022 from AGLIC to Steward regarding Steward's second quarter 2022 business interruption payment and the Period of Liability containing the quoted wording, and refers to that letter, the contents of which speak for itself.  Denied as to the remaining allegations in paragraph 79 of the Complaint.

80.     Denied.

81.     Admitted that Steward sought an explanation of AGLIC's determination of the Period of Liability, otherwise denied.

## COUNT I
## <u>Declaratory Judgment</u>
### (Against AGLIC)

82.     Zurich adopts, incorporates and realleges all preceding paragraphs as if set forth

fully herein.

83.     This Count is directed solely at AGLIC and no response is required by Zurich.  To

the extent a response is required to this paragraph, admitted.

84.     This Count is directed solely at AGLIC and no response is required by Zurich.  To

the extent a response is required to this paragraph, admitted that declaratory relief is appropriate

and denied as to the remainder of the allegations in paragraph 84.

85.     This Count is directed solely at AGLIC and no response is required by Zurich.  To

the extent a response is required to this paragraph, denied.

## COUNT II
## <u>Breach of Contract</u>
### (Against AGLIC)

86.     Zurich adopts, incorporates and realleges all preceding paragraphs as if set forth

fully herein.

87.     This Count is directed solely at AGLIC and no response is required by Zurich.  To

the extent a response is required to this paragraph, admitted and refers to the Steward Policy

which speaks for itself.

88.     This Count is directed solely at AGLIC and no response is required by Zurich.  To

the extent a response is required to this paragraph, denied.

89.     This Count is directed solely at AGLIC and no response is required by Zurich.  To

the extent a response is required to this paragraph, denied.

90.     This Count is directed solely at AGLIC and no response is required by Zurich.  To the extent a response is required to this paragraph, denied.

91.     This Count is directed solely at AGLIC and no response is required by Zurich.  To the extent a response is required to this paragraph, denied.

**COUNT III**
**<u>Breach of the Implied Covenant of Good Faith and Fair Dealing</u>**
**(Against AGLIC)**

92.     Zurich adopts, incorporates and realleges all preceding paragraphs as if set forth fully herein.

93.     This Count is directed solely at AGLIC and Paragraph 93 states a legal conclusion to which no response is required by Zurich.

94.     This Count is directed solely at AGLIC and Paragraph 94 states a legal conclusion to which no response is required by Zurich.

95.     This Count is directed solely at AGLIC and no response is required by Zurich.  To the extent a response is required to this paragraph, admitted and refers to the Policy which speaks for itself.

96.     This Count is directed solely at AGLIC and no response is required by Zurich.  To the extent a response is required to this paragraph, denied.

97.     This Count is directed solely at AGLIC and no response is required by Zurich.  To the extent a response is required to this paragraph, denied.

98.     This Count is directed solely at AGLIC and no response is required by Zurich.  To the extent a response is required to this paragraph, denied.

## COUNT IV
### Tortious Interference with Contractual Relations
**(Against Zurich)**

99.     Zurich adopts, incorporates and realleges all preceding paragraphs as if set forth

fully herein.

100.    Admitted and refers to the Policy which speaks for itself.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied

## COUNT V
### Violation of G.L. c. 93A, § 11
**(Against AGLIC and Zurich)**

105.    Zurich adopts, incorporates and realleges all preceding paragraphs as if set forth

fully herein.

106.    Admitted.

107.    Admitted.

108.    Admitted.

109.    Admitted.

110.    Paragraph 110 states a legal conclusion to which no response is required.  To the

extent a response is required, Zurich denies that Steward held reasonable expectations of

coverage other than what is expressly specified by the Steward Policy.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

Zurich does not respond to Steward's "WHEREFORE" paragraph reciting the relief

sought.  To the extent a response is required, denied.

**AFFIRMATIVE AND OTHER DEFENSES TO THE CLAIMS**

**Defense One – Failure to State a Claim**

1.    Steward's claims are barred because it failed to state a claim upon which relief

may be granted.

**Defense Two – Performance**

2.    Steward's claims are barred because Zurich fully met its obligations under the

terms of the Policy it issued to MPT.

**Defense Three – Steward Not an Insured**

3.    Steward's claims are barred because it is not an insured under the Policy issued by

Zurich to MPT.

**Defense Four – Lack of Subject Matter Jurisdiction**

4.    This court may lack subject matter jurisdiction because Steward's Complaint fails

to identify the legal status and citizenship of its members and sub-members of all levels.

Dated: March 29, 2023                                  Respectfully submitted,


                                                         /s/ Jonathan D. Mutch
                                                        Jonathan D. Mutch, Esq. (BBO No. 634543)
                                                        ROBINS KAPLAN LLP
                                                        800 Boylston Street, 25th Floor
                                                        Boston, MA 02199
                                                        Tel: 617-859-2722
                                                        Email: JMutch@RobinsKaplan.com

                                                        **Attorney for Defendant Zurich American
                                                        Insurance Company**


## CERTIFICATE OF SERVICE

        I hereby certify that on the 29th day of March, 2023 a copy of the foregoing Answer was

filed with the Court via the ECF filing system.  As such, this document will be electronically sent

to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies

will be sent by mail to anyone unable to accept electronic filing as indicated on the Notice of

Electronic Filing.

                                                         /s/Jonathan D. Mutch
                                                        Jonathan D. Mutch


37482878.1