# United States Court of Appeals
# For the First Circuit

_____

No. 23-1167

ZURICH AMERICAN INSURANCE COMPANY,

Plaintiff, Appellee,

v.

MEDICAL PROPERTIES TRUST, INC.,

Defendant, Appellant.

_____

No. 23-1180

STEWARD HEALTH CARE SYSTEM, LLC,

Plaintiff, Appellant,

v.

AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY; ZURICH AMERICAN INSURANCE COMPANY,

Defendants, Appellees.

_____

Before

Gelpí, Montecalvo, and Rikelman,
<u>Circuit Judges</u>.

_____

**JUDGMENT**

Entered:  July 29, 2024

This interlocutory appeal involves a dispute over whether the term "surface waters," as used in a property insurance policy governed by Massachusetts law, includes rainwater that accumulated on artificial surfaces one or more stories above the ground.  The interpretation of "surface waters" is dispositive of whether the insureds, appellants Medical Properties Trust, Inc. ("MPT") and Steward Health Care System LLC ("Steward"), are subject to coverage limitations on "Flood" damage in the policies issued by appellees Zurich American Insurance Company ("Zurich") and American Guarantee and Liability Insurance Company ("AGLIC").

The Massachusetts Supreme Judicial Court ("SJC") had not previously addressed the term "surface waters" in this context, and binding SJC case law made it uncertain how the SJC would construe the term in the insurance policies here.  On December 19, 2023, we certified the following question to the SJC pursuant to Massachusetts SJC Rule 1:03:

> Whether rainwater that lands and accumulates on either (i) a building's second-floor outdoor rooftop courtyard or (ii) a building's parapet roof and that subsequently inundates the interior of the building unambiguously constitutes "surface waters" under Massachusetts law for the purposes of the insurance policies at issue in this case?

Zurich Am. Ins. Co. v. Med. Props. Tr., Inc., 88 F.4th 1029, 1035 (1st Cir. 2023).

The SJC has since answered this certified question.  In its ruling, the SJC concluded that "[r]ainwater that lands and accumulates on either a building's second-floor outdoor rooftop courtyard or a building's parapet roof does not unambiguously constitute 'surface waters' under Massachusetts law for the purposes of the policies at issue in this case."  Zurich Am. Ins. Co. v. Med. Props. Tr., Inc., No. SJC-13535, 2024 WL 3504060, at *9 (Mass. July 23, 2024).  The SJC also made clear that "any such ambiguity as to the intended meaning of the words must be resolved against the insurance company that employed them and in favor of the insured."  Id.

In granting Zurich's and AGLIC's respective partial summary judgment motions on the "surface waters" issue, the district court held that "the SJC did not define 'surface waters' to exclude accumulation of surface waters that are 'constrained' before flowing on the ground."  Zurich Am. Ins. Co. v. Med. Props. Tr., Inc., 636 F. Supp. 3d 239, 244 (D. Mass. 2022).  Accordingly, the district court found that the policy language unambiguously permitted the insurers to deny coverage.  See id. at 243.

But with a contrary and definitive answer from the SJC, we now reverse the district court's rulings.  We remand these cases to the district court for further proceedings consistent with the SJC's opinion.

Reversed and remanded.

- 3 -

By the Court:

Maria R. Hamilton, Clerk

cc: Hon. Patti B. Saris, Robert Farrell, Clerk, United States District Court for the District of Massachusetts, Patrick F. Hofer, Martin C. Pentz, Creighton Page, Laura Diss Gradel, Natalie Frances Panariello, Dale Jefferson, Nicholas D. Stellakis, Michael S. Levine, David H. Rich, Howard M. Cooper, Matthew S. Furman, Jonathan David Mutch, Timothy D. Wenger