UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEWARD HEALTH CARE SYSTEM LLC, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 1:21-cv-11902-PBS |

**JOINT STATEMENT REGARDING PROPOSED SCHEDULING ORDERS**

Pursuant to Fed. R. Civ. P. 16(b) and this Court's (Saris, J.) December 5, 2024 Order [Dkt. No. 77], Plaintiff Steward Health Care System LLC ("Steward"), Defendant American Guarantee and Liability Insurance Company ("AGLIC"), and Defendant Zurich American Insurance Company ("ZAIC") (collectively the "Parties") respectfully submit this Joint Statement outlining their respective proposed scheduling orders for the Court's consideration.

**A. Plaintiff's Proposed Schedule:**

Should mediation on January 22, 2025, prove unsuccessful, Steward respectfully seeks to proceed expeditiously in this jurisdiction. This request is made in light of the protracted pendency of the case, the ongoing bankruptcy proceeding, and the significant implications for major stakeholders, including the Official Committee of Unsecured Creditors. It bears noting that this case is not one that can be resolved in its entirety on summary judgment. Indeed, the only issue potentially suitable for summary judgment relates to property damage claims, such as those involving diagnostic equipment, which are far from the most substantial damages claims at issue in this matter.

95728456.1

Below, Steward sets forth its proposed schedule and supporting rationale.

| Event | Steward's Proposed Deadlines |
|---|---|
| Fact Discovery Deadline (all discovery other than expert discovery completed by) | June 10, 2025 |
| Party with Burden of Proof Must Designate Trial Experts and Disclose Information Contemplated by Fed. R. Civ. P. 26(a)(2) by | June 24, 2025 |
| Dispositive Motions Filed By | July 10, 2025 |
| Rebuttal Trial Experts Must be Designated and Information Contemplated by Fed. R. Civ. P. 26(a)(2) Disclosed by | July 18, 2025 |
| All Trial Experts Deposed by | August 22, 2025 |
| Pre-Trial Conference | October 2025 |
| Trial Begins | October 2025 |

In support of the above schedule, Steward further states:

1. This case, filed over three years ago, has endured significant delays, including multiple appeals to the First Circuit Court of Appeals and the Massachusetts Supreme Judicial Court.

2. During the pendency of this litigation, on May 6, 2024, Steward (along with its debtor affiliates) filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (11 U.S.C. § 101, et seq.), now jointly administered under the lead case *Steward Health Care System LLC, et al.*, Case No. 24-90213, in the United States Bankruptcy Court for the Southern District of Texas.  *See* Dkt. No. 67.

95728456.1

3. The parties have agreed to participate in mediation scheduled for January 22, 2025.

4. Given the extended duration of this case, the critical implications for the ongoing Bankruptcy Action, and the interest of Steward's creditors – including the Official Committee of Unsecured Creditors -- there exists a compelling public interest in resolving this matter expeditiously, ideally by the end of 2025. Steward's proposed schedule is designed to achieve this objective.

5. In light of the time-sensitive nature of this matter and the Defendants' proposed slower approach, Steward respectfully reserves the right to promptly seek a transfer of venue to the Southern District of Texas pursuant to 28 U.S.C. §1412.[1] Under the District's standing order, disputes related to a bankruptcy are automatically referred to the bankruptcy court.[2] In anticipation of this possibility, should the Court adopt the Defendants' proposed schedule, Steward requests that the Court incorporate an expedited briefing schedule on this issue into its order following mediation.

---

[1] "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. §1412.

[2] *See* In Re: Order of Reference to Bankruptcy Judges (District Court General Order 2012-6). https://www.txs.uscourts.gov/2012/05/24/news/re-order-reference-bankruptcy-judges-district-court-general-order-2012-6.

Even in cases where a party has invoked the right to a jury trial, bankruptcy courts are regularly entrusted with overseeing and managing pre-trial proceedings. *See GenOn Mid-Atl. Dev., LLC v. Natixis Funding Corp.*, 2020 U.S. Dist. LEXIS 14127, at *3–4 (S.D. Tex. 2020) (bankruptcy court entrusted with pre-trial proceedings despite recommendation to withdraw reference for trial); *Rohifard v. Brewer & Prichard, P.C.*, 2024 U.S. Dist. LEXIS 142169, at *2 (S.D. Tex. 2024) (reference withdrawn for trial only, leaving pre-trial management with bankruptcy court); *Gregory Power Partners, LLC v. Reynolds Metals Co.*, 2017 U.S. Dist. LEXIS 111520, at *2–3 (S.D. Tex. 2017) (judicial economy served by bankruptcy court handling pre-trial matters given its familiarity with the issues); *In re Aronstein*, 2020 U.S. Dist. LEXIS 141302, at 7–8 (S.D. Tex. 2020) (reference withdrawn for trial while pre-trial matters remained under bankruptcy court's jurisdiction).

95728456.1

B. **Defendants' Proposed Schedule:**

Defendants AGLIC and ZAIC (herein "Defendants") agree that, should mediation on January 22, 2025 prove unsuccessful, this case needs to move forward in an expeditious and logical manner. However, Steward's proposed schedule is overly short, impractical, and illogical.

If adopted, Steward's schedule would require partial dispositive summary judgment motions be filed after initial expert reports are disclosed <u>but before</u> rebuttal expert reports are served and expert depositions are taken. As discussed at the Court Conference, Defendants anticipate filing partial dispositive motions, including one that addresses Steward's claim of "damage" to medical equipment – that claim appears to center on fears of future unreliability and/or loss of servicing contracts – meets the insurance policy requirements of "physical loss or damage." Defendants also may file a partial dispositive motion on the period of restoration and Steward's claim under Massachusetts General Law Chapters 93A and 176D.

Steward's proposed schedule appears an attempt to thwart Defendants' motions by allowing rebuttal experts reports and expert depositions <u>after</u> the filing of such motions. Essentially requiring Defendants to set forth their arguments in dispositive motions while allowing Plaintiff later to depose the experts, in an attempt to create an issue of fact. Such a proposed schedule is illogical and patently unfair to Defendants. As set forth below, Defendants propose that all fact and expert discovery be completed prior to filing dispositive motions.

Further, by inverting motion practice and expert discovery, Steward's proposed schedule unduly compresses the time for discovery, does not allow enough time overall for this large case, and invites complications and potential delays later.

In contrast, Defendant's proposed schedule is still expedited but provides sufficient time for needed fact discovery (while documents have been produced, much document production work remains) and for needed expert discovery to be completed in proper order, as noted above. Defendants' approach will aid the efficient resolution of this case, including in light of the time that has passed and Steward's separate bankruptcy proceedings. Defendants' proposed schedule is set out below. Defendants believe that a timetable like this was agreeable to the Court during the Scheduling Conference:

| Event | Steward's Proposed Deadlines |
|---|---|
| Fact Discovery Deadline (all discovery other than expert discovery completed by) | July 15, 2025 |
| Party with Burden of Proof Must Designate Trial Experts and Disclose Information Contemplated by Fed. R. Civ. P. 26(a)(2) by | August 18, 2025 |
| Rebuttal Trial Experts Must be Designated and Information Contemplated by Fed. R. Civ. P. 26(a)(2) Disclosed by | September 15, 2025 |
| All Trial Experts Deposed By | October 15, 2025 |
| Dispositive Motions Filed By | November 15, 2025 |
| Pre-Trial Conference | December 15, 2025 |
| Trial Begins | To be determined at pre-trial conference |

Defendants offer the following additional points:

1. Defendants acknowledge that time has passed while certain legal issues were briefed to the First Circuit Court of Appeals and the Massachusetts Supreme Judicial Court. The schedule proposed by Defendants, again, is expedited given the size of this case and reflects the

5

95728456.1

minimum amount of time in which this matter, pending before this Court, can be resolved in good order.

  2. Steward's pending bankruptcy proceedings do not reduce the amount of time that will be required for this matter to proceed through discovery and necessary motion practice, should the mediation scheduled for January 22, 2025 prove unsuccessful.  This matter is not before a bankruptcy court and is not part of Steward's bankruptcy proceedings.  Defendants propose herein a schedule that is both expedited, and that reflects the needs of the case.

  3. Steward, surprisingly and after years of litigation here in Massachusetts, suddenly raises the prospect of transfer of this matter.  Defendants strongly oppose any transfer.  The hospital at issue, of course, was located in Norwood, Massachusetts.  The loss occurred here in Massachusetts.  **Steward chose this forum to litigate the issues** and Defendants filed a counterclaim in this case.  The case has been pending in this Court for years.  Further, Steward has conceded that Massachusetts law applies to the issues in this case.  There is no reason why after three years litigating this case in Massachusetts, the forum specifically chosen by Steward, that this case should now be transferred to a Texas federal court.

  4. Defendants reserve all rights to oppose any effort to transfer this matter.

| STEWARD HEALTH CARE SYSTEM LLC | AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY |
|---|---|
| By its attorneys: | By their attorneys, |
| */s/* Howard M. Cooper<br>Howard M. Cooper (BBO # 543842)<br>hcooper@toddweld.com | /s/ Jonathan D. Mutch<br>Jonathan D. Mutch, Esq. (BBO No. 634543)<br>JMutch@RobinsKaplan.com<br>ROBINS KAPLAN LLP<br>800 Boylston Street, 25th Floor<br>Boston, MA 02199<br>(617) 859-2722 |
| David H. Rich (BBO # 634275)<br>drich@toddweld.com | |
| Seth J. Robbins (BBO # 655146)<br>srobbins@toddweld.com<br>TODD & WELD LLP<br>One Federal Street, 27th Floor<br>Boston, MA 02110<br>(617) 720-2626 | Dated: December 23, 2024 |
| Dated: December 23, 2024 | |

## CERTIFICATE OF SERVICE

I, Jonathan D. Mutch, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on December 23, 2024.

*/s/ Jonathan D. Mutch*

7

95728456.1