UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEWARD HEALTH CARE SYSTEM LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>    Defendants. | Civil Action No. 1:21-cv-11902 – PBS |

**DEFENDANTS' MOTION TO EXTEND SCHEDULING ORDER**

Defendants American Guarantee and Liability Insurance Company ("AGLIC") and Zurich American Insurance Company ("Zurich") respectfully request that the Court extend the deadlines set forth in the current Scheduling Order entered on January 6, 2025 (ECF No. 79) by approximately eleven (11) months.

**Summary of Request**

As currently set, fact discovery must be completed by June 10, 2025. While the parties are diligently engaged in written discovery and document production, significant additional time is necessary because of the volume of documents involved in this matter and the time needed to obtain, produce, and review those documents. The parties, combined, have issued approximately forty-three (43) subpoenas, which have been primarily directed to the technical and construction-related consultants hired both by Defendants and by Steward Health immediately after the loss and during the subsequent adjustment and investigation of the claim. Many subpoena recipients

requested additional time to respond and have not yet produced any documents. The anticipated volume of documents from the 43 third-party recipients is in the tens of thousands of pages.

Both sides are producing responsive records within their control on a rolling basis. Defendants made a substantial production in 2024 (more than 12,000 documents gathered from the two lead claims professionals involved with this loss) and have recently produced more than 1,200 documents after reviewing documents from 8 additional custodians. Just this month, on April 9, 2025, Steward Health produced its first set of approximately 11,000 documents. Steward Health has not identified the volume of its own documents yet to be produced or the timing of its future productions. Given this, productions of additional documents in the coming several weeks – and well beyond – is reasonably expected.

Thus, while the Parties are working diligently and cooperating in discovery to facilitate the production of party and non-party documents, the parties have not yet exchanged all party documents, the timing and volume of Steward Health's remaining party document production is not known, the Parties have not received the bulk of third-party documents that will be produced (including a large production from the Town of Norwood), and the parties have not yet had the opportunity to review the documents received to prepare for depositions. Further, during meet-and-confer discussions, the Parties discussed that both sides will likely seek the Court's allowance to exceed the 10-deposition limit of Local Rule 26.1(c) – many fact and expert witnesses will be deposed.

Although Defendants requested that Steward Health consent to the extensions sought through this motion, it refused. But as set forth above, Steward Health only started producing documents responsive to Defendants' discovery requests on April 9, 2025 – two months before fact discovery currently ends. And Steward Health refuses to provide a date when its production

will be completed and the volume of such documents. Steward Health cannot have it both ways – delay its production of documents until some unspecified date in the future but then oppose any extension of the deadlines in the case.

Defendants fully anticipate that Steward Health will argue in opposition to this motion that additional time is not needed because the issues are straightforward. But that argument side-steps the key points – this is a major commercial litigation and neither Steward Health nor multiple significant non-parties have provided a timetable for document production. And, the need for additional time to complete fact and expert discovery in an orderly manner is especially apparent given Steward Health's allegations of "bad faith" claim adjustment, which include assertions that AGLIC relied on "incomplete" information or "ignored" other information available to it. A thoroughly developed record – and the time needed to make that record through fact and expert discovery – is critical for AGLIC to demonstrate its diligence and good faith in adjusting Steward Health's claim. Furthermore, while Defendants will work with Steward Health to resolve all discovery disputes, discovery motion practice may be necessary.

Last, Defendants note that this requested extension will not impact the timing of any opening of a new hospital at the former Norwood Hospital location. Defendants understand that a building is currently under construction at that location by Medical Properties Trust ("MPT") and that Steward Health is not involved with the new building or its construction. Further, in the event that the new building is a hospital, Steward Health will not operate it. Publicly available information indicates that Steward Health was directed by the Commonwealth of Massachusetts to relinquish all of its hospital operations in this state, which Steward Health has done. Indeed, recent media reports indicate that MPT is nearing completion of the new hospital shell but is looking for an operator to finish the interior fit-out. Accordingly, allowing additional time for this

substantial and complex litigation to proceed in an orderly manner (as addressed within) will not impact whether a new Norwood Hospital facility opens, or on what timetable.

Defendants respectfully request that the Scheduling Order be modified as follows:

| Deadline Description | Current Deadline | Proposed Deadline |
|---|---|---|
| Fact Discovery Deadline (all discovery other than expert discovery completed by) | June 10, 2025 | March 13, 2026 |
| Party with Burden of Proof Must Disclose Trial Experts and Disclose Information Contemplated by Fed. R. Civ. P. 26(a)(2) by | June 24, 2025 | March 27, 2026 |
| Rebuttal Experts | July 24, 2025 | May 22, 2026 |
| Expert Depositions by | August 24, 2025 | July 24, 2026 |
| Dispositive Motions by | September 24, 2025 | Aug. 21, 2026 |
| Status Conference and Hearing on Summary Judgment Motions | November 1, 2025 | Oct. 5, 2026 |
| Trial Begins | January 2026 (TBD) | Dec. 2026 (TBD) |

In further support of this motion, Defendants state as follows:

**General Background**

1.  This is a first-party insurance coverage dispute. Steward Health, the insured, formerly operated Norwood Hospital in buildings leased from MPT. On June 28, 2020, a microburst caused water to infiltrate the hospital, resulting in damage. Steward Health held a commercial property insurance policy issued by AGLIC (the "Steward Policy") and alleges that AGLIC has not fully indemnified it for losses, including business interruption and equipment damage. Steward Health also claims that Zurich, AGLIC's parent company, tortiously interfered with the policy and asserts "bad faith" counts against both Defendants. AGLIC maintains it has

4

fully paid Steward Health in accordance with the policy terms, and Zurich denies the claims asserted against it.

2. This case was filed on November 23, 2021. Beginning in the spring of 2022, with the Court's authorization, the parties litigated the threshold question of whether the Flood sublimit in the Steward Policy—and a similar sublimit in a policy issued by Zurich to MPT, at issue in a companion case (No. 1:21-cv-11621-PBS)—applies to losses caused by water infiltration through the hospital's roof and other elevated surfaces.

3. As the Court knows well, this question was initially decided by the Court on summary judgment on November 15, 2022 (ECF No. 48), and subsequently appealed on an interlocutory basis to the First Circuit. On December 19, 2023, the First Circuit certified the question to the Massachusetts Supreme Judicial Court. *See Zurich Am. Ins. Co. v. Med. Properties Tr., Inc.*, 88 F.4th 1029, 1030 (1st Cir. 2023). The Supreme Judicial Court issued its opinion on July 23, 2024. *See Zurich Am. Ins. Co. v. Med. Properties Tr., Inc.,* 494 Mass. 382, 383 (2024).

4. Throughout most of the period during which the parties litigated this issue, and until January 22, 2025, "the only discovery allowed to proceed [was] with respect to damages," as "the case [was] administratively stayed pending appeal." ECF Nos. 51, 77.

5. Discovery in this matter is particularly extensive due to the significant number of technical and construction consultants involved, each of whom may be relevant to distinct aspects of Steward Health's claims and Defendants' defenses. These aspects include (at least) whether various types of medical equipment sustained insured direct physical loss or damage due to water intrusion and, if so to what extent, whether the hospital could have been repaired or required complete reconstruction, and the time required by which the hospital facility could have been

repaired with due diligence and dispatch. The wide-ranging nature of this discovery is reflected, as noted above, by the forty-three (43) non-party document subpoenas issued to date in this case.

## Legal Standard

6. A case schedule may be modified for good cause and with the judge's consent. Fed. R. Civ. 16(b)(4). "Federal trial courts enjoy broad discretion in managing the pace of pretrial proceedings, including the timing of discovery." *Vineberg v. Bissonnette*, 548 F.3d 50, 54 (1st Cir. 2008).

## Current Status and Progress of Discovery

7. To date, the Parties have actively and cooperatively engaged in discovery—both during the period when the case was stayed and discovery was limited to damages, and following the full resumption of discovery on January 22, 2025.

8. In 2024, Defendants searched for and collected tens-of-thousands of potentially responsive documents concerning Norwood Hospital.[1] Defendants subsequently assessed the documents for responsiveness and privilege and have produced nearly 12,000 documents—totaling more than 85,000 pages—to counsel for Steward Health in April of 2024.

9. Defendants conducted a second phase of document review involving materials collected from additional Defendants' custodians concerning the issues in this matter. In this phase, Defendants engaged a team of attorneys and produced more than 1,200 additional responsive, non-privileged documents to Steward Health on April 16, 2025.

10. Steward Health made its first production of documents just recently, on April 9, 2025, consisting of 31,518 pages. Defendants have begun reviewing this production; however,

---

[1] That search was made concurrently with searches in the companion case involving Medical Properties Trust ("MPT") the owner of the property. The MPT matter is settled.

given the volume of materials, a comprehensive review will require substantial time. In addition, Steward Health has refused to identify when it will make further productions, when it will complete its production, or the volume of documents yet to come.

11. While producing documents to Steward Health (and reviewing Steward Health's recent production), Defendants have also pursued an extensive but necessary parallel third-party discovery effort. As part of this process, Defendants have issued document subpoenas to twenty-four (24) non-parties whose records are relevant to various aspects of the claims at issue, including damage assessment, repair and reconstruction efforts, licensing, and valuation. These non-parties include:

   a. A. Murphy Inc.
   b. Array Architects, P.C.
   c. BeaconMedaes LLC
   d. BR+A Consulting Engineers
   e. Code Red Consultants LLC
   f. Consigli Construction Co., Inc
   g. Environmental Health & Engineering, Inc.
   h. Gale Associates, Inc.
   i. GE Healthcare Technologies
   j. GenCon Service, Inc.
   k. Green Seal Environmental, Inc.
   l. Hologic, Inc.
   m. Konica Minolta Healthcare Americas, Inc.
   n. KPMG Benefits Services Insurance Brokerage LLC
   o. L.A. Fuess Partners-Boston LLC
   p. National Fire Adjustment Co., Inc.
   q. North S. Tarr Concrete Consulting PC
   r. Philips Healthcare Informatics Inc.
   s. Preferred Fire Protection Corp.
   t. Siemens Corporation
   u. Siemens Medical Solutions USA Inc.
   v. Simpson, Gumpertz & Heger, Inc.
   w. Thyssenkrupp Elevator Corporation
   x. Viscom Systems, Inc.

12. At the same time, Steward Health served document subpoenas on nineteen (19) non-parties, including:

      a. General Electric Company
      b. Philips North America LLC
      c. Hologic, Inc.
      d. Siemens Industry, Inc.
      e. Fujifilm Holdings America Corporation
      f. Shawmut Construction, Inc.
      g. Matson Driscoll & Damico, LLP
      h. DBI Construction Consultants LLC
      i. Ericsson Inc.
      j. J.S. Held LLC
      k. Ruddy, Cassidy & Foster, LLC
      l. Sedgwick Claims Management Services, Inc.
      m. Commonwealth of Massachusetts, Division of Insurance
      n. Town of Norwood
      o. Thornton Tomasetti, Inc.
      p. Climatological Consulting Corporation
      q. Meridian Restoration Consultants, LLC
      r. Brown's Medical Imaging, LLC
      s. Tri-Imaging Solutions, LLC f/k/a Frontier Imaging Services

13. The subpoena recipients served by Defendants are at various stages of compliance. While a handful have completed their document productions, others are engaged in meet-and-confer discussions to narrow the scope of the requests or have requested extensions to their response deadlines. At least one non-party has objected entirely to producing any documents, which may require motion practice to resolve.

14. Based on the number of non-parties and the broad range of potentially responsive materials, many tens of thousands of documents are likely to be produced by non-parties. Once produced, these documents must be processed, uploaded to the Defendants' review platform, and reviewed—an effort that will require significant time and resources.

15. Defendants served a request for documents on the Town of Norwood. The Town has communicated that it has located many responsive documents and informed Defendants that the cost to review and produce those documents will exceed $14,000. Defendants agreed to reimburse the Town for its expenses. However, Steward Health then served a subpoena on the

Town.  Defendants told the Town that it understands that the Town will want to coordinate its response to both requests.  The Town has now objected to Steward Health's subpoena and will not produce any documents until those objections are resolved.  Defendants are, therefore, left without information about the status of Steward Health's subpoena, the Town's objections, and when the Town will produce documents.

16.     Steward Health asserts that AGLIC's adjustment ignored evidence and relied on incomplete information.  [2nd Amended Compl. ¶¶6, 112, Doc. No. 61 at 4].  Rebutting this incorrect but serious "bad faith" allegation will require thorough and complete discovery, and the time needed for such discovery.

17.     The parties will endeavor to resolve any discovery disputes during the meet-and-confer process.  Given the complexities of the discovery in this case, however, it may be prudent to assume that some motion practice regarding written discovery may be necessary.

**Accelerated Proceedings Are Not Warranted**

18.     Defendants respectfully submit that there is no compelling reason to require that fact discovery close in the coming months.  Norwood Hospital was demolished in the summer of 2022.  Construction is currently underway at the site.  Zurich settled its claims with the owner of that property, MPT.  It is unknown to Defendants whether the new buildings now under construction will house a replacement hospital.

19.     What appears certain is that Steward Health will not be involved in any hospital that may re-open at the Norwood location. On February 20, 2024, Governor Healey by letter called for Steward Health to transition its seven licensed facilities in Massachusetts, including Norwood Hospital, to new operators.[2]  Steward Health has done so.  Steward Health filed for bankruptcy on

---

[2] A copy of Governor Healey's February 20, 2024 letter is attached hereto as Exhibit A.

9

May 6, 2024 (*see* ECF No. 67). Steward Health's license to operate Norwood Hospital expired on November 5, 2024.[3] Steward Health is not participating in the redevelopment of the former Norwood Hospital site. As noted above, media reports state that MPT is nearing completion of the shell of the new hospital building, but is still searching for an operator to finish the interior fit-out.[4]

20. Accordingly, the outcome of this case will not impact the timing or nature of any development at the former Norwood Hospital site. So too, granting the requested extension of the discovery schedule will not delay whatever plans are ongoing for that location because Steward Health has no role in them.

### Good Cause Exists To Modify The Scheduling Order

21. Good cause exists to extend the current Scheduling Order deadlines by approximately eleven months, as outlined above. As demonstrated, Defendants have been actively and consistently engaged in discovery, dedicating significant time and resources, including many individual attorneys, to reviewing voluminous materials, responding to written discovery, and pursuing non-party discovery. While substantial progress has been made the complexity of the issues, the involvement of dozens of non-party consultants, and the volume of documents still to be reviewed make additional time necessary to complete discovery in a thorough and efficient manner.

22. Moreover, for much of this case, discovery was stayed except as to damages pending resolution of the Flood sublimit issue. Given that context, Defendants are not requesting a discovery period that exceeds what is typical in a complex commercial matter involving

---

[3] https://www.mass.gov/news/new-chapter-for-health-care-in-massachusetts-to-begin-with-stewards-exit [last checked April 23, 2025].
[4] https://www.boston25news.com/news/local/norwood-hospital-shell-nearing-completion-search-continues-next-facility-operator/T46B5PF76ZEIDEXB7EO7U3CAYM/ [last checked April 23, 2025].

extensive non-party involvement, rather, Defendants are requesting the time needed to complete the substantial and complex discovery that could not proceed earlier.

23. The requested modifications are narrowly tailored to ensure discovery can be completed in an orderly and efficient manner. This is a substantial commercial litigation. As set out above, large volumes of relevant documents remain yet to be produced – at presently unknown times – both from Steward Health and from key non-parties. Steward Health alleges "bad faith" conduct by Defendants that requires the development of a comprehensive discovery record – fact and expert – in order for Defendants to fairly respond, which cannot happen under the current schedule. Under the circumstances, the proposed adjustments to the Scheduling Order are supported by good cause.

24. This is Defendants' first request to modify the Scheduling Order. No party has previously sought such a modification.

25. Granting this motion will not unreasonably delay the progress of the case and will instead allow discovery to be completed in a fair, efficient, and coordinated manner.

**WHEREFORE**, Defendants respectfully request that the Court modify the current Scheduling Order by extending the deadlines by approximately eleven months, as outlined above.

Respectfully submitted,

  /s/ Jonathan D. Mutch
Jonathan D. Mutch, Esq. (BBO No. 634543)
Timothy Wenger (BBO No. 674087)
ROBINS KAPLAN LLP
800 Boylston Street, 25th Floor
Boston, MA 02199
Tel: (617) 267-2300
Email: JMutch@RobinsKaplan.com
           TWenger@RobinsKaplan.com

*Attorneys for Defendants American Guarantee and Liability Insurance Company and Zurich American Insurance Company*

Dated: April 25, 2025

**Local Rule 7.1(a)(2) certification**

I hereby certify that the undersigned conferred and attempted in good faith to resolve or narrow the issue presented in this Motion with counsel for Steward Health.

*/s/ Jonathan D. Mutch*
Jonathan D. Mutch

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of April, 2025, a copy of the foregoing motion was filed with the Court via the ECF filing system. As such, this document will be electronically sent to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

*/s/ Jonathan D. Mutch*
Jonathan D. Mutch

96065224.1