# EXHIBIT B

Todd&Weld LLP

William E. Gildea
wgildea@toddweld.com

April 10, 2025

**BY E-MAIL**

| | |
|---|---|
| Jonathan D. Mutch, Esq. | Michael Menapace, Esq. |
| Timothy D. Wenger, Esq. | Wiggin and Dana LLP |
| Robins Kaplan LLP | 20 Church Street |
| 800 Boylston Street, 25th Floor | Hartford, CT 06103 |
| Boston, MA 02110 | 860-297-3733 |
| JMutch@RobinsKaplan.com | Fax: 860-525-9380 |
| twenger@robinskaplan.com | mmenapace@wiggin.com |

Re: **Steward Health Care System LLC v. American Guarantee and Liability Insurance Company, et al**
United States District Court, District of Massachusetts
Civil Action No. 21-cv-11902-PBS

Dear Counsel,

I write to raise concerns regarding the deficient written discovery responses and document productions served by Defendant American Guarantee and Liability Insurance Company's ("AGLIC") and Zurich American Insurance Company's ("Zurich") (together, "Defendants"), and to address the resulting implications for the scheduling of anticipated depositions. Once you have had the opportunity to review the issues outlined below, we request that the parties promptly confer to address these deficiencies and to assess the current status of discovery in light of the approaching fact discovery deadline.

### A. *Zurich's March 10, 2025 Written Discovery Responses and Initial Document Production*

  I.  Answers to Interrogatories

Zurich has objected to *every* interrogatory served by Steward and has failed to provide a single substantive response. It is not tenable—nor consistent with Zurich's obligations under the Federal Rules—for Zurich to categorically refuse to answer Steward's interrogatories. Steward is prepared to confer on each interrogatory to better understand the basis for Zurich's blanket objections and its position that no responsive answers can be provided.

Of particular concern are Zurich's objections to Interrogatory Nos. 7, 8, 10 and 14, which it contends are "compound" and intended to circumvent the numerical limit on interrogatories. That objection is unavailing. Even if each subpart were to be counted separately (which they

Todd&Weld LLP

Jonathan D. Mutch
April 10, 2025
Page 2 of 5

should not be), the total number of interrogatories remains within the permissible limit (24). Moreover, courts routinely hold that subparts which are "logically or factually subsumed within and necessarily related to the primary question" are not counted separately. *See Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006) (even if the interrogatory is compound, "**[t]his does not mean that defendant can avoid answering these interrogatories**.") (emphasis added). The interrogatories at issue are all necessary and related to the primary question and, thus, Zurich's refusal to answer on this basis is improper. Steward expects that Zurich will supplement its responses to these interrogatories with full and complete answers.

Additionally, Zurich objects to Interrogatory No. 14 objects, in part, on the ground that it is a "premature contention interrogatory." That objection lacks merit. Interrogatory No. 14 seeks the factual basis and identification of witnesses supporting Zurich's affirmative defenses—information that Zurich should already possess. *See Soo v. Bone Biologics Corp.*, No. CV 19-11520-ADB, 2023 WL 12022828, at *2 (D. Mass. June 20, 2023) (Boal, M.J.). ("Presumably, [Zurich] ha[s] factual support for the… defenses at the time they were made. Accordingly, it is not premature for [Zurich] to respond to the contention interrogatories."). Zurich must respond and should supplement accordingly.

II. Responses to Request for Production and Document Production

At this time, Zurich has made one document production in connection with this matter, on July 30, 2024, in response to requests served by MPT. Steward was not consulted regarding the scope or parameters of Zurich's collection and review. While we understand that Zurich intends to supplement its production, several immediate issues merit discussion based on the completion of my office's review of Zurich's initial production.

*First*, Zurich's Response to Request for Production states that its production to MPT was limited to documents dated between June 28, 2020 and August 31, 2022. This window is unreasonably narrow. Steward requests that Zurich expand its search to cover the period of June 28, 2020 through November 30, 2024.

*Second*, Zurich's initial production appears limited to custodians Mark Graves and Brian Rushlau. However, the documents produced include relevant communications involving numerous other individuals, including but not limited to Greg Roach, Alyce Sindall, Nat Woodruff, Ken Eagen, Carl Thompson Jr., Jimmy Johnson, Brett Weber, Patty Skiersch, and Rachel Van Der Linde. Steward requests that Zurich search for and produce responsive documents from these additional custodians.

*Third*, Zurich has asserted broad, boilerplate privilege objections to nearly every Request (save for Nos. 14, 19, 20, and 21), yet has failed to produce a privilege log. Such a log must be produced promptly following completion of Zurich's production.

*Fourth*, numerous documents—both from Zurich and AGLIC—contain unexplained redactions, including materials from the claims file (e.g., loss valuations, reserve information, and

Todd&Weld LLP

Jonathan D. Mutch
April 10, 2025
Page 3 of 5

settlement authority) that are directly relevant to Steward's claims under G.L. c. 93A and c. 176D. Such materials are plainly discoverable. *See Certain London Mkt. Co. Reinsurers v. Lamorak Ins. Co.*, No. CV 18-10534-NMG, 2020 WL 6048345, at *5 (D. Mass. Oct. 13, 2020) (Kelley, M.J.) (internal citations omitted) (claims handling documents created in the ordinary course are not protected by privilege). Steward requests that Zurich produce unredacted versions of these documents. We will separately provide a list of the at-issue redacted documents.

### B. AGLIC's March 10, 2025 Discovery Responses

I. <u>Answers to Interrogatories</u>

AGLIC's 25-page response to Steward's fourteen interrogatories is devoid of any meaningful substantive content. Even where partial responses are offered (e.g., Interrogatory Nos. 6 and 13), they are evasive and fall far short of the specificity required under the Federal Rules. .

Specifically, **Interrogatory No. 6** requests the factual basis of AGLIC's determination that the "Period of Liability" ended on July 15, 2022, as set forth in Mr. Graves's December 23, 2022 letter.

> Please set forth in full and complete detail all facts which support AGLIC's "determin[ation] [that] the Period of Liability for Steward's claimed business income loss — including when the Norwood Hospital could have been repaired with due diligence and dispatch and made ready for operations under the same conditions that existed prior to the Flood ends July 15, 2022" as claimed in Mr. Graves' Letter to Steward dated December 23, 2022.

In response, AGLIC relies on boilerplate objections and offers only generalized references to unnamed "qualified professionals." It fails to identify the documents or assumptions underlying its position and provides no meaningful detail regarding the retention or opinions of its expert, Katie Twomey. AGLIC states:

> OBJECTION: AGLIC incorporates the Introductory Objections and objections to the Definitions and Instructions, as set forth above. AGLIC objects to this Interrogatory, including the use of the phrase "complete detail," in that it is vague, ambiguous, and lacks particularity. AGLIC further objects to this Interrogatory as being overly broad and unduly burdensome to the extent that it seeks "all facts" supporting AGLIC's determination of the Period of Liability. AGLIC further objects to this Interrogatory to the extent it seeks information that will necessarily be the subject of expert review and disclosure. AGLIC will provide such information in accordance with the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Massachusetts, and the Court's Orders.

Todd & Weld LLP

Jonathan D. Mutch
April 10, 2025
Page 4 of 5

> RESPONSE: Subject to and without waiving these objections, American Guarantee and Liability Insurance Company, subject to and in accordance with its Objections and Responses to Steward Health's First Request for Production of Documents, is producing documents, including (a) certain claim documents; and (b) emails from certain custodians, from which, as provided for in Federal Rule of Civil Procedure 33(d), Steward may determine the information sought by this Request for Production.
>
> Responding further, AGLIC and Zurich adjusted the claims of both Steward and MPT arising out of the water loss at Norwood Hospital concurrently and jointly. They retained and relied upon qualified professionals to assist in determining the Period of Liability. Zurich obtained a scope of work from DBI Construction outlining the repair required to restore the buildings damaged by the water intrusion developed with input from multiple engineering and trade-specific construction professionals. Shawmut Design and Construction ("Shawmut") prepared a construction schedule outlining the repairs needed to address the water damage, concluding that construction could be completed by May 13, 2022. AGLIC retained Katie Twomey, Executive Managing Director at J.S. Held, to review Shawmut's scheduling assumptions.
>
> The Period of Liability runs from June 28, 2020 (the date of loss) to July 15, 2022, a total of 747 calendar days. AGLIC has since paid Steward over $91 million for its Gross Earnings loss during this period.

This response—offering a recitation of high-level assertions with no corresponding factual detail—does not satisfy Rule 33's requirements. Interrogatory No. 6 goes to the heart of Steward's business interruption claim, and AGLIC must provide a full and complete answer grounded in facts, not generalities.

Additionally, **Interrogatory No. 13** requests a detailed explanation of AGLIC's contention that Steward failed to cooperate under the Policy, including specific facts supporting any such allegation. In response, AGLIC again asserts a series of objections and offers a conclusory list of unsupported contentions. For example, AGLIC contends that Steward failed to support its claim for business personal property losses and failed to complete insurance-funded repairs but does not identify the facts, documents, or communications on which those contentions rest. If AGLIC intends to pursue a cooperation defense, it must disclose the factual underpinnings of that position now—not at the close of discovery.

Separately, in in response to Interrogatory Nos. 2, 4, 6, 7, 8, 11, 12 and 13, AGLIC asserts, at least in part, that it "is producing documents… from which, as provided for in Federal Rule of Civil Procedure 33(d), Steward may determine the information sought by this Request for Production." This response is inadequate and non-responsive.

Todd&Weld LLP

Jonathan D. Mutch
April 10, 2025
Page 5 of 5

   To invoke Rule 33(d), a party "must satisfy four criteria: (1) it must affirm that the information sought by the requesting party is in fact in the specified records; (2) it must specify the actual documents where information will be found; (3) it must show that answering the interrogatory in the conventional manner would impose a burden on it; and (4) it must show that the burden of deriving the answer from the specified records will be substantially the same for both parties." *AMAG Pharms., Inc. v. Am. Guarantee & Liab. Ins. Co.*, No. 21-CV-10618-LTS, 2022 WL 16950437, at *6 (D. Mass. Nov. 15, 2022) (Levenson, M.J.) (internal citations omitted).

   AGLIC's responses fail to satisfy these requirements—most notably, they do not identify the specific documents or Bates ranges where the responsive information is purportedly located. As the First Circuit has cautioned, "answering interrogatories simply by directing the proponent to rummage through other discovery materials falls short of the obligations imposed by Rule 33." *Mulero-Abreu v. Puerto Rico Police Dep't*, 675 F.3d 88, 93 (1st Cir. 2012).

   To the extent AGLIC seeks to rely on Rule 33(d), Steward requests that it identify, with specificity, the Bates numbers or particular documents within its production that contain the responsive information.[1]

  II. <u>Responses to Request for Production and Document Production</u>

   The same issues identified above to Zurich's Responses to Request for Production and Document Production apply to AGLIC's Responses to Request for Production and Document Production as well.

   Please let me know when you are available to confer further on these matters in the next week.

   Thank you.

             Kind regards,

             */s/ William E. Gildea*

             William E. Gildea

cc: Howard M. Cooper (via electronic mail)
   David H. Rich (via electronic mail)
   Seth J. Robbins (via electronic mail)
   Matthew S. Furman (via electronic mail)
   Elizabeth L. Gardon (via electronic mail)

---

[1] The same request applies to Zurich's answer to Interrogatory No. 11.