# EXHIBIT 1

UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEWARD HEALTH CARE SYSTEM LLC,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>　　　　Defendants. | Civil Action No. 1:21-cv-11902 – PBS |

**[PROPOSED]**
**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION EXTEND**
**SCHEDULING ORDER**

Defendants American Guarantee and Liability Insurance Company ("AGLIC") and Zurich American Insurance Company ("Zurich") hereby submits this proposed Reply in support of their Motion to Extend Scheduling Order [ECF Doc. 84] (herein "Defendants' Motion").

### I.  Steward Health Care System LLC's Failure to Produce Documents Warrants Extending the Scheduling Order

Steward Health Care System LLC's ("Steward Health") Opposition to Defendants' Motion [ECF Doc. 85] (herein "Opposition") concedes that Steward Health has *still* not produced all of its documents, and it still has not identified a specific day by which it will complete its document production. Of course, Defendants need sufficient time to review documents before they can conduct depositions, and the current discovery schedule needs to be significantly expanded to allow the parties to discover their claims and defenses. Indeed, not only has Steward Health not

completed its document production, but the "31,000 pages" of discovery that Steward Health has produced were not produced until April 9, 2025.

Further, non-party document production – largely by Steward Health's consultants – also remains incomplete. As noted in Defendants' Motion [ECF Doc. 84, p. 1-2, 7-8]) the Parties collectively served forty-three (43) subpoenas on non-party entities. Many of Steward Health's key representatives and consultants involved with its insurance claim have not yet produced responsive documents. This includes, as one example, the public adjuster "National Fire Adjustment Company, Inc." ("NFA") which insisted that it could not begin producing documents until May 15, 2025 and, yesterday, asked for still further time.[1]

As also noted in Defendants' Motion, the Town of Norwood indicated in response to Defendants' FOIA request (served long ago in connection with the separate MPT matter) that it possessed numerous responsive documents and required payment to produce them. After Defendants confirmed their willingness to cover the Town's costs, Steward Health then served a subpoena on the Town and the Town raised objections to its breadth, among other things.[2] The Town will proceed only by producing the same set of documents to all parties. Steward Health has done nothing to resolve the Town's objections and the Town's production remains stalled.

In contrast, Defendants produced what they believe (subject to objections) are all responsive, non-privileged documents from claims professionals and others involved with Steward Health's claim. Many of those documents were produced in 2024. And, AGLIC's counsel in this

---

[1] Steward Health suggests, without basis, that motions to compel ought to have been filed to hurry along non-parties. [ECF Doc. 85, p. 8]. But Rule 45 requires that a party or attorney issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense" on non-parties. Given the complexity and size of the claim, many non-parties asked for additional time.

[2] The tenor of Steward Health's Opposition suggest that it doubts that Defendants served a request upon the Town. Pl. Opp. at p. 8 n.5. The request was made in a Freedom of Information Act Request on February 27, 2024.

2

matter coordinated non-party productions in response to Steward Health's subpoenas from AGLIC's key consultants that assisted with Steward Health's claim, including the following:

- Matson, Driscoll & Damico, LLP (forensic accountant);
- J.S. Held LLC (equipment and scheduling consultant);
- Sedgwick Claims Management Services, Inc. (independent adjusters);
- DBI Construction Consultants LLC (construction consultant); and
- Thornton Tomasetti, Inc. (building code consultant).

Steward Health has raised issues concerning the document productions made by AGLIC, Zurich, and certain consultants, and the parties are meeting and conferring regarding those productions. But in the context of Defendants' Motion, this only underscores Defendants' diligence in production, enabling Steward Health to review and assess those documents. In stark contrast, because Steward Health's own document production (and that of its consultants) lags so far behind, Defendants cannot yet assess the adequacy or completeness of Steward Health's (or its consultants') productions.

Defendants should not be rushed in their review and analysis of critical documents from Steward Health and its consultants – particularly when many of those documents have yet to be produced and with no firm timetable for production. Yet that is precisely the outcome that Steward Health contemplates by suggesting that fact discovery be extended by just two months, and that the trial date in January 2026 remain unchanged. This position is simply not workable. Defendants ask for the Court's assistance in adjusting the schedule to allow for the orderly completion of discovery.

**II.   Steward Health's Bankruptcy Proceeding Provides No Compelling Basis to Limit Needed Time for Discovery**

Steward Health's Opposition does not contest that (1) a new building at the Norwood Hospital location is largely framed-in and its owner is seeking a hospital operator to occupy that

3

building; and (2) Steward Health will not be the operator of any new hospital that may open there. [ECF Doc. 84 at pp. 3, 9-10]. Thus, lacking any public interest aspect to a hurried resolution of this case, Steward Health instead argues that its bankruptcy proceedings somehow demand a rush to completion here. Not so. This case is separate and apart from Steward Health's bankruptcy proceedings, as the Court has noted. And, Steward Health's newly-filed bankruptcy plan calls for liquidation of Steward Health's assets, not a re-organization.[3] Allowing sufficient time for this matter to proceed in an orderly manner cannot contribute to any "wasting" or "depletion" of estate assets.

### III. Defendants Require Discovery To Defend Steward Health's Bad Faith Claims

Steward Health contends that Defendants have "overstate[d]" their need for "extensive" discovery to defend against Steward Health's G.L. c. 93A and "bad faith" claims. [ECF Doc. 85, p. 3]. Not so. Steward Health's claim for "business interruption coverage" requires discovery of Steward Health's financial performance. Further, Steward Health's contention that but for Defendants' activities it would have reopened Norwood Hospital in a more expeditious manner is suspect, particularly given the fact that public records indicate that Steward Health is no longer allowed to operate any hospitals in the State of Massachusetts. Further, public records indicate that Steward Health has suffered from system-wide financial difficulties and has been accused of lacking candor about that very fact.[4] Each of these topics needs to be fully discovered by Defendants, starting with the production of documents by Steward Health. Steward Health

---

[3] *In re: Steward Health Care System LLC, et al.*, 4:24-BK-90213 (Bankr. S.D. Tex. 2024) [Docket No. 4743].
[4] https://www.mass.gov/doc/steward-0220/download at p. 1, ¶3 (Steward Health not "forthcoming, truthful or responsive" about its financial status); https://www.warren.senate.gov/newsroom/press-releases/senator-warren-statement-on-steward-health-care (Steward Health hid "critical information about its financial status from state officials.") (Last checked May 14, 2025).

4

disingenuously argues that because Defendants dispute those claims then "prolonged discovery is unnecessary" because Defendants possess relevant documentation. [ECF Doc. 85, p. 9]. Defendants must be given time to receive and analyze the documents of <u>Steward Health</u> and its consultants, and depose witnesses, to defend these claims.

Steward Health devotes three of its five counts in its Second Amended Complaint to what it asserts is "bad faith" conduct. [ECF Doc. 61, ¶¶ 92-117]. Steward Health must articulate the basis for their myriad bad faith claims and Defendants must be allowed time to fully develop a record to defend those allegations. Steward Health's suggestion that Defendants need rely only upon documents already in their possession is flippant, unfairly prejudicial, and Defendants request that it be rejected by the Court.

### IV.    Defendants Have Not Engaged In Any "Dilatory Conduct"

Finally, Steward Health suggests to the Court that allowing Defendants' Motion would be "rewarding Defendants' dilatory conduct." [ECF Doc. 85 at p. 3]. But conspicuously absent from Steward Health's Opposition are any details of purported "dilatory conduct." Indeed, as set out above, Defendants have timely produced voluminous amounts of responsive documents. Documents of the involved claims professionals and other employees of AGLIC and Zurich, and also documents of multiple key consultants that assisted AGLIC, subject to objections, all are in Steward Health's hands. The same cannot be said of Steward Health. It and its consultants' productions are sorely lacking.

Without any factual grounds on which to complain of Defendants' efforts, Steward Health resorts to an *ad hominem* contention that Defendants seek an extension of the scheduling order for some nefarious reason – also not identified. But the sole reason for Defendants' request for

5

additional time is that this large case with dozens of non-parties cannot be brought to an orderly and just completion of discovery under the current schedule.

V.      **Conclusion**

Accordingly, Defendants respectfully assert that the fact discovery deadline and all other deadlines be extended as requested in their Motion.

Respectfully submitted,

 /s/ Jonathan D. Mutch
Jonathan D. Mutch, Esq. (BBO No. 634543)
Timothy Wenger (BBO No. 674087)
ROBINS KAPLAN LLP
800 Boylston Street, 25th Floor
Boston, MA 02199
Tel: (617) 267-2300
Email: JMutch@RobinsKaplan.com
          TWenger@RobinsKaplan.com

*Attorneys for Defendants American Guarantee and Liability Insurance Company and Zurich American Insurance Company*

Dated: May 14, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of May, 2025, a copy of the foregoing motion was filed with the Court via the ECF filing system. As such, this document will be electronically sent to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ Jonathan D. Mutch
Jonathan D. Mutch

96120386.1