UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEWARD HEALTH CARE SYSTEM LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 1:21-cv-11902 – PBS |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO COMPEL STEWARD HEALTH CARE SYSTEM, LLC TO PRODUCE
DOCUMENTS BY MAY 28, 2025**

Pursuant to Federal Rule of Civil Procedure 37, Defendants American Guarantee and Liability Insurance Company ("AGLIC") and Zurich American Insurance Company ("Zurich"), (collectively "Defendants") respectfully request that the Court order Plaintiff, Steward Health Care System, LLC ("Steward Health") to produce all documents in response to Defendants' Requests for Production of Documents by Thursday, May 28, 2025.

Defendants further request that pursuant to Federal Rule of Civil Procedure 6(c) Plaintiff Steward Health by required to file any Opposition to this Motion not later than May 27, 2025.

## I.    INTRODUCTION

Defendants served Requests for Production of Documents on Steward Health on November 5, 2023.  [Ex. 1.]  Steward Health represents (in response to Defendants' inquiries) that it has not completed its production of documents in response to those Requests to Produce.  Fact discovery is scheduled to conclude on June 10, 2025.  While Steward Health has produced some documents

on a rolling basis, its production began only last month, on April 9, 2025. Steward Health has trickled out documents – it produced more documents only yesterday, on May 21, 2025 – but again has not indicated when it will conclude its document production. Steward Health's continuing failure to complete its document production is causing prejudice to Defendants given the June 10, 2025 fact discovery deadline.

Therefore, Defendants respectfully request that the Court order Steward Health to complete its production of documents in response to Defendants' Requests to Produce by May 28, 2025.

## II.     ARGUMENT

The Court may order the relief requested by Defendants in this motion. Defendants served Requests to Produce in November of 2023. [Ex. 1.] Steward Health has indicated that it has additional responsive documents to produce. If "a party fails to respond to requests for production of documents or interrogatories, the party seeking discovery may move to compel production of the requested information." *Close v. Account Resolution Servs.*, 557 F. Supp. 3d 247, 250 (D. Mass. 2021) (citing Fed. R. Civ. P. 37(a)(3)).

A court-ordered deadline for production is appropriate when a party has delayed producing discovery without any explanation:

> The Defendants represent that, as of the date of their opposition, they have produced over 2,600 pages of hard-copy documents, 40,000 pages of documents in a related matter, and preliminary objections and answers to the requests for production. Defs.' Opp'n Pl.'s Mot. Compel Defs.' Discovery 2 [#49]. Missing from Defendants' opposition is an explanation for their delay in responding to Plaintiff's requests for discovery, an expected timeline for substantial completion of production of hard copy documents or conclusion of negotiations regarding the scope of an ESI search, or acknowledgement of their obligation to produce a privilege log.
>
> **To the extent additional, responsive, non-privileged hard-copy documents are in Defendants' possession, custody, and control, those documents must be produced within 21 days of the date of this order.** Further, within 21 days of the date of this order,

> Defendants must also provide supplemental answers to the requests for production that identify the Bates numbers of the documents responsive to each request.

*Stuart v. Town of Framingham,* No. 16-CV-12559, 2018 WL 575847, at *2 (D. Mass. 2018) (emphasis added).

Here, just as in *Town of Framingham,* Steward Health has produced a portion of its responsive documents – only recently – but with no indication when it will complete its production. With the June 10, 2025 fact discovery cutoff looming, a court-ordered deadline for Steward Health to produce all remaining documents is necessary.

## III.    SHORTENED TIME PERIOD FOR RESPONSE

Defendants, by separate Motion filed contemporaneously with this filing, request that the Court enter an Order directing Steward Health to file any Opposition by May 27, 2025.

The Local Rules for the District of Massachusetts contemplate the Court ordering a shortened time for filing any Opposition to a Motion. LR 7.1(b)(2) ("[a] party opposing a motion shall file an opposition within 14 days after the motion is served, unless . . . (2) another period is fixed by . . . order of the court"). Defendants respectfully request that, given the impending fact discovery cutoff, an Order directing Steward to file any Opposition to this Motion to Compel not later than May 27, 2025 is warranted.

## IV.    CONCLUSION

Steward Health's failure to timely complete its document production is causing substantial prejudice to Defendants. Absent an Order to produce by the date certain requested in this Motion, that prejudice will be further compounded. Steward Health's failure to produce documents is prejudicing Defendants' preparations for taking (and potentially defending) numerous depositions ahead of the June 10, 2025 fact discovery cutoff.

**WHEREFORE**, Defendants respectfully request that the Court order Steward Health Care to produce all supplemental document productions by May 28, 2025 and that Defendants be given 30 days from Steward's final document production to complete depositions of Steward employees or former employees.

Respectfully submitted,

_/s/ Jonathan D. Mutch_
Jonathan D. Mutch, Esq. (BBO No. 634543)
Timothy Wenger (BBO No. 674087)
ROBINS KAPLAN LLP
800 Boylston Street, 25th Floor
Boston, MA 02199
Tel: (617) 267-2300
Email: JMutch@RobinsKaplan.com
           TWenger@RobinsKaplan.com

*Attorneys for Defendants American Guarantee and Liability Insurance Company and Zurich American Insurance Company*

Dated: May 22, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of May, 2025, a copy of the foregoing motion was filed with the Court via the ECF filing system. As such, this document will be electronically sent to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

*/s/ Jonathan D. Mutch*

Jonathan D. Mutch

96144392.1