UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Steward Health Care System LLC, | |
| Plaintiff, | Civil Action No. 1:21-cv-11902 |
| v. | |
| American Guarantee and Liability Insurance Company and Zurich American Insurance Company, | |
| Defendants. | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' CORRECTED MOTION
TO SHORTEN TIME TO RESPOND TO MOTION TO COMPEL [ECF NO. 96]**

Late on the Thursday evening preceding Memorial Day weekend, Defendants rushed into court under a feigned claim of urgency, filing what they style as a motion—but what in truth amounts to a plea for emergency relief concerning a complete non-issue concerning the production of documents which they know is already in process and which will be completed in a matter of days. Defendants' filing followed a perfunctory "meet and confer," conducted with such haste and superficiality that one can scarcely call it a conference at all, let alone one that complies with the Local Rules.

In that "conference" Defendants were told explicitly that Plaintiff's counsel is working diligently to complete the production and that it would be done no later than 2 weeks from today, if not sooner. Plaintiff then raised Defendants' long-standing failure to fulfill their own discovery obligations—issues for which Plaintiff has repeatedly requested a Local Rule 7.1 conference over the course of a month—without any meaningful response. Adding to the impropriety, Defendants made clear during the call that they intended to demand a response to

their motion to compel by the Tuesday following a federal holiday weekend—yet refused to even entertain a discussion about the unreasonableness of that demand.

In sum, Defendants' Motion to Shorten Time to Respond [ECF. No. 96] lacks the requisite good cause under Fed. R. Civ. P. 6(c) to justify abbreviating Plaintiff's time to fully brief and oppose their Motion to Compel Production of Documents [ECF. No. 94]. This motion is unwarranted, unjustified, and plainly tactical. Therefore, Plaintiff respectfully requests that the Court deny Defendants' Motion to Shorten Time and allow Plaintiff to respond in the ordinary course.

## **ARGUMENT**

Apparently reeling from the Court's denial of their recent attempt to delay the trial of this matter by nearly a year, Defendants now shift course—from overreach to opportunism—seeking to compress the briefing schedule on a motion to compel that is, at best, redundant, and at worst, a misuse of judicial resources as it is unnecessary.

Until mere hours before filing, Defendants gave no indication that judicial involvement was imminent. The "meet and confer" they cite as a procedural predicate was in fact a hollow formality: a fleeting exchange lacking in substance, offered not to resolve but to check a box. Indeed, Defendants have already had to correct the record to more accurately reflect what transpired in that so-called conference—a tacit admission that their original filing distorted the facts to suit their narrative.

The substance of the underlying motion fares no better. Defendants ask the Court to compel production of documents that Plaintiff has already agreed to produce—without motion practice—within 10 to 14 days. And that commitment is far from theoretical. Defendants are fully aware that Plaintiff has retained twenty contract attorneys and has, since April 9, been

making rolling productions on a near-weekly basis to ensure expedited completion. Another such production is being served on the very day of this filing.[1]

Yet Defendants persist in paradox. They claim prejudice from the absence of a "date certain" for completion while simultaneously conceding—explicitly—that Plaintiff has committed to complete production, subject to all objections, within fourteen days, with interim productions continuing apace. This contradiction reveals the true character of their motion: not a sincere effort to obtain discovery, but a strategic ploy to gain procedural leverage.

Indeed, the goal here is plain. What Defendants truly seek is not expedition for its own sake, but to manufacture a record they can later wield in support of yet another attempt to delay trial. By conjuring a false sense of urgency and demanding accelerated briefing over a federal holiday, they aim to create the very appearance of obstruction that could later be invoked to justify relief this Court has already declined to grant. This motion is not a good-faith pursuit of discovery; it is a transparent bid to derail the existing trial schedule.

The performative nature of Defendants' urgency is further belied by their own conduct in discovery. As outlined in Plaintiff's concurrently filed discovery deficiency letter [*see* ECF No. 85, Ex. B], Defendants have shown no comparable willingness to meet their own obligations, let alone under similarly compressed timelines. What, exactly, are they doing to "meet the moment"? Their silence on that question reveals the asymmetry of their position, and their selective sense of urgency is does not rise to good cause to shorten the opposition period. *See* Fed. R. Civ. P. 6(c) ("[a] written motion and notice of the hearing must be served at least 14 days

---

[1] Moreover, Plaintiff has interposed proper and meritorious objections to Defendants' Requests for Production. If Defendants wish to contest those objections, the proper course is to request a discovery conference under Local Rule 37.1. They have not done so. Instead, they seek to compel production of materials to which Plaintiff has objected, without first engaging in the required process.

before the time specified for the hearing, with the following exceptions… (c) when a court order—which a party may, for good cause, apply for ex parte—sets a different time.").

While the Federal and Local Rules does permit the Court to shorten briefing schedules in appropriate circumstances, that discretion is not to be exercised for tactical gain. The court should not endorse this gamesmanship. *See Softub, Inc. v. Mundial, Inc.*, 53 F. Supp. 3d 235, 263 (D. Mass. 2014) (the court will not "countenance gamesmanship in discovery"). What Defendants seek here is not relief from delay, but an advantage born of theater. This is a routine discovery matter, embellished as a crisis, with the sole aim of eliciting judicial intervention where none is warranted.

## **CONCLUSION**

For these reasons, Steward Health Care System LLC respectfully requests that the Court deny Defendants' Motion to Shorten Time to Respond to Defendants' Motion to Compel.

STEWARD HEALTH CARE SYSTEM LLC,

By their Attorneys,

*/s/ Seth J. Robbins*
Howard M. Cooper (BBO No. 543842)
David H. Rich (BBO No. 634275)
Seth J. Robbins (BBO No. 655146)
Matthew S. Furman (BBO No. 679751)
William E. Gildea (BBO No. 699112)
Elizabeth L. Gardon (BBO No. 711867)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
hcooper@toddweld.com
drich@toddweld.com
srobbins@toddweld.com
mfurman@toddweld.com
wgildea@toddweld.com
egardon@toddweld.com

Dated: May 23, 2025

## **CERTIFICATE OF SERVICE**

      I, William E. Gildea, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on May 23, 2025.

                                   */s/ William E. Gildea*
                                   William E. Gildea