# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| STEWARD HEALTH CARE SYSTEM, INC </br>*Plaintiff* </br>v. </br>AMERICAN GUARANTEE & LIABILITY INS. CO., and ZURICH AMERICAN INS. CO. </br>*Defendant* | Civil Action No. 21-CV-11902-pbs |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: National Fire Adjustment Co., Inc.
One NFA Park, Amherst, NY 14228

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A, attached

| Place: Robins Kaplan LLP </br>800 Boylson Street, Ste. 2500 </br>Boston, MA 02109 | Date and Time: </br>04/24/2025 10:00 am |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/26/2025

|  *CLERK OF COURT* | OR | /s/ Jonathan D. Mutch |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Zurich American Insurance Company, et al , who issues or requests this subpoena, are:

Jonathan D. Mutch, 800 Boylston Street, Suite 2500, Boston, MA 02199, 617-859-2722, jmutch@robinskaplan.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 21-CV-11902-pbs

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print    Save As...    Add Attachment    Reset

Case 1:21-cv-11902-PBS     Document 98-1     Filed 05/23/25     Page 4 of 9

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Pursuant to the accompanying subpoena, and Fed. R. Civ. P. 34 and 45, you are requested to produce for inspection and/or copying on or before April 24, 2025, at Robins Kaplan LLP, 800 Boylston Street, Suite 2500, Boston, Massachusetts 02199, or a location to be determined that is mutually acceptable to and agreed upon by the parties, the documents and things identified below. These requests incorporate the discovery definitions of the United States District Court for the District of Massachusetts Local Rule 26.5, and nothing herein is intended to limit or narrow the scope of those definitions.

## INSTRUCTIONS

1. If you object to any portion of a Request for Production, please produce all documents called for to which you do not object. For example, if you object to any portion of a Request for Production on the ground that it is too broad, please produce such documents as are concededly relevant. If you object to any portion of a Request for Production on the ground that to produce the documents requested would constitute an undue burden, please produce such documents as can be supplied without undertaking an undue burden. If you object to any portion of a Request for Production on the ground that it seeks privileged information, please produce such documents as are concededly non-privileged.

2. These Requests for Production shall be deemed continuing up to and including the time of trial so as to require further supplementation should you learn of any new responsive documents. You are requested to provide, by way of supplementary responses, any additional documents that are responsive to these requests within ten days of your becoming aware of or receiving such additional documents.

3. Documents shall be produced as they are kept in the ordinary course of business.

4. All documents shall be produced with a copy of the file folder, envelope, or other container in which the documents are kept or maintained.

5. Documents not otherwise responsive to these requests shall be produced if such documents are attached to documents that are called for by these requests, including but not limited to routing slips, transmittal memoranda, and cover emails and letters.

6. Each request which seeks documents relating in any way to communications to, from or within a business and/or corporate entity shall be deemed to include all communications by and between representatives, employees, agents, brokers, officers, directors, and/or attorneys of the business or corporate entity.

7. If you withhold any document or portion of a document on an assertion of privilege, work product immunity or any similar basis, produce a privilege log that identifies for each such document: (a) the date of the document; (b) the type of document; (c) its subject matter; (d) the author; (e) the identity of every person to whom the information contained in the document, or any portion thereof, has been disclosed; and (f) the basis upon which the document or portion thereof is being withheld.

8. You are requested to furnish all information in your possession, custody, or control, or otherwise known and available to you, regardless of whether such information is possessed directly by you, or by any of your agents, including, but not limited to, officers, directors, employees, representatives, investigators, or attorneys.

9. Any reference to a corporation, partnership, company, association, or joint venture shall include any parents, subsidiaries, affiliates, divisions, controlled companies, or otherwise related persons or entities.

## RULES OF CONSTRUCTION

1. The terms "all" and "each" shall both be construed as all and each.

2. The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3. The terms "include(s)" or "including" shall be construed to mean "without limitation."

4. The singular and masculine form of a noun or pronoun shall embrace, and shall be read and applied as, the plural or the feminine or neuter, or all of them, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

5. Regardless of the tense employed, all verbs shall be read as applying to the past, present, and future as necessary to make any paragraph more, rather than less, inclusive.

## REQUESTS FOR PRODUCTION

1. All contracts or other agreements, including amendments or subcontracts, entered after January 1, 2018 pertaining to Norwood Hospital, located at 800 Washington Street and Linden Street in Norwood, Massachusetts (the "Property").

2. All communications after January 1, 2018 with Steward Health Care System LLC, Medical Properties Trust (MPT), and/or MPT of Norwood-Steward, LLC, or their agents or assigns, pertaining to the Property.

3. All documents created or maintained after January 1, 2018, including research memoranda, notes, meeting minutes, proposals, architectural plans, designs, preliminary designs, measured drawings, surveys of facilities and property (including equipment and supplies), site and property evaluations, loss estimates analysis or calculations, building information models,

civil engineering analysis, landscape design, architecture schematic design, structural construction documentation, hospital design, estimates, project reports, construction timelines, construction schedules, invoices or drafts of any of the foregoing, pertaining to the Property.

4. All communications after January 1, 2018, including plan or document submissions, with a government agency, including but not limited to, the Town of Norwood, Massachusetts, the Commonwealth of Massachusetts, or any federal agency or official, pertaining to the Property.

5. All communications after January 1, 2018 with a Zurich American Insurance Company, American Guarantee and Liability Insurance Company, or their agents or assigns regarding the Property.

6. All communications after January 1, 2018 with any third-party regarding the Property.

**From:** info@platinumcourier.com
**To:** Nydegger, Kodie
**Subject:** [EXTERNAL] YOUR DELIVERY STATUS 473234
**Date:** Monday, March 31, 2025 11:17:02 PM

Ticket:473234
Caller:Kodie Nydegger
Reference:070159-0021
Control:
Status:$ Delivered
------------
FROM:ROBINS, KAPLAN
800 LaSalle Ave Ste 2800, Minneapolis, 55402, US

Tom Bangasser
------------
TO:National Fire Adjustment Co., Inc.
One NFA Park, Amherst, NY, 14228, US


------------
 3/31/2025 10:14 PM


Sent from:Philip 3/31/2025 10:14 PM