UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEWARD HEALTH CARE SYSTEM LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 1:21-cv-11902 – PBS |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH RULE 45 SUBPOENA – NATIONAL FIRE ADJUSTMENT CO., INC.**

**SHORTENED TIME PERIOD FOR OPPOSITION REQUESTED BY SEPARATE MOTION**

Pursuant to Federal Rule of Civil Procedure 45, Defendants American Guarantee and Liability Insurance Company ("AGLIC") and Zurich American Insurance Company ("Zurich") ("Collectively "Defendants") hereby submit this Memorandum in support of Defendants' Motion to Compel compliance with Defendants' Rule 45 subpoena served on non-party National Fire Adjustment Co., Inc. ("NFA") on March 31, 2025 (the "Subpoena") not later than May 30, 2025.

As noted in the accompanying Motion, NFA is a public insurance adjuster that, at the request of Steward Health, prepared certain estimates concerning the condition of and damage to the Norwood Hospital following the June 28, 2020 water event at the hospital. The adjustment performed by NFA is relevant to Steward's claims against Defendants. As such, NFA possesses

documents directly relevant to Steward Health's claim for coverage. Defendants therefore respectfully request this Court to compel NFA's compliance with the Subpoena by May 30, 2025.

## I.     BACKGROUND

NFA is a public insurance adjuster. Here, Plaintiff Steward Health Care System, LLC ("Steward") retained NFA to assist with preparing Steward's insurance claim concerning the Norwood Hospital following the June 28, 2020 water event. As part of its work, NFA inspected the hospital, reviewed certain operation costs, and prepared estimates concerning claimed loss and damage to hospital buildings and equipment. Accordingly, NFA possesses documents which are highly relevant to the instant litigation.

In pursuit of these relevant documents possessed by NFA, Defendants served the Subpoena on NFA on March 31, 2025. The Subpoena sought six categories of documents from NFA:

1. All contracts or other agreements, including amendments or subcontracts, entered after January 1, 2018 pertaining to Norwood Hospital, located at 800 Washington Street and Linden Street in Norwood, Massachusetts (the "Property").

2. All communications after January 1, 2018 with Steward Health Care System LLC, Medical Properties Trust (MPT), and/or MPT of Norwood-Steward, LLC, or their agents or assigns, pertaining to the Property.

3. All documents created or maintained after January 1, 2018, including research memoranda, notes, meeting minutes, proposals, architectural plans, designs, preliminary designs, measured drawings, surveys of facilities and property (including equipment and supplies), site and property evaluations, loss estimates analysis or calculations, building information models, civil engineering analysis, landscape design, architecture schematic design, structural construction documentation, hospital design, estimates, project reports, construction timelines, construction schedules, invoices or drafts of any of the foregoing, pertaining to the Property.

4. All communications after January 1, 2018, including plan or document submissions, with a government agency, including but not limited to, the Town of Norwood, Massachusetts, the Commonwealth of Massachusetts, or any federal agency or official, pertaining to the Property.

5. All communications after January 1, 2018 with a Zurich American Insurance Company, American Guarantee and Liability Insurance Company, or their agents or assigns regarding the Property.

6. All communications after January 1, 2018 with any third-party regarding the Property.

The Subpoena was served on March 31, 2025 and—originally—stated a deadline of April 24, 2025 to produce responsive documents. However, on April 16, 2025, NFA contacted undersigned counsel to request an extension until May 15, 2025 (a three-week extension) to produce documents, which was agreed to. When counsel contacted NFA again on May 13, 2025 to confirm production would be made by the agreed-to deadline of May 15, 2025 NFA indicated that it would need further time to gather paper and electronic files. Counsel inquired whether NFA could at least begin a rolling production, but NFA indicated that would not be possible.

NFA promised delivery of its responsive hard copy documents by May 22, 2025 and electronic documents by May 30, 2025. No hard copy documents have been received by NFA, and as noted above, NFA declined a rolling production of electronic materials. Given the multiple extensions and lack of production to date Defendants request that the Court order NFA to produce both its hard copy and electronic documents by May 30, 2025.

## II. ARGUMENT

A subpoena to produce documents issued to a non-party is subject to both the relevancy requirements of Rule 26, as well as the protections to non-parties afforded by Rule 25. *Holloman v. Clarke*, 320 F.R.D. 102, 103 (D. Mass. 2017) (subpoenas are "subject to the 'relevance' requirement of Fed. R. Civ. P. 26(b)(1)."); *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs."). Additionally, when determining whether a Rule 45 subpoena results in undue burden on the non-party, courts will consider "'the

relevance of the documents sought, the necessity of the documents sought, the breadth of the request,'" and the "'expense and inconvenience.'" *Solamere Cap. v. DiManno*, 621 F. Supp. 3d 152, 158 (D. Mass. 2022) (quoting *Behrend v. Comcast Corp.*, 248 F.R.D. 84, 86 (D. Mass. 2008)).

Here, the documents possessed by NFA are highly relevant considering NFA's role as public adjuster in the preparation and presentment of Steward Health's claim for loss and damage to Norwood Hospital, those materials are significant to the asserted basis of Steward's claims against Defendants.

NFA was provided multiple extensions of time to respond to the subpoena, but still has not produced hard copy documents by the promised date. This calls into question the production of NFA's electronic files, promised by May 30, 2025, given that NFA did not produce paper copies as promised and asserted that it could not produce any electronic files on a rolling basis. In light of the impending fact discovery deadline this Motion to Compel is necessary to ensure the production of NFA's materials.

The materials sought from NFA cannot be obtained from any other entity than NFA, and are necessary to Defendants' defenses. Defendants have issued subpoenas for deposition of key NFA witnesses, and require these documents for those depositions. Any burden to NFA has been addressed by the multiple extensions of time provided by Defendants. To the extent any burden remains on NFA, the highly relevant nature of the documents in NFA's possession outweighs this minimal burden. *Cusumano*, 162 F.3d at 717.

Accordingly, Defendants respectfully request this Court compel NFA's compliance with the Subpoena by May 30, 2025 as set out in the Motion to Compel.

### III. SHORTENED TIME FOR RESPONSE

Defendants, by separate Motion filed contemporaneously with this filing, request that the Court enter an Order directing NFA to file any Opposition by May 29, 2025.

The Local Rules for the District of Massachusetts contemplate the Court ordering a shortened time for filing any Opposition to a Motion. LR 7.1(b)(2) ("[a] party opposing a motion shall file an opposition within 14 days after the motion is served, unless . . . (2) another period is fixed by . . . order of the court"). Defendants respectfully request that, given the impending fact discovery cutoff, an Order directing NFA to file any Opposition to this Motion to Compel not later than May 29, 2025 is warranted.

### IV. CONCLUSION

NFA was afforded multiple extensions of time, has not produced certain portions of its file by the promised date, and should be ordered to produce its entire fire by May 30, 2025. The relevant nature of the responsive documents in NFA's possession outweighs any remaining burden to NFA, which is minimal in light of extensions already provided to NFA.

**WHEREFORE**, Defendants AGLIC and Zurich respectfully request that the Court grant its Motion to Compel and order non-party National Fire Adjustment Co., Inc. to produce documents responsive to Defendants' Subpoena by May 30, 2025.

Respectfully submitted,

*/s/ Jonathan D. Mutch*
Jonathan D. Mutch, Esq. (BBO No. 634543)
Timothy Wenger (BBO No. 674087)
ROBINS KAPLAN LLP
800 Boylston Street, 25th Floor
Boston, MA 02199
Tel: (617) 267-2300
JMutch@RobinsKaplan.com
TWenger@RobinsKaplan.com

*Attorneys for Defendants American Guarantee and Liability Insurance Company and Zurich American Insurance Company*

Dated: May 23, 2025

## CERTIFICATE OF SERVICE

I, Jonathan D. Mutch, hereby certify that on this day, I electronically filed the within document with the Clerk of the Court using the CM/ECF system that will send notification of such filing(s) to all counsel of record. The document is available for viewing and downloading through the ECF system. A copy of this document was also sent via E-mail and United States First Class Mail, Postage Prepaid, to:

Christopher D. Porter, J.D.
Attorney at Law, Licensed Adjuster
NFA - National Fire Adjustment Co., Inc.
One NFA Park
Amherst, NY 14228-1187
cporter@nfa.com

Dated: May 23, 2025                    */s/ Jonathan D. Mutch*
                                       Jonathan D. Mutch