UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEWARD HEALTH CARE SYSTEM LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>        Defendants. | Civil Action No. 1:21-cv-11902 – PBS |

**DEFENDANTS' MOTION FOR EXTENSION OF TIME**

**SEPARATE MOTION FOR SHORTENED TIME FOR OPPOSITION FILED CONCURRENTLY**

Defendants American Guarantee and Liability Insurance Company ("AGLIC") and Zurich American Insurance Company ("Zurich," and together with AGLIC, "Defendants") respectfully request a three-month extension of the deadlines set forth in the current Scheduling Order entered on January 6, 2025 (Doc. No. 79).

On May 20, 2025, this Court denied Defendants' request for an 11-month extension of time to complete discovery and schedule trial (Doc. No. 89). In so doing, the Court ruled that "[t]his is an old case and a one-year delay is unwarranted." *Id.* Respectful of this Court's ruling, Defendants now seek only a three-month extension of all deadlines. Although the case was filed in 2021, fact discovery has been ongoing for only a relatively short period of time. The case was administratively closed during an interlocutory proceeding and then, shortly after reopening, discovery was stayed pending mediation in January 2025. Indeed, Steward Health only began its document production in April 2025.

As things stand, there is simply not enough time for Defendants to discover their defenses. Steward Health's initial production of documents remains ongoing. As explained in further detail below, Steward Health intends to complete its responsive document production on or about June 5, 2025, just days before the current fact discovery cut-off date. Both parties served supplemental written discovery. Neither party has yet taken any depositions, though in the past week, Defendants noticed depositions and will seek leave to notice more. On May 27, 2025, Plaintiff served two Rule 30(b)(6) deposition notices including over 70 (seventy) topics. While Defendants are working diligently to complete discovery as quickly as possible, the current schedule does not provide enough time to review Steward Health's documents, identify and address deficiencies, and prepare to take and defend fact-witness depositions. Of course, once fact discovery is complete, Defendants will need additional time to retain and disclose experts, prepare for and potentially submit a motion for summary judgment, and, ultimately, prepare the case for trial.

Accordingly, Defendants propose the following revised schedule:

| Deadline Description | Current Deadline | Proposed Deadline |
|---|---|---|
| Fact Discovery Deadline (all discovery other than expert discovery completed by) | June 10, 2025 | September 10, 2025 |
| Party with Burden of Proof Must Disclose Trial Experts and Disclose Information Contemplated by Fed. R. Civ. P. 26(a)(2) by | June 24, 2025 | September 24, 2025 |
| Rebuttal Experts | July 24, 2025 | October 10, 2025 |
| Expert Deposition by | August 24, 2025 | November 23, 2025 |
| Dispositive Motions by | September 24, 2025 | December 23, 2025 |
| Oppositions by | October 15, 2025 | January 13, 2025 |

| Status Conference and Hearing on Summary Judgment Motions | November 1, 2025 | January 27, 2025 |
| --- | --- | --- |
| Trial Begins | January 2026 (TBD) | April 2026 (TBD) |

In further support of this motion, Defendants state as follows:

1. While this case was filed on November 23, 2021, the parties spent more than two years litigating the threshold issue of the Flood sublimit. The Court issued its written decision on that issue on November 15, 2022. (Doc. No. 48). The Court then allowed an interlocutory appeal on the threshold issue to the First Circuit Court of Appeals.

2. On November 23, 2022, the Court entered the following order: "All scheduling deadlines are suspended. The only discovery allowed to proceed is with respect to damages. [T]he case is administratively stayed pending appeal." (Doc. No. 51).

3. On December 19, 2023, the First Circuit certified the relevant legal question to the Massachusetts Supreme Judicial Court. *See Zurich Am. Ins. Co. v. Med. Properties Tr., Inc.*, 88 F.4th 1029, 1030 (1st Cir. 2023). The Supreme Judicial Court subsequently issued its opinion on July 23, 2024. *See Zurich Am. Ins. Co. v. Med. Properties Tr., Inc.*, 494 Mass. 382, 384 (2024).

4. Thereafter, on December 5, 2024, this Court ordered that "[a]ll discovery is stayed until" January 22, 2025, to allow the parties to focus on mediation, which took place on January 22, 2025. (Doc. No. 77).

5. Thus, for the vast majority of time between November 23, 2021, through January 22, 2025, discovery was either substantially limited or stayed entirely. Defendants, however, continued to diligently engage in discovery.

6. Over a year ago, in April 2024, Defendants produced the vast majority of its documents (more than 85,000 pages). Defendants made a subsequent production of approximately

3

1,200 pages on April 16, 2025. Steward Health has had the opportunity to review Defendants production, and Defendants are currently preparing a final production of responsive claim materials, as well as additional documents to address concerns raised by Steward Health.

7. In contrast, Steward Health made its first production to Defendants less than two months ago, on or about April 9, 2025 (31,518 pages). It then made additional productions in just May 2025, including on May 15, 2025 (10,045 pages), May 19, 2025 (48,506 pages), May 21, 2025 (5,495 pages), and May 23, 2025 (1,963 pages). Steward Health states that further productions are forthcoming and that it intends to complete its document production by June 5, 2025—only five days before the current fact discovery deadline. Defendants have not had time to review Steward Health's discovery or meet and confer regarding any deficiencies.

8. Due to the nature of the claims and defenses, both sides are pursuing extensive third-party discovery. Steward Health issued nineteen (19) document subpoenas to third parties. *See* ECF No. 85, at 5. However, to date, Steward Health has not provided Defendants with any documents received from at least seven of those third parties.

9. As things currently stand, Defendants must simultaneously review the recent influx of documents from Steward Health and notice and conduct fact depositions before the close of discovery on June 10, 2025. An extension of all deadlines by just three months will require substantial diligence to complete needed fact discovery (and subsequent case events) but Defendants respectfully assert that it reflects the minimum needed.

10. In its recent filing (Doc. No. 85 at 3) concerning Defendants' prior motion for an extension of time, Steward Health indicated that it would consent to a two-and-a-half-month extension of the fact discovery deadline with both expert disclosure deadlines—affirmative and rebuttal reports—extended to August 24, 2025, and the current trial date remaining unchanged.

11. That Steward Health proposal is unworkable because it would unfairly prejudice Defendants as it appears to require disclosure of Defendants' rebuttal expert reports on the same date as Steward Health's affirmative expert disclosures, or on some accelerated timetable. Defendants do not have the burden of proof. Defendants are entitled to review any affirmative expert reports disclosed by Steward Health in an orderly manner before determining whether to disclose experts to defend or rebut.

12. Furthermore, Steward Health's proposal would so compress the schedule for summary judgment motions as to render them moot. Steward Health may not contemplate filing such motions, but Defendants request a schedule that affords them time to prepare, and the Court sufficient time to consider, such motions.

13. Apart from Defendants' prior motion (ECF No. 84), neither Defendants nor Steward Health have not sought to continue the case deadlines.

14. This motion is not sought for purposes of delay. An expansion of the current deadlines is necessary to allow Defendants time to review the ongoing production from Steward Health, complete non-party discovery, notice and prepare for depositions, retain and disclose experts, analyze the legal issues for summary judgment, and, ultimately prepare for trial.

15. By separate motion filed concurrently with this, Defendants respectfully request that Plaintiff be ordered to file any Opposition hereto on an expedited basis. Absent such an order, Defendants' time to file any Opposition would fall after the fact discovery cutoff date.

**WHEREFORE**, Defendants respectfully request that the Court modify the current Scheduling Order by extending the deadlines by three months, as outlined above.

Respectfully submitted,

*/s/ Jonathan D. Mutch*
Jonathan D. Mutch, Esq. (BBO No. 634543)
Timothy Wenger (BBO No. 674087)
ROBINS KAPLAN LLP
800 Boylston Street, 25th Floor
Boston, MA 02199
Tel: (617) 267-2300
Email: JMutch@RobinsKaplan.com
         TWenger@RobinsKaplan.com

*Attorneys for Defendants American Guarantee and Liability Insurance Company and Zurich American Insurance Company*

Dated: May 28, 2025

## Local Rule 7.1(a)(2) Certification

I hereby certify that the undersigned conferred in good faith with counsel for Steward Health in an effort to resolve or narrow the issues raised in this Motion, but the parties were unable to agree on a schedule.

*/s/ Jonathan D. Mutch*
   Jonathan D. Mutch

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 28th day of May, 2025, a copy of the foregoing motion was filed with the Court via the ECF filing system.  As such, this document will be electronically sent to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

                                                                       */s/ Jonathan D. Mutch*
                                                                       Jonathan D. Mutch

96151906.1