## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Steward Health Care System LLC, | |
| Plaintiff, | Civil Action No. 1:21-cv-11902 |
| v. | |
| American Guarantee and Liability Insurance Company and Zurich American Insurance Company, | |
| Defendants. | |

## STEWARD HEALTH CARE SYSTEM LLC'S OPPOSITION TO DEFENDANTS' SECOND MOTION TO EXTEND SCHEDULING ORDER DEADLINES
### (L.R. 7.1(d) Oral Argument Requested)

Steward Health Care System LLC ("Steward") respectfully submits this brief opposition to Defendants American Guarantee and Liability Insurance Company's ("AGLIC") and Zurich American Insurance Company's ("Zurich") (collectively, "Defendants") second motion over the past few weeks seeking to modify the Court's Scheduling Order [ECF No. 103] (the "Second Motion").

Less than three weeks ago, the Court rejected Defendants' effort to delay this long pending litigation by nearly a year. *See* ECF Nos. 84, 89. Undeterred, Defendants now seek a reduced three-month extension of the very same deadlines—an attempt that is, in substance, a motion for reconsideration. Particularly with respect to the January 2026 trial date, this renewed bid to postpone should be denied.

Steward incorporates by reference its prior briefing and supporting affidavit submitted in opposition to Defendants' prior motion. In its' earlier filings, Steward detailed the history of this case, and the prejudice Steward and its creditors will suffer from further delay. ECF No. 85. In

summary, the prompt resolution of this insurance coverage dispute is a critical component of

Steward's pending Chapter 11 plan, currently before the United States Bankruptcy Court for the

Southern District of Texas.[1] Any delay of the trial will inflict tangible financial harm, including

to the nearly 900 Massachusetts-based creditors and service providers who stand to recover less

from Steward's estate if this litigation is not resolved on schedule. ECF No. 85-1, ¶ 14.

To be clear, Steward is ***not*** opposed to a modest and targeted adjustment of certain

interim deadlines. For example, Steward does not object to a limited two-month extension of the

fact discovery and initial expert disclosure deadlines, to August 10 and August 24, 2025,

respectively. What Steward opposes is a postponement of the January 2026 trial. Defendants'

assertion that a mere extension of internal discovery deadlines without moving the trial date

would "compress" expert discovery and motion practice is meritless and unsubstantiated. ECF

No. 103, at 5, ¶ 12. It reflects not logistical difficulty, but litigation strategy.

Defendants have had ample time to prepare their case. They began adjusting the

Norwood Hospital claim nearly five years ago, in June 2020. Yet they now plead for more

time—not because they were deprived of the opportunity to take discovery, but because they

squandered it. Consider: Defendants waited until May 22, 2025, to notice their first deposition,

and then, over the next five days, noticed twelve more—including on Saturdays and with

overlapping dates and times—all without consulting with Steward's counsel and without first

---

[1] Following a hearing on May 29, 2025, the Bankruptcy court approved Steward's proposed form
of disclosure statement to solicit votes from all creditors in regard to Steward's proposed Chapter
11 Plan. On June 1, 2025, Steward filed the solicitation version of the Disclosure Statement and
related materials to be sent to stakeholders for voting, signaling that the case has entered the plan
confirmation phase. *See* Bankruptcy case, ECF No. 5028.

seeking the Court's leave to take more that the permitted number of depositions, as required.[2] Defendants have now stated, vaguely, that they *intend* to seek such leave at some future, unspecified time.  *See* ECF No. 103 at 2.  One must ask: When exactly do they plan to do so— and why didn't they do so months ago?  Steward and its creditors should not suffer the consequences of Defendants' decision to sit on their hands until the eve of the fact discovery deadline, only to manufacture a crisis of their own making.

Defendants' claims that they have insufficient time to "discover their defenses" are both implausible and telling.  ECF No. 103, at 2.  They relied on multiple consultants to justify a significant coverage reduction as recently as 2022, yet now insist they require more time to locate facts and identify experts.  As Steward has long claimed, this is emblematic of Defendants' bad faith "deny coverage and find a reason later" approach to this matter which is contradictory to Massachusetts law.  If, after years of handling the Norwood claim, Defendants are still unprepared, the fault lies solely with them.

Equally misleading is Defendants' representation that they engaged in diligent discovery while this matter was administratively stayed and that they produced "the vast majority" of their documents in April 2024.  *See* ECF No. 103 at 3.  In truth, their production in July 2024 was made in response to requests *from MPT*—**not Steward**.  **<u>Exhibit 1</u>**.  Only recently did Defendants attempt to retroactively recharacterize that production as responsive to Steward's discovery requests.  Even so, the July 2024 production was woefully deficient.  It comprised of documents from only two custodians and limited to materials through September 2021, despite

---

[2] *See* Fed. R. Civ. P. 30(a)(2)(i) ("[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)… the deposition would result in more than 10 depositions being taken under this rule[.]"; *see* also L.R. 26.1(c) ("[u]nless the judicial officer orders otherwise, the number of discovery events shall be limited for each side (or group of parties with a common interest) to 10 depositions[.]").

the fact that Zurich's critical coverage determination, central to this bad-faith case, occurred in December 2022.  Only recently have Defendants expanded the temporal scope of their production. Defendants cannot credibly claim diligence when they chose not to engage meaningfully with discovery until the eleventh hour.

In short, nothing material has changed since the Court rejected Defendants' prior motion. Nor has anything changed since Defendants themselves proposed a schedule in December 2024 that closely resembles the one now in effect.  Their present motion merely repackages the same flawed rationale, thinly disguised as a more "modest" request.  But their shifting positions reveal their true aim: delay. *Compare* ECF No. 95, at 5 (seeking only 30 days from Steward's final production to complete depositions) with ECF No. 103 (Second Motion seeking a comprehensive three-month extension).  This is not a good-faith effort to manage case complexity—it is a transparent effort to stall.

For the foregoing reasons and those set forth in Steward's prior submission (ECF No. 85), Steward Health Care System LLC respectfully requests that the Court deny Defendants' Second Motion to extend the Scheduling Order and instead adopt the following proposed modifications to the existing deadlines:

| Deadline Description | Current Deadlines | Steward's Agreed Deadlines |
|---|---|---|
| Fact Discovery Deadline (all discovery other than expert discovery completed by) | June 10, 2025 | August 10, 2025 |
| Party with Burden of Proof Must Designate Trial Experts and Disclose Information Contemplated by Fed. R. Civ. P. 26(a)(2) by | June 24, 2025 | August 24, 2025 |
| Rebuttal Trial Experts Must be Designated and Information Contemplated by Fed. R. Civ. P. 26(a)(2) Disclosed by | July 24, 2025 | September 10, 2025[3] |
| All Trial Experts Deposed By | August 24, 2025 | September 30, 2025 |
| Dispositive Motions Filed By | September 24, 2025 | October 30, 2025 |
| Oppositions to Dispositive Motions by | October 15, 2025 | November 20, 2025 |
| Status Conference and Hearing on Summary Judgment Motions | November 1, 2025 | December 4, 2025 |
| Trial Begins | January 2026 (TBD) | January 2026 (TBD) |

## REQUEST FOR ORAL ARGUMENT

Pursuant to L.R. 7.1(d), Steward Health Care System LLC respectfully requests an oral argument on the issues presented in Defendants' Motion and Steward Health Care System LLC's opposition.

---

[3] This 17-day period mirrors the timeline proposed for rebuttal experts by Defendants in their Motion. ECF No. 103, at 2-3.

STEWARD HEALTH CARE SYSTEM LLC,

By their Attorneys,

/s/ Seth J. Robbins
Howard M. Cooper (BBO No. 543842)
Seth J. Robbins (BBO No. 655146)
William E. Gildea (BBO No. 699112)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
hcooper@toddweld.com
srobbins@toddweld.com
wgildea@toddweld.com

Dated: June 2, 2025

**CERTIFICATE OF SERVICE**

I, William E. Gildea, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on June 2, 2025.

/s/ William E. Gildea
William E. Gildea