# Exhibit F



Seth J. Robbins
Direct Dial: 617-624-4775
srobbins@toddweld.com

May 27, 2025

**BY E-MAIL**

| | |
|---|---|
| Jonathan D. Mutch, Esq. | Michael Menapace, Esq. |
| Timothy D. Wenger, Esq. | Wiggin and Dana LLP |
| Robins Kaplan LLP | 20 Church Street |
| 800 Boylston Street, 25th Floor | Hartford, CT 06103 |
| Boston, MA 02110 | 860-297-3733 |
| JMutch@RobinsKaplan.com | Fax: 860-525-9380 |
| twenger@robinskaplan.com | mmenapace@wiggin.com |

Re: **Steward Health Care System LLC v. American Guarantee and Liability Insurance Company, et al**
United States District Court, District of Massachusetts
Civil Action No. 21-cv-11902-PBS

Dear Counsel,

     I write concerning the responses and objections submitted by six third-party entities represented by your respective firms—Sedgwick Claims Management Services, Inc. ("Sedgwick"), Matson, Driscoll & Damico, LLP ("MDD"), J.S. Held LLC ("J.S. Held"), DBI Construction Consultants LLC ("DBI"), Thornton Tomasetti, and Ruddy, Cassidy & Foster, LLC ("RCF")—to subpoenas issued by Steward Health Care System LLC ("Steward") for the production of documents.

     The responses across all six entities reflect a uniform set of deficiencies, including sweeping objections to nearly every instruction and definition, improper and unilateral narrowing of both the temporal and subject-matter scope of the requests, and categorical refusals to produce entire classes of plainly relevant documents. Given the consistency of these issues, Steward addresses them collectively below and requests that counsel promptly confer, pursuant to Local Rule 7.1, in an effort to resolve the deficiencies without judicial involvement.

    I. **Common Deficiencies in the Subpoena Responses**

       A. <u>Blanket Objections to Instructions and Definitions</u>

     Each third-party recipient objects wholesale to nearly all of Steward's instructions and definitions. These include, among others:

- Objections to routine formatting instructions, despite your clients' stated willingness to produce documents in a "mutually agreeable format"—yet no such proposal has been offered;

- Objections to the provision of a privilege log, notwithstanding the breadth of the objections and the likelihood that responsive materials are being withheld; and

- Objections to the requirement that qualified responses clearly articulate the basis for the qualification.

Particularly problematic are the objections to Steward's definitions of corporate entities such as "AGLIC" and "Shawmut," which expressly encompass affiliated entities and identified representatives. Your clients uniformly object to these definitions, asserting an intent to construe them narrowly—excluding affiliates, employees, agents, and even individuals specifically named. These objections are improper. Discovery extends to documents within an entity's possession, custody, or control, including those of its officers, employees, and agents. To the extent the objections are grounded in the inclusion of affiliated entities, they are equally meritless. Courts routinely permit discovery "from one corporation based on its relationship with, and ability to obtain documents from, a related corporate entity." *LSI Corp. v. Vizio, Inc.*, No. 12-MC-91068-DJC, 2012 WL 1926924, at *5 (D. Mass. May 24, 2012).

B. <u>Improper Unilateral Narrowing of Timeframe and Scope</u>

The responses also reflect a concerted effort to recast Steward's requests—which seek documents dating back to March 1, 2020 and concern broader post-COVID construction and insurance practices—as limited solely to the events surrounding the June 28, 2020 Norwood Hospital water loss. These restrictions are baseless and obstructive.

For example, Steward has requested documents concerning supply chain disruptions and industry practices in the post-COVID construction environment—issues central to its contention that AGLIC, Zurich, and their consultants failed to account for well-known, industry-wide delays in assessing the Norwood claim. Whether that failure occurred cannot be adequately assessed in a vacuum. It reasonably requires a comparative analysis of how these consultants considered similar supply chain impacts in other projects. Yet your clients insist on producing documents only related to Norwood—thereby excising the very context necessary to evaluate whether the Norwood analysis was an outlier.[1] This is plainly wrong.

The same reasoning applies to Steward's requests for documents, policies, practices, and communications concerning your clients' evaluation and calculation of matters such as code

---

[1] The number of responses that follow this pattern is concerningly large. Sedgwick so responds with respect to Requests Nos. 1, 10, 11, and 13; MDD with respect to Nos. 6, 7, and 12; J.S. Held with respect to Nos. 3, 8, 16, 18; DBI with respect to Nos. 3 and 8; TT with respect to Nos. 3 and 6; and RCF with respect to No. 6.

compliance, regulatory compliance, business interruption, procurement, construction, and any other issues at this heart of this dispute. Your clients are not entitled to unilaterally cabin the time period or scope of these requests. Steward expects production in accordance with the subpoenas as issued.

    C.  <u>Improper Categorical Refusals to Produce Relevant Documents</u>

Beyond these arbitrary limitations, your clients have flatly refused to produce certain entire categories of documents. By way of example:

- J.S. Held has declined to produce *any* bids or proposals it submitted for projects involving Zurich, AGLIC, or Sedgwick concerning water losses at healthcare facilities (Request No. 12);

- It has likewise refused to produce construction schedules and estimates from any project since April 1, 2020, (Request No. 17; and

- It refuses even to produce pleadings or other public documents from matters in which it served as an expert (Request No. 21).

Each of the third-party recipients has asserted similar objections and refusals to comparable requests.[2]

These refusals rest on vague and unsupported assertions of burden or irrelevance. But documents reflecting how these consultants evaluated similar claims—particularly with respect to timelines, cost estimates, and supply chain challenges—are central to Steward's claims that the Norwood assessment was unreasonable and deviated sharply from standard practice. If, for instance, a consultant engaged by Zurich or AGLIC failed to account for supply chain delays in the Norwood evaluation, but contemporaneously considered such delays in other proposals or construction schedules, that discrepancy would bear directly on liability under G.L. c. 176D, § 3(9)(d), which prohibits insurers from failing to conduct a reasonable investigation. *See, e.g., Bohn v. Vermont Mut. Ins., Co.*, 922 F. Supp. 2d 138, 149 (D. Mass. 2013) (recognizing that an insurer may violate § 3(9)(d) by "purposefully and strategically failing to pursue a line of inquiry because it would uncover unfavorable evidence").

Steward is also plainly entitled to public pleadings from matters involving your clients' service as experts. These materials bear directly on issues of bias, credibility, and the reliability of the methodologies your clients have employed here.

---

[2] Sedgewick has so refused in response to Requests Nos. 14 and 17; MDD with respect to Request No. 11; DBI with respect to Request Nos. 4, 9, and 11; TT with respect to Requests No. 4 and 21; and RCF with respect to Request Nos. 7 and 8.

Todd & Weld LLP

May 27, 2025
Page 4 of 4

## II. Individual Objections that are Improper

Finally, Thornton Tomasetti's objection to Request No. 22— which seeks CVs or resumes for personnel involved in the Norwood Hospital engagement—is without merit. TT objects on the ground that such documents are "outdated." But an individual's qualifications at the time of engagement are manifestly relevant to the to the reliability of their analysis and the competence of their work. Moreover, the production would involve a minimal burden, likely limited to a small number of documents. In other words, the objection lacks any persuasive basis.

For the reasons set forth above, Steward respectfully requests that counsel promptly confer pursuant to Local Rule 7.1 to address these deficiencies and avoid the need for judicial intervention. Please advise of your availability this week.

Thank you.

Kind regards,

*[signature]*

Seth J. Robbins

cc:     All Counsel of Record