UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Steward Health Care System LLC, <br><br> Plaintiff, <br><br> v. <br><br> American Guarantee and Liability Insurance Company and Zurich American Insurance Company, <br><br> Defendants. | Civil Action No. 1:21-cv-11902 |

**STEWARD HEALTH CARE SYSTEM LLC'S MOTION TO SHORTEN THE TIME FOR THIRD PARTIES TO RESPOND TO MOTION TO COMPEL (ECF NO. 119) TO JUNE 20, 2025**

Pursuant to Fed. R. Civ. P. 6(c) and Local Rule 7.1(b)(2), Plaintiff Steward Health Care System LLC ("Steward") hereby moves the Court for an order shortening the time within which eight third parties[1]—all represented by counsel for Defendants American Guarantee and Liability Insurance Company and Zurich American Insurance Company (together, "Defendants")—must respond to its Motion to Compel Compliance with Rule 45 Document Subpoenas (the "Motion to Compel") previously filed on June 11, 2025, ECF No. 119, to **June 20, 2025**. In support of this motion, Steward states as follows:

**I.    INTRODUCTION**

This action arises from Defendants' failure to timely adjust and pay Steward's insurance claim for the catastrophic June 2020 storm that devastated Norwood Hospital. Between

---

[1] These third parties are: Shawmut Woodworking & Supply, Inc. d/b/a Shawmut Design and Construction ("Shawmut"), Sedgwick Claims Management Services, Inc. ("Sedgwick"), Matson, Driscoll & Damico, LLP ("MDD"), J.S. Held LLC ("J.S. Held"), DBI Construction Consultants LLC ("DBI"), Thornton Tomasetti ("TT"), Ruddy, Cassidy & Foster, LLC ("RCF"), and Meridian Restoration Consultants LLC ("Meridian") (collectively, the "Third Parties").

February and April 2025, Steward served subpoenas on eight third parties (the "Third Parties"), each of whom possesses critical information regarding the Defendants' investigation and adjustment of Steward's claim. The documents requested are essential to assessing whether the Defendants and their agents conducted a good-faith investigation or, instead, deliberately deviated from industry standards to minimize the scope of the loss. Without production of these documents, these core issues cannot be meaningfully adjudicated.

However, as detailed in Steward's Motion to Compel and supporting memorandum of law, the Third Parties have engaged in a coordinated pattern of delay and non-compliance. Indeed, two of the Third Parties, Shawmut and Meridian, have yet to respond to the subpoenas *at all*. The other six Third Parties' responses and productions have been woefully inadequate. The Third Parties' responses—or lack thereof—left Steward no choice but to file the Motion to Compel on June 11, 2025.

In parallel, Steward was forced to move to compel discovery from the Defendants themselves due to similar obstructionist conduct. Steward has filed concurrently a separate motion to shorten the Defendants' time to respond to that motion to compel, likewise seeking a June 20, 2025 deadline. Absent the same abbreviated response time for the Third Parties, Steward will be unable to obtain and meaningfully use critical discovery materials within the constraints of the current schedule.

## II.     ARGUMENT

Pursuant to Local Rule 7.1(b)(2), the default deadline for opposing a motion is 14 days unless otherwise ordered by the Court. Because Steward filed the Motion to Compel on June 11, the current deadline for the Third Parties to respond is June 25, 2025. However, good cause exists to shorten that deadline.

This Court has previously granted similar relief in light of impending discovery deadlines.  *See* ECF No. 102.  Steward's request is consistent with that precedent and equally warranted here.

Fact discovery is scheduled to close on July 10, 2025.  Steward seeks to advance the Third Parties' response deadline to June 20, 2025, to allow for timely resolution of both motions to compel and to afford sufficient time for production and review of documents before the close of discovery.  Judicial efficiency would also be served by allowing the Court to consider and resolve both motions simultaneously.

Any burden imposed on the Third Parties by a five-day reduction in their response period is substantially outweighed by the prejudice Steward would face if forced to await responses until June 25.  Such a delay would undermine Steward's ability to prepare its case and reward noncompliance.

## III.    CONCLUSION

Allowing the Third Parties the default 14-day period to oppose Steward's Motion to Compel would reward their obstructionist tactics and jeopardize the impending case deadlines. To avoid such an outcome and to preserve the integrity of the Court's discovery schedule, Steward respectfully requests that the Court shorten the Third Parties' time to respond to the Motion to Compel to **June 20, 2025**.

**WHEREFORE**, Steward respectfully requests that the Court enter an order shortening the time to for the third parties to respond to its Motion to Compel to **June 20, 2025**, and granting such other and further relief as the Court deems just and proper.

                STEWARD HEALTH CARE SYSTEM LLC,

                By their Attorneys,

                */s/ Seth J. Robbins*
                Howard M. Cooper (BBO No. 543842)
                Seth J. Robbins (BBO No. 655146)
                Samuel M. Myers (BBO No. 711471)
                TODD & WELD LLP
                One Federal Street, 27th Floor
                Boston, MA 02110
                (617) 720-2626
                hcooper@toddweld.com
                srobbins@toddweld.com
                smyers@toddweld.com

Dated: June 17, 2025

## CERTIFICATE OF SERVICE

    I, Seth J. Robbins, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on June 17, 2025.

                */s/ Seth J. Robbins*
                Seth J. Robbins

## RULE 7.1 CERTIFICATION

    I, Seth J. Robbins, hereby certify, pursuant to Local Rule 7.1(a)(2), that I conferred with Defendants' counsel on June 17, 2025, in a good-faith effort to resolve or narrow the issue raised in this motion, but those efforts have been unsuccessful.

                */s/ Seth J. Robbins*
                Seth J. Robbins