UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Steward Health Care System LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>American Guarantee and Liability Insurance Company and Zurich American Insurance Company,<br><br>        Defendants. | Civil Action No. 1:21-cv-11902 |

**STEWARD HEALTH CARE SYSTEM LLC'S MOTION TO
<u>COMPEL DISCOVERY FROM DEFENDANTS</u>
(L.R. 7.1(d) Oral Argument Requested)**

Plaintiff Steward Health Care System LLC ("Steward") hereby moves, pursuant to pursuant Fed. R. Civ. P. 33 and 34, for this Court to enter an order compelling American Guarantee and Liability Insurance Company ("AGLIC") and Zurich American Insurance Company ("Zurich" and together with AGLIC, the "Defendants") to comply with their most basic discovery obligations to answer interrogatories and produce relevant documents in their possession, custody or control.

As detailed in the accompanying Memorandum of Law, the Defendants have flouted their most fundamental duties under the Rules, including by refusing to provide a single substantive answer to Steward's Interrogatories and unilaterally and without justification narrowing the scope of their document productions.

In further support of the Motion, Steward states:

1. This action, filed in 2021, arises from Defendants' refusal to timely adjust or pay Steward's insurance claim for the catastrophic storm that devastated Norwood Hospital on June 28, 2020.

2. Steward served its first set of interrogatories and document requests on February 10, 2023—prior to a lengthy stay pending certification of a controlling question of law to the Massachusetts Supreme Judicial Court.

3. It was not until March 10, 2025, that the Defendants finally responded to Steward's written discovery.

4. On April 10, 2025, Steward sent Defendants a detailed letter laying out their inadequate discovery responses. The Defendants promised to reply numerous times but did not do so for over two months.

5. Finally, on June 11, 2025, at the direction of Magistrate Judge Kelley, the parties conducted a comprehensive meet-and-confer to resolve outstanding discovery disputes; however, Defendants indicated that they would not provide further answers or relevant documents.

6. With fact discovery set to close on July 10, 2025, on June 12, 2025, Defendants sent an official response letter, two months after Steward's initial deficiency letter, and their own deficiency letter.

7. The parties then conducted an additional meet-and-confer on June 16, 2025, during which no issues Steward identified could be resolved.

8. The discovery Steward seeks directly from parties to action is essential to examining why the Defendants denied Steward's claims and, specifically, whether Defendants and their consultants (i) conducted a reasonable investigation of the June 28, 2020 loss, and (ii) treated Steward's claim differently than similar projects during the relevant period.

WHEREFORE, for these reasons and those set forth in the supporting memorandum of law filed concurrently herewith, Plaintiff respectfully requests that the Court enter an order compelling Zurich and AGLIC to, within **five (5) days**:

(i) Serve complete and substantive answers to Steward's first, second, and third sets of interrogatories to AGLIC and first set of interrogatories to Zurich;

(ii) Produce all responsive documents, without the improper and unilateral limitations and redactions they have thus far imposed; and

(iii) Supplement their written responses to Steward's document requests to comply with Fed. R. Civ. P. 34(b)(2)(C), identifying any materials withheld, the basis for withholding, and the specific requests to which such withholdings pertain.

## REQUEST FOR ORAL ARGUMENT

Pursuant to L.R. 7.1(d), Steward Health Care System LLC respectfully requests an oral argument on the issues presented in this Motion.

STEWARD HEALTH CARE SYSTEM LLC,

By their Attorneys,

*/s/ Seth J. Robbins*
Howard M. Cooper (BBO No. 543842)
Seth J. Robbins (BBO No. 655146)
Samuel M. Myers (BBO No. 711471)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
hcooper@toddweld.com
srobbins@toddweld.com
smyers@toddweld.com

Dated: June 17, 2025

**CERTIFICATE OF SERVICE**

I, Seth J. Robbins, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on June 17, 2025.

*/s/ Seth J. Robbins*
Seth J. Robbins

**RULE 7.1 CERTIFICATION**

I, Seth J. Robbins, hereby certify, pursuant to Local Rule 7.1(a)(2), that I have conferred with Defendants' counsel in a good-faith effort to resolve or narrow the issues raised in this motion, but those efforts have been unsuccessful. Specifically, on May 28, 2025, I conferred with counsel regarding the subject matter of this motion. Despite counsel's assurances, no meaningful updates or resolutions followed. A second Rule 7.1 conference was held on June 11, 2025, during which we again attempted to reach an accord to obviate the Court's intervention, but no agreement or narrowing of the disputed issues was achieved. A third Rule 7.1 conference was held on June 16, 2025, and no resolution could be reached. These efforts are described in further detail in the accompanying Memorandum.

*/s/ Seth J. Robbins*
Seth J. Robbins