# Exhibit D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEWARD HEALTH CARE SYSTEM LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:21-cv-11902 |
| ) | |
| AMERICAN GUARANTEE AND LIABILITY ) | |
| INSURANCE COMPANY and ZURICH ) | |
| AMERICAN INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY'S
OBJECTIONS AND RESPONSES TO STEWARD HEALTH CARE
SYSTEM LLC'S FIRST SET OF INTERROGATORIES**

American Guarantee and Liability Insurance Company ("AGLIC") interposes the

following objections and provides the following responses to Steward Health Care System

LLC's ("Steward") First Set of Interrogatories (the "Interrogatories") served on February 10,

2023.

AGLIC has not completed its investigation in this action. AGLIC has not completed its

trial preparation at this time and discovery is in early stages. Accordingly, all responses below

are based only upon the information and documents that are presently available and specifically

known to AGLIC. The following discovery responses are provided without prejudice to

AGLIC's rights: (a) to supplement the responses with additional documents or information at a

later date; (b) to present evidence of any facts subsequently identified during the course of

discovery; (c) to present any analyses not yet obtained or completed; and (d) to amend or

withdraw any responses accordingly.

AGLIC makes no implied admissions regarding the contents of the following responses.

That AGLIC has responded or objected to an Interrogatory in whole or in part is not an admission that AGLIC admits the existence of any facts stated or assumed by that interrogatory or that such response or objection constitutes evidence admissible against AGLIC.

AGLIC's identification of a document in response to any Interrogatory does not qualify the document as a business record and is not a representation that any identified document is a business record or is in any other way relevant or admissible evidence.

AGLIC expressly reserves all further objections to the discoverability, relevance, authenticity or admissibility of the information and documents referenced herein, as well as the right to object to further discovery concerning the subject matter of these Interrogatories.

AGLIC does not concede the admissibility or relevance of any individual documents that are produced or will be produced in this case. AGLIC does not concede that any documents that it produces or will produce are original, true, accurate, or authentic unless specifically stated as such. AGLIC further reserves the right to challenge the competency, relevancy, materiality, and admissibility of, or to object on any other ground, to the use of any information set forth herein or in the referenced documents in any subsequent proceeding, hearing, deposition or the trial of this or any other action.

## **INTRODUCTORY OBJECTIONS**

**AGLIC makes the following Introductory Objections (hereinafter referred to as "Introductory Objections") to the Interrogatories propounded by Steward. These Introductory Objections are incorporated into each of AGLIC's individual Answers and Responses, where indicated, as if copied therein in extenso.**

**1.      AGLIC objects to the Interrogatories to the extent that the Interrogatories call for information that is irrelevant and not proportional to the needs of the case.**

2.      AGLIC objects to the Interrogatories generally to the extent they seek information that is not proportional to the needs of the case, because the burden or expense of the proposed discovery outweighs the likely benefit of its receipt taking into account the parties' relative access to the information, the amount in controversy, the resources of the parties, the importance of the issues, and the importance of the requested discovery in resolving the issues.

3.      AGLIC objects to the Interrogatories generally to the extent that they call for information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or other applicable privileges.

4.      AGLIC objects to the Interrogatories generally in that they are overly broad because they are not limited in time.

5.      AGLIC reserves the right to update or revise its responses herein as it gains additional information through discovery.

6.      AGLIC objects to the Interrogatories generally to the extent that they are premature because they constitute contention interrogatories, because they call for information that will be the subject of expert disclosures, or because they call for information that will be disclosed at a later date in accordance with the Federal Rules of Civil Procedure or the United States District Court for the District of Massachusetts Local Rules, or an order of this Court.

7.      AGLIC objects to the Interrogatories to the extent they impose discovery requirements beyond those permitted under the Federal Rules of Civil Procedure or any Local Rule of Civil Procedure.

8.      AGLIC objects to the Interrogatories to the extent they seek discovery of

information and/or disclosure of trade secrets or information that is proprietary,

confidential, or commercially sensitive to AGLIC.

9.     AGLIC objects to the Interrogatories to the extent that they seek information

related to other policyholders and claims, which is irrelevant and violative of other

insureds' privacy and confidentiality.

## DEFINITIONS AND INSTRUCTIONS

For the purposes of these Interrogatories, the meaning of all terms shall be in accordance

with their ordinary and accepted English language usage and Local Rule 26.5(c), and in addition:

1.     The term "AGLIC" means American Guarantee and Liability Insurance Company and/or

its affiliates in the Zurich family of companies that engage in insurance or insurance-related

activities, and any employee, officer, director, attorney, agent or representative of the foregoing,

including, without limitation, Zurich American Insurance Company, Mark A. Graves and Brian

Rushlau.

**OBJECTION: AGLIC objects that the phrase "Zurich family of companies" is**

**vague, ambiguous, overly broad, and unduly burdensome. AGLIC objects to this Definition**

**to the extent it seeks to expand AGLIC's discovery obligations beyond information within**

**its custody and control. AGLIC objects to this Definition to the extent it seeks to impose**

**obligations beyond the requirements of the Federal Rules of Civil Procedure and the Local**

**Rules for the U.S. District Court of Massachusetts. AGLIC objects to this Definition to the**

**extent it would seek to encompass information protected by the attorney-client privilege,**

**work product doctrine, or any other privilege. For the purposes of responding to these**

**Interrogatories, AGLIC shall mean American Guarantee and Liability Insurance**

**Company but not any American Guarantee and Liability Insurance Company affiliated or**

**parent company, or any attorneys, agents, representatives or undisclosed consultants**

acting or purporting to act on American Guarantee and Liability Insurance Company's behalf.

2.     The term "Zurich" means Zurich American Insurance Company and/or its affiliates in the Zurich family of companies that engage in insurance or insurance-related activities, and any employee, officer, director, attorney, agent or representative of the foregoing, including, without limitation, AGLIC, Mark A. Graves and Brian Rushlau.

**OBJECTION: AGLIC objects that the phrase "Zurich family of companies" is vague, ambiguous, overly broad, and unduly burdensome. AGLIC objects to this Definition to the extent it seeks to expand AGLIC's discovery obligations beyond information within its custody and control. AGLIC objects to this Definition to the extent it seeks to impose obligations beyond the requirements of the Federal Rules of Civil Procedure and the Local Rules for the U.S. District Court of Massachusetts. AGLIC objects to this Definition to the extent it would seek to encompass information protected by the attorney-client privilege, work product doctrine, or any other privilege. For the purposes of responding to these Interrogatories, Zurich shall mean Zurich American Insurance Company but not any Zurich American Insurance Company subsidiary, affiliated or parent company, or any attorneys, agents, representatives or undisclosed consultants acting or purporting to act on Zurich American Insurance Company's behalf.**

3.     The term "Steward" means Steward Health Care System LLC, and any of its employees, officers, directors, attorneys, agents or representatives, <u>including any of the public adjusters or consultants MPT and/or Steward has engaged in connection with the evaluation of property damage and other losses arising out of the Storm</u>. [Emphasis in original].

**AGLIC objects to the characterization of "loss arising out of the Storm."**

4.      The term "MPT" means Medical Properties Trust, Inc., and any of its employees, officers, directors, attorneys, agents or representatives, <u>including any of the public adjusters or consultants MPT and/or Steward has engaged in connection with the evaluation of property damage and other losses arising out of the Storm</u>. [Emphasis in original].

     **AGLIC objects to the characterization of "loss arising out of the Storm."**

5.      The term "Sedgwick" means Sedgwick, Inc. and/or its affiliates in the Sedgwick Alliance group of companies that provide claims management and loss adjusting services, and any employee, officer, director, attorney, agent or representative of the foregoing, including, without limitation, Clifford W. Hyde, Jr., Larry Embree, Tim Mercer and Amy O'Rorke.

6.      The term "AGLIC's Consultants" means any and all persons or entities engaged by or on behalf of AGLIC in connection with the adjustment of Steward's loss arising out of the Storm, including, without limitation, DBI, JS Held, RCF Salvage, Meridian Consultants, Ericsson, Inc., Thornton Tomasetti, and MDD Forensic Accountants, and any employee, officer, director, attorney, agent or representative of the foregoing.

     **OBJECTION: AGLIC objects to this Definition to the extent it would seek to encompass information protected by the attorney-client privilege, work product doctrine, or any other privilege. AGLIC objects to the characterization of "loss arising out of the Storm."**

7.      The term "Zurich's Consultants" means any and all persons or entities engaged by or on behalf of Zurich in connection with the adjustment of Steward's loss arising out of the Storm, including, without limitation, DBI, JS Held, Katie Twomey, RCF Salvage, Meridian Consultants,

Ericsson, Inc., Thornton Tomasetti, and MDD Forensic Accountants, and any employee, officer, director, attorney, agent or representative of the foregoing.

> **OBJECTION: AGLIC objects to this Definition to the extent it would seek to encompass information protected by the attorney-client privilege, work product doctrine, or any other privilege. AGLIC objects to the characterization of "loss arising out of the Storm."**

8.      The term "McGriff" means McGriff Insurance Services, Inc., and any of its employees, officers, directors, attorneys, agents or representatives, including, without limitation, Ammie Brooks, Dax Burroughs, Nathaniel Woodruff, Catherine Griggs and John Carter.

9.      The term "AGLIC claim file" means the file(s) maintained by or for AGLIC with respect to a given claim for insurance coverage by a person or entity insured by AGLIC, whether in paper, electronic or any other format, including without limitation any correspondence between AGLIC and others concerning the claim (including the underlying event or loss in respect of which the claim was made), AGLIC internal correspondence concerning the claim, documents reflecting the handling and investigation of the claim, and documents that refer to or discuss whether the coverage of one or more AGLIC policies applies to the claim, including documents, communications and other writings that are maintained in electronic databases or other systems.

> **OBJECTION: AGLIC objects to the term "AGLIC claim file" as it does not maintain claim related documents in a "file" in the same sense as that term may be used by other insurers. AGLIC refers to the documents identified in this definition as "Claims Documents."**

10.     The term "Zurich claim file" means the file(s) maintained by or for Zurich with respect to a given claim for insurance coverage by a person or entity insured by Zurich, whether in paper, electronic or any other format, including without limitation any correspondence between Zurich

and others concerning the claim (including the underlying event or loss in respect of which the claim was made), Zurich internal correspondence concerning the claim, documents reflecting the handling and investigation of the claim, and documents that refer to or discuss whether the coverage of one or more Zurich policies applies to the claim, including documents, communications and other writings that are maintained in electronic databases or other systems.

**OBJECTION: AGLIC refers to and incorporates herein Zurich's objection to the term "Zurich claim file," as set forth in Zurich's Objections and Responses to Steward's First Set of Interrogatories.**

11.    The term "Investigation" means any fact-finding effort related to any claims, activity, business, the actual or potential risk-exposure of any person or property, the value of any insured property, or the existence and amount of damage to any insured property, including but not limited to any survey, inspection, testing, research, or analysis of any kind whatsoever.

**OBJECTION: AGLIC objects that this Definition is overly broad to the extent it includes any investigation of any claim, whether or not the claim is by an AGLIC insured and regardless of whether or not the claim is a property claim. Additionally, AGLIC objects that this Definition is overly broad in that it is not limited in time.**

12.    The term "communication" means the transmittal and/or receipt of information (in the form of facts, ideas, inquiries, or otherwise).

13.    The term "concerning" means referring to, describing, evidencing, involving, regarding or constituting.

14.    The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a).  A draft or non-identical copy is a separate document within the meaning of the term "document."

**OBJECTION: AGLIC objects to the Definition of "document" as overly broad and unduly burdensome to the extent it seeks data that is not reasonably accessible or stored in the regular course of business, including, but not limited to, deleted or fragmented data; disaster recover media (i.e. backup tapes); random access memory (RAM), temporary files, or other ephemeral data; online access data (i.e., temporary internet files, history, cache, cookies); data in metadata fields that are frequently updated automatically; voice messages; instant messages; messages sent to or from mobile devices (i.e., text messages) or through collaborative applications (i.e., Teams, Skype); server, system or network logs; and data remaining from legacy systems no longer in use.**

15.     "Identify" and "identity," when used in reference to a natural person, mean to state the person's full name and present or last-known residence and employment address, his present or last-known title or position and business affiliation and present business telephone number. "Identify" and "identity," when used in reference to a person other than a natural person, such as a corporation, means to state its proper name or designation, and the address of its principal office. "Identify" and "identity," when used in reference to documents, means to state the type of document, general subject matter, date of the document, and the author(s), addressee(s), and recipient(s).

16.     The terms "and" and "or" shall mean and/or.

17.     The term "Policy" means policy number ZMD1393138-00, issued by AGLIC to Steward for the Policy Period November 1, 2019 to November 1, 2020.

18.     The term "Norwood Hospital" means the buildings comprising the hospital facility at 800 Washington Street in Norwood, Massachusetts.

19.     The term "Storm" means the severe thunderstorms that passed through Norwood, Massachusetts on June 28, 2020, causing damage to the Norwood Hospital.

**OBJECTION: AGLIC objects to the definition of "Storm" to the extent that it indicates or suggests that the Flood sublimit in the Policy is not applicable to the loss.**

20.     If AGLIC objects to any Interrogatory, AGLIC shall set forth the specifics of the objection and how that objection relates to the information being demanded.

**OBJECTION: AGLIC objects to the extent this Instruction seeks to impose obligations beyond the requirements of the Federal Rules of Civil Procedure and the Local Rules for the U.S. District Court of Massachusetts.**

21.     If any information requested is withheld for any reason, please identify such information or its subject matter and state the facts constituting the nature and basis for any refusal to answer.

**OBJECTION: AGLIC objects to the extent this Instruction seeks to impose obligations beyond the requirements of the Federal Rules of Civil Procedure and the Local Rules for the U.S. District Court of Massachusetts.**

## INTERROGATORIES

1.     Please identify yourself, state upon what authority you are answering these Interrogatories, and on whose behalf you are responding.

**OBJECTION: AGLIC incorporates the Introductory Objections and objections to the Definitions and Instructions, as set forth above. AGLIC objects that the Interrogatory on the basis that it is vague and unclear in that it is unclear what "yourself" it is referring to. AGLIC objects to the Interrogatory to the extent it seeks disclosure of information protected by the attorney-client or attorney work product doctrines.**

**RESPONSE: Subject to and without waiving these objections, American Guarantee and Liability Insurance Company is responding to these Interrogatories on behalf of itself. To the extent this Interrogatory seeks information regarding which AGLIC employee is verifying these Interrogatories, please see the verification page below.**

2.      Identify all persons involved in the underwriting of the Policy, or who may have
knowledge regarding the underwriting of the Policy, and describe in detail the role, if any, each
such person played in the underwriting of the Policy.

**OBJECTION: AGLIC incorporates the Introductory Objections and objections to
the Definitions and Instructions, as set forth above. AGLIC objects that the information
sought is not relevant or proportional to any claim or defense in the instant action and is
overly broad with respect to the phrase "all persons involved." Regardless of the
underwriting process, the language of the Policy is unambiguous on its face.**

**RESPONSE: Subject to and without waiving these objections, AGLIC, subject to
and in accordance with its Objections and Responses to Steward Health's First Request for
Production of Documents, is producing documents, including certain underwriting
materials, from which, as provided for in Federal Rule of Civil Procedure 33(d), Steward
may determine the information sought by this Request for Production.**

3.      Describe every insurance relationship at any time before November 1, 2019 between
Steward and AGLIC involving property insurance coverage, including but not limited to the
identity of all account representatives, underwriting personnel, and claims representatives with
knowledge of such relationship(s).

**OBJECTION: AGLIC incorporates the Introductory Objections and objections to
the Definitions and Instructions, as set forth above. AGLIC objects that the phrase
"insurance relationship" is vague and ambiguous. AGLIC objects that the information
sought is not relevant or proportional to any claim or defense in the instant action. This
claim arises from a Flood and water intrusion event covered by a specific insurance policy.
The issuance of unrelated property insurance policies to Steward for other periods of time
or properties has no bearing on the question of coverage as to this single incident. AGLIC**

**further objects that the information sought is overly burdensome to the extent it seeks**

**information that is within the possession, custody, or control of Steward, which would also**

**be familiar with prior policies issued to it by AGLIC. AGLIC further objects to this**

**Interrogatory to the extent it seeks discovery of information and/or disclosure of trade**

**secrets or information that is proprietary, confidential, or commercially sensitive to**

**AGLIC.**

4.      Describe in complete detail every Investigation conducted and all information sought or

obtained by or on behalf of AGLIC when it decided to issue the Policy (or any predecessor

policy), including in your answer every Investigation concerning the Norwood Hospital,

specifically.

**OBJECTION: AGLIC incorporates the Introductory Objections and objections to**

**the Definitions and Instructions, as set forth above. AGLIC objects to this Interrogatory,**

**including the use of the phrase "complete detail," in that it is vague, ambiguous, overly**

**broad, and lacks particularity. AGLIC further objects that the information sought is not**

**relevant or proportional to any claim or defense in the instant action. Regardless of the**

**underwriting process, the language of the Policy is unambiguous on its face. AGLIC**

**further objects to this Interrogatory to the extent that it seeks information protected by**

**attorney-client privilege, the work product doctrine, and/or other applicable privileges.**

**AGLIC further objects to this Interrogatory to the extent it seeks discovery of information**

**and/or disclosure of trade secrets or information that is proprietary, confidential, or**

**commercially sensitive to AGLIC. AGLIC further objects to this Interrogatory to the**

**extent that it seeks information or requires investigation not proportional to the burden or**

**expense of the proposed discovery because the issue at stake in this action is what portion**

**of Steward's claim is covered.**

**RESPONSE: Subject to and without waiving these objections, AGLIC, subject to and in accordance with its Objections and Responses to Steward Health's First Request for Production of Documents, is producing documents, including certain underwriting materials, from which, as provided for in Federal Rule of Civil Procedure 33(d), Steward may determine the information sought by this Request for Production.**

5.      Do any present or former AGLIC personnel have knowledge with respect to the derivation of the wording of Sections 4.03.01.01, 5.03.03 or 6.23 of the Policy?  If your answer is anything other than an unqualified "no," please identify the present or former AGLIC personnel who have such knowledge, describe the nature of such person's knowledge and state how such knowledge was obtained.

**OBJECTION: AGLIC incorporates the Introductory Objections and objections to the Definitions and Instructions, as set forth above. AGLIC objects that the information sought is not relevant or proportional to any claim or defense in the instant action. The language of the Policy is unambiguous on its face. . AGLIC further objects that the phrase "derivation of the wording" is vague, ambiguous, overly broad and unduly burdensome. AGLIC further objects that this Interrogatory is overly broad and unduly burdensome as it would appear to require AGLIC to interview every present and former employee of AGLIC. AGLIC further objects to this Interrogatory to the extent it seeks discovery of information and/or disclosure of trade secrets or information that is proprietary, confidential, or commercially sensitive to AGLIC and/or its employees, clients and/or customers. AGLIC further objects to this Interrogatory to the extent that it seeks information or requires investigation not proportional to the burden or expense of the proposed discovery since the issue at stake in this action is what portion of Steward's claim is covered. AGLIC further objects to this Interrogatory on the grounds that it seeks to**

obtain proprietary and confidential information belonging to third parties—including, but not limited to, other policyholders that cannot be produced without consent—and seeks documents protected by the attorney-client privilege, the work product doctrine, or any otherwise applicable privilege, doctrine, exemption, or immunity.

6.      Please set forth in full and complete detail all facts which support AGLIC's "determin[ation] [that] the Period of Liability for Steward's claimed business income loss – including when the Norwood Hospital could have been repaired with due diligence and dispatch and made ready for operations under the same conditions that existed prior to the Flood ends July 15, 2022" as claimed in Mr. Graves' Letter to Steward dated December 23, 2022.

**OBJECTION: AGLIC incorporates the Introductory Objections and objections to the Definitions and Instructions, as set forth above. AGLIC objects to this Interrogatory, including the use of the phrase "complete detail," in that it is vague, ambiguous, and lacks particularity. AGLIC further objects to this Interrogatory as being overly broad and unduly burdensome to the extent that it seeks "all facts" supporting AGLIC's determination of the Period of Liability. AGLIC further objects to this Interrogatory to the extent it seeks information that will necessarily be the subject of expert review and disclosure. AGLIC will provide such information in accordance with the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Massachusetts, and the Court's Orders.**

**RESPONSE: Subject to and without waiving these objections, American Guarantee and Liability Insurance Company, subject to and in accordance with its Objections and Responses to Steward Health's First Request for Production of Documents, is producing documents, including (a) certain claim documents; and (b) emails from certain custodians,**

from which, as provided for in Federal Rule of Civil Procedure 33(d), Steward may determine the information sought by this Request for Production.

Responding further, AGLIC and Zurich adjusted the claims of both Steward and MPT arising out of the water loss at Norwood Hospital concurrently and jointly. They retained and relied upon qualified professionals to assist in determining the Period of Liability. Zurich obtained a scope of work from DBI Construction outlining the repair required to restore the buildings damaged by the water intrusion developed with input from multiple engineering and trade-specific construction professionals. Shawmut Design and Construction ("Shawmut") prepared a construction schedule outlining the repairs needed to address the water damage, concluding that construction could be completed by May 13, 2022. AGLIC retained Katie Twomey, Executive Managing Director at J. S. Held, to review Shawmut's scheduling assumptions.

The Period of Liability runs from June 28, 2020 (the date of loss) to July 15, 2022, a total of 747 calendar days. AGLIC has since paid Steward over $91 million for its Gross Earnings loss during this period.

7.     Identify all persons who have participated in AGLIC's Investigation, analysis of and/or response to Steward's requests for coverage under the Policy for losses Steward claims to have incurred because of the Storm, and describe in detail the role each such person played on AGLIC's behalf, the actions taken and the communications made by or on behalf of AGLIC as a result of Steward's notification to AGLIC of the Storm, including without limitation any Investigation conducted or the procedures followed to determine whether to provide coverage for any of Steward's claimed losses.

**OBJECTION: AGLIC incorporates the Introductory Objections and objections to the Definitions and Instructions, as set forth above. AGLIC objects to the instant Interrogatory as being overly broad and unduly burdensome to the extent that it seeks a narrative play-by-play of a multi-year adjustment process including a recitation of every communication. AGLIC further objects to the extent this Interrogatory seeks information covered by the attorney-client privilege or attorney work product doctrine. AGLIC further objects that the instant interrogatory is a compound interrogatory of at least two separate interrogatories combined to bypass the limit on total number of interrogatories.**

**RESPONSE: Subject to and without waiving these objections, AGLIC, subject to and in accordance with its Objections and Responses to Steward Health's First Request for Production of Documents, is producing documents including (a) certain claim documents; and (b) emails from certain custodians, from which, as provided for in Federal Rule of Civil Procedure 33(d), Steward may determine the information sought by this Request for Production.**

8.     State in complete detail AGLIC's position regarding (a) the nature and extent of the damage to Steward's personal property and equipment located at the Norwood Hospital that was sustained because of the Storm, (b) the scope of work (including its cost) required to repair, rebuild or replace such damaged property, and (c) the total amount of Steward's claimed losses that are recoverable under the Policy.

**OBJECTION: AGLIC incorporates the Introductory Objections and objections to the Definitions and Instructions, as set forth above. AGLIC objects that the instant Interrogatory is premature in that it seeks information that will necessarily be the subject of expert review and disclosure. AGLIC will provide such information in accordance with the Federal Rules of Civil Procedure, the Local Rules for the United States District Court**

for the District of Massachusetts, and the Court's Orders. AGLIC further objects to this Interrogatory to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, and/or other applicable privileges. AGLIC further objects to this Interrogatory to the extent it seeks to shift Steward's burden of establishing damages to AGLIC. AGLIC further objects that the instant interrogatory is a compound interrogatory of at least two separate interrogatories combined to bypass the limit on total number of interrogatories.

RESPONSE: Subject to and without waiving these objections, AGLIC, subject to and in accordance with its Objections and Responses to Steward Health's First Request for Production of Documents, is producing documents including (a) certain claim documents; and (b) emails from certain custodians, from which, as provided for in Federal Rule of Civil Procedure 33(d), Steward may determine the information sought by this Request for Production.

Responding further, AGLIC paid Steward approximately $5.05 million, gross, as the actual cash value of business personal property located at Norwood Hospital and damaged by the loss at issue.

9.      State in complete detail the amount of time AGLIC contends it should have taken for Norwood Hospital to reopen.  Please include in your response each activity which should have been undertaken to reopen the Norwood Hospital, the date each activity should have commenced and the date each activity should have concluded.  Please identify the person or entity who supplied you with information concerning the activity and the amount of time which AGLIC claims the activity should have taken.

OBJECTION: AGLIC incorporates the Introductory Objections and objections to the Definitions and Instructions, as set forth above. AGLIC objects that the instant

- 17 -

Interrogatory is premature in that it seeks information that will necessarily be the subject of expert review and disclosure. AGLIC will provide such information in accordance with the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Massachusetts, and the Court's Orders. AGLIC further objects to this Interrogatory to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, and/or other applicable privileges. AGLIC further objects to this Interrogatory to the extent it seeks to shift Steward's burden of establishing damages to AGLIC.

RESPONSE: Subject to and without waiving these objections, AGLIC refers Steward to AGLIC's Objection and Response to Interrogatory No. 6, above.

10.    State in complete detail all state, federal and local permits or approvals which are required to reopen the Norwood Hospital.  For each state, federal and local permit or approval required to reopen the Norwood Hospital, please set forth in full and complete detail any pre-requisites which must be achieved before applying for or otherwise seeking said permit or approval and the total length of time you contend it would take to obtain and procure the particular permit or approval.  For each particular permit or approval, set forth in full and complete detail the person or entity who provided you with the information necessary to supply your response.

OBJECTION: AGLIC incorporates the Introductory Objections and objections to the Definitions and Instructions, as set forth above. AGLIC objects that the instant Interrogatory is premature in that it seeks information that will necessarily be the subject of expert review and disclosure. AGLIC will provide such information in accordance with the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Massachusetts, and the Court's Orders. AGLIC further objects to this

Interrogatory to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, and/or other applicable privileges. AGLIC further objects to this Interrogatory to the extent it seeks to shift Steward's burden of establishing damages to AGLIC. AGLIC further objects that the instant interrogatory is a compound interrogatory of at least three separate interrogatories combined to bypass the limit on total number of interrogatories.

11.    For each piece of equipment or personal property for which AGLIC has failed to tender payment to Steward in the amount sought by Steward through its Proof of Loss, please identify the particular piece of equipment and identify whether AGLIC contends that as a result of the Storm the particular piece of equipment or personal property is suitable for use in a hospital setting.

OBJECTION: AGLIC incorporates the Introductory Objections and objections to the Definitions and Instructions, as set forth above. AGLIC objects that the information sought by this Interrogatory is not relevant or proportional to any claim or defense in the instant action because the Policy provides coverage for direct physical loss of or damage caused by a Covered Cause of Loss to Covered Property.  AGLIC further objects to this Interrogatory as it is based on a false premise; AGLIC did not "fail[] to tender" payment for any business personal property. AGLIC further objects to this Interrogatory as overly broad and unduly burdensome, as it seeks to require AGLIC to identify the specific equipment and personal property for which Steward is requesting information.

RESPONSE: Subject to and without waiving these objections, AGLIC, subject to and in accordance with its Objections and Responses to Steward Health's First Request for Production of Documents, is producing documents including (a) certain claim documents; and (b) emails from certain custodians, from which, as provided for in Federal Rule of

Civil Procedure 33(d), Steward may determine the information sought by this Request for Production.

12.     For each piece of equipment or personal property identified in Answer to Interrogatory No. 11, please set forth in full and complete detail all facts which support AGLIC's decision to not tender full payment to Steward as requested and please set forth each provision of the Policy which entitled AGLIC to refuse or deny payment.

**OBJECTION: AGLIC incorporates the Introductory Objections and objections to the Definitions and Instructions, as set forth above. AGLIC objects that the information sought by this Interrogatory is not relevant or proportional to any claim or defense in the instant action because the Policy provides coverage for direct physical loss of or damage caused by a Covered Cause of Loss to Covered Property. AGLIC objects to the extent this Interrogatory purports to seek an identification of particular portions of the Policy, which speaks for itself and must be read as a whole. AGLIC further objects to this Interrogatory as it is based on a false premise; AGLIC did not fail to tender "full payment" for any Steward business personal property. AGLIC further objects to this Interrogatory as overly broad and unduly burdensome, as it seeks to require AGLIC to identify the specific equipment and personal property for which Steward is requesting information.**

**RESPONSE: Subject to and without waiving these objections, AGLIC, subject to and in accordance with its Objections and Responses to Steward Health's First Request for Production of Documents, is producing documents including (a) certain claim documents; and (b) emails from certain custodians, from which, as provided for in Federal Rule of Civil Procedure 33(d), Steward may determine the information sought by this Request for Production.**

Responding further, the Policy (subject to all Policy terms, limits, conditions, and exclusions, without limitation) insures direct physical loss of or damage to property as provided in Section 1.01 (Insuring Agreement) and identifies certain valuation provisions applicable to Steward's business personal property claim in Section 6.22 ("Valuation").

13.     Please set forth in full and complete details all ways in which you claim that Steward failed to cooperate with AGLIC in connection with the investigation or settlement of the Claim as required by the Policy, including but not limited to Paragraph 6.13.01.09.

**OBJECTION: AGLIC incorporates the Introductory Objections and objections to the Definitions and Instructions, as set forth above. AGLIC objects to this Interrogatory, including the use of the phrase "full and complete details," in that it is vague, ambiguous, and lacks particularity. AGLIC further objects to this Interrogatory as being overly broad and unduly burdensome to the extent that it seeks "all ways" concerning Steward's failure to cooperate with AGLIC. AGLIC further objects to this Interrogatory to the extent it seeks information that will necessarily be the subject of expert review and disclosure. AGLIC will provide such information in accordance with the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Massachusetts, and the Court's Orders.**

**RESPONSE: American Guarantee and Liability Insurance Company, subject to and in accordance with its Objections and Responses to Steward Health's First Request for Production of Documents, is producing documents including (a) certain claim documents; and (b) emails from certain custodians, from which, as provided for in Federal Rule of Civil Procedure 33(d), Steward may determine the information sought by this Request for Production.**

**Responding further: Subject to and without waiving these objections, AGLIC responds by stating that Steward failed to cooperate in AGLIC and Zurich's investigation and settlement of the claim in several ways, including, but not limited to, the following examples:**

A. **Steward failed to timely return Norwood Hospital into service.**

B. **Steward provided incomplete information in connection with its claimed average monthly business interruption loss.**

C. **Steward claimed that all business personal property inside the hospital was a total loss, despite lacking a basis for that claim under the Policy.**

D. **Steward failed to ensure completion of repairs to the building that were funded by insurance and that would have prevented further damage.**

E. **Steward failed to support many of its claim items.  As examples, without limitation:**

   a. **The Consigli "repair estimate" submitted by MPT but relied upon by Steward did not demonstrate the necessity for the scope of work that it purports to estimate, and provides no detailed breakdown for the claimed costs beyond a general "per square foot" estimate. .**

   b. **The claim for asserted "Building" loss remains entirely unsupported by Steward, rendering it impossible to evaluate properly.**

   c. **Support was not provided beyond top-level totals for the Extra Expense claim, rendering it impossible to evaluate properly.**

14.     For each of the affirmative defenses set forth in AGLIC's Answer to Steward's Complaint (a) state the factual basis for the affirmative defense, and (b) identify all persons with knowledge of the facts underlying such affirmative defense(s), specifying the facts and affirmative defenses of which each named individual has knowledge.

**OBJECTION: AGLIC incorporates the Introductory Objections and objections to the Definitions and Instructions, as set forth above. AGLIC objects that the instant Interrogatory is a premature contention interrogatory. AGLIC further objects that the instant Interrogatory is premature in that it seeks information that will necessarily be the subject of expert review and disclosure. AGLIC will provide such information in accordance with the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Massachusetts, and the Court's Orders. AGLIC further objects to the extent this Interrogatory seeks information subject to the attorney-client privilege and/or attorney work product doctrine. AGLIC further objects that the instant interrogatory is a compound interrogatory of at least three separate interrogatories combined to bypass the limit on total number of interrogatories.**

Dated: March 10, 2025                         AS TO OBJECTIONS:

                                              AMERICAN GUARANTEE AND
                                              LIABILITY INSURANCE COMPANY

                                              By Its Attorneys,


                                              _/s/ Jonathan D. Mutch_____
                                              Jonathan D. Mutch, Esq. (BBO No. 634543)
                                              Timothy Wenger (BBO No. 674087)
                                              ROBINS KAPLAN LLP
                                              800 Boylston Street, 25th Floor
                                              Boston, MA 02199
                                              Tel: (617) 267-2300
                                              Email: JMutch@RobinsKaplan.com
                                                     TWenger@RobinsKaplan.com


                                              **_Attorneys for Defendant American_**
                                              **_Guarantee and Liability Insurance Company_**




                    <u>**CERTIFICATE OF SERVICE**</u>

        I, Jonathan D. Mutch, certify that on this date, the foregoing American Guarantee and

Liability Company's Objections and Responses to Steward Health Care System LLC's First Set

of Interrogatories were served via email upon counsel of record.


    Dated: March 10, 2025                    _/s/ Jonathan D. Mutch_____

## <u>VERIFICATION</u>

I, Mark Graves, being first duly sworn, do hereby affirm that the foregoing Responses to Steward's First Set of Interrogatories are true and correct to the best of my knowledge and belief.

**Mark A. Graves**

By: _Mark A. Graves_

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STEWARD HEALTH CARE SYSTEM LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-11902 |
| | ) | |
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY'S OBJECTIONS AND RESPONSES TO STEWARD HEALTH CARE SYSTEM LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

American Guarantee and Liability Insurance Company's ("AGLIC") interposes the following objections and provides the following responses to Steward Health Care System LLC's ("Steward") First Request for Production of Documents (the "Requests").

AGLIC has not completed its investigation in this action. AGLIC has not completed its trial preparation at this time, and discovery has just commenced. Accordingly, all responses below are based only upon the information and documents that are presently available and specifically known to AGLIC. The following discovery responses are provided without prejudice to AGLIC's rights: (a) to supplement the responses with additional documents or information at a later date; (b) to present evidence of any facts subsequently identified during the course of discovery; (c) to present any analyses not yet obtained or completed; and (d) to amend or withdraw any responses accordingly. AGLIC makes no implied admissions regarding the contents of the following responses. That AGLIC has responded or objected to a Request in whole or in part should not be taken as an admission that AGLIC admits the existence of any

facts stated or assumed by that Request or that such response or objection constitutes evidence admissible against AGLIC.

AGLIC's identification of a document in response to any Request does not qualify the document as a business record and is not a representation that any identified document is a business record or is in any other way relevant or admissible evidence. AGLIC expressly reserves all further objections to the discoverability, relevance, authenticity or admissibility of the information and documents referenced herein, as well as the right to object to further discovery concerning the subject matter of these Requests.

AGLIC does not concede the admissibility or relevance of any individual documents that are produced or will be produced in this case. AGLIC does not concede that any documents that it produces or will produce are original, true, accurate, or authentic unless specifically stated as such. AGLIC further reserves the right to challenge the competency, relevancy, materiality, and admissibility of, or to object on any other ground, to the use of any information set forth herein or in the referenced documents in any subsequent proceeding, hearing, deposition or the trial of this or any other action.

## <u>INTRODUCTORY OBJECTIONS</u>

**AGLIC makes the following Introductory Objections to the Requests. These Introductory Objections are incorporated into each of AGLIC's responses, where indicated, as if copied therein in extenso.**

**1.     AGLIC objects to the Requests to the extent they call for information that is irrelevant or not proportional to the needs of the case.**

**2.     AGLIC objects to the Requests to the extent they seek information that is not proportional to the needs of the case, because the burden or expense of the proposed discovery outweighs the likely benefit of its receipt taking into account the parties' relative**

access to the information, the amount in controversy, the resources of the parties, the importance of the issues, and the importance of the requested discovery in resolving the issues.

3.　　AGLIC objects to the Requests to the extent that they call for information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege.

4.　　AGLIC objects to the Requests as overly broad because they are not limited in time.

5.　　AGLIC reserves the right to update or revise its objections and responses herein as it gains additional information through discovery.

6.　　AGLIC objects to the Requests to the extent that they are premature because they call for information that will be the subject of expert disclosures or disclosed at a later date in accordance with the Federal Rules of Civil Procedure, the Local Rules for the U.S. District Court of Massachusetts, or an Order by this Court.

7.　　AGLIC objects to the Requests to the extent they impose discovery requirements beyond those permitted under the Federal Rules of Civil Procedure or any Local Rule of Civil Procedure.

8.　　AGLIC objects to the Requests to the extent they seek discovery of information and/or disclosure of trade secrets or information that is proprietary, confidential, or commercially sensitive to AGLIC and/or its employees, clients and/or customers.

9.　　AGLIC objects to the Requests to the extent that they seek information related to other policyholders and claims, which is irrelevant and violative of other insureds' privacy and confidentiality.

## DEFINITIONS AND INSTRUCTIONS

For the purposes of these Requests, the meaning of all terms shall be in accordance with their ordinary and accepted English language usage and Local Rule 26.5(c), and in addition:

1.      The term "AGLIC" means American Guarantee and Liability Insurance Company and/or its affiliates in the Zurich family of companies that engage in insurance or insurance-related activities, and any employee, officer, director, attorney, agent or representative of the foregoing, including, without limitation, Zurich American Insurance Company, Mark A. Graves and Brian Rushlau.

**OBJECTION: AGLIC objects that the phrase "Zurich family of companies" is vague, ambiguous, overly broad, and unduly burdensome. AGLIC objects to this Definition to the extent it seeks to expand AGLIC's discovery obligations beyond information within its custody and control. AGLIC objects to this Definition to the extent it seeks to impose obligations beyond the requirements of the Federal Rules of Civil Procedure and the Local Rules for the U.S. District Court of Massachusetts. AGLIC objects to this Definition to the extent it would seek to encompass documents protected by the attorney-client privilege, work product doctrine, or any other privilege. For the purposes of responding to these Requests, AGLIC shall mean American Guarantee and Liability Insurance Company but not any American Guarantee and Liability Insurance Company subsidiary, affiliated or parent company (including Zurich American Insurance Company), or any attorneys, agents, representatives or undisclosed consultants acting or purporting to act on American Guarantee and Liability Insurance Company's behalf.**

2.      The term "Zurich" means Zurich American Insurance Company and/or its affiliates in the Zurich family of companies that engage in insurance or insurance-related activities, and any

- 4 -

employee, officer, director, attorney, agent or representative of the foregoing, including, without limitation, AGLIC, Mark A. Graves and Brian Rushlau.

**OBJECTION: AGLIC objects that the phrase "Zurich family of companies" is vague, ambiguous, overly broad, and unduly burdensome. AGLIC objects to this Definition to the extent it seeks to expand AGLIC's discovery obligations beyond information within its custody and control. AGLIC objects to this Definition to the extent it seeks to impose obligations beyond the requirements of the Federal Rules of Civil Procedure and the Local Rules for the U.S. District Court of Massachusetts. AGLIC objects to this Definition to the extent it would seek to encompass documents protected by the attorney-client privilege, work product doctrine, or any other privilege. For the purposes of responding to these Requests, "Zurich" shall mean Zurich American Insurance Company but not any Zurich American Insurance Company subsidiary (including AGLIC), affiliated or parent company, or any attorneys, agents, representatives or undisclosed consultants acting or purporting to act on Zurich's behalf.**

3. The term "Steward" means Steward Health Care System LLC, and any of its employees, officers, directors, attorneys, agents or representatives, <u>including any of the public adjusters or consultants MPT and/or Steward has engaged in connection with the evaluation of property damage and other losses arising out of the Storm</u>. [Emphasis in original].

4. The term "MPT" means Medical Properties Trust, Inc., and any of its employees, officers, directors, attorneys, agents or representatives, <u>including any of the public adjusters or consultants MPT and/or Steward has engaged in connection with the evaluation of property damage and other losses arising out of the Storm</u>. [Emphasis in original].

5. The term "Sedgwick" means Sedgwick, Inc. and/or its affiliates in the Sedgwick Alliance group of companies that provide claims management and loss adjusting services, and any

employee, officer, director, attorney, agent or representative of the foregoing, including, without limitation, Clifford W. Hyde, Jr., Larry Embree, Tim Mercer and Amy O'Rorke.

6.      The term "AGLIC's Consultants" means any and all persons or entities engaged by or on behalf of AGLIC in connection with the adjustment of Steward's loss arising out of the Storm, including, without limitation, DBI, JS Held, RCF Salvage, Meridian Consultants, Ericsson, Inc., Thornton Tomasetti, and MDD Forensic Accountants, and any employee, officer, director, attorney, agent or representative of the foregoing.

**OBJECTION: AGLIC objects to this Definition to the extent it would seek to encompass documents protected by the attorney-client privilege, work product doctrine, or any other privilege.**

7.      The term "Zurich's Consultants" means any and all persons or entities engaged by or on behalf of Zurich in connection with the adjustment of Steward's loss arising out of the Storm, including, without limitation, DBI, JS Held, Katie Twomey, RCF Salvage, Meridian Consultants, Ericsson, Inc., Thornton Tomasetti, and MDD Forensic Accountants, and any employee, officer, director, attorney, agent or representative of the foregoing.

**OBJECTION: AGLIC objects to this Definition to the extent it would seek to encompass documents protected by the attorney-client privilege, work product doctrine, or any other privilege.**

8.      The term "McGriff" means McGriff Insurance Services, Inc., and any of its employees, officers, directors, attorneys, agents or representatives, including, without limitation, Ammie Brooks, Dax Burroughs, Nathaniel Woodruff, Catherine Griggs and John Carter.

9.      The term "AGLIC claim file" means the file(s) maintained by or for AGLIC with respect to a given claim for insurance coverage by a person or entity insured by AGLIC, whether in paper, electronic or any other format, including without limitation any correspondence between

AGLIC and others concerning the claim (including the underlying event or loss in respect of which the claim was made), AGLIC internal correspondence concerning the claim, documents reflecting the handling and investigation of the claim, and documents that refer to or discuss whether the coverage of one or more AGLIC policies applies to the claim, including documents, communications and other writings that are maintained in electronic databases or other systems.

**OBJECTION: AGLIC objects to the term "AGLIC claim file" as it does not maintain claim related documents in a "file" in the same sense as that term may be used by other insurers. AGLIC refers to the documents identified in this definition as "Claims Documents."**

10.    The term "Zurich claim file" means the file(s) maintained by or for Zurich with respect to a given claim for insurance coverage by a person or entity insured by Zurich, whether in paper, electronic or any other format, including without limitation any correspondence between Zurich and others concerning the claim (including the underlying event or loss in respect of which the claim was made), Zurich internal correspondence concerning the claim, documents reflecting the handling and investigation of the claim, and documents that refer to or discuss whether the coverage of one or more Zurich policies applies to the claim, including documents, communications and other writings that are maintained in electronic databases or other systems.

**OBJECTION: AGLIC objects to the term "Zurich claim file" because Steward's claim is made under the Policy, which was issued to Steward by AGLIC, not Zurich. AGLIC responds to these Requests to Produce on its own behalf, and not on behalf of Zurich. AGLIC refers Steward to Zurich's objection to the term "Zurich claim file" as set forth in Zurich's Objections and Responses to Steward's First Request for Production of Documents directed to Zurich American Insurance Company.**

11.     The term "Investigation" means any fact-finding effort related to any claims, activity, business, the actual or potential risk-exposure of any person or property, the value of any insured property, or the existence and amount of damage to any insured property, including but not limited to any survey, inspection, testing, research, or analysis of any kind whatsoever.

**OBJECTION: AGLIC objects that this Definition is overly broad to the extent it includes any investigation of any claim, whether or not the claim is by an AGLIC insured and regardless of whether or not the claim is a property claim. Additionally, AGLIC objects that this Definition is overly broad in that it is not limited in time.**

12.     The term "communication" means the transmittal and/or receipt of information (in the form of facts, ideas, inquiries, or otherwise).

13.     The term "concerning" means referring to, describing, evidencing, involving, regarding or constituting.

14.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of the term "document."

**OBJECTION: AGLIC objects to the Definition of "document" as overly broad and unduly burdensome to the extent it seeks data that is not reasonably accessible or stored in the regular course of business, including, but not limited to, deleted or fragmented data; disaster recover media (i.e. backup tapes); random access memory (RAM), temporary files, or other ephemeral data; online access data (i.e., temporary internet files, history, cache, cookies); data in metadata fields that are frequently updated automatically; voice messages; instant messages; messages sent to or from mobile devices (i.e., text messages) or through collaborative applications (i.e., Teams, Skype); server, system or network logs; and data remaining from legacy systems no longer in use.**

15.     "Identify" and "identity," when used in reference to a natural person, mean to state the person's full name and present or last-known residence and employment address, his present or last-known title or position and business affiliation and present business telephone number. "Identify" and "identity," when used in reference to a person other than a natural person, such as a corporation, means to state its proper name or designation, and the address of its principal office. "Identify" and "identity," when used in reference to documents, means to state the type of document, general subject matter, date of the document, and the author(s), addressee(s), and recipient(s).

16.     The terms "and" and "or" shall mean and/or.

17.     The term "Policy" means policy number ZMD1393138-00, issued by AGLIC to Steward for the Policy Period November 1, 2019 to November 1, 2020.

18.     The term "Norwood Hospital" means the buildings comprising the hospital facility at 800 Washington Street in Norwood, Massachusetts.

**OBJECTION: AGLIC objects to the Definition of "Norwood Hospital" as vague; AGLIC interprets this term to refer to the buildings comprising the hospital facility at 800 Washington Street in Norwood, Massachusetts at the time of the loss.**

19.     The term "Storm" means the severe thunderstorms that passed through Norwood, Massachusetts on June 28, 2020, causing damage to the Norwood Hospital.

**OBJECTION: AGLIC objects to the definition of "Storm" to the extent that it indicates or suggests that the Flood sublimit in the Policy is not applicable to the loss.**

20.     AGLIC shall produce all responsive, non-privileged documents that are in its possession, custody, or control.

**OBJECTION: AGLIC objects to this Instruction to the extent that it seeks production of documents outside of the scope of those requested. AGLIC objects to the Instructions and**

Definitions to the extent that they seek to impose protocols for the format of any productions and/or responses to the Requests that are inconsistent with or impose obligations beyond those agreed to in a Confidentiality and Protective Order and ESI Protocol.

21.    In accordance with the provisions of Fed. R. Civ. P. 34(b)(2)(E), documents and electronically stored information responsive to these Requests for production shall be:

      a.    produced as they are kept in the usual course of business; or

      b.    organized and labeled to correspond with the categories set forth in these requests for production.

**OBJECTION: AGLIC objects to this Instruction. AGLIC will produce electronic documents in accordance with Confidentiality and Protective Order, and ESI Protocol entered by the Court in this matter. AGLIC further objects to the extent this Instruction seeks to impose obligations beyond the requirements of the Federal Rules of Civil Procedure and the Local Rules for the U.S. District Court of Massachusetts.**

22.    Electronically stored information that is responsive to these Requests shall be produced in its native format.

**OBJECTION: AGLIC objects to this Instruction as unduly burdensome. Native production of large volumes of documents precludes techniques for organization and identification of large-scale productions common in complex litigation – for example, the application of Bates numbers. Additionally, the Parties have reached agreement on a production format that preserves and makes available document metadata as would be realized from native production without foregoing Bates numbers or other organizational tools. AGLIC will produce electronic documents in accordance with the Confidentiality and Protective Order, and ESI Protocol entered by the Court in this matter.**

- 10 -

23.     If AGLIC objects to any Request, AGLIC shall set forth the specifics of the objection and how that objection relates to the documents being demanded. Generic, non-specific objections violate the Federal Rules of Civil Procedure.

24.     If any documents requested are withheld for any reason, please identify such documents and their subject matter and state the facts constituting the nature and basis for any refusal to produce. For each document or tangible thing that you withhold from production on the ground that: (i) it was prepared in anticipation of litigation or trial, (ii) it is attorney work product, and/or (iii) that it is privileged, provide the following information:

   a.     a description of the document;

   b.     the subject of the document;

   c.     identity of the creator of the document and those persons who received copies of the document; and

   d.     the purpose for which the document was created.

**OBJECTION: AGLIC objects to this Instruction to the extent it seeks to impose obligations beyond the requirements of the Federal Rules of Civil Procedure and the Local Rules for the U.S. District Court of Massachusetts. AGLIC further proposes a mutual agreement not to log attorney-client communications and/or work product created after November 23, 2021 which is the date Steward filed this instant litigation**

## **TIMING AND SCOPE OF PRODUCTION**

**The documents to be produced subject to the Confidentiality and Protective Order and ESI Protocol include relevant, non-privileged documents related to the claim at issue, including a verified copy of the Policy at issue, and reservation of rights and coverage position letters.**

AGLIC will produce relevant, non-privileged and otherwise non-objectionable and responsive documents and emails relating to the claim at issue. Certain relevant, non-privileged, and otherwise non-objectionable responsive emails relating to the claim at issue have already been produced to Steward.  These emails were filtered using the following terms and date ranges and then reviewed to identify and produce relevant, nonprivileged and otherwise non-objectionable emails, including objections noted herein, as follows:

Custodians:

    - Brian Rushlau

    - Mark Graves

Search terms:

    - Norwood

    - Medical Properties

    - MPT

    - 5630054103

    - 0281010

    - 5630054105

    - CHI20399490

    - CHI20400590

    - Steward

    - Stewart

Date restrictions: June 28, 2020 to August 31, 2022

## REQUESTS FOR PRODUCTION

1.      AGLIC's claim file or "Claim Documents" concerning the Storm and/or Steward's or MPT's claims for coverage under policies issued by AGLIC or Zurich for losses sustained as a result of the Storm.

      **OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege. AGLIC further objects to this Request to the extent it seeks discovery of information and/or disclosure of trade secrets or information that is proprietary, confidential, or commercially sensitive to AGLIC and/or its employees, clients and/or customers.**

      **RESPONSE: Subject to and without waiving the foregoing objections, AGLIC will produce responsive, non-privileged Claims Documents in its custody or control pursuant to the procedures set forth above.**

2.      Zurich's claim file or "Claim Documents" concerning the Storm and/or Steward's or MPT's claims for coverage under policies issued by AGLIC or Zurich for losses sustained as a result of the Storm.

      **OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege. AGLIC further objects to the extent the Request seeks documents concerning "MPT's claims for coverage under policies issued by AGLIC" because MPT was not issued a policy by AGLIC. AGLIC further objects to the Request because it seeks documents that are not within AGLIC's possession, custody or control.**

**RESPONSE: Subject to and without waiving the foregoing objections, AGLIC will produce responsive, non-privileged Claims Documents in its custody or control pursuant to the scope and procedures set forth above.**

3.     All documents supporting or concerning each payment made by AGLIC to Steward.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege. AGLIC further objects to the extent this Request seeks documents that are already within Steward's possession, custody or control. AGLIC further objects to the extent the Request seeks documents that are not relevant to the claims and defenses at issue or not proportional to the needs of the case.**

**RESPONSE: Subject to and without waiving the foregoing objections, AGLIC will produce responsive, non-privileged Claims Documents in its custody or control pursuant to the procedures set forth above.**

4.     All documents supporting or concerning each request for payment or reimbursement requested by Steward under the Policy which was denied by AGLIC.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege. AGLIC further objects to the extent this Request seeks documents that are already within Steward's possession, custody or control.**

**RESPONSE: Subject to and without waiving the foregoing objections, AGLIC will produce responsive, non-privileged Claims Documents in its custody or control pursuant to the procedures set forth above.**

- 14 -

5.     All documents reflecting any and all communications between AGLIC, on one hand and Zurich, on the other regarding (i) the Policy, (ii) the Storm, (iii) any Steward equipment or personal property, (iv) the interruption of Steward's business (v) damage to the Norwood Hospital caused by the Storm, (vi) Steward's or MPT's claimed losses resulting from the Storm, or (vii) any Investigation, evaluation or analysis of any of the foregoing.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege. AGLIC further objects to the extent this Request seeks documents regarding the Policy as not relevant or proportional to any claim or defense in the instant action. The language of the Policy is unambiguous on its face. AGLIC further objects to the extent this Request seeks documents in order to challenge the inclusion of top-down water within the "flood" sublimit as that issue has been decided by the Court.**

**RESPONSE: Subject to and without waiving the foregoing objections, AGLIC will produce responsive, non-privileged Claims Documents in its custody or control. AGLIC caveats this Response to note that the definition of Claim File includes <u>all</u> communications, both internal and external. As to electronic communications, AGLIC has endeavored, in good faith, to produce communications pertaining to the Claim per the procedure above.**

6.     All documents which depict, display or otherwise evidence coordination between AGLIC and/or Zurich, on one hand and Steward and/or MPT, on the other, in administering, addressing or responding to Steward's claim for payment or reimbursement under its Policy or MPT's claim for payment or reimbursement under MPT's policy.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC objects to this Request as vague**

and because it fails to specify the requested documents with any reasonable degree of particularity. AGLIC further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege. AGLIC further objects to the extent this Request seeks documents that are already within Steward's possession, custody or control. AGLIC further objects to the extent this Request seeks documents regarding the Policy that is not relevant or proportional to any claim or defense in the instant action.

RESPONSE: Subject to and without waiving the foregoing objections, AGLIC will produce responsive, non-privileged Claims Documents in its custody or control.

7.    All documents which display or depict the history of AGLIC or Zurich's inclusion of the word "flood" in the Steward policy.

OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC objects because documents concerning the history of AGLIC's inclusion (or Zurich's inclusion) of the word "flood" in the Steward Policy is not relevant or proportional to any claim or defense in the instant action. AGLIC further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege.

8.    All documents which identify, display or depict the full and complete reason(s) for AGLIC's denial of payment or reimbursement (in whole or in part) to Steward with regard to any piece of equipment or personal property submitted by Steward.

OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine,

or any other privilege. AGLIC further objects to the Request to the extent it seeks documents that are already within Steward's possession, custody or control.

**RESPONSE: Subject to and without waiving the foregoing objections, AGLIC will produce responsive, non-privileged Claims Documents in its custody or control.**

9.     All documents supporting AGLIC's "determin[ation] [that] the Period of Liability for Steward's claimed business income loss – including when the Norwood Hospital could have been repaired with due diligence and dispatch and made ready for operations under the same conditions that existed prior to the Flood ends July 15, 2022" as claimed in Mr. Graves' Letter to Steward dated December 23, 2022.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege. AGLIC further objects to the extent the Request is premature in that it seeks information that will necessarily be the subject of expert review and disclosure. AGLIC will provide such information in accordance with the Federal Rules of Civil Procedure, the Local Rules for the U.S. District Court of Massachusetts, and the Court's Orders. AGLIC further objects to the extent the Request seeks to impose obligations beyond the requirements of the Federal Rules of Civil Procedure and the Local Rules for the U.S. District Court of Massachusetts.**

**RESPONSE: Subject to and without waiving the foregoing objections, AGLIC will produce responsive, non-privileged Claims Documents in its custody or control.**

10.     Any documents provided to or received from Katie Twomey or any representative of J.S. Held with regard the consideration, analysis, review or investigation into the Period of Liability for Steward's claimed business income loss.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege. AGLIC further objects to the extent the Request is premature in that it seeks information that will necessarily be the subject of expert review and disclosure. AGLIC will provide such information in accordance with the Federal Rules of Civil Procedure, the Local Rules for the U.S. District Court of Massachusetts, and the Court's Orders. AGLIC further objects to the extent the Request seeks to impose obligations beyond the requirements of the Federal Rules of Civil Procedure and the Local Rules for the U.S. District Court of Massachusetts.**

**RESPONSE: Subject to and without waiving the foregoing objections, AGLIC will produce responsive, non-privileged Claims Documents in its custody or control.**

11.     Any reports, analysis or memorandum, including materials in draft form, exchanged with Katie Twomey or any representative of J.S. Held analyzing, concerning, relating or reflecting the Period of Liability for Steward's claimed business income loss.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege. AGLIC further objects to the extent the Request is premature in that it seeks information that will necessarily be the subject of expert review and disclosure. AGLIC will provide such information in accordance with the Federal Rules of Civil**

Procedure, the Local Rules for the U.S. District Court of Massachusetts, and the Court's Orders. AGLIC further objects to the extent the Request seeks to impose obligations beyond the requirements of the Federal Rules of Civil Procedure and the Local Rules for the U.S. District Court of Massachusetts.

RESPONSE: Subject to and without waiving the foregoing objections, AGLIC will produce responsive, non-privileged Claims Documents in its custody or control.

12.     Any and all documents reflecting communications with Katie Twomey or any representative of J.S. Held which refers, reflects or relates to (i) the Policy, (ii) the Storm, (iii) any Steward equipment or personal property, (iv) the interruption of Steward's business (v) damage to the Norwood Hospital caused by the Storm, (vi) Steward's or MPT's claimed losses resulting from the Storm, or (vii) any Investigation, evaluation or analysis of any of the foregoing.

OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege. AGLIC further objects to the extent the Request is premature in that it seeks information that will necessarily be the subject of expert review and disclosure. AGLIC will provide such information in accordance with the Federal Rules of Civil Procedure, the Local Rules for the U.S. District Court of Massachusetts, and the Court's Orders. AGLIC further objects to the extent the Request seeks to impose obligations beyond the requirements of the Federal Rules of Civil Procedure and the Local Rules for the U.S. District Court of Massachusetts.

RESPONSE: Subject to and without waiving the foregoing objections, AGLIC will produce responsive, non-privileged Claims Documents in its custody or control. As to electronic communications, AGLIC will endeavor, in good faith, to produce communications

- 19 -

pertaining to the Claim. **To facilitate production of e-mail communication, AGLIC followed the procedure above.**

13.     All documents upon which AGLIC reviewed or relied in sending the letter from Mr. Graves dated December 23, 2022.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege. AGLIC further objects to the Request to the extent it seeks documents that are already within Steward's possession, custody or control. AGLIC further objects to the extent the Request is premature in that it seeks information that will necessarily be the subject of expert review and disclosure. AGLIC will provide such information in accordance with the Federal Rules of Civil Procedure, the Local Rules for the U.S. District Court of Massachusetts, and the Court's Orders. AGLIC further objects to the extent the Request seeks to impose obligations beyond the requirements of the Federal Rules of Civil Procedure and the Local Rules for the U.S. District Court of Massachusetts.**

**RESPONSE: Subject to and without waiving the foregoing objections, AGLIC will produce responsive, non-privileged Claims Documents in its custody or control.**

14.     Produce all policies of reinsurance or supplemental insurance which may be applicable to Steward's claim or MPT's claim for coverage of losses sustained as a result of the Storm.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC objects because the Request seeks documents that are not relevant or proportional to any claim or defense in the instant action. AGLIC further objects that reinsurance policies contain trade secrets or information that is proprietary, confidential, or commercially sensitive to AGLIC and its reinsurers.**

15.     Produce all documents utilized, considered or relied upon in connection with your responses to Steward's First Set of Interrogatories, Zurich's responses to Steward's First Set of Interrogatories and/or Zurich's responses to MPT's First Set of Interrogatories, or which otherwise form the basis for, support or contradict any of the responses described above.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege. AGLIC further objects to the extent the Request seeks documents "utilized, considered or relied upon in connection with" Zurich's responses to Steward's First Set of Interrogatories and/or Zurich's responses to MPT's First Set of Interrogatories.**

**RESPONSE: Subject to and without waiving the foregoing objections, AGLIC will produce responsive, non-privileged Claims Documents in its custody or control.**

16.     Produce the Zurich claim file, if any, for Steward's request for coverage under the Policy for losses caused by the Storm.

**OBJECTION: AGLIC incorporates its Introductory Objections and its Objections to the Definitions and Instructions, as set forth above. AGLIC objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege. AGLIC objects to this Request as it seeks documents not within AGLIC's possession, custody or control.**

**RESPONSE: Subject to and without waiving the foregoing objections, AGLIC will produce responsive, non-privileged Claims Documents in its custody or control.**

17.     Produce all notes made by any representative of AGLIC or Zurich, Sedgwick or any of AGLIC Consultants or Zurich's Consultants, in connection with any Investigation of damage to the Norwood Hospital caused by the Storm and/or Steward's or MPT's losses resulting therefrom,

including all electronic or paper notes made by adjusters, claims personnel and other employees, agents, contractors, consultants or others.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege.**

**RESPONSE: Subject to and without waiving the foregoing objections, AGLIC will produce responsive, non-privileged Claims Documents in its custody or control.**

18.     Produce all documents evidencing AGLIC or Zurich's Investigation, review, analysis, evaluation, and coverage determination for AGLIC or Zurich's obligations to Steward under the Policy with respect to the Storm, including without limitation, all documents evidencing review, analysis and evaluation that AGLIC, Zurich, Sedgwick or any of AGLIC Consultants or Zurich's Consultants performed in connection with the preparation of any AGLIC's correspondence to Steward, including but not limited to those correspondences dated August 6, 2020, August 24, 2020, January 11, 2021, March 5, 2021, July 7, 2021, October 26, 2021, April 18, 2022 and December 23, 2022.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege.**

**RESPONSE: Subject to and without waiving the foregoing objections, AGLIC will produce responsive, non-privileged Claims Documents in its custody or control.**

19.     Produce the underwriting file for the Policy (and any predecessor policy issued to Steward), including but not limited to any risk or actuarial analysis, loss runs, premium adjustments, premium calculations, deductible calculations, reinsurance applications, or reinsurance approvals.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC objects to the term "underwriting file" as it does not maintain underwriting related documents in a "file" in the same sense as that term may be used by other insurers. AGLIC refers to the documents identified in this definition as "Underwriting Documents." AGLIC objects that the underwriting documents are not relevant or proportional to any claim or defense in the instant action. Regardless of the underwriting process, the language of the Policy is unambiguous on its face. AGLIC further objects to the extent the Request seeks discovery of information and/or disclosure of trade secrets or information that is proprietary, confidential, or commercially sensitive to AGLIC and/or its employees, clients and/or customers. AGLIC further objects to the extent the Request seeks information or requires investigation not proportional to the needs of the case. AGLIC further objects to the extent the Request seeks information pertaining to policies not at issue in this action. AGLIC further objects to the extent the Request seeks reinsurance information as being not relevant or proportional to any claim or defense in this action. AGLIC further objects that reinsurance information contains trade secrets or information that is proprietary, confidential, or commercially sensitive to AGLIC and its reinsurers.**

**RESPONSE: Subject to and without waiving the foregoing objections, AGLIC will produce responsive, non-privileged underwriting materials for the Policy in its custody or control.**

20.     Produce the policy applications for the Policy (or any predecessor policy issued to Steward), and documents reflecting any Investigation conducted and/or information sought or obtained by Steward as a part of the decision-making process concerning underwriting or issuance of the Policy (or any predecessor policy issued to Steward), including any endorsements thereto.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC objects to this Request because it seeks documents that are not relevant or proportional to any claim or defense in the instant action. AGLIC further objects to the extent this Request seeks documents in order to challenge the inclusion of top-down water within the "flood" sublimit as that issue has been decided by the Court. AGLIC further objects to the extent the Request seeks discovery of information and/or disclosure of trade secrets or information that is proprietary, confidential, or commercially sensitive to AGLIC and/or its employees, clients and/or customers. AGLIC further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege. AGLIC further objects to the extent the Request seeks documents that are already within Steward's possession, custody or control.**

21.     Produce all documents constituting or reflecting AGLIC's reserves or accruals for Steward's losses caused by the Storm or Zurich's reserves or accruals for MPT's losses caused by the Storm.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC objects to this Request because it seeks documents that are not relevant or proportional to any claim or defense in the instant action. AGLIC further objects that the undefined term "accrual" is vague, ambiguous, and lacks particularity. AGLIC further objects to the extent the Request seeks discovery of**

**information and/or disclosure of trade secrets or information that is proprietary, confidential, or commercially sensitive to AGLIC and/or its employees, clients and/or customers. AGLIC further objects to the extent the Request seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege.**

22.     Produce all documents evidencing procedures, policies, manuals, practices, and guidance for AGLIC employees, agents or adjusters (including Sedgwick) concerning the proper evaluation of claimed losses and/or requests for coverage under policies of property insurance issued by AGLIC that utilize some or all of the same policy forms and endorsements that are included in the Policy.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC objects to this Request as vague and ambiguous. AGLIC further objects to this Request because it seeks documents that are not relevant or proportional to any claim or defense in the instant action. Regardless of the coverage determination process, the language of the Policy is unambiguous on its face. AGLIC further objects to this Request as overbroad, overly burdensome and harassing because (among other reasons) it is unlimited in time. AGLIC further objects to the extent the Request seeks the production and/or disclosure of trade secrets or information that is proprietary, confidential, or commercially sensitive to AGLIC and/or its employees, clients, and/or customers. AGLIC further objects to the extent the Request seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege. AGLIC further objects to this Request on the grounds that it seeks to obtain proprietary and confidential information belonging to third parties—including, but not limited to, other policyholders that cannot be produced without consent.**

23.    Produce all documents concerning the wording of Sections 4.03.01.01. 5.03.03 or 6.23 of the Policy, including, without limitation, documents prepared or utilized by Zurich or AGLIC addressing the manner in which Zurich or AGLIC interprets and/or applies such wording in its policies of insurance.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC further objects to this Request because it seeks documents that are not relevant or proportional to any claim or defense in the instant action. The language of the Policy is unambiguous on its face.  AGLIC further objects to the extent the Request seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege. AGLIC further objects to this Request on the grounds that it seeks to obtain proprietary and confidential information belonging to third parties—including, but not limited to, other policyholders that cannot be produced without consent.**

24.    Produce any contract, communication, or document setting forth the terms of the agreement between Zurich or AGLIC, on one hand, and any other entity acting on AGLIC or Zurich's behalf, on the other, in connection with the adjustment or Investigation of Steward's or MPT's losses caused by the Storm, including, without limitation, Sedgwick and any of AGLIC or Zurich's Consultants.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC objects to this Request because it seeks documents that are not relevant or proportional to any claim or defense in the instant action. AGLIC further objects to the extent the Request seeks discovery of information and/or disclosure of trade secrets or information that is proprietary, confidential, or commercially sensitive to AGLIC and/or its employees, clients and/or customers. AGLIC**

**further objects to the extent the Request seeks information pertaining to policies not at issue in this action.**

**AGLIC further objects to the extent the Request seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege. AGLIC objects that the instant Request is premature in that it seeks information that will necessarily be the subject of expert review and disclosure. AGLIC will provide such information in accordance with the Federal Rules of Civil Procedure, the Local Rules for the U.S. District Court of Massachusetts, and the Court's Orders.**

25.    Produce all documents and correspondence created by or exchanged between representatives of Zurich, AGLIC, Sedgwick, AGLIC's Consultants or Zurich's Consultants concerning (i) the Policy, (ii) the Storm, (iii) any Steward equipment or personal property, (iv) the interruption of Steward's business (v) damage to the Norwood Hospital caused by the Storm, (vi) Steward's or MPT's claimed losses resulting from the Storm, or (vii) any Investigation, evaluation or analysis of any of the foregoing.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC further objects to the extent the Request seeks information regarding the Policy as not relevant or proportional to any claim or defense in the instant action. The language of the Policy is unambiguous on its face. AGLIC further objects to the extent the Request seeks information in order to challenge the inclusion of top-down water within the "flood" sublimit as that issue has been decided by the Court. AGLIC further objects to the extent the Request seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege. AGLIC further objects that the instant Request is premature in that it seeks information that will necessarily be the subject of expert review and disclosure. AGLIC will provide such information in**

accordance with the Federal Rules of Civil Procedure, the Local Rules for the U.S. District Court of Massachusetts, and the Court's Orders.

**RESPONSE: Subject to and without waiving the foregoing objections, AGLIC will produce responsive, non-privileged Claims Documents in its custody or control. As to electronic communications, AGLIC will endeavor, in good faith, to produce communications pertaining to the Claim. To facilitate production of e-mail communication, AGLIC followed the procedure above.**

26.    Produce all documents and correspondence exchanged between representatives of AGLIC or Zurich, on one hand, and any third party, on the other concerning Steward and any of the following: (i) the Policy, (ii) the Storm, (iii) any Steward equipment or personal property, (iv) the interruption of Steward's business (v) damage to the Norwood Hospital caused by the Storm, (vi) Steward's or MPT's claimed losses resulting from the Storm, or (vii) any Investigation, evaluation or analysis of any of the foregoing.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC further objects to the extent the Request seeks information regarding the Policy as not relevant or proportional to any claim or defense in the instant action. The language of the Policy is unambiguous on its face. AGLIC further objects to the extent the Request seeks information in order to challenge the inclusion of top-down water within the "flood" sublimit as that issue has been decided by the Court. AGLIC further objects to the extent the Request seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege. AGLIC further objects to the extent the Request is premature in that it seeks information that will necessarily be the subject of expert review and disclosure. AGLIC will provide such**

information in accordance with the Federal Rules of Civil Procedure, the Local Rules for the U.S. District Court of Massachusetts, and the Court's Orders.

**RESPONSE: Subject to and without waiving the foregoing objections, AGLIC will produce responsive, non-privileged Claims Documents in its custody or control. As to electronic communications, AGLIC will endeavor, in good faith, to produce communications pertaining to the Claim. To facilitate production of e-mail communication, AGLIC followed the procedure above.**

27.    Produce all documents and correspondence exchanged between representatives of AGLIC and/or Zurich, on one hand, and representatives of MPT and/or Steward, on the other concerning: (i) the Policy, (ii) the Storm, (iii) any Steward equipment or personal property, (iv) the interruption of Steward's business (v) damage to the Norwood Hospital caused by the Storm, (vi) Steward's or MPT's claimed losses resulting from the Storm, or (vii) any Investigation, evaluation or analysis of any of the foregoing.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC objects to this Request as overly burdensome to the extent it seeks documents already in Steward's possession, custody or control. AGLIC further objects to the extent the Request seeks information regarding the Policy as not relevant or proportional to any claim or defense in the instant action. The language of the Policy is unambiguous on its face. AGLIC further objects to the extent the Request seeks information in order to challenge the inclusion of top-down water within the "flood" sublimit as that issue has been decided by the Court.. AGLIC further objects to the extent the Request seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege.**

**RESPONSE: Subject to and without waiving the foregoing objections, AGLIC will produce responsive, non-privileged Claims Documents in its custody or control. As to electronic communications, AGLIC will endeavor, in good faith, to produce communications pertaining to the Claim. To facilitate production of e-mail communication, AGLIC followed the procedure above.**

28.    Produce all documents and correspondence exchanged between representatives of AGLIC, Zurich or Sedgwick and any insurer, supplemental insurer, reinsurer or any other person or entity concerning: (i) the Policy, (ii) the Storm, (iii) any Steward equipment or personal property, (iv) the interruption of Steward's business (v) damage to the Norwood Hospital caused by the Storm, (vi) Steward's or MPT's claimed losses resulting from the Storm, or (vii) any Investigation, evaluation or analysis of any of the foregoing.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC further objects to the extent the Request seeks information regarding the Policy as not relevant or proportional to any claim or defense in the instant action. AGLIC further objects to the extent the Request seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege. AGLIC further objects to the extent the Request seeks discovery of information and/or disclosure of trade secrets or information that is proprietary, confidential, or commercially sensitive to AGLIC and/or its employees, clients and/or customers. AGLIC further objects to the extent the Request seeks reinsurance information as that information not relevant or proportional to any claim or defense in this action. AGLIC further objects that reinsurance information contains trade secrets or information that is proprietary, confidential, or commercially sensitive to AGLIC and its reinsurers. AGLIC further objects**

- 30 -

**to the extent the Request seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege.**

29.    Produce all documents and correspondence concerning the position of AGLIC, Zurich, Sedgwick and/or Zurich's Consultants concerning (a) the nature and extent of the damage to the Norwood Hospital that was sustained because of the Storm, (b) the scope of work (including its cost) required to repair, rebuild or replace such damaged property, (c) the time necessary to reopen Norwood Hospital, including with regulatory approvals and (d) the total amount of Steward's claimed losses that are recoverable under the Policy.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC further objects to the extent the Request seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege. AGLIC further objects to the extent the Request seeks information regarding the Policy as not relevant or proportional to any claim or defense in the instant action. The language of the Policy is unambiguous on its face. AGLIC further objects that the Request is premature in that it seeks information that will necessarily be the subject of expert review and disclosure. AGLIC will provide such information in accordance with the Federal Rules of Civil Procedure, the Local Rules for the U.S. District Court of Massachusetts, and the Court's Orders.**

**RESPONSE: Subject to and without waiving the foregoing objections, AGLIC will produce responsive, non-privileged Claims Documents in its custody or control. As to electronic communications, AGLIC will endeavor, in good faith, to produce communications pertaining to the Claim. To facilitate production of e-mail communication, AGLIC followed the procedure above.**

30.     Produce all documents and correspondence concerning the position of AGLIC, Zurich, Sedgwick, AGLIC's Consultants and/or Zurich's Consultants concerning the amount of time it will take for MPT and/or Steward to obtain regulatory or administrative approvals sufficient to reopen the Norwood Hospital.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC further objects to the extent the Request seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege. AGLIC further objects that the Request is premature in that it seeks information that will necessarily be the subject of expert review and disclosure. AGLIC will provide such information in accordance with the Federal Rules of Civil Procedure, the Local Rules for the U.S. District Court of Massachusetts, and the Court's Orders.**

**RESPONSE: Subject to and without waiving the foregoing objections, AGLIC will produce responsive, non-privileged Claims Documents in its custody or control. As to electronic communications, AGLIC will endeavor, in good faith, to produce communications pertaining to the Claim. To facilitate production of e-mail communication, AGLIC followed the procedure above.**

31.     Produce all documents and correspondence concerning the value of any of Steward's equipment or personal property located at the Norwood Hospital before the Storm, including, without limitation, any Investigations or assessments of the pre-Storm condition of all personal property or equipment located at Norwood Hospital.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC objects to the extent the Request seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege. AGLIC further objects that the Request is premature in that it seeks**

information that will necessarily be the subject of expert review and disclosure. AGLIC will provide such information in accordance with the Federal Rules of Civil Procedure, the Local Rules for the U.S. District Court of Massachusetts, and the Court's Orders.

**RESPONSE: Subject to and without waiving the foregoing objections, AGLIC will produce responsive, non-privileged Claims Documents in its custody or control. As to electronic communications, AGLIC will endeavor, in good faith, to produce communications pertaining to the Claim. To facilitate production of e-mail communication, AGLIC followed the procedure above.**

32.     Produce all documents and correspondence concerning any Investigation, analysis or assessment concerning the loss of equipment service or warranty contracts relative to any equipment housed or located at Norwood Hospital prior to the Storm.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC objects to the extent the Request seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege. AGLIC further objects that the Request is premature in that it seeks information that will necessarily be the subject of expert review and disclosure. AGLIC will provide such information in accordance with the Federal Rules of Civil Procedure, the Local Rules for the U.S. District Court of Massachusetts, and the Court's Orders.**

**RESPONSE: Subject to and without waiving the foregoing objections, AGLIC will produce responsive, non-privileged Claims Documents in its custody or control. As to electronic communications, AGLIC will endeavor, in good faith, to produce communications pertaining to the Claim. To facilitate production of e-mail communication, AGLIC followed the procedure above.**

33.     Any and all documents relating to the interruption of Steward's business operation at Norwood Hospital as a result of the Storm.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC objects to the extent the Request seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege. AGLIC further objects that the Request is premature in that it seeks information that will necessarily be the subject of expert review and disclosure. AGLIC will provide such information in accordance with the Federal Rules of Civil Procedure, the Local Rules for the U.S. District Court of Massachusetts, and the Court's Orders.**

**RESPONSE: Subject to and without waiving the foregoing objections, AGLIC will produce responsive, non-privileged Claims Documents in its custody or control. As to electronic communications, AGLIC will endeavor, in good faith, to produce communications pertaining to the Claim. To facilitate production of e-mail communication, AGLIC followed the procedure above.**

34.     Any and all documents relating to any personal property or equipment referenced or included in Steward's Proof of Loss submitted to AGLIC at any time.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC objects to the extent the Request seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege. AGLIC further objects that the Request is premature in that it seeks information that will necessarily be the subject of expert review and disclosure. AGLIC will provide such information in accordance with the Federal Rules of Civil Procedure, the Local Rules for the U.S. District Court of Massachusetts, and the Court's Orders.**

**RESPONSE: Subject to and without waiving the foregoing objections, AGLIC will produce responsive, non-privileged Claims Documents in its custody or control. As to electronic communications, AGLIC will endeavor, in good faith, to produce communications pertaining to the Claim. To facilitate production of e-mail communication, AGLIC followed the procedure above.**

35.     Any and all documents which purport to evidence Steward's failure to cooperate with AGLIC in connection with the investigation or settlement of the Claim as required by the Policy, including but not limited to Paragraph 6.13.01.09.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC objects to the extent the Request seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege.**

**RESPONSE: Subject to and without waiving the foregoing objections, AGLIC will produce responsive, non-privileged Claims Documents in its custody or control. As to electronic communications, AGLIC will endeavor, in good faith, to produce communications pertaining to the Claim. To facilitate production of e-mail communication, AGLIC followed the procedure above.**

36.     Any and all documents supplied to, exchanged with or received from any proposed, contemplated or actual AGLIC Consultant to any proposed, contemplated or actual Zurich Consultant relative to Steward, the Policy, Norwood Hospital, the Storm, any Steward equipment or personal property, the interruption of Steward's business, Steward's or MPT's claimed losses resulting from the Storm, or any Investigation, evaluation or analysis of any of the foregoing.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC further objects to the extent the**

**Request seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege. AGLIC further objects to the extent the Request seeks information regarding the Policy as not relevant or proportional to any claim or defense in the instant action. AGLIC further objects that the Request is premature in that it seeks information that will necessarily be the subject of expert review and disclosure. AGLIC will provide such information in accordance with the Federal Rules of Civil Procedure, the Local Rules for the U.S. District Court of Massachusetts, and the Court's Orders.**

**RESPONSE: Subject to and without waiving the foregoing objections, AGLIC will produce responsive, non-privileged Claims Documents in its custody or control. As to electronic communications, AGLIC will endeavor, in good faith, to produce communications pertaining to the Claim. To facilitate production of e-mail communication, AGLIC followed the procedure above.**

37.     To the extent not already requested, all documents identified or referred to in AGLIC's Rule 26(a)(1) Initial Disclosures.

**OBJECTION: AGLIC incorporates its Introductory Objections and its objections to the Definitions and Instructions, as set forth above. AGLIC further objects to the extent the Request seeks information regarding the Policy as not relevant or proportional to any claim or defense in the instant action. AGLIC further objects to the extent the Request seeks information that will necessarily be the subject of expert review and disclosure. AGLIC will provide such information in accordance with the Federal Rules of Civil Procedure, the Local Rules for the U.S. District Court of Massachusetts, and the Court's Orders.**

**RESPONSE: Subject to and without waiving the foregoing objections, AGLIC will produce responsive, non-privileged Claims Documents in its custody or control pursuant to the procedures set forth above.**

Dated: March 10, 2025                    Respectfully submitted,


  */s/ Jonathan D. Mutch*
Jonathan D. Mutch, Esq. (BBO No. 634543)
Timothy Wenger (BBO No. 674087)
ROBINS KAPLAN LLP
800 Boylston Street, 25th Floor
Boston, MA 02199
Tel: (617) 267-2300
Email: JMutch@RobinsKaplan.com
        TWenger@RobinsKaplan.com


***Attorneys for Defendant American
Guarantee and Liability Insurance Company***

## <u>CERTIFICATE OF SERVICE</u>

I, Jonathan D. Mutch, certify that on this date, the foregoing American Guarantee and Liability Insurance Company's Objections and Responses to Steward Health Care System LLC's First Request for Production of Documents were served via email upon counsel of record.


Dated: March 10, 2025                            _/s/ Jonathan D. Mutch_____


95919933.1