# Exhibit G

**ROBINS KAPLAN** LLP

800 BOYLSTON STREET    617.267.2300 TEL
SUITE 2500    617.267.8288 FAX
BOSTON, MA 02199    ROBINSKAPLAN.COM

JONATHAN D. MUTCH
617 859 2722 TEL
JMUTCH@ROBINSKAPLAN.COM
ALSO ADMITTED IN NEW YORK AND MAINE

*Via Email*

June 12, 2025

Seth Robbins, Esq.
William E. Gildea, Esq.
Todd & Weld LLP
One Federal Street, 27th Floor
Boston, MA 02110

> Re: *Steward Health Care Sys. LLC v. AGLIC, et al.*,
> Civil Action No. 1:21-cv-11902-PBS

Dear Counsel:

This letter further responds to your April 10 correspondence ("Letter") regarding the written discovery responses of Defendants American Guarantee and Liability Insurance Company ("AGLIC") and Zurich American Insurance Company ("Zurich").

Defendants are prepared to discuss these matters further with you. Defendants also have concerns regarding Plaintiff Steward Health Care System, LLC's ("Steward") written discovery responses. Also, as Steward produced the bulk of its documents only within the past month, including some as recently as this past weekend, Defendants continue to reserve all rights regarding identifying deficiencies in Steward's discovery responses and document production.

This letter addresses the matters identified in the Letter separately as to each party, generally following the order set out in the Letter.

### Zurich's Discovery Responses

With regard to Zurich's responses to Steward's Interrogatories, the Letter opens by stating that "Zurich objected to every interrogatory . . . and has failed to provide a single substantive response." The Interrogatories served by Steward on Zurich merit objection because they do not recognize that the Policy was issued by, and the adjustment conducted by, AGLIC and not Zurich. Interrogatory Nos. 2 through 5 generally address the Policy – the AGLIC Policy. Interrogatories 6 through 13 generally address the investigation, adjustment, and purported merits of the claim made by Steward under the AGLIC Policy. Zurich adjusted MPT's claim; AGLIC adjusted Steward's claim. It is no surprise that Zurich asserted objections to these interrogatories. And, for completeness, Steward Interrogatory No. 1 to Zurich concerns the individual that signed Zurich's responses to these Interrogatories (and is addressed by that person's signature block).

June 12, 2025<br>Page 2

The Letter next addresses Zurich's objections as to the compound nature of several of Steward's interrogatories. Zurich did not decline to respond to any of Steward's First Set of Interrogatories because of their compound nature. To be clear, several of Steward's Interrogatories are compound.[1] While the Letter attempts to contest it, at the same time the Letter tacitly admits that, counted properly, Steward served 24 interrogatories. Subsequent interrogatories served by Steward that exceed the presumptive limit of 25 need not be responded to. *Paananen v. Cellco P'ship*, No. C08-1042 RSM, 2009 WL 3327227, at *5 (W.D. Wash. Oct. 8, 2009); *Avila v. Mohave Cnty.*, No. 3:14-CV-8124-HRH, 2015 WL 6660187, at *9 (D. Ariz. Nov. 2, 2015); *Young v. United Fin. Cas. Co.*, No. CV 23-707, 2024 WL 863886, at *2 (E.D. La. Feb. 29, 2024). The Northern District of California case cited in the Letter says nothing to the contrary. In that matter, the court required responses to more than a total of 25 interrogatories because the presumptive limit applies to each party ("*each* plaintiff may serve *each* defendant with 25 interrogatories . . . ."). *Trevino v. ACB Am., Inc*. 232 F.R.D. 612, 614 (N.D. Cal. 2006) (italics in original).

The Letter next asserts that Zurich "must respond" further, at this time, to Interrogatory No. 14. The Letter characterizes Interrogatory No. 14 as seeking "the factual basis and identification of witnesses supporting Zurich's affirmative defenses." Steward cites *Soo v. Bone Biologics Corporation*, No. CV 19-11520-ADB, 2023 WL 12022828 (D. Mass June 20, 2023) as supposedly requiring a further response, now, to Interrogatory No. 14. But Steward's description of Interrogatory No. 14 misleadingly downplays its complexity. Steward Interrogatory No. 14 asks that Zurich "state the basis"[2] for each and every affirmative defense, identify "all persons" with "knowledge of the facts" underlying each and every affirmative defense, and "specify[] the facts and affirmative defenses" known by each such individual.

Turning back to the case cited by Steward in the Letter, Interrogatory No. 14 is what Magistrate Judge Boal identified as an impermissible "blockbuster interrogatory." *Id*. at *2. Steward Interrogatory No. 14 is not like the more limited interrogatories at issue in the *Bone Biologics* case. Zurich maintains its objections to Interrogatory 14, including that the interrogatory purports to seek an identification of <u>all</u> individuals with knowledge of Zurich's affirmative defenses and <u>all</u> facts concerning those defenses. Subject to that, Zurich will provide a reasonable, supplemental response to Steward Interrogatory No. 14 based on information known to date.

Concerning the scope of Zurich's search for and production of documents, the Letter next asks that Zurich search for documents across a longer date range, and that Zurich search for responsive documents from additional custodians. While Zurich maintains that its original review and production parameters were appropriate, as a good-faith accommodation Zurich extended the end

---

[1] This compound nature is also the case as to Steward's Interrogatories served on AGLIC. Steward's First Set of Interrogatories to both Defendants are substantially the same.

[2] Local Rule 26.5(c)(8) defines "state the basis" to include an identification of all documents, each and every communication, and all "acts or omissions on the part of any person" forming the part of any claim, assertion, allegation, or contention.

date of its search for responsive materials from August 31, 2022 to August 31, 2023.[3] In addition, Zurich searched for responsive documents from several of the custodians identified by Steward in the Letter, including Nat Woodruff, Ken Eagen, Carl Thompson Jr., and Jimmy Johnson.[4] These expanded parameters, as expected, produced few responsive documents beyond Zurich's initial production. Responsive, non-privileged documents, subject to all objections and limitations stated in Zurich's responses to Steward's Requests for Production, have now been produced to Steward.

The Letter raises Zurich's redactions of reserve and similar information. This point is addressed in the AGLIC section, below, because the claim was adjusted by AGLIC. Zurich is preparing its privilege log and expects to complete it shortly. We assume Steward is doing the same, and we can address this during the upcoming meet and confer conference.

### AGLIC's Discovery Responses

The assertion that AGLIC's interrogatory responses are "evasive" or devoid of meaningful substantive content is false. The two asserted examples pointed to in the Letter fail to support that assertion, and in fact undermine it.

First, the Letter references Interrogatory No. 6, which addresses AGLIC's determination of the Period of Liability for Steward's claimed business income loss. The letter asserts that AGLIC's response merely references unnamed "qualified professionals" and fails to identify documents. But AGLIC specifically identified the professionals involved—DBI Construction, Shawmut Design & Construction, and Katie Twomey of J.S. Held—and cited the key documents on which it relied, including DBI's scope of work and Shawmut's construction schedule.

Second, the Letter attempts to challenge AGLIC's response to Interrogatory No. 13. That interrogatory asked for AGLIC's contentions concerning Steward's failure to cooperate during the investigation of Steward's claim. AGLIC responded to that interrogatory with a detailed, multi-part answer outlining specific examples of Steward's failure to cooperate. AGLIC noted, for example, Steward's delay in returning the hospital to service, its submission of incomplete and unsupported claim information, and its failure to substantiate claimed losses for business personal property, building damage, and extra expenses.

AGLIC's interrogatory responses are appropriate. Indeed, the Court could find that AGLIC's responses offer more detail than what is required, given the breadth of Steward's interrogatories. *Cynosure, LLC v. Reveal Lasers LLC*, 708 F. Supp. 3d 186, 190 (D. Mass. 2023) (noting that "[a] request for all factual and legal bases supporting a claim is a very broad request that necessarily calls for a broad response.") (internal quotations omitted).

Concerning searching for and producing documents across a longer time range and for additional custodians, AGLIC followed the same steps as outlined above with respect to Zurich. AGLIC's

---

[3] Steward's request to extend the search date range through November 30, 2024 lacks justification. Steward offers no basis for expanding the date range that far in its letter.

[4] Zurich did not search custodians involved with underwriting or reinsurance.

production of both its initial, responsive documents, and its supplemental production in response to date and custodian concerns identified by Steward in the Letter, is complete.

The Letter raised concerns with AGLIC's redaction of reserve and reinsurance information. Redactions of reserves are proper where the reserves (or similar information) reflect litigation risk assessments and are not created in the ordinary course of business. This point is explained in the *AMAG* case cited in the Letter, although the Letter does not mention that aspect of the case. *See AMAG Pharmaceuticals v. American Guarantee & Liab. Ins. Co.*, No. 21-CV-10618-LTS, 2022 WL 16950437, at *5 (D. Mass. Nov. 15, 2022). Furthermore, reserves and reinsurance information is not relevant to Steward's claims.

The Letter next asserts that AGLIC's reference to business records pursuant to Fed. R. Civ. P. 33(d) is improper, citing to the *AMAG* case. AGLIC notes that Steward's responses to Defendants' Interrogatories includes similar references to documents in general, without any identification of specific records. AGLIC will confer with Steward concerning a reasonable, mutual approach for identifying with specificity key documents relied upon by each party.

Sincerely,

*Jonathan D. Mutch*

Jonathan D. Mutch

cc:   Howard M. Cooper, Esq.
      David H. Rich, Esq.
      Elizabeth L. Gardon, Esq.
      Matthew S. Furman, Esq.
      Timothy Wenger, Esq.
      Michael Menapace, Esq.
      *(All via email)*

96200549.1