# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Steward Health Care System LLC, <br><br> Plaintiff, <br><br> v. <br><br> American Guarantee and Liability Insurance Company and Zurich American Insurance Company, <br><br> Defendants. | Civil Action No. 1:21-cv-11902 |

**STEWARD HEALTH CARE SYSTEM LLC'S MOTION TO SHORTEN THE TIME FOR DEFENDANTS TO RESPOND TO MOTION TO COMPEL DISCOVERY (ECF NO. 122) TO JUNE 20, 2025**

Pursuant to Fed. R. Civ. P. 6(c) and Local Rule 7.1(b)(2), Plaintiff Steward Health Care System LLC ("Steward") hereby moves the Court for an order shortening the time within which Defendants American Guarantee and Liability Insurance Company ("AGLIC") and Zurich American Insurance Company ("Zurich" and together with AGLIC, the "Defendants") must respond to its contemporaneously filed Motion to Compel Discovery Responses (the "Motion to Compel") to **June 20, 2025**. In support of this motion, Steward states as follows:

## I.    INTRODUCTION

This action arises from Defendants' failure to timely adjust and pay Steward's insurance claim for the catastrophic June 2020 storm that devastated Norwood Hospital. Although Steward served its first set of interrogatories and document requests in February 2023—before a lengthy stay pending SJC review—Defendants did not respond until March 2025, and their responses were wholly deficient. As detailed in Steward's Motion to Compel and supporting memorandum

of law, Defendants refused to substantively answer interrogatories and unilaterally limited their document production, excluding key materials such as reserve and reinsurance information.

Despite Steward's April 10, 2025 deficiency letter and repeated efforts to resolve the dispute, Defendants delayed for over two months. Only after securing a one-month extension of fact discovery did Defendants respond—largely to confirm they would not supplement their responses. Two meet-and-confers followed, but Defendants continued to withhold critical documents and information.

Defendants' obstructionist tactics leave Steward with no choice but to seek an order compelling compliance and to request expedited consideration. Without a shortened response deadline, Steward risks receiving discovery too late to meaningfully prepare its case within the current schedule.

## II.    ARGUMENT

Under Local Rule 7.1(b)(2), the default deadline for opposing a motion is 14 days unless another period is fixed by order of the court. This Court has previously granted Defendants' request to shorten time for opposition to a motion to compel in view of looming discovery deadlines. *See* ECF No. 102. Steward's request is no different in kind.

Fact discovery closes on July 10, 2025. Defendants are well aware of their discovery failures raised in Steward's Motion to Compel, Steward having raised them in its April 10 letter and again on meet and confers on May 28, June 11 and June 16, 2025. Any burden they may have with a shortened period to respond to the Motion to Compel, if any, is significantly outweighed by the prejudice Steward will face if Defendants have a full 14 days to respond.

Granting Defendants a full 14 days to respond would virtually ensure that the discovery Steward seeks—critical to both its case-in-chief and its expert submissions—would not be

produced until shortly before, or even after, the July 10 deadline. The resulting prejudice to Steward would be significant and irreparable, while the burden on Defendants of responding by June 20 is minimal in comparison, particularly in light of the time they have already had to consider and address these issues.

### III.     CONCLUSION

Allowing Defendants the default 14-day period to oppose Steward's Motion to Compel would reward their obstructionist tactics and risk rendering the relief sought—an order compelling timely production—illusory. To avoid such an outcome and to preserve the integrity of the Court's discovery schedule, Steward respectfully requests that the Court shorten Defendants' time to respond to the Motion to Compel to **June 20, 2025**.

**WHEREFORE**, Steward respectfully requests that the Court enter an order shortening the time to for Defendants to respond to its Motion to Compel to **June 20, 2025**, and granting such other and further relief as the Court deems just and proper.

                  STEWARD HEALTH CARE SYSTEM LLC,

                  By their Attorneys,

*/s/ Seth J. Robbins*
Howard M. Cooper (BBO No. 543842)
Seth J. Robbins (BBO No. 655146)
Samuel M. Myers (BBO No. 711471)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
hcooper@toddweld.com
srobbins@toddweld.com
smyers@toddweld.com

Dated: June 17, 2025

**CERTIFICATE OF SERVICE**

      I, Seth J. Robbins, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on June 17, 2025.

                                              */s/ Seth J. Robbins*
                                              Seth J. Robbins


**RULE 7.1 CERTIFICATION**

      I, Seth J. Robbins, hereby certify, pursuant to Local Rule 7.1(a)(2), that I conferred with Defendants' counsel on June 17, 2025, in a good-faith effort to resolve or narrow the issue raised in this motion, but those efforts have been unsuccessful.

                                              */s/ Seth J. Robbins*
                                              Seth J. Robbins