UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| STEWARD HEALTH CARE SYSTEM LLC, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY, <br><br> Defendants. | Civil Action No. 1:21-cv-11902 – PBS |

### DEFENDANTS' MOTION TO COMPEL PRODUCTION
### AND TO EXTEND CASE DEADLINES

During a meet-and-confer session on Wednesday, June 11, 2025, Plaintiff Steward Health Care System, LLC ("Steward") revealed for the *first time* that it did not search for, review, or produce *any* responsive internal corporate records maintained by Steward or *any* documents from the custodial files of current or former Steward employees. Instead, Steward searched for responsive records only in the electronic email files of five *non-employees* who *were never employed by Steward*, and a SharePoint file containing records previously provided to Defendants during the claim adjustment process. Nevertheless, during the meet-and-confer discussion, Steward maintained that its document production to the first set of discovery requests was "complete," that it would not search its own corporate files such as financial and regulatory records, and that it would not search any current or former Steward employee custodial files.

Further, during a meet-and-confer session on Monday, June 16, 2025, Steward confirmed that it would provide some additional records responsive to the second set of discovery requests, but it would not expand its search for responsive records beyond the same five non-employees'

files, and that it categorically would not produce any additional financial statements, tax returns, or information about Steward's finances, even though it is seeking lost income damages.

Steward's astonishing disclosure—and abject failure to meet its obligations under Rules 26 and 34—requires this Court's prompt intervention. Accordingly, Defendants American Guarantee and Liability Insurance Company ("AGLIC") and Zurich American Insurance Company ("Zurich," and together with AGLIC, "Defendants") respectfully requests that this Court order that: (1) Steward search its corporate custodial files and non-custodial files, including, at a minimum, Steward's corporate leadership's files, for documents responsive to Defendants' first and second set of requests; (2) Steward produce responsive records, including its financial statements, tax returns, and documents related to plans for Norwood Hospital that pre-date the flood event; and (3) extension of all case deadlines, including the trial date, by a minimum of four months. Defendants simply cannot effectively begin depositions of party or non-party deponents, including Rule 30(b)(6) depositions, without access to documents in Steward's corporate files that are responsive to Defendants' document requests, some of which were served years ago.

Defendants acknowledge that this case, while administratively stayed for the majority of time before January 2025, has been pending since 2021. This request, however, is not based on any fault of Defendants and rather is necessary to allow Defendants to fairly and effectively defend the claims that Steward has made, and the extension is required based upon the newly discovered information regarding Steward's insufficient attempt to provide responsive discovery. Pursuant to Local Rules 7.1(a)(2) and 37.1(b), Defendants have attempted to resolve these issues through meet-and-confer discussions with counsel but have been unable to reach agreement. Steward opposes this motion.

Defendants will separately file a Motion for Leave to File Under Seal a Memorandum of Law supporting this Motion, which references and attaches Exhibits that may contain certain Steward Confidential Information. Defendants request oral argument.

WHEREFORE, for the reasons stated herein (and in the separate Memorandum of Law In Support of This Motion which, as noted above, is the subject of a separate Motion for Leave to File Under Seal) Defendants respectfully request that the Court order Steward to search its corporate custodial and non-custodial files (including, but not limited to its corporate records, and the custodial files of Steward and Norwood Hospital's executive leadership) for responsive records; to produce financial records and records regarding plans for Norwood Hospital that pre-date the flood; and to modify the current Scheduling Order to allow for completion of written discovery, as outlined above.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d) Defendants respectfully request oral argument.

Respectfully submitted,

  /s/ Jonathan D. Mutch
Jonathan D. Mutch, Esq. (BBO No. 634543)
Timothy Wenger (BBO No. 674087)
ROBINS KAPLAN LLP
800 Boylston Street, 25th Floor
Boston, MA 02199
Tel: (617) 267-2300
Email: JMutch@RobinsKaplan.com
            TWenger@RobinsKaplan.com

Ronald S. Safer (*pro hac vice*)
Nick Kahlon (*pro hac vice*)
Amy Andrews (*pro hac vice – pending*)
Abigail L. Peluso (*pro hac vice)*
RILEY SAFER HOLMES & CANCILA LLP
1 South Dearborn Street, Suite 2200

>Chicago, Illinois 60603
>Tel: (312) 471-8700
>Email: rsafer@rshc-law.com
>nkahlon@rshc-law.com
>aandrews@rshc-law.com
>apeluso@rshc-law.com
>
>*Attorneys for Defendants American Guarantee and Liability Insurance Company and Zurich American Insurance Company*
>
>Dated: June 17, 2025

**Local Rule 7.1(a)(2) Certification**

I hereby certify that the undersigned conferred and attempted in good faith to resolve or narrow the issue presented in this Motion with counsel for Steward Health.

>*/s/ Jonathan D. Mutch*
>Jonathan D. Mutch

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of June, 2025, a copy of the foregoing motion was filed with the Court via the ECF filing system. As such, this document will be electronically sent to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

>*/s/ Jonathan D. Mutch*
>Jonathan D. Mutch

96215112.1