# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEWARD HEALTH CARE SYSTEM LLC, <br><br> Plaintiff and Defendant-in-Counterclaim, <br><br> v. <br><br> AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY, <br><br> Defendants and Plaintiff-in-Counterclaim. | Civil Action No. 1:21-cv-11902 |

## STEWARD HEALTH CARE SYSTEM LLC'S INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule 26.2(a), Steward Health Care System LLC ("Steward") hereby submits its Initial Disclosures.

These Initial Disclosures are made without waiver of (i) any attorney-client, work product or other privilege or immunity that may apply to communications with the identified witnesses and/or certain specific documents contained in the general categories of documents identified herein, and/or (ii) any objections, based on relevance or other grounds, that Steward may have to production and/or introduction into evidence of any documents identified herein. Steward further reserves the right to amend or supplement these initial disclosures as additional information is obtained during the course of these proceedings, at its discretion.

The information contianed in these intial disclosures is based on information reasonably available to Steward to date. Steward's search for additional documents and information that may support its claims is ongoing; thus, Steward does not represent that it has identified every witness, document or thing it ultimately may use to support its claims and expressly reserves the

1

right to supplement, amend, modify or clarify these initial disclosures pursuant to Rule 26(e) of the Federal Rules of Civil Procedure in light of further discovery and investigation.

I.  **Individuals Likely to Have Discoverable Information**

The following individuals likely have discoverable information that Steward may use to support its claims:

| Name | Facts About Which Witness Has Knowledge |
|---|---|
| Mark A. Graves<br>AVP, Executive General Adjuster<br>American Guarantee and Liability Insurance Company ("AGLIC") | Mr. Graves is familiar with (a) AGLIC's communications with Steward and Medical Properties Trust, Inc. ("MPT") regarding the June 28, 2020 storm, resulting damage to the Norwood Hospital and Steward's claims for coverage under the Policy related thereto, (b) AGLIC's investigation of the damage and adjustment of Steward's claims for coverage, (c) communications with AGLIC's consultants concerning the damage and the estimated cost of repairing, replacing or rebuilding the damaged property as well as Steward's business interruption claim, and (d) the combined handling of Steward's claim as against AGLIC and MPT's claim as against Zurich. |
| Scott Kenyon<br>Vice President, Steward | Mr. Kenyan is familiar with (a) AGLIC's communications with Steward and MPT regarding the June 28, 2020 storm, resulting damage to the Norwood Hospital and Steward's claims for coverage under the Policy related thereto, (b) AGLIC's investigation of the damage and adjustment of Steward's claims for coverage, (c) communications with AGLIC and its consultants concerning the damage and the estimated cost of repairing, replacing or rebuilding the damaged property as well as Steward's business interruption claim, (d) communications between or among AGLIC, AGLIC's consultants, Steward, MPT, and Steward/MPT's consultants and/or representatives of authorities having jurisdiction ("AHJs") concerning the damage and necessary repairs or replacement, and (e) the interruption to Steward's business caused by the storm. |
| Chris Kidney | Mr. Kidney is familiar with (a) AGLIC's communications with Steward and MPT regarding the June 28, 2020 storm, resulting damage to the |

| | |
|---|---|
| Director – Emergency Project Management, Steward Corporate Real Estate and Facilities | Norwood Hospital and Steward's claims for coverage under the Policy related thereto, (b) AGLIC's investigation of the damage and adjustment of Steward's claims for coverage, (c) communications with AGLIC and its consultants concerning the damage and the estimated cost of repairing, replacing or rebuilding the damaged property as well as Steward's business interruption claim, (d) communications between or among AGLIC, AGLIC's consultants, Steward, MPT, and Steward/MPT's consultants and/or representatives of AHJs concerning the damage and necessary repairs or replacement, and (e) the interruption to Steward's business caused by the storm. |
| David T. Soucy<br>Senior Director, Steward Corporate Real Estate and Facilities | Mr. Soucy is familiar with the damage to Steward's business personal property (particularly the diagnostic equipment and biomedical equipment) caused by June 28, 2020 storm as well as the associated impact on that property's serviceability and warrantability by third parties. |
| Jeff Williams<br>Vice President, Director of Technical Operations, Continental Machinery | Mr. Williams is familiar with (a) the damage to Steward's business personal property caused by June 28, 2020 storm as well as the associated impact on that property's serviceability and warrantability by third parties, and (b) communications with Steward, MPT, and/or Steward/MPT's consultants concerning the damage and plans for repairing, replacing or rebuilding the damaged property as well as Steward's business interruption claim. |
| Ronald J. Papa<br>President, National Fire Adjustment Co., Inc. | Mr. Papa is familiar with (a) Steward's and MPT's investigation of the damage caused by the June 28, 2020 storm and their estimates of the cost to repair, rebuild or replace the damaged property as well as Steward's business interruption claim, (b) communications between or among Steward, MPT, and Steward/MPT's consultants and/or representatives of AHJs concerning the damage and plans for repairing, replacing or rebuilding the damaged property as well as Steward's business interruption claim, and (c) communications with AGLIC and Zurich regarding the June 28, 2020 storm, resulting damage to the Norwood Hospital and Steward's claims for coverage under the Policy related thereto. |

| | |
|---|---|
| Sean P. O'Mara<br>Chief Estimator, National Fire Adjustment Co., Inc. | Mr. O'Mara is familiar with (a) Steward's and MPT's investigation of the damage caused by the June 28, 2020 storm and their estimates of the cost to repair, rebuild or replace the damaged property as well as Steward's business interruption claim, (b) communications between or among Steward, MPT, and Steward/MPT's consultants and/or representatives of AHJs concerning the damage and plans for repairing, replacing or rebuilding the damaged property as well as Steward's business interruption claim, and (c) communications with AGLIC and Zurich regarding the June 28, 2020 storm, resulting damage to the Norwood Hospital and Steward's claims for coverage under the Policy related thereto. |
| Clifford W. Hyde, Jr.<br>Senior Executive General Adjuster, Sedgwick<br>120 Broadway<br>New York, NY 10271 | Mr. Hyde is familiar with (a) Zurich/AGLIC communications with MPT and Steward regarding the June 28, 2020 storm, resulting damage to the Norwood Hospital and MPT's claims for coverage under the Policy related thereto, (b) Zurich/AGLIC's investigation of the damage and adjustment of Steward's claims for coverage, (c) communications with Zurich/AGLIC and its consultants concerning the damage and the estimated cost of repairing, replacing or rebuilding the damaged property as well as Steward's business interruption, (d) communications between or among Zurich/AGLIC, Zurich/AGLIC's consultants, MPT, Steward, and MPT/Steward's consultants and/or representatives of AHJs concerning the damage and necessary repairs or replacement as well as Steward's business interruption claim. |
| Robert Gendron<br>Executive Vice President, Steward Corporate Real Estate and Facilities | Mr. Gendron is familiar with (a) Steward's and MPT's response to the June 28, 2020 storm and resulting damage to the Norwood Hospital, (b) communications between or among MPT, Steward, and MPT/Steward's consultants and/or representatives of AHJs concerning the damage and plans for repairing, replacing or rebuilding the damaged property as well as Steward's business interruption claim, and (c) steps taken by Steward and MPT to start repairing, rebuilding or replacing the damaged Hospital property. |

| Jodi Papa, National Fire Adjustment Co., Inc. | Ms. Papa is familiar with the consolidation of data relative to Steward's claim and the calculation of same. |
|---|---|
| Brian Wright, National Fire Adjustment Co., Inc. | Mr. White was involved in the preparation and submission of the portion of Steward's insurance claim concerning hospital supplies and building content. |
| Don Simmons, National Fire Adjustment Co., Inc. | Mr. Simmons was involved in the preparation and submission of the portion of Steward's insurance claim concerning hospital supplies and building content. |

In addition, on or about May 4, 2022, AGLIC undertook the Examination Under Oath of Steward. During that examination, Steward witness David Soucy was asked and disclosed the names of dozens of individuals and entities with discoverable information. These entities and individuals included, but were not limited to Original Equipment Manufacturers and their agents who supplied certain medical equipment to Steward as well as individuals and entities involved in the testing, review and analysis of the equipment. Steward incorporates the identities of those individuals and entities and the subject matter of their knowledge as expressly disclosed to AGLIC during the Examination Under Oath. Where the Examination Under Oath did not conclude on May 4, 2022, it is likely that further questioning from AGLIC's counsel will reveal the identity of additional witnesses with discoverable information. To the extent additional individuals and entities are disclosed during the Examination Under Oath Process, Steward incorporates herein by reference this information.

Steward reserves the right to rely on such additional witnesses who become known during discovery. Steward will supplement these initial disclosures should additional witnesses come to its attention.

**II.    Locations of Documents**

Steward has in its possession, custody or control the following categories of documents, data compliations, and tangible things that it may use o support its claims:

    A.    Documents concerning the Policy.  These documents are located at: (i) the offices of Steward located at 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201; and (ii) the offices of Todd & Weld LLP located at One Federal Street, Boston, Massachusetts 02110.

    B.    Documents concerning the response to the June 28, 2020 storm by Steward and MPT and resulting damage to the Norwood Hospital.  These documents are located at: (i) the offices of Steward located at 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201; and (ii) the offices of Todd & Weld LLP located at One Federal Street, Boston, Massachusetts 02110.

    C.    Documents supportive of Steward's insurance claim.   These documents are located at: (i) the offices of Steward located at 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201; and (ii) the offices of Todd & Weld LLP located at One Federal Street, Boston, Massachusetts 02110.

    D.    Correspondence between Steward, MPT and/or their consultants concerning the damage and plans / costs associated with repairing, replacing or rebuilding the damaged property.  These documents are located at: (i) the offices of Steward located at 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201; and (ii) the offices of Todd & Weld LLP located at One Federal Street, Boston, Massachusetts 02110.

    D.    Steward's correspondence with AGLIC and/or Zurich regarding the June 28, 2020 storm, resulting damage to the Norwood Hospital and Steward's claims for coverage under the Policy related thereto.  These documents are located at: (i) the offices of Steward

located at 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201; and (ii) the offices of Todd & Weld LLP located at One Federal Street, Boston, Massachusetts 02110.

Steward objects to the production of documents, data compilations, and tangible things protected by the attorney-client privilege, work product doctrine, the common-interest doctrine, or other applicable privileges or protections against disclosure.

### III.    Computation of Damages

While its investigation is ongoing, Steward currently estimates it would prove at trial $132,795,779.28 in damages caused by AGLIC's breach of contract (Count II) and breach of the implied covenant of good faith and fair dealing (Count III), Zurich's tortious interference of contractual relations (Count IV), and AGLIC and Zurich's unfair and deceptive conduct in violation of G.L. c. 93A, §§ 2, 11.  This current calculation reflects $220,493,373 in covered losses currently claimed by Steward less the $87,697,593.72 paid by AGLIC as of this date. Steward has not yet calculated any pre-judgment interest.

In addition, Steward is entitled to all other damages authorized by G.L. c. 93A, § 11 because of the knowing and willful violations of G.L. c. 93A, § 2 by AGLIC and Zurich, as detailed in, among other places, Paragraph 98 of Steward's Amended Complaint, trebled, plus an award of its costs and attorney fees.

Because Steward, AGLIC and Zurich have all continued their investigations of the damage caused by the storm on June 28, 2020, Steward's computations of its damages as contained herein are necessarily approximate at this stage of the litigation and will be updated as necessary, including through the submission of expert reports estimating (a) its overall business interruption, and (b) the cost to repair, rebuild or replace its damaged business personal property (without deduction for depreciation) with materials of like kind, quality and capacity.  Moreover,

Steward anticipates receiving additional evidentiary materials supporting its claims for damages during the course of discovery. Accordingly, Steward reserves the right to amend, modify and/or supplement these computation(s), to the extent necessary.

## IV. Insurance Agreements

Steward has no information relating to any insurance (or reinsurance) agreement under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered against Steward in this action or to indemnify or reimburse Steward for payments made to satisfy the judgment.

        Respectfully submitted,

        STEWARD HEALTH CARE SYSTEM LLC,

        By its attorneys:

        */s/* David H. Rich
        Howard M. Cooper (BBO # 543842)
        hcooper@toddweld.com
        David H. Rich (BBO # 634275)
        drich@toddweld.com
        Rebecca M. O'Brien (BBO # 693592)
        robrien@toddweld.com
        TODD & WELD LLP
        One Federal Street, 27th Floor
        Boston, MA 02110
        (617) 720-2626

Dated: May 6, 2022

## Certificate of Service

    I, David H. Rich, hereby certify that I caused a true and accurate copy of the above document to be served on counsel for all parties via email on May 5, 2022.

Date:  May 6, 2022

                                                     David H. Rich (BBO # 634275)