# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEWARD HEALTH CARE SYSTEM LLC,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>　　　　Defendants. | Civil Action No. 1:21-cv-11902-PBS |

**AMERICAN GUARANTEE AND LIABILITY INSURANCE
COMPANY'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS TO STEWARD HEALTH CARE SYSTEM LLC**

American Guarantee and Liability Insurance Company (hereinafter referred to as "AGLIC") requests, pursuant to Fed. R. Civ. P. 26 and 34, that Steward Health Care System LLC (hereinafter referred to as "Steward") respond to the requests for production within thirty (30) days of service hereof.

**I.　DEFINITIONS**

Words in Capital Letters in this First Set of Requests for Production are defined as follows:

1.　"COMPLAINT" refers to and shall mean the Second Amended Complaint filed on March 16, 2023 in the District of Massachusetts in Case Number 1:21-cv-11902.

2.　"DOCUMENT" or "DOCUMENTS" shall be broadly defined to mean "writings" as defined in Fed. R. Civ. P. 34, i.e., any statement, writing, original, duplicate, including,

1

but not limited to, business records and personal records and drafts thereof. DOCUMENTS also includes all information generated, recorded, preserved, or maintained by electronic means, including, but not limited to, information generated, recorded, preserved or maintained on computer hard-drives, servers, or any other form of computer readable storage media.

3.     "IDENTIFY", when used in reference to a document, means to state (1) its date, (2) its author, (3) the type of document (e.g. letter, memorandum, receipt, invoice, schedule, report, form, chart, photograph, audio recording or note), (4) its present location, (5) the name of its present custodian or each custodian if there is more than one copy thereof; and (6) its general subject matter. If any such document was, but is no longer, in the possession of STEWARD or subject to its control, or is no longer in existence, state whether it is (a) missing or lost, (b) destroyed, (c) transmitted or transferred voluntarily or involuntary to others, identifying such others, and (d) otherwise disposed of, and, in each instance, explain the circumstances surrounding the authorization for such disposition and state the date or approximate date thereof. If any of the above information is not available to STEWARD, state any available means of identifying such documents.

4.     "IDENTIFY", when referring to insurance policies, means to set forth the name of the insurer, the policy number, the applicable policy period, and the subject and type of coverage.

5.     "IDENTIFY", when used in reference to a natural person, means to state (1) his or her full name, telephone number, and present or last known address or residence, and (2) his or her present or last known business affiliation, position therewith, and business address. If any of the

above information is not available to STEWARD, state any other available means of identifying such person.

6.  "IDENTIFY", when used in reference to a person other than a natural person, means to state (1) its full name, (2) the nature of its organization, including the name of the state under which it is organized, (3) its address(es), (4) the address of its principal place of business, (5) its telephone number, and (6) its principal line of business. If any of the above information is not available to Defendant, state any available means of identifying such person.

7.  "INSURANCE CLAIM" refers to and shall mean the claim STEWARD submitted to AGLIC under the assigned policy for the WEATHER EVENT at Norwood Hospital dated June 28, 2020.

8.  "PERSON(S)" refers to and shall mean natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, government agencies, or any other kind of entity.

9.  "POLICY" refers to and shall mean Policy No. ZMD1393138-00 issued to STEWARD by AGLIC for the policy period from November 1, 2019 to November 1, 2020.

10. The word "CONCERN" or "CONCERNING" means referring to, describing, evidencing or constituting any information pertaining to the subject matter.

11. "WEATHER EVENT" refers to the rainstorm that occurred on June 28, 2020 referred to in the Complaint.

12. "STATE" means to set forth in complete detail, and with particularity.

13. "YOU" or "YOUR" shall mean STEWARD, and all employees, agents, representatives, attorneys, affiliates, parent companies, and all other persons acting on its behalf, for its benefit, or within its control.

14.     "AGLIC" shall mean American Guarantee and Liability Insurance Company, and all employees, agents, representatives, attorneys, affiliates, parent companies, and all other persons acting on its behalf, for its benefit, or within its control.

15.     "STEWARD" shall mean Steward Health Care System LLC, and all employees, agents, representative, attorneys, affiliates, parent companies, and all other persons acting on its behalf, for its benefit, or within its control.

16.     "MPT" shall mean Medical Properties Trust, Inc., and all employees, agents, representatives, attorneys, affiliates, parent companies, and all other persons acting on its behalf, for its benefit, or within its control.

17.     When used herein, plural terms shall include the singular and singular terms shall include the plural.

18.     When used herein, conjunctive terms (e.g., "and") shall include the disjunctive (e.g., "or") and disjunctive terms shall include the conjunctive.

19.     When used herein, all terms defined in the POLICY shall have the meaning ascribed to them in the POLICY.

## II.     INSTRUCTIONS

1.     Pursuant to Fed. R. Civ. P 34(b)(2)(E)(ii), AGLIC requests that STEWARD produce all responsive DOCUMENTS as defined herein, including electronically stored information ("ESI") and original associated metadata.

2.     Where documents in the possession of STEWARD are requested, such request includes documents in the possession, custody, or control of STEWARD, including in the possession of any agent, employee, or representative or anyone else acting on its behalf and, unless privileged, any attorney of STEWARD.

3.  If any claim of privilege or other protection is asserted in objecting to a Document Request, the response should, with respect to each objection, state the information required for logging of such documents.

4.  The Document Requests that follow are to be considered continuing and shall be supplemented as required. Accordingly, STEWARD is requested to provide to AGLIC, by way of supplementary responses, such additional documents as STEWARD, or any other person or entity acting on its behalf, may obtain, which will augment or otherwise supplement STEWARD's answers and responses now given to the Document Requests.

5.  If STEWARD cannot search for or locate responsive documents for any reason, so state and respond to the extent possible, specifying STEWARD's inability to answer the remainder, and providing whatever information, documents, and/or knowledge STEWARD has concerning the unanswered portions.

### III.    REQUESTS FOR PRODUCTION

1.  All DOCUMENTS IDENTIFIED in, CONCERNING, or reviewed in preparation for YOUR responses to AGLIC's First Set of Interrogatories.

**RESPONSE:**


2.  All DOCUMENTS provided to any consultant, including but not limited to, any expert witness retained in connection with either any loss, expense or damage YOU claim to have sustained as a result of the WEATHER EVENT or regarding bad faith as alleged in this litigation.

**RESPONSE:**

3. All DOCUMENTS that evidence, support, or otherwise CONCERN information, material, or opinions provided to YOU by any consultant, including but not limited to experts retained in connection with this litigation either with regard to any loss, expense or damage YOU claim to have sustained as a result of the WEATHER EVENT or regarding bad faith as alleged in this litigation.

**RESPONSE:**

4. All DOCUMENTS that evidence, support, or otherwise CONCERN the amount of loss, expense or damage claimed by YOU for:

    a. property damage, including to business personal property;

    b. time element losses, including for extra expenses;

    c. claim preparation and professional fees; and/or

    d. any other loss, expense or damage under the POLICY.

**RESPONSE:**

5. All DOCUMENTS that evidence, support, or otherwise CONCERN YOUR claim that AGLIC acted in bad faith.

**RESPONSE:**

6. All communications regarding any loss, expense or damage YOU claim to have sustained as a result of the WEATHER EVENT or alleged bad faith by AGLIC, including, but not limited to:

    a. internal communications;

  b.  communications with AGLIC and/or any third-party acting on behalf of AGLIC, including, but not limited to, Sedgwick;

  c.  communications with MPT; and

  d.  communications with any other third parties, including consultants, public adjusters or insurance brokers.

**RESPONSE:**


7. All DOCUMENTS and communications that CONCERN the closure of or prohibiting access to Norwood Hospital, including, but not limited to, communications with MPT.

**RESPONSE:**


8. All DOCUMENTS and communications that evidence, support, or otherwise CONCERN any efforts by YOU to mitigate the loss, expense or damage YOU claim to have sustained as a result of the WEATHER EVENT or the bad faith as alleged in this litigation, including without limitation use of other medical facilities for the delivery of health care that YOU assert would have been performed at Norwood Hospital but for the WEATHER EVENT.

**RESPONSE:**


9. DOCUMENTS sufficient to show the costs YOU claim to have incurred in an attempt to mitigate the alleged loss of or damage to YOUR property and/or equipment.

**RESPONSE:**


10. YOUR tax returns from January 1, 2016 to the present.

**RESPONSE:**

11.     All DOCUMENTS and communications, including but not limited to, internal financial reports or records, reflecting the assets and/or profit and loss of Norwood Hospital from January 1, 2016 to the present.

**RESPONSE:**

12.     All DOCUMENTS and communications regarding damage from wind-driven rain, or rain otherwise permeating the walls as distinct from either ground level flooding or top-down waters.

**RESPONSE:**

13.     All DOCUMENTS and communications that YOU provided to or received from the Town of Norwood, Massachusetts regarding Norwood Hospital from January 1, 2017 to present.

**RESPONSE:**

14.     All DOCUMENTS and communications regarding any investigation into the loss, expense or damage YOU claim to have sustained as a result of the WEATHER EVENT, including, but not limited to internal communications or communications with any of the following:

      a.  AGLIC;

      b.  Sedgwick;

      c.  MPT;

d. Frontier;

e. GE;

f. Philips;

g. BR+A Consulting Engineers;

h. FUJIFILM Medical Systems;

i. Hologic;

j. MARSH FACS;

k. EH&E;

l. Array Architects, Inc.;

m. Code Red Consultants;

n. Continental Machinery;

o. Gale Associates, Inc.;

p. North S. Tarr Concrete Consulting;

q. Thyssenkrupp Elevator;

r. L.A. Fuess Partners;

s. Green Seal Environmental, Inc.;

t. Drager, Inc.;

u. Konica; and

v. BeaconMedaes USA.

**RESPONSE:**

15. All DOCUMENTS and communications, in draft or final form, whether provided to AGLIC or not, that CONCERN any schedule, timeline, calendar, timetable, period of time, or date(s) for re-opening some part or all of Norwood Hospital.

**RESPONSE:**

16. All DOCUMENTS and communications that CONCERN the "Period of Liability" for YOUR claimed business income loss and/or the time required for Norwood Hospital to be made ready for operations.

**RESPONSE:**

17. All DOCUMENTS and communications that support any of the allegations made in Paragraph 112 (and its subparts) of YOUR COMPLAINT.

**RESPONSE:**

18. All DOCUMENTS and communications that support the allegations made in Paragraph 10 of YOUR COMPLAINT that AGLIC has acted in bad faith in handling YOUR claim.

**RESPONSE:**

19. All invoices and purchase orders for each piece of diagnostic imaging equipment and biomedical equipment that YOU claim suffered loss, expense or damage as a result of the WEATHER EVENT.

**RESPONSE:**

20. All product manuals for each piece of diagnostic imaging equipment and biomedical equipment that YOU claim suffered loss, expense or damage as a result of the WEATHER EVENT.

**RESPONSE:**

21. All maintenance and repair records for each piece of diagnostic imaging equipment and biomedical equipment that YOU claim suffered loss, expense or damage as a result of the WEATHER EVENT.

**RESPONSE:**

22. All DOCUMENTS reflecting the install date and/or useful life for each piece of diagnostic imaging equipment and biomedical equipment that YOU claim suffered loss, expense or damage as a result of the WEATHER EVENT.

**RESPONSE:**

23. All DOCUMENTS that CONCERN the sale of any diagnostic imaging equipment or biomedical equipment that YOU claim suffered loss, expense or damage as a result of the WEATHER EVENT.

**RESPONSE:**

24. All DOCUMENTS and communications describing, inventorying, valuing or itemizing any diagnostic imaging equipment or biomedical equipment that YOU claim suffered loss or damage as a result of the WEATHER EVENT.

**RESPONSE:**


25. All DOCUMENTS showing any application or request YOU made related to Norwood Hospital under the CARES Act or a similar government program.

**RESPONSE:**


26. All DOCUMENTS showing any funds, payments or loans YOU received related to Norwood Hospital pursuant to the CARES Act or a similar government program.

**RESPONSE:**


27. If YOU received any funds, payments or loans pursuant to the CARES Act or a similar government program, DOCUMENTS sufficient to show the amount, if any, YOU allocated to Norwood Hospital.

**RESPONSE:**

Dated: November 3, 2023                    By:

                                                    */s/ Jonathan D. Mutch*
Jonathan D. Mutch, Esq. (BBO No. 634543)
ROBINS KAPLAN LLP
800 Boylston Street, 25th Floor
Boston, MA 02199
Tel: 617-859-2722
Email: JMutch@RobinsKaplan.com

***Attorney for American Guarantee and Liability Insurance Company***

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of November, 2023 I served by email and first-class mail the foregoing American Guarantee and Liability Insurance Company's First Set of Requests for Production of Documents to Steward Health Care System LLC on counsel of record for Steward Health Care System LLC.

                                                    */s/ Timothy Wenger*
Timothy Wenger, Esq.

37552170.1