# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| STEWARD HEALTH CARE SYSTEM LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>    Defendants. | Civil Action No. 1:21-cv-11902-PBS |

**STEWARD HEALTH CARE SYSTEM LLC'S REPONSES TO**
**ZURICH AMERICAN INSURANCE COMPANY'S**
**SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

   Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Steward

Health Care System LLC ("Plaintiff") hereby objects and responds to Defendant Zurich

American Insurance Company's ("Defendant Zurich") Second Request for Production of

Documents (the "Requests") as follows:

**Scope of Search**

   These responses are based on Plaintiff's investigation to date, which has entailed

searching its physical and electronic files and other places where documents within the scope of

the Requests may be kept.

**Reservation of Rights**

   Plaintiff reserves the right to rely on facts, documents or other evidence or information

which may develop or come to its attention subsequent to these objections and responses.

Plaintiff's objections and responses are set forth herein without prejudice to its right to assert

additional objections or supplemental responses should it discover additional information or grounds for objection and should the Court permit additional discovery. Plaintiff further reserves the right to supplement or amend these objections and responses at any time prior to the trial of this action.

## General Objections and Limitations

1.      Plaintiff objects to the Requests to the extent they seek the production of information protected from discovery by any privilege or immunity, including, without limitation, the attorney-client privilege and/or the work product doctrine. In the event any privileged or immune document is produced by Plaintiff, its production is inadvertent and does not constitute a waiver of any privilege or immunity.

2.      Plaintiff objects to the Requests to the extent they exceed or conflict with the Federal Rules of Civil Procedure and local district rules. Plaintiff undertakes to produce documents in response to the Requests only to the extent required by the applicable rules.

3.      In the specific responses to the specific requests below, a statement that responsive documents will be produced does not mean that (a) any documents exist or ever have existed, or (b) any documents are, or were, in the possession, custody or control of Plaintiff.

4.      Documents produced in response to more than one specific request will be produced once and not separately produced in response to each request to which such document may be responsive.

5.      A statement by Plaintiff that it will produce documents responsive to a specific request contained in the Requests means that Plaintiff will produce documents within its possession, custody or control that contain information that falls within a fair reading of the specific request.

2

6.      The responses set forth below, and the production made pursuant thereto, are based upon information now available to Plaintiff.  Plaintiff objects to the Requests to the extent they purport to demand production of documents not within Plaintiff's possession, custody or control or to require a search of files that do not reasonably relate to one or more of the specific requests contained in the Requests.

7.      Plaintiff is providing these responses, and will produce documents pursuant thereto, without waiver of or prejudice to his right, at any later time, to raise objections to (a) any further demand for discovery involving or relating to the matters raised in the Requests, or (b) the relevance, materiality or admissibility of (i) the Requests or any part thereof, (ii) statements made in these responses to the Requests or any part thereof, or (iii) any document produced pursuant to these responses.

8.      Plaintiff will supplement its production of documents in response to the Requests only to the extent required by the Federal Rules of Civil Procedure and local district rules.  Plaintiff objects to the Requests to the extent they purport to impose any additional or further obligation on it.

9.      The following responses to the specific requests contained in the Requests incorporate by reference and are subject to the General Objections set forth above.  Plaintiff objects to the production of any document falling within the General Objections set forth above.  In the event any document falling within such an objection is produced by Plaintiff, its production is inadvertent and does not constitute a waiver of the objection.

## Objections to Instructions and Definitions

Steward objects to Zurich's Definitions and Instructions to the extent each instruction and definition impermissibly alters and/or expands the obligations under, or information required

under the Federal Rules of Civil Procedure and/or the Local Rules of the United States District

Court for the District of Massachusetts.

## **DOCUMENT RESPONSES**

10.    For each year from 2015 through the present, Documents sufficient to show Your

corporate structure, including the organization structure of Your departments and business units,

your employees working within those departments and business units, and their reporting lines

(for example, an organization chart).

**RESPONSE NO. 10:**

Plaintiff objects to this request as overly broad and unduly burdensome in that it seeks

documents that are not relevant or proportional to the needs of this case.  Plaintiff further objects

to the extent that the request seeks information protected from disclosure by the attorney-client

privilege and/or work product doctrine.

Subject to and without waiving these objections, Plaintiff will conduct a reasonable

search and produce copies of non-privileged documents showing Plaintiff's organization

structure from June 28, 2020 through the end of December 31, 2024, within Plaintiff's

possession, custody or control.


11.    Your audited financial statements for each year from 2015 through the present.

**RESPONSE NO. 11:**

Plaintiff objects to this request as overly broad and unduly burdensome in that it seeks

documents that are not relevant or proportional to the needs of this case.  Plaintiff further objects

to the extent that the request seeks information protected from disclosure by the attorney-client

privilege and/or work product doctrine.

12.     Your corporate tax filings for each year from 2015 through the present, including both federal and state filings.

**RESPONSE NO. 12:**

Plaintiff objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case. Plaintiff further objects to the extent that the request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to the request because it seeks privileged material that is not subject to disclosure.

13.     All Documents and Communications regarding your financial statements, including any balance sheets, income statement, cashflow statements, revenue projections, or prospectus.

**RESPONSE NO. 13:**

Plaintiff objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case. Plaintiff further objects to the extent that the request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving these objections, Plaintiff states that the financial data necessary to calculate business income loss for the undisputed time period is already in Zurich's possession. With respect to the financial data relevant to the calculation of business income loss for the contested time period, Plaintiff produced these documents on January 14, 2025, and is remains willing to confer with Defendants regarding whether such documents should be re-produced with bates numbers for convenience.

5

14.     All Documents and Communications regarding any debt financing obtained by You, including any Documents submitted by You to obtain any loans.

**RESPONSE NO. 14:**

Plaintiff objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case.  Plaintiff further objects to the extent that the request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.

15.     All Documents and Communications regarding the Microburst Event.

**RESPONSE NO. 15:**

Plaintiff objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case.  Plaintiff also objects to the extent that the request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.  Plaintiff further objects to this request as it is duplicative to Defendants' respective First Sets of Requests for Production of Documents to Plaintiff and seeks documents that Plaintiff already produced after conducting a reasonable search, which was in accordance with Plaintiff's responses and objections to the Defendants' respective First Sets of Requests for Production of Documents.

Subject to and without waiving these objections, Plaintiff is willing to confer with Defendant Zurich on certain categories of non-privileged documents that it seeks and were not already requested in Defendants' respective First Sets of Requests for Production of Documents to Plaintiff.

16.     All Documents and Communications regarding Your claim for insurance as a result of the Microburst Event, including internal Communications, Communications with Zurich, or Communications with any other Person.

**RESPONSE NO. 16:**

Plaintiff objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case.  Plaintiff also objects to the extent that the request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to this request as it is duplicative to Defendants' respective First Sets of Requests for Production of Documents to Plaintiff and seeks documents that Plaintiff already produced after conducting a reasonable search, which was in accordance with Plaintiff's responses and objections to the Defendants' respective First Sets of Requests for Production of Documents.

Subject to and without waiving these objections, Plaintiff is willing to confer with Defendant Zurich on certain categories of non-privileged documents that it seeks and were not already requested in Defendants' respective First Sets of Requests for Production of Documents to Plaintiff.

17.     All Documents and Communications regarding any loss, expense, or damage You claim to have sustained because of the Microburst Event.

**RESPONSE NO. 17:**

Plaintiff objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case.  Plaintiff also objects to the extent that the request seeks information protected from disclosure by the attorney-client

privilege and/or work product doctrine. Plaintiff further objects to this request as it is duplicative

to Defendants' respective First Sets of Requests for Production of Documents to Plaintiff and

seeks documents that Plaintiff already produced after conducting a reasonable search, which was

in accordance with Plaintiff's responses and objections to the Defendants' respective First Sets

of Requests for Production of Documents.

Subject to and without waiving these objections, Plaintiff is willing to confer with

Defendant Zurich on certain categories of non-privileged documents that it seeks and were not

already requested in Defendants' respective First Sets of Requests for Production of Documents

to Plaintiff.

18.    All Documents and Communications relating to appraisals of the Norwood Hospital.

**RESPONSE NO. 18:**

Plaintiff objects to this request as overly broad and unduly burdensome in that it seeks

documents that are not relevant or proportional to the needs of this case.  Plaintiff further objects

to the extent that the request seeks information protected from disclosure by the attorney-client

privilege and/or work product doctrine.

19.    All Documents and Communications relating to water intrusion prevention and

remediation efforts at Norwood Hospital, including policies and procedures dealing with the

prevention and remediation of water intrusion.

**RESPONSE NO. 19:**

Plaintiff objects to this request as overly broad and unduly burdensome in that it seeks

documents that are not relevant or proportional to the needs of this case.  Plaintiff also objects to

the extent that the request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to this request as it is duplicative to Defendants' respective First Sets of Requests for Production of Documents to Plaintiff and seeks documents that Plaintiff already produced after conducting a reasonable search, which was in accordance with Plaintiff's responses and objections to the Defendants' respective First Sets of Requests for Production of Documents.

Subject to and without waiving these objections, Plaintiff will conduct a reasonable search and produce copies of non-privileged policies and procedures relating to the prevention and remediation of water intrusion, to the extent the same exist, within Plaintiff's possession, custody or control.

20.    All Documents and Communications relating to the maintenance or repair of the Norwood Hospital facility, including maintenance requests and records of maintenance of the Norwood Hospital.

**RESPONSE NO. 20:**

Plaintiff objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case. Plaintiff also objects to the extent that the request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to this request as it is duplicative to Defendants' respective First Sets of Requests for Production of Documents to Plaintiff and seeks documents that Plaintiff already produced after conducting a reasonable search, which was in accordance with Plaintiff's responses and objections to the Defendants' respective First Sets of Requests for Production of Documents.

Subject to and without waiving these objections, Plaintiff will conduct a reasonable search and produce non-privileged maintenance requests and maintenance records of to the extent they relate to Plaintiff's claim for improvements and betterments under the insurance claim.

21.    All Documents and Communications relating to building inspections of the Norwood Hospital, including any assessment of the physical condition of the Norwood Hospital, communications with the Person who conducted the inspection, and any report of the findings of such inspection, both before and after the Microburst Event.

**RESPONSE NO. 21:**

Plaintiff objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case.  Plaintiff also objects to the extent that the request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.  Plaintiff further objects to this request as it is duplicative to Defendants' respective First Sets of Requests for Production of Documents to Plaintiff and seeks documents that Plaintiff already produced after conducting a reasonable search, which was in accordance with Plaintiff's responses and objections to the Defendants' respective First Sets of Requests for Production of Documents.

Subject to and without waiving these objections, Plaintiff will conduct a reasonable search and produce non-privileged responsive to this request from June 28, 2020 through the end of December 31, 2024.

22.    All Documents and Communications regarding any proposed, contemplated, planned, or construction or renovation projects at Norwood Hospital, including any project to renovate or replace the Norwood Hospital, in the ten years prior to the Microburst Event and up to and after the Microburst Event.

**RESPONSE NO. 22:**

Plaintiff objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case. Plaintiff also objects to the extent that the request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving these objections, Plaintiff will conduct a reasonable search and produce non-privileged documents, prior to June 28, 2020, responsive to this request as they relate to Plaintiff's claim for improvements and betterments within the insurance claim only. Plaintiff will conduct a reasonable search and produce non-privilege documents, from June 28, 2020 through the end of December 31, 2024, responsive to this request.

23.    All Documents and Communications with any developers, contractors, builders, or architects You engaged to perform work on the Norwood Hospital, before and after the Microburst Event, including any work that was planned or contemplated to renovate or replace the Norwood Hospital structure.

**RESPONSE NO. 23:**

Plaintiff objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case. Plaintiff also objects to

the extent that the request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving these objections, Plaintiff will conduct a reasonable search and produce non-privileged documents, prior to June 28, 2020, responsive to this request to the extent they relate to Plaintiff's claim for improvements and betterments under the insurance claim. . Plaintiff will conduct a reasonable search and produce non-privilege documents, from June 28, 2020 through the end of December 31, 2024, responsive to this request.

24.     All Documents and Communications relating to Your Sworn Proof of Loss, including all Documents submitted in support of Your Sworn Proof of Loss, and all Communications relating to the preparation of Your Sworn Proof of Loss.

**RESPONSE NO. 24:**

Plaintiff objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case. Plaintiff objects to this request as vague and confusing as "Sworn Proof of Loss" is not a defined term. Plaintiff also objects to the extent that the request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to this request as it is duplicative to Defendants' respective First Sets of Requests for Production of Documents to Plaintiff and seeks documents that Plaintiff already produced after conducting a reasonable search, which was in accordance with Plaintiff's responses and objections to the Defendants' respective First Sets of Requests for Production of Documents.

12

Subject to and without waiving these objections, Plaintiff is willing to confer with Defendant Zurich for certain categories of documents Defendant Zurich seeks that were not already requested in Defendants' respective First Sets of Requests for Production of Documents to Plaintiff.

25.    All Documents and Communications relating to your allocation of damages between "Flood" and "Storm" damages in the "claim summary" appended to Your sworn Proof of Loss.

**RESPONSE NO. 25:**

Plaintiff objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case.  Plaintiff objects to this request as vague and confusing as "Sworn Proof of Loss" is not a defined term.  Plaintiff also objects to the extent that the request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to this request as it is duplicative to Defendants' respective First Sets of Requests for Production of Documents to Plaintiff and seeks documents that Plaintiff already produced after conducting a reasonable search, which was in accordance with Plaintiff's responses and objections to the Defendants' respective First Sets of Requests for Production of Documents.

Subject to and without waiving these objections, Plaintiff is willing to confer with Defendant Zurich for certain categories of documents Defendant Zurich seeks that were not already requested in Defendants' respective First Sets of Requests for Production of Documents to Plaintiff.

26.    All Documents and Communications relating to any assessment of the length of time needed to restore Norwood Hospital after the Microburst Event.

**RESPONSE NO. 26:**

Plaintiff objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case.  Plaintiff objects to this request as vague and confusing as "Sworn Proof of Loss" is not a defined term.  Plaintiff also objects to the extent that the request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to this request as it is duplicative to Defendants' respective First Sets of Requests for Production of Documents to Plaintiff and seeks documents that Plaintiff already produced after conducting a reasonable search, which was in accordance with Plaintiff's responses and objections to the Defendants' respective First Sets of Requests for Production of Documents.

Subject to and without waiving these objections, Plaintiff is willing to confer with Defendant Zurich for certain categories of documents Defendant Zurich seeks that were not already requested in Defendants' respective First Sets of Requests for Production of Documents to Plaintiff.

27.    All Documents and Communications relating to plans or efforts to reopen the Norwood Hospital.

**RESPONSE NO. 27:**

Plaintiff objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case.  Plaintiff also objects to

the extent that the request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving these objections, Plaintiff will conduct a reasonable search and produce non-privileged documents responsive to this request within Plaintiff's possession, custody or control.

28.    Documents sufficient to establish Your licensure to operate within the State of Massachusetts.

**RESPONSE NO. 28**:

Plaintiff objects to this request as the phrase "establish You licensure" is vague and confusing. Plaintiff objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case.  Plaintiff further objects to the extent that the request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving these objections, Plaintiff will conduct a reasonable search and produce non-privileged documents as they relate to Plaintiff's licenses to operate Norwood Hospital from June 28, 2020 through December 31, 2024, within Plaintiff's possession, custody or control.

29.    All Documents and Communications between You and any Person regarding Your licensure to operate within the State of Massachusetts, including Communications with the Office of the Governor of Massachusetts, the Executive Office of Health and Human Services, or

the Massachusetts Department of Public Health regarding Your ability to own or operate a

licensed medical facility in Massachusetts.


**RESPONSE NO. 29:**

Plaintiff objects to this request as overly broad and unduly burdensome in that it seeks

documents that are not relevant or proportional to the needs of this case.  Plaintiff further objects

to the extent that the request seeks information protected from disclosure by the attorney-client

privilege and/or work product doctrine.

Subject to and without waiving these objections, Plaintiff will conduct a reasonable

search and produce non-privileged documents responsive to this request as they relate to

Plaintiff's operation of Norwood Hospital only from June 28, 2020 through December 31, 2024,

within Plaintiff's possession, custody or control.


30.     All Documents and Communications relating to any audits or investigations of Steward

by the State of Massachusetts, including the Massachusetts Department of Health or any other

Massachusetts State Agency.

**RESPONSE NO. 30:**

Plaintiff objects to this request as overly broad and unduly burdensome in that it seeks

documents that are not relevant or proportional to the needs of this case.  Plaintiff further objects

to the extent that the request seeks information protected from disclosure by the attorney-client

privilege and/or work product doctrine.

31.     All Documents and Communications relating to any financial audits by any governmental entity in the State of Massachusetts related to Steward or any hospital owned and operated within Massachusetts by Steward.

**RESPONSE NO. 31:**

Plaintiff objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case.  Plaintiff further objects to the extent that the request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.

32.     All Documents and Communications regarding any criminal or civil governmental investigation of Steward, including any investigation conducted by the United States Federal Government, State governments, or any local governmental entity.

**RESPONSE NO. 32:**

Plaintiff objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case.  Plaintiff further objects to the extent that the request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.

33.     All Documents and Communications regarding any allegations of corruption, fraud or misconduct by Steward, including any governmental or whistleblower allegations.

**RESPONSE NO. 33:**

Plaintiff objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case. Plaintiff further objects to the extent that the request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.

34.    All Documents and Communications between You and the Massachusetts Division of Insurance.

**RESPONSE NO. 34:**

Plaintiff objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case. Plaintiff further objects to the extent that the request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving these objections, Plaintiff will conduct a reasonable search and produce non-privileged documents responsive to this request as they relate to Norwood Hospital only, from June 28, 2020 through December 31, 2024, within Plaintiff's possession, custody or control.

35.    All Documents and Communications regarding the ongoing bankruptcy proceedings initiated by Your voluntary petition for relief under Chapter 11 of the United Sates Bankruptcy Code, Case No. 24-90213 (S.D. Tex.).

**RESPONSE NO. 35:**

Plaintiff objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case. Plaintiff further objects

to the extent that the request seeks information protected from disclosure by the attorney-client

privilege and/or work product doctrine.

Subject to and without waiving these objections, Plaintiff states that the court filings in

the Case No. 24-90213 (S.D. Tex.) are available to the public at the following website:

https://restructuring.ra.kroll.com/Steward/

Respectfully submitted,

STEWARD HEALTH CARE SYSTEM LLC,

By their Attorneys,

*/s/ Elizabeth L. Gardon*
Howard M. Cooper (BBO No. 543842)
Seth J. Robbins (BBO No. 655146)
Elizabeth L. Gardon (BBO No. 711867)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
hcooper@toddweld.com
srobbins@toddweld.com
egardon@toddweld.com

Dated: June 10, 2025

## <u>CERTIFICATE OF SERVICE</u>

       I, Elizabeth L. Gardon, hereby certify that on June 10, 2025, I caused the foregoing document to be served via email upon the following counsel of record:

| | | |
|---|---|---|
| Jonathan D. Mutch, Esq. | Michael Menapace, Esq. | Abigail L. Peluso |
| Timothy D. Wenger, Esq. | Wiggin and Dana LLP | Harnaik Singh Kahlon |
| Robins Kaplan LLP | 20 Church Street | Lucas T. Rael |
| 800 Boylston Street, 25th | Hartford, CT 06103 | Ronald S. Safer |
| Floor | 860-297-3733 | Riley Safer Holmes & |
| Boston, MA  02110 | Fax: 860-525-9380 | Cancila LLP |
| JMutch@RobinsKaplan.com | mmenapace@wiggin.com | 1 South Dearborn Street, |
| twenger@robinskaplan.com | | Suite 2200 |
| | | Chicago, IL 60603 |
| | | apeluso@rshc-law.com |
| | | nkahlon@rshc-law.com |
| | | lrael@rshc-law.com |
| | | rsafer@rshc-law.com |

                                                 */s/ Elizabeth L. Gardon*
                                                 Elizabeth L. Gardon