# EXHIBIT F

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEWARD HEALTH CARE SYSTEM LLC,<br><br>     Plaintiff,<br><br>     v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>     Defendants. | Civil Action No. 1:21-cv-11902-PBS |

### STEWARD HEALTH CARE SYSTEM LLC'S
### ANSWERS TO AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES

Plaintiff Steward Health Care System LLC ("Steward") hereby objects and responds to Defendant American Guarantee and Liability Insurance Company's ("AGLIC") First Set of Interrogatories as follows:

### Preliminary Statement and Reservation of Rights

1.     Steward hereby expressly reserves and does not waive or prejudice any objections it may later assert, including, without limitation, objections as to the competency, authenticity, relevance, materiality or admissibility of any information sought by or provided in response to the Interrogatories.

2.     Steward's answers to the Interrogatories are based upon information now available to it.  Steward expressly reserves the right to complete its legal investigation and discovery of the facts and to rely, at the time of trial or in other proceedings, upon documents and information provided regardless of whether such documents or information are newly discovered or currently

1

in existence.  In addition, Steward may in the future obtain or learn additional information responsive to the Interrogatories.  Therefore, it reserves the right, at any time, to revise, amend, correct, supplement, modify or clarify his answers and/or objections to the extent required by the Federal Rules of Civil Procedure and any local rule.

3.      Steward reserves the right to rely, at the time of trial or in other proceedings in this action, upon information, answers and evidence in addition to those provided in response to the Interrogatory.

4.      Steward's answers are based upon, and therefore are limited by, records and information still in existence, presently recollected and/or thus far discovered.  Consequently, it reserves the right to make changes to any answer if it appears that any inadvertent errors or omissions have been made or additional or more accurate information becomes available.

### General Objections

Steward asserts the following General Objections, assertions of privileges and reservations of rights (collectively, the "General Objections").  Each individual answer to the Interrogatories is subject to, and limited in accordance with, the following General Objections, which are incorporated therein as if fully set forth in each response.

1.      Steward objects to the Interrogatories to the extent that they purport to require the disclosure of information beyond the scope permitted by the Federal Rules of Civil Procedure or other applicable law.

2.      Steward objects to the Interrogatories to the extent they seek information in the possession, custody or control of persons or entities other than Steward, on the grounds that such production is beyond the scope of the Federal Rules of Civil Procedure and other applicable law.

3.     Steward objects to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection.  Inadvertent disclosure of privileged information is not intended to be, and may not be construed as, a waiver of any applicable privilege.

4.     Steward objects to the Interrogatories to the extent that they call for the disclosure of confidential information, including information protected from disclosure by law, court order, or any agreement with respect to confidentiality or nondisclosure.

5.     Steward objects to the Interrogatories to the extent they seek information not relevant to the claims or defenses in this action.  Steward further objects to the Interrogatories to the extent they seek information not proportional to the needs of the case nor reasonably calculated to lead to the discovery of admissible evidence.

6.     Steward objects to the Interrogatories to the extent that they are vague, ambiguous, overbroad and/or unduly burdensome.

7.     Steward makes these responses without waiving or intending to waive, but rather preserving and intending to preserve:

A.     All questions as to the competency, relevance, responsiveness, materiality, privilege, and admissibility as evidence for any purpose of the information disclosed in response to the Interrogatories, or the subject matter thereof, in this or any subsequent proceeding, including the trial of this or any other action;

B.     The right to object on any ground to the use of any information produced or disclosed in response to the Interrogatories, or the subject matter thereof, in this or any subsequent proceeding, including the trial of this or any other action;

      C.      The right to object on any ground at any time to any demand for further responses to these or any other Interrogatories or other discovery procedures involving or relating to the subject matter of the Interrogatories responded to herein; and

      D.      The right at any time to revise, correct, add to, or clarify any of the responses provided herein.

<strong><u>Objections to Instructions and Definitions</u></strong>

Steward objects to AGLIC's Definitions and Instructions to the extent each instruction and definition impermissibly alters and/or expands the obligations under or information required under the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of Massachusetts.

<strong><u>ANSWERS TO INTERROGATORIES</u></strong>

1.      IDENTIFY all PERSONS who assisted in, or who provided any information used in, responding to these Interrogatories.

**<u>ANSWER NO. 1:</u>**

Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to the extent the interrogatory seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving its objections, Plaintiff states:

Other than counsel, no one.

2.      IDENTIFY all PERSONS having information CONCERNING in any way the amount of loss, expense or damage STEWARD claims it sustained because of the WEATHER EVENT and the scope of work (including its cost) required to repair, rebuild or replace such loss or damaged

4

property or equipment and for each PERSON so identified, STATE the subject matter of that information.

**ANSWER NO. 2:**

Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to the extent the interrogatory seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving its objections, Plaintiff states:

See Plaintiff's Initial Disclosures. Further answering, see answers 4, 5, 6 and 13 below.

3.      IDENTIFY all PERSONS who have, claim to have, or who YOU believe may have knowledge relevant to YOUR business operations at Norwood Hospital from January 2014 to the present, including but not limited to the continuation, modification, interruption, cessation, suspension, or resumption of YOUR business operations at Norwood Hospital.

**ANSWER NO. 3:**

Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome and seeks irrelevant information that is not proportional to the needs of the case nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the interrogatory is vague and ambiguous in that "business operations" is susceptible to multiple meanings that are not clearly identified in this interrogatory. Plaintiff further objects to the extent the interrogatory seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving its objections, Plaintiff states:

Salvatore Perla should have knowledge of Norwood Hospital's business operations.

Further answering, discovery is ongoing, Steward reserves the right to supplement this response and identify individuals with relevant knowledge of Steward's business operations at Norwood Hospital.

4.      For the period from June 2017 to the present, IDENTIFY ALL PERSONS at or associated with STEWARD, including former and current employees and agents, that have had communications with MPT CONCERNING any plan, proposal or discussion to rebuild or replace the Norwood Hospital building(s), in whole or part, whether or not such rebuild or replacement was or will be completed, including, without limitation, communications CONCERNING where and how STEWARD would conduct hospital operations during such rebuild or replacement.

**ANSWER NO. 4:**

Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome and seeks irrelevant information that is not proportional to the needs of the case nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to the interrogatory to the extent the phrase "associated with" Steward is vague and undefined.

Subject to and without waiving these objections, Steward answers:

- Scott Kenyon;

- Ronald Doncaster;

- Robert Gendron;

- Christopher Kidney;

- David Soucy;

- Daniel Cheney;

- Ron Papa;

- Jodi Papa;

- Sean O'Mara;

- Sean Staples; and

- Beth Ganem.

Plaintiff further states that discovery is ongoing.  Should additional relevant information become available, Steward reserves the right to supplement this response accordingly.

5.    IDENTIFY all architects, vendors, contractors, consultants, or other third parties retained to design, build, supervise or otherwise perform work connected with either renovating or rebuilding Norwood Hospital, whether or not such renovations and rebuilding was completed, from January 1, 2018 to present.

**ANSWER NO. 5:**

Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome, as it seeks information unrelated to the weather event at issue. Plaintiff further objects to the extent that the phrase "design, build, supervise or otherwise perform work connected with either renovating or rebuilding" is vague, ambiguous and subject to multiple interpretations. Plaintiff also objects on the grounds that the interrogatory seeks discovery that is not proportional to the needs of the case and requests information that AGLIC has previously received. Additionally, Plaintiff objects to the extent the interrogatory seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving its objections, Plaintiff states:

Pursuant to Fed. R. Civ. P. 33(d), see documents to be produced by Steward. Further answering, since the weather event, the following entities were retained to provide services, including but not limited to the repair and rebuild of the Hospital.

- Array Architects, Inc.: Architectural planning and design; healthcare specialists;

- Code Red Consultants: Life safety, building and accessibility code consultants;

- Continental Machinery: Mechanical, electrical and plumbing loss assessment consultants;

- BR+A Consulting Engineers: MEP and fire protection engineering services;

- Suffolk Construction: Construction services;

- Consigli Construction Co. Inc.: Pre-construction services; and

- Cref: General construction and operations consulting.

Plaintiff reserves the right to supplement this response as discovery continues.

6.     IDENTIFY all engineers, original equipment manufacturers, service providers, consultants, or other third parties retained to test, inspect, service, certify, repair, restore or otherwise perform work connected with any equipment or medical supplies within Norwood Hospital from January 1, 2018 to present.

**ANSWER NO. 6:**

Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to the extent that the phrase "test, inspect, service, certify, repair, restore or otherwise perform work" is vague, ambiguous and subject to multiple interpretations. Plaintiff also objects on the grounds that the interrogatory seeks discovery that is not proportional to this case and requests information that AGLIC has previously received. Additionally, Plaintiff objects to the extent that the interrogatory seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving its objections, Plaintiff states:

Pursuant to Fed. R. Civ. P. 33(d), see documents to be produced by Steward. Further answering, the following were retained to provide services regarding Steward's equipment or medical supplies:

- L.A. Fuess Partners: Structural engineers;

- Green Seal Environmental, Inc.: Civil engineers;

- BR+A Consulting Engineers LLC;

- GE: Diagnostic and equipment vendor;

- Phillips: Diagnostic and equipment vendor;

- Hologic: Diagnostic and equipment vendor;

- Seimens: Diagnostic and equipment vendor;

- Konica: Diagnostic and equipment vendor;

- Continental Machinery: Equipment vendor;

- North Star Innovative Solutions: Equipment vendor;

- Drager, Inc.: Medical equipment vendor; and

- BeaconMedaes USA: Medical gas systems vendor.

Plaintiff reserves the right to supplement this response as discovery continues.

7.    STATE what you allege is the Period of Liability for YOUR claimed business income losses.

**<u>ANSWER NO. 7</u>:**

Steward objects to this interrogatory on the grounds it is premature and seeks information that is subject to expert analysis and opinion. Steward further objects to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving these objections, Steward reserves the right to supplement this response in accordance with the expert disclosure deadline and to provide required responsive information pursuant to Fed. R. Civ. P. 26(a)(2).

8.    Provide an itemized list of the loss, expense and damage YOU claim to have sustained as a result of the WEATHER EVENT.

**ANSWER NO. 8:**

Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to the interrogatory on the grounds that it seeks discovery that is not proportional to this case. Plaintiff further objects to the extent the interrogatory seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving its objections, Plaintiff states:

Please refer to Steward's Initial Claim, Interim Proof of Loss, and Updated Statement of Loss, which were submitted to AGLIC on December 4, 2020, February 5, 2021, and October 2021, respectively.

Steward reserves the right to supplement this answer with any calculations or additional information provided by experts prior to the expert disclosure deadline.

9.    Provide an itemized list of the loss, expense and damage claimed by YOU due to the WEATHER EVENT that you claim was a result of wind driven rain or any other water permeating the wall of the building (as distinct from either ground-level water or top-down water from the roof).

**ANSWER NO. 9:**

Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to the interrogatory on the grounds that it seeks discovery

that is not proportional to the needs of this case. Plaintiff further objects to the extent the interrogatory seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving its objections, Plaintiff states:

Due to the Supreme Judicial Court's decision in *Zurich Am. Ins. Co. v. Med. Properties Tr., Inc.*, 494 Mass. 382 (2024), information that this interrogatory seeks is no longer relevant to the issues in this matter.

10.    IDENTIFY all DOCUMENTS regarding the impact of wind driven rain or other water permeating the wall of the building (as distinct from either ground-level water or top-down water from the roof).

**ANSWER NO. 10:**

Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to the interrogatory on the grounds that it seeks discovery that is not proportional to this case. Plaintiff further objects to the extent the interrogatory seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving its objections, Plaintiff states:

Due to the Supreme Judicial Court's decision in *Zurich Am. Ins. Co. v. Med. Properties Tr., Inc.*, 494 Mass. 382 (2024), information that this interrogatory seeks is no longer relevant to the issues in this matter.  To the extent AGLIC seeks the identification of documents concerning the weather event, Steward responds that it has previously provided AGLIC such documents during the claims adjustment process and will produce further responsive documents pursuant to Fed. R. Civ. P. 33(d).

11.     STATE all facts that CONCERN any alleged loss of revenue for operations, services or production that YOU allege are due to the WEATHER EVENT.

**ANSWER NO. 11:**

Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks "all facts." Plaintiff further objects to the interrogatory on the basis that the terms "operations, services or production" are vague, ambiguous and subject to multiple interpretations. Plaintiff also objects to the extent that the interrogatory seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, and that is irrelevant or proportional to the needs of this case.

Subject to and without waiving these objections, Steward provides the following facts:

- No operations or services at Norwood Hospital have resumed since the weather event on June 28, 2020.

- On June 30, 2020, the Town of Norwood issued a Cease-and-Desist Order prohibiting all operations on the Hospital campus until new building, electrical, plumbing, and gas permits could be issued.

- External factors, including but not limited to regulatory mandates, COVID-19, supply chain disruptions (including but not limited to government-mandated shutdowns) and labor shortages contributed to the delay of the resumption of care.

- AGLIC and Zurich failed to provide Steward and MPT with the necessary funds owed under their respective policies.

Additionally, discovery is ongoing, and Steward reserves the right to update this response as new facts are discovered.

12.    STATE all steps taken by YOU to mitigate the alleged loss of or damage to property, equipment and/or lost business income, including without limitation use of other medical facilities for the delivery of health care that YOU assert would have been performed at Norwood Hospital but for the WEATHER EVENT.

**ANSWER NO. 12:**

Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks "all steps." Plaintiff further objects to the interrogatory on the basis that it seeks discovery that is not proportional to the needs of this case. Plaintiff also objects to the extent the interrogatory seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving its objections, Plaintiff states as follows:

Immediately following the weather event occurred, Steward promptly notified AGLIC and worked diligently with MPT, AGLIC and Zurich to assess and document the full extent of its damages. Steward has consistently provided AGLIC and Zurich with detailed information to facilitate claims processing and expedite the Hospital's reopening.  Given the critical need for healthcare facilities, especially during the COVID-19 pandemic, Steward and MPT repeatedly emphasized the urgency of restoring vital patient services.

In response to the emergency, Steward engaged a multitude of professional consultants to conduct a comprehensive damage assessment.  Steward efforts to reopen the Hospital were exhaustive, but these efforts were consistently obstructed by AGLIC's and Zurich's failure to provide timely payments for the covered losses, thereby depriving Steward (and MPT) of the necessary funds for construction.

Further answering, discovery is ongoing, and Steward reserves the right to supplement this response as additional facts are discovered.

13.    STATE all facts, and identify all witnesses known to STEWARD that have knowledge, supporting the allegations in STEWARD'S COMPLAINT, including, without limitation, in Paragraphs 10, 68, 70 and 112, that AGLIC acted unfairly, deceptively, or in bad faith in handling STEWARD'S INSURANCE CLAIM.

**ANSWER NO. 13:**

Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to the extent the interrogatory seeks a legal conclusion. Plaintiff also objects on the grounds that the interrogatory seeks discovery that is not proportional to the needs of this case. Plaintiff further objects to the extent the interrogatory seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving its objections, Plaintiff states as follows:

The following witnesses should have knowledge that that AGLIC acted unfairly, deceptively, or in bad faith:

- Mark Graves;

- Brian Rushlau;

- Nathaniel Woodruff;

- Jimmy Johson;

- David Mahoney;

- Robert Piser;

- Tim Mercer;

14

- Eliset Cruz;

- Stephanie McGuire;

- Cliff Hyde;

- Amy O'Rourke.

Further, for nearly two years, AGLIC made quarterly payments to Steward for its Time Element claim, despite the parties never reaching agreement on the full Period of Liability. However, by late November 2022, Steward had not received the payment due for the second quarter of 2022. Steward demanded the overdue payment, prompting a response from AGLIC and Zurich on December 23, 2022. The letter indicated that payment would be processed that week but unilaterally declared:

> AGLIC determined the Period of Liability for Steward's claimed business income loss – including when Norwood Hospital could have been repaired with due diligence and dispatch and made ready for operations under the same conditions that existed prior to the Flood ends July 15, 2022. Accordingly, the payment to Steward to be processed this week will encompass AGLIC's calculation of Steward's actual business interruption loss Steward sustained through the end of the Period of Liability, namely July 15, 2022.

This cutoff of the Period of Liability occurred without prior discussion or explanation, following a prolonged period of silence from Zurich. AGLIC's decision to terminate payments after paying out approximately $97 million was a thinly veiled attempt to leverage the "Flood" sublimit to coerce a settlement for less than $150 million.

Steward requested that AGLIC provide the basis for its decision to cut off the loss period and reiterated that its conservative estimate of a reopening after June 2023 was likely understated, projecting an even longer timeline for resuming operations. AGLIC never responded to Steward's objections or provide any rationale for rejecting Steward's proposed timeline.

15

Additionally, in December 2020, Sedgwick (AGLIC's and Zurich's adjuster) advised AGLIC that "[t]he commencement of work cannot begin until there is an agreement on the building repair scope and cost[.]" Sedgwick acknowledged that the permitting process alone "could last as long as six (6) months" and estimated that the period of restoration was at least 30-36 months. Sedgwick projected that construction (comprising both phases I and II) would take no less than 17-19 months to complete. Despite this, AGLIC accepted a contrary timeline from Shawmut Woodworking & Supply, Inc. that the same task could be accomplished in a mere 151 days—roughly five months—followed by a ten-week inspection and the Department of Public Health review, totaling 7.5 months. AGLIC's "experts" could not find agreement among themselves regarding the proper timeline for repair, with Zurich ultimately settling on the shortest, most patently deficient proposal available in order to deny Steward the funds rightfully owed, using this feigned expediency to strong-arm Steward into a lower settlement.

As to the damaged equipment, AGLIC acknowledged a total loss for certain equipment but disputes that other diagnostic and imaging equipment at the Hospital suffered a "direct physical loss of or damage" as defined by the Policy, contention that is unsubstantiated. Steward retained BR+A Consulting Engineers to evaluate all disputed equipment, and AGLIC's counsel conducted an examination under oath of CREF's David Soucy, who oversaw Steward's response with regarding this equipment. AGLIC's disregard for the factual record submitted by Steward in its Initial Claim, Interim Proof of Loss and Updated Statement of Loss unequivocally demonstrates that physical damage occurred, AGLIC's refusal to pay, coupled with its continued requests more information, constitutes bad faith. Manufacturers and equipment vendors rescinded service contracts and warranties for the affected diagnostic and imaging equipment. Moreover, Zurich's suggestion that the sophisticated medical equipment that was destroyed by

the weather event could simply be dried out and reused—in direct contradiction to the original equipment manufacturers' willingness to warrant or service the equipment—is indicative of bad faith.

Further answering, discovery is ongoing, and Steward reserves the right to supplement this response as additional facts are discovered.

14.    IDENTIFY pertinent facts or POLICY provisions that were allegedly misrepresented, and for each alleged misrepresentation, IDENTIFY the PERSON who made the misrepresentation, the date of the misrepresentation, to whom the misrepresentation was made, and the format of communication (i.e. e-mail, phone call, in person conversation, etc.).

**ANSWER NO. 14:**

Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to the extent the interrogatory seeks a legal conclusion. Plaintiff also objects to the phrase "pertinent facts," which is vague and ambiguous. Additionally, Plaintiff objects to the extent the interrogatory seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving its objections, Plaintiff states:

1. **"Time Element Coverages" and "Period of Liability"**;

   - **Mark Graves** – January 11, 2021 – Scott Kenyon – Letter

     o On January 11, 2021, Mark Graves made the following statements in a letter to Scott Kenyon:

     o "[S]ubstantially too long of a time is asserted by Steward as necessary to repair and restore operations of the Norwood Hospital[;]"

- o "In measuring the actual Time Element loss recoverable by Steward… AGLIC will follow the terms of the Policy including the Period of Liability[;]"

- o "Steward's losses will amount to substantially less than the Flood sublimit amount based on information available to date… AGLIC is also concerned that Steward seeks over $90 million for what Steward terms 'Storm' damage[;]"

- o "[S]ubstantially all of the damages incurred by Steward on June 28, 2020 are subject to the Flood sublimit[;]"

- o "Steward has not identified a basis for claiming substantial amounts outside of the applicable Flood sublimit[.]"

2. "**Period of Liability**":

   - o **Mark Graves** – December 23, 2022 – *Chris Kidney* – Letter

     - o "AGLIC has determined the Period of Liability for Steward's claimed business income loss— including when Norwood Hospital could have been repaired with due diligence and made ready for operations under the same conditions that existed prior to the Flood ends July 15, 2022."

3. **Paul T. Sullivan** (AGLIC's Counsel) – March 26, 2021 – Howard M. Cooper – Letter:

   - o "Steward has not sufficiently documented or supported aspects of its claim."

   - o "AGLIC has now advanced to Steward $63,286,098.70, which includes an amount that exceeds the actual loss sustained to date and

the current amount owed to Steward in connection with Steward's

Time Element Loss."

- o "With respect to Steward's claim for Business Personal Property,

  Steward has not submitted support for the claim or any claim on an

  Actual Cash Value (ACV) basis."

4. **Mark Graves** (AGLIC) - July 7, 2021 - Howard M. Cooper (Steward's Counsel):

- o "Steward still had not addressed the lack of support for several key

  components of Steward's claim[;]"

- o "[I]t now appears that the $57.5 million paid to date compensates

  Steward for covered business interruption losses well into September,

  2021[;]"

- o "Steward still has not provided basic claim information[.]"

5. **Mark Graves** (AGLIC) - October 26, 2021 – Howard M. Cooper (Steward's

  counsel) - Letter:

- o "Steward's recent production remains deficient[;]"

- o "Steward has not previously satisfied its obligation under the Policy to

  present and support its claim[;]"

- o "Steward has repeatedly forgone opportunities to present its claim

  and/or question AGLIC's adjustment team regarding the substance of

  its adjustment[.]"

Further answering, discovery is ongoing, and Steward reserves the right to update this

response as additional facts are discovered.

15.     IDENTIFY each PERSON who YOU expect to call as an expert witness at trial who YOU have already identified and/or retained either as to damages sustained as a result of the WEATHER EVENT or regarding bad faith. For each PERSON, STATE the substance of the facts and opinions to which the PERSON is expected to testify and a summary of the grounds of each opinion.

**ANSWER NO. 15:**

Steward objects to this interrogatory on the grounds that it is premature, as expert disclosures have not yet occurred.  Additionally, Steward objects to the extent that the interrogatory seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Steward further reserves the right to supplement this response in accordance with the expert disclosure deadlines and to provide the information required under Fed. R. Civ. P. 26(a)(2) at the appropriate time.

16.     STATE whether YOU received any funds, payments or loans under the CARES Act or a similar government program and, if so, STATE the amount, if any, YOU obtained for or allocated to Norwood Hospital and describe in detail how YOU spent or used such funds, payments or loans.

**ANSWER NO. 16:**

Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to the extent the interrogatory information that is not reasonably calculated to lead to the discovery of admissible evidence and seeks information that is not relevant or proportional to the needs of this case.

## <u>VERIFICATION</u>

I, the undersigned, am the Chief Restructuring Officer of Steward Health Care System LLC's.  I have reviewed Steward Health Care System LLC's Answers to American Guarantee and Liability Insurance Company's First Set of Interrogatories and, based on information obtained from other authorized representatives of Steward, believe them to be true and accurate.  The responses provided are, to the best of my knowledge, based on information currently available and recollected in the course of preparing these responses, subject to any inadvertent or undiscovered errors.  Steward reserves the right to amend these responses should omissions or errors be identified or if more accurate information becomes available.  Subject to these qualifications, I affirm that the responses are true to the best of my knowledge, information, and belief.

Signed under the pains and penalties of perjury on this 7th day of March 2025:

DocuSigned by:

*John R. Castellano*

D60442B6647E4F2...

**John Castellano**
**Chief Restructuring Officer**

As to objections only,

STEWARD HEALTH CARE SYSTEM LLC,

By their Attorneys,

*/s/ Seth J. Robbins*
*/s/ William E. Gildea*
Howard M. Cooper (BBO No. 543842)
David H. Rich (BBO No. 634275)
Seth J. Robbins (BBO No. 655146)
Matthew S. Furman (BBO No. 679751)
William E. Gildea (BBO No. 699112)
Elizabeth L. Gardon (BBO No. 711867)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
hcooper@toddweld.com
drich@toddweld.com
srobbins@toddweld.com
mfurman@toddweld.com
wgildea@toddweld.com
Dated: March 10, 2025                    egardon@toddweld.com

## CERTIFICATE OF SERVICE

I, William E. Gildea, hereby certify that on March 10, 2025, I caused the foregoing document to be served via email upon the following counsel of record:

| | |
|---|---|
| Jonathan D. Mutch, Esq. | Michael Menapace, Esq. |
| Timothy D. Wenger, Esq. | Wiggin and Dana LLP |
| Robins Kaplan LLP | 20 Church Street |
| 800 Boylston Street, 25th Floor | Hartford, CT 06103 |
| Boston, MA 02110 | 860-297-3733 |
| JMutch@RobinsKaplan.com | Fax: 860-525-9380 |
| twenger@robinskaplan.com | mmenapace@wiggin.com |

*/s/ William E. Gildea*
William E. Gildea