UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEWARD HEALTH CARE SYSTEM LLC,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>　　　　Defendants. | Civil Action No. 1:21-cv-11902 – PBS |

**OPPOSITION TO PLAINTIFF'S MOTION TO SHORTEN
TIME FOR THIRD PARTIES TO RESPOND TO MOTION TO COMPEL**

On June 11, 2025, Plaintiff Steward Health Care System, LLC ("Steward") filed a Motion to Compel eight (8) Third Parties[1] to produce additional documents in response to subpoenas previously served upon them. *See* Doc. No. 119. Six days later, on June 17, 2025, Steward abruptly filed a Motion to Shorten Time (*see* Doc. 121), seeking to require each of the eight Third Parties to respond to the Motion to Compel by June 20, 2025—only three days later and five days earlier than the standard deadline under Local Rule 7.1(b)(2).

The Third Parties—entities that are distinct and apart from Defendants American Guarantee and Liability Insurance Company and Zurich American Insurance Company—hereby

---

[1] The Third Parties are: Shawmut Woodworking & Supply, Inc., Sedgwick Claims Management Services, Inc., Matson, Driscoll & Damico, LLP, J.S. Held LLC, DBI Construction Consultants LLC, Thornton Tomasetti, Ruddy, Cassidy & Foster, LLC, and Meridian Restoration Consultants LLC (collectively, the "Third Parties"). However, one of the Third Parties—Shawmut Woodworking & Supply, Inc.—is not involved in this matter; it appears that Steward served the wrong entity.

oppose Steward's Motion to shorten the deadline for filing the Third Parties' response to Steward's Motion to Compel, and in opposition respectfully state as follows:

1. Steward's Motion to Compel is directed at eight separate and individual Third Parties. Steward's supporting Memorandum of Law spans fourteen pages, not including exhibits. Doc. No. 120. While the undersigned counsel (only) represents those Third Party entities, they are distinct from Defendants and Steward's motion raises distinct issues requiring input from each of the eight Third Parties, including likely submitting multiple declarations.

2. Work towards providing the Court with a proper response, again involving eight distinct entities, requires more time than would be allowed under Steward's Motion to Shorten Time.

3. Steward's motion shorten the Third Parties' time to respond—filed almost a week after filing its Motion to Compel—would be prejudicial to efforts to properly oppose that motion. Work towards the response is progressing but was organized based on the by-rule fourteen-day opposition timeframe. Shortening the deadline mid-course would be disruptive to the non-parties, which (again) are distinct from the two Defendants and who, as non-parties, should not be subjected to undue burden.

[continued on following page]

WHEREFORE, the Third Parties respectfully request that the Court deny Steward's Motion to Shorten Time (ECF Doc. No. 121).

Respectfully submitted,

/s/ Jonathan D. Mutch
Jonathan D. Mutch, Esq. (BBO No. 634543)
Timothy Wenger (BBO No. 674087)
ROBINS KAPLAN LLP
800 Boylston Street, 25th Floor
Boston, MA 02199
Tel: (617) 267-2300
Email: JMutch@RobinsKaplan.com
       TWenger@RobinsKaplan.com

*Attorneys for Defendants American Guarantee and Liability Insurance Company and Zurich American Insurance Company*

Dated: June 19, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of June 2025, a copy of the foregoing motion was filed with the Court via the ECF filing system. As such, this document will be electronically sent to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ Jonathan D. Mutch
Jonathan D. Mutch

96219997.1

3