UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEWARD HEALTH CARE SYSTEM, LLC<br>    Plaintiff,<br><br>v.<br><br>AMERICAN GUARANTEE AND LIABILITY<br>INSURANCE COMPANY<br>And<br>ZURICH AMERICAN INSURANCE COMPANY<br>    Defendants, | Civil Action No. 1:21-CV-11902 |

**NON-PARTY, SHAWMUT WOODWORKING & SUPPLY, INC. D/B/A SHAWMUT DESIGN AND CONSTRUCTION, MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO THE PLAINTIFF'S, STEWARD HEALTHCARE SYSTEMS, MOTION TO COMPEL RESPONSE TO SUBPOENA PURSUANT TO FED. R. CIV. P. 45(D)(2)(A)(I)**

Non-Party, Shawmut Woodworking & Supply, Inc. d/b/a Shawmut Design and Construction ("Shawmut"), by and through its counsel, McDonough, Hacking & Lavoie, LLC, submits this Memorandum of Law in Opposition to the Plaintiff's Motion to Compel Shawmut to respond to Subpoena pursuant to Fed. R. Civ. P. 45(d)(2)(A)(i). As grounds therefor, Shawmut states:

(1) **The Motion To Compel Should Be Denied As To Shawmut Where The Plaintiff Failed To Meet And Confer With Counsel For Shawmut As Required By Local Rule 7.1 & 37.1, Despite Having Notice As Of June 3, 2025 That Shawmut Was Represented By McDonough, Hacking & Lavoie, LLC, Well Before Filing The Motion To Compel On June 11, 2025.**

(2) **The Motion To Compel Should Be Denied As To Shawmut Where The Scope Of The Subpoena Is Overly Broad, Unduly**

1

**Burdensome And Seeks To Have Shawmut, A Non-Party, Divulge Confidential Business Information That Appears Irrelevant To The Claims At Issue In The Plaintiff's Litigation.** **As A Result Shawmut Reserves Its Rights To Seek Protective Orders, If The Scope Of The Subpoena Cannot Be Narrowed By Agreement.**

## RELEVANT BACKGROUND

Shawmut is not a party to the above-captioned action, nor was Shawmut a "consultant" to the Defendants. Rather, as Plaintiff is aware, Shawmut simply submitted an unsuccessful bid to perform work regarding Norwood Hospital. On June 3, 2025, Shawmut retained McDonough, Hacking & Lavoie, LLC, to respond to a Rule 45 Subpoena served by Steward Healthcare System, LLC ("Steward") in this matter. See Affidavit of Mark, B, Lavoie, Esq. & App. A. Attorney Lavoie communicated by phone and email with counsel for Steward to advise of the representation and to discuss the scope of the subpoena, timing for the response, as well as the proposed Rule 30(b)(6) Deposition of Shawmut that had recently been noticed. Id. On June 17, 2025, Attorney Lavoie followed up with counsel for Steward advising that they were in the process of receiving the responsive documents in response to the subject subpoena. Id. In response, counsel for Steward advised that a motion to compel had been filed on June 11, 2025. Id. No Local Rule 7.1 Conference was ever requested or conducted. The Motion to Compel was filed without notice to McDonough, Hacking & Lavoie, LLC as counsel for Shawmut and was not served until 5:36 p.m. on the night before a Federal Holiday (Juneteenth). At the time the Motion to Compel was filed, Steward knew that Shawmut was represented by McDonough, Hacking & Lavoie, LLC and was not represented by another firm, Robins Kaplan, LLP.

2

## ARGUMENT

**I.    The Motion To Compel Should Be Denied As To Shawmut Where The Plaintiff Failed To Meet And Confer With Counsel For Shawmut As Required By Local Rule 7.1 & 37.1, Despite Having Notice As Of June 3, 2025 That Shawmut Was Represented By McDonough, Hacking & Lavoie, LLC, Well Before Filing The Motion To Compel On June 11, 2025.**

Local Rule 7.1(a)(2) provides: "Motion Practice. No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." Local Rule 37.1 provides, in pertinent part: "Obligation to Confer. Before filing any discovery motion, including any motion for sanctions or for a protective order, counsel for each of the parties shall confer in good faith to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility of counsel for the moving party to arrange for the conference…." Here, Plaintiff's Motion to Compel should be denied on procedural grounds as Plaintiff failed to comply with Local Rules 7.1 & 37.1 in seeking to compel Shawmut to produce documents – without even providing timely notice that any motion had been filed - under circumstances where counsel had been working cooperatively to narrow the scope of the overly broad requests to produce relevant documents.

There is no dispute that Steward was on notice that Shawmut was being represented by McDonough, Hacking & Lavoie, LLC as of June 3, 2025 and that counsel for Steward and Shamwut had spoken directly and exchanged emails concerning Shawmut's objections to the overly broad scope of the requests - that implicated confidential business practices and otherwise sought records unrelated/irrelevant to Steward. The communications, as encouraged by the Local Rules – were cooperative and aimed at securing a production by Shawmut, as it

3

was undertaking a search for documents to produce by the week of June 23-27, 2025, subject to scope and confidentiality objections.

Despite the foregoing, and perhaps in error, Steward filed the instant Motion to Compel including Shawmut with other entities, without conferring with counsel for Shawmut as required by Local Rule 7.1 and/or 37.1. No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue. That did not happen with respect to Shawmut. As a consequence, Steward's Motion to Compel should be denied where there is, in fact, an ongoing discussion concerning the production of the documents in response to the Rule 45 Subpoena served on Shawmut. The motion is premature and should be denied.

**II.     The Motion To Compel Should Be Denied As To Shawmut Where The Scope Of The Subpoena Is Overly Broad, Unduly Burdensome And Seeks To Have Shawmut, A Non-Party, Divulge Confidential Business Information That Appears Irrelevant To The Claims At Issue In The Plaintiff's Litigation. As A Result Shawmut Reserves Its Rights To Seek Protective Orders, If The Scope Of The Subpoena Cannot Be Narrowed By Agreement.**

While Shawmut is in the process of responding to the Subpoena, the proposed subpoena served by Plaintiff places an undue burden upon Shawmut, a non-party, as it requests that Shawmut divulge confidential business information and information that appears irrelevant to the claims at issue in the Plaintiff's litigation. See Affidavit of Mark, B, Lavoie, Esq. & App. B. See also, Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998) (noting non-parties should not be burdened unduly by parties in litigation to which they are not a party). In connection with this Subpoena, as outlined above, and without otherwise waiving its objections to the overly broad and irrelevant categories of documents being sought in the Subpoena, Shawmut

4

has requested that the parties enter into a confidentiality agreement for the production of these records, since the requests include financial records and other business records concerning construction bids presented by Shawmut.

Further, counsel for Shawmut had advised that certain requests are wholly objectionable. Id. at App. A. Of particular note, the Subpoena seeks production of the following documents in category 12:

> 12. All documents and communications reflecting Shawmut's understanding of the term "conceptual," as applied to construction schedules, and any final drafts of construction or conceptual schedules prepared by Shawmut for the following projects:
>
> a. Beth Israel Deaconess Medical Center, Feldberg Building – Inpatient Unit Renovation;
> b. Boston University – Goldman School of Dental Medicine Addition and Renovations;
> c. Beth Israel Deaconess Medical Center, East Campus Morgue Renovations;
> d. Beth Israel Deaconess Medical Center – OR 19 Renovation;
> e. Boston Medical Center – Moakley Building Addition
> f. University of Massachusetts Medical School/UMBA New Education and Research Building;
> g. Brigham and Women's Hospital – BLI Level 4 Renovation;
> h. New England Baptist Hospital, Phased Renovations; and
> i. The Miriam Hospital/Lifespan – Emergency Department Renovation

As noted in Shawmut's email to counsel for Steward on June 17, 2025, **NONE** of these projects are related to the subject project in time, location or scope of work, and are irrelevant to Shawmut's **UNSUCCESSFUL** bid for work at Norwood Hospital. Here, Shawmut intends to send correspondence pursuant to Rule 7.1. identifying other categories of the Subpoena that appear objectionable while seeking agreement on a confidentiality, with the goal of obtaining an agreement with counsel for Steward as to the scope of the production. Thus, Steward's

5

argument that Shawmut's objections must be deemed waived is without legal merit. See, e.g., Pons v. Walter Kidde Portable Equip. Inc., No. 1:25-MC-91106-JEK, 2025 WL 1424519, at *3 (D. Mass. May 16, 2025)(citing, In re DMCA § 512(h) Subpoena to Twitter, Inc., 608 F. Supp. 3d 868, 875 n.2 (N.D. Cal. 2022) ("…the motion to quash is timely so long as it is filed within a reasonable time after the conclusion of informal efforts to resolve the objections"); Conservation L. Found., Inc. v. Shell Oil Prods. US, No. CV 17-00396-WES, 2025 WL 509351, at *2 (D.R.I. Feb. 14, 2025)(Rejecting plaintiff's "technical waiver argument" where counsel for non-party had been in communication with plaintiff's counsel and had raised objections prior to motion practice and "[f]inding a waiver by a non-party under these particular circumstances would not serve the interests of justice").

Nevertheless, Shawmut intends to produce relevant, responsive documents by the end of the week ending June 27, 2025, but reserves the right to seek a Protective Order if it is unable to reach reasonable agreement with Steward as to the scope of the production and regarding a Confidentiality Agreement.

## **CONCLUSION**

For all the reasons stated above, Non-Party, Shawmut Woodworking & Supply, Inc. d/b/a Shawmut Design and Construction, respectfully requests that this Court Deny the Plaintiff's, Steward Healthcare Systems LLC, Motion to Compel.

Respectfully submitted,

Non-Party,
Shawmut Woodworking & Supply Inc. d/b/a
Shawmut Design and Construction,
By its Attorneys,

/s/ Mark B. Lavoie
_____
Mark B. Lavoie, BBO# 553204
Matthew C. Mastromauro, BBO#679049
McDonough, Hacking & Lavoie, LLC
27 Congress Street, Suite 404
Salem, MA 01970
617-367-0808
mlavoie@mhlattys.com
mmastromauro@mhlattys.com