# EXHIBIT M

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Steward Health Care System LLC, <br><br> Plaintiff, <br><br> v. <br><br> American Guarantee and Liability Insurance Company and Zurich American Insurance Company, <br><br> Defendants. | Civil Action No. 1:21-cv-11902 |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' PROPOSED TOPICS FOR THE RULE 30(b)(6) DEPOSITION OF STEWARD HEALTH CARE SYSTEM LLC[1]**

Plaintiff Steward Health Care System LLC ("Steward" or "Plaintiff") hereby serves the following objections and responses to the Rule 30(b)(6) Notice of Deposition (the "Notice") served by Defendants American Guarantee and Liability Insurance Company's ("AGLIC") and Zurich American Insurance Company ("ZAIC") (collectively "Defendants"):

**GENERAL OBJECTIONS**

The following General Objections apply to each topic set forth in the Notice, whether or not specifically referenced in the individual response below. These General Objections are incorporated into each specific response and objection. The assertion of specific objections or partial responses does not constitute a waiver of any of General Objections. Plaintiff reserves its right to object to any question posed to any deponent at the deposition.

---

[1] The Objections and Responses herein are intended to supersede Steward's written objections dated June 11, 2025.

1. Plaintiff objects to the Notice, including each specific topic in the Notice, to the extent it purports to impose requirements or obligations that are inconsistent with or beyond those required or contemplated by the Federal Rules of Civil Procedure, or any other applicable law, rule, or order in this action.

2. Plaintiff objects to the Notice, including each specific topic in the Notice, to the extent it seeks information that is neither relevant to the claims or defenses alleged in the Second Amended Complaint in this action or reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to the Notice, including each specific topic in the Notice, to the extent it is vague, ambiguous, overbroad, and/or unduly burdensome.

4. Plaintiff objects to the Notice, including each specific topic in the Notice, to the extent it requires Plaintiffs to speculate as to the nature or scope of the testimony sought.

5. Plaintiff objects to the Notice, including each specific topic in the Notice, to the extent that the information sought is unreasonably cumulative or duplicative.

6. Plaintiff objects to the Notice, including each specific topic in the Notice, to the extent it seeks information not known or reasonably available to Plaintiff. Plaintiff's objections and responses shall not be construed as representations regarding the existence or non-existence of specific information in its possession, custody, or control.

7. Plaintiff objects to the Notice, including each specific topic in the Notice, to the extent it purports to seek the disclosure of information subject to any privilege, immunity, or obligation of confidentiality, including without limitation, the attorney-client privilege, the attorney work product doctrine, the common interest privileged, or any other legally recognized privilege, doctrine, immunity, or exemption from discovery. In advertent disclosure of any

information that is privileged or otherwise immune from discovery shall not constitute a waiver of any privilege or any other ground for objecting to the discovery with respect to such information or the subject matter thereof, or the right of Plaintiff to object to the use of any such information or the subject matter thereof during subsequent proceedings.

8. Plaintiff objects to the Notice, including each specific topic in the Notice, to the extent it calls for testimony regarding any trade secret or other private or confidential commercial, business, financial, proprietary, or competitively sensitive information, including information subject to confidentiality agreements with third parties.

9. Plaintiff objects to the Notice, including each specific topic in the Notice, to the extent it calls for a legal conclusion and/or expert testimony.

10. Plaintiff's responses to any particular topic should not be taken as an admission that it accepts or admits the existence of any fact set forth or assumed by the topic, or that the response constitutes admissible evidence.

11. Plaintiff's objections and response to the Notice, including each topic in the Notice, are made without waiver and with the preservation of the following: all issues as to the competency, relevancy, materiality, privilege, and admissibility of the responses and the subject matter thereof for any purpose and in any further proceeding in this case or any other action or matter; the right to object to the use of any such responses or the subject matter thereof on any ground in any further proceeding in this case or any other action or matter; the right to object on any ground at any time to a demand or request for further response; and the right at any time to review, correct, add to, supplement, or clarify any of the responses set forth here.

12. Plaintiff's responses are based on a reasonable inquiry and its current knowledge as of the date these objections are made. Further investigation may reveal additional facts or

3

information that could lead to additions to, changes in, or variations from the responses set forth here. Without in any way obligating itself to do so, Plaintiff expressly reserves the right to supplement, amend, correct, clarify, or modify the responses as further information becomes available. Plaintiff also reserves the right use or rely on, at any time, subsequently discovered information or information omitted from these objections and responses as a result of mistake, error, oversight, or inadvertence. Plaintiff further reserves the right to set forth additional objections to each topic at the time of the deposition of any witness designated by Plaintiff.

13. Subject to and without waiving any of the foregoing General Objections, Plaintiff responds and objects further to the Notice as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

**Topic No. 1**

Steward's Proof of Loss, including the basis for allocating amounts between "Flood" loss and "Storm" loss and the basis for each of the other line items in the Proof of Loss (including without limitation the "Building," medical equipment damage assessments, and other "Business Personal Property" items), including the data or documents supporting each item.

**Response No. 1**

Plaintiff incorporates the General Objections as though fully set forth in this Response. Plaintiff further objects to the extent the term "Proof of Loss" as vague and subject to multiple interpretations. Subject to and without waiving these objections, Plaintiff designates the following witnesses for these topics:

- **Sean O'Mara**, to testify regarding the allocation of "Flood" and "Storm" losses in the Proof of Loss, as well as line items relating to "Building" and Business Personal Property;

- **Michael Mann,** to testify concerning the business interruption loss calculation set forth in the Proof of Loss; and

- **John Castellano** and/or **Eugene Sullivan**, to address remaining aspects of this topic.

Plaintiff reserves the right to modify its designations and may also adopt third-party testimony as its own for this topic.

**Topic No. 2**

The factual basis for Steward's claim that some or all of the losses in Steward's Proof of Loss were caused by wind-driven rain.

    **Response No. 2**

Plaintiff incorporates the General Objections as though fully set forth in this Response. Plaintiff further objects to the extent the term "Proof of Loss" as vague and subject to multiple interpretations. Subject to and without waiving its objections, Plaintiff designates the following witnesses for this topic: **John Castellano** and/or **Eugene Sullivan**.

Plaintiff reserves the right to modify its designations and may also adopt third-party testimony as its own for this topic.

**Topic No. 3**

Steward's determination, as alleged in Paragraph 5 of the SAC, that "the best approach to resumption of health care operations at the Norwood Hospital is to remove the existing buildings and develop a new complex in its place," including when, how, and by whom this determination was made, and the identity of the "professionals" allegedly consulted and "all available data" allegedly considered.

5

### Response No. 3

Plaintiff incorporates the General Objections as though fully set forth in this Response. Plaintiff further objects to this topic to the extent it seeks information regarding third parties outside Plaintiff's control.  Subject to and without waiving its objections, Plaintiff designates the following witnesses for these topics: **John Castellano** and/or **Eugene Sullivan**.

Plaintiff reserves the right to modify its designations and may also adopt third-party testimony as its own for this topic.

### Topic No. 4

Steward's calculation of the Period of Liability under Section 4.03 of the Steward Policy, including the basis for its calculation, the data or documents supporting its calculation, how Steward's calculation has or has not changed over time, and the facts supporting Steward's position that "the building and equipment could [not] be repaired or replaced, and made ready for operations" with "due diligence and dispatch" prior to the ending of the Period of Liability claimed by Steward.

### Response No. 4

Plaintiff incorporates the General Objections as though fully set forth in this Response. Plaintiff objects to the extent the topic calls for expert testimony, which is not yet due.  Plaintiff also objects to the use of quotation marks without citation.  Subject to and without waiving its objections, Plaintiff designates the following witnesses for this topic:

- **Michael Mann**, to address Steward's calculation of business interruption loss during the Period of Liability;

- **Dr. Octavio Diaz**, to testify regarding clinical readiness and operational feasibility; and

- **John Castellano** and/or **Eugene Sullivan**, to address remaining aspects of this topic.

Plaintiff reserves the right to modify its designations and may also adopt third-party testimony as its own for this topic.

**Topic No. 5**

The factual basis for Steward's claim that there has been a "necessary **Suspension** of [Steward's] business activities" at the Norwood Hospital "due to direct physical loss of or damage to Property … caused by a **Covered Cause of Loss**" at the Property for the entirety of the Period of Liability claimed by Steward.

**Response No. 5**

Plaintiff incorporates the General Objections as though fully set forth in this Response. Plaintiff further objects to the topic's use of purported quotations of Steward without any citation.  Subject to and without waiving its objections, Plaintiff designates the following witnesses for this topic:

- **Salvatore Perla**, to address the physical loss or damage at Norwood Hospital;
- **Dr. Octavio Diaz**, to discuss the clinical consequences and cessation of operations; and
- **John Castellano** and/or **Eugene Sullivan**, to address remaining aspects of this topic.

Plaintiff reserves the right to modify its designations and may also adopt third-party testimony as its own for this topic.

**Topic No. 6**

Any plans to renovate, repair, re-design, construct or reconstruct the Norwood Hospital, including but not limited to the Master Services Agreement entered into between Steward and SmithGroup, Inc., on or about January 22, 2020.

**Response No. 6**

Plaintiff incorporates the General Objections as though fully set forth in this Response. Plaintiff further objects to the topic on the grounds that it exceeds the permissible scope of discovery, as it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

**Topic No. 7**

Steward's ability to operate the Norwood Hospital, had it been repaired or rebuilt, during the entirety of the Period of Liability claimed by Steward, including without limitation Steward's financial means, its legal ability to operate a licensed facility including any required licensure, its contracts with Medical Properties Trust, Inc., and any directives or communications with the Commonwealth of Massachusetts, its employees or agents regarding its ability to operate a licensed facility within the State.

**Response No. 7**

Plaintiff incorporates the General Objections as though fully set forth in this Response. Plaintiff further objects to the topic as it is not reasonably calculated to lead to the discovery of admissible evidence and has no relevance to the subject matter of this lawsuit or Steward's insurance recovery from Defendants. Subject to and without waiving its objections, Plaintiff designates **Salvatore Perla** to address licensure requirements relevant to Norwood's operations.

Plaintiff reserves the right to modify its designations and may also adopt third-party testimony as its own for this topic.

**Topic No. 8**

Steward's calculation of its clamed Gross Earnings loss under Section 1.02 of the Steward Policy, including the basis for this calculation, the data or documents supporting the calculation, and the facts supporting Steward's position that such loss should or not include losses or gains at St. Elizabeth's and other Steward facilities connected with the Rain Event.

    **Response No. 8**

    Plaintiff incorporates the General Objections as though fully set forth in this Response. Plaintiff objects on the ground that the topic requires expert opinion testimony and expert disclosures are not yet due. Subject to and without waiving the foregoing, Plaintiff designates **Michael Mann** to address the methodology for calculating Gross Earnings loss, but not to opine on final damages calculations, which will be the subject of expert reports due July 10, 2025.

    Plaintiff reserves the right to modify its designations and may also adopt third-party testimony as its own for this topic.

**Topic No. 9**

The financial performance of Norwood Hospital specifically and of Steward generally for the five-year period prior to the Rain Event through the present.

    **Response No. 9**

    Plaintiff incorporates the General Objections as though fully set forth in this Response. Plaintiff objects to the breadth of the topic, particularly as it pertains to Steward's general financial performance over a five-year span, which is irrelevant and disproportionate to the needs of the case. Specifically, Plaintiff objects to providing information about Steward's financial performance generally, as well as for a five-year period prior to the Rain Event.

Subject to and without waiving its objections, Plaintiff designates **Michael Mann** to address the financial information that both Steward's and Defendants' consultants deemed necessary to calculate monthly business income loss, which is limited to one year period prior to the Rain Event through the Period of Liability.

Plaintiff reserves the right to modify its designations and may also adopt third-party testimony as its own for this topic.

**Topic No. 10**

The factual basis for Steward's allegation, in Paragraph 13 of the SAC, that it is a "physician-led, private health care services organization committed to providing the highest quality of care in the communities it serves," including an identification of each of the members or owners of Steward and their respective interests in the company.

**Response No. 10**

Plaintiff incorporates the General Objections as though fully set forth in this Response. Plaintiff further objects to the topic as it is not reasonably calculated to lead to the discovery of admissible evidence and has no relevance to the subject matter of this lawsuit or Steward's insurance recovery from Defendants.

**Topic No. 11**

The factual basis for Steward's allegation, in Paragraph 12 of the SAC, that it has "done everything in [its] power to expedite the adjustment process and restore the Hospital to its previous stature."

**Response No. 11**

Plaintiff incorporates the General Objections as though fully set forth in this Response. Subject to and without waiving its objections, Plaintiff designates the following witnesses for this topic:

- **Sean O'Mara,** to testify regarding information provided by National Fire Adjustment, Co. to Defendants and their consultants during the adjustment process;

- **Salvatore Perla,** to address efforts made by Steward to faciliate the adjustment process and restore hospital operations;

- **Michael Mann,** to testify as to the timely submission financial data, reports, and analyses supporting Steward's business interruption claim; and

- **John Castellano** and/or **Eugene Sullivan**, to address remaining aspects of this topic.

Plaintiff reserves the right to modify its designations and may also adopt third-party testimony as its own for this topic.

**Topic No. 12**

The factual basis for Steward's allegation, in Paragraph 76 of the SAC, that "the report from Shawmut Design and Construction relied on by AGLIC and Zurich was full of irrational assumptions that make a May 2022 as-was reopening date entirely impossible," including the facts and documents supporting each of subparagraphs (a)-(g) of that allegation.

**Response No. 12**

Plaintiff incorporates the General Objections as though fully set forth in this Response. Plaintiff objects on the grounds that the topic requires expert opinion testimony and expert disclosures are not yet due. Subject to and without waiving its objections, Plaintiff will designate

**John Castellano** and/or **Eugene Sullivan** to testify to the factual basis underlying the referenced allegations. Plaintiff further notes that this subject will also be addressed through expert testimony, and Defendants will have an opportunity to examine such experts.

Plaintiff reserves the right to modify its designations and may also adopt third-party testimony as its own for this topic.

**Topic No. 13**

Each of the ways in which Steward claims AGLIC or Zurich failed to adjust Steward's insurance claim in good faith or otherwise acted in bad faith towards Steward, including the facts and documents supporting each of the allegations in Paragraph 68 of the SAC.

    **Response No. 13**

Plaintiff incorporates the General Objections as though fully set forth in this Response. Plaintiff objects on the ground that the topic requires expert opinion testimony and expert disclosures are not yet due. Subject to and without waiving its objections, Plaintiff designates the following witnesses for this topic:

- **Sean O'Mara**, to testify concerning NFA's interactions with Zurich and its consultants, and NFA's observations of Zurich's actions.
- **John Castellano** and/or **Eugene Sullivan**, to address remaining aspects of this topic.

Plaintiff reserves the right to modify its designations and may also adopt third-party testimony as its own for this topic.

**Topic No. 14**

Each of the unfair or deceptive acts or practices in the conduct of trade of commerce that Steward claims AGLIC or Zurich engaged in, including the facts and documents supporting each of the allegations in Paragraph 112 of the SAC.

**Response No. 14**

Plaintiff incorporates the General Objections as though fully set forth in this Response. Plaintiff objects on the ground that the topic requires expert opinion testimony and expert disclosures are not yet due. Subject to and without waiving its objections, Plaintiff designates the following witnesses for this topic:

- **Sean O'Mara**, to testify concerning NFA's interactions with Zurich and its consultants, and NFA's observations of Zurich's actions.
- **John Castellano** and/or **Eugene Sullivan**, to address remaining aspects of this topic.

Plaintiff reserves the right to modify its designations and may also adopt third-party testimony as its own for this topic.

**Topic No. 15**

The steps undertaken by Steward to mitigate its claimed damages in this Action.

**Response No. 15**

Plaintiff incorporates the General Objections as though fully set forth in this Response. Subject to and without waiving its objections, Plaintiff designates the following witnesses for this topic:

- **Salvatore Perla** will testify regarding Steward's efforts to transfer patients and physicians from Norwood Hospital to other Steward facilities; and

- **John Castellano** and/or **Eugene Sullivan**, to address remaining aspects of this topic.

Plaintiff reserves the right to modify its designations and may also adopt third-party testimony as its own for this topic.

**Topic No. 17**

Steward's communications with Medical Properties Trust concerning Steward's claim under the Steward Policy concerning the Rain Event, whether to tear-down and rebuild the Norwood Hospital or repair it following the Rain Event, and/or Steward's operation of the rebuilt or repaired Norwood Hospital.

**Response No. 17**

Plaintiff incorporates the General Objections as though fully set forth in this Response. Subject to and without waiving its objections, Plaintiff designates the following witnesses for this topic: **John Castellano** and/or **Eugene Sullivan**.

Plaintiff reserves the right to modify its designations and may also adopt third-party testimony as its own for this topic.

**Topic No. 18**

Steward's communications with the Massachusetts Insurance Commissioner, the Town of Norwood, and other state or local officials concerning the Rain Event, the damage to the Norwood Hospital from the Rain Event, whether to tear-down and rebuild the Norwood Hospital or repair it following the Rain Event, and/or Steward's operation of the rebuilt or repaired Norwood Hospital.

**Response No. 18**

Plaintiff incorporates the General Objections as though fully set forth in this Response. Subject to and without waiving its objections, Plaintiff designates the following witnesses for this topic:

- **Salvatore Perla** will testify to the communications with Massachusetts Insurance Commissioner, the Town of Norwood and other state or local officials concerning the Rain Event, the damage to the Norwood Hospital from the Rain Event, and Steward's efforts to reopen Norwood Hospital; and

- **John Castellano** and/or **Eugene Sullivan**, to address remaining aspects of this topic.

Plaintiff reserves the right to modify its designations and may also adopt third-party testimony as its own for this topic.

**Topic No. 19**

Steward's communications with the Commonwealth of Massachusetts, including the Office of the Attorney General and Office of the Governor of Massachusetts, concerning Steward's financial condition, its ability to operate hospitals in Massachusetts, its dealings with MPT, and its dealings with its members and sub-members, officers and executives including Ralph de la Torre.

**Response No. 19**

Plaintiff incorporates the General Objections as though fully set forth in this Response. Plaintiff further objects to the topic on the grounds that it exceeds the permissible scope of discovery, as it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case

**Topic No. 20**

Steward's communications with AGLIC and Zurich with respect to Steward's claim under the Steward Policy concerning the Rain Event.

> **Response No. 20**

> Plaintiff incorporates the General Objections as though fully set forth in this Response. Subject to and without waiving its objections, Plaintiff designates the following witnesses for this topic:

> **Sean O'Mara**, to testify regarding communications between NFA and Defendants;

> **Michael Mann**, to testify to the communications between Marsh Advisory and Matson, Driscoll & Damico, LLP; and

> **John Castellano** and/or **Eugene Sullivan**, to address remaining aspects of this topic.

> Plaintiff reserves the right to modify its designations and may also adopt third-party testimony as its own for this topic.

**Topic No. 21**

Steward's communications with any insurance broker, agent or producer with respect to Steward's claim under the Steward Policy concerning the Rain Event, including without limitation what information to supply to or withhold from AGLIC or Zurich.

> **Response No. 21**

> Plaintiff incorporates the General Objections as though fully set forth in this Response. Subject to and without waiving its objections, Plaintiff designates the following witnesses for this topic: **John Castellano** and/or **Eugene Sullivan**.

Plaintiff reserves the right to modify its designations and may also adopt third-party testimony as its own for this topic.

**Topic No. 22**

Steward's internal discussions, deliberations, communications and analysis with respect to its claim under the Steward Policy concerning the Rain Event, including without limitation what information to supply to or withhold from AGLIC or Zurich.

**Response No. 22**

Plaintiff incorporates the General Objections as though fully set forth in this Response. Subject to and without waiving its objections, Plaintiff designates the following witnesses for this topic:

- **Sean O'Mara**, to testify regarding internal discussions involving NFA;
- **Michael Mann**, to address internal communications involving Marsh Advisory; and
- **John Castellano** and/or **Eugene Sullivan**, to address remaining aspects of this topic.

Plaintiff reserves the right to modify its designations and may also adopt third-party testimony as its own for this topic.

          STEWARD HEALTH CARE SYSTEM LLC,

          By its Attorneys,

          */s/ Seth J. Robbins*
          Howard M. Cooper (BBO No. 543842)
          Seth J. Robbins (BBO No. 655146)
          William E. Gildea (BBO No. 699112)
          TODD & WELD LLP
          One Federal Street, 27th Floor
          Boston, MA 02110
          (617) 720-2626
          hcooper@toddweld.com
          srobbins@toddweld.com
          wgildea@toddweld.com

Dated: June 18, 2025

## CERTIFICATE OF SERVICE

    I, Elizabeth L. Gardon, hereby certify on June 18, 2025, I caused the foregoing document to be served via email upon the following counsel of record.

          */s/ Elizabeth L. Gardon*
          Elizabeth L. Gardon