UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEWARD HEALTH CARE SYSTEM LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 1:21-cv-11902 – PBS<br><br>**ORAL ARGUMENT REQUESTED** |

**OPPOSITION TO STEWARD HEALTH CARE SYSTEM LLC'S
MOTION TO COMPEL THIRD PARTIES**

On June 11, 2025, Plaintiff Steward Health Care System, LLC ("Steward") filed a Motion to Compel eight (8) third parties[1] to produce additional documents in response to subpoenas (the "Subpoenas") previously served upon them. ECF Doc. No. 119. Each of the third parties are entities that are distinct and apart from Defendants American Guarantee and Liability Insurance Company ("AGLIC") and Zurich American Insurance Company ("ZAIC") (collectively, "Defendants"). Seven of the eight third parties hereby oppose Steward's Motion to Compel (Shawmut, again, is separately represented and has already opposed the Motion to Compel (ECF Doc. No. 133)). These seven third parties are collectively referred to herein as the "Third Parties."

---

[1] These eight third parties are: Sedgwick Claims Management Services, Inc., Matson, Driscoll & Damico, LLP, J.S. Held LLC, DBI Construction Consultants LLC, Thornton Tomasetti, Ruddy, Cassidy & Foster, LLC, Meridian Restoration Consultants LLC, and Shawmut Woodworking & Supply, Inc ("Shawmut"). The term "Third Parties" as used herein excludes Shawmut, as it is separately represented by other counsel.

Page **1** of **12**

Steward's Motion to Compel should be denied because the Third Parties have already responded to the Subpoenas by producing to Steward Health their entire files concerning Steward's claim at issue here. Steward's Subpoenas are substantially overbroad and unduly burdensome because they include several requests for documents that go far beyond the claims at issue in this case and are untethered from the June 28, 2020 water loss at Norwood Hospital. For example, the Subpoenas ask the Third Parties to produce (1) files for claims <u>other than</u> the June 28, 2020 water loss at Norwood Hospital; (2) vaguely defined training or guideline materials; and (3) all materials generated by the Third Parties during expert retentions in <u>other</u> cases. Besides the lack of relevance to this case, even searching for responsive documents would impose a substantial, disruptive, and undue burden on the Third Parties, all in violation of Federal Rules of Civil Procedure 26 and 45.

Steward's unfounded accusation that Defendants AGLIC and ZAIC are somehow "orchestrating" via the Third Party responses to the Subpoenas a "broader campaign of strategic delay" is patently false. The Third Parties are not controlled by Defendants; the Third Parties have produced their files concerning Steward's claim; and the objections raised by the Third Parties are entirely valid – all these points are demonstrated within. Steward's accusation in this regard appears intended to distract from the defective nature of Steward's subpoenas.

## I.  INTRODUCTION

This matter concerns Steward's insurance claim arising from the June 28, 2020 water intrusion at the Norwood Hospital in Norwood, Massachusetts. Steward was insured under a policy of insurance issued by AGLIC. Separately, MPT was insured by a policy of insurance issued by ZAIC. The MPT matter is resolved. In adjusting Steward's claim, AGLIC retained or relied upon qualified professionals; Steward issued subpoenas to certain of those professionals (the Third Parties listed below) which are referred to collectively as the "Subpoenas":

96215631.1

- DBI Construction Consultants, LLC ("DBI")
- J.S. Held LLC ("J.S. Held");
- Matson, Driscoll, & Damico, LLP ("MDD")
- Meridian Restoration Consultants LLC ("Meridian")
- Ruddy, Cassidy & Foster, LLC ("RCF");
- Sedgwick Claims Management Services, Inc. ("Sedgwick");
- Thornton Tomasetti, Inc. ("Thornton Tomasetti"); and
- Shawmut Woodworking & Supply, Inc. d/b/a Shawmut Design and Construction ("Shawmut")[2]

While the Subpoenas differ somewhat in the specific wording of requests for documents, the requests can be fairly placed into three categories: (1) documents and communications concerning the Third Parties' activities regarding the Norwood Hospital insurance claim; (2) documents and communications concerning *other projects apart from* the Norwood Hospital; and (3) documents relating to the Third Parties' training and internal guidelines concerning their work in general. As an example, the Subpoena directed to J.S. Held seeks "[a]ll documents and communications related to the renovation, construction schedule, claims adjustment and any other activities concerning Norwood Hospital" but also seeks "[a]ll construction schedules and estimates generated by J.S. Held since April 1, 2020, *for any construction project.*" ECF Doc. No. 120-1 at 217, 219 (emphasis added). Thus, the Subpoenas include requests for documents that are plainly irrelevant to the instant litigation concerning Norwood Hospital – not other hospitals or projects – and which would be unduly burdensome and expensive to locate and produce. Documents concerning Norwood Hospital have been produced; documents concerning other projects have not been produced.

Similar deficiencies apply to requests in the Subpoenas for "training" materials and "guidelines." Initially, while these requests are vague, most Third Parties have no such materials.

---

[2] Shawmut, again, is separately represented and has already opposed the Motion to Compel through its counsel. ECF Doc. No. 133.

Even if they did, Steward has not shown any potential relevance to these requests. Furthermore, undue burden considerations applicable to non-party entities compound the lack of relevance as to general "training" materials or "guidelines." If any such materials were specifically considered as part of the Third Parties' work on the Norwood Hospital loss at issue they have been produced – nothing further should be required.

Each of the Third Parties has objected to the Subpoenas. And, as noted in the Introduction, all Third Parties represented by the undersigned have produced their non-privileged, relevant and responsive documents in their possession – i.e., each Third Party here has produced their files concerning the June 28, 2020 water loss at Norwood Hospital including work for Steward's claim, as well as for the now-resolved MPT matter.

Attached hereto are declarations from representatives of each of the Third Parties attesting to the completeness of their productions to date. **Ex. A.**, Declaration of Nicholas Bencivenga ("DBI Declaration"); **Ex. B.**, Declaration of Scott Armstrong ("J.S. Held Declaration"); **Ex. C.**, Declaration of Glenn Ricciardelli ("MDD Declaration"); **Ex. D.**, Declaration of Clifford Barrows ("Meridian Declaration"); **Ex. E.**, Declaration of Bruce Underwood ("RCF Declaration"); **Ex. F.**, Declaration of Clifford Hyde ("Sedgwick Declaration"); and **Ex. G.**, Declaration of Jeffrey Balliew ("Thornton Tomasetti Declaration"). As attested to in the attached Declarations, the Third Parties have made a complete, good faith, and productive effort to locate and produce the relevant, non-privileged documents requested by the Subpoenas.

Notwithstanding the Third Parties' good faith and reasonable production in compliance with the Subpoenas, Steward's Motion to Compel now seeks to go far afield from this matter and impose an undue burden on the Third Parties, including seeking documents having minimal or no relevance to the instant litigation. Again, those portions of the Subpoenas which seek documents

concerning the Third Parties' activities beyond Norwood Hospital exceed the scope of both Rule 26 and Rule 45 – and it is only those types of documents still at issue. For these reasons—and because the permissible portions of the Subpoenas were already complied with—the Motion to Compel should be denied.

## II.     ARGUMENT

### A. The Subpoenas fail the relevance requirement of Fed. R. Civ. P. 26

A subpoena is still subject to the relevance requirements of Fed. R. Civ. P. 26. "The law is straightforward. A third party subpoena is subject to the relevance and proportionality requirements of Rule 26(b)(1)." *Solamere Cap. v. DiManno*, 621 F. Supp. 3d 152, 158 (D. Mass. 2022). Accordingly, as with party discovery, under Rule 26 "the trial court is required to balance the burden of proposed discovery against the likely benefit." *Gill v. Gulfstream Park Racing Ass'n., Inc.*, 399 F.3d 391, 400 (1st Cir. 2005). When performing this balancing test for a third-party subpoena, courts consider "the [issuing party's] need for this information, the availability of other means of obtaining it, and the burden placed on the claimants by the subpoenas." *E.E.O.C. v. Texas Roadhouse, Inc.*, 303 F.R.D. 1, 2 (D. Mass. 2014).

Here, the Subpoenas include requests for documents that cannot be relevant to the instant litigation. All of the Subpoenas request voluminous documents concerning unrelated projects (including even expert retentions in other cases) and the Third Parties' training and internal guidelines for their work. While it is impractical (and not necessary) to identify every example across all seven Subpoenas, the following excerpts provide a representative sampling of Steward's document requests to these non-parties:

- *All* Subpoenas seek "all related pleadings, orders, discovery responses, depositions transcripts, trial transcripts, trial exhibits, settlement agreements, and judgments concerning [Third Party]" for "**any legal proceeding where [Third Party] has been retained as an expert witness or provided testimony**"

- The DBI Subpoena seeks "All construction schedules, including estimates, generated by DBI Construction since April 1, 2020 **for any construction project**" (ECF Doc. No. 120-1 at 230).;

- The RCF Subpoena seeks "**[a]ll reports** generated by RCF Salvage since April 1, 2020, **assessing the condition of equipment, systems, and/or products in healthcare facilities** and hospitals that were undergoing major repairs after a water loss, for any project" (ECF Doc. No. 120-1 at 241);

- The MDD Subpoena seeks "All documents and communications concerning MDD's **business relationship** with Zurich, AGLIC, and Sedgwick, including but not limited to contracts, agreements, engagement terms, payment arrangements, and any discussions related to Norwood Hospital" (ECF Doc. No. 120-1 at 90);

- Both the Thornton Tomassetti and J.S. Held Subpoenas seek "**[a]ll communications between [Third Party] and any third-party contractors, vendors, or subcontractors** regarding delays, supply chain issues, staffing shortages, or other disruptions in the construction industry after March 1, 2020" (ECF Doc. No. 120-1 at 217, 250).;

- The Meridian Subpoena seeks "[a]ll documents and communications related to **any bid or proposal submitted by Meridian** for projects where Zurich, AGLIC, and/or Sedgwick serve as the insurer or claims adjuster, involving a major water loss to a commercial and healthcare facility" (ECF Doc. No. 120-1 at 263).

[All bolding added.]

Steward's claimed justification is thin. Steward asserts without explanation or basis that these (and other requests) are "essential to examining whether Zurich and its consultants (i) conducted a reasonable investigation of the June 28, 2020 loss, and (ii) treated Steward's claim differently than similar projects during the relevant period." But Steward fails to demonstrate (because it cannot) how a bare assertion that other projects are somehow "similar" meets the Rule 26 relevance standard. It does not. Federal courts addressing this issue in the insurance context reject arguments similar to Steward's. *E.g.*, *Fid. & Deposit Co. of Maryland v. McCulloch*, 168 F.R.D. 516, 526 (E.D. Pa. 1996) (holding that discovery seeking information on other lawsuits brought against insurer under similar policy provisions amounted to a "fishing expedition"); *AKH*

*Co. v. Universal Underwriters Ins. Co.*, 300 F.R.D. 684, 691 (D. Kan. 2014) (holding that discovery seeking information on insurer's other alleged breaches of contract "is irrelevant as to whether or not Defendant breached the specific contract at issue."). Indeed, it is difficult to imagine any meaningful relevancy between this litigation, and, for example, every construction schedule produced by DBI "since April 1, 2020 for any construction project." In taking this position, Steward ignores that relevance remains the touchstone for any discovery, including subpoenas to non-parties. *DiManno*, 621 F. Supp. at 158.

Steward also overlooks the balancing test required by Rule 26, which requires an examination of *how* relevant, even if Steward could show any relevance for its attempts to obtain "other project" materials. Here, any "likely benefit" gained by Steward from many of the Subpoena document requests is minimal at best. *Gill*, 399 F.3d at 400. Consider Steward's request that certain Third Parties locate "trial exhibits" for *every* matter in which they were retained as an expert. Even if Steward could show any marginal benefit from obtaining these trial exhibits – which it has not meaningfully done – the effort involved clearly outweighs the reward. *Texas Roadhouse, Inc.*, 303 F.R.D. at 2. Many requests in the Subpoenas similarly fail the Rule 26 balancing test.

While the Subpoenas seek certain relevant documents (which have been produced), the objected-to requests set out in the Subpoenas contain purely or largely irrelevant document requests that fail the Rule 26 relevance test. Rule 26 does not require the Third Parties to comply with the portions of the Subpoena which seek irrelevant documents, or documents so marginally relevant that the burden in producing them outweighs their benefit.

### B. The Subpoenas violate Fed. R. Civ. P. 45 by imposing undue burden and expense on non-parties

Separate from the relevance requirement of Rule 26, a third-party subpoena must also

96215631.1

comply with Rule 45's protections of non-parties. Specifically, Rule 45(d) "requires this court to 'quash or modify a subpoena' that 'subjects a person to undue burden.'" *DiManno*, 621 F. Supp. 3d at 158 (quoting Fed. R. Civ. P. 45(d)).  When considering whether a Rule 45 subpoena imposes an undue burden on a non-party, courts will consider "the relevance of the documents sought, the necessity of the documents sought, the breadth of the request ... expense and inconvenience…." *Behrend v. Comcast Corp.*, 248 F.R.D. 84, 86 (D. Mass. 2008) (quoting *Demers v. LaMontagne*, No. Civ.A. 98–10762–REK, 1999 WL 1627978, at *2 (D. Mass. May 5, 1999)).  Additionally, the First Circuit has reminded that "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998).

Here, the irrelevant portions of the Subpoenas impose an enormous undue burden on the Third Parties. Steward's request that MDD search its records for every "engagement term" and "payment agreement" it has had with ZAIC or AGLIC is significantly onerous.  Considering the sizes of MDD, ZAIC, and AGLIC, this request alone could divert MDD staff from productive work for weeks.  Steward's requests for *all* Third Parties to gather trial transcripts and other legal documents from every matter in which they served as an expert witness alone would probably cost untold thousands of dollars and, likely, would run afoul of confidentiality provisions in those other matters. The First Circuit reminds that the protection of non-parties from this type of undue burden is the overriding concern of Rule 45. *Cusumano*, 162 F.3d at 717. Steward's Subpoenas give no consideration of this "special weight" afforded to non-parties. *Id.*

Notwithstanding the enormous burden and inconvenience Steward seeks to thrust on the Third Parties, Rule 45 also requires an assessment of the usefulness of the documents sought by Steward. Apart from relevance (which portions of the Subpoenas certainly fail), the "necessity of

the documents sought" must be considered. *Behrend*, 248 F.R.D. at 86. While Steward makes conclusory statements about the documents being "essential" to this matter, the excerpts above show this cannot be true for many requests set forth by the Subpoenas. Indeed, Steward seemingly has lost sight of the crux of this litigation—its insurance claim for the June 28, 2020 loss at <u>Norwood Hospital</u>. This litigation could surely proceed without "trial transcripts" of every matter the Third Parties served as an expert in, or details about projects other than Norwood Hospital. These and other requests sought by the Subpoenas fail the "necessity" consideration of Rule 45.

In short, enforcement of Steward's Subpoenas as-drafted would impose an undue burden on the Third Parties in exchange for irrelevant documents. And, such an exercise would also needlessly derail and consume time for discovery in this matter. Steward's Motion to Compel should be denied, and the Subpoenas should be quashed or modified to remove the irrelevant and burdensome document requests within.

### C. The Third Parties have already complied with the permissible portions of the Subpoenas

To be clear, the Third Parties do not claim that *every* document request within the Subpoenas is irrelevant. While the Motion to Compel accuses the Third Parties of "stonewalling" Steward, this is simply not true. The Third Parties have complied with the relevant document requests that relate to the Norwood Hospital, as evidenced by the attached Declarations. *See* **Exs. A-G**. In fact, the Third Parties have collectively produced <u>hundreds of thousands</u> of pages of documents to Steward. To date, the Third Parties' productions are as follows:

| Third Party | Dates of Production | Bates Range / Pages |
|---|---|---|
| DBI Construction Consultants, LLC ("DBI") | 5/2/25<br>5/30/25<br>6/5/25<br>6/9/25<br>6/16/25 | DBI_00000001 - DBI_00054664<br>DBI_00054665 - DBI_00054873<br>DBI_00054874 - DBI_00059127<br>DBI_00059128 - DBI_00060464<br>DBI_00060465 - DBI_00085280 |
| J.S. Held LLC ("J.S. Held"); | 5/2/25<br>5/9/25<br>5/14/25<br>5/30/25<br>6/5/25<br>6/9/25<br>6/16/25 | JS HELD_00000001 - JS HELD_00028816<br>JS HELD_00028817 - JS HELD_00028891<br>JS HELD_00028892 - JS HELD_00028971<br>JS HELD_00028972 - JS HELD_00029401<br>JS HELD_00029402 - JS HELD_00031846<br>JS HELD_00031847 - JS HELD_00033284<br>JS HELD_00033284 - JS HELD_00064894 |
| Matson, Driscoll, & Damico, LLP ("MDD") | 5/2/25<br>6/5/25<br>6/9/25<br>6/16/25<br>6/19/25 | MDD_00000001 - MDD_00005695<br>MDD_00005696 - MDD_00007410<br>MDD_00007411 - MDD_00008172<br>MDD_00008173 - MDD_00008444<br>MDD_00008445 - MDD_00033006 |
| Meridian Restoration Consultants LLC ("Meridian") | 6/19/25 | MERIDIAN_00000001 - MERIDIAN_00000920 |
| Ruddy, Cassidy & Foster, LLC ("RCF") | 5/14/25<br>5/30/25<br>6/9/25 | RCF_00000001 - RCF_00001708<br>RCF_00001709 - RCF_00001814<br>RCF_00001815 - RCF00001820 |
| Sedgwick Claims Management Services, Inc. ("Sedgwick") | 5/2/25<br>5/9/25<br>6/5/25<br>6/9/25<br>6/17/25 | SEDGWICK_00000001 - SEDGWICK_00020837<br>SEDGWICK_00020838 - SEDGWICK_00108584<br>SEDGWICK_00108585 - SEDGWICK_00142910<br>SEDGWICK_00142911 - SEDGWICK_00146232<br>SEDGWICK_00146233 - SEDGWICK_00155984 |
| Thornton Tomasetti, Inc. ("Thornton Tomasetti") | 5/14/25<br>5/25/25<br>6/16/25 | TT_00000001 - TT_00006927<br>TT_00006928 - TT_00006933<br>TT-00006934 - TT_00016462 |

All of the Third Parties at issue here have produced the relevant, non-privileged documents in their possession. This reasonable and good faith compliance with the permissible portions of the Subpoena is a far cry from "stonewalling" Steward.

### D. The Third Parties Are Separate From AGLIC and ZAIC

Notwithstanding the plainly apparent, reasonable, and good faith compliance with the Subpoenas by the Third Parties, Steward still implies an effort by Defendants somehow to

96215631.1

"orchestrate" a "broader campaign of strategic delay." This assertion is false and inappropriate on many levels.

Again, the Third Parties are separate from Defendants[3]. Steward identifies neither factual nor legal basis to suggest otherwise. Those categories of requests in the Subpoenas for which the Third Parties refused to produce reflect the (correct) judgement of the <u>Third Parties</u> that Steward's Subpoenas seek irrelevant documents and are unduly burdensome, as shown above. Even if Steward's motion had any merit whatsoever, which it lacks entirely, Steward shows no basis on which the Court could somehow penalize Defendants for the claimed (but unsupported) deficiencies of non-parties.

### III.     CONCLUSION

Steward's Motion to Compel is meritless because the underlying Subpoenas seek several categories of irrelevant documents which would impose an undue burden on non-parties to locate and produce. The Motion to Compel is moot as it relates to the permissible portions of the Subpoenas, because relevant non-privileged documents in the possession of the Third Parties have already been produced in response to same. Lastly, Steward's request that the Court somehow penalize Defendants for the claimed deficiencies of non-parties has no legal or factual support and should be rejected. For these reasons, the Third Parties respectfully request this Court to deny Steward's Motion to Compel.

### **REQUEST FOR ORAL ARGUMENT**

Pursuant to Rule 7.1(d) of the Local Rules of the United States District Court for the District of Massachusetts, Defendants respectfully request oral argument on the present Motion.

---

[3] Undersigned counsel represents the Third Parties for purposes of responding to Steward's overbroad and unduly burdensome Subpoenas; that representation is also separate from representation of Defendants.

Respectfully submitted,

 /s/ Jonathan D. Mutch
Jonathan D. Mutch, Esq. (BBO No. 634543)
Timothy Wenger (BBO No. 674087)
ROBINS KAPLAN LLP
800 Boylston Street, 25th Floor
Boston, MA 02199
Tel: (617) 267-2300
JMutch@RobinsKaplan.com
TWenger@RobinsKaplan.com

*Attorneys for Defendants American Guarantee and Liability Insurance Company and Zurich American Insurance Company*

## CERTIFICATE OF SERVICE

I, Jonathan D. Mutch, hereby certify that on this day, I electronically filed the within document with the Clerk of the Court using the CM/ECF system that will send notification of such filing(s) to all counsel of record. The document is available for viewing and downloading through the ECF system.

Dated: June 25, 2025                                  /s/ Jonathan D. Mutch
                                                      Jonathan D. Mutch

96215631.1