# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEWARD HEALTH CARE SYSTEM LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>    Defendants. | Civil Action No. 1:21-cv-11902 |

**DECLARATION OF SCOTT ARMSTRONG REGARDING J.S. HELD LLC'S DOCUMENTS PRODUCED IN RESPONSE TO SUBPOENA**

I, Scott Armstrong, declare as follows:

1. I am Executive Vice President and Equipment Practice Lead of J.S. Held, LLC (J.S. Held"). J.S. Held was retained in connection with the June 28, 2020 Norwood Hospital flood event (the "incident") that is the subject of the above-captioned matter. I make this declaration regarding documents that J.S. Held produced in response to a subpoena (the "subpoena") served upon it by Steward Health Care System LLC on February 21, 2025.

2. The subpoena concerned requests for: (1) documents regarding the incident; (2) documents regarding other matters beside the incident in which J.S. Held had been retained; (3) documents concerning J.S. Held's practices and procedures; and (5) pleadings, orders, discovery responses, etc. regarding J.S. Held's expert retention in other matters beside the incident.

1

3. Upon receipt of the subpoena, J.S. Held searched its files and forwarded all documents regarding the incident to Robins Kaplan LLP. In so doing, J.S. Held did not withhold any documents regarding the incident.

4. I reviewed objections to the subpoena on J.S. Held and I understand that counsel served objections and produced documents responsive to the subpoena concerning the incident.

5. I have learned that Steward has filed a motion to compel J.S. Held to produce documents regarding the following which Steward claims were wrongfully withheld:

    a. unrelated matters;

    b. J.S. Held's practices and procedures; and

    c. expert retention in other matters.

6. First, with respect to Steward's requests for documents concerning "standard practices or protocols for calculating business interruption in similar healthcare projects . . . including any internal policies, procedures, or guidelines" (Request No. 8) and J.S. Held's "standard practices and/or standard operating procedures concerning compliance with building code upgrades" (Request No. 11), J.S. Held does not have any such documents.

7. With respect to Steward's requests for documents regarding unrelated matters in which J.S. Held was retained, such as Request No. 3 seeking "[a]ll communications between J.S. Held and any third-party contractors, vendors, or subcontractors regarding delays, supply chain issues, staffing shortages, or other disruptions in the construction industry after March 1, 2020", the scope of this request is enormous. J.S. Held has offices across the world with thousands of employees. It would be extremely burdensome to the point

of impossible to require J.S. Held to search all of its files and databases concenring documents possibly responsive to this request.

8. Steward's Motion to Compel states that its request is limited to "other, comparable projects." It is also unclear as to what Steward means by "comparable" and that does not reduce the undue burden because J.S. Held would still need to search massive volumes of documents to make some determination as to whether some other matter is "comparable" to the subject matter.

9. With respect to documents concerning expert retention in other matters, requiring J.S Held to search for and produce all pleadings, discovery responses, etc. exchanged in the course of each and every matter in which one of its employees had been retained would be overly burdensome and would require the expenditure of significant time and resources and likely seeks information that is confidential in the other matters.

I declare under penalty of perjury and the laws of the United States and the Commonwealth of Massachusetts that the foregoing is true and correct.

Executed this 23 day of June 2025 at 817 Independence Parkway, Southlake, Texas 76092.

*Scott Armstrong* (signature)

Scott Armstrong

3