UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEWARD HEALTH CARE SYSTEM LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 1:21-cv-11902 |

### [PROPOSED] ORDER APPOINTING THE HONORABLE FAITH S. HOCHBERG AS DISCOVERY MASTER

In the interest of promoting the efficient and timely resolution of current and future discovery disputes, and to reduce the burden of discovery-related motion practice on the Court as this matter approaches trial—currently scheduled for January 2026—the Court finds that the appointment of a Discovery Master is both appropriate and warranted.

Pursuant to Rule 53 of the Federal Rules of Civil Procedure, and following the parties' submission of proposed candidates, the Court hereby ORDERS as follows:

### I. Appointment and Authority of Discovery Master

The Honorable Faith S. Hochberg of Hochberg ADR, LLC (judgehochberg@judgehochberg.com) is hereby appointed as Discovery Master. Counsel for the parties shall promptly consult with the Discovery Master concerning all outstanding discovery issues, including those involving third parties.

The Discovery Master shall proceed with all reasonable diligence to fulfill her duties and responsibilities as follows:

A. **Duties and Responsibilities:**

The Discovery Master is empowered and charged with the duties outlined below, subject to and consistent with Rule 53 of the Federal Rules of Civil Procedure:

1. To make any order, finding, report or recommendation on any and all discovery and preservation of evidence issues and disputes ("Discovery Issues") between the Parties and between the Parties and non-Parties, including but not limited to:

    (i) Managing and supervising Discovery Issues and resolving Discovery Issues;

    (ii) The scope of permissible discovery, including the adequacy of written discovery requests and responses, as well as third-party subpoena compliance;

    (iii) Managing Discovery Issues involving electronic information or data, including those relating to identification and selection of appropriate custodians and search terms for ESI related discovery;

    (iv) Hearing evidence on Discovery Issues and issuing findings and decisions on Discovery Issues;

    (v) Assertions of privilege or other bases for withholding information, including the sufficiency of privilege logs;

    (vi) Alleged violations of any prior order issued by the Discovery Master or Court; and

    (vii) Confidentiality designations, and to hear evidence, manage and resolve issues arising out of the Protective Order.

2. To resolve disputes between the Parties relating to and arising during depositions, including making herself available to be consulted via telephone before or during the deposition to address the following:

2

  (i)  The location and timing of depositions;

  (ii)  Whether depositions may proceed by videoconference;

  (iii)  A witness's refusal to appear or answer questions; and

  (iv)  Whether the presumptive limits on the number of depositions should be modified for good cause.

3. The scheduling of other fact and expert discovery events, including the negotiation of a revised fact and expert discovery schedule for submission to the District Court.

4. For the avoidance of doubt, the Discovery Master shall possess all powers enumerated in Rule 53(c) of the Federal Rules of Civil Procedure.

**B. Other Authority**

1. The Discovery Master shall have discretion, after consultation with the Parties and subject to the terms herein, to determine the appropriate procedures for resolution of matters brought to her attention and shall have the authority to implement those procedures including the authority to set the date, time and place for all hearings whether in person or by Zoom/Teams or other electronic means including telephonic conferences, to take evidence, and to receive and consider information designated as confidential pursuant to any protective order entered in this matter, and may review privileged material in camera.

2. Upon finding of good cause, the Discovery Master may by order alter any deadlines and times set out in this Order or otherwise established by the Discovery Master or extend the time for any party, including the Discovery Master, to act.

3. The Discovery Master is directed to proceed with all reasonable diligence to complete the tasks assigned by this Order.

## II. Procedure for Resolving Discovery Disputes

All contested discovery matters shall be submitted in the first instance to the Discovery Master. The Discovery Master shall confer with counsel —either in person or remotely—and endeavor to mediate each dispute. If mediation is unsuccessful, the Discovery Master shall issue a written decision, with copies provided to all counsel of record.

The Discovery Master may, in her discretion, request written submissions as necessary to resolve particular disputes. In the event of an emergency application, the opposing party shall be afforded an opportunity to respond before any ruling is made.

All orders by the Discovery Master shall be filed with the Court in accordance with Rule 53(d). Written submissions to the Discovery Master shall not be filed with the Court.

## III. Review by the Court

Any party objecting to a ruling by the Discovery Master shall file a written objection with the Court within seven (7) days after service of the ruling. The Discovery Master may, however, provide in her formal written decision, order, finding, report or recommendation that the period for filing objections to that particular document is a period longer than the seven (7) days if warranted under the circumstances. The Court shall review such rulings pursuant to Federal Rule of Civil Procedure 53(f).

## IV. No Ex Parte Communications

Upon entry of this Order, *ex parte* communications with the Discovery Master regarding this matter are strictly prohibited unless the relevant Parties have consented in writing. For the avoidance of doubt, the case manager for the Discovery Master may communicate *ex parte* with the Parties regarding purely administrative matters, such as availability for conference or hearing dates.

**V.     Compensation**

The hourly rate for the Special Master shall be $1,275. In addition, the Discovery Master may engage the assistance of a Law Clerk, at an hourly rate not to exceed $325. The fees and expenses of the Discovery Master shall be shared 50/50 between Plaintiff Steward Health Care System, LLC and Defendants American Guarantee and Liability Insurance Company and Zurich American Insurance Company. The Discovery Master shall submit a detailed monthly invoice to counsel for payment.

**IT IS SO ORDERED.**

_____
The Honorable Patti B. Saris
United States District Court Judge
7/18/25