UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEWARD HEALTH CARE SYSTEM LLC, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY, <br><br> Defendants. | Civ. Action. No. 21-cv-11902-PBS |

**DISCOVERY MASTER ORDER NO. 1: RULING ON DEFENDANTS' MOTION TO COMPEL PRODUCTION**

Defendants American Guarantee and Liability Insurance Company ("AGLIC") and Zurich American Insurance Company ("Zurich") (collectively, "Defendants") submitted a Motion to Compel Production from Plaintiff Steward Health Care Systems, LLC ("Plaintiff" or "Steward") to the Court on June 17, 2025 (ECF 126; 127). ("Motion to Compel Plaintiff's Document Production" or "Motion to Compel"). Steward filed an opposition to Defendants' motion (ECF 139). Pursuant to the Court's Order appointing the undersigned as Discovery Master to decide discovery disputes in this matter (ECF 149), the issue is now before the Discovery Master.

The Discovery Master has read all briefs and accompanying exhibits that had previously been filed with the Court and held four hearings with the parties to attempt to reach resolution on certain of the disputes between the parties. The parties were given several separate periods of time between the hearings to narrow the scope of their disputes, based upon the guidance that had been discussed during each of the hearings. While this process took time, it has been undertaken in the hope and expectation that the parties would reach a compromise on some or all of the disputed issues. Although some issues were narrowed or resolved through this process, the parties could not reach agreement on most of the disputes pertaining to Defendants' Motion to Compel. Having heard from the parties that they have concluded their most recent effort to narrow their differences, and that they are at an impasse on the unresolved issues set out in this Motion, the Discovery Master now enters this Order.

At the very first hearing conducted by the Discovery Master, it became apparent that there had never been an ESI Order proposed by the parties, either individually or jointly, and

1

thus the search terms and custodians had not been determined. Steward had conducted some searches, and produced documents from a specified group of persons whom Steward contends are the persons most knowledgeable, but no search was done of the group of custodians who are Steward officers, managers, or key employees.

The crux of this Motion to Compel pertains to which custodians and search terms should be required to satisfy Steward's duty to search and produce relevant documents. Steward originally produced documents only from custodians Chris Kidney, Michael Crowley, David Soucy, Robert Gendron, and Scott Kenyon. Through counsel communications, Steward disclosed that custodians Kidney, Soucy, Gendron, and Kenyon were not Steward's current or former employees; that Steward did not control these four individuals nor Mr. Crowley; and that Steward could not accept deposition notices on these custodians' behalf. Given these facts, Defendants contend that Steward's document production is insufficient, that it is essential for further custodians to be searched, and that search terms be established to control what documents are discovered and produced to Defendants.

A. <u>Custodians</u>:

In addition to re-searching the documents possessed by the above 5 individuals by applying the search terms discussed below to those individuals indicated, Defendants request that the relevant search terms be applied to the following 8 Steward employee custodians, none of whom has had any search done for their relevant documents:

- Ralph de la Torre, Chief Executive Officer, Steward
- Octavio Diaz, President and System Chief Medical Officer, Steward
- John Doyle, Chief Financial Officer, Steward
- Sal Perla, President, Norwood Hospital
- Elizabeth Ganem, Chief Financial Officer, Norwood Hospital
- John Polanowicz, Chief Operating Officer, Steward
- Ronald Doncaster, Vice President, CREF
- Stephen W. Van Ness, Planning and Design, CREF

The Discovery Master has heard and duly considered Steward's arguments regarding undue burden and finds them unpersuasive in a case of this magnitude. It is entirely unprecedented, and unacceptable, for this case to proceed in the absence of any proper document searches of the key Steward officers and employees. Steward's primary arguments are that running the proposed set of search terms on these employees will "hit on" many thousands of documents that will require review in advance of production, which will cause expense and delay. However, searches yielding more than one hundred thousand documents are not uncommon in cases as large and wide-ranging in its claims as this case. The Discovery Master understands that Steward is in bankruptcy reorganization proceedings. However, there will be a reorganized company that continues to do business, and the financial claims that Steward seeks to recover are very substantial. Defendants are entitled to appropriate, proportional, and expeditious discovery from Steward – especially when in the first instance, the company has deemed its employees not worth searching. Indeed, the very number of "hits" reported by the

search vendor strongly suggests that these employees were likely to have been involved in the issues in dispute, and their files should unquestionably be searched.

In response to Steward's claim of undue burden, the Discovery Master asked Steward if it wished to ease its burden by shifting the initial review of the documents resulting from the search terms to Defendants. Steward declined, citing, *inter alia*, HIPAA concerns. Although proper protocols could be applied to mitigate any HIPAA concerns, Steward did not wish to engage in such a process. Steward shall now act expeditiously to complete the production ordered below in the time period set in this Order. Steward may engage the assistance of additional contract reviewers, in addition to its attorneys, provided that the attorneys instruct the contract reviewers *in writing* as to their duties, in order to ensure that the appropriate document production is made. The time frame must be short, in order to attempt to have this case trial-ready by the Court's projected January 2026 trial date. The urgency was caused, at least in substantial part, by Steward's unusual decision to exempt its employees from a document search early in the case. While a proper search protocol might have required conducting some additional searches, the burden of the document review would likely have been far less.

After reviewing all of the parties' submissions and hearing all of the parties' arguments, the Discovery Master finds that the production of documents from additional Steward employee custodians is necessary to provide Defendants with the relevant discovery they need to defend this case. Because the parties have been unable to reach agreement on the search terms to be applied, the Discovery Master rules that the searches of the custodians identified below shall be conducted forthwith by Steward. Further, Steward shall report to the Discovery Master within 5 days of the date of this Order, identifying who is tasked with leading the document review; that person's employer and experience in document review; and a written set of the instructions provided to each person involved in conducting the document review. From the outset of the hearings conducted by this Discovery Master, Steward was on notice that its document production could not avoid searching its executive staff. Therefore, much of the preparatory work should already be underway. Starting on the first Friday after the date of this Order, and continuing every Friday until the work is completed, Steward shall report on the status of its document review. Any documents withheld shall be categorized with the basis for any non-production, so that a sample audit can be done in the event of a dispute. To the extent that HIPAA is a basis for non-production, the Defendants shall research and propose a proper means to review this category. To the extent the parties do not have a protocol in place for documents containing HIPAA information, each side shall submit a brief no longer than 7 pages double-spaced, with citations to appropriate authority, as to the proper procedures to follow in such situations. Such briefs, if necessary, shall be due simultaneously by close of business on Tuesday, September 16, 2025.

The document review and production shall be completed in not more than 45 days; rolling productions shall be made every Friday.

B. <u>Search Terms for Date Range June 28, 2020 to December 31, 2024</u>

Due to time constraints, the Discovery Master refers counsel to the transcripts of the several hearings, and the discussions therein, for the reasoning underlying the rulings below:

3

| Search Term to Be Applied | Custodians to Which the Term Shall be Applied | Discovery Master Comments |
|---|---|---|
| **(1)** "Norwood" AND (Sedgwick OR "American Guarantee" OR AGLIC OR ZAIC OR Zurich OR "Medical Properties Trust" OR MPT OR MDD OR NFA OR "National Fire") | - Chris Kidney<br>- Michael Crowley<br>- David Soucy<br>- Robert Gendron<br>- Scott Kenyon<br>- Ralph de la Torre<br>- Octavio Diaz<br>- John Doyle<br>- Sal Perla<br>- Elizabeth Ganem<br>- John Polanowicz<br>- Ronald Doncaster<br>- Stephen W. Van Ness | Limiting the search with the term "Norwood" will substantially decrease the number of hits for this term. Steward has not produced documents from any Steward-employed custodian to date and documents relating to the Norwood claim are highly relevant to this case |
| **(2)** "Norwood" AND ("Array" OR "Code Red Consultants" OR "Consigli" OR "Continental" OR "BR+A" OR "EH&E" OR "Environmental Health & Engineering" OR "Gale" OR (North w/2 Tarr) OR "Marsh" OR "Thyssenkrupp" OR "L.A. Fuess" OR "Green Seal Environmental" OR "General Electric" OR "GE" OR "Philips" OR "Hologic" OR "Siemens" OR "Konica" OR "Drager" OR "BeaconMedaes" OR "Frontier" OR "FUJIFILM") | - Chris Kidney<br>- Michael Crowley<br>- David Soucy<br>- Scott Kenyon<br>- Octavio Diaz<br>- Sal Perla<br>- John Doyle<br>- Ronald Doncaster<br>- Elizabeth Ganem | Limiting the search with the term "Norwood" and reducing the number of non-employee custodians sought will decrease the number of hits for this term. Terms "NFA" and "National Fire" need not be included, as they are part of search term (1) above across all custodians |

| | | |
|---|---|---|
| **(3)** "Norwood" AND (damage OR inop* OR water OR rain OR flood OR mold OR storm OR wet OR humid* OR reliab* OR temp OR temps OR temperat* OR (end w/3 life) OR rust OR ruin* OR asbestos OR remed* OR abat* OR infilt* OR debris OR dry wall OR spoil* OR expir* OR warrant*) | • Chris Kidney<br>• Michael Crowley<br>• David Soucy<br>• Ronald Doncaster<br>• Sal Perla<br>• Elizabeth Ganem<br>• John Doyle<br>• Stephen W. Van Ness | Reducing the number of custodians sought will decrease the number of hits for this term. Documents relating to the damage resulting from the June 28, 2020 weather event are highly relevant to this case |
| **(4)** "Norwood" AND (repair OR fix OR mitigate* OR abat* or reopen* OR reconstruct* OR rebuild* OR renovat* OR re-open*) | • Chris Kidney<br>• Michael Crowley<br>• David Soucy<br>• Scott Kenyon<br>• Octavio Diaz<br>• Sal Perla<br>• Elizabeth Ganem<br>• John Polanowicz<br>• Stephen W. Van Ness | Reducing the number of custodians sought will decrease the number of hits for this term. Documents relating to repairs connected to the June 28, 2020 weather event are highly relevant to this case |
| **(5)** "Norwood" AND (diagnostic OR imaging OR nuclear OR MRI OR CT OR (X w/3 ray) OR "big steel" OR (end w/5 life) | • Chris Kidney<br>• Michael Crowley<br>• David Soucy<br>• Robert Gendron<br>• Scott Kenyon<br>• John Doyle<br>• Sal Perla<br>• Elizabeth Ganem | Reducing the number of custodians sought will decrease the number of hits for this term. |
| **(6)** time w/3 element | • Chris Kidney<br>• Michael Crowley<br>• David Soucy<br>• Robert Gendron<br>• Scott Kenyon<br>• Ralph de la Torre<br>• Octavio Diaz<br>• John Doyle<br>• Sal Perla<br>• Elizabeth Ganem<br>• John Polanowicz | The number of hits is reasonable across these custodians. Defendants' objection to including "Norwood" as a limiting term is sustained as relevant discussions were reasonably likely without naming "Norwood" in communications |

| | | |
|---|---|---|
| **(7)** "business personal property" OR "bpp" | <ul><li>Chris Kidney</li><li>Michael Crowley</li><li>David Soucy</li><li>Robert Gendron</li><li>Scott Kenyon</li><li>Ralph de la Torre</li><li>Octavio Diaz</li><li>John Doyle</li><li>Sal Perla</li><li>Elizabeth Ganem</li><li>John Polanowicz</li></ul> | The number of hits is reasonable across these custodians. Defendants' objection to including "Norwood" is sustained as discussions were reasonably likely to have occurred without using the word "Norwood" in communications |
| **(8)** "Norwood" AND (power w/5 (loss OR lost)) | <ul><li>Chris Kidney</li><li>Michael Crowley</li><li>David Soucy</li><li>Scott Kenyon</li><li>John Doyle</li><li>Sal Perla</li><li>Ronald Doncaster</li><li>Stephen W. Van Ness</li></ul> | Limiting the search with the term "Norwood" and reducing the number of custodians sought will decrease the number of hits for this term. |
| **(9)** "Norwood" AND "BioMed" w/30 (device OR equipment) | <ul><li>Chris Kidney</li><li>Michael Crowley</li><li>David Soucy</li><li>Scott Kenyon</li><li>Octavio Diaz</li><li>John Doyle</li><li>Sal Perla</li><li>Elizabeth Ganem</li><li>Ronald Doncaster</li><li>Stephen W. Van Ness</li></ul> | Limiting the search with the term "Norwood" and reducing the number of custodians sought will decrease the number of hits for this term |
| **(10)** (bad w/5 faith) AND ("American Guarantee" OR AGLIC OR ZAIC OR Zurich) | <ul><li>Chris Kidney</li><li>Michael Crowley</li><li>Robert Gendron</li><li>Scott Kenyon</li><li>Octavio Diaz</li><li>Ralph de la Torre</li><li>John Doyle</li><li>Sal Perla</li></ul> | Limiting the search to specific insurance carriers will decrease the number of hits for this term. Defendants' objection to including "Norwood" is sustained as discussions were reasonably likely to have occurred without using the word "Norwood" in communications |

| | | |
|---|---|---|
| **(11)** (unfair w/5 claim*) AND ("American Guarantee" OR AGLIC OR ZAIC OR Zurich) | <ul><li>Michael Crowley</li><li>Robert Gendron</li><li>John Doyle</li><li>Sal Perla</li></ul> | Limiting the search to specific insurance carriers will decrease the number of hits for this term. Defendants' objection to including "Norwood" is sustained as discussions were reasonably likely to have occurred without using the word "Norwood" in communications |
| **(12)** (claim* w/5 practice*) AND ("American Guarantee" OR AGLIC OR ZAIC OR Zurich) | <ul><li>Chris Kidney</li><li>Michael Crowley</li><li>Robert Gendron</li><li>Scott Kenyon</li><li>Ralph de la Torre</li><li>Octavio Diaz</li><li>John Doyle</li><li>Sal Perla</li><li>John Polanowicz</li></ul> | Limiting the search to specific insurance carriers will decrease the number of hits for this term |
| **(13)** (claim w/3 delay*) AND ("American Guarantee" OR AGLIC OR ZAIC OR Zurich) | <ul><li>Chris Kidney</li><li>Michael Crowley</li><li>Robert Gendron</li><li>Scott Kenyon</li><li>Ralph de la Torre</li><li>Octavio Diaz</li><li>John Doyle</li><li>Sal Perla</li></ul> | Limiting the search to specific insurance carriers will decrease the number of hits for this term |
| **(14)** 176D | <ul><li>Chris Kidney</li><li>Michael Crowley</li><li>Robert Gendron</li><li>Ralph de la Torre</li><li>Octavio Diaz</li><li>John Doyle</li><li>Sal Perla</li><li>Elizabeth Ganem</li></ul> | The number of hits is reasonable across these custodians |

| | | |
|---|---|---|
| **(15)** 93A | <ul><li>Chris Kidney</li><li>Michael Crowley</li><li>Robert Gendron</li><li>Ralph de la Torre</li><li>Octavio Diaz</li><li>John Doyle</li><li>Sal Perla</li><li>John Polanowicz</li></ul> | The number of hits is reasonable across these custodians |
| **(16)** "ACV" OR "Actual Cash Value" | <ul><li>Chris Kidney</li><li>Michael Crowley</li><li>David Soucy</li><li>Robert Gendron</li><li>Scott Kenyon</li><li>Octavio Diaz</li><li>John Doyle</li><li>Sal Perla</li><li>Elizabeth Ganem</li></ul> | The number of hits is reasonable across these custodians |
| **(17)** "Norwood" AND ((no OR prohibit) w/3 access) | <ul><li>Michael Crowley</li><li>Robert Gendron</li><li>Scott Kenyon</li><li>Ralph de la Torre</li><li>Octavio Diaz</li><li>John Doyle</li><li>Sal Perla</li><li>Elizabeth Ganem</li><li>John Polanowicz</li></ul> | Limiting the search with the term "Norwood" will decrease the number of hits for this term |
| **(18)** (civil w/5 authority) | <ul><li>Michael Crowley</li><li>Robert Gendron</li><li>John Polanowicz</li><li>Octavio Diaz</li><li>John Doyle</li><li>Sal Perla</li><li>Elizabeth Ganem</li></ul> | Reducing the number of custodians sought will decrease the number of hits for this term |
| **(19)** cease w/3 desist | <ul><li>Michael Crowley</li><li>Robert Gendron</li><li>Octavio Diaz</li><li>John Doyle</li><li>Sal Perla</li><li>Stephen W. Van Ness</li></ul> | Reducing the number of custodians sought will decrease the number of hits for this term |

| | | |
|---|---|---|
| **(20)** "Norwood" AND (period w/5 restoration) | <ul><li>Michael Crowley</li><li>Robert Gendron</li><li>John Polanowicz</li><li>Ralph de la Torre</li><li>Octavio Diaz</li><li>John Doyle</li><li>Sal Perla</li><li>Elizabeth Ganem</li></ul> | Limiting the search with the term "Norwood" and reducing the number of custodians sought will decrease the number of hits for this term |
| **(21)** "Norwood" AND period w/5 liability | <ul><li>Michael Crowley</li><li>Chris Kidney</li><li>Ralph de la Torre</li><li>Octavio Diaz</li><li>John Doyle</li><li>Sal Perla</li><li>Elizabeth Ganem</li></ul> | Limiting the search with the term "Norwood" and reducing the number of non-employee custodians will decrease the number of hits for this term |
| **(22)** Steward AND bankrupt* | <ul><li>Michael Crowley</li><li>Ralph de la Torre</li><li>John Doyle</li><li>Elizabeth Ganem</li></ul> | Reducing the number of custodians sought will decrease the number of hits for this term |

C. Search Terms for Date Range January 1, 2017 to December 31, 2024

| **Search Term to Be Applied** | **Custodians to Which the Term Shall be Applied** | **Discovery Master Comments** |
|---|---|---|
| **(23)** "@norwoodma.gov" | <ul><li>Elizabeth Ganem</li><li>Sal Perla</li><li>Octavio Diaz</li><li>Stephen Van Ness</li><li>Scott Kenyon</li></ul> | Reducing the number of custodians sought will decrease the number of hits for this term |
| **(24)** Norwood AND ("going concern" OR (continued w/2 operat!) OR insolven! or undercapitaliz!) | <ul><li>Sal Perla</li><li>Elizabeth Ganem</li><li>John Doyle</li><li>Ralph de la Torre</li></ul> | Reducing the number of custodians sought will decrease the number of hits for this term |

| | | |
|---|---|---|
| **(25)** Steward AND (MPT or "Medical Properties Trust") AND ("leaseback" or "lease back" OR "financial assistance" OR "rent forg!") | • Sal Perla<br>• Elizabeth Ganem<br>• John Doyle<br>• Ralph de la Torre | Reducing the number of custodians sought will decrease the number of hits for this term |

D. <u>Search Terms for Date Range January 1, 2015 to December 31, 2024</u>

| **Search Term to Be Applied** | **Custodians to Which the Term Shall be Applied** | **Discovery Master Comments** |
|---|---|---|
| **(26)** Norwood w/10 (inspect*)<br>Lorusso w/10 (inspect*)<br>Draper w/10 (inspect*) | • Michael Crowley<br>• Chris Kidney<br>• Sal Perla<br>• Octavio Diaz<br>• Elizabeth Ganem<br>• Robert Gendron | Reducing the number of custodians sought will decrease the number of hits for this term |
| **(27)** Norwood AND "@mass.gov" | • Ralph de la Torre<br>• Octavio Diaz<br>• John Polanowicz<br>• Sal Perla<br>• John Doyle<br>• Elizabeth Ganem<br>• Ronald Doncaster | Reducing the number of custodians sought will decrease the number of hits for this term |
| **(28)** Norwood AND "@state.ma.us" | • Ralph de la Torre<br>• Octavio Diaz<br>• John Polanowicz<br>• Sal Perla<br>• Stephen W. Van Ness<br>• John Doyle<br>• Elizabeth Ganem<br>• Ronald Doncaster | Reducing the number of custodians sought will decrease the number of hits for this term |
| **(29)** Norwood AND "Executive Office of Health and Human Services" | • Ralph de la Torre<br>• Octavio Diaz<br>• John Polanowicz<br>• Sal Perla<br>• John Doyle<br>• Elizabeth Ganem | Reducing the number of custodians sought will decrease the number of hits for this term |

| | | |
|---|---|---|
| **(30)** Steward AND ((investig* OR audit) w/20 (Massachusetts OR "Department of Health" OR agency OR government OR "attorney general")) | • Ralph de la Torre<br>• John Doyle<br>• Octavio Paz<br>• Elizabeth Ganem | Reducing the number of custodians sought will decrease the number of hits for this term |
| **(31)** ("SmithGroup" OR "Smith Group") AND (Norwood OR Draper OR Lorusso OR hospital) AND (redesign* OR design* OR build* OR rebuild* OR renovat* OR replace*) | • Sal Perla<br>• Elizabeth Ganem<br>• Ralph de la Torre<br>• John Doyle | Reducing the number of custodians sought will decrease the number of hits for this term |

Steward shall run the ordered search terms immediately upon issuance of this Order and report the hit counts to Defendants and the Discovery Master no later than 6:00 PM on September 11, 2025. The review of documents shall also start immediately, with the assistance of contract reviewers, if needed, as discussed above. Along with the report of hit counts, Steward shall begin producing the documents on a rolling basis as soon as they are reviewed and prepared for production. The entirety of the document production shall be completed by the date specified above.

Dated: September 9, 2025                   /s/ *Faith S. Hochberg*
                                                                    Hon. Faith S. Hochberg, U.S.D.J. (ret.)