UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEWARD HEALTH CARE SYSTEM LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>Defendants. | Civ. Action. No. 21-cv-11902-PBS |

**DISCOVERY MASTER ORDER NO. 2: Third Party Subpoena Disputes; Status of Discovery Remaining to be Completed**

Defendants American Guarantee and Liability Insurance Company ("AGLIC") and Zurich American Insurance Company ("Zurich") (collectively, "Defendants") have submitted letter briefs to the Discovery Master raising discovery issues relating to document production from two non-parties. Pursuant to the Court's Order appointing the undersigned as Discovery Master to decide discovery disputes in this matter (ECF 149), the Discovery Master instructs the parties as follows.

Documents Sought from Marsh

On October 1, 2025, Defendants submitted a letter requesting the Discovery Master's assistance in completing document production sought via subpoena to Marsh & McLennan Agency LLC ("Marsh"), a provider of forensic accounting services to Plaintiff Steward.  After receiving Defendants' October 1 letter brief, the Discovery Master asked that Marsh submit any response by October 4, 2025.  Marsh submitted its response on October 3.  In its response, Marsh argues that Defendants' request to the Discovery Master is unnecessary and premature.  Marsh further argues that it has agreed to produce documents in response to Defendants' subpoena; that it will be able to do so in the near future; and that it is premature to seek resolution by the Discovery Master at this time.

On October 8, Defendants submitted another letter to the Discovery Master, setting out more specific alleged deficiencies in Marsh's production.  Defendants argue that Marsh should: (1) extend the production date range to May 2023; (2) revise its search terms to capture responsive communications with MPT; and (3) identify the custodians whose files were searched and conduct a search for Marsh's responsive non-custodial documents.  Although Marsh has not

1

yet responded to this letter, Defendants represent Marsh's position as follow: (1) Marsh agrees to re-run searches with an extended date range; (2) Marsh agrees to run searches using the terms "MPT" and "Medical Properties Trust"; and (3) Marsh agrees to gather information regarding the identity of custodians or non-custodial files, and to provide this information to Defendants.

The parties shall meet and confer and attempt to reach agreement on the issues stated in Defendants' October 8 letter by Monday, October 13, 2025. If any disputes remain, the parties shall report them in a Redfern Chart joint submission to the Discovery Master by Wednesday, October 15. The Special Master hopes that Marsh's document production can be substantially completed by October 24, 2025, but if more time is needed, the parties shall meet and confer to establish a reasonable timeline for production, and report this projected timeline to the Special Master by October 15.

The Special Master understands why Defendants are concerned about timing; in part, it is due to the Court's prior deadlines. However, one of the Court's instructions is that the Special Master work out a proper, but expedited, schedule to complete discovery in time for the projected January trial date to be met. That task is underway.

Documents Sought from Town of Norwood

On October 6, 2025, Defendants submitted a letter brief regarding the documents sought from the Town of Norwood, arguing that this non-party did not begin its production until a draft letter to the Discovery Master was provided to the Town, and asking that the Discovery Master establish firm deadlines for the Town's production in order to complete discovery expeditiously. Defendants expressed their willingness to pay the costs of the Town's production, which Defendants state to be $14,200. At this time, the Town of Norwood has not filed a response.

Defendants describe the Town's position as consisting of a statement that the Town has thus far produced Building Department files, and that the Town anticipates producing the vast majority of responsive records within the next week. According to Defendants' letter, the Town has stated that it is working on identifying any remaining records sought, in light of the scope of the subpoena.

The Special Master requests that Defendants and the Town immediately meet and confer to forge an agreement on the scope of documents to be produced. The Town of Norwood is commended for its anticipated prompt attention and completion of producing reasonably targeted documents to satisfy its third-party discovery obligations. The purpose of this request for reasonable speed is to assist the Court in maintaining its trial schedule for this case. If agreement cannot be reached by October 15, the Town and Defendants shall present their positions in Redfern Chart format to the Special Master by October 20, 2025. The Special Master will then determine whether a hearing is necessary before ruling on the Dispute.

Process for All Third Party Discovery

The Discovery Master instructs all parties to engage in an immediate meaningful meet and confer processes with the third parties from whom discovery is sought, to accomplish the

document production needed to maintain the projected schedule in this case, as will be further discussed below. If a third party is unable to promptly meet and confer with counsel for a party, or it is unable to produce documents responsive to appropriately tailored document requests on an expeditious basis negotiated during the meet and confer process, the Special Master asks the parties to inform such third parties that both sides shall promptly submit a Redfern Chart and accompanying letter briefs to the Special Master.

Parties shall engage in the meet and confer process described above with all other third parties from whom discovery is sought. This shall be done diligently and expeditiously between the date of this Order and for the remainder of October, including weekends. This is necessary to keep this case moving efficiently toward the trial date.

Status Report on Remaining Discovery and Schedule to Complete Discovery

The Discovery Master has already requested that the parties submit a joint status report on discovery completed; discovery that remains to be completed; and any newly sought discovery in this matter. A status report specific to the projected schedule for discovery completion for non-parties is to be submitted to the Discovery Master by October 15, 2025. A separate status report for all party discovery in this matter is also to be submitted by October 15, 2025. The status reports shall include projected schedules for all discovery completion dates, based upon the meet and confer communications that precede these due dates. The projected schedules should be created with the goal of keeping the Court's current trial date in January 2026. Please also set out the dates currently set for trial by the Court.

Dated: October 10, 2025              /s/ *Faith S. Hochberg*
                                     Hon. Faith S. Hochberg, U.S.D.J. (ret.)