UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEWARD HEALTH CARE SYSTEM LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>　　　　Defendants. | Civ. Action. No. 21-cv-11902-PBS |

**DISCOVERY MASTER ORDER NO. 3:**
**Third Party Subpoena to BR+A Consulting Engineers**

　　Pursuant to Discovery Master Order No. 2 (ECF 156), on October 15, 2025, Defendants American Guarantee and Liability Insurance Company ("AGLIC") and Zurich American Insurance Company ("Zurich") (collectively, "Defendants") submitted a status update on their discussions with multiple third parties on whom Defendants served document subpoenas. For each third party, Defendants' submission set out areas of agreement and remaining disputes. Pursuant to the Court's Order appointing the undersigned as Discovery Master to decide discovery disputes in this matter (ECF 149), the Discovery Master instructs Defendants and third party BR+A Consulting Engineers ("BR+A") as follows.

Defendants' and BR+A's Positions:

　　BR+A provided engineering design and consulting services to Plaintiff Steward Health Care System. LLC ("Steward").  Defendants served a document subpoena on BR+A on February 26, 2025.  In a responsive letter dated July 23, 2025, BR+A agreed to produce certain categories of responsive documents, while withholding others on the basis of privilege.  No production has been made by BR+A as of the date of Defendants' October 15 status update.  BR+A argues that some documents are protected under a "consulting expert privilege."  Although Defendants question the applicability of such privilege, they are currently not requesting a ruling on this issue.  Instead, Defendants request that BR+A generate a privilege log of materials withheld on this basis.

　　BR+A argues that where certain documents were generated by BR+A in their capacity as experts, they must take several steps in responding to Defendants' subpoena, including the "need for consent from both Foley Hoag (we have) and Todd & Weld (still waiting)," after which

1

documents need to be reviewed for privilege, after which BR+A "must obtain post-review consent from Foley Hoag and Todd & Weld."  Defendants request an order directing BR+A to produce non-privileged documents by October 24, 2025.

Discovery Master's Ruling:

BR+A does not need consent from others to respond to a subpoena, and the multiple steps outlined in BR+A's response must be shortened to ensure prompt review and production of relevant materials.  Any coordination of BR+A with Foley Hoag and Todd & Weld must be efficient to try to keep the case schedule on track.  BR+A's production shall be substantially completed by November 5, 2025.  A privilege log for any documents withheld on the basis of privilege shall accompany BR+A's production.  If any documents are withheld on the basis of a "consulting expert privilege," BR+A shall state the legal basis for asserting such privilege for the documents withheld in a letter accompanying the production.  Any challenges to BR+A's privilege designations must be raised with the Discovery Master by November 7, 2025.

The Discovery Master recognizes BR+A's position as a third party to this litigation and appreciates its past and continued work to complete its production in a timely manner in order to keep the case moving forward efficiently.

Dated: October 17, 2025                /s/ *Faith S. Hochberg*
                                       Hon. Faith S. Hochberg, U.S.D.J. (ret.)