# Exhibit O

```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
      Civil Action No. 1:21-cv-11902
      *******************************
      STEWARD HEALTH CARE SYSTEM, LLC,
                     Plaintiff,
                vs.
      AMERICAN GUARANTEE AND LIABILITY
      INSURANCE COMPANY  and ZURICH
      AMERICAN INSURANCE COMPANY,
                     Defendants.
      *******************************




                     DISCOVERY MASTER HEARING
                            before
                   Hon. Faith S. Hochberg
                     Conducted Remotely
                  Tuesday, August 12, 2025
                       8:45 a.m. Eastern



                       Magna Legal Services
                         866-624-6221
```



Page 21

```
 1    makes sense to me and is responsive to your
 2    question, which is this is not -- you don't
 3    have one engineer that treats, or department
 4    even, that treats MRIs and CAT scan machines.
 5    Those are just examples, so perhaps there are.
 6    But you have different departments that service
 7    different equipment.
 8              Across the board, GE made the
 9    determination -- there's an e-mail to this
10    effect in the group that you'll see, that the
11    diagnostic imaging equipment, which is more
12    than one category, was deemed unsafe for
13    patient use.  So we want to understand how that
14    process came about and what the conclusion was
15    necessary to get there.  I don't know if it was
16    Joe from Service Group One that handled all of
17    that or not, but we certainly don't intend to
18    depose 25 engineers that looked at this
19    equipment.  I'm unable to determine who I need
20    to depose if I don't know who the characters
21    are, forgive the term, that looked at these
22    different pieces of equipment.
23              JUDGE HOCHBERG:  Okay, so here's what it
24    seems to me to make sense to do:  After the
```



Page 22

1  plaintiffs have done their document production,
2  then you will be able to take a 30(b)(6)
3  deposition of GE and ask the two
4  representatives, or more, that GE believes can
5  responsively answer your questions, you'll
6  depose them.  If there is, after that, a need
7  for a particular individual's testimony, you'll
8  then ask me for that.  But right now we
9  don't -- it is not unreasonable to think that
10 GE has managerial-level employees who are able
11 to describe what happened with respect to
12 particular pieces of equipment and why they
13 deemed them unfit, and then the carriers can
14 question that individual as to why they believe
15 that they're not accepted for coverage because
16 they did -- they did work, if that's the claim
17 with respect to those pieces of equipment.  I
18 want to make sure that I don't have ships
19 passing in the night.
20         I'm assuming, Mr. Mutch, that the
21 carriers, when you talk about Philips, it's
22 still talking about the same pieces of
23 equipment that would be the subject of the GE
24 30(b)(6).



Page 27

```
 1     that.  In terms of reaching down for individual
 2     employees that examined a particular machine,
 3     it's denied at this time.  Take your 30(b)(6).
 4     Once the plaintiffs have produced all of your
 5     documents, you can take the 30(b)(6).  If
 6     you're unsatisfied with an answer on a
 7     particular 30(b)(6) issue that's important to
 8     you based on a machine that that has been
 9     denied coverage, then I'll hear from you why
10     you need the particular name of the employee.
11     But right now I'm not hearing a basis to
12     provide you those individuals' names.
13             There's a reason for that.  There's been
14     so much over-noticing in this case that I want
15     to do it as I deem it necessary and
16     proportional.  So first, you need to be sure
17     that you've taken the appropriate 30(b)(6)
18     deposition of GE, and then we'll see what
19     you're missing after you've done that.
20             And Mr. Goldberg, I think you should be
21     on notice of the type of thing that he wants to
22     know and determine who to produce for the
23     30(b)(6) deposition accordingly.
24             MR. GOLDBERG:  Your Honor, we have had
```



Page 28

1  several conversations regarding these topics.
2  We were prepared to go forward with either an
3  affidavit or deposition until this issue came
4  up.
5          JUDGE HOCHBERG:  All right.  Do you want
6  an affidavit, Mr. Furman, or would you rather
7  have a deposition?
8          MR. FURMAN:  Your Honor, at this time we
9  want to have a deposition.
10          JUDGE HOCHBERG:  Okay.  You can have one
11  30(b)(6) deposition of up to four hours of the
12  GE representative, and then after that, you can
13  come back with, if you need a specific -- if
14  there's a particular piece of equipment where
15  you're not satisfied with the answer, then you
16  can return and I'll take a look at it and
17  determine what else needs to be provided to
18  you.
19          I am not going to require GE to produce
20  former employees.  That's not their job.  If
21  there are any former employees where you need
22  more particular information, when you come back
23  with that, I will be asking Mr. Goldberg
24  whether those individuals still work for GE or

