UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEWARD HEALTH CARE SYSTEM LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>Defendants. | Civ. Action. No. 21-cv-11902-PBS |

**DISCOVERY MASTER ORDER NO. 10:**
**Dispute regarding Subpoena to Third Party BR+A Consulting Engineers**

Defendants American Guarantee & Liability Insurance Company and Zurich American Insurance Company (collectively, "Defendants") request an order compelling third party BR+A Consulting Engineers ("BR+A") to comply with Discovery Master Order No. 3 (ECF 157). Pursuant to the Court's Order appointing the undersigned as Discovery Master to decide discovery disputes in this matter (ECF 149), the Discovery Master rules as follows.

Requirements Set Forth in Discovery Master Order No. 3

On October 17, 2025, the Discovery Master issued Order No. 3 (ECF 157), pertaining to Defendants' subpoena to BR+A. Order No. 3 instructed BR+A to substantially complete its production to Defendants by November 5, 2025, and to provide a privilege log for any documents withheld on the basis of privilege. Order No. 3 also instructed that "[i]f any documents are withheld on the basis of a "consulting expert privilege," BR+A shall state the legal basis for asserting such privilege for the documents withheld in a letter accompanying the production." (ECF 157 at p. 2).

BR+A Production

In response to Order No. 3, BR+A produced its documents to Defendants on November 5, 2025. Defendants argue, however, that BR+A failed to comply with the Order's instruction to (1) provide a privilege log, and (2) state the legal basis for withholding documents on the basis of a "consulting privilege."

1

BR+A responds that it provided Defendants with a list that describes the project files that it withheld. This document, entitled "BR+A/Norwood Hospital – Post-Flood Project List (Prepared by MGM+M Law)," is a 2-page list of 8 project files. It indicates that documents from 4 of these files – (1) "30291 Norwood Flood Assessment"; (2) "30458 Norwood Hospital concept design"; (3) "31225 Norwood Hospital Replacement"; and (4) "240182 Norwood Hospital Shell Work" – were produced on November 5.

The 4 other files listed – "30293 Flood Loss Engineering Support"; (2) "31317 Norwood Hospital Litigation Design"; (3) "32170 Norwood Flood Damage "as was" DD"; and (4) "32170.10 Norwood Flood Damage "code compliant" DD" – are withheld and described as "Privileged, retained as consulting expert, not produced."

File 30293

Defendants' objections to BR+A's production center around BR+A's assertion of a "consulting expert privilege" for the documents it has withheld from production. Federal Rule of Civil Procedure 26(b)(4)(D) provides that "a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." "The protection afforded non-testifying experts is distinct from the work-product doctrine and the attorney-client privilege." *In re PolyMedica Corp. Sec. Litig.*, 235 F.R.D. 28, 30 (D. Mass. 2006).

However, Courts in this district have explained that "the party asserting an applicable privilege has the burden of establishing that it applies," and that "the privilege's applicability must be demonstrated by a fair preponderance of the evidence. *Id*. at 31 (citing *FDIC v. Ogden Corp.,* 202 F.3d 454, 460 (1st Cir.2000)). And although the Court in *PolyMedica* acknowledged that the *Ogden* decision addressed the work-product doctrine, it reasoned that "the same standard ought apply to the protection of non-testifying experts under [FRCP 26(b)(4)]." *PolyMedica,* 235 F.R.D. at 31.

In determining whether a "consulting expert privilege" applies, Courts apply the same "in anticipation of litigation" standard under Rule 26(b)(4)(D) as they do under the work-product doctrine. When deciding whether a document was prepared "in anticipation of litigation" for purposes of work-product protection, the First Circuit asks whether the document can be fairly said to have been prepared or obtained because of the prospect of litigation. *State of Maine v. U.S. Dep't of Interior*, 298 F.3d 60, 68 (1st Cir. 2002). "The First Circuit explained that under this test, no protection would attach to 'documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation[,]' even if the documents would 'aid in the preparation of litigation.'" *Felisberto v. Dumdey*, 541 F. Supp. 3d 142, 147 (D. Mass. 2021) (quoting *State of Maine*).

Here, BR+A has not carried its burden to establish by a preponderance of the evidence that the "consulting expert privilege" applies to file 30293. Its arguments as to its applicability to the contents of this file are conclusory, and then quickly jump to a discussion of the "exceptional circumstances" needed to defeat the privilege once it is established. What is not

shown is a sufficient basis for the privilege to apply to the contents of this file – before we look at the showing required to defeat it.

The underlying flooding event at the center of this case occurred on June 28, 2020. The original complaint was filed more than 16 months later, on November 23, 2021. According to BR+A's 2-page "privilege log" document, under the 30293 file entry, BR+A was contracted by Steward on 7/9/20 for the purposes of "Engineering Proposal for 'Flood Damage Assessment,' provide engineering services (perform flood damage surveys & provide written loss report) for Steward to submit to its insurance company for flood claim." This description indicates that the documents in this file were created to perform a flood damage engineering assessment and loss report. It anticipated that Steward would use this assessment as part of its insurance claim for flood damage. It was prepared barely 11 days after the flood occurred, which was long before any litigation ensued.

If some of the documents in this file "would have been created in essentially similar form irrespective of the litigation," it was clearly ruled in Order No. 3 that BR+A bore the burden to submit a fulsome privilege log, and to establish that the privilege applies to all of the "3k+ items" in this file of activity that began right after the flood and well over a year before litigation. It was BR+A's duty, if it wished to distinguish between documents in the file, based on the attributes and dates of each document in the file, to produce a privilege log to support any such distinctions. It chose not to do so.

BR+A argues that on July 8, 2020, it began adding "COMMUNICATION PROTECTED BY ATTORNEY CLIENT PRIVILEGE" to email subject lines regarding Norwood Flood Response (file 30293), seemingly in an effort to characterize the whole of this file as privileged. But the mere inclusion of "Attorney Client Privilege" legend does not, without more, satisfy the burden of establishing that privilege properly applies. Nothing in the description of the 30293 file is clearly described as a "consulting expert engagement letter," in stark contrast with the Foley Hoag Consulting expert engagement letters (dated April 15, 2022) described in some of the other files for which BR+A claims privilege. Nothing clearly delineates documents that were created in anticipation of serving as a consulting expert in litigation, as distinguished from its post-flood engineering work to assist in making the insurance claim. These documents would have been created in essentially similar form, irrespective of the litigation, and thus fall within the First Circuit's holding [cited above] that such documents do not become privileged, even if those documents would aid in the preparation of litigation.

It was BR+A's burden to establish that privilege applies to the documents in the 30293 file, which appear to predate the later engagement letters, and do not on their face meet the test to be privileged as a consulting expert. BR+A failed to establish this privilege.

As a second basis for this ruling, another file regarding the Norwood flood (30291 – Norwood Flood Assessment), was produced to Defendants and is described as "Essentially a 'rough draft' of report issued later under 30293. This undermines the arguments that the undifferentiated contents of the file, or any of them, was created in anticipation of litigation. The evidence presented does not weigh in favor of privilege.

3

Having failed to satisfy its burden of establishing privilege, BR+A shall produce the contents of 30293 file by December 5, 2025, subject to the right to claw back any documents later shown to be privileged documents. While the Discovery Master has, throughout this assignment, kept mindful of the need to avoid unduly burdening third parties, this dispute has now required 2 rulings. In light of the timing of this case, it is too late to send the parties back to a meet-and-confer a second time to work out how to distinguish between the contents of this file, when BR+A has not established any basis to suggest that some of the documents were created at a time when it had been engaged to be a consulting expert.

Files 31317, 32170, and 32170.10

The remaining files for which this privilege is asserted (31317, 32170, and 32170.10) are described as "Litigation Design" and include the Foley Hoag Consulting expert engagement letters dated April 15, 2022. These are the only consulting expert letters identified. The dates of those engagement letters are well after the start date of this litigation. The Discovery Master requires that BR+A forthwith provide the number of items that are included in these files, and the date range of the categories of documents contained within those files. If any of the documents are dated prior to the April 15, 2022 expert engagement letter, a privilege log is required to establish why they are nonetheless prepared in the role of consulting expert. If the number of documents that are dated prior to the engagement letter is less than 100, the privilege log shall list those documents individually. If the number of documents that are dated prior to the engagement letter is greater than 100, a categorical privilege log may be used. The information and privilege logs shall be provided by December 10, 2025. This deadline is necessary to keep this case on schedule, in order to complete discovery, including a great many depositions, on a timely basis.

Dated: November 26, 2025                    /s/ *Faith S. Hochberg*
                                            Hon. Faith S. Hochberg, U.S.D.J. (ret.)