UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARK KRONFELD, AS TRUSTEE OF THE
SHC CREDITOR LITIGATION TRUST,

    Plaintiff,

v.                                            CIVIL ACTION NO. 21-11902-PBS

AMERICAN GUARANTEE AND LIABILITY
INSURANCE COMPANY and ZURICH
AMERICAN INSURANCE COMPANY,

    Defendants.

ORDER ADOPTING DISCOVERY MASTER ORDER NO. 9 (#167.)[1]

KELLEY, U.S.M.J.

I. Introduction.

This case is about an insurance coverage dispute that arose after a storm caused significant damage to Norwood Hospital on June 28, 2020. After the storm, Medical Properties Trust, Inc. ("MPT"), which owned the hospital buildings, sought recovery from Zurich American Insurance Company ("Zurich"), which insured MPT, for its losses. In this related matter, the Plaintiff, Mark Kronfeld, as Trustee of the SHC Creditor Litigation Trust, sues both American Guarantee and Liability Insurance Company ("AGLIC") and Zurich, AGLIC's parent company (collectively, the "Defendants"), for AGLIC's alleged failure to indemnify Steward Health Care System LLC ("Steward"),[2] AGLIC's insured and the entity that operated Norwood Hospital, for Steward's losses under the terms of its own insurance policy.

---

[1] This matter was referred to this court on November 25, 2025. (#169.)

[2] On November 25, 2025, the court allowed Steward's motion to substitute Kronfeld in its place as the Plaintiff in this matter. (##172, 173.)

1

Kronfeld asserts various state law claims against AGLIC and Zurich and seeks a declaratory judgment against AGLIC concerning "the nature and extent of [his] rights and AGLIC's obligations" under the terms of Steward's commercial property insurance policy and with respect to Steward's losses resulting from the storm. (#61, "Second Amended Complaint," ¶ 85.) In its Answer (#62), AGLIC counterclaims, seeking a declaratory judgment "determining the parties' rights and obligations" under the policy and, specifically, a declaration that Steward's recovery cannot exceed the policy's "$150 million sublimit" applicable to "Flood" coverage. *Id.* ¶¶ 2, 26-31.

Discovery in this case began in January 2025. After significant motion practice, the parties agreed to engage a discovery master. *See* ##141, 142. On July 18, 2025, the court appointed the Honorable Faith S. Hochberg (ret.) as Discovery Master, giving her authority to "make any order, finding, report or recommendation on any and all discovery and preservation of evidence issues and disputes" that arose. (#149 at 2.)

Kronfeld objects to Discovery Master Order No. 9 (#167) ("Order No. 9"), which issued on November 7, 2025. *See* #168. The Defendants oppose. (#171.) For the reasons that follow, this court adopts Order No. 9 in its entirety.

II. Background.

  A. Discovery Master Order No. 9: "Regarding Production of MPT Claims File Documents."

Order No. 9 sorts out a dispute between Kronfeld and Zurich over the extent of documents ordered produced from Zurich's MPT claims file. As detailed in the Order,[3] after the storm, MPT

---

[3] Pursuant to Section II., "Procedure for Resolving Discovery Disputes," of the "Order Appointing the Honorable Faith S. Hochberg as Discovery Master," "[t]he Discovery Master may, in her discretion, request written submissions as necessary to resolve particular disputes." (#149 at 4.) Such "[w]ritten submissions to the Discovery Master shall not be filed with the Court." *Id.*

2

and Steward, which were insured under separate policies, filed separate insurance claims. "MPT made claims from Zurich; Steward filed claims with AGLIC." (#167 at 1.) In October 2021, Zurich brought suit against MPT and sought a declaratory judgment with respect to MPT's claim. *Id.* Zurich and MPT settled that case in November 2024. *Id.*

In this separate case between Kronfeld, Zurich, and AGLIC, Kronfeld sought an order requiring Zurich "to produce its [MPT] claims file through October 31, 2024." *Id.* He argued that since MPT "received approximately $36 million from Zurich as of September 2024" but was later paid "an additional $124 million" in November 2024 to resolve the claim—around the same time that "Steward ceased operations in Massachusetts and relinquished future occupancy of Norwood Hospital"—the November 2024 settlement "reflects continued adjustment activity in the claim file relating to the storm event." *Id.* at 2. In support of this argument, Kronfeld claimed that "both MPT's and Steward's claims arose from the same event and were adjusted by the same adjuster," and that Zurich "acknowledged that the two claims were adjusted 'jointly and concurrently.'" *Id.*

Zurich, opposing Kronfeld's request, argued that the MPT claim "involved a different insured entity" and a "different policy than that at issue in this litigation." *Id.* According to Zurich, the appropriate scope of production was "through August 2023" only. *Id.*

The Discovery Master agreed with Zurich and ruled

> that the cutoff date for the production of the MPT claim file is August 2023. Steward will have the opportunity to test through the deposition testimony of Mr. Graves, or another Zurich representative, whether MPT claims adjustment activity continued past August 2023 or whether the November 2024 payment by Zurich was the result of settlement negotiations between the parties. The questioning, however, may not probe the settlement negotiations, nor Zurich's internal discussions of its settlement positions nor communications with MPT regarding settlement. If that deposition testimony reveals that the claims adjustment process continued beyond August 2023, Steward may renew its request to the Special Master.

*Id.*

B. <u>Kronfeld's Objection (#168), and the Defendants' Response (#171.)</u>

Kronfeld filed an objection to Order No. 9, claiming that the Order "rests on a premise that cannot be reconciled with either the governing law or the factual record." (#168 at 1.) He seeks a court order

> overruling the Discovery Master's ruling and (1) compelling Zurich to promptly produce its MPT claims file through October 31, 2024; and (2) clarifying that Steward may discover Zurich's settlement agreement with MPT and all related negotiations resolving MPT's insurance claim against Zurich arising from the same event underlying Steward's own claims through this lawsuit.

*Id.* at 2. The Defendants urge the court to adopt Order No. 9, which they view as "represent[ing] a reasonable and proportionate resolution" of the dispute. (#171 at 12.)

III. <u>Legal Standards.</u>

A. <u>Federal Rule of Civil Procedure 53, "Masters."</u>

Under Section III., "Review by the Court," of the "Order Appointing the Honorable Faith S. Hochberg as Discovery Master," the court's review of any ruling issued by the Discovery Master is to be consistent with the provisions of Fed. R. Civ. P. 53(f). (#149 at 4.)

Rule 53(f), "Action on the Master's Order, Report, or Recommendations[,]" provides, in relevant part, that:

> . . .
>
> (3) *Reviewing Factual Findings.* The court must decide de novo all objections to findings of fact made or recommended by a master, unless the parties, with the court's approval, stipulate that:
>
>   (A) the findings will be reviewed for clear error; or
>
>   (B) the findings of a master appointed under Rule 53(a)(1)(A) or (C) will be final.[4]
>
> (4) *Reviewing Legal Conclusions.* The court must decide de novo all objections to conclusions of law made or recommended by a master.

---

[4] The parties have made no such stipulations.

. . .

Fed. R. Civ. P. 53(f). *See Ark. Teacher Ret. Sys. v. State St. Bank & Trust Co.*, 512 F. Supp. 3d 196, 238 (D. Mass. 2020) ("deciding <u>de novo</u>" all objections submitted in response to Special Master's findings of fact and conclusions of law) (emphasis in original); *see also* 9C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2612 (3d ed. 2023) (objections "must be specific and clearly identify a factual or legal error in the report and recommendation.").

B.  <u>Discovery – Generally.</u>

Federal Rule of Civil Procedure 26(b)(1) permits a party to obtain discovery that is nonprivileged, relevant to a party's claim or defense, and proportional to the needs of the case. In applying this standard, courts may consider the importance of the issues at stake, the amount in controversy, the parties' access to relevant information, their resources, the importance of the discovery to resolving the case, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "[B]ecause 'discovery itself is designed to help define and clarify the issues,' the limits set forth in Rule 26 must be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Martin v. Evans*, Civil Action No. 16-11362-PBS, 2018 WL 10247394, at *1 (D. Mass. Feb. 6, 2018) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Yet, liberal discovery is not boundless discovery. The court must impose limits if it finds, for example, that the information a party seeks is unreasonably cumulative or duplicative, that it can be obtained from another source that is more convenient, less burdensome, or less expensive, or that it "is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

IV. <u>Discussion.</u>

    A. <u>The Extent of Zurich's MPT Claims File Production.</u>

Kronfeld first objects to the extent of MPT claims file materials ordered produced. He argues that the Discovery Master "unjustly truncate[d] [his] access to highly relevant evidence" when she "arbitrarily ordered a cut-off date of August 2023 for the MPT claims file." (#168 at 2.) The Defendants respond that while they in fact produced Zurich's "non-privileged claim notes from the MPT claim file" through August 2023 "as a compromise[,]" further production beyond this date is improper. (#171 at 5) (emphasis omitted).

According to Kronfeld, Zurich "joint[ly] adjust[ed]" Steward's and MPT's "separate but closely related insurance policies" for Norwood Hospital. (#168 at 2, 3.) He argues that because "[d]elays in payment on both claims caused significant harm to Steward[,]"[5] he is entitled "to full discovery regarding Zurich's handling of the MPT claim, including the circumstances surrounding its settlement months after Steward exited the Massachusetts market, and how that settlement influenced AGLIC's adjustment of Steward's claim." *Id.* at 2. In particular, Kronfeld posits that "the complete MPT claims file" through October 31, 2024 is relevant to his claims "against both Defendants for bad faith claims handling," to his claim "for tortious interference against Zurich," and to "the consequences of Defendants' claims adjustment decisions on Steward's ongoing business interruption losses." *Id.* at 12 (emphasis omitted).

---

[5] More specifically, citing the pertinent allegations in his Second Amended Complaint, Kronfeld asserts that "because Steward cannot generate income until MPT repairs the building, Zurich's calculated delays and underpayments to MPT necessarily hindered Steward's ability to restore hospital operations and prolonged its losses." *Id.* at 4 (citing #61 ¶¶ 69-71); *see id.* at 12 ("In other words, Defendants . . . recognized that any delays or obstructions in handling MPT's claim would directly affect Steward's (as MPT's tenant at Norwood Hospital) ability to resume business operations and thereby mitigate business interruption losses.").

"[T]he party seeking discovery information 'over an adversary's objection has the burden of showing [the information's] relevance.'" *Cutter v. HealthMarkets, Inc.*, Civil Action No. 10–11488–JLT, 2011 WL 613703, at *2 (D. Mass. Feb. 10, 2011) (quoting *Caouette v. OfficeMax, Inc.*, 352 F. Supp. 2d 134, 136 (D.N.H. 2005)) (alteration in original).  In this case, Kronfeld bears that burden with respect to showing how Zurich's MPT claims file materials from August 2023 through October 31, 2024 are relevant to his claims.  The argument he advances, however, presupposes not only that MPT claims adjustment activity exists past August 2023, but that such activity, which would have followed the conclusion of all claims handling activity in Steward's own claim,[6] informed Zurich's decision to settle with MPT and pay it an additional $124 million for its losses—"more than three times the cumulative amount paid up to that date"—and supports his theory that Zurich's "prior positions in adjusting MPT's claim were seriously flawed" such that Steward's own claim was adversely impacted.  (#168 at 13) (emphasis omitted).[7]

Understanding this, the Discovery Master chose August 2023, a date after the end of all claims handling activity in Steward's claim, as the cutoff date, but nevertheless left open the possibility that if deposition testimony "reveals that the claims adjustment process continued

---

[6] As the Defendants claim:

> it is undisputed that there was no further correspondence between [AGLIC] and Steward about its claim after July 2023, and no further claims handling activity took place after that time.  It was on the basis of this representation that Judge Hochberg adopted the August 2023 cut-off.

(#171 at 11); *see id.* at 4 (citing #171-6, "Exhibit F," July 31, 2023 Letter from AGLIC).

[7] *See id.* at 13-14 (Zurich "use[d] MPT's claim as leverage to delay payments" and "pressure Steward into a reduced settlement of its own claims.  [Kronfeld] anticipates that the MPT claim file contains additional information relevant to this bad-faith exploitation of Steward's financial distress, which informed Defendants' conduct regarding the MPT claim and their pressure tactics in settlement negotiations.").

7

beyond August 2023," Kronfeld could renew his request.[8]  (#167 at 2.)

This court finds the Discovery Master's approach reasoned and well-balanced, and no argument Kronfeld raises in his objection suggests that her decision to select August 2023 was "arbitrary" or supports the conclusion that the Order should be disturbed.

  B. The Bar on Certain Deposition Topics.

Kronfeld also objects to the Discovery Master's ruling that his questions at depositions should not probe Zurich and MPT's "settlement negotiations," Zurich's "internal discussions of its settlement positions," or its "communications with MPT regarding settlement." *Id.*  He claims that such information is "plainly discoverable, directly relevant to [his] claims of bad faith and tortious interference, and proportional to the needs of the case." (#168 at 7.)  The Defendants argue that "information about whether, how, why, and for how much [Zurich] settled a different lawsuit with MPT concerning a claim under a different policy is not relevant to [Kronfeld's] claims asserted here."  (#171 at 7) (emphasis omitted); *see id.* at 10 ("The Court should not void the confidential resolution of the litigation . . . and undermine the reasonable expectations of confidentiality . . . , especially when doing so involves information that is neither relevant nor ultimately admissible.").

The court agrees with the limitations imposed by the Discovery Master.  Kronfeld does not demonstrate how these topics—Zurich and MPT's settlement negotiations, related communications, and Zurich's internal settlement discussions—are relevant to his claims concerning his own policy such that he may pry into them.  These communications were shaped by the unique considerations in the resolution of MPT's claims, and they "reflect compromises

---

[8] On December 9, 2025, the court adopted Discovery Master Order No. 11: "Discovery Master Recommendation on Case Schedule to Court" (#174), setting, among other deadlines, a fact discovery deadline of March 13, 2026.  *See* #175.

that have been negotiated between [the] parties to [that] litigation."[9] *Hayes v. Boston Pub. Health Comm'n*, Civil Action No. 11-11859-MLW, 2013 WL 5564184, at *3 (D. Mass. Oct. 7, 2013) (acknowledging that "parties choose to settle cases for many different reasons based on the particular circumstances of the case" and denying motion to compel disclosure of a confidential settlement agreement or testimony regarding its terms for use in a separate suit). *See 1611 Cold Spring Rd. Operating Co., LLC v. Skinner*, Civil Action No. 21-400312-KAR, 2023 WL 8720115, at *4 (D. Mass. Dec. 18, 2023) (denying motion to compel deposition testimony related to confidential settlement agreement where the agreement "represent[ed] a compromise between those parties" and was "not proportional to the needs of the instant case").

V. <u>Conclusion.</u>

For these reasons, the court overrules Kronfeld's objection and adopts Discovery Master Order No. 9 (#167) in its entirety.

December 22, 2025                                     /s/ M. Page Kelley
                                                      M. Page Kelley
                                                      United States Magistrate Judge

---

[9] The court rejects Kronfeld's additional argument that he requires this discovery "to effectively impeach Zurich's witnesses at trial." (#168 at 9.)