UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK KRONFELD, AS TRUSTEE OF THE SHC CREDITOR LITIGATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>Defendants. | Civ. Action. No. 21-cv-11902-PBS |

**DISCOVERY MASTER ORDER NO. 12:**
**Party Adherence to Case Schedule and Discovery Master Hearing Deadlines**

    Pursuant to the Court's Order appointing the undersigned as Discovery Master (ECF 149), the Court mandated that this case move forward with all deliberate expedition. The Discovery Master has kept that uppermost in mind, and urges the parties to do likewise.

    The Discovery Master takes this unusual step to issue an order to remind the parties of their obligations to adhere to the case schedule and all deadlines set by the Discovery Master in this matter.

    The following is a summary of recent scheduling problems dealing with discovery issues in this case:

- On December 1, 2025, the parties asked the Discovery Master to set hearings during the weeks of December 15, 2025 and January 12, 2026 to address any discovery issues that may remain;
- On December 2, 2025, the Discovery Master scheduled hearings for December 22, 2025 and January 16, 2026 to accommodate the parties' request, and asked for briefing to be provided 10 days in advance of each hearing date;

- On December 3, 2025, the parties informed the Discovery Master that no issues were then ripe for consideration and cancelled the December 22 hearing, but reserved the time scheduled for the January 16 hearing;
- On January 6, 2026, having received no briefs as had been ordered to be submitted 10 days in advance of the January 16 Hearing, the Discovery Master asked the parties to quickly submit the required briefing for the January 16, 2026 hearing, so that hearing could proceed;
- On January 6, 2026, the parties responded that they did not plan to submit briefing on that day, and that the January 16 hearing should therefore be cancelled;
- Also on January 6, the Discovery Master informed the parties that they could submit materials by January 8, 2026 if they still wanted to hold the January 16 hearing date;
- On January 7, 2026, Defendants informed the Discovery Master that on January 8, they could submit a Redfern chart and briefing for any disputes remaining between the parties that were not resolved during the parties' planned January 8 meet and confer; the Plaintiff did not respond;
- On January 7, the Discovery Master instructed the parties to submit a joint statement of when their briefing would be submitted, as soon as the parties' January 8 meet and confer ended; and again asked whether the January 16 hearing date could be salvaged;
- Silence describes the Parties' response, necessitating cancellation of the January 16 hearing;

This is entirely unacceptable, and in contravention of the Court's mandate to proceed expeditiously, and this shall not reoccur. The Discovery Master concludes that time is running out to meet the Court's deadlines, due to this delay. As a result, all Hearing Dates set by the Discovery Master shall be peremptory dates when at least one partner level attorney for each party shall attend. There is no longer time to schedule hearings at the convenience of all counsel.

The parties *shall* provide any outstanding discovery disputes in letter briefs accompanied by a Redfern Chart to the Discovery Master by Noon on January 14, 2026. There will be no extensions of time. The parties shall also submit a chart showing all depositions that have been scheduled, and identify any depositions that are still lacking a firm date; together with the reasons for any as yet unscheduled depositions.

A hearing via Zoom is hereby set for January 22, 2026 at 9:00 AM-1:00 PM. The Hearing does not require that all counsel be available to attend; if any particular attorney has a trial commitment before a court on that date, such attorney will be excused, but at least one partner level attorney *must* attend for each party. Scheduling convenience will only be a consideration for disputes involving counsel for third parties (for discovery disputes involving third parties).

Counsel shall arrange for a court reporter to transcribe all hearings scheduled by the Discovery Master; and counsel shall send the Zoom link to all counsel representing parties affected by the discovery disputes.

     Adherence with hearing schedules is necessary if any disputes remain in order to maintain the case schedule in this matter. To the extent that any hearings set are not needed, the parties shall so inform the Discovery Master on a forthwith basis.

     The deadlines set in the Court's case management order (ECF 175) are firm deadlines and will not be adjusted absent extraordinary circumstances. Discovery delays is not, and will not be, such an extraordinary circumstance.  Henceforth, hearing dates on discovery issues will be set per the Discovery Master's schedule, and counsel shall manage their calendars accordingly.  This measure is necessary to ensure that discovery is completed in a timely manner to allow all other Court deadlines to proceed according to schedule.

     So Ordered,


Dated: January 12, 2026                        /s/ *Faith S. Hochberg*_____
                                                     Hon. Faith S. Hochberg, U.S.D.J. (ret.)