UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK KRONFELD, AS TRUSTEE OF THE SHC CREDITOR LITIGATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>Defendants. | Civ. Action. No. 21-cv-11902-PBS |

### DISCOVERY MASTER ORDER NO. 13:
### Dispute Scheduling Order

    Pursuant to the Court's Order appointing the undersigned as Discovery Master (ECF 149), the Discovery Master issues this Order following the hearing with the Parties held on January 22, 2026 (the "Hearing") to discuss the unacceptable delays in discovery completion and to hear argument on certain pending disputes. As the Parties were informed both prior to, and during the Hearing, the pace of document production; privilege logging; meet/confers; and escalating discovery disputes to the Discovery Master has been far too sluggish to meet the time urgency that this case requires at this time. This Order establishes deadlines that shall be met henceforth. The Order further establishes a mandatory fast-track procedure for all discovery disputes henceforth.

**The History of Discovery Delays in Compliance with Discovery Schedule:**

    The Discovery Master was appointed in July 2025 in order to guide the case to trial before the Court in January 2026, but this trial date had to be postponed for 8 months because discovery was not timely completed. The need to extend the time to trial did not spur more expeditious production of discovery: it seemed to have the opposite result. Having spoken forcefully to the Parties that this will not be tolerated, the Discovery Master now establishes the new expedited procedure set forth in this Order. It is essential for maintaining the current extended case schedule as set by the Court's case management order on December 9, 2025 (ECF 175). No further extensions to the case schedule will be made absent extraordinary circumstances.

1

The necessity for the expedited procedure arises from past delays in resolving disputes and the Parties' failure to effectively comply with the Discovery Master's scheduled hearings, which themselves were required to deal with the unduly slow production of documents that had been ordered to be produced.

There has been a history of Party cancellation of hearings (scheduled for November 3 and December 22, 2025, and January 16, 2026). Cancellation of hearings, if properly sought, would have been acceptable if disputes had been resolved without intervention from the Discovery Master. But, in the reality of this case, most disputes just dragged on and on, with the result that the production of documents (and corresponding privilege logs) that had been ordered as far back as the Discovery Master's Orders entered after the August, 2025 hearings—were astonishingly still not complete by January 2026.

Document production was particularly late on the Plaintiff's side, in part because very few documents had been produced prior to the Discovery Master's Order No. 1 (ECF 152). Even after entry of this Order in September 2025, far too many documents were still being produced as late as January 2026. Late production begets a risk that Defendants will need to extend scheduled deposition dates, when newly produced documents, and very late produced privilege logs, lead to a need for greater time by the opposing Party to review documents and challenge withholding on privilege grounds.

On both the Plaintiff and Defendants' sides, the slowness of meet/confers led to a great many discovery disputes that were never resolved, despite the cancelled hearings that had been scheduled to resolve them. A summary of recent communications illustrative of the difficulties in communications with the Discovery Master regarding the Parties' disputes is set out in the Discovery Master's Order No. 12 (ECF 179).

While the purpose of appointing a Discovery Master is to rule on unresolved disputes, the delays and cancellations of hearings result in a need to enter Orders for production months after the dispute should have been briefed, argued, heard and ruled upon. This creates unacceptable delays in a case going to trial in the near future. It cannot continue.

**<u>Procedure for Future Discovery Disputes</u>:**

The Parties shall now adhere to the following procedure whenever a discovery dispute arises:

- When a Party notices a discovery dispute to the opposing Party, the Parties *shall* meet and confer as long as necessary to determine if they can reach resolution, or impasse, within 3 calendar days of such identification;
- If, after 3 calendar days, the Parties are still at an impasse on the discovery issue, the Parties *shall* within 5 days of the meet and confer submit a joint chart to the Discovery Master setting out the Parties' respective positions on the issue in adjacent columns;
- If needed, the chart may be accompanied by a brief from each side, not to exceed 3-pages, with numbered paragraphs corresponding to the numbered dispute issue on the chart;

- If one Party delays in completing its column on the chart within the 5-day window, the other Party may submit its own positions to the Discovery Master in one column of the chart, leaving the other Party's column blank;
- If such delay by the other Party is unjustified, the Discovery Master gives notice that fee shifting recommendations will be considered as "on the table";
- If the Parties believe that a hearing is necessary to resolve a dispute, they shall notify the Discovery Master immediately after the 3-day meet/confer window, even prior to submitting their joint chart; the Discovery Master may also independently determine that a hearing is needed; such hearing will be scheduled as soon as possible considering the Discovery Master's schedule; if scheduled, each Parth *shall* have a partner level attorney available on the date/time noticed by the Discovery Master. Each team has multiple counsel, and it is not burdensome to require 1 attorney (of 4 or 5 on a team) to be made available with knowledge of the dispute;
- A hearing that is set *shall* proceed unless the dispute has been resolved or unless the Discovery Master determines that it is not needed;
- At the hearing, the Parties *shall* be prepared to provide concise and directly responsive answers to the Discovery Master's questions to make the hearing as efficient as possible; if further elaboration is required, the Parties will be given the opportunity to state their positions at length only after questions are first answered directly.

**Ruling on Non-Party Shawmut Deposition:**

Shortly after the storm event at issue in this case, non-party Shawmut Design Construction was engaged by Zurich to prepare a conceptual construction schedule for the affected property. Plaintiff states that the conceptual schedule prepared by Shawmut was used by Zurich and other third-parties retained by Defendants as a basis for their calculations of the time needed to complete the repairs necessary to address the damage caused by the storm. Shawmut was paid approximately $22,000 for this work, and was not engaged for any further involvement of any kind with either Party or any work in connection with Norwood Hospital.

Plaintiff argues that it needs to depose Shawmut because the conceptual construction schedule it created is important to the restoration schedule put forth by the Defendants in this matter. Plaintiff requests that the scheduling of a 30(b)(6) deposition noticed for Shawmut be allowed to proceed with the 11 topics that Plaintiff noticed. Shawmut argues that as a third party, it should not bear an unreasonable burden in the preparing for and appearing at any deposition in this matter.

The Discovery Master finds that although the schedule prepared by Shawmut is a significant document in this matter, the duration and scope of the deposition must be reasonable in light of Shawmut's limited involvement in this matter, solely to the creation of a conceptual construction schedule in late 2020 for which it earned a marginal sum compared to other entities involved in this case.

Balancing the Plaintiff's need for this witness with a single role in this case, the 30(b)(6) deposition of Shawmut shall proceed, but it shall not exceed 2.5 hours in duration. Plaintiff must tailor the number of topics to be sensible for a deposition of this length. In order to minimize the

burden on this non-party to prepare for the topics Plaintiff seeks, Plaintiff shall provide to Shawmut 25 key documents on which the designated deponent will be questioned by January 30, 2026, and a correspondingly tailored list of topics.  If the list of topics is not tailored, there shall be no complaint that the witness was unprepared on topic x or y.   Plaintiffs, Defendants and Shawmut's counsel shall identify a mutually agreeable deposition date, and report said date to the Discovery Master no later than January 28, 2026.

**Ruling on Plaintiff's Production of Documents From Consigli Construction Co.:**

      Plaintiff retained Consigli Construction Co. in connection with the storm event.  Defendants seek the production of documents that they argue were being withheld by Consigli upon improper instructions from Plaintiff.  On March 17, 2025 Plaintiff's counsel wrote to Consigli and instructed Consigli not to produce the documents sought by Defendants because Plaintiff would be asserting that Consigli is a non-testifying expert, pursuant to Rule 26(b)(4)(D).  Defendants argue that third party consultants, such as Consigli, are percipient witnesses with firsthand knowledge directly relevant to key issues in this matter, and that the blanket withholding of documents instructed by Plaintiff's counsel is improper.

      Plaintiff argued at the hearing that, after months of delay, (for which Plaintiff blames Consigli's lack of urgency in the matter), Consigli provided Plaintiff the documents at issue for Plaintiff's review approximately a week prior to the hearing.  Plaintiff has now reviewed these documents previously withheld pursuant to Plaintiff's instruction, and has determined that all but 1 of the 1,100 documents previously withheld by Consigli should be produced to Defendants.  That leaves 1,099 documents yet to be produced 10 months after they were sought by Defendants. This is improper.  Whether the blame is on Plaintiff or Consigli is not decided at this time.

      At the Hearing, the Discovery Master instructed that Plaintiff immediately produce the 1,099 documents that it reviewed and determined not to be privileged on work product grounds to Plaintiff's document production vendor.  On the evening of January 22, several hours after the hearing concluded, Robert Lizza, the Chief Legal Officer at Consigli, emailed the Discovery Master directly, asking that Consigli be allowed additional time to assess whether it wished to raise any claim of privilege as to the documents at issue that may be unique to Consigli.  Mr. Lizza asked that Consigli be given until the close of business of on January 27, 2026 to make this assessment.

      The Discovery Master will grant Consigli's request to review the documents solely for any privilege issues that may be unique to Consigli, but orders that, in light of the undue delays in production of these documents, Consigli must act with urgency and with no further delay.  The Discovery Master finds that there has been undue delay in the manner in which these documents have been withheld from production for such an exceptionally long period of time.  (Until the Discovery Master hears from Consigli about its responsibility for the delay, as distinguished from Plaintiff's responsibility, the determination of fault for this is deferred.)  However, speed in production is critical, because there are more than 1,000 germane documents that have been withheld for an undue length of time; depositions are starting; and Consigli is an important fact witness.

Plaintiff also asserts that Consigli is a consulting expert witness for the non-percipient witness portion of its role in this matter (although Plaintiff now asserts that it is only withholding a single document out of the 1,100 documents on this ground).  However, the non-privileged documents should have been produced long ago, together with a privilege log if Consigli has asserted a privilege of its own—separate and apart from any work product privilege the Plaintiff has asserted as to only a relatively short time period surrounding the mediation of this dispute several years ago.

In order to prevent any further delay in discovery as a result of this issue, while Consigli conducts its assessment, Plaintiff is to continue to have the documents prepared for production by its vendor.  If Consigli raises no independent privilege claim by close of business on January 27, 2026, the production to Defendants shall occur on that same day, subject to claw-back if Consigli asserts a privilege as to itself.  If Consigli raises any privilege issues for any of the 1,099 documents that Plaintiff believes should be produced, it shall log any such purportedly privileged documents in a privilege log with a clear description of the basis of the alleged privilege or protection that applies to any particular document, and provide this log with its January 27, 2026 communication.  All other documents shall be produced by Plaintiff's vendor on January 28, 2026.

At this time, any application by Defendants for discovery sanctions against Plaintiff for its role in the document production delay of the Consigli tranche of documents is deferred until the facts are established and can be clearly stated to the Discovery Master.  The Parties *shall* submit a timeline of Plaintiff's communications with Consigli regarding the production of Consigli's documents to Defendants.  The timeline shall have appended to it the communications of either Party with Consigli, redacted for applicable privilege, if any.  If privilege is asserted, there shall be an accompanying log.  For avoidance of doubt, no attorney client privilege between Consigli and Plaintiff has been claimed by Plaintiff; there is only 1 document as to which Plaintiff asserts a "consulting expert" privilege; and there is a small tranche of documents seeking Consigli's input with respect to a mediation earlier in this case as to which Plaintiff asserts a work product privilege. The timeline shall be submitted no later than January 30, 2026.

**The Remaining Discovery Disputes:**

Several additional discovery disputes were argued at the January 22, 2026 Hearing.  Rulings on them will be forthcoming shortly.  In the interest of time, the most time-sensitive issues have been prioritized.


Dated: January 25, 2026                         /s/ *Faith S. Hochberg*_____
                                                Hon. Faith S. Hochberg, U.S.D.J. (ret.)

5