UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK KRONFELD, AS TRUSTEE OF THE SHC CREDITOR LITIGATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>Defendants. | Civ. Action. No. 21-cv-11902-PBS |

## DISCOVERY MASTER ORDER NO. 15:
### Rule 26 Disclosures

      On January 22, 2026 the Discovery Master held a hearing with the Parties to address various discovery disputes still pending in this matter. At that hearing, the Discovery Master requested that the Parties submit their positions on a dispute relating to Plaintiff's recent amendments to their Rule 26(a)(1) initial disclosures. Defendants submitted their briefing on January 26, 2026 and Plaintiff followed on January 28. The Discovery Master has reviewed the Parties' briefing, exhibits, and case law, as well as arguments made at the hearing. Pursuant to the Court's Order appointing the undersigned as Discovery Master (ECF 149), the Discovery Master rules as follows.

      On January 13, 2026, Plaintiff amended its initial disclosures pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. In this amendment, Plaintiff disclosed 23 new individuals as those who are likely to have discoverable information that Plaintiff may use to support its claims, in addition to the 12 previously disclosed in Plaintiff's May 6, 2022 initial disclosures. Of the 23 new witnesses listed by Plaintiff in their amended initial disclosures, Defendants seek to preclude 6, who either were not previously scheduled for deposition or not previously disclosed in May 2022.

      Plaintiff argues that in making their petition to preclude witnesses, Defendants request extraordinary relief that would dramatically alter the scope of the trial, without demonstrating the harm or prejudice needed to justify such a significant sanction. Plaintiff further argues that it was under no obligation to update its disclosures, that no prejudice to Defendants can be shown, and that if any relief is appropriate, it should be to allow Defendants to take depositions of newly disclosed individuals.

1

*Applicable Authority*

Federal Rule of Civil Procedure 26(a)(1) governs initial disclosures in litigation, and in relevant part provides:

> Rule 26. Duty to Disclose; General Provisions Governing Discovery
> (a) Required Disclosures.
>
> (1) Initial Disclosure.
>
> (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; . . . .

Fed. R. Civ. P. 26(a)(1)(A)(1).

Rule 26(e) "imposes a self-executing obligation to supplement initial disclosures to the extent their disclosures are 'incomplete or incorrect.'" *Poitra v. Sch. Dist. No. 1 in the Cnty. of Denver*, 311 F.R.D. 659, 664 (D. Colo. Dec 21, 2015)(internal citations omitted).  Specifically, Rule 26(e) provides:

> (e) Supplementing Disclosures and Responses.
>
> (1) In General. A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission— must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.

Fed. R. Civ. P. 26(e)(1).

Rule 37(c)(1) addresses a party's failure to comply with the obligations of Rule 26 set out above.  In relevant part, Rule 37(c)(1) sets out the following consequences for non-compliance with supplementing disclosures:

> (c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.
>
> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

Fed. R. Civ. P. 37(c)(1).

It is clear from the language of Rule 37, that if a party fails to comply with the requirements of Rule 26, it may be precluded from using the information or witness that it failed to disclose for evidentiary purposes in the case. It is also clear that the Court has discretion to impose alternative sanctions for non-compliance. *See Lebada v. N.Y.C. Dep't of Educ.*, 2016 WL 626059, at *6 (S.D.N.Y. Feb 8, 2016) ("Notwithstanding the language in Rule 37 regarding preclusion of undisclosed witnesses, case law makes clear that a district court retains discretion to allow the evidence or impose sanctions."). In considering motions to preclude witnesses for failure to timely disclose pursuant to Rule 37, courts generally balance four factors:

> (1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.

*Lebada*, at *6. In the cases cited by the parties, courts take great care to appropriately weigh these factors given the particular facts of the case. And, although preclusion is at times found to be appropriate, it is often enforced if the late disclosure is made significantly after the discovery cutoff, and the late-disclosing party offers no satisfactory justification for its delay and prejudices the other side. In *Ollier v. Sweetwater Union High Sch. Dist.,* the Appellate Court found no abuse of discretion in a district court's exclusion of witnesses when these witnesses were disclosed 15 months after the discovery cut-off date. 768 F.3d 843, 861 (9th Cir. 2014). The *Ollier* Appellate Court explained that "[the late-disclosing party] d[id] not argue that its untimely disclosure of these 30 witnesses was substantially justified. Nor was it harmless." *Id*. at 863. The *Ollier* Court also found that "[t]he record demonstrate[d] that the district court's conclusion, that reopening discovery before trial would have burdened Plaintiffs and disrupted the court's and the parties' schedules, was well within its discretion." *Id*.

3

Similarly, in *Poitra*, the Court precluded a witness who was added to a witness list four months after the discovery cutoff by being included in the Final Pretrial Order as a "will call" witness by the plaintiff. 311 F.R.D. 659, 665. Rejecting plaintiff's attempted justification for its delay, the Court explained that "[a] passing and perhaps oblique reference to an individual during a deposition should not presumptively equate to a Rule 26(a)(1)(A)(i) disclosure," particularly when the relevant "deposition testimony could be reasonably interpreted to suggest that [the witness] was disinclined to play any role at trial." *Id*. at 667.

Other courts have found that failure to disclose under Rule 26 does not always warrant preclusion when the non-disclosed individuals were previously brought to the other side's attention. In *United States ex rel. Landis v. Tailwind Sports Corp.,* the Court found that the government violated its supplemental disclosure obligation under Rule 26(e), but exercised its discretion not to preclude the non-disclosed witnesses. The Court explained: "While the government does not explain why it failed to include these witnesses in its initial Rule 26 disclosure, it has satisfied the Court that they were 'made known to [the defendants] through the discovery process,' and that "[defendant] was therefore 'on notice' that each of these witnesses could have potentially relevant and discoverable information." 234 F. Supp. 3d 180, 192 (D.D.C. 2017). In *Landis*, the government designated one of the non-disclosed witnesses as a 30(b)(6) witness and defendant deposed this witness. *Id*. The *Landis* court also distinguished cases cited by defendant that "involve[d] situations where one party had never heard of the new witnesses until receiving their declarations during summary judgment proceedings." *Id*. at 193.

Likewise, in *Fiumano v. Metro Diner Mgmt. LLC*, the Court explained that "[e]ven when the failure to provide information is not 'substantially justified' and is not 'harmless,' the exclusion of evidence is not automatic and is a matter within the district court's discretion." No. CV 17-465, 2022 WL 2541354, at *5 (E.C. Pa, July 7, 2022). There, the Court found no violation of Rule 26 as to certain witnesses when "the information had 'otherwise been made known, to the Plaintiffs." *Id*. at *7. For other non-disclosed witnesses, the Court found that "[a]lthough Plaintiffs have suffered prejudice, the factors weigh heavily against exclusion of evidence," and denied the motion to strike the testimony of these witnesses. *Id*. at *10. In reaching this conclusion, the Court found the prejudice or surprise to plaintiff significant and weighing in favor of exclusion, but that this factor was outweighed by the plaintiff's ability to cure the prejudice by re-opening discovery in a case that had not yet been scheduled for trial, as well as the fact that the evidence was important to the case and not omitted in bad faith. *Id*. at *9-10.

<u>Witnesses Defendants Seek to Prelude</u>

Defendants seek to preclude the testimony of 6 of Plaintiff's 23 newly disclosed witnesses. Specifically, they seek to preclude:

(1) <u>Dr. Octavio Diaz</u>, the former President, North Region and Chief Medical Officer of Steward;
(2) <u>Victoria Lobban</u>, the former Chief Financial & Administrative Officer, North Region of Steward;
(3) <u>Lisa Martin</u>, the former Chief Financial Officer, North Region of Steward;

4

  (4) <u>John Polanowicz</u>, the former Chief Operating Officer of Steward;
  (5) <u>Mark Rich</u>, the former President of Steward; and
  (6) <u>Stephen Van Ness</u>, the Vice President of Planning and Design, Corporate Real Estate and Facilities (CREF).

  Defendants argue that three of these individuals, Victoria Lobban, Lisa Martin, and Mark Rich, are not custodians whose documents were searched, and that there is insufficient time remaining for Steward to collect additional data, produce it, and for Defendants to review the resultant production. Plaintiff counters that in the Parties' October 15, 2025 Joint Status Report, Defendants identified Dr. Diaz, Mr. Rich, Mr. Polanowicz, Ms. Martin, and Mr. Van Ness as deposition targets, but that on January 14, 2026, the day after Plaintiff amended its disclosures, Defendants submitted a deposition chart listing Mr. Rich, Ms. Martin, and Mr. Van Ness as witnesses who "may not be deposed" and omitted Dr. Diaz and Mr. Polanowicz entirely.

  Plaintiff acknowledges that Victoria Lobban differs from the other contested witnesses. Plaintiff argues that through September 4, 2025, she appeared in only a handful of documents because she was not working at Norwood Hospital at the time of the loss. Plaintiff argues that once discovery expanded, more documents involving Ms. Lobban, who came to Norwood Hospital after the storm event occurred and took on the role of obtaining financial information to provide to Defendants during the claim adjustment process, began to appear.

<u>Analysis</u>

  The rules are clear that Plaintiff did have a duty to supplement. While it did not do a supplementation until Defendants asked it to do so, Plaintiff did ultimately supplement its disclosures. The supplementation came late in the discovery period, just before discovery will close. Defendants have been prejudiced. The late supplementation nearly tripled the number of persons in the Rule 26(a) disclosure, and it certainly has adversely affected the pace of discovery in this case; in specific terms, Defendants are prejudiced by the need to take time late in the discovery phase of this case to turn their attention to reviewing documents involving the late-disclosed individuals; in making their decisions as to which of Plaintiff's potential witnesses to depose; and preparing for any necessary depositions of the late-disclosed individuals.

  The case law is clear that the decision to exclude evidence as a sanction is not one to be made lightly. "Even when the failure to provide information is not 'substantially justified' and is not 'harmless,' the exclusion of evidence is not automatic and is a matter within the district court's discretion." *Fiumano*, 2022 WL 2541354, at \*5. The language of Rule 37 itself makes clear that "[i]n addition to or instead of this sanction [of exclusion]," the court "may impose other appropriate sanctions." Fed. R. Civ. P. 37(c)(1). Some courts note that the exclusion of evidence is an extreme sanction that should not normally be found, absent a showing of compelling facts. *See Fiumano*, 2022 WL 2541354, at \*5 (citing *Konstantantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997).

  Here, formal disclosure pursuant to Rule 26(a)(1) of the 6 objected-to witnesses only occurred because the Defendants spurred the Plaintiff to supplement, when it had shown no inclination to do so on its own accord. Even now, Plaintiff incorrectly insists that it was under

5

no obligation to supplement. The discovery deadline of the case is March 13, 2026, and it is nearly upon us. Plaintiff amended its initial disclosures just under the wire, on January 13, 2026. This does not leave much time to address the amended disclosures, and it forces the opposing parties to spend precious time on a new set of potential witnesses, when discovery is coming to an end.

Defendants were aware of the potential relevance of several of these witnesses to this case, but did not receive custodial documents nor fully appreciate the potential relevance of the three named above: Lobban, Martin and Rich. The remaining 3 contested individuals were the subject of Party arguments before the Discovery Master on whether the custodial files of Dr. Diaz, Mr. Polanowicz, and Mr. Van Ness should be collected and searched for document production in this matter. *See* Discovery Master Order No. 1 (ECF 152). The Discovery Master agreed with Defendants and ordered that the files of these individuals be searched using multiple search terms, and that the resultant documents be produced. *Id*. Having sought the documents of these individuals, the Discovery Master finds that any surprise or prejudice to Defendants from Plaintiff's disclosure of these witnesses in January of 2026 is attenuated by the Parties' prior conduct and therefore, does not weigh in favor of preclusion. Moreover, time still remains in this case to conduct the depositions of these individuals.

Additionally, on October 15, 2025, Diaz, Polanowicz, Van Ness, Rich, and Martin were identified by Defendants on their list of depositions noticed in the Joint Status Report on Party Discovery and Case Schedule submitted to the Discovery Master pursuant to Discovery Master Order No. 2 (ECF 156). Defendants had initially contemplated that these 5 individuals potentially had information relevant to the claims and defenses of this case. While these facts do not weigh in favor of finding surprise or prejudice sufficient to warrant preclusion, it is also clear that the Defendants were prejudiced by the addition of these persons to Plaintiff's supplemental disclosures, because Defendants had relied on the absence of these names in Plaintiff's disclosures in making their choices as to whom to depose.

As to Ms. Lobban, the Discovery Master finds that Defendants may be justifiably surprised by her inclusion in Plaintiff's amended initial disclosures, resulting in prejudice to Defendants in deciding how to manage this case. The Discovery Master will leave it to the Court to decide whether Defendants can show sufficient prejudice to warrant preclusion of Ms. Lobban as a witness for summary judgment and trial purposes. At this juncture, the Discovery Master will require Plaintiff ***forthwith*** to run custodial document searches of Ms. Lobban, Mr. Rich, and Ms. Martin's files, within 1 day of receiving search terms supplied by Defendants. There shall be no objection heard as to the Defendants' choice of search terms. The timeline for this process is set out below.

After reviewing the newly produced documents, Defendants may take additional depositions of their choosing for any or all of the 6 contested witnesses, and these depositions shall not count in the maximum number of depositions allotted to Defendants. In doing so, Defendants may have depositions beyond the number previously set as their maximum number. The late decision of Plaintiff to add 23 newly disclosed potential witnesses to their Rule 26(a) disclosures caused the total number to go from 12 to 35 disclosed persons—a huge increase in the number of potential witnesses. These measures, while short of witness preclusion, are

warranted by the Defendants' reliance on Plaintiff's previous non-disclosure of these individuals while making their depositions decisions.

The following process shall be followed by the Parties to ameliorate the impact of Plaintiff's delay in disclosure:

(1) Expedited forthwith document collection and production by Plaintiff of Ms. Lobban, Mr. Rich, and Ms. Martin's custodial documents, with search terms chosen by Defendants for efficient discovery and sent by Defendants to Plaintiff within 2 days of this Order.
(2) Plaintiff shall produce the documents resulting from these searches within 5 days of receiving Defendants' search terms; Plaintiff's internal review shall be accomplished within this time period, because time is of the essence this late in the discovery phase of this case; to avoid delay, there shall be no privilege claimed except as to direct communications between Plaintiff's counsel and the individual[s] on the communication.  It is highly unlikely that there could be any legitimate basis to claim privilege as to an individual who was not even considered important enough to have been put on the Rule 26(a) disclosure until prompting by the opposing counsel near the discovery cut-off date. Any document inadvertently produced can later be claimed as privileged via a claw-back mechanism. These measures are necessary to ameliorate the prejudice caused by the delay in supplementation and the prior experience with delayed privilege logs in this case.
(3) The deposition of any or all of the 6 contested individuals shall be scheduled promptly and solely at Defendants' counsel's convenience; on the date noticed, Plaintiff's counsel and the witness shall appear and be ready to participate in such deposition.  For avoidance of doubt, the Discovery Master finds that Defendants may withdraw their earlier decision not to take the deposition of any of these individuals.
(4) Plaintiff may not start any of its affirmatively noticed depositions until these measures have been completed, unless Defendants agree to proceed with them.  This will permit Plaintiff's counsel to give its full attention to these amelioration processes.

In light of the fact that the Plaintiff's supplementation nearly tripled the number of potential witnesses identified on its unduly late supplementation, Defendants may seek to depose these individuals even if the total number of Defendants' depositions exceeds the maximum number of depositions set heretofore.  This is a reasonable way to cure the prejudice from the lengthy failure to supplement, and delayed ultimate supplementation.

**SO ORDERED**

Dated: February 13, 2026                    /s/ *Faith S. Hochberg*
                                                                Hon. Faith S. Hochberg, U.S.D.J. (ret.)