UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK KRONFELD, AS TRUSTEE OF THE SHC CREDITOR LITIGATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>Defendants. | Civ. Action. No. 21-cv-11902-PBS |

**DISCOVERY MASTER ORDER NO. 16:**
**Third-Party Shawmut Woodworking & Supply, Inc. 30(b)(6) Deposition**

On January 22, 2026, the Discovery Master held a hearing on various discovery disputes pending in this matter. One of the disputes addressed at that hearing concerns Plaintiff's request for a 30(b)(6) deposition of third-party, Shawmut Woodworking & Supply, Inc. d/b/a Shawmut Design and Construction ("Shawmut"). Shawmut's involvement in this case in limited to an estimate for time and value to perform certain work at Norwood Hospital, which was then used by Defendants and other third-parties retained by Defendants. As more fully set out in the Discovery Master's Order No. 13 (ECF 180), the Discovery Master agreed that the 30(b)(6) deposition of Shawmut should proceed, but to ensure that this third-party was not subjected to undue burden, ordered that Shawmut's deposition be limited to 2.5 hours in duration, and be limited to 25 documents on which the deponent would be questioned. After Order No. 13 was entered, Plaintiff and Shawmut tentatively agreed to a deposition date of February 19, 2026, but a disagreement arose as to whether the deposition shall occur in person or via Zoom. Pursuant to the Court's Order appointing the undersigned as Discovery Master (ECF 149), the Discovery Master rules as follows.

Shawmut argues that requiring its corporate representative to travel for this deposition, particularly when that deposition is limited in time and scope, is an unnecessary burden on that witness and disproportionate in the context of this case. Plaintiff counters that Shawmut offers no good cause for conducting the deposition via Zoom. Plaintiff further argues, and Shawmut does not dispute, that the proposed location of the deposition, Todd & Weld's Boston offices, is approximately 1.6 miles from Shawmut's headquarters. Plaintiff also raises concerns about potential technological difficulties of conducting this deposition via Zoom (for example, people

1

speaking over each other; issues with reviewing documents and hearing and answering questions), particularly in light of its limited duration.

      As set out in Order No. 13, the Discovery Master is sensitive to the burden placed on third-parties in this litigation. This, in keeping with proportionality considerations, is the primary reason the Discovery Master imposed the limitations on Shawmut's deposition. Here, however, a 1.6 mile trip to conduct the deposition in person does not present undue burden to a witness who is already protected from other potentially burdensome aspects of a 30(b)(6) deposition. Thus, the Discovery Master finds that the deposition shall go forward in person. The Discovery Master leaves it to Shawmut to determine if the location of this in-person deposition should be the Boston offices of Todd & Weld, or if Shawmut's offices have a conference room large enough to accommodate this deposition. If Shawmut's office does have sufficient space to host such a deposition, Shawmut may choose which in-person locale it prefers, and Plaintiff shall abide by that decision.

**SO ORDERED**

Dated: February 14, 2026                  /s/ *Faith S. Hochberg*
                                                       Hon. Faith S. Hochberg, U.S.D.J. (ret.)