# EXHIBIT C

```
                                                              Page 1
 1                                                            Page 1
 2
                      UNITED STATES DISTRICT COURT
 3                  FOR THE DISTRICT OF MASSACHUSETTS
 4      STEWARD HEALTH CARE SYSTEM, LLC,    )
                                            )
 5                      Plaintiff,          )
                                            )
 6           vs                             )Civil Action No.
                                            )1:21-cv-11902-PBS
 7      AMERICAN GUARANTEE AND LIABILITY    )
        INSURANCE COMPANY and ZURICH        )
 8      AMERICAN INSURANCE COMPANY,         )
                                            )
 9                      Defendants.         )
        ----------------------------------)
10
11           The Video-Recorded Deposition of JOHN CASTELLANO
12           Date:      Thursday, July 3, 2025
13           Time:      9:48 a.m.
14           Place:     Riley Safer Holmes & Cancila, LLP
                        1 South Dearborn Street, Suite 2200
15                      Chicago, Illinois 60603
16
17       Called as a witness by the Defendants in accordance
         with the Federal Rules of Civil Procedure for the
18       United States District Court, District of
         Massachusetts, pursuant to Notice.
19
20
21
22       Reported Stenographically by
23       Angela J. Galipeau, RPR, CSR-IL
24       Notary Public, State of Indiana
25       Job No. 7445654
```

```
                                                      Page 2
 1        APPEARANCES:
 2          MR. SETH J. ROBBINS, ESQ.
                 Todd & Weld, LLP
 3               One Federal Street
                 Boston, Massachusetts 02110
 4               (617) 720-2626
                 srobbins@toddweld.com
 5
            MR. ROBERT S. BEREZIN, ESQ.
 6               Weil, Gotshal & Manges, LLP
                 767 5th Avenue
 7               New York, New York 10153
                 (212) 310-8884
 8               robert.berezin@weil.com
 9               For the Plaintiff;
10
          MR. NICK KAHLON, ESQ.
11        MS. AMY ANDREWS, ESQ.
          MR. STEVEN VOGEL, ESQ.
12               Riley Safer Holmes & Cancila, LLP
                 1 South Dearborn Street, Suite 2200
13               Chicago, Illinois 60603
                 (312) 471-8700
14               nkahlon@rshc-law.com
                 aandrews@rshc-law.com
15               svogel@rshc-law.com
16               For the Defendants;
17
          ALSO PRESENT
18
                 Mr. Nick Page, Videographer.
19
                         *     *     *
20
21
22
23
24
25
```

Page 60

1  reopen the hospital were exhaustive," are you able to
2  identify for me what those efforts were?
3  A. I mean, other than just through discussions with counsel.
4  Q. Other than your discussions with counsel, you have -- I'm
5  sorry.
6       Apart from your discussions with counsel, you're not
7  able to identify for me what efforts Steward took to
8  reopen the hospital, right?
9  A. That's correct, yes.
10 Q. And just to make sure that we have this correctly
11 reflected in the record, what were Steward's efforts to
12 reopen the hospital?
13         MR. ROBBINS:  Objection.  I'm going to instruct
14     you not to answer to the extent you would be
15     disclosing information that would implicate the
16     attorney-client privilege.  If you can answer
17     otherwise, you may answer.
18 A. Yeah.  My knowledge is really based through discussions
19 with counsel.
20 Q. Are you declining to answer the question based upon the
21 instruction given by your attorney?
22 A. Yes.
23 Q. Who at Steward, apart from counsel, would know about its
24 efforts to reopen the hospital?
25 A. Who at Steward today?

Page 61

```
 1  Q.  Correct.
 2  A.  Likely no one.
 3  Q.  Are there any former employees of Steward that you believe
 4      might have that knowledge?
 5  A.  I'm sure someone does.
 6  Q.  But you're not able to identify who that person is?
 7  A.  I would imagine someone like Mark Rich would probably
 8      know, perhaps.
 9  Q.  But that's conjecture on your part?
10  A.  Yeah.
11          (Exhibit 8 marked for identification.)
12  Q.  Mr. Castellano, you've been handed what's been marked as
13      Exhibit 8, which are Steward's supplemental answers to
14      American Guarantee and Liability Insurance Company's first
15      set of interrogatories, right?
16  A.  Correct.
17  Q.  And you verified this -- there's only a single
18      supplemental answer to Interrogatory 7, which you
19      verified, right?
20  A.  Correct, yes.
21  Q.  Okay.  So in this interrogatory answer -- and by the way,
22      just to ask you the same question I've asked before, in
23      your verification, when you refer to information obtained
24      from other authorized representatives of Steward who
25      supplied you with the information that you verified, were
```

Page 76

1  A.  I mean, this was just meant to be a broad categorization
2      of what -- you know, at that time, we had -- we have less
3      than 40 now -- you know, what those 40 employees were
4      doing --
5  Q.  Are there particular employees at Steward who have
6      assisted in the investigation and pursuit of this cause of
7      action, this lawsuit?
8          MR. ROBBINS:  Objection.  Are you talking about
9      since the bankruptcy or ever?
10 Q.  Since the bankruptcy filing.
11 A.  Oh, since the bankruptcy filing?
12 Q.  Yeah.
13 A.  I thought you were talking about as of now.
14 Q.  I'm going to start with the bankruptcy filing up to now.
15 A.  Yeah.  I mean, since the bankruptcy filing, I would
16     imagine there were people -- I don't know.  I'm not sure.
17     Again, I think I mentioned maybe Mark Rich, but there may
18     have been a few others.
19 Q.  Okay.  Who would be involved in the investigation and
20     pursuit of claims in this lawsuit?
21 A.  Maybe supporting counsel.  I just don't know.
22 Q.  You just don't know who those other people might be?
23 A.  Yeah.  Correct.
24 Q.  But Mark Rich may have been one of them?
25 A.  Potentially.