# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEWARD HEALTH CARE SYSTEM, LLC<br><br>　　Plaintiff,<br><br>　　v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>　　Defendants. | Civ. Action No. 1:21-cv-11902-PBS |

**JOINT STATUS REPORT ON PARTY DISCOVERY AND CASE SCHEDULE**

Plaintiff Steward Health Care System LLC ("Steward" or "Plaintiff") and defendants American Guarantee and Liability Insurance Company ("AGLIC") and Zurich American Insurance Company ("Zurich") (collectively, the "Defendants" and together with Plaintiff, the "Parties") hereby submit this Joint Status Report on Party Discovery and Case Schedule ("Status Report").

Pursuant to *Discovery Master Order No. 2: Third Party Subpoena Disputes; Status of Discovery Remaining to be Completed* (ECF No. 156, the "Order") and the Discovery Master's correspondence to the Parties on October 12, 2025, the Parties provide the following update regarding (1) the status of completed and outstanding party discovery; (ii) any newly sought discovery; and (iii) the Parties' proposed case schedule designed to adhere as closely as possible to the original January 2026 trial date.

The Parties continue to meet and confer in good faith. Although several disputes are identified below, the Parties anticipate that not all will require the Discovery Master's intervention.

## I. PLAINTIFF'S DISCOVERY REQUESTS

### 1. Discovery Completed

Defendants represent that they have produced a total of 18,705 documents, which amounts to 148,435 pages. Defendants' production was substantially completed in June 2025. After June, Defendants agreed, in response to Plaintiff's requests, to produce unredacted documents relating to reinsurance and reserves and to produce documents from two additional custodians: David Mahoney and Deirdra Manna. The forthcoming productions discussed below are therefore supplemental productions and reflect Defendants' ongoing efforts to be diligent in response to additional requests by Plaintiff.

### 2. Discovery Remaining to Be Completed

The outline below summarizes the categories of Plaintiff's discovery that remain outstanding. Because Defendants' document productions are ongoing, and Plaintiff's review of them is still in progress, Plaintiff reserves the right to raise additional disputes as new information becomes available.

#### a. *Agreed Productions Due October 24, 2025*

Defendants have agreed to produce by **Friday, October 24, 2025**:

- Unredacted documents concerning reserves and reinsurance, consistent with the Stipulation and Order on August 26, 2025 [ECF No. 151]; and

- All responsive, non-privileged documents from custodians David Mahoney and Deirdra Manna, subject to Defendants' objections to Plaintiff's Rule 34 Requests and pursuant to the search terms and date limitations previously disclosed to Plaintiff.

### b. *Interrogatories*

Plaintiff seeks complete responses to its interrogatories, following resolution of the threshold dispute jointly submitted to the Discovery Master on October 14, 2025 concerning numerosity.

### c. *Rule 30(b)(6) Depositions*

Following the Parties' meet and confer efforts, Plaintiff served amended Rule 30(b)(6) deposition notices on October 14, 2025, noticing 42 separate topics of examination to Defendant American Guarantee, and 41 separate topics of examination to Defendant Zurich American. Defendants have not yet responded as of this filing, but anticipate if they cannot reach agreement with Plaintiff on the appropriate scope of the Rule 30(b)(6) topics, the dispute may require submission to the Special Master.

### d. *Documents Responsive to Request Nos. 22 and 23*

Plaintiff seeks production of all documents responsive to Requests Nos. 22 and 23 in its First Requests for Production of Documents Directed to Zurich American Insurance Company and First Request for Production of Documents Directed to American Guarantee and Liability Insurance Company, which both Defendants previously objected to producing. These requests seek:

1. Defendants' internal policies and "Best Practices," and
2. Materials reflecting Defendants' handling of comparable claims.

It is Steward's position that these documents are central to its bad faith claim, namely that Defendants failed to conduct a reasonable investigation and deviated from industry standards.[1]

Defendants have agreed to provide their position by Friday, October 17, 2025.

### e.     *Extending the Date Range of Defendants' Production*

Plaintiff has requested that Defendants extend the cutoff date for their document production from August 2023 through October 2024.  It is Steward's position that at least two developments warrant this extension:

- **Post-August 2023 Consultant Communications:**

Defendants have unilaterally limited their production cutoff to August 2023, despite evidence from Defendants' own consultants showing ongoing discussions after that date concerning Steward's financial condition and its impact on the insurance claim. Plaintiff therefore requests supplementation through October 31, 2024.

Defendants disagree that there were "ongoing discussions" regarding adjustment of Steward's claim after August 2023, and have previously confirmed and communicated to Plaintiff that no additional adjustment activity took place after that time.  Accordingly, Defendants reaffirmed during the October 10 and 14 conferences that they decline to extend the timeframe.

- **The MPT Insurance Claim Settlement (October 2024):**

Zurich's last production to MPT, made on July 30, 2024, included only two custodians (Mark Graves and Brian Rushlau) and covered documents through September 2021. Because Defendants' handling of the MPT claim continued through the October 2024 settlement,

---

[1] *See Appleton v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 145 F.4th 177, 186 (1st Cir. 2025) (one factor in bad faith analysis under Massachusetts law is "insurance industry practices in similar circumstances").

4

one month after Steward ceased operating in Massachusetts, Plaintiff requests a supplemental production of the MPT claim file through October 31, 2024.

Defendants have indicated they will clarify their position by October 17, 2025.

### 3. Newly Sought Discovery

Plaintiff has not propounded any new discovery requests on Defendants since July 10, 2025, but reserves the right to do so as appropriate.

## II.     DEFENDANTS' DISCOVERY REQUESTS

### 1. Discovery Completed

As of October 14, 2025, Plaintiff has produced a total of 304,076 documents and has reviewed 512,472 documents for responsiveness. Pursuant to Discovery Master Order No. 1: Ruling on Defendants' Motion to Compel Production (ECF No. 152, "Order No. 1"), Plaintiff is required to review 568,795 documents for responsiveness and potential production by October 24, 2025.  Of these, approximately 56,323 documents remain under review.

Plaintiff expects to substantially complete the production of all responsive, non-privileged documents by October 24, 2025.  Review for privilege, redaction of patient health and personally identifying information, and quality control processes are ongoing.

### 2. Discovery Remaining to Be Completed

Defendants sent Plaintiff a discovery deficiency letter on September 19, 2025, identifying significant deficiencies in Plaintiffs' prior productions that it asked to be addressed by September 29, 2025.  Specifically, Defendants noted that Plaintiff had not yet produced the following categories of documents:

1. Complete financial records for Steward Health Care System and Norwood Hospital;
2. Documents produced in Steward's bankruptcy proceeding;

3. Steward's plans to renovate or rebuild Norwood Hospital (pre- and post-flood), including documents from non-custodial shared drives and other repositories of relevant information, as the "Master Project Database" and "Major Capital Plan Initiatives";

4. Post-flood schedule and timelines for reopening Norwood Hospital; and

5. Post-flood plans or efforts to reopen Norwood Hospital.

Plaintiff provided a written update on the financial documents on October 3, 2025, and an email update on the remaining topics on October 14, 2025. In its October 14 email, while Plaintiff states that "it is not withholding any responsive, non-privileged documents concerning Steward's plans to redevelop or reopen Norwood Hospital," it nevertheless also indicated that "there has been no agreement or prior discussion regarding the collection or production of documents from non-custodial sources," and that it had not yet evaluated non-custodial repositories of information. Plaintiff further stated that once it had completed its investigation of the "shared drives accessible to the 13 custodians" that were the subject of prior proceedings before the Special Master, "this topic should be discussed further …." Accordingly, Defendants are unable to currently evaluate Plaintiff's production of these materials, and when this issue will be completed. Defendants reserve their rights to submit this issue to the Special Master for resolution if agreement cannot be reached.

Plaintiff's document production is on-going, and Defendants reserve their rights to raise additional disputes as new information becomes available.

Plaintiff disputes that its productions are deficient as they remain ongoing. Defendants sent their September 19, 2025 letter setting forth alleged production deficiencies only 10 days after Order No. 1 and five weeks before the October 24, 2025 production deadline. Plaintiff has

6

consistently stated that its productions were ongoing and in fact has made rolling productions every Friday since Order No. 1.

Defendants were (and are) incorrect that by September 19, 2025, Plaintiff had not produced "Complete financial records for Steward Health Care System and Norwood Hospital." As Plaintiff explained in detail by letter dated October 3, 2025, Plaintiff produced all of Steward's consolidated audited financial statements on August 15, 2025. On September 2, 2025, Plaintiff also produced two files (amongst many other financial documents) containing all consolidated financial statements—by month, quarter, and year—for all Steward entities including Norwood Hospital. One file comprised the years 2018-2024 and the second 2015-2017. Plaintiff identified these documents by bates numbers for Defendants.

Defendants September 19, 2025 letter also identified 22 documents filed in bankruptcy. Plaintiff has obtained these files and, as Plaintiff informed Defendants this week, it will be producing 21 of them by this Friday.

### 3. Newly Sought Discovery

Defendants have not propounded any additional written discovery since June 2025 but reserve the right to do so as necessary.

### III. DEPOSITIONS

The Parties have completed the following depositions:

**Plaintiff:**

| Name/Title | Party/Non-Party | Date |
|---|---|---|
| Rule 30(b)(6) Deposition of Philips Healthcare Informatics, Inc. | Non-Party | July 31, 2025 |

7

| Rule 30(b)(6) Deposition of Matson, Driscoll & Damico LLP[2] | Non-Party | August 7, 2025 |

**Defendants**:

| Name/Title | Party/Non-Party | Date |
|---|---|---|
| John Castellano, Chief Restructuring Officer, Steward Health Care | Party | July 3, 2025 |
| Larry Portal, Senior Advisor, Medical Properties Trust | Non-Party | June 25, 2025 |

The Parties have noticed the following depositions:

| **Plaintiff – Party Depositions** | **Defendants – Party Depositions** |
|---|---|
| Rule 30(b)(6) deposition of Defendant Zurich American Insurance Company | Rule 30(b)(6) deposition of Plaintiff Steward Health Care System. Plaintiff has identified six individuals it intends to designate as Rule 30(b)(6) representatives:<br>1. Sean O'Mara, Chief Estimator, National Fire Adjustment Co., Inc.;<br>2. Michael Mann, Forensic Accountant Marsh USA LLC;<br>3. Salvatore Perla, President, Norwood Hospital;<br>4. John Castellano, Chief Restructuring Officer, Steward Healthcare;<br>5. Eugene Sullivan, Deputy General Counsel, Steward Healthcare;<br>6. Dr. Octavio Diaz, Regional President and Chief Medical Officer, Steward Healthcare. |
| Rule 30(b)(6) deposition of Defendant American Guarantee and Liability Insurance Company | John Doyle, Chief Financial Officer, Steward Healthcare |

---

[2] Plaintiff suspended the deposition and Matson, Driscoll & Damico LLP and reserves the right to resume the deposition at the appropriate time.

8

| Plaintiff – Non-Party Depositions | Mark Rich, President, Steward Healthcare |
|---|---|
| Rule 30(b)(6) deposition of J.S. Held LLC | John Polanowicz, Former Chief Operating Officer, Steward Healthcare |
| Rule 30(b)(6) deposition of Sedgwick Claims Management Services, Inc. | Lisa Martin, Former Regional Chief Financial Officer, Steward Healthcare |
| Rule 30(b)(6) deposition of DBI Construction Consultants, LLC | Elizabeth Ganem, Former Chief Financial Officer of Norwood Hospital |
| Rule 30(b)(6) deposition of Shawmut Woodworking & Supply, Inc. d/b/a Shawmut Design and Construction | **Defendants – Non-Party Depositions** |
| Rule 30(b)(6) deposition of Thornton Tomasetti, Inc. | Rule 30(b)(6) Deposition of Marsh USA LLC |
| Rule 30(b)(6) deposition of GE Healthcare Technologies | Rule 30(b)(6) Deposition of GE Healthcare Technologies |
| | Rule 30(b)(6) Deposition of Philips Healthcare Informatics Inc. |
| | Rule 30(b)(6) Deposition of Consigli Construction Co., Inc. |
| | Rule 30(b)(6) Deposition of Code Red Consultants LLC |
| | Rule 30(b)(6) Deposition of BR+A Consulting Engineers |
| | Steven Hammer, Chief Financial Officer, Medical Properties Trust |
| | Michael Crowley, Senior Vice President, Steward Global Corporate Real Estate and Facilities |
| | David Soucy, Senior Director – Emergency Project Management, Steward Corporate Real Estate and Facilities |
| | Chris Kidney Director – Emergency Project Management, Steward Corporate Real Estate and Facilities |

|  | Rober Gendron, Executive Vice President, Steward Corporate Real Estate and Facilities |
|---|---|
|  | Scott Kenyon, Vice President, Steward Corporate Real Estate and Facilities |
|  | Stephen Van Ness, Vice President of Planning & Design, Steward Healthcare |
|  | Ron Doncaster, Vice President of Operations, Steward Corporate Real Estate and Facilities |
|  | Sean O'Mara, Chief Estimator, National Fire Adjustment Co., Inc. |
|  | Jodie Papa, Executive Vice President, National Fire Adjustment Co., Inc. |
|  | Ronald Papa, President, National Fire Adjustment Co., Inc. |
|  | Donald C. Simmons, Contents Estimator, National Fire Adjustment Co., Inc. |

Plaintiff's position is that the Parties should be limited to no more than 10 depositions as permitted under the Federal Rules of Civil Procedure and reserves the right to substitute the depositions of those identified above. However, should Defendants be permitted to take more than 10 depositions, as they have represented they anticipate seeking leave to do, Plaintiff also reserves the right to take an equal number of depositions in excess of ten.

Defendants' position is that while they do not anticipate talking all of the depositions (Party and third-party) that were noticed prior to the July 10, 2025 fact discovery deadline, they do reasonably anticipate taking in excess of 10. Defendants' ability to obtain necessary deposition testimony is further complicated by Steward's bankruptcy and impending liquidation, and the fact that Plaintiff's counsel controls few, if any, of the former Steward executives with first-hand knowledge of the matters at issue in this lawsuit. Defendants further maintain that

10

because Plaintiff's custodial document production is on-going, it is difficult to assess which of the Party and non-Party depositions will be necessary, including whether different witnesses should be deposed, but it is working promptly to identify these individuals.

The Parties will continue to confer but anticipate that this issue may require the Discovery Master's intervention.

## IV. PROPOSED SCHEDULE

The Parties agree that there should be a new schedule: Plaintiff proposes a May 2026 trial date, while Defendants propose a July 2026 trial date.

**Defendants' Position**

The proposed schedule offered by Defendants adjusts the trial date by approximately six months, which roughly corresponds to the additional time required to obtain and complete Plaintiff's document production. As the Special Master is aware, prior to being compelled in September 2025, Steward did not search the custodial files of any of its employees, nor did it search its corporate non-custodial files likely to contain responsive information. Further, Steward did not (and refused to) produce the financial records that the Special Master determined should have been part of its initial Rule 26 disclosures. While production is ongoing to address those grave discovery deficiencies, and Defendants are promptly reviewing the documents as they are produced by Plaintiff, the proposed schedule should be adjusted to reflect this delay, and incorporate sufficient time for Plaintiff to complete its production, and for Defendants to meaningfully review it, before fact depositions commence.

In addition to the Party discovery issues and potential disputes discussed herein, there remain outstanding third-party discovery issues as discussed in the Parties' contemporaneous submission. The Parties have also not yet exchanged privilege logs, and thus, have not yet had

the opportunity to assess whether there will be issues relating to privilege that require the Special Master's assistance. The proposed schedule should also reflect sufficient time for the Parties to meaningfully complete this process.

Defendants do not believe that Plaintiff's proposed schedule allows for adequate time for the resolution of the pending discovery issues prior to the commencement of fact depositions, nor for the completion of fact depositions and expert disclosures and discovery. For example, Plaintiff proposes two weeks to complete expert depositions after disclosure of rebuttal experts, and only *one week* for filing of dispositive motions after completion of expert depositions. Defendants submit that the original schedule entered by the Court—which allowed for 30 days between each of the deadlines for initial expert disclosures, rebuttal disclosures, completion of expert depositions, and dispositive motions—is a more realistic and achievable schedule, and therefore, it incorporated this timing into its proposed schedule. Defendants further note that while Plaintiff propose a May 2026 trial, they also indicate that they are unavailable for trial in June 2026, meaning that any delay in Plaintiff's proposed schedule (which seems likely given the length of some of the proposed windows) would result in the July 2026 schedule currently proposed by Defendants. In order to avoid any further motion practice about the schedule, Defendants submit that at this time, the most reasonable option is to adopt the July 2026 proposal.

**Plaintiff's Position**

Plaintiff disputes most of Defendants' characterizations above. Nonetheless, Plaintiff's position is that a trial in May 2026 affords the Parties, each of whom await discovery from the other, sufficient time to prepare this matter for trial and maintain "a schedule as close as possible to the January dates" as requested in the Discovery Master's email of October 12, 2025. Plaintiff

notes, however, that if a trial is not held it May 2026, due to significant scheduling conflicts involving multiple members of its trial team, Plaintiff is not available to hold trial in June 2026.

| **Deadline Description** | **Current Deadline[3]** | **Plaintiff's Proposed Deadlines (Trial in May 2026)** | **Defendants' Proposed Deadlines (Trial in July 2026)** |
|---|---|---|---|
| Fact Discovery Deadline (all discovery including depositions other than expert discovery completed by) | June 10, 2025 | December 17, 2025 | January 15, 2026 [assuming written discovery disputes are resolved by November 14, 2025] |
| Party with Burden of Proof Must Designate Trial Experts and Disclosure Information Contemplated by Fed. R. Civ. P. 26(a)(2) by | June 24, 2025 | December 23, 2025 | January 29, 2026 |
| Rebuttal Expert Disclosures by | July 24, 2025 | January 21, 2026 | February 26, 2026 |
| Expert Depositions completed by | August 24, 2025 | February 4, 2026 | March 26, 2026 |
| Dispositive Motions | September 24, 2025 | February 13, 2026 | April 24, 2026 |
| Status Conference and Hearing on Summary Judgment Motions | November 1, 2025 | April 3, 2026 | May 26, 2026 |
| Trial Begins | January 2026 (TBD) | May 2026 (TBD) | July 2026 (TBD) |

---

[3] The "Current Deadlines" are taken from the January 6, 2025, Scheduling Order (ECF No. 79). In July 2025, the District Court suspended all expert deadlines "pending resolution of fact discovery disputes." (ECF No. 141). As such, neither side has yet disclosed experts. And on October 8, 2025, Judge Saris cancelled the summary judgment motion hearing, noting that the Court would "announce a new date when dispositive motions are filed." (ECF No. 155).

Respectfully submitted,

| | |
|---|---|
| *Counsel for Plaintiff, Steward Health Care System LLC,* | *Counsel for Defendants, American Guarantee and Liability Insurance Company and Zurich American Insurance Company,* |
| **TODD & WELD LLP** | **ROBINS KAPLAN LLP** |
| /s/  Josh L Launer | /s/ Jonathan D. Mutch |
| Howard M. Cooper (BBO No. 543842) | Jonathan D. Mutch, Esq. (BBO No. 634543) |
| Seth J. Robbins (BBO No. 655146) | Timothy Wenger, Esq. (BBO No. 674087) |
| Josh L. Launer (BBO No. 673661) | 800 Boylston Street, 25th Floor |
| One Federal Street, 27th Floor | Boston, MA 02199 |
| Boston, MA 02110 | (617) 859-2722 |
| (617) 720-2626 | JMutch@RobinsKaplan.com |
| hcooper@toddweld.com | TWenger@RobinsKaplan.com |
| srobbins@toddweld.com | |
| jlauner@toddweld.com | |

**RILEY SAFER HOLMES & CANCILA LLP**

Ronald S. Safer (admitted pro hac vice)
Nick Kahlon (admitted pro hac vice)
Amy C. Andrews (admitted pro hac vice)
Abigail L. Peluso (admitted pro hac vice)
1 South Dearborn Street, Suite 2200
Chicago, IL 60603
(312) 471-8700
rsafer@rshc-law.com
nkahlon@rshc-law.com
aandrews@rshc-law.com
apeluso@rshc-law.com

Dated: October 15, 2025