# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK KRONFELD, AS TRUSTEE OF THE SHC CREDITOR LITIGATION TRUST,<br><br>          Plaintiff,<br><br>     v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>          Defendants. | Civil Action No. 1:21-cv-11902-PBS |

**PLAINTIFF'S AMENDED INITIAL DISCLOSURES**

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure and Local Rule 26.2(a), Plaintiff Mark Kronfeld, as Trustee of the SHC Creditor Litigation Trust ("Plaintiff"), hereby amends its Initial Disclosures.

These Amended Initial Disclosures are made without waiver of (i) any attorney-client, work product, or other privilege or immunity that may apply to communications with the identified witnesses and/or certain specific documents contained in the general categories of documents identified herein, and/or (ii) any objections, based on relevance or other grounds, that Plaintiff may have to production and/or introduction into evidence of any documents identified herein. Plaintiff further reserves the right to amend or supplement these initial disclosures as additional information is obtained during the course of these proceedings, at its discretion.

The information contained in these amended disclosures is based on information reasonably available to Plaintiff to date. Plaintiff does not represent that it has identified every witness, document, or thing it ultimately may use to support its claims and expressly reserves the

1

right to supplement, amend, modify, or clarify these initial disclosures pursuant to Rule 26(e) of the Federal Rules of Civil Procedure in light of further discovery and investigation.

## I.        Individuals Likely to Have Discoverable Information

Plaintiff hereby expressly incorporates its Second Supplemental Answers to AGLIC's Interrogatories, served contemporaneously with these Amended Disclosures, and all documents referenced therein, which contain the identity of hundreds of individuals who: worked at Norwood Hospital before and after its destruction, worked for Steward Health Care System LLC, and/or were involved in claims adjustment activities related to this case.

Additionally, the following individuals are likely to have discoverable information that Plaintiff may use to support its claims:

| Name | Facts About Which Witness Likely Has Knowledge |
|---|---|
| **Steward and Norwood Employees** | |
| Salvatore Perla<br>Former President, Norwood Hospital | Mr. Perla was the President of Norwood Hospital before, during, and after the Storm and oversaw operations at the Hospital. Mr. Perla was likely involved to some extent in the claims adjustment process and the efforts to rebuild and reopen Norwood Hospital. |
| Elizabeth Ganem<br>Former Vice President of Finance and Operations, Norwood Hospital | Ms. Ganem was likely involved in the collection and consolidation of financial data at Norwood Hospital before the loss and in the period immediately following, before Ms. Ganem left Norwood Hospital and took on another role in the Steward system. |
| Dr. Octavio Diaz<br>Former President, North Region & Chief Medical Officer, Steward | Dr. Diaz oversaw all medical operations in the Steward system and was President of the North Region, in which Norwood Hospital was located. Dr. Diaz is familiar with (a) AGLIC's communications with Steward and MPT regarding the June 28, 2020 storm, resulting damage to the Norwood Hospital and Steward's claims for coverage under the Policy related thereto, (b) AGLIC's investigation of the damage and adjustment of Steward's claims for coverage, (c) communications with AGLIC and its consultants |

| | |
|---|---|
| | concerning the damage and the estimated cost of repairing, replacing or rebuilding the damaged property as well as Steward's business interruption claim, (d) communications between or among AGLIC, AGLIC's consultants, Steward, MPT, and Steward/MPT's consultants and/or representatives of AHJs concerning the damage and necessary repairs or replacement, and (e) the interruption to Steward's business caused by the storm. |
| Victoria Lobban<br>Former Chief Financial & Administrative Officer, North Region, Steward | Ms. Lobban was involved in the collection and consolidation of financial data at Norwood Hospital once she took on her regional role with Steward. At the time of the loss, however, she was Chief Financial Officer at a different Steward hospital. |
| Lisa Martin<br>Former Chief Financial Officer, North Region, Steward | Ms. Martin was CFO of the North Region at the time of the loss and was loosely involved in the collection and consolidation of financial data at Norwood Hospital and the transmission of that data to the financial consultants retained by Steward and AGLIC and Zurich for calculation of business interruption losses in the period immediately after the Storm. |
| John Polanowicz,<br>Former Chief Operating Officer, Steward | Mr. Polanowicz was COO of Steward at the time of the loss. While he had limited involvement in the adjustment and reconstruction of Norwood Hospital, Mr. Polanowicz had knowledge of the steps taken by Steward and MPT to start repairing, rebuilding, or replacing the damaged Hospital property and steps taken to resume operations at the Hospital. |
| Ralph de la Torre<br>Former Chief Executive Officer, Steward | Mr. de la Torre was CEO of Steward at the time of the loss. Mr. de la Torre had limited knowledge but was kept abreast of the damage to and rebuild of Norwood and interacted with MPT executives and employees regarding the coordinated effort to reopen Norwood Hospital. Mr. de la Torre additionally had knowledge concerning the financial condition of Steward, as well as its bankruptcy. |
| John Doyle<br>Former Chief Finanicial Officer, Steward | Mr. Doyle was CFO of Steward at the time of the loss. Mr. Doyle had limited knowledge but was kept abreast of the damage to and rebuild of Norwood and interacted with MPT executives and employees regarding the coordinated effort to reopen Norwood Hospital. Mr. Doyle additionally |

3

| | |
|---|---|
| | had knowledge concerning the financial condition of Steward, as well as its bankruptcy. |
| Mark Rich<br>Former President,<br>Steward | Mr. Rich was President of Steward at the time of the loss.  Mr. Rich had limited knowledge but was kept abreast of the damage to and rebuild of Norwood and interacted with MPT executives and employees regarding the coordinated effort to reopen Norwood Hospital.  Mr. Rich additionally had knowledge concerning the financial condition of Steward, as well as its bankruptcy. |
| **Steward's Consultants** | |
| Michael Crowley<br>Vice President of Global Affairs,<br>Corporate Real Estate and Facilities | Mr. Crowley is familiar with (a) Steward's and MPT's response to the June 28, 2020 storm and resulting damage to the Norwood Hospital, (b) communications between or among MPT, Steward, and MPT/Steward's consultants and/or representatives of AHJs concerning the damage and plans for repairing, replacing or rebuilding the damaged property as well as Steward's business interruption claim, and (c) steps taken by Steward and MPT to start repairing, rebuilding or replacing the damaged Hospital property. |
| Robert Gendron<br>Executive Vice President, Corporate Real Estate and Facilities | Mr. Gendron is familiar with (a) Steward's and MPT's response to the June 28, 2020 storm and resulting damage to the Norwood Hospital, (b) communications between or among MPT, Steward, and MPT/Steward's consultants and/or representatives of AHJs concerning the damage and plans for repairing, replacing or rebuilding the damaged property as well as Steward's business interruption claim, and (c) steps taken by Steward and MPT to start repairing, rebuilding or replacing the damaged Hospital property. |
| Scott Kenyon<br>Vice President, Corporate Real Estate and Facilities | Mr. Kenyon is familiar with (a) AGLIC's communications with Steward and MPT regarding the June 28, 2020 storm, resulting damage to the Norwood Hospital and Steward's claims for coverage under the Policy related thereto, (b) AGLIC's investigation of the damage and adjustment of Steward's claims for coverage, (c) communications with AGLIC and its consultants concerning the damage and the estimated cost of repairing, replacing or rebuilding the damaged property as well as Steward's business interruption claim, (d) communications between or among AGLIC, AGLIC's consultants, Steward, MPT, and |

4

| | |
|---|---|
| | Steward/MPT's consultants and/or representatives of authorities having jurisdiction ("AHJs") concerning the damage and necessary repairs or replacement, and (e) the interruption to Steward's business caused by the storm. |
| Chris Kidney<br>Director, Senior Director of Emergency Project Management, Corporate Real Estate and Facilities | Mr. Kidney is familiar with (a) AGLIC's communications with Steward and MPT regarding the June 28, 2020 storm, resulting damage to the Norwood Hospital and Steward's claims for coverage under the Policy related thereto, (b) AGLIC's investigation of the damage and adjustment of Steward's claims for coverage, (c) communications with AGLIC and its consultants concerning the damage and the estimated cost of repairing, replacing or rebuilding the damaged property as well as Steward's business interruption claim, (d) communications between or among AGLIC, AGLIC's consultants, Steward, MPT, and Steward/MPT's consultants and/or representatives of AHJs concerning the damage and necessary repairs or replacement, and (e) the interruption to Steward's business caused by the storm. |
| David T. Soucy<br>Senior Director of Clinical Engineering, Corporate Real Estate and Facilities | Mr. Soucy is familiar with the damage to Steward's business personal property (particularly the diagnostic equipment and biomedical equipment) caused by June 28, 2020 storm as well as the associated impact on that property's serviceability and warrantability by third parties. |
| Stephen Van Ness<br>Vice President of Planning and Design, Corporate Real Estate and Facilities | Mr. Van Ness is familiar with (a) Steward's and MPT's response to the June 28, 2020 storm and resulting damage to the Norwood Hospital, (b) communications between or among MPT, Steward, and MPT/Steward's consultants and/or representatives of AHJs concerning the damage and plans for repairing, replacing or rebuilding the damaged property as well as Steward's business interruption claim, and (c) steps taken by Steward and MPT to start repairing, rebuilding or replacing the damaged Hospital property. |
| Ronald Doncaster<br>Vice President of Operations and Performance, Corporate Real Estate and Facilities | Mr. Doncaster is familiar with (a) Steward's and MPT's response to the June 28, 2020 storm and resulting damage to the Norwood Hospital, (b) communications between or among MPT, Steward, and MPT/Steward's consultants and/or representatives of AHJs concerning the damage and plans for repairing, replacing or rebuilding the |

5

| | |
|---|---|
| | damaged property as well as Steward's business interruption claim, and (c) steps taken by Steward and MPT to start repairing, rebuilding or replacing the damaged Hospital property. |
| Jeff Williams<br>Vice President, Director of Technical Operations, Continental Machinery | Mr. Williams is familiar with (a) the damage to Steward's business personal property caused by June 28, 2020 storm as well as the associated impact on that property's serviceability and warrantability by third parties, and (b) communications with Steward, MPT, and/or Steward/MPT's consultants concerning the damage and plans for repairing, replacing or rebuilding the damaged property as well as Steward's business interruption claim. |
| Stephanie O'Brien<br>Project Executive, Consigli Construction | Ms. O'Brien was a representative of Consigli Construction, which was retained to create a construction schedule for Norwood Hospital. Ms. O'Brien is familiar with the June 28, 2020 storm and resulting damage to the Norwood Hospital and the steps necessary to repair, replace or rebuild the damaged property. |
| Christopher Lynch<br>Principal, Code Red Consultants | Mr. Lynch was Principal of Code Red Consultants, which was retained to conduct an analysis concerning the life safety, building, and accessibility code of Norwood Hospital and identify all applicable codes necessary to reopen the Hospital. |
| Dan Picciano<br>Code Red Consultants | Mr. Picciano was an employee of Code Red Consultants, which was retained to conduct an analysis concerning the life safety, building, and accessibility code of Norwood Hospital and identify all applicable codes necessary to reopen the Hospital. |
| Bryan Connors<br>Project Mananger/Managing Principal, Environmental Health and Engineering (EH&E) | Mr. Connors was an employee of EH&E, which was retained to provide an emergency water damage assessment and hazardous materials assessment following the June 28, 2020 loss. |
| Michael Niehaus<br>Array Architects | Mr. Niehaus was Associate Principal of Array, which was retained to provide architectural services related to the rebuild of Norwood Hospital. |
| Michael Benjamin<br>Principal, BR+A Consulting Engineers | Mr. Benjamin was Principal of BR+A, which was retained to conduct a comprehensive engineering assessment concerning the damage to Norwood Hospital. |
| Jack O'Leary | Mr. O'Leary was Senior Project Manager of Green Seal, an environmental engineering firm retained to |

6

| | |
|---|---|
| Senior Project Manager, Green Seal Environmental | evaluate flood and storm water damage in certain areas of Norwood Hospital. |
| Christopher Musorofiti<br>Gale Associates | Mr. Musorofiti was an employee of Gale, an engineering consulting firm retained to provide an analysis of flood and storm water damage in certain areas of Norwood Hospital. |
| Ronald J. Papa<br>President, National Fire Adjustment Co., Inc. | Mr. Papa is familiar with (a) Steward's and MPT's investigation of the damage caused by the June 28, 2020 storm and their estimates of the cost to repair, rebuild or replace the damaged property as well as Steward's business interruption claim, (b) communications between or among Steward, MPT, and Steward/MPT's consultants and/or representatives of AHJs concerning the damage and plans for repairing, replacing or rebuilding the damaged property as well as Steward's business interruption claim, and (c) communications with AGLIC and Zurich regarding the June 28, 2020 storm, resulting damage to the Norwood Hospital and Steward's claims for coverage under the Policy related thereto. |
| Sean P. O'Mara<br>Chief Estimator, National Fire Adjustment Co., Inc. | Mr. O'Mara is familiar with (a) Steward's and MPT's investigation of the damage caused by the June 28, 2020 storm and their estimates of the cost to repair, rebuild or replace the damaged property as well as Steward's business interruption claim, (b) communications between or among Steward, MPT, and Steward/MPT's consultants and/or representatives of AHJs concerning the damage and plans for repairing, replacing or rebuilding the damaged property as well as Steward's business interruption claim, and (c) communications with AGLIC and Zurich regarding the June 28, 2020 storm, resulting damage to the Norwood Hospital and Steward's claims for coverage under the Policy related thereto. |
| Jodi Papa, National Fire Adjustment Co., Inc. | Ms. Papa is familiar with the consolidation of data relative to Steward's claim and the calculation of same. |
| Brian Wright, National Fire Adjustment Co., Inc. | Mr. White was involved in the preparation and submission of the portion of Steward's insurance claim concerning hospital supplies and building content. |
| Don Simmons, National Fire Adjustment Co., Inc. | Mr. Simmons was involved in the preparation and submission of the portion of Steward's insurance |

7

| | |
|---|---|
| | claim concerning hospital supplies and building content. |
| Robert Grider, Marsh FACS | Mr. Grider is familiar with the methodology, underlying data, and calculation of Steward's business interruption loss through July 15, 2022, the date AGLIC claims is the final day of the Period of Liability, as well as communications and coordination with Matson, Driscoll & Damico LLP. |
| Michael Mann, Marsh FACS | Mr. Mann is familiar with the financial losses Steward suffered following the Storm and the methodology, process for determining, and data underlying Steward's business interruption claim after 2024. |
| **Defendants and Defendants' Consultants** | |
| Mark A. Graves<br>AVP, Executive General Adjuster<br>Zurich American Insurance Company | Mr. Graves is familiar with (a) Zurich and AGLIC's communications with Steward and Medical Properties Trust, Inc. ("MPT") regarding the June 28, 2020 storm, resulting damage to the Norwood Hospital and Steward's claims for coverage under the Policy related thereto, (b) AGLIC's investigation of the damage and adjustment of Steward's claims for coverage, (c) communications with AGLIC's consultants concerning the damage and the estimated cost of repairing, replacing or rebuilding the damaged property as well as Steward's business interruption claim, and (d) the combined handling of Steward's claim as against AGLIC and MPT's claim as against Zurich. |
| Brian Rushlau<br>AVP, American Guarantee and Liability Insurance Company | Mr. Rushlau is familiar with (a) Zurich and AGLIC's communications with Steward and MPT regarding the June 28, 2020 storm, resulting damage to the Norwood Hospital and Steward's claims for coverage under the Policy related thereto, (b) AGLIC's investigation of the damage and adjustment of Steward's claims for coverage, (c) communications with AGLIC's consultants concerning the damage and the estimated cost of repairing, replacing or rebuilding the damaged property as well as Steward's business interruption claim, and (d) the combined handling of Steward's claim as against AGLIC and MPT's claim as against Zurich. |
| Defendants' Consultants | Without limitation, employees, agents, and representatives of the following consultants are |

8

|  | likely to have critical knowledge relevant to this case: DBI Construction Consultants, J.S. Held, RCF Salvage, Shawmut Design and Construction, Thornton Tomasetti, Matson, Driscoll & Damico LLP, Meridian Consultants, Ericsson, Inc., Telecordia, Frontier Imaging Services, Brown Medical, Climatological Consulting Corp. |
|---|---|

In addition, on or about May 4, 2022, AGLIC undertook the Examination Under Oath of Steward. During that examination, Steward witness David Soucy was asked and disclosed the names of dozens of individuals and entities with discoverable information. These entities and individuals included, but were not limited to, Original Equipment Manufacturers and their agents who supplied certain medical equipment to Steward as well as individuals and entities involved in the testing, review and analysis of the equipment. Plaintiff incorporates the identities of those individuals and entities and the subject matter of their knowledge as expressly disclosed to AGLIC during the Examination Under Oath.

Additionally, since Plaintiff's Initial Disclosures were served, Defendants have taken the depositions of Larry Portal, former Senior Advisor to the Chief Executive Officer of Medical Properties Trust, Inc., on June 25, 2025, and of John Castellano, former Chief Restructuring Officer for Steward Health Care System, LLC, on July 3, 2025. Plaintiff hereby incorporates the identities of any and all individuals and entities referenced during these depositions and the subject matter of their knowledge as expressly disclosed to Defendants.

Plaintiff reserves the right to rely on such additional witnesses who become known during discovery. Plaintiff additionally submits that former employees of Norwood Hospital and Steward Health Care System LLC, including but not limited to the North Region, may have relevant and discoverable information. Plaintiff will supplement these initial disclosures should additional witnesses come to its attention.

9

**II.    Locations of Documents**

Plaintiff has in its possession, custody, or control the following categories of documents, data compilations, and tangible things that it may use to support its claims:

A.    Documents concerning the Policy.  These documents are accessible by Plaintiff at: 2811 McKinney Avenue, Suite 307, Dallas, Texas 75204; and (ii) the offices of Todd & Weld LLP located at One Federal Street, Boston, Massachusetts 02110.

B.    Documents concerning the response to the June 28, 2020 storm by Steward and MPT and resulting damage to the Norwood Hospital.  These documents are accessible by Plaintiff at: 2811 McKinney Avenue, Suite 307, Dallas, Texas 75204; and (ii) the offices of Todd & Weld LLP located at One Federal Street, Boston, Massachusetts 02110.

C.    Documents supportive of Steward's insurance claim.   These documents are accessible by Plaintiff at: 2811 McKinney Avenue, Suite 307, Dallas, Texas 75204; and (ii) the offices of Todd & Weld LLP located at One Federal Street, Boston, Massachusetts 02110.

D.    Correspondence between Steward, MPT, and/or their consultants concerning the damage and plans / costs associated with repairing, replacing or rebuilding the damaged property.  These documents are accessible by Plaintiff at: 2811 McKinney Avenue, Suite 307, Dallas, Texas 75204; and (ii) the offices of Todd & Weld LLP located at One Federal Street, Boston, Massachusetts 02110.

E.    Steward's correspondence with AGLIC and/or Zurich regarding the June 28, 2020 storm, resulting damage to the Norwood Hospital and Steward's claims for coverage under the Policy related thereto.  These documents are accessible by Plaintiff at: 2811 McKinney Avenue, Suite 307, Dallas, Texas 75204; and (ii) the offices of Todd & Weld LLP located at One Federal Street, Boston, Massachusetts 02110.

Plaintiff objects to the production of documents, data compilations, and tangible things protected by the attorney-client privilege, work product doctrine, the common-interest doctrine, or other applicable privileges or protections against disclosure.

### III.    Computation of Damages

Plaintiff hereby expressly incorporates Answer No. 8 to its Second Supplemental Answers to AGLIC's Interrogatories, served contemporaneously with these Amended Disclosures.

Because Plaintiff, AGLIC, and Zurich have all continued their investigations of the damage caused by the storm on June 28, 2020, and of the ways in which the passage of time has affected recovery under the Policy, Plaintiff's computations of its damages as contained herein will be updated through the submission of expert reports and testimony estimating (a) Plaintiff's overall Business Interruption losses and (b) the actual cash value of its damaged Business Personal Property ("BPP").  Accordingly, Plaintiff reserves the right to amend, modify and/or supplement these computation(s), to the extent necessary.

In addition, Plaintiff is entitled to all other damages authorized by G.L. c. 93A, § 11, and G.L. c. 176D, because of the knowing and willful violations of G.L. c. 93A, § 2 by AGLIC and Zurich, as detailed in, among other places, Paragraph 98 of Plaintiff's Amended Complaint, trebled, plus an award of its costs and attorney fees.

### IV.    Insurance Agreements

Plaintiff has no information relating to any insurance (or reinsurance) agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of any judgment in this action or to indemnify or reimburse any party for payments made to satisfy the judgment.

       Respectfully submitted,

       MARK KRONFELD, AS TRUSTEE OF THE
       SHC CREDITOR LITIGATION TRUST,

       By its attorneys:

       */s/ Seth J. Robbins*
       Howard M. Cooper (BBO No. 543842)
       Seth J. Robbins (BBO No. 655146)
       Josh L. Launer (BBO No. 673661)
       Samuel M. Myers (BBO No. 711471)
       Todd & Weld LLP
       One Federal Street, 27th Floor
       Boston, MA 02110
       (617) 720-2626
       hcooper@toddweld.com
       srobbins@toddweld.com
       jlauner@toddweld.com
       smyers@toddweld.com

Dated: January 13, 2026

## CERTIFICATE OF SERVICE

    I, Samuel M. Myers hereby certify that on January 13, 2026, I caused the foregoing document to be served via email upon all counsel of record.

       */s/ Samuel M. Myers*
       Samuel M. Myers