# EXHIBIT G



Amy C. Andrews
(312) 471-8756
aandrews@rshc-law.com

January 26, 2026

**VIA EMAIL**

Honorable Faith S. Hochberg
Hochberg ADR, LLP

      Re:    ***Mark Kronfeld, as Trustee of the SHC Creditor Litigation, v. American Guarantee and Liability Co., et al.***, Case No. 21-cv-11902-PBS (D. Mass.)

Dear Judge Hochberg:

      Defendants American Guarantee and Liability Company ("American Guarantee") and Zurich American Insurance Company ("Zurich American") (collectively, the "Defendants") submit this letter brief in support of its request for relief related to Plaintiff's Amended Rule 26(a)(1) Disclosures (Amended Initial Rule 26(a)(1) Disclosures attached as **Exhibit A**; Initial Rule 26(a)(1) Disclosures attached as **Exhibit B**).

      Of the 23 new witnesses listed by Plaintiff, Defendants seek to preclude only 6 new individuals who either were not previously scheduled for deposition (*see* **Exhibit C**) or disclosed in Plaintiff's Rule 26(a)(1) Initial Disclosures provided in May 2022 or Defendants' Rule 26(a)(1) Initial Disclosures.[1]

      Plaintiff's multiple late disclosures—including the amended Rule 26(a)(1) disclosure, the disclosure last week of its privilege log containing approximately 10,000 entries of privileged records, and the production of over 300,000 pages of records months after the initial deadline for production—in the face of a looming, immovable fact-discovery cut-off date have created an accumulated prejudice that Defendants alone suffer. The question is not whether Defendants were aware of the names of these potential witnesses prior to January 13, 2026; instead, the question is whether *Plaintiff knew* that it may *rely on the witnesses in support of its claims or defenses* and whether Plaintiff's eleventh-hour disclosure of those witnesses is justified. Plaintiff's late disclosure is without justification and is prejudicial and harmful to Defendants. Preclusion of witnesses is the appropriate remedy. Fed. R. Civ. P. Rule 37(c)(1); *see also* Fed. R. Civ. P. 26(a)(1) 2000 Amend. Advisory Comm. Notes ("The obligation to disclose information the party may use connects directly to the exclusion sanction of Rule 37(c)(1)").

**<u>Late Rule 26(a)(1) Initial Disclosures is a Discovery Issue</u>**

      Rules 26 and 37 of the Federal Rules of Civil Procedure govern both discovery and sanctions for discovery abuses. The Court empowered Your Honor to "make any order, finding, report or recommendation on any and all discovery and preservation of evidence issues and

---

[1] The 6 individuals that Defendants seek to preclude are (1) Dr. Octavio Diaz, (2) Victoria Lobban, (3) Lisa Martin, (4) John Polanowicz, (5) Mark Rich, and (6) Stephen VanNess.

Hon. Faith S. Hochberg
January 26, 2026
Page 2

disputes ("Discovery Issues")," including, but not limited to "[h]earing evidence on Discovery Issues and issuing findings and decisions on Discovery Issues. Dkt. 149 at p. 2. The Court specifically empowered Your Honor with "all powers enumerated in Rule 53(c) of the Federal Rules of Civil Procedure*." Id*. at ¶ 4; *see also* Fed. R. Civ. P. 53(c)(2) (a master appointed by the court "may by order impose on a party any noncontempt sanction provided by Rule 37"). Defendants submit that this dispute is a discovery issue that falls within Your Honor's purview. *Id*.

Rule 26(a)(1) requires a party to disclose the name and contact information of any person that it may "*use to support its claims or defenses*." Fed. R. Civ. P. Rule 26(a)(1) (emphasis added). A party who made a disclosure under Rule 26(a) "must supplement or correct its disclosure or response [] in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. Rule 26(e)(1). Despite Plaintiff's assertions to the contrary, merely mentioning witnesses in depositions, documents, or discovery materials does not satisfy Rule 26's disclosure obligations because "knowledge of the existence of a witness is distinctly different from knowledge that the person will be relied upon as a fact witness," and the "otherwise made known" exception requires information in "such form and of such specificity as to be the functional equivalent" of a formal supplemental disclosure. *See, e.g.*, *Lebada v. N.Y.C. Dep't of Educ.*, 2016 WL 626059, at *5 (S.D.N.Y. Feb. 8, 2016); *Poitra v. Sch. Dist. No. 1 in the Cnty. of Denver*, 311 F.R.D. 659, 666 (D. Colo. Dec. 21, 2015); *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014).

### **Defendants Are Prejudiced by Plaintiff's Late Rule 26(a)(1) Initial Disclosures**

Fact discovery currently closes on March 13, 2026, yet Defendants are presently reviewing hundreds of thousands of pages of records that Plaintiff produced in just the last several weeks. The parties scheduled approximately 20 depositions to take place over the next two months, not including any of the 6 that Defendants seek to preclude. *See* **Exhibit C**. Had Defendants known months ago that Plaintiff may use all these additional individuals in support of its claims, the parties and the Court could have considered the breadth of the witness list when setting the extended schedule. Further, three of the former Steward employees added to Plaintiff's Amended Initial Disclosures are not custodians whose documents were searched, and there is insufficient time remaining for Steward to collect the additional data, produce it, and for Defendants to review it.[2]

### **Defendants Seek Preclusion as a Remedy**

Defendants seek to preclude the 6 additional witnesses belatedly disclosed who are *not* on Defendants' current deposition chart, and who were not previously disclosed by Plaintiff or

---

[2] The three include (1) Victoria Lobban, (2) Lisa Martin, and (3) Mark Rich.

Hon. Faith S. Hochberg
January 26, 2026
Page 3

Defendants. Rule 37(c)(1) provides that "[i]f a party *fails to provide* information or identify a witness as required by Rule 26(a) or (e), the party is *not allowed* to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless* the failure was substantially justified or is harmless." Fed. R. Civ. P. Rule 37(c)(1) (emphasis added).

Plaintiff provided *no* justification for its late disclosure (nor can it as these witnesses were all known to Plaintiff years ago). *United Services Automobile Ass'n v. Wells Fargo Bank, N.A.*, 2019 WL 7041725 (E.D. Tex. 2010) ("A party's failure to provide *any* justification for its untimely disclosure weighs heavily in favor of striking the disclosure and may even be sufficient standing alone to support exclusion."). And, given the inability to seek an extension of the fact discovery cut-off date, the volume of documents to be reviewed in very quick order, and the number of depositions already scheduled, the late disclosure is not harmless. Further, other factors, including the history of the litigation, weigh in favor of preclusion. *See, e.g., Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 78 (1st. Cir. 2009) (describing factors). Plaintiff did not produce *any* custodial records from *any* Steward employees until ordered to by Your Honor in the August 11, 2025 hearing and Discovery Master Order No. 1. Pursuant to that Order, Plaintiff was originally supposed to complete its document productions in October 2025. Yet, Plaintiff is still making productions, producing over 50,000 documents (several hundred thousand pages) in the last month. Defendants are continuing to review the production and the privilege log to identify deficiencies.

Courts have found preclusion appropriate in these circumstances.[3] *See, e.g. Reed v. Washington Area Metro. Transit Auth.*, 2014 WL 2967920, at *2-3 (E.D. Va. July 1, 2014) ("[p]laintiff's awareness of these individuals simply does not excuse [defendants] from discharging its Rule 26 obligations to identify the subjects it will elicit for its own defense"); *Spencer v. Peters*, 2012 WL 6608616, at *1-2 (W.D. Wash. Dec. 18, 2012) ("[g]iven the quantity and proximity of disclosure to the discovery cutoff date, the heavy deposition schedule, and Defendants' need to depose some or all of the disclosed witness, prejudice to Defendants is clear" and court required Plaintiff "to select two of the nine witnesses, to whom Defendants have objected, to testify.").

Sincerely,

*/s/ Amy C. Andrews*

Amy C. Andrews

---

[3] The First Circuit and District of Massachusetts have found preclusion to be too harsh a remedy when preclusion would effectively dismiss a case or eliminate a party's ability to withstand summary judgment on certain claims, but that is not the case here given the volume of available evidence and witnesses available to Plaintiff. *See, e.g., Williams v. City of Boston*, 2012 WL 3260261, *2-*4 (D. Mass Aug. 7, 2012); *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72 (1st Cir. 2009).