# EXHIBIT J

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEWARD HEALTH CARE SYSTEM LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>   Defendants. | Civil Action No. 1:21-cv-11902 |

## AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY'S FIRST AMENDED INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant American Guarantee and Liability Insurance Company ("AGLIC") provides the following first amended initial disclosures. AGLIC makes these disclosures based on information reasonably available to it at this time and reserves the right to supplement or correct the disclosures as appropriate under Rule 26(e). By making these disclosures, AGLIC does not represent that it is identifying and/or producing every document, tangible thing, or witness that it may use to support its defenses to Steward Health Care System LLC's ("Steward") claims and/or its counterclaim against Steward. In addition, it is possible that some individuals listed herein may not in fact possess significant information regarding the issues involved in this litigation, or may only have knowledge which is duplicative of knowledge possessed by others. Thus, AGLIC's disclosures represent a good faith effort to identify information presently available to it that it reasonably believes is subject to disclosure under Rule 26(a)(1).

96194755.1

AGLIC's first amended initial disclosures are made without waiving in any way: (i) the right to object on the grounds of competency, privilege, relevancy and materiality, undue burden, hearsay, or any other proper ground, to the production and/or use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (ii) the right to object on any grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

All of the disclosures set forth below are made subject to the above objections, reservations, and qualifications.

**1.     The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

On the basis of information currently available to AGLIC, it is AGLIC's understanding that the individuals listed below are likely to have information that may be used by AGLIC to support its defenses against Steward's claims and/or counterclaim. AGLIC does not consent to or authorize communication with its employees or agents, whether formerly or presently associated, retained, or employed by AGLIC, and does not consent to or authorize any communications otherwise prohibited by any applicable rule of professional conduct. Finally, AGLIC expressly reserves the right to supplement this listing as necessary.

   A. **Mark Graves** – Mr. Graves is an Executive General Adjuster employed by Zurich American Insurance Company. Mr. Graves has been involved in handling Steward's claim arising out of the June 28, 2020 Norwood Hospital flood event on behalf of AGLIC and therefore has knowledge concerning the flood event and AGLIC's handling thereof. Mr. Graves can be contacted through undersigned counsel.

B. **Brian Rushlau** – Mr. Rushlau is an Assistant Vice President in the Commercial Property, Large Loss Group. Mr. Rushlau has been involved in handling Steward's claim arising out of the June 28, 2020 Norwood Hospital flood event on behalf of AGLIC and therefore has knowledge concerning the flood event and AGLIC's handling thereof. Mr. Rushlau can be contacted through undersigned counsel.

C. **Clifford Hyde** - Mr. Hyde is a Senior Executive General Adjuster with Sedgwick, a third party claims administrator hired on behalf of AGLIC to work on the claim arising out of the June 28, 2020 Norwood Hospital flood event. Mr. Hyde has been involved in adjusting Steward's claim and, therefore, has information relevant to the flood event and AGLIC's handling thereof. Mr. Hyde can be contacted through undersigned counsel.

D. **Amy O'Rorke** – Mrs. O'Rorke is an Executive General Adjuster with Sedgwick, a third party claims administrator hired on behalf of AGLIC to work on the claim arising out of the June 28, 2020 Norwood Hospital flood event. Mrs. O'Rorke has been involved in adjusting Steward's claim and, therefore, has information relevant to the flood event and AGLIC's handling thereof. Mrs. O'Rorke can be contacted through undersigned counsel.

E. **Glenn Ricciardelli** – Mr. Ricciardelli is a forensic accountant with Matson, Driscoll & Damico LLP. Mr. Ricciardelli has been involved in adjusting Steward's claim and, therefore, has information relevant to the June 28, 2020 Norwood Hospital flood event and AGLIC's handling thereof. Mr. Ricciardelli can be contacted through undersigned counsel.

3

F. **Scott Armstrong** – Mr. Armstrong is an equipment specialist with J.S. Held. Mr. Armstrong has been involved in adjusting Steward's claim and, therefore, has information relevant to the June 28, 2020 Norwood Hospital flood event and AGLIC's handling thereof. Mr. Armstrong can be contacted through undersigned counsel.

G. **Nicholas Bencivenga** – Mr. Bencivenga is a construction specialist with DBI Consultants. Mr. Bencivenga has knowledge regarding the scope of work required to repair water damage to the Norwood Hospital facility. Mr. Bencivenga can be contacted through undersigned counsel.

H. **Katie Twomey** – Ms. Twomey is a construction scheduling specialist with J.S. Held. Ms. Twomey has information concerning the time required to repair water damage to the Norwood Hospital facility. Ms. Twomey can be contacted through undersigned counsel.

I. **SmithGroup** – Witnesses identified during discovery from SmithGroup, or any other architecture or construction firm identified during discovery, who can testify regarding plans for renovation or improvements of Norwood Hospital, including but not limited to prior to June 28, 2020.

J. **Commonwealth of Massachusetts –** Witnesses identified during discovery from the Commonwealth of Massachusetts, including any governmental agency or department, who can testify regarding Steward Health's licensing within Massachusetts and its ability to administer a licensed facility within the Commonwealth.

K. **Town of Norwood** – Witnesses identified during discovery from the Town of Norwood who can testify regarding any plans, permits, or discussions regarding construction at Norwood Hospital prior to and following June 28, 2020.

L. **Additional Consultants and Experts That Worked with or Were Retained By AGLIC** – AGLIC has retained or worked with additional consultants in connection with its adjustment of Steward's claim arising out of the June 28, 2020 Norwood Hospital flood event. These consultants include individuals with: DBI Construction Consultants, J.S. Held, RCF Salvage, Shawmut Design and Construction, Thornton Tomasetti, Matson, Driscoll & Damico LLP, Meridian Consultants, Ericsson, Inc., Telecordia, Frontier Imaging Services, Brown Medical, Climatological Consulting Corp. and others. These individuals can be contacted through undersigned counsel.

M. **Other Employees and Representatives of AGLIC** – Through discovery additional employees and representatives of AGLIC may be identified who possess discoverable information. Such employees and representatives may have knowledge regarding Steward's claim arising out of the June 28, 2020 Norwood Hospital flood event. Any such employees and representatives of AGLIC may be contacted through undersigned counsel.

N. **Employees, Representatives, and Contractors of Steward** – Through discovery employees, representatives, and/or contractors of Steward may be identified who possess discoverable information. Such witnesses may have knowledge regarding Steward Health's financial solvency, Steward Health's licensing in Massachusetts, Steward Health's business plans (including prior to and after June 28, 2020)

5

96194755.1

regarding Norwood Hospital, and/or Steward Health's claim arising out of the June 28, 2020 Norwood Hospital flood event.

O. **Employees and Representatives of Medical Properties Trust, Inc. ("MPT")** – Through discovery employees and representatives of MPT may be identified who possess discoverable information. Such employees and representatives may have knowledge regarding Steward's claim arising out of the June 28, 2020 Norwood Hospital flood event.

P. **Consultants and Experts Retained By Steward** – Steward has retained consultants for purposes of adjusting its claim arising out of the June 28, 2020 Norwood Hospital flood event. These witnesses may have discoverable information regarding the plans for improvement or rehabilitation both before and after June 28, 2020. These consultants may include: Array Architects, Inc., Code Red Consultants, Continental Machinery, BR+A Consulting Engineers, EH&E, Gale Associates, Inc., North S. Tarr Concrete Consulting, Thyssenkrupp Elevator, L.A. Fuess Partners, Green Seal Environmental, Inc., GE, Phillips, Hologic, Siemens, Konica, Drager, Inc., BeaconMedaes USA, FUJIFILM Medical Systems USA, Inc., and others.

Q. Any witness identified by any party.

R. Any necessary records custodian to authenticate any records received or exchanged during discovery.

**2.      A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

On the basis of information currently available to AGLIC, AGLIC describes below, by category and location, all documents, electronically stored information, and tangible things that are in AGLIC's possession, custody, or control that AGLIC may use to support its defenses and/or counterclaim. AGLIC reserves the right to rely on additional documents and other tangible things that may be in the possession, custody, or control of other parties and/or additional documents and other tangible things that are discovered and produced by AGLIC and others subsequent to these disclosures. AGLIC reserves the right to object to the production of these or any other documents, electronically stored information, and/or tangible thing on any basis permitted by the Federal Rules of Civil Procedure.

| **Document Category** | **Location** |
|---|---|
| Insurance Policy Documents | Electronically Stored Information Has Been Preserved, Collected, and Transferred to a Third Party For Purposes of Litigation |
| Claims Investigation Materials compiled as part of the adjustment of Steward's claim | Electronically Stored Information Has Been Preserved, Collected, and Transferred to a Third Party For Purposes of Litigation |
| Communications concerning the adjustment of Steward's claim | Electronically Stored Information Has Been Preserved, Collected, and Transferred to a Third Party For Purposes of Litigation |
| Claims Investigation Materials Compiled by Sedgwick | Electronically Stored Information Has Been Preserved, Collected, and Transferred to a Third Party For Purposes of Litigation |
| Communications involving Sedgwick employees involved in adjusting Steward's claim | Electronically Stored Information Has Been Preserved, Collected, and Transferred to a Third Party For Purposes of Litigation |

96194755.1

     **3.**    **A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

     Not applicable.

     **4.**    **For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

     Not applicable.

Dated: June 10, 2025

Respectfully submitted,

  */s/ Jonathan D. Mutch*
Jonathan D. Mutch, Esq. (BBO No. 634543)
Timothy Wenger (BBO No. 674087)
ROBINS KAPLAN LLP
800 Boylston Street, 25th Floor
Boston, MA 02199
Tel: (617) 267-2300
Email: JMutch@RobinsKaplan.com
       TWenger@RobinsKaplan.com

  */s/ Abigail L. Peluso*
Ronald S. Safer (Pro Hac Vice)
Abigail L. Peluso (Pro Hac Vice)
Lucas T. Rael (Pro Hac Vice)
RILEY SAFER HOLMES & CANCILA, LLP
1 South Dearborn Street, Suite 2200
Chicago, Illinois 60603
Tel: (312) 471-8700

***Attorneys for Defendant American Guarantee and Liability Insurance Company***

## CERTIFICATE OF SERVICE

I, Jonathan D. Mutch, certify that on this date, the foregoing American Guarantee and Liability Insurance Company's Initial Disclosures were served via email upon counsel of record.

Dated: June 10, 2025  /s/ *Jonathan D. Mutch*

96194755.1