UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK KRONFELD, AS TRUSTEE OF THE SHC CREDITOR LITIGATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>Defendants. | Civ. Action. No. 21-cv-11902-PBS |

**DISCOVERY MASTER ORDER NO. 17:**
**Extension of Fact Discovery Deadline and Expert Report Schedule**

On December 9, 2025, at the request of the Parties and recommendation of the Discovery Master, the Court issued a case management order (ECF 175) granting a major extension of time to the Parties to be ready for trial. This extension of the schedule moved the trial of this matter from January 2026 until September/October 2026. It was necessitated by the slow pace of discovery, and the fact that virtually no document searches had been done by the Plaintiff until after the Discovery Master was appointed.

Immediately upon appointment, the Discovery Master held several hearings in August 2025; thorough and comprehensive document production orders were issued in early September 2025. Document production began slowly, but it still remains incomplete. While some of the delay issues are attributable to both Parties, a significant majority of them have been due to the unduly late substantive document productions and exchanges of privilege logs by Plaintiff. Plaintiff's production is still ongoing, and it did not produce its privilege log to Defendants until January 21, 2026. Order No. 12 summarizes the various scheduling difficulties the Discovery Master has encountered in trying to resolve the Parties' outstanding discovery disputes. (ECF 179 at 1-2).

There also remains a voluminous task of determining the propriety of the withholding of third-party consultants' documents on grounds of attorney client or work product privilege. And there has been a sudden late surge of a myriad other discovery disputes, after multiple earlier hearing dates set in 2025 for argument and resolution of these disputes were cancelled by the Parties. According to the Parties, the reason for that was a too-slow meet-and-confer process between them. In short, the pace of discovery in this case has been far too slow, despite clear direction from the Court to get this case trial ready.

1

The Discovery Master has worked expeditiously to keep the Parties to the Court's schedule and has admonished the Parties on numerous occasions that the deadlines in the Court's order "are firm deadlines and will not be adjusted absent extraordinary circumstances." *See, e.g.*, Discovery Master Order No. 12 (ECF 179). Nevertheless, excessive delays have continued.

Even now, Defendants further report that Plaintiff's document production is still ongoing,[1] despite promises that its production would be substantially complete by December 15, 2025. For document production to remain incomplete nearly 6 months after orders were entered is unacceptable. These failures to stay within the deadlines set by the Court and to keep hearing dates set by the Discovery Master have risked making even the extended schedule untenable. Document production by the Plaintiff has not been sufficiently prioritized over other discovery tasks. Much attention has been given to the pursuit of depositions of third parties, but the crux of the case is in the documents of the Parties, the production of which remains incomplete.

Due to the lateness of production of Plaintiff's privilege log, the Discovery Master must now work through copious privilege log withholding, which should have been ready for review last November/December. It could not even be known what was being withheld — nor the grounds for such withholding — until a week ago, when the Parties submitted their alleged privileged withholdings for third parties to the Discovery Master. And thus, there will continue to be more documents ordered to be produced if any of the bases for such withholding are determined to be unsupported.

In sum, the current, extended case schedule is again at risk. The Discovery Master informed the Parties several months ago that the Court has set aside time for review of their summary judgment motions this coming summer, which requires that the date for filing of those motions remains as it was set in the already extended schedule. Other discovery completion dates prior to the summary judgment filing dates must, however, be extended yet again, given the slow pace of document production.

Pursuant to the Court's Order appointing the undersigned as Discovery Master (ECF 149), the Discovery Master summarizes the Parties' respective arguments about further extension of the schedule, and enters its ruling:

Defendants argue that maintaining the current schedule has been made largely impossible by Plaintiff's late production of documents between December 16, 2025 and January 30, 2026. Defendants contend that in this time-frame, Plaintiff has produced over 53,000 documents, totaling over 350,000 pages, and that these numbers represent a quarter of Plaintiff's entire "substantive" document production.[2] Defendants further argue that the late-produced documents are also among the most pertinent to their defenses in this matter. Defendants propose a new schedule for the case.

---

[1] As of Defendants' February 10, 2026 submission to the Discovery Master regarding this issue. Defendants claim that Plaintiff has not confirmed that its production is complete.

[2] Defendants argue that over 191,000 documents consisting of "non-substantive weekly email invitations" should not be included in this calculus.

Plaintiff argues that Defendants' proposed schedule fails to account for the fact that certain third-parties represented by defense counsel failed to produce a substantial volume of documents, which required the postponement of depositions. Defendants counter that although two of the third-party depositions have been postponed, the majority of its noticed depositions could proceed as scheduled.

Plaintiff also seeks to extend expert report deadlines. Such substantial extensions are no longer feasible, given all the delays that have occurred, nor are they necessary. In light of the Plaintiff's complaint about the correlation between the fact discovery deadline and the expert reports, the Discovery Master has altered the dates to provide for the shortest possible divergence between the fact discovery deadlines and the due date for opening expert reports. The revised schedule set out below slightly shortens the extension of time to complete fact discovery sought by the Parties, and allows time for Plaintiff's experts to supplement their opinions, if needed, after close of fact discovery, but prior to their depositions.

These dates require mandatory *rapid* completion of document production; the continued delays in document production are simply unacceptable. (It is for this reason that the Discovery Master has recommended that Plaintiff's party dispositions of the Defendants' witnesses not commence until Plaintiff has completed its document production for its belated 26(a) disclosures, which nearly triple the number of potential witnesses.)

The Discovery Master entered Orders regarding Plaintiff's document production as far back as early September, 2025. The fact that large swaths of document were still in the process of production in January and even February 2026 is troublesome. While some third-party document production is also late, the quantum of third-party document discovery is a small fraction of the total document production required to have been completed by Plaintiff. The Discovery Master is now forced to alter the discovery schedule in order to fairly maintain the summary judgment and trial dates contemplated by the Court.

To that effect, the following deadlines are hereby set:

| **Event** | **Previous Deadline** | **New Deadline** |
|---|---|---|
| Parties' Document Production to Be Completed by | | March 10, 2026 |
| Third-Parties' Document Production to Be Completed by | | March 15, 2026 |

| | | |
|---|---|---|
| Fact Discovery (all discovery including depositions other than expert discovery) by | March 13, 2026 | April 20, 2026 |
| Plaintiff's Expert Reports | March 20, 2026 | April 1, 2026[3] (depositions of experts commencing after April 20, 2026) |
| Defendants' Rebuttal Expert Reports | April 17, 2026 | May 1, 2026 |
| Summary Judgment Motions | May 22, 2026 | June 2, 2026 (the Discovery Master will recommend this 11-day extension to the Court; no further delay of the Summary Judgment schedule will be permitted) |
| Expert Discovery completed by | May 8, 2026 | June 1, 2026 |
| Status Conference and Hearing on Summary Judgment Motions | TBD by the Court | Unchanged |

**SO ORDERED**

Dated: February 20, 2026            /s/ *Faith S. Hochberg*
                                    Hon. Faith S. Hochberg, U.S.D.J. (ret.)

---

[3] In the very unlikely event that new documents are produced between April 1 and April 20, 2026 that impact the opinion of Plaintiff's expert(s), Plaintiff may submit an short addendum, no longer than 5 pages in length, to the expert report(s) of such expert(s), addressing only the new documents produced between April 1 and April 20. Any such addenda will be due on April 24, 2026.