UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK KRONFELD, AS TRUSTEE OF THE SHC CREDITOR LITIGATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>Defendants. | Civ. Action. No. 21-cv-11902-PBS |

**DISCOVERY MASTER ORDER NO. 19:**
**Clawbacks of Documents Before Depositions**

      Last night, at 7:27 PM, the parties submitted a discovery dispute to the Discovery Master pertaining to 44 documents — produced last November — suddenly being clawed back as purportedly privileged by Plaintiff **_yesterday_**, for a third-party deposition that is taking place **_today_**. This type of conduct will not be tolerated, is inconsiderate of the Discovery Master and opposing counsel, and is not at the level of civility and good practice that is typical for a fine firm like Todd & Weld. The events of last night shall not recur.

      The Discovery Master issued an order via email at 10:37 PM last night and that order shall be adhered to today. The deposition shall proceed, including questioning on the documents at issue pursuant to the procedure set out in the Discovery Master's email. There shall be no instruction to the witness not to answer any question unless it is preceded by a statement by Plaintiff's counsel as follows: "I declare under oath that this question seeks attorney client privileged information, even though the question is posed to a third party." This procedure is necessitated by the shockingly late nature of Plaintiff's actions.

      If the objection is "work product," the question shall be asked and answered, subject to a later clawback. Questions that are claimed to be work product shall be preceded with the same declaration, except instead of attorney client privilege, it shall state "work product privilege." The work product doctrine generally provides a lower, more qualified standard of protection than attorney-client privilege. Therefore, any questions claimed to be privileged on the basis of work product shall be answered. This has been necessitated by the intolerable behavior of having documents since November 2025 and asserting an alleged privilege with respect to a third-party witness the night before a deposition is to occur. And, under circumstances where the depositions must proceed on a timely basis, as all counsel have known for months.

1

Consigli is not a client of Todd & Weld, and the protection for the documents at issue is either work product or an assertion of privilege based on attorney requests for certain information to be given by Consigli for the purpose of litigation.  Given that these 44 documents have been in the hands of Defendants for months, there is nothing secret about them.

All questions about the documents at issue shall be submitted to the Discovery Master immediately following the deposition, with a clear indication as to which document(s) they address.  The cost of the Discovery Master's review of this issue shall be borne exclusively by the Plaintiff. If any questions were asked of a witness, and attorney for the Plaintiff directed the witness not to answer, cost for that review will be borne by the Plaintiff, if the ruling is that the question should have been answered.

The Discovery Master is speaking at a conference in Boston today, and cannot be on call to answer emergent request, without any notice that this clawback was being asserted for this particularly important deposition.

**SO ORDERED**

Dated: March 5, 2026                    /s/ *Faith S. Hochberg*
                                        Hon. Faith S. Hochberg, U.S.D.J. (ret.)