UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK KRONFELD, as Trustee of the SHC Creditor Litigation Trust,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 1:21-cv-11902 – PBS |

**AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION TO AMEND ITS ANSWER AND DEFENSES</u>**

A "court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Evidence produced in discovery by Plaintiff Mark Kronfeld as Trustee of the SHC Creditor Litigation Trust ("Plaintiff")—including as part of the tens of thousands of documents produced in the last several months—has revealed that Steward Health Care System LLC ("Steward") intentionally concealed and mispresented material facts relating to its claim under its insurance policy (the "Policy") with Defendant American Guarantee and Liability Insurance Company ("AGLIC"). Accordingly, AGLIC brings this motion to amend its answer, adding a defense, to conform to the evidence.

The full extent of Steward's concealment and misrepresentation are still developing in discovery, and critical elements of AGLIC's defense were produced by Plaintiff only because of successful motion to compel practice by Defendants in this case. These revelations establish an affirmative defense to Steward's claim against AGLIC for breach of contract. Accordingly,

AGLIC should be permitted to amend its answer and defenses to state an additional defense for intentional concealment and misrepresentation of material facts, as stated in AGLIC's Amended Answer and Affirmative and Other Defenses to Plaintiff's Second Amended Complaint, attached hereto as Exhibit A.

## BACKGROUND

I.  **Factual History**

    A.  **The Policy.**

On June 28, 2020, a weather event damaged portions of Norwood Hospital (the "Weather Event"). Ex. A, Defenses ¶ 7. At the time of the Weather Event, Medical Properties Trust, Inc. ("MPT") owned the Norwood Hospital property and leased it to Steward, which operated the hospital. *Id.* ¶ 8. Steward was insured under a first-party property policy issued by AGLIC (the "Policy"). *Id.*

The Policy provides coverage for "Time Element" loss (sometimes referred to as business interruption coverage). *Id.* ¶ 19. AGLIC agreed to "pay for the actual Time Element loss the Insured sustained . . . during the Period of Liability." *Id.* This included, for example, lost revenue for the operations and services that Steward suspended as a result of the damage to the Hospital. *See, id.* ¶¶ 19–20. The "Period of Liability" is a defined term in the Policy. It means "[t]he period starting from the time of physical loss or damage of the type insured against and ending when with due diligence and dispatch the building and equipment could be repaired or replaced, and made ready for operations under the same or equivalent physical and operating conditions that existed prior to the damage." *Id.* ¶ 20.

The Policy contains a "Concealment, Misrepresentation or Fraud" provision stating that the Policy is "void if any Insured, at any time, intentionally conceals or misrepresents a material fact concerning: Th[e] Policy; The Covered Property; The Insured's interest in Covered Property;

2

or A claim under th[e] Policy." *Id.* ¶ 9.  The Policy also contains a Massachusetts Amendatory Endorsement, adding a "Concealment fraud" section, which provides:

> This entire Policy shall be void if, whether before or after a loss, the Insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the Insured therein, or in case of any fraud or false swearing by the Insured relating thereto.

*Id.* ¶ 10.

### B. Steward's Misrepresentations.

One of the key disputes in this lawsuit is the Period of Liability applicable to Steward's claim for Time Element losses as a result of damage to Norwood Hospital caused by the Weather Event. While generally the Period of Liability is a calculation of the period of time in which repairs could have been made with due diligence and dispatch to bring the building back to its pre-loss condition, the Policy allows for the Period of Liability to be expanded in some circumstances to include "increased costs of construction," in part, for "increased cost to repair or rebuild the physically damaged portion of such property with materials and in a manner to satisfy . . . law or ordinance." *Id.* ¶¶ 21, 23. Under the terms of the Policy, an insured is not entitled to the costs of making code upgrades or an increased Period of Liability for the time associated with implementing code upgrades, unless the costs for code upgrades are actually "incurred." *See id.* ¶¶ 25, 26.

Steward represented to AGLIC on multiple occasions throughout AGLIC's adjustment of Steward's insurance claim that Norwood Hospital was going to be repaired after the Weather Event. *See id.* ¶¶ 30, 38–55. Those repairs, Steward claimed, were necessarily going to involve code upgrades, which would increase the cost of construction and the time to repair or restore Norwood Hospital. *See id.* The result was that Steward claimed business interruption losses for a 36-month period, representing the time that Steward understood it would take to repair Norwood

3

Hospital and bring it up to a "code complaint" status. *Id.* ¶¶ 43–45. But under the terms of the Policy, Steward would not be entitled to any increases in the Period of Liability necessitated by required code upgrades at Norwood Hospital unless or until Norwood Hospital was repaired to its pre-storm condition, and costs for required code upgrades were actually incurred. *Id* ¶ 26.

Unknown to AGLIC, Steward and Medical Property Trust, Inc. ("MPT") (the owner of the Norwood Hospital building) made the decision not to repair the hospital to a code-compliant status. Documents produced by Plaintiff in discovery show ████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
█████████████████████████████
   ████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████



Under the terms of the Policy, this material misrepresentation provides a basis for voiding the policy and therefore defeating Plaintiff's claim for breach of contract. *Id.* ¶¶ 58–68.

## II.  Procedural History

Discovery in this case has been fraught with delay and unjustified withholding of relevant and discoverable material by Plaintiff.[1] Plaintiff filed the Second Amended Complaint on March 16, 2023, Dkt. 61, and American Guarantee filed its Answer and Affirmative and Other Defenses on March 29, 2023, Dkt. 62. At the time the parties filed these operative pleadings, the case was stayed pending resolution of threshold legal questions by the Court of Appeals. *See* Dkt. 70, 72. After the Court of Appeals issued its mandate in August 2024, in January 2025 the Court issued a new scheduling order, and the parties issued written discovery and started in earnest their document productions.

In the initial stages of discovery, Plaintiff hid that it had not searched any of its employee files for documents responsive to Defendants' requests. Plaintiff admitted this failure in passing during a meet and confer one month before the close of fact discovery on July 10, 2025, but refused to supplement any of its prior document searches. *See* Defs.' Mem. Supp. Mot. Compel at 1, Dkt. 127. Defendants moved to compel disclosure of those relevant materials on June 17, 2025, Dkt.

---

[1] This action was originally initiated by Steward. Mr. Kronfeld was substituted into this case after Steward Health Care System LLC entered bankruptcy. *See* Dkt. 172, 173. AGLIC uses "Plaintiff" to mean Steward and/or Mr. Kronfeld during their respective times as parties to this litigation.

126, and the Court appointed Discovery Master Judge Hochberg to resolve the dispute. July 18, 2025, Order, Dkt. 149. Judge Hochberg recognized Plaintiff's failure to comply with its basic discovery obligations and, not surprisingly, ordered Plaintiff to search the custodial files of Steward employees. Discovery Master Order No. 1 at 2, Dkt. 152 ("Steward had conducted some searches, and produced documents from a specified group of persons whom Steward contends are the persons most knowledgeable, ***but no search was done of the group of custodians who are Steward officers, managers, or key employees***.") (emphasis added).

As ordered in Discovery Master Order No. 1, Plaintiff was to complete its document productions by October 24, 2025. *Id.* at 3 (ordering production within 45 days of order). Plaintiff did not meet that deadline, and it did not seek any extension. On November 1, 2025, Plaintiff represented that it was substantially complete with document productions. But surprisingly on December 1, 2025, Plaintiff informed Defendants that it had over 20,000 documents left to produce in addition to materials in a Steward company shared drive that Plaintiff had neither collected nor produced. The Parties met and conferred, and Plaintiff assured Defendants that it would substantially complete its production by December 15, 2025. Based upon that promise, Defendants agreed to a new case schedule whereby fact discovery would end by March 13, 2026. Judge Hochberg agreed with this schedule and the Court adopted it. *See* Discovery Master Order No. 11, Dkt. 174 (recommending schedule); Order, Dkt. 175 (adopting schedule).

Incredibly, following December 15, 2025, in direct contradiction to its repeated assurances that its production was almost complete, Steward produced 54,649 documents totaling 362,958 pages:

| Date | Production Volume | Doc Count | Page Count |
|---|---|---|---|
| 12/15/25 | STEWARD VOL026 | 13,584 | 65,698 |
| 12/15/25 | STEWARD VOL027 | 572 | 3,049 |
| 12/16/25 | STEWARD VOL028 | 10,469 | 55,969 |
| 12/22/25 | STEWARD VOL029 | 7 | 1,509 |
| 12/24/25 | STEWARD VOL030 | 6,330 | 65,164 |
| 01/09/26 | STEWARD VOL031 | 21,452 | 159,253 |
| 01/10/26 | STEWARD VOL032 | 1 | 11 |
| 01/15/26 | STEWARD VOL033 | 140 | 688 |
| 01/26/26 | STEWARD VOL034 | 1,059 | 4,173 |
| 01/28/26 | STEWARD VOL035 | 1 | 6 |
| 01/29/26 | STEWARD VOL036 | 105 | 1,771 |
| 2/15/2026 | STEWARD VOL037 | 836 | 4,637 |
| 2/23/2026 | STEWARD VOL038 | 93 | 1,908 |

**This represents a quarter of Plaintiff's overall document production.**[2]

Even then, Plaintiff's production was not complete. A recent dispute arising from Plaintiff's late disclosure of witnesses was resolved by Judge Hochberg and the Court. As a result, Plaintiff will produce over 75,000 additional custodial records from three previously undisclosed Steward employee witnesses. Discovery Master Order No. 15, Dkt. 191; Feb. 26, 2026 Order, Dkt. 205 (order by Magistrate Judge Kelley overruling Plaintiff's objection to Discovery Master Order No. 15). Plaintiff now has been ordered to complete its document productions by March 10, 2026, and fact discovery is set to close on April 20, 2026. Dkt.198.[3]

## ARGUMENT

Rule 15 of the Federal Rule of Civil Procedure provides that a "court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). This liberal standard "puts a thumb on the scale in favor of allowing amendments in non-frivolous cases."

---

[2] Steward has produced 417,041 total documents. Setting aside the 191,232 "non-substantive weekly email invitations" in production volume 15, the total substantive production is 225,809 documents. 54,649 equals 24.2% of that total.

[3] There has also been significant third-party discovery in this case, with significant document productions still ongoing. Judge Hochberg has ordered all third-party productions to be complete by March 15, 2026. Dkt. 198 at 3.

*Amyndas Pharms., S.A. v. Zealand Pharma A/S,* 48 F.4th 18, 39 (1st Cir. 2022) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Courts thus "ordinarily allow[]" leave to amend "unless there is an 'apparent or declared reason —such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'"  *Washington Tr. Advisors, Inc. v. Arnold*, 678 F.Supp.3d 192, 195 (D. Mass. 2023) (citation omitted); *accord Foman*, 371 U.S. at 182.  In making this assessment, courts look to the "totality of the circumstances" of the case.  *Amyndas*, 48 F.4th at 37 (citation omitted).[4]

Evidence that Plaintiff has produced in this case—with significant recent documents only being produced in the past several months—demonstrates that justice requires allowing AGLIC to amend its pleading to add an affirmative defense of Intentional Concealment and Misrepresentation of Material Facts ("Defense 7").

**I.   Newly Produced Evidence Justifies Amendment of AGLIC's Defenses.**

Only after document production began in this case—and really only after significant custodial files were produced by Plaintiff over the last several months—did AGLIC learn of the facts and circumstances supporting its defense of Intentional Concealment and Misrepresentation of Material Facts ("Defense 7").  For example, the following documents were produced late in discovery and were integral in revealing to AGLIC the full extent of Steward's misrepresentation and concealment:

---

[4] The "when justice so requires" standard applies because this Court did not set a deadline for amending the pleadings in any of its operative scheduling orders for this case. *See* Dkt. 18, 21, 22, 51, 79, 112, 175, 205. But amendment is likewise justified pursuant to the more stringent "good cause" standard. *See, e.g., Federal Ins. Co. v. Fire Sprinkler Tech., Inc.*, No. 1:20-cv-10403-ADB, 2021 WL 1857403, at *2–5 (D. Mass. May 10, 2021) (explaining the appropriate standard for a motion to amend a pleading and finding that a party had shown good cause to amend their pleading where "the delay in bringing this motion [was] the result of a slow discovery process rather than bad faith or indifference").

- 

American Guarantee also recently issued interrogatories seeking to clarify key facts related to the potential misrepresentation and concealment, and only received responses to those interrogatories in February 2026. Under these circumstances, where newly produced evidence has shown a party the existence of a new legal theory or defense, courts often grant parties' motions to amend their pleadings. *See, e.g., Espedito Realty, LLC v. National Fire Ins. Co. of Hartford,* 849 F.Supp.2d 179, 186 (D. Mass. 2012) (granting a defendants motion to amend to add a new defense when the defendant had learned about the new cause of action through discovery three months earlier); *Arana v. Molta*, No. 1:23-cv-11133-JDH, 2025 WL 2159200, at *2–4 (D. Mass. Mar. 20, 2025) (granting a motion to amend where the moving party relied on new facts learned in discovery).

While some of the documents that AGLIC is relying upon in support of Defense 7 were produced more than six months ago, AGLIC was only able to piece together the full picture of Plaintiff's intentional concealment and misrepresentation with evidence produced in recent months. *See, e.g., Arana*, 2025 WL 2159200, at *4 (finding that the party moving to amend did

not possess all the facts to support their amendment until recently and "to the extent there was a short delay between [the movant] learning of new facts in discovery and seeking leave to amend, it was not undue delay").

## II.    AGLIC's Amendment Will Not Unduly Prejudice Plaintiff.

Allowing AGLIC to amend its defenses will not unduly prejudice Plaintiff. Documents making up this defense have been in Plaintiff's possession, or the possession of Plaintiff's consultants, before and throughout this case. Plaintiff was aware of applicable Policy terms, including the "Concealment, Misrepresentation or Fraud" provision, during the adjustment process.  This provision and its potential application in this case, and discovery on these terms is coextensive with the discovery already occurring. *See, e.g., Milcent v. City of Boston*, No. 14-13347-GAO, 2017 WL 1536398, at *2 (D. Mass. Apr. 26, 2017) (finding that because a party did not face undue projective or undue delay where the opposing party moved to amend their pleading when the party was aware that the opposing party planned to use that theory and so the party faced no surprise). Therefore, Plaintiff cannot say that the amendment is unfairly surprising.

Further, discovery remains open until April 20, 2026, and the majority of depositions have not yet occurred. This includes the 30(b)(6) depositions of Steward, AGLIC, and Zurich. Plaintiff has appropriate time to gather information and prepare witnesses in response to Defense 7 between now and the close of fact discovery on April 20, 2026.  *See Klunder v. Brown Univ.*, 778 F.3d 24, 35 (1st Cir. 2015) (finding that a plaintiff was not prejudiced by a defendant adding a new defense because "almost two months" of discovery remained and the parties had only taken a few of the depositions, giving the plaintiff the opportunity to explore the new defense in discovery).

Defense 7 is not futile as the Amended Answer sufficiently alleges facts that support a plausible claim for relief.  *See Washington Tr. Advisors, Inc.*, 678 F.Supp.3d at 195; *Espedito Realty, LLC v. National Fire Ins. Co. of Hartford*, 935 F.Supp.2d 319, 324–28 (finding that a

similar misrepresentation defense was adequately proven such that the defendant insurer was entitled to summary judgment). Finally, this is AGLIC's first motion to amend its answer, a factor which similarly weighs in favor of granting the Motion. *See Amyndas Pharms.*, 48 F.4th at 38.

## CONCLUSION

Under the totality of the circumstances, American Guarantee has acted zealously and expeditiously, and its conduct in no sense resembles undue delay, bad faith, or dilatory motive. Therefore, the Court should grant AGLIC's Motion and enter an Order allowing American Guarantee to file and serve its Amended Answer and Affirmative and Other Defenses to Plaintiff's Second Amended Complaint.

Dated: March 6, 2026

Respectfully submitted,

/s/Ronald. S. Safer

Ronald S. Safer (pro hac vice)
Amy C. Andrews (pro hac vice)
Abigail L. Peluso (pro hac vice)
Lucas T. Rael (pro hac vice)
RILEY SAFER HOLMES & CANCILA LLP
1 South Dearborn Street, Suite 2200
Chicago, Illinois 60603
Tel: (312) 471-8700
Email: rsafer@rshc-law.com
 aandrews@rshc-law.com
 apeluso@rshc-law.com
 lrael@rshc-law.com

Michael Menapace, Esq. (BBO #568841)
WIGGIN and DANA LLP
20 Church Street
Hartford, CT 06103
Tel: (860) 297-3733
Email: mmenapace@wiggin.com

Jonathan D. Mutch, Esq. (BBO No. 634543)
Timothy Wenger (BBO No. 674087)
ROBINS KAPLAN LLP
800 Boylston Street, 25th Floor

Boston, MA 02199
Tel: (617) 267-2300
Email: JMutch@RobinsKaplan.com
       TWenger@RobinsKaplan.com

*Attorneys for Defendants American Guarantee and Liability Insurance Company and Zurich American Insurance Company*

**CERTIFICATE OF SERVICE**

     I hereby certify that on March 6, 2026, a copy of the foregoing memorandum was filed with the Court via the ECF filing system. As such, this document will be electronically sent to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

                                                                                                        */s/Ronald S. Safer*