UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK KRONFELD, as Trustee of the SHC Creditor Litigation Trust,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 1:21-cv-11902 – PBS |

**DECLARATION OF LUCAS THOR RAEL IN SUPPORT OF
AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY'S
<u>MOTION TO FILE MATERIALS UNDER SEAL</u>**

I, Lucas Thor Rael, declare and state as follows:

1.   I am an attorney at Riley Safter Holmes & Cancila, LLP, and I represent Defendants American Guarantee and Liability Insurance Company ("AGLIC") and Zurich American Insurance Company ("Zurich") in this case.

2.   I have personal knowledge of the facts contained herein and submit this declaration in support of AGLIC's Motion to File Materials Under Seal, filed concurrently herewith, pursuant to the Court's Standing Procedural Civil Order Regarding Sealing Court Documents dated May 15, 2015.

3.   AGLIC seeks leave to file under seal the following materials, which are being filed concurrently herewith:

   a.   Portions of AGLIC's Motion to Amend its Answer and Defenses (the "Motion"), and Exhibit B thereto; and

      b.    Portions of AGLIC's Amended Answer and Affirmative and Other Defenses to Plaintiff's Second Amended Complaint ("Amended Answer"), and exhibits thereto.

4.    The Motion and Amended Answer incorporate, reference, quote, and describe documents produced in litigation that American Guarantee, Zurich, Plaintiff, and third parties have designed as "Confidential" pursuant to the Confidentiality Stipulation (Dkt. 66) entered in this case.

5.    The Confidentiality Stipulation allows the parties and third-parties to designate materials produced in this litigation as "Confidential", which is defined in the Stipulation as follows:

> "[A]ny material that the producing party in good faith believes (a) contains trade secrets, or proprietary, commercial, financial, technical, competitively sensitive, or other confidential business information or data, and/or (b) contains personally identifiable information . . . which the producing party believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure."

Dkt. 66 ¶ 2.

6.    The Confidentiality Stipulation specifies that "[i]f any party seeks to file in Court any Confidential Material or any pleading, motion or other document that contains or describes Confidential Material, . . . they shall seek to file such documents under seal pursuant to Local Rule 7.2 and the Standing Procedural Civil Order Re: Sealing Court Documents (May 15, 2015)" *Id.* ¶ 12.

7.    Exhibit B to the Motion is a document that was produced by Plaintiff having the bates number STEWARD01520905. Plaintiff designated the document comprising Exhibit B as "Confidential." The Motion quotes from, summarizes, and describes Exhibit B.

8.    Paragraphs 7–68 of AGLIC's Affirmative and Other Defenses to the Claims also incorporate, reference, quote, and describe a number of documents that American Guarantee,

Zurich American Insurance Company ("Zurich"), Plaintiff, and third-parties have designed as "Confidential" pursuant to the parties' Confidentiality Stipulation (Dkt. 66). These include the following exhibits to the Amended Answer:

 a. Exhibits A (ZUR0089133), K (ZUR0080730), and L (ZUR0080728), which were produced and designated "Confidential" by Zurich;

 b. Exhibits B (STEWARD00762546), C (STEWARD00042944), D (STEWARD00043876), E (STEWARD00761494), G (STEWARD00043472), H (STEWARD00131615), I (STEWARD00047506), J (STEWARD00124300), M (STEWARD00078169), N (STEWARD00835785), and P (STEWARD01225898), which were produced and designated "Confidential" by Plaintiff;

 c. Exhibit F (ARRAY00006481), which was produced and designated "Confidential" by third-party Array Architects, Inc.; and

 d. Exhibit O (SEDGWICK_00024351), which was produced and designated "Confidential" by third-party Sedgwick, Inc.

9. The Motion also incorporates, references, quotes, and describes the "Confidential" information that appears in the Amended Complaint.

10. Good cause exists to grant AGLIC's motion to seal. The information referenced in these documents comprises confidential business information or data that, if publicly released, may harm the competitive standing of the Parties or the third-parties. Courts regularly grant motions to seal or redact documents containing similar information. *See, e.g.*, *Nachbaur ex rel. Bos. Sci. Corp. v. Mahoney*, 2024 WL 3471300, at *1 (D. Mass. Feb. 6, 2024) ("'[S]ources of business information that might harm a litigant's competitive standing' have been found sufficient to outweigh the common law presumption" of public access) (collecting cases); *see also In re Gitto*

*Glob. Corp.*, 422 F.3d 1, 6 (1st Cir. 2005) (noting court's authority to prevent disclosure of "sources of business information that might harm a litigant's competitive standing" (quotation omitted)). The involvement of confidential business information disclosed by third-parties also weighs in favor of sealing. *Roy v. FedEx Ground Package Sys., Inc.*, 2024 WL 1346478 at *2 (D. Mass. Mar. 29, 2024) (approving redactions in light of "the First Circuit's directive that courts should take into account the privacy interests of third parties"); *Nachbaur*, 2024 WL 3471300, at *1 (noting that privacy rights of third parties can limit the presumptive right of access to judicial records).

11.    Because Paragraphs 7–68 of AGLIC's Affirmative and Other Defenses to the Claims extensively incorporate, reference, quote, and describe the Confidential Information, out of an abundance of caution and to respect the designations given to those documents, AGLIC likewise seeks leave to seal those paragraphs of the pleading. *See, e.g., Am. Well Corp. v. E-Dental Servs., LLC*, 2024 WL 1809419, at *2 (D. Mass. Apr. 25, 2024) (approving redactions of paragraphs to a draft Answer and Counterclaim that implicated sensitive business information).

12.    On March 6, 2026, I conferred with counsel for Plaintiff via email and telephone conference. Plaintiff agrees with AGLIC's request for leave to file these materials under seal.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 6, 2026                    */s/Lucas Thor Rael*