Exhibit D

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

MARK KRONFELD, AS TRUSTEE
OF THE SHC CREDITOR
LITIGATION TRUST,

        Plaintiff,

        v.

AMERICAN GUARANTEE AND
LIABILITY INSURANCE COMPANY
and ZURICH AMERICAN INSURANCE
COMPANY,

        Defendants.

Civil Action No. 1:21-cv-11902-PBS

**PLAINTIFF'S ANSWERS TO AMERICAN GUARANTEE AND LIABILITY**
**INSURANCE COMPANY'S SECOND SET OF INTERROGATORIES**

Plaintiff Mark Kronfeld, as Trustee of the SHC Creditor Litigation Trust ("Plaintiff")

hereby objects and provides responses to Defendant American Guarantee and Liability Insurance

Company's ("AGLIC") Second Set of Interrogatories as follows:

**Preliminary Statement and Reservation of Rights**

1.      Plaintiff hereby expressly reserves and does not waive or prejudice any objections

it may later assert, including, without limitation, objections as to the competency, authenticity,

relevance, materiality or admissibility of any information sought by or provided in response to

the Interrogatories.

2.      Plaintiff's answers to the Interrogatories are based upon information now

available to it.  Plaintiff expressly reserves the right to complete its legal investigation and

discovery of the facts and to rely, at the time of trial or in other proceedings, upon documents

and information provided regardless of whether such documents or information are newly

1

**ANSWER NO. 18:**

Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome.  Plaintiff further objects on the basis that the term "involved" is vague, undefined, and lacks reasonable scope.  Plaintiff also objects to the extent the interrogatory seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Plaintiff further objects because the Interrogatory seeks information at is not relevant to any claim or defense.  As explained elsewhere—and as Defendants themselves have repeatedly acknowledged—the decision by MPT or Steward to rebuild Norwood Hospital, rather than repair the existing structures, has no bearing on the determination of the Period of Liability under the Policy.  The Period of Liability is defined as "[t]he period starting from the time of physical loss or damage of the type insured against and ending when with due diligence and dispatch the building and equipment *could* be repaired or replaced, and made ready for operations under the same or equivalent physical and operating conditions that existed prior to the damage."  Policy, § 4.03.01.01 (emphasis added).

Defendants have conceded in filings that the Period of Liability concerns a *hypothetical period*—that is, the time reasonably required to repair and restore the hospital to pre-loss conditions—**not** the path actually chosen by MPT or Steward.  *See* Defendants' Response to Steward's Objection to Discovery Master Order No. 9, at p. 1 [Dkt. No. 171].

Subject to and without waiving these objections, Plaintiff states as follows:

Steward did not own Norwood Hospital.  The ultimate decision whether to tear down the existing facility and construct a new hospital rested with Medical Properties Trust (MPT), as the property owner.  That decision was made by MPT's executive leadership, including: Steve

As to objections only,

MARK KRONFELD, AS TRUSTEE OF THE SHC
CREDITOR LITIGATION TRUST,

By their Attorneys,


*/s/ Seth J. Robbins*
Howard M. Cooper (BBO No. 543842)
Seth J. Robbins (BBO No. 655146)
Samuel M. Myers (BBO No. 711471)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
hcooper@toddweld.com
srobbins@toddweld.com
smyers@toddweld.com

Dated: February 18, 2026

## **CERTIFICATE OF SERVICE**

I, Samuel M. Myers hereby certify that on February 18, 2026, I caused the foregoing document to be served via email upon all counsel of record:

*/s/ Samuel M. Myers*
Samuel M. Myers

17

## **VERIFICATION**

I, the undersigned, am the trustee of the SHC Creditor Litigation Trust.  I have reviewed *Plaintiff's Answers to American Guarantee and Liability Insurance Company's Second Set of Interrogatories* and, based on information obtained from other authorized representatives of Plaintiff, believe them to be true and accurate.  The responses provided are, to the best of my knowledge, based on information currently available and recollected in the course of preparing these responses, subject to any inadvertent or undiscovered errors.  Plaintiff reserves the right to amend these responses should omissions or errors be identified or if more accurate information becomes available.  Subject to these qualifications, I affirm that the responses are true to the best of my knowledge, information, and belief.

Signed under the pains and penalties of perjury on this  18 th day of February 2026:

**Mark Kronfeld**
**Trustee, SHC Creditor Litigation Trust**

18