UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARK KRONFELD, AS TRUSTEE OF THE SHC CREDITOR TRUST, | ) ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 1:21-cv-11902 |
| v. | ) ) | |
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## DECLARATION OF AEDAN DUNN

I, Aedan R. Dunn, do hereby declare and state as follows:

1.     I am an attorney at Todd & Weld LLP, and I represent Mark Kronfeld, as Trustee of the SHC Creditor Trust ("Plaintiff") in this case.

2.     I have personal knowledge of the facts stated herein and make this declaration in support of Plaintiff's Motion to File Materials Under Seal (the "Motion to Seal") pursuant to the Court's Standing Procedural Civil Order Regarding Sealing Court Documents dated May 15, 2015.

3.     Plaintiff seeks leave to file under seal portions of the Opposition and certain exhibits thereto, which are being filed concurrently herewith.

4.     The Stipulation allows the parties and third parties to designate materials produced in this litigaiton as "Confidential," which is defined in the Confidentiality Stipulation (ECF No. 66) (the "Stipulation") entered in this case as follows:

> "[A]ny material that the producing party in good faith believes (a) contains trade secrets, or proprietary, commercial, financial, technical, competitively sensitive, or other confidential business information or data, and/or (b) contains personally identifiable

information . . . and/or which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure."

ECF No. 66 ¶ 2.

5.      The Stipulation also provides that "[p]ending the expiration of [the] thirty-day period" after a deposition transcript becomes available, deposition "transcripts shall be treated as Confidential Material in their entirety."  ECF No. 66 ¶ 6.

6.      The Stipulation further specifies that "[t]he following information shall not be considered Confidential Material under this Stipulation: . . . (c) information already known to a party through proper means prior to disclosure; and (d) information that is or becomes available to a party from a source other than the party asserting confidentiality that obtained the information lawfully and under no obligation of confidentiality."  ECF No. 66 ¶ 3.

7.      Portions of the Opposition quote or describe documents produced in litigation that Plaintiff, Zurich, and third parties have designated as "Confidential" pursuant to the Stipulation. These include the following exhibits:

    a.  Exhibits C (STEWARD01422257), E (STEWARD01525806), F (STEWARD01371763), and O (STEWARD00014547), which were produced and designated "Confidential" by Plaintiff;

    b.  Exhibits B (ZUR0059781), G (ZUR0089108), H (ZUR0022290), I (ZUR0080730), J (ZUR0059587), K (ZUR0064236), N (ZUR0004303), P (ZUR0151829), and V (ZUR0083075), which were produced and designated "Confidential" by Zurich;

    c.  Exhibit M (TT_00005386), which was produced and designated "Confidential" by Thornton Tomasetti, Inc.; and

    d.  Exhibit Q (JS HELD KT_00003489), which was produced and designated "Confidential" by J.S. Held LLC.

8.    Portions of the Opposition quote or describe deposition testimony that is currently deemed "Confidential" pursuant to the Stipulation.  These include testimony of the following deponents:

    a.  Exhibit A (Deposition Transcript of Mark Graves), which deposition was completed on March 10, 2026, and transcript was received by Plaintiff on March 11, 2026, less than thirty days prior to this filing.

    b.  Exhibit L (Deposition Transcript of Clifford Hyde), which deposition was completed on March 3, 2026, and transcript was received by Plaintiff on March 4, 2026, less than thirty days prior to this filing.

9.    Portions of the Opposition also quote or describe the "Confidential Material" that appears in AGLIC's Memorandum of Law in Support of Its Motion to Amend Its Answer and Defenses (ECF No. 208), its Proposed Amended Answer and Affirmative and Other Defenses to Plaintiff's Second Amended Complaint (ECF No. 208-1), and exhibits to each of the foregoing which were filed under seal.

10.    The Stipulation specifies that "[i]f any party seeks to file in Court any Confidential Material or any pleading, motion or other document that contains or describes Confidential Material, . . . they shall seek to file such documents under seal pursuant to Local Rule 7.2 and the Standing Procedural Civil Order Re: Sealing Court Documents (May 15, 2015)." *Id.* ¶ 12.

11.    Good cause exists to grant AGLIC's motion to seal.  The information referenced in these documents comprises confidential business information or data that, if publicly released, may harm the competitive standing of the Parties and third parties.  Courts regularly grant motions

to seal or redact documents containing similar information. *See, e.g.*, *Nachbaur ex rel. Bos. Sci. Corp. v. Mahoney*, 2024 WL 3471300, at *1 (D. Mass. Feb. 6, 2024) ("'[S]ources of business information that might harm a litigant's competitive standing' have been found sufficient to outweigh the common law presumption" of public access) (collecting cases). Importantly, the presence of confidential information involving third parties also weighs in favor of sealing. *See Nachbaur*, 2024 WL 3471300, at *1 (noting that privacy rights of third parties can limit the presumptive right of access to judicial records); *see also Hayes v. McGee*, No. CIV.A. 10-40095-TSH, 2014 WL 198407, at *5 (D. Mass. Jan. 13, 2014) (same).

12.    Because portions of the Opposition quote or describe the Confidential Information, out of an abundance of caution and to respect the designations given to those documents and testimony under the Stipulation, Plaintiff likewise seeks leave to seal those portions of the Opposition that contain such quotations and descriptions. *See Am. Well Corp. v. E-Dental Servs., LLC*, 2024 WL 1809419, at *2 (D. Mass. Apr. 25, 2024) (approving redactions of paragraphs to a draft Answer and Counterclaim that implicated sensitive business information); *see also Abiomed, Inc. v. Maquet Cardiovascular LLC*, No. CV 16-10914-FDS, 2021 WL 5165010, at *2 (D. Mass. Nov. 5, 2021) ("The Court and the parties have an interest in efficient discovery, and that interest is furthered by respecting protective orders entered into by joint agreement among the parties.").

13.    On March 20, 2026, I conferred with counsel for Defendants via video conference. Defendants agree with Plaintiff's request for leave to file these materials under seal.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on March 20, 2026.

 

 

 

 

 

Aedan R. Dunn, Esq. (BBO No. 709129)