**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

MARK KRONFELD, as Trustee of the SHC
Creditor Litigation Trust,

 Plaintiff,

  v.

AMERICAN GUARANTEE AND
LIABILITY INSURANCE COMPANY and
ZURICH AMERICAN INSURANCE
COMPANY,

 Defendants.

Civil Action No. 1:21-cv-11902 – PBS

**AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY'S
<u>REPLY IN SUPPORT OF MOTION TO AMEND ITS ANSWER AND DEFENSES</u>**

As this Court is aware, Defendants' access to relevant and discoverable information was significantly delayed due to Steward's dilatory discovery tactics. Defendants continue to analyze hundreds of thousands of records, many of which were produced in the last several months, and to move as quickly as possible through fact discovery. In the interests of justice, Defendant American Guarantee and Liability Insurance Company ("AGLIC") seeks leave to add Defense Seven to its answer, so that it can follow the evidence where it has led: Steward intentionally concealed and misrepresented material facts related to its insurance policy with AGLIC. For the reasons stated below, as well as those stated in AGLIC's initial motion and memorandum in support (Dkt. 207, 208), AGLIC respectfully requests leave to file an amended answer, including Defense Seven.

**<u>ARGUMENT</u>**

In response to the request to amend the answer, Plaintiff attempts to argue the merits of Plaintiff's case. This is not the time to resolve fact disputes, to determine the weight that should be placed on particular pieces of evidence, or to decide the merits of the case. That time will come.

AGLIC simply asks that the Court allow it to add a defense, to conform with the evidence as it has developed, so that the jury can decide the case based on the actual evidence. AGLIC sufficiently pled the defense with particularity, including as to materiality, and Plaintiff suffers no undue prejudice. As explained below, AGLIC does not oppose additional written discovery and would agree to Plaintiff serving any expert opinions related to Defense Seven as part of any addendum to its expert reports, which addendum is due by April 24, 2026.

*First,* AGLIC's Defense Seven pleads with particularity Steward's scheme to misrepresent and conceal from AGLIC the true plans to raze and replace Norwood Hospital. The amended answer cites specific exhibits and statements in support of those allegations, including the who, what, where, why, and when of the scheme to misrepresent and conceal material facts and information. Specifically, Steward is the "who;" the concealment of plans to raze Norwood Hospital and the misrepresentation that future repair would include costly and time consuming code upgrades are the "what;" written communications by Steward to the insurers in February 2021, and written and verbal communications at the May 2021 claim adjustment meeting,[1] is the "where;" the intention to conceal and misrepresent material information so as not to deter the mindset of the insurance adjusters and to attempt to hook-into additional insurance funds is the "why;" and the active plan to conceal beginning in July 2020, continuing through the May 2021 claim adjustment meeting, is the "when." *See, e.g.*, Dkt. 208-1 at ¶¶ 28 and 36 (citing specific facts and evidence that Steward executives expressly agreed not to disclose information about the plan to build a new hospital as it could deter the mindset of the adjusters); 34 (citing facts and

---

[1] In meeting and conferring with Plaintiff in anticipation of this filing, Plaintiff acknowledged that the May 2021 claims adjustment meetings were not confidential and that their suggestion that they were was an inadvertent oversight. Plaintiff has stipulated to withdrawing footnote number 1 on page 15 of Plaintiff's Opposition to AGLIC's Motion to Amend.

emails that Steward executives understood that required code upgrades in the event of a restoration of the existing structure may allow the insureds to recover additional insurance proceeds); 39-46 (noting misrepresentation of material fact in the February 5, 2021 Interim Proof of Loss, as the Interim Proof of Loss stated that Norwood Hospital would be rebuilt, and it emphasized the cost associated with necessary code upgrades); 43–44 (noting the concealment of material fact in the February 5, 2021 Interim Proof of Loss, regarding the schedule for the time element losses); 51-57 (describing with particularity specific false, misleading, and concealed evidence from the May 2021 claims adjustment meeting).

As in *Kaufman v. CVS Caremark Corp.*, 836 F.3d 88, 91 (1st Cir. 2016), AGLIC's amended answer pleads Defense Seven with the particularity required by Rule 9(b).  Further, the *Resolution Trust* case is inapposite, as there the plaintiff pled "very little" related to the particular at-issue defendant and alleged "no facts" that ever connected the defendant with "the wrongful acts described." *Resolution Trust Corp. v. Driscoll*, 985 F.2d 44, 46-48 (1st Cir. 1993).  In contrast, Defense Seven pleads with particularity the circumstances surrounding the misrepresentations and concealment as required by Rule 9(b).

*Second*, AGLIC sufficiently pled materiality. First, Defendants dispute Plaintiff's assertion that solely MPT, not Steward, made the decision to raze, not repair and rebuild, the hospital.  The facts and evidence developing in discovery demonstrate that Steward led the strategic planning, budgeting, permitting, planning, contracting, and development of the replacement hospital at Norwood. Those facts will continue to be developed and ultimately resolved by the factfinder.

Further, Plaintiff mischaracterizes the materiality standard, which AGLIC's proposed Defense Seven plainly meets.  Steward alleges that "[w]here AGLIC does not allege that it made business interruption payments in accordance with any schedule Steward ever prepared . . . there

can be no materiality." Plaintiff Opp. at 17. But to be "considered material, the misrepresentation need not be central to the insurance claim, or even be relied on by the insurance company. It is enough that the misrepresentation was 'relevant to the insurance company's investigation of a claim.'" *Espedito Realty, LLC v. Nat. Fire Ins. Co. of Hartford*, 935 F.Supp.2d 319, 324 (citing *Dadurian v. Underwriters At Lloyd's, London*, 787 F.2d 756, 759-60 (1st Cir. 1986)); *see also Dadurian*, 787 F.2d at 759-60 ("To be considered material, a statement need not 'relate to a matter or subject which ultimately proves to be decisive or significant in the ultimate disposition of a claim'; rather, it is sufficient if the statement was reasonably relevant to the insurance company's investigation of a claim.") (citation omitted, quote cleaned up).

Defense Seven adequately alleges that the repeated concealment and misrepresentation of the plans to raze Norwood Hospital were material to the investigation of the claim. Dkt. 208-1 at ¶¶ 58-63. Time will tell whether a jury agrees that Steward's concealments and misrepresentations were reasonably relevant to the insurance company's investigation of a claim. *See, e.g., In re Cabletron Sys., Inc.*, 311 F.3d 11, 34 (1st Cir. 2002) ("In general, the materiality of a statement or omission is a question of fact that should normally be left to a jury rather than resolved by the court on a motion to dismiss."). But AGLIC sufficiently pled the defense, including by alleging requisite materiality, and it should be allowed to pursue the defense and ultimately submit it to the jury to decide.

*Third*, Plaintiff's claim of prejudice is unfounded. Fact discovery in the case is very much still ongoing, and Defendants are the ones on the receiving end of a significantly prejudicial volume of late-disclosed information. *See, e.g.,* Dkt. 198 (Discovery Master Order 17). Defendants are synthesizing and analyzing the Plaintiff's continually ongoing document production as quickly as possible (including documents produced this past week in accordance

with Discovery Master Order 15). *See* Dkt. 187, 205. But, as demonstrated by the multiple Orders entered by the Special Master repeatedly compelling further discovery from Steward, and the remarkable amount of documents Defendants have received from Steward including in 2026, Defendants were forced to devote significant resources to extracting information from Steward that should have been produced long ago. Some of the most important records relied upon by AGLIC were first produced by Plaintiff just months ago. But the timing of receipt of a record – among a mountain of records – is not sufficient. Defendants needed time to synthesize and analyze the discovery and to evaluate and draft an affirmative defense with sufficient particularity.

Defense Seven was filed during discovery and before most depositions took place. *See Klunder v. Brown Univ.*, 778 F.3d 24, 35 (1st Cir. 2015). Plaintiff subsequently asked AGLIC and Zurich 30(b)(6) witnesses about MPT's ownership of the Norwood Hospital, as it relates to the decision to repair/rebuild or raze/replace Norwood Hospital. *See, e.g.,* Ex. A hereto (Graves Dep. at 222:11-18 (██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████)).

Further, expert discovery has not yet commenced. Plaintiff's expert reports are due April 1, 2026. Plaintiff is also entitled to provide a short addendum to its expert reports based on new documents produced between April 1 and April 20, 2026, by April 24, 2026. Dkt. 198.

To the extent that there is any prejudice, Plaintiff correctly identifies that it can be relieved with limited additional written and expert discovery. Plaintiff's Opp. at 20. AGLIC does not oppose Plaintiff's request for five additional interrogatories, five additional requests for admission, and/or five additional requests for production relating to Defense Seven. Nor does AGLIC oppose

allowing Plaintiff to include any expert opinions related to Defense Seven in its April 24, 2026

expert addendum. However, reopening four witness depositions—two of whom are third-party

witnesses—is unduly burdensome and unnecessary given the other available discovery tools and

the fact that the primary basis for Defense Seven is the documents that Steward possessed for years

but only recently produced to AGLIC.

## **CONCLUSION**

Under the totality of the circumstances, AGLIC acted diligently.  The request to amend the

Answer is the first request filed in this case, and the reason is not for undue delay or prejudice.

AGLIC simply wants to ensure that it can pursue a defense that aligns with the evidence and that

it can present the defense to the jury.  Therefore, the Court should grant AGLIC's Motion and

enter an Order allowing AGLIC to file and serve its Amended Answer and Affirmative and Other

Defenses to Plaintiff's Second Amended Complaint.


Dated: March 24, 2026                          Respectfully submitted,

                                               */s/Ronald S. Safer*

                                               Ronald S. Safer (pro hac vice)
                                               Amy C. Andrews (pro hac vice)
                                               Abigail L. Peluso (pro hac vice)
                                               Lucas T. Rael (pro hac vice)
                                               RILEY SAFER HOLMES & CANCILA LLP
                                               1 South Dearborn Street, Suite 2200
                                               Chicago, Illinois 60603
                                               Tel: (312) 471-8700
                                               Email: rsafer@rshc-law.com
                                                      lrael@rshc-law.com
                                                      aandrews@rshc-law.com
                                                      apeluso@rshc-law.com

                                               Jonathan D. Mutch, Esq. (BBO No. 634543)
                                               Timothy Wenger (BBO No. 674087)
                                               ROBINS KAPLAN LLP

800 Boylston Street, 25th Floor
Boston, MA 02199
Tel: (617) 267-2300
Email: JMutch@RobinsKaplan.com
TWenger@RobinsKaplan.com

Michael Menapace (BBO No. 568841)
Wiggin and Dana, LLP
20 Church Street
Hartford, Connecticut 06103
Telephone: (860) 297-3733
Facsimile: (860) 297-3799
mmenapace@wiggin.com

*Attorneys for Defendants American
Guarantee and Liability Insurance Company
and Zurich American Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 24, 2026 a copy of the foregoing document was filed with the Court via the ECF filing system.  As such, this document will be electronically sent to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

*/s/Ronald S. Safer*