**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

---

MARK KRONFELD, AS TRUSTEE
OF THE SHC CREDITOR
LITIGATION TRUST,

       Plaintiff,

       v.

AMERICAN GUARANTEE AND
LIABILITY INSURANCE COMPANY
and ZURICH AMERICAN INSURANCE
COMPANY,

       Defendants.

Civil Action No. 1:21-cv-11902-PBS

---

**DECLARATION OF JOSH L. LAUNER IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR LEAVE TO FILE MATERIALS UNDER SEAL**

I, Josh L. Launer, do hereby declare and state as follows:

1.      I am an attorney at Todd & Weld LLP, and I represent Plaintiff Mark Kronfeld, as Trustee of the SHC Creditor Trust ("Plaintiff"), in this case.

2.      I have personal knowledge of the facts stated herein and make this declaration in support of *Plaintiff's Motion for Leave to File Materials Under Seal* (the "Motion to Seal"), pursuant to the Court's May 15, 2015 Standing Order re: Sealing Court Documents.

3.      Plaintiff seeks leave to file under seal portions of *Plaintiff's Objection to Section IV(B) of Discovery Master Order No. 22 (ECF No. 224)* (the "Objection") and certain exhibits attached thereto, which are being filed concurrently herewith.

4.      The Confidentiality Stipulation (ECF No. 66) (the "Stipulation") entered in this case allows the parties and third parties to designate materials produced in this litigation as "Confidential," which is defined as follows:

1

"[A]ny material that the producing party in good faith believes (a) contains trade secrets, or proprietary, commercial, financial, technical, competitively sensitive, or other confidential business information or data, and/or (b) contains personally identifiable information . . . and/or which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure."

*See* ECF No. 66 at ¶ 2.

5.      The Stipulation also provides that "[p]ending the expiration of [the] thirty-day period" after a deposition transcript becomes available, deposition "transcripts shall be treated as Confidential Material in their entirety." *Id.* at ¶ 6.

6.      The Stipulation further specifies that "[t]he following information shall not be considered Confidential Material under this Stipulation: . . . (c) information already known to a party through proper means prior to disclosure; and (d) information that is or becomes available to a party from a source other than the party asserting confidentiality that obtained the information lawfully and under no obligation of confidentiality." *Id.* at ¶ 3.

7.      Portions of the Objection quote or describe documents produced in litigation that Plaintiff, Defendant(s), and third parties have designated as "Confidential," pursuant to the Stipulation.  These include the following exhibits:

    a.  Exhibit No. 7.

8.      Portions of the Objection quote or describe deposition testimony that is currently deemed "Confidential," pursuant to the Stipulation.  These include testimony of the following deponents:

    a.  Clifford Hyde;

    b.  Mark Graves;

    c.  Robert Gendron;

    d.  David Soucy;

e.  Chris Kidney; and

f.  Scott Kenyon.

9.      The Stipulation specifies that "[i]f any party seeks to file in Court any Confidential Material or any pleading, motion or other document that contains or describes Confidential Material, . . . they shall seek to file such documents under seal pursuant to Local Rule 7.2 and the Standing Procedural Civil Order Re: Sealing Court Documents (May 15, 2015)." *See* ECF No. 66 at ¶ 12.

10.      Good cause exists to grant the Motion to Seal.  The information referenced in the above-referenced documents comprises confidential business information or data that, if publicly released, may harm the competitive standing of the parties and third parties.  Courts regularly grant motions to seal or redact documents containing similar information.  *See, e.g.*, *Nachbaur ex rel. Bos. Sci. Corp. v. Mahoney*, 2024 WL 3471300, at *1 (D. Mass. Feb. 6, 2024) ("'[S]ources of business information that might harm a litigant's competitive standing' have been found sufficient to outweigh the common law presumption" of public access) (collecting cases).  Importantly, the presence of confidential information involving third parties also weighs in favor of sealing.  *See Nachbaur*, 2024 WL 3471300, at *1 (noting that privacy rights of third parties can limit the presumptive right of access to judicial records); *see also Hayes v. McGee*, No. CIV.A. 10-40095-TSH, 2014 WL 198407, at *5 (D. Mass. Jan. 13, 2014) (same).

11.      Because portions of the Objection quote or describe "Confidential" information, out of an abundance of caution and to respect the designations given to those documents and testimony under the Stipulation, Plaintiff likewise seeks leave to seal those portions of the Objection that contain such quotations and descriptions.  *See Am. Well Corp. v. E-Dental*

*Servs., LLC*, 2024 WL 1809419, at \*2 (D. Mass. Apr. 25, 2024) (approving redactions of paragraphs to a draft Answer and Counterclaim that implicated sensitive business information); *see also Abiomed, Inc. v. Maquet Cardiovascular LLC*, No. CV 16-10914-FDS, 2021 WL 5165010, at \*2 (D. Mass. Nov. 5, 2021) ("The Court and the parties have an interest in efficient discovery, and that interest is furthered by respecting protective orders entered into by joint agreement among the parties.").

12.    On May 29, 2026, I conferred with defense counsel via telephone in advance of filing the Motion to Seal.  Defendants agree with Plaintiff's request for leave to file the above-referenced materials under seal.

I, Josh L. Launer, declare under penalty of perjury that the foregoing is true and correct. Executed on May 29, 2026.

*/s/ Josh L. Launer*
Josh L. Launer