**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

MARK KRONFELD, AS TRUSTEE OF THE
SHC CREDITOR LITIGATION TRUST,

Plaintiff,

v.

AMERICAN GUARANTEE AND LIABILITY
INSURANCE COMPANY and ZURICH
AMERICAN INSURANCE COMPANY,

Defendants.

Civ. Action. No. 21-cv-11902-PBS

**DISCOVERY MASTER ORDER NO. 24:**
**Plaintiff's Interrogatories to Zurich**

The Discovery Master now addresses the Parties' disputes with respect to Plaintiff's Interrogatories. The Defendants objected to ten of Plaintiff's Interrogatories: Interrogatory Nos. 15 and 16-24. Plaintiff requests that Defendants be ordered to respond to these ten Interrogatories.

Pursuant to the Court's Order appointing the undersigned as Discovery Master (ECF 149), the Discovery Master rules as follows.

**A.  Interrogatory No. 15:**

Plaintiff's Interrogatory No. 15 and Defendants' objections thereto are as follows:

15. Identify all persons involved in, and describe any adjustment activities relating to, MPT's claim arising from the Storm **after August 2023**, including, by way of example: (i) analyzing damage to Norwood Hospital, (ii) modifying reserve allocations for MPT's claim, (iii) creating, editing, or saving claim notes or documents for MPT's claims file; or (iv) communicating with consultants retained for the MPT claim.

**OBJECTION**: Zurich American incorporates the Introductory Objections and objections to the Definitions and Instructions, as set forth above. Zurich American objects to this Interrogatory as entirely and expressly prohibited by Discovery Master Order No. 9, which held that Defendants need not produce information pertaining to the MPT claim file after August 2023.

1

Objecting further, Zurich American objects to this Interrogatory as irrelevant, overly broad and unduly burdensome to the extent it seeks all information relating to MPT's claim "after August 2023" with no specified end date. Zurich American further objects to this Interrogatory to the extent it seeks information covered by the attorney-client privilege or attorney work product doctrine. Zurich American further objects that this Interrogatory is a compound interrogatory of four separate interrogatories combined to bypass the limit on total number of interrogatories.

(February 20, 2026 Zurich American's Objections & Responses to Steward's Second Set of Interrogatories).

In its portion of the joint submission on this dispute, Zurich states:

"There is no dispute. Zurich communicated to Plaintiff that it had confirmed there was no MPT claim adjustment activity after August 2023. Defendants further communicated that Plaintiff can explore this issue during depositions."

(Feb. 24, 2026 Joint Redfern Chart at p. 1).

Zurich also argues that Plaintiff's Interrogatory No. 15 is a compound interrogatory that contains at least 2 interrogatories – one asking to "identify all persons" and one asking to "describe any adjustment activities" – and potentially more, given the 4 subparts.

Plaintiff responds that Defendants' objection to Interrogatory No. 15 mischaracterizes the Discovery Master's and Magistrate Judge Kelley's rulings, which determined that Plaintiff is entitled to inquire into whether Zurich conducted adjustment activities after August 2023 for the MPT claim. Plaintiff characterizes any limitations imposed by the Discovery Master as applying solely to document production, and states Plaintiff's understanding that the Discovery Master's expectation was that the issue would be expanded in discovery before the taking of Mr. Graves' deposition. Plaintiff also disputes Zurich's argument that this interrogatory is compound because it contains subparts directed to details of a common theme that should be considered one question.

On November 7, 2025, the Discovery Master issued Order No. 9, which found:

The Discovery Master finds that the cutoff date for the production of the MPT claim file is August 2023. Steward will have the opportunity to test through the deposition testimony of Mr. Graves, or another Zurich representative, whether MPT claims adjustment activity continued past August 2023 or whether the November 2024 payment by Zurich was the result of settlement negotiations between the parties. The questioning, however, may not probe the settlement negotiations, nor Zurich's internal discussions of its settlement positions nor communications with MPT regarding settlement. If that deposition testimony reveals that the claims adjustment process continued beyond August 2023, Steward may renew its request to the Special Master.

(ECF 167).

Plaintiff objected to Order No. 9 (ECF 168), and Magistrate Judge Kelley considered the objection and overruled Plaintiff's objection, and adopted Order No. 9 in its entirety (ECF 178).  Magistrate Judge Kelley explained:

> [T]he Discovery Master chose August 2023, a date after the end of all claims handling activity in Steward's claim, as the cutoff date, but nevertheless left open the possibility that if deposition testimony "reveals that the claims adjustment process continued beyond August 2023," Kronfeld could renew his request.

> This Court finds the Discovery Master's approach reasoned and well-balanced, and no argument Kronfeld raises in his objection suggests that her decision to select August 2023 was "arbitrary" or supports the conclusion that the Order should be disturbed.

(ECF 178 at pp. 7-8).

> Magistrate Judge Kelley further found:

> Kronfeld also objects to the Discovery Master's ruling that his questions at depositions should not probe Zurich and MPT's "settlement negotiations," Zurich's "internal discussions of its settlement positions," or its "communications with MPT regarding settlement." Id.  He claims that such information is "plainly discoverable, directly relevant to [his] claims of bad faith and tortious interference, and proportional to the needs of the case." (#167 at 7.). The Defendants argue that "information about whether, how, why and for how much (Zurich) settled a different lawsuit with MPT concerning a claim under a different policy is not relevant to [Kronfled's] claims asserted here." (#171)(emphasis omitted); *see id*. at 10 ("The Court should not void the confidential resolution of the litigation . . . and undermine the reasonable expectations of confidentiality . . . especially when doing so involves information that is neither relevant nor ultimately admissible.").

> The court agrees with the limitations imposed by the Discovery Master.  Kronfeld does not demonstrate how these topics – Zurich and MPT's settlement negotiations related communications, and Zurich's internal settlement discussions – are relevant to his claims concerning his own policy such that he may pry into them.  These communications were shaped by the unique considerations in the resolution of MPT's claims, and they "reflect compromises that have been negotiated between [the] parties to [that] litigation. [citations omitted]

(ECF 178 at pp. 8-9).

The Discovery Master finds that, as ruled in Order No. 9 and Magistrate Judge Kelley's Order adopting Order No. 9, Defendants have fulfilled their obligations to

3

respond to Interrogatory No. 15 by confirming to Plaintiff that there was no MPT claim adjustment activity after August 2023.  While that confirmation information was not in the form of an interrogatory answer, the Defendants' statements quoted above are deemed to be their response to this Interrogatory.  As previously ruled in clear terms, Plaintiff has been able to explore the issue with clear questions during depositions that steer clear of the MPT/Zurich settlement discussions. No further response is required to Interrogatory No. 15.

The Discovery Master further finds that Plaintiff's Interrogatory No. 15 consists of one interrogatory with multiple subparts pertaining to a common theme.

**B.  Interrogatory Nos. 16-24:**

Plaintiff requests that Zurich be ordered to answer Plaintiff's Interrogatory Nos. 16-24. Plaintiff argues that Zurich has barely answered three of Plaintiff's interrogatories, yet claims that Plaintiff has exceeded the number of interrogatories allowed.  Plaintiff further argues that Zurich has answered only one of Plaintiff's original 14 interrogatories – Interrogatory No. 1 asking Zurich to identify on whose behalf it was answering – and invoked Fed. R. Civ. P 33(d) for another two interrogatories – Interrogatory Nos. 12 and 13- but did not refer to documents in doing so.

Plaintiff also argues that under the Discovery Master's Interim Finding, Defendants still must respond to at least six of Plaintiff's second set of interrogatories.  In addition, Plaintiff argues that Defendants improperly assert that certain interrogatories are "compound" because they contain a substantive inquiry and ask for Zurich to identify individuals with knowledge of that substantive topic, which is inconsistent with the Discovery Master' Interim Finding regarding Interrogatory No. 9 to AGLIC.

Zurich responds that Interrogatory Nos. 1-14 are virtually identical to the AGLIC interrogatories, previously ruled to be compound.  Specifically, Zurich states that Plaintiff's Interrogatory Nos. 10 and 12 to Zurich are identical to Plaintiff's Interrogatory Nos. 10 and 12 to AGLIC, which were ruled to be 2 interrogatories each.  Zurich further states that Zurich Interrogatory No. 14 is identical to AGLIC Interrogatory No. 14 as originally filed, but not the one ruled upon.

Zurich thus calculates 23 interrogatories through Zurich Interrogatory No. 14.  It adds another 2 for Interrogatory No. 15, bringing the total to 25, and therefore claims it is not obligated to respond to Interrogatory Nos. 16-24.

On November 5, 2025, the Discovery Master issued an Interim Finding As Part of Dispute Regarding Number of Interrogatories.  In the Interim Finding, the Parties asked that the Discovery Master make a determination on the actual number of interrogatories that comprise the interrogatories served by Steward to AGLIC for Interrogatory Nos. 9-12, and 14-16. These determinations should be applied to comparable interrogatories to Zurich in the context of resolving this discovery dispute pertaining to Plaintiff's interrogatories. For ease of reference, a

comparisons of the AGLIC versions of ruled-upon interrogatories are set out below, along with the comparable interrogatories to Zurich.

*Interrogatory No. 9 to AGLIC and Ruling on Interrogatory No. 9 to Zurich:*

**Interrogatory No. 9 to AGLIC**: State in complete detail the amount of time AGLIC contends it should have taken for Norwood Hospital to reopen.  Please include in your response each activity which should have been undertaken to reopen the Norwood Hospital, the date each activity should have commenced and the date each activity should have concluded.   Please identify the person or entity who supplied you with information concerning the activity and the amount of time which AGLIC claims the activity should have taken.

**Discovery Master Interim Finding on Nov. 5, 2025**: The Discovery Master found that Interrogatory No. 9 to AGLIC counts as 1 interrogatory.

**Interrogatory No. 9 to Zurich**: State in complete detail the amount of time Zurich contends it should have taken for Norwood Hospital to reopen.  Please include in your response each activity which should have been undertaken to reopen the Norwood Hospital, the date each activity should have commenced and the date each activity should have concluded.  Please identify the person or entity who supplied you with information concerning the activity and the amount of time which Zurich claims the activity should have taken.

**Discovery Master Finding for Interrogatory No. 9 to Zurich**: The Discovery Master finds that this Interrogator is virtually identical to the AGLIC version, and likewise counts as 1 interrogatory.

*Interrogatory No. 10 to AGLIC and Ruling on Interrogatory No. 10 to Zurich:*

**Interrogatory No. 10 to AGLIC**: State in complete detail all state, federal and local permits or approvals which are required to reopen the Norwood Hospital. For each state, federal and local permit or approval required to reopen the Norwood Hospital, please set forth in full and complete detail any prerequisites which must be achieved before applying for or otherwise seeking said permit or approval and the total length of time you contend it would take to obtain and procure the particular permit or approval. For each particular permit or approval, set forth in full and complete detail the person or entity who provided you with the information necessary to supply your response.

**Discovery Master Interim Finding on Nov. 5. 2025**: The Discovery Master found that Interrogatory No. 10 counts as 2 interrogatories.  The listing of permits and approvals is an independent question from the requirements of the various permits and/or approvals.  The individuals or entities who provide information for each of these interrogatories is part of the same interrogatory and flows naturally from providing the answers to these questions.

**Interrogatory No. 10 to Zurich**: State in complete detail, all state, federal and local permits or approvals which are required to reopen the Northwood Hospital. For each state, federal and local permit or approval required to reopen the Norwood Hospital, please set forth in

full and complete detail any prerequisites which must be achieved before applying for or otherwise seeking said permit or approval and the total length of time you contend it would take to obtain and procure the particular permit or approval. For each particular permit or approval, set forth in full and complete detail the person or entity who provided you with the information necessary to supply your response.

**Discovery Master Finding for Interrogatory No. 10 to Zurich**: The Discovery Master finds that this Interrogatory is virtually identical to the AGLIC version, and counts as 2 interrogatories.

*Interrogatory No. 11 to AGLIC and Ruling on Interrogatory No. 11 to Zurich:*

**Interrogatory No. 11 to AGLIC**: For each piece of equipment or personal property for which AGLIC has failed to tender payment to Steward in the amount sought by Steward through its Proof of Loss, please identify the particular piece of equipment and identify whether AGLIC contends that as a result of the Storm the particular piece of equipment or personal property is suitable for use in a hospital setting.

**Discovery Master Interim Finding on Nov. 5, 2025**: The Discovery Master found that Interrogatory No. 11 counts as 1 interrogatory.

**Interrogatory No. 11 to Zurich**: For each piece of equipment or personal property for which AGLIC has failed to tender payment to Steward in the amount sought through its Proof of Loss, please identify the particular piece of equipment and identify whether Zurich and/or AGLIC contends that as a result of the Storm the particular piece of equipment or personal property is suitable for use in a hospital setting.

**Discovery Master Finding for Interrogatory No. 11 to Zurich**: The Discovery Master finds that this Interrogatory is virtually identical to the AGLIC version, and counts as 1 interrogatory.

*Interrogatory No. 12 to AGLIC and Ruling on Interrogatory No. 12 to Zurich:*

**Interrogatory No. 12 to AGLIC**: For each piece of equipment or personal property identified in Answer to Interrogatory No. 11, please set forth in full and complete detail all facts which support AGLIC's decision to not tender full payment to Steward as requested and please set forth each provision of the Policy which entitled AGLIC to refuse or deny payment.

**Discovery Master Interim Finding on Nov. 5, 2025**: The Discovery Master found that Interrogatory No. 12 counts as 2 interrogatories. One pertains to all facts supporting decisions, and the other to policy provisions.

**Interrogatory No. 12 to Zurich**: For each piece of equipment or personal property identified in Answer to Interrogatory No. 11, please set forth in full and complete detail all facts which support AGLIC's decision to not tender full payment as requested and please set forth each provision of the Policy which entitled AGLIC to refuse or deny payment.

6

**Discovery Master Finding for Interrogatory No. 12 to Zurich**: The Discovery Master finds that this Interrogatory is virtually identical to the AGLIC version, and counts as 2 interrogatories.

*Interrogatory No. 14 to AGLIC and Ruling on Interrogatory No. 14 to Zurich:*

**Interrogatory No. 14 to AGLIC**: For each of the affirmative defenses set forth in AGLIC's Answer to Steward's Complaint state the factual basis for the affirmative defense.

**Discovery Master Interim Finding on Nov. 5, 2025**: The Discovery Master found that Interrogatory No. 14 counts as 6 interrogatories.  Each affirmative defense counts as its own interrogatory.

**Interrogatory No. 14 to Zurich**: For each of the affirmative defenses set forth in Zurich's Answer to Steward's Complaint (a) state the factual basis for the affirmative defense, and (b) identify all persons with knowledge of the facts underlying such affirmative defense(s), specifying the facts and affirmative defenses of which each named individual has knowledge.

**Discovery Master Finding for Interrogatory No. 14 to Zurich:** The Discovery Master finds that, as with the corresponding interrogatory to AGLIC, each interrogatory directed to an affirmative defense counts as one interrogatory.

To the extent that these comparable rulings for Interrogatory Nos. 9-12, 14, and the ruling above pertaining to Interrogatory No. 15 do not put Plaintiff over its limit for interrogatories to Zurich, the Discovery Master rules as follows on the number of interrogatories for Interrogatory Nos. 16-24.

Interrogatory No. 16: Regardless of whether relied upon or referenced by the claims professional(s) handling the MPT or Steward claims, identify all policies, guidelines, manuals, or internal procedures relating to (i) large or major losses or claims; (ii) healthcare, health facility, or medical equipment related claims; or (iii) when a conflict of interest arises in the joint adjustment of claims involving multiple insureds.

**Discovery Master Finding for Interrogatory No. 16 to Zurich:** The Discovery Master finds that Interrogatory No. 16 counts as 3 interrogatories, with each subpart requesting a distinct area of inquiry.

Interrogatory No. 17: If anyone at Zurich, AGLIC, or any other entity raised concerns that Mark Graves should not concurrently adjust both Steward's and MPT's claims arising from the Norwood Hospital loss, state the substance of those communications, including dates and participants.

**Discovery Master Finding for Interrogatory No. 17 to Zurich:** The Discovery Master find that Interrogatory No. 17 counts as 1 interrogatory.

Interrogatory No. 18: Identify the date on which Zurich obtained a "final scope of damage" for Norwood Hospital as represented in Zurich's March 5, 2021 (incorrectly dated as March 5, 2020), correspondence to MPT, attached hereto as **Exhibit A**.

**Discovery Master Finding for Interrogatory No. 18 to Zurich:** The Discovery Master find that Interrogatory No. 18 counts as 1 interrogatory.

Interrogatory No. 19: State whether Zurich obtained any "updated proposal . . . from Shawmut" and provided this updated proposal to MPT or any other entity as represented in Zurich's March 5, 2021 (incorrectly dated as March 5, 2020), correspondence to MPT. **Ex. A**.

**Discovery Master Finding for Interrogatory No. 19 to Zurich:** The Discovery Master find that Interrogatory No. 19 counts as 1 interrogatory.

Interrogatory No. 20: Identify every expert Zurich retained in connection with the adjustment of MPT's claim and the date on which Zurich entered into a retention or engagement agreement.

**Discovery Master Finding for Interrogatory No. 20 to Zurich:** The Discovery Master find that Interrogatory No. 20 counts as 1 interrogatory.

Interrogatory No. 21: Identify all instances since January 1, 2019 in which a court or jury determined that Zurich violated M.G.L. c. 176D.

**Discovery Master Finding for Interrogatory No. 21 to Zurich:** The Discovery Master find that Interrogatory No. 21 counts as 1 interrogatory.

Interrogatory No. 22: Identify the date on which Zurich contends that construction work on repairing Norwood Hospital could have commenced.

**Discovery Master Finding for Interrogatory No. 22 to Zurich:** The Discovery Master find that Interrogatory No. 22 counts as 1 interrogatory.

Interrogatory No. 23: Identify the date on which Zurich contends that MPT could have returned Norwood Hospital to service.

**Discovery Master Finding for Interrogatory No. 23 to Zurich:** The Discovery Master find that Interrogatory No. 23 counts as 1 interrogatory.

Interrogatory No. 24: Identify every individual who adjusted, supervised, or otherwise participated in the adjustment activity of MPT's claim on Zurich's behalf.

**Discovery Master Finding for Interrogatory No. 24 to Zurich:** The Discovery Master find that Interrogatory No. 24 counts as 1 interrogatory.

## C.  Zurich's Obligations to Respond to Interrogatories

To the extent that Plaintiff proffered interrogatories in excess of those allowed in this matter, the Discovery Master finds that Zurich is not obligated to respond to such interrogatories. The Discovery Master notes, however, that many of the topics in Plaintiff's Second Set of Interrogatories (Interrogatory Nos. 15-24) can easily be explored in depositions of Defendants' witnesses.

To the extent that Zurich invoked Fed. R. Civ. P. 33(d) in any of its interrogatory responses, but did not specify the documents or records that purportedly contain the requested information, it shall do so within a week of this ruling.  Rule 33(d) provides:

> (d) Option to Produce Business Records. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Subpart (1) of this rule unambiguously requires that the records that must be reviewed be specified "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."  Fed. R. Civ. P. 33(d)(1). Defendants shall comply with this requirement of the Rule.

If there is a dispute about whether compliance has occurred, it shall be raised to the Discovery Master within 7 days of this Order, in a joint Redfern Chart process, supplemented by letter briefs of up to 3 pages, if necessary.  Any such letter briefs shall be in numbered paragraphs corresponding to the number of the disputed issue on the Redfern Chart.

**SO ORDERED**

Dated: June 2, 2026                         /s/ *Faith S. Hochberg*_____
                                            Hon. Faith S. Hochberg, U.S.D.J. (ret.)

9