**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

MARK KRONFELD, AS TRUSTEE OF
THE SHC CREDITOR LITIGATION
TRUST,

Plaintiff,

v.

AMERICAN GUARANTEE AND
LIABILITY INSURANCE COMPANY and
ZURICH AMERICAN INSURANCE
COMPANY,

Defendants.

Civil Action No. 1:21-cv-11902 – PBS

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S DENIAL**
**OF PLAINTIFF'S EMERGENCY MOTION TO STAY SECTION IV(B) OF**
**DISCOVERY MASTER ORDER NO. 22 (ECF NO. 224)**

Plaintiff Mark Kronfeld, as Trustee of the SHC Creditor Litigation Trust ("**Plaintiff**"),

respectfully moves this Court pursuant to Fed. R. Civ. P. 54(b), Fed. R. Civ. P. 60(b)(1), and the

Court's inherent authority for reconsideration of its June 2, 2026 Electronic Order (Dkt. 242)

denying Plaintiff's Emergency Motion to Stay Section IV(B) of Discovery Master Order No. 22

(ECF No. 224) (the "**Stay Motion**") as untimely. The Court's Order stated that the Stay Motion

was filed "after the due dates for the documents." The Court's untimeliness finding appears to have

been based on the original May 26, 2026 production deadline set forth in Order No. 22, which the

Discovery Master extended to May 29, 2026 prior to the filing of the Stay Motion. Plaintiff

disclosed the extension in the Stay Motion, but respectfully submits that this extension was likely

inadvertently overlooked because it was disclosed only in a footnote to the Stay Motion. To ensure

there is no further ambiguity, Plaintiff now attaches the email exchange granting the extension as

Exhibit A and asks the Court to reconsider its Order and rule on the Stay Motion on the merits.

1

## I.    BACKGROUND

On May 14, 2026, the Discovery Master issued Order No. 22, which addressed the parties' disputes regarding the withholding of communications with third parties on privilege and work product grounds. The Order required Plaintiff to produce certain documents by May 26, 2026, and to provide documents for in camera inspection by May 29, 2026.

On May 21, 2026, Plaintiff's counsel, Mr. Launer, emailed the Discovery Master and copying all counsel requesting a brief extension of: (i) the deadline to file any objection to Order No. 22, and (ii) the deadline to produce documents pursuant to those portions of the Order not being challenged. *See* **Exhibit A**. Mr. Launer's request expressly disclosed that Plaintiff anticipated filing an objection to the Order on May 29. The Discovery Master granted the extension that same day, moving both deadlines to May 29, 2026, *id.*, as she is authorized to do pursuant to the Order Appointing the Discovery Master. *See* ECF No. 149 § I(B)(2) (Discovery Master may extend deadlines upon a finding of good cause); *id.* § III (Discovery Master may extend default seven-day objection period where "warranted under the circumstances."). A true and correct copy of this email exchange is attached hereto as Exhibit A.

On May 29, 2026, in accordance with the extended deadline, Plaintiff filed both an Objection to Section IV(B) of Order No. 22 and the Stay Motion. The Stay Motion sought a temporary stay solely for the limited period necessary for this Court to resolve the Objection, which challenges the Discovery Master's ruling compelling production of over 4,500 communications involving CREF employees.

The Stay Motion disclosed the extension in Footnote 1, which stated: "The Order originally required Plaintiff to produce all responsive documents by May 26. On May 21, however, the Discovery Master granted Plaintiff an extension, extending the production deadline to May 29." Plaintiff acknowledges that the placement of this critical fact in a footnote, rather than in the body

of the motion, may have contributed to the Court's understandable misapprehension that the Stay Motion was filed after the applicable deadlines.

On June 2, 2026, the Court entered an Electronic Order denying the Stay Motion as untimely, stating that it was filed "after the due dates for the documents." Following the Court's Order, Plaintiff's counsel emailed the Courtroom Clerk to bring the extension to the Court's attention but has not received a response.

## II.    ARGUMENT

The Court's denial of the Stay Motion rested on its finding that the motion was filed "after the due dates for the documents." But as the attached correspondence confirms, the Discovery Master extended that deadline to May 29, which is the date Plaintiff filed the Stay Motion and Objection.

Pursuant to Fed. R. Civ. P. 54(b), "the [C]ourt can revise an interlocutory order at any time prior to entry of a judgment adjudicating all claims." *In re Nexium (Esomeprazole) Antitrust Litig.*, 42 F. Supp. 3d 231, 284 (D. Mass. 2014); *see also Geffon v. Micrion Corp.*, 249 F.3d 29, 38 (1st Cir. 2001) ("[t]he district court has discretion to reconsider previous rulings"). Under Fed. R. Civ. P. 60(b)(1), a court may relieve a party from a final order based on "mistake, inadvertence, surprise, or excusable neglect." The First Circuit has held that reconsideration is appropriate where the court "has made an error not of reasoning but apprehension." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 82 (1st Cir. 2008) (citation omitted).

The Court's Order appears not to have had the benefit of considering the extension when assessing timeliness. The extension was disclosed in Footnote 1 of the Stay Motion, and Plaintiff takes responsibility for its placement in a footnote rather than in the body of the motion.

3

The Stay Motion was filed on May 29, 2026, the same day as the extended deadline. Plaintiff therefore respectfully requests that the Court vacate its June 2 Order and consider the Stay Motion on the merits, in conjunction with Plaintiff's contemporaneously filed Objection.

### III.    CONCLUSION

WHEREFORE, Plaintiff Mark Kronfeld, as Trustee of the SHC Creditor Litigation Trust, respectfully requests that this Court enter an order vacating its June 2, 2026 Electronic Order denying the Stay Motion as untimely, ruling on the Stay Motion on its merits, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

**MARK KRONFELD, AS TRUSTEE OF THE SHC CREDITOR LITIGATION TRUST,**

By their Attorneys,

*/s/ Josh L. Launer*
Howard M. Cooper (BBO No. 543842)
Seth J. Robbins (BBO No. 655146)
Josh L. Launer (BBO No. 673661)
**TODD &WELD LLP**
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
hcooper@toddweld.com
srobbins@toddweld.com
jlauner@toddweld.com

--and--

William T. Reid IV (*pro hac vice*)
Jeremy Wells (*pro hac vice*)
Barbara Whiten Balliette (*pro hac vice*)
Julia P. Gokhberg (*pro hac vice*)
**REID COLLINS & TSAI LLP**
1301 S. Capital of Texas Hwy.
Building C, Suite 300
Austin, Texas 78746
Tel: (512) 647-6100
wreid@reidcollins.com
jwells@reidcollins.com
bballiette@reidcollins.com
jgokhberg@reidcollins.com

Jeffrey E. Gross (*pro hac vice*)
Yonah Jaffe (*pro hac vice*)
**REID COLLINS & TSAI LLP**
420 Lexington Avenue, Suite 2515
New York, NY 10170
Tel.: (212) 344-5200
jgross@reidcollins.com
yjaffe@reidcollins.com

Dated: June 4, 2026

5

**RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), counsel for the Plaintiff conferred with Defendants' counsel and Defendants oppose this motion.

*/s/ Josh L. Launer*
Josh L. Launer


**CERTIFICATE OF SERVICE**

I, Josh L. Launer, hereby certify that the foregoing document was filed through the Court's CM/ECF system on June 4, 2026, and will therefore be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Josh L. Launer*
Josh L. Launer