**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| |
|---|
| MARK KRONFELD, as Trustee of the SHC Creditor Litigation Trust, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY, <br><br> Defendants. |

Civil Action No. 1:21-cv-11902 – PBS

**DECLARATION OF LUCAS THOR RAEL IN SUPPORT OF**
**DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL**

I, Lucas Thor Rael, declare and state as follows:

1.      I am an attorney at Riley Safter Holmes & Cancila, LLP, and I represent Defendants American Guarantee and Liability Insurance Company ("AGLIC") and Zurich American Insurance Company ("Zurich") in this case.

2.      I have personal knowledge of the facts contained herein and submit this declaration in support of Defendants' Motion to File Materials Under Seal, filed concurrently herewith, pursuant to the Court's Standing Procedural Civil Order Regarding Sealing Court Documents dated May 15, 2015.

3.      Defendants seek leave to file under seal four exhibits to Defendants' forthcoming Opposition to Plaintiff's Motion to Reconsider Emergency Stay ("Opposition"). Each of these exhibits are documents previously withheld by Plaintiff under the attorney-client privilege and/or as attorney work product. Under Discovery Master Order No. 22 (ECF No. 224), Plaintiff was

ordered to produce certain communications with third-parties. On May 29, 2026, Plaintiff produced 397 records, including the following:

- **Exhibit A (STEWARD02051539)**, which is an email from CREF-employee Chris Kidney to a group of third-party consultants who assisted Steward in preparing their claim for insurance, copying Steward in-house lawyer Nathalie Hibble**;**

- **Exhibit B (STEWARD02051532)**, which is an email string that includes communications from CREF-employee Chris Kidney to a group of third-party consultants who assisted Steward in preparing their claim for insurance, copying Steward in-house lawyer Nathalie Hibble;

- **Exhibit C (STEWARD01535466)**, which is an email from NFA, Steward's independent public adjuster, to CREF employees and Steward in-house lawyer Nathalie Hibble; and

- **Exhibit D** (**STEWARD02053173)**, which is an email sent by CREF employee Chris Kidney to a group of third-party consultants, copying Steward in-house lawyer Nathalie Hibble.

4.    In addition to attaching these exhibits, Defendants' Opposition brief quotes from, references, and describes these documents.

5.    Exhibits A, B, C, and D were also all designated as "Confidential" pursuant to the Confidentiality Stipulation (ECF No. 66) entered in this case.

6.    The Confidentiality Stipulation allows the parties and third-parties to designate materials produced in this litigation as "Confidential", which is defined in the Stipulation as follows:

> "[A]ny material that the producing party in good faith believes (a) contains trade secrets, or proprietary, commercial, financial, technical, competitively sensitive, or other confidential business information or data, and/or (b) contains personally identifiable information . . . which the producing party believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure."

ECF No. 66 ¶ 2.

7.      The Confidentiality Stipulation specifies that "[i]f any party seeks to file in Court any Confidential Material or any pleading, motion or other document that contains or describes Confidential Material, . . . they shall seek to file such documents under seal pursuant to Local Rule 7.2 and the Standing Procedural Civil Order Re: Sealing Court Documents (May 15, 2015)" *Id.* ¶ 12.

8.      Good cause exists to grant Defendants' motion to seal. First, production has been ordered subject to clawback.  To protect Plaintiff's ability to later argue that these materials should be clawed back, these materials should remain under seal.

9.      Second, the information referenced in these documents comprises confidential business information or data that, if publicly released, may harm the competitive standing of the Parties or the third-parties. Courts regularly grant motions to seal or redact documents containing similar information. *See, e.g.*, *Nachbaur ex rel. Bos. Sci. Corp. v. Mahoney*, No. 23-10750-FDS, 2024 WL 3471300, at *1 (D. Mass. Feb. 6, 2024) ("'[S]ources of business information that might harm a litigant's competitive standing' have been found sufficient to outweigh the common law presumption [of public access].") (collecting cases); *see also In re Gitto Glob. Corp.*, 422 F.3d 1, 6 (1st Cir. 2005) (noting court's authority to prevent disclosure of "sources of business information that might harm a litigant's competitive standing") (citation omitted)). The involvement of confidential business information disclosed by third-parties also weighs in favor of sealing. *Roy v. FedEx Ground Package Sys., Inc.*, No. 3:17-cv-30116-KAR, 2024 WL 1346478 at *2 (D. Mass. Mar. 29, 2024) (approving redactions in light of "the First Circuit's directive that courts should take into account the privacy interests of third parties"); *Nachbaur*, 2024 WL 3471300, at *1 (noting that privacy rights of third parties can limit the presumptive right of access to judicial records).

10.     On June 4, 2026, I attempted to confer with counsel for Plaintiff via email to see whether he agreed with these requests. Plaintiff filed his reconsideration motion at 4:14 p.m. ET. *See* ECF No. 252. I emailed counsel at 5:14 p.m. ET to inform them that Defendants intended to file an opposition that included exhibits that were produced subject to Discovery Master Order No. 22.  I asked counsel whether they would agree to Defendants seeking leave to file the exhibits under seal. As of the time of this filing, counsel has not yet responded regarding Plaintiff's position.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 4, 2026                                  */s/Lucas Thor Rael*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 4, 2026, a copy of the foregoing document was filed with the Court via the ECF filing system.  As such, this document will be electronically sent to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

*/s/Ronald S. Safer*