# EXHIBIT J

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| MARK KRONFELD, AS TRUSTEE OF THE SHC CREDITOR LITIGATION TRUST, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY, <br><br> Defendants. | Civil Action No. 1:21-cv-11902-PBS |

**PLAINTIFF'S SECOND SUPPLEMENTAL ANSWERS TO AMERICAN GUARANTEE
AND LIABILITY INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES**

Plaintiff Mark Kronfeld, as Trustee of the SHC Creditor Litigation Trust ("Plaintiff")

hereby objects and provides supplemental responses to Defendant American Guarantee and

Liability Insurance Company's ("AGLIC") First Set of Interrogatories as follows:

**Preliminary Statement and Reservation of Rights**

1.      Plaintiff hereby expressly reserves and does not waive or prejudice any objections

it may later assert, including, without limitation, objections as to the competency, authenticity,

relevance, materiality or admissibility of any information sought by or provided in response to

the Interrogatories.

2.      Plaintiff's answers to the Interrogatories are based upon information now

available to it.  Plaintiff expressly reserves the right to complete its legal investigation and

discovery of the facts and to rely, at the time of trial or in other proceedings, upon documents

and information provided regardless of whether such documents or information are newly

1

plausible; however, pursuant to Fed. R. Civ. P. 33(d), responsive information can be found in documents produced in this action, which include, but are not limited to, the following: STEWARD00986033, which is a meeting invite entitled "MPT / Norwood POL Review," and which contains the identity of individuals with relevant knowledge on this subject.

5.      IDENTIFY all architects, vendors, contractors, consultants, or other third parties retained to design, build, supervise or otherwise perform work connected with either renovating or rebuilding Norwood Hospital, whether or not such renovations and rebuilding was completed, from January 1, 2018 to present.

**ANSWER NO. 5:**

Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome, as it seeks information unrelated to the weather event at issue. Plaintiff further objects to the extent that the phrase "design, build, supervise or otherwise perform work connected with either renovating or rebuilding" is vague, ambiguous and subject to multiple interpretations. Plaintiff also objects on the grounds that the interrogatory seeks discovery that is not proportional to the needs of the case and requests information that AGLIC has previously received. Additionally, Plaintiff objects to the extent the interrogatory seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving its objections, Plaintiff states:

Pursuant to Fed. R. Civ. P. 33(d), see documents to be produced by Steward. Further answering, since the weather event, the following entities were retained to provide services, including but not limited to the repair and rebuild of the Hospital.

- Array Architects, Inc.: Architectural planning and design; healthcare specialists;

- Code Red Consultants: Life safety, building and accessibility code consultants;

- Continental Machinery: Mechanical, electrical and plumbing loss assessment consultants;

- BR+A Consulting Engineers: MEP and fire protection engineering services;

- Suffolk Construction: Construction services;

- Consigli Construction Co. Inc.: Pre-construction services; and

- Cref: General construction and operations consulting.

**SUPPLEMENTAL ANSWER NO. 5:**

Plaintiff further identifies the following entities that provided services related to the WEATHER EVENT and the repair and rebuilding of Norwood Hospital:

- Environmental Health & Engineering, Inc.: environmental health and engineering services;

- Gale Associates, Inc.: engineering analysis concerning damage to, and repair of, the building envelope, roof, and exterior walls;

- Tremco/Weatherproofing Technologies, Inc.: flooring and building materials consultant;

- North S.Tarr Concrete Consulting, P.C.: flooring consultant;

- Simpson Gumpertz, & Heger, Inc.: structural engineer and water infiltration analysis;

- Thyssenkrupp Elevator Corporation: elevator consultant;

- L.A. Fuess Partners: structural engineers;

- Green Seal Environmental, LLC.: evaluated the flood damage in certain areas of the property of the Hospital.

- GE Healthcare Inc./GE Precision Healthcare LLC/GE Medical Systems Ultrasound Primary Care Diagnostics, LLC: diagnostic and imaging equipment vendor;

- Philips Healthcare: diagnostic and imaging equipment vendor;

- Hologic, Inc.: diagnostic and imaging equipment vendor;

- Siemens Medical Solutions USA, Inc./Siemens Healthineers: diagnostic and imaging equipment vendor;

- Konica Minolta Healthcare Americas, Inc.: diagnostic and imaging equipment vendor;

- Draeger, Inc.: diagnostic and imaging equipment vendor.

Additionally, Plaintiff, Defendant, and dozens of third parties have collectively produced hundreds of thousands of documents.  Identification of all documents arguably relevant to this Interrogatory is not plausible; however, pursuant to Fed. R. Civ. P. 33(d), responsive information can be found in documents produced in this action, which include, but are not limited to, the following:

- **STEWARD00000345**, a "List of Contacts" identifying individuals and entities responsible for investigating and overseeing damage related to the WEATHER EVENT, including a description of each entity's or individual's "Scope of Assignment."

- **STEWARD01188582**, which includes two organizational charts—one labeled "Steward/MPT," identifying individuals and entities working on behalf of Steward and MPT in evaluating the damage from the WEATHER EVENT and reopening Norwood Hospital, and another labeled "Zurich (BI/Property*),"

11

identifying individuals and entities retained by AGLIC/Zurich in adjusting the claim.

Plaintiff reserves the right to supplement this response as discovery continues.

6.      IDENTIFY all engineers, original equipment manufacturers, service providers, consultants, or other third parties retained to test, inspect, service, certify, repair, restore or otherwise perform work connected with any equipment or medical supplies within Norwood Hospital from January 1, 2018 to present.

**ANSWER NO. 6:**

Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to the extent that the phrase "test, inspect, service, certify, repair, restore or otherwise perform work" is vague, ambiguous and subject to multiple interpretations. Plaintiff also objects on the grounds that the interrogatory seeks discovery that is not proportional to this case and requests information that AGLIC has previously received. Additionally, Plaintiff objects to the extent that the interrogatory seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving its objections, Plaintiff states:

Pursuant to Fed. R. Civ. P. 33(d), see documents to be produced by Steward. Further answering, the following were retained to provide services regarding Steward's equipment or medical supplies:

- L.A. Fuess Partners: Structural engineers;
- Green Seal Environmental, Inc.: Civil engineers;
- BR+A Consulting Engineers LLC;
- GE: Diagnostic and equipment vendor;

As to objections only,

MARK KRONFELD, AS TRUSTEE OF THE SHC
CREDITOR LITIGATION TRUST,

By their Attorneys,


*/s/ Seth J. Robbins*
Howard M. Cooper (BBO No. 543842)
Seth J. Robbins (BBO No. 655146)
Samuel M. Myers (BBO No. 711471)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
hcooper@toddweld.com
srobbins@toddweld.com
smyers@toddweld.com

Dated: January 13, 2026


**CERTIFICATE OF SERVICE**

I, Samuel M. Myers hereby certify that on January 13, 2026, I caused the foregoing document to be served via email upon all counsel of record:


*/s/ Samuel M. Myers*
Samuel M. Myers

38

**VERIFICATION**

I, the undersigned, am the trustee of the SHC Creditor Litigation Trust.  I have reviewed *Plaintiff's Second Supplemental Answers to American Guarantee and Liability Insurance Company's First Set of Interrogatories* and, based on information obtained from other authorized representatives of Plaintiff, believe them to be true and accurate.  The responses provided are, to the best of my knowledge, based on information currently available and recollected in the course of preparing these responses, subject to any inadvertent or undiscovered errors.  Plaintiff reserves the right to amend these responses should omissions or errors be identified or if more accurate information becomes available.  Subject to these qualifications, I affirm that the responses are true to the best of my knowledge, information, and belief.

Signed under the pains and penalties of perjury on this 12th day of January 2026:

**Mark Kronfeld**
**Trustee, SHC Creditor Litigation Trust**