## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

MARK KRONFELD, as Trustee of the SHC
Creditor Litigation Trust,

Plaintiff,

v.

AMERICAN GUARANTEE AND
LIABILITY INSURANCE COMPANY and
ZURICH AMERICAN INSURANCE
COMPANY,

Defendants.

Civil Action No. 1:21-cv-11902 – PBS

### DECLARATION OF LUCAS THOR RAEL IN SUPPORT OF
### DEFENDANTS' MOTION TO FILE MATERIALS UNDER SEAL

I, Lucas Thor Rael, declare and state as follows:

1.    I am an attorney at Riley Safter Holmes & Cancila, LLP, and I represent Defendants American Guarantee and Liability Insurance Company ("AGLIC") and Zurich American Insurance Company ("Zurich") in this case.

2.    I have personal knowledge of the facts contained herein and submit this declaration in support of Defendants' Motion to File Materials Under Seal, filed concurrently herewith, pursuant to the Court's Standing Procedural Civil Order Regarding Sealing Court Documents (May 15, 2015).

3.    Defendants seek leave to file under seal 23 exhibits to Defendants' forthcoming Response in Opposition to Plaintiff's Objection to Section IV(B) of Discovery Master Order No. 22 ("Opposition").

4.      **Exhibits A, G, H,** and **I** are portions of deposition transcripts that have been designated as Confidential under the terms of the Confidentiality Stipulation (Dkt. 66) entered in this case:

- **Exhibit A** is the deposition transcript of CREF employee Robert Gendron**;**

- **Exhibit G** is the deposition transcript of CREF employee Chris Kidney;

- **Exhibit H** is the deposition transcript of CREF employee David Soucy; and

- **Exhibit I** is the deposition transcript of CREF employee Scott Kenyon.

In each, the witnesses testify to confidential business information as defined by the Confidentiality Stipulation.

5.      **Exhibits B, C, D, E,** and **F** are exhibits from the deposition of Mr. Gendron. Each of these exhibits are confidential contractual agreements between CREF and Steward. All of the exhibits have been designated as Confidential under the terms of the Confidentiality Stipulation entered in this case.

6.      **Exhibits K, L, M, N, O, P, Q, R, S, T, U, V, W,** and **X** are documents previously withheld by Plaintiff under the attorney-client privilege and/or as attorney work product. Under Discovery Master Order No. 22 (Dkt. 224), Plaintiff was ordered to produce certain communications with third-parties, subject to clawback. On May 29, 2026, Plaintiff produced 397 records, including the following:

- **Exhibit K (STEWARD02051539)**, which is an email from CREF-employee Chris Kidney to a group of third-party consultants who assisted Steward in preparing their claim for insurance, copying Steward in-house lawyer Nathalie Hibble**;**

- **Exhibit L (STEWARD02051532)**, which is an email string that includes communications from CREF-employee Chris Kidney to a group of third-party consultants who assisted Steward in preparing their claim for insurance, copying Steward in-house lawyer Nathalie Hibble;

- **Exhibit M (STEWARD01535466)**, which is an email from NFA, Steward's independent public adjuster, to CREF employees and Steward in-house lawyer Nathalie Hibble;

- **Exhibit N (STEWARD01436765)**, which is an email from NFA to CREF employees. Steward in-house counsel Nathalie Hibble is copied on the email;

- **Exhibit O (STEWARD02053103)**, which is an email chain involving CREF employees and other of Steward's third-party consultants. Steward in-house counsel Nathalie Hibble is copied on the email;

- **Exhibit P (STEWARD02053220)**, which is an email chain involving CREF employees and other of Steward's third-party consultants. Steward in-house counsel Nathalie Hibble is copied on the email;

- **Exhibit Q (STEWARD01536718)**, which is a meeting invite involving CREF employees and other of Steward's third-party consultants. Steward in-house counsel Nathalie Hibble is copied on the invite; and

- **Exhibit R (STEWARD01536771)**, which is a report attached to the invite at **Exhibit Q**.

On June 5, 2026, Plaintiff re-produced records falling within the scope of the Discovery Master Order No. 22 that previously had been produced with redactions, including the following:

- **Exhibit S (STEWARD1362946)**, which is a previously redacted version of an email thread involving employees of NFA and CREF. **Exhibit T** is the recently produced unredacted version of the email;

- **Exhibit U (STEWARD01317628)**, which is a previously redacted email from CREF employee Chris Kidney to employees of NFA and consultant BR + A, copying Steward in-house counsel Nathalie Hibble. **Exhibit V** is the recently produced unredacted version of the email; and

- **Exhibit W (STEWARD01326224)**, which is a previously redacted email chain and attachment sent by CREF employee Scott Kenyon to other CREF employees, NFA employees, and Ms. Hibble. **Exhibit X** is the recently produced unredacted version of the email and attachment.

7. **Exhibits K, L, M, N, O, P, Q, R, S, T, U, V, W,** and **X** have also been designated as Confidential by Plaintiff pursuant to the Confidentiality Stipulation entered in this case.

8. In addition to attaching these exhibits, Defendants' Opposition brief quotes from, references, and describes these documents.

9.    The Confidentiality Stipulation allows the parties and third-parties to designate materials produced in this litigation as "Confidential", which is defined in the Stipulation as follows:

> "[A]ny material that the producing party in good faith believes (a) contains trade secrets, or proprietary, commercial, financial, technical, competitively sensitive, or other confidential business information or data, and/or (b) contains personally identifiable information . . . which the producing party believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure."

Dkt. 66 ¶ 2.

10.    The Confidentiality Stipulation specifies that "[i]f any party seeks to file in Court any Confidential Material or any pleading, motion or other document that contains or describes Confidential Material, . . . they shall seek to file such documents under seal pursuant to Local Rule 7.2 and the Standing Procedural Civil Order Re: Sealing Court Documents (May 15, 2015)" *Id.* ¶ 12.

11.    Good cause exists to grant Defendants' motion to seal. First, the Special Master ordered production subject to clawback. To protect Plaintiff's ability to later argue that these materials should be clawed back, these materials should remain under seal.

12.    Second, the information referenced in these documents comprises confidential business information or data that, if publicly released, may harm the competitive standing of the Parties or the third-parties. Courts regularly grant motions to seal or redact documents containing similar information. *See, e.g.*, *Nachbaur ex rel. Bos. Sci. Corp. v. Mahoney*, No. 23-10750-FDS, 2024 WL 3471300, at *1 (D. Mass. Feb. 6, 2024) ("'[S]ources of business information that might harm a litigant's competitive standing' have been found sufficient to outweigh the common law presumption [of public access].") (collecting cases); *see also In re Gitto Glob. Corp.*, 422 F.3d 1, 6 (1st Cir. 2005) (noting court's authority to prevent disclosure of "sources of business information

that might harm a litigant's competitive standing") (citation omitted). The involvement of confidential business information disclosed by third-parties also weighs in favor of sealing. *Roy v. FedEx Ground Package Sys., Inc.*, No. 3:17-cv-30116-KAR, 2024 WL 1346478 at *2 (D. Mass. Mar. 29, 2024) (approving redactions in light of "the First Circuit's directive that courts should take into account the privacy interests of third parties"); *Nachbaur*, 2024 WL 3471300, at *1 (noting that privacy rights of third parties can limit the presumptive right of access to judicial records).

13.     On June 12, 2026, I conferred with counsel for Plaintiff regarding Defendants' request to file these materials under seal. Plaintiff does not object to Defendants' request. Counsel maintained Plaintiff's right to seek to clawback the exhibits Defendants are relying upon.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/Lucas T. Rael*

Dated: June 12, 2026

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2026, a copy of the foregoing document was filed with the Court via the ECF filing system. As such, this document will be electronically sent to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

*/s/Ronald S. Safer*