# Exhibit 5

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MARK KRONFELD, AS TRUSTEE      )
OF THE SHC CREDITOR            )
LITIGATION TRUST,              )
                               )
        Plaintiff,             ) No.
v.                             )
                               )   No.
AMERICAN GUARANTEE AND         ) 21-cv-11902-
LIABILITY INSURANCE COMPANY    ) PBS
and ZURICH AMERICAN            )
INSURANCE COMPANY,             )
                               )
            Defendants.        )
                               )

        REPORT OF PROCEEDINGS in the
above-entitled matter before the Honorable
Faith Hochberg,  Judge of said Court, on
March 3, 2026, commencing at the hour of
9:00 a.m.
                - - - - - - - - - -

Page 2

APPEARANCES:

TODD & WELD
BY:  Mr. Josh Launer
One Federal Street
Boston, MA 02110

TODD & WELD
BY:  Mr. Samuel Myers
One Federal Street
Boston, MA 02110

TODD & WELD
BY:  Mr. Matthew Furman
One Federal Street
Boston, MA 02110

   on behalf of the Plaintiffs;

RILEY SAFER HOLMES & CANCILA, LLP
BY:  Mr. Lucas Rael
1 S Dearborn St, #2200
Chicago, IL 60603

   on behalf of the Defendants.

Page 3

JUDGE HOCHBERG:  All right.

Counsel, we are now having a discussion of the tasks that are for me to determine following the Court's hearing with you the other day and their ruling.

So as I understand it, there are a few issues that the Magistrate Judge has sent back to me.

Who wishes to go -- as I understand it, I have an issue about document production under the 26A -- Rule 26A added witnesses, and a continued discussion about the stipulation regarding reserves and reinsurance.

Are those two items on for today?

MR. LAUNER: That is our understanding, your Honor, with the exception that only the issue regarding the Rule 26A disclosures was before Judge Kelly.

I think your Honor set the issue of the reserves yourself.

JUDGE HOCHBERG:  Yes, you are right. Thank you, Mr. Launer.

Page 4

Okay.  So let's talk about first the 26A additional document search.

So I wrote in my ruling that in light of how late the 26A amendment was made as to three of the new additional I think 12 people -- three of them required an additional document search.

And I stated from -- this is from memory only -- that Defendants could say identify the search that they needed to be done on a forthwith basis.

Is that approximately accurate Mr. Launer and Mr. Rael?

MR. LAUNER:  Generally speaking, I would say yes, your Honor.

MR. RAEL:  That's right, your Honor. That was our understanding as well.

JUDGE HOCHBERG:  Okay.  So Mr. Rael, have you given your search terms to Mr. Launer and have you made them as targeted as you are able to do?

MR. RAEL:  Yes, your Honor, we have.

So we have gone back and forth with the Plaintiff, you know, through several

Page 5

rounds of edits to the search terms to try to narrow them as much as we can.

I mean, we initially gave them the terms as your Honor ordered within three days of the discovery Master Order 15.

Then we had some -- you know, several back and forth edits to those over the past couple of weeks.

Most recently we provided terms I believe late in the day on Friday or Friday afternoon, and then received updated hit counts yesterday.

So I think we are at the point, your Honor, where I think that the terms we have come up with are as narrow as we can make them.

The volume is still high, but I think that's indicative of these witnesses' relation to the relevant issues at hand.

So I think that's where we understand the case to be with regard to search terms.

JUDGE HOCHBERG:  All right.  So

2 (Pages 2 - 5)

Page 6

Mr. Launer, a couple questions for you.

Are you still doing document production from documents I ordered last September.

MR. LAUNER: No, your Honor, with the caveat we are just making sure that if there is anything on the privilege log that needs to be -- whether downgraded or redacted.

But other than that, there is no other document production going on under Order Number One.

Defendants asked us to look into one more Share Drive, which is completely separate from Order Number One, and we are trying to get information regarding that.

As your Honor knows, they keep asking for additional share drives.

So we are trying to get information on that, but there is no other production under Order Number One.

JUDGE HOCHBERG: Okay. When was it finally completed, Mr. Launer?

MR. LAUNER: Other than the most

Page 7

recent -- I believe it was mid -- it was before the January 22nd hearing.

I don't know the exact date. Maybe January 12th.

JUDGE HOCHBERG: I remember during the January 22nd hearing I was hearing that it wasn't completed yet.

MR. LAUNER: I don't believe that's --

JUDGE HOCHBERG: It's not critical, but I am concerned.

I mean I have been saying this a number of times, Mr. Launer, and I am delighted to have you with us.

I'm concerned about why it has taken so long.

I mean I'm concerned about the amount of resources that the Plaintiff has put into producing the Steward documents.

That's the concern I have for the past. I'm glad that it's finally completed, but this is six months later from September 1.

So if it was finished a month ago,

Page 8

that's still five months.

In my experience that's an exceptionally long time that it takes to do a document production once you are ordered to produce them.

Now we are moving forward. We have three people, a hit list of -- and what's the dispute?

How quickly can this be done?

It needs to happen like within the snap of a finger.

MR. LAUNER: So your Honor, what Plaintiff is proposing to remove as we submitted.

Defendant specifically asked for preclusion and that they did not want these documents.

There has never been any dispute that these custodians may have relevant information.

Defendants subpoenaed them.

Defendants moved to compel their documents at least as to Lisa Martin.

So Plaintiff has proposed to remove

Page 9

those three individuals from their disclosures so that the parties can move forward with this case; turn all of their attention and resources to depositions.

There is one going on right now.

There is 11 over the next two weeks. For the remainder of this week and next week.

And so we have -- we are trying to put the parties back in the position they were in on January 13th, your Honor.

And so --

JUDGE HOCHBERG: Why on earth did you add all of these peoples?

I guess the part that surprises me the most about this is that these were very late added people, and the hit list is huge.

I mean there is a lot of relevant documents that they -- have you done a de-duping of those documents?

MR. LAUNER: Those are de-duped, your Honor.

And to answer your question, out of

3 (Pages 6 - 9)

Page 10

the 194,000 documents under Defendant's original terms despite their providing a new rounds of revised terms we are still at a 126,000 documents.

JUDGE HOCHBERG: Okay. So what can we -- and I assume from the communications that I got, Mr. Rael, you are not in agreement to remove these people from the 26A list and proceed without their documents?

MR. RAEL: That's right, your Honor.

I think when we asked for preclusion, it was without understanding of the extent to which there was going to be responsive material.

And it was also at a stage in the case where, as your Honor indicated to us, the discovery was closing and we needed to proceed expeditiously.

And so preclusion at that stage seemed like the only option.

But when we --

JUDGE HOCHBERG: Well, I denied preclusion under the requirement of

Page 11

picking a lesser remedy.

MR. RAEL: That is right.

JUDGE HOCHBERG: Now we are now on from there.

Can I help you narrow this more?

Is it a possible date range narrowing that I can do?

What can I do to get the most urgent -- urgent either documents from a particular person or documents from the three of them that are more targeted?

What can I do to help?

MR. LAUNER: Your Honor, I'm not --

JUDGE HOCHBERG: Send me -- I'm sorry.

Can you send me the search terms and hit list now?

Just e-mail it to me now, and I will take a look at it.

MR. LAUNER: Yes, I can. So Lisa Martin, I can -- I know the numbers for Lisa Martin. I have the search term reports from Friday.

I don't have the most recent search

Page 12

term reports, but they eliminated about two thousand documents.

We can send that to you.

I think a big issue, your Honor -- I mean there are a number of issues -- but in terms of if your Honor is going to disregard Plaintiff's proposal for the stipulation -- again, if we hadn't added these people, we wouldn't be here.

JUDGE HOCHBERG: I know, but you chose to add them, and now it's clear that at least on the hit list there is a hundred and some odd documents --

MR. LAUNER: But your Honor --

JUDGE HOCHBERG: Let's move on from there, Mr. Launer.

Let's figure out the best way to proceed where we are now.

I don't want to re-do my order.

MR. LAUNER: So --

JUDGE HOCHBERG: You know, I need a way -- so surely none of these are privileged documents.

There is none with attorneys, right.

Page 13

MR. LAUNER: Incorrect, your Honor.

That's what I was about to say.

I know right now as an example with Defendant's revised terms, Lisa Martin and Mark Rich have 78,000 documents.

JUDGE HOCHBERG: Why are any of them privileged?

MR. LAUNER: Thirty thousand hit on Plaintiff's privilege terms, which are attorney names, law firms, or e-mail domains.

Mark Rich was the president of the company, your Honor.

And Plaintiff's -- Defendant's terms are so broad regarding things like bankruptcy and issues like that, the overwhelming majority of privilege documents are on Mark Rich's documents.

Just because it's a search term, your Honor, doesn't mean it's relevant to the case or responsive to a document request.

I would also add --

JUDGE HOCHBERG: So why would an

4 (Pages 10 - 13)

Page 14

e-mail domain be on a privilege?

If you take out -- if you remove the ones that have attorneys in the actual line of communication -- and understanding that some of those may or may not actually be privileged -- but putting that one to the side, if you omitted the ones that actually have attorney names on them, then can't the rest be turned over subject to a claw back and let them go through them instead of you.

That would just give them the hits that don't have attorney names on them.

Understanding, Mr. Rael, that you are losing your chance to see those communications which may or may not actually be privileged, but as sort of a rough-cut way to get through this.

And just ones that don't have attorney names on them, how many would there be?

MR. LAUNER: For Lisa Martin and Mark Rich, 48,000 document.

JUDGE HOCHBERG:  Okay.  So what

Page 15

could possibly be the privilege about that?

MR. LAUNER: No, that's without -- that's removing the ones with attorney names.

JUDGE HOCHBERG:  I know.  Why can't you just send them over?

MR. LAUNER: We can discuss that, your Honor.

There are many documents in the prior universe that we had to review -- and unfortunately for this there is no way other than to look at them -- but it would says things like Steward's legal team has asked us to do this.

Howard said we need this for the mediation.

There is things that no matter what terms we crafted, either would have identified privilege documents or would be way too over inclusive, which isn't fair to either side.

JUDGE HOCHBERG:  Okay.  So how about this?

Page 16

Produce the 48,000 subject to claw back.

If they want to use something that's actually deemed to be privileged, then, you know, once -- you will have the right to claw back any documents that you have a legitimate claim as to privilege about.

They can go through the documents. And you know, if in fact it comes up at a deposition or later that some of the documents they are relying on have something that you are claiming is privilege -- and it has to be a real claim of privilege.  Okay?

Not -- what's happening too often in the law now is sort of the attenuated privilege arguments.

I'm not saying that it's a sentence that says attorney so and so asked me to ask this question because he needs to present this tomorrow in Court.

That might be attorney-client privilege under the expansive notion that lawyers now use for that, and I understand

Page 17

that.

But they can go through it.  If they are using a document that there is a claw back on, you will make your claw back.

That's the whole purpose of claw backs.

But right now you would only be producing documents that have no attorney names on them.

There may be documents that are relevant and material that have attorney names on them because the attorney was just copied or something and Mr. Rael would not be getting the benefit of those documents.

We don't have time to figure out which of those documents he is not getting that he is entitled to -- just like you don't have time to go through all the hits that don't have an attorney name on them.

He is going to get those, and you can make your argument about claw back later.

If he comes up with a document as to

5 (Pages 14 - 17)

Page 18

which an attorney name is on some other, he has the right to challenge that.

Now he may object to this.

Mr. Rael, do you object to this proposal that I have just put on the table, that you get the production -- for these three people with -- understanding that you are not going to get to see the ones that have the attorney names on the actual document itself?

MR. LAUNER: And your Honor, I just want to make one clarification before Mr. Rael answers your question, which is, the number of 48,000 that I gave you is just for Ms. Martin and Mr. Rich.

I don't know search hit reports to Ms. Lobban because it has taken a long time to get her materials.

It's -- her volume is 48,000 under the revised terms, but I don't know what hit with an attorney name.

I wanted to make sure that your Honor was clear on that.

JUDGE HOCHBERG:  Thank you,

Page 19

Mr. Launer.  I appreciate your candor. You are a delight to work with.

So 48,000 without attorney names are the number of documents for Martin and Rich and Lobban is another 48,000?

MR. LAUNER: Correct.

But those could have attorney names, correct, yes, your Honor.

JUDGE HOCHBERG:  So how long -- I don't see how you could get those, separate out the ones with attorney names on them in two hours.

MR. LAUNER: No.  And I was actually hoping to have data for you before.

And there are a million documents in the database, and that's one of the things that takes a long time.

I got an e-mail from our discovery vendor at 9:45 because he knew we were looking for this data for the hearing.

I am hopeful -- and he said that the system is just frozen.

I'm hopeful by this afternoon I will be able to answer your Honor's question

Page 20

and provide that information to Mr. Rael.

We just can't -- I mean we are subject to the processing time of the machines.

JUDGE HOCHBERG:  I understand that. I get that.  I'm not moving backwards.

You know my view about the pace of the production.  I have always felt it was too slow.

I still feel that way, but we are moving forward because we have a -- the Court wants this case to go to trial.

We have to do the best we can to get ready for trial and put the resources in the preliminary -- in the early parts, which is getting the documents produced.

But Mr. Rael has not even yet responded to my somewhat rough-justice suggestion.

Mr. Rael?

MR. RAEL:  So your Honor, I think we are okay with that, with the producing of the 48,000 promptly.

My only concern with the 78,000 that

Page 21

hit on privilege terms is that we have -- and we have already made this point in our written briefs to your Honor -- that it appears to us that there has been an be over-copying of attorneys on communications with regard to this claim.

And so --

JUDGE HOCHBERG:  So you are saying 78 -- he is saying 78,000 hit on either attorney names or e-mail domains or something else.

MR. LAUNER: Thirty thousand, your Honor.

For Martin Rich and Lisa Martin 30,000 of the 78,000 hit on an attorney name or an e-mail domain of attorneys in this case.

JUDGE HOCHBERG:  What is the difference between an attorney name and an e-mail domain of an attorney?

MR. LAUNER: It's just -- there could be -- what if a paralegal from or an attorney's assistant.

So for instance, it might say

6 (Pages 18 - 21)

Page 22

JLauner@toddweld.com.

It might say csmith@toddweld.com, so we look for both names.

And I mean everybody does this, your Honor -- and toddweld.com. Defendants do it as well.

So it's just to make sure that we don't inadvertently produce privilege.

So if our firm's e-mail domain is on there regardless of who it comes from, there is a pretty strong overwhelming likelihood that that's privileged.

So that's what I mean when I say e-mail domain.

JUDGE HOCHBERG: So I have a list of what e-mail domains are on you -- first of all, how many of the hits are just attorneys?

MR. LAUNER: I don't know that. I don't know, your Honor.

I am trying to get into that level of granularity. It takes a long time to get this information.

I just wanted to get numbers to

Page 23

Mr. Rael, which we have done throughout this process, and to your Honor.

JUDGE HOCHBERG: I appreciate that.

MR. LAUNER: Trying to break it down by the name of attorney or the firm, there is a lot of privilege terms.

Most of them overlap, and --

JUDGE HOCHBERG: Wait. Wait a minute.

What are all the privilege terms?

There should be only be very few privilege terms.

MR. LAUNER: Your Honor, that's not true. Steward has law firms from across the country.

JUDGE HOCHBERG: Engaged in litigation?

MR. LAUNER: Or perhaps --

JUDGE HOCHBERG: It's in preparation for litigation. That's -- it's not every single attorney on a contract review or something else.

The privilege doesn't go that broadly if it's somebody that is giving

Page 24

client advice to assist in something that is not being shown to the rest of the world.

If they were giving advise about an SEC filing, that is not privileged because that's going public.

MR. LAUNER: Your Honor, I absolutely disagree.

JUDGE HOCHBERG: Well, you may disagree.

MR. LAUNER: It may not be work product, but that's attorney-client privilege if the attorney is giving advice.

JUDGE HOCHBERG: If the attorney says put this in the SEC filing and it goes to the SEC, then it's not privileged.

Look it, this is a story for another day --

MR. LAUNER: That's --

JUDGE HOCHBERG: Let's move back to the --

MR. LAUNER: -- no way to answer that without looking at 30,000 documents

Page 25

individually, which -- if we are doing a privilege review, that would take us passed the close of discovery.

JUDGE HOCHBERG: You are not going to do a privilege review.

You are going to do a claw back.

MR. LAUNER: Right.

JUDGE HOCHBERG: But I am hearing an objection from Mr. Rael about over-copying of attorneys.

Do you have examples, Mr. Rael?

MR. RAEL: So your Honor, I think we included those examples in our response to the letter brief -- or in our letter brief on the privilege log issues where we had discussed the Attorney Hibble, Ms. Nathalie Hibble, who was copied on a number of communications.

On the log it appeared -- from what we could tell looking at the log and other produced documents, it appeared to be not privileged.

So that is where that concerns comes from.

7 (Pages 22 - 25)

Page 26

JUDGE HOCHBERG:  Who is Ms. Hibble?

MR. RAEL:  She is in-house counsel at Steward.

MR. LAUNER: Your Honor, as we said in our -- as I said to you on January 22nd, as we said in our paper, that we did not view a document -- when we were doing the Order One review, a document with Ms. Hibble as privileged just because she was on it.

We produced thousands of documents with Ms. Hibble as a recipient that weren't privileged.

That's why we did a document-by-document review, which takes an exceeding long period of time.

What Defendants were seeking is they want us to produce every document with Ms. Hibble on it.

We will not agree to that, your Honor, but if we --

JUDGE HOCHBERG:  Here's what we'll do.

Let's come up with another, you

Page 27

know, non-perfect way to deal with this for Ms. Hibble.

Mr. Rael, are there particular search terms -- hits on only a particular number of search terms where you want Ms. Hibble -- you want to exclude from withholding, but yet subject to claw back of ones that are copied to only Ms. Hibble and no other attorneys?

MR. RAEL:  So your Honor, the areas where I think that privilege -- it makes the most sense for us to kind of take a categorical approach are those related to the bankruptcy case.

I can imagine there was a lot attorney involvement related to the bankruptcy that isn't closer to the issues that we are dealing with with regard to the insurance claim.

So perhaps, your Honor, this is kind of a way to kind of flip it.

Perhaps we focus in on those terms that are getting at a large number of the bankruptcy-related documents, and then

Page 28

from there exclude -- you know, take kind of a more categorical approach with regard to privilege terms there.

JUDGE HOCHBERG:  So how many bankruptcy documents are the hits on?

MR. RAEL:  So I believe that there are terms related to the bankruptcy -- that I'm not sure, your Honor.

I am looking at the hit counts trying to identify that.

MR. LAUNER: Your Honor, it's --

JUDGE HOCHBERG:  Do you need the bankruptcy documents at all?

MR. RAEL:  So the extent that -- I think we do, your Honor.

We had document requests related to bankruptcy and there were terms related to the bankruptcy that were part of what your Honor ordered in a Special Master Order Number 1.

JUDGE HOCHBERG:  I know, but we are way beyond Order Number 1.  We are six months beyond it, halfway to trial.

The Judge has already granted a nine

Page 29

to ten-month extension of the original trial date.

We are now on a very tight schedule.

I agree that much of this was not your fault, Mr. Rael.  It was a very slow document production, but we are where we are.

So I have two choices:  One is to try to help you work through something that's less than perfect.

There may be documents you are entitled to that you will never see, or asking the Court again to put off the date and doing this the old fashion way with this document production.

MR. RAEL:  I understand, your Honor. I understand.

I mean from our perspective, what I think should happen is the production should proceed with the terms subject to claw back as your Honor ordered previously.

JUDGE HOCHBERG:  How do you want to treat Hibble?

8 (Pages 26 - 29)

Page 30

Is there a certain category where she should be produced subject to claw back?

Are there particular categories or how many of the -- do we know how many of the attorney name withholding is because Ms. Hibble is on it?

MR. LAUNER: I don't know, your Honor.

JUDGE HOCHBERG: How fast could you tell me that, Mr. Launer?

MR. LAUNER: I can check with my vendor after this hearing, your Honor.

But --

JUDGE HOCHBERG: Why don't we get the vendor on the phone right now.

Can we do that?

MR. LAUNER: I don't know.

JUDGE HOCHBERG: Could the vendor join our conference here?

MR. LAUNER: The vendor is not going to be able to get you the answers you want right now as we speak.

The searches have to be run. It

Page 31

depends what the search is.

It depends which volume we are searching.

I mean there's all these factors. It doesn't just click a button, and presto you have your answers.

JUDGE HOCHBERG: That's why it would help me if I could speak to the vendor. Maybe I would understand this faster and better.

I am trying to move this along. That seems to be what I have been doing since day one.

There are months in the year where I have scant time for this. This is not one of them.

I can work on it, but I need the information.

I'm warning you now that the months of May and June are totally jammed on my calendar.

You need to bring me things before then.

MR. LAUNER: Your Honor --

Page 32

JUDGE HOCHBERG: By May the summary judgment motions will be in so presumably you don't need me anymore after May, but in this case one never knows.

I committed to the Court that I would see it through, and I shall.

May and June are extremely crowded on my calendar. That's why I kept pressing last Fall to say here are hearing dates. Let's get this going, and it didn't happen.

So we are where we are. Let's see -- can we see if the vendor will join the call?

MR. LAUNER: Let me e-mail, your Honor, right now.

I am just trying to answer your other question about bankruptcy.

JUDGE HOCHBERG: Okay.

MR. LAUNER: Plaintiff does not object to your Honor's proposal that if we can exclude privilege documents -- presumptively privilege documents because there is an attorney name -- understanding

Page 33

that if we had all the time in the world like we did last time, some of them might not be privileged.

JUDGE HOCHBERG: But you didn't actually have all the time in the world either, but that's gone now.

MR. LAUNER: No, your Honor, but we have seven thousand documents.

JUDGE HOCHBERG: I understand.

So if you could -- the only one that seems to be -- well, not the only one, but the one that seems to come up most often is Ms. Hibble.

Do you have a proposal about what of Ms. Hibble's to segregate out and send over subject to claw back?

MR. LAUNER: I don't, your Honor, because I am being asked right now -- but we disagree that there's an issue with Ms. Hibble because we produced documents -- thousands of documents with Ms. Hibble because they weren't privileged.

JUDGE HOCHBERG: I get that.

And what Mr. Rael is saying is he

9 (Pages 30 - 33)

Page 34

agrees with you on that.

There were many times Ms. Hibble was on an e-mail that was not privileged.

And the questions is if we exclude her name automatically -- her e-mail domain or her name or whatever it is -- then he is not getting documents he is entitled to see.

So is there a way to treat Ms. Hibble separately?

MR. LAUNER: For starters, it should be nothing that she is on with any attorney as an initial matter.

JUDGE HOCHBERG: In other words, if we -- but additional attorneys would be attorney names other than Ms. Hibble, so those would not be produced anyway.

So the -- how about this?

The ones with only Ms. Hibble as the attorney contacting, add them to the production list and let's see how -- and subject to claw back -- and let's see what there is.

MR. LAUNER: So your Honor, here's

Page 35

the problem.

My colleague is e-mailing me right now.

I don't know whether other attorneys hit on this document, but the search terms report shows around 15,000 documents have Ms. Hibble's name.

You asked a question about bankruptcy.

Here is the term --

JUDGE HOCHBERG: What tranche of the 15,000 have only Ms. Hibble's name as the only attorney name?

MR. LAUNER: I don't know.

JUDGE HOCHBERG: Okay. So ask your vendor that question please. Maybe we can solve this problem that way.

I still have to get consent from Mr. Rael. He seems not certain that he is interested in this idea.

Mr. Rael?

MR. RAEL: Well, your Honor, I -- we are interested in trying to find a workable solution here, too.

Page 36

I am just trying to balance this -- you know, balance kind of the interest in receiving the documents with also making sure that there's not overwithholding of privilege material -- or of non-privileged material.

JUDGE HOCHBERG: I understand. That's what we are all trying to do.

So come up with a -- I know you are not happy, Mr. Rael. I'm not happy where this is either.

I'll put it, do you want me to -- do you want to go back doing this the slow, slow way and tell the Court you will not be ready for trial in the timeframe that she has indicated, which is September or October of this year?

MR. RAEL: No, your Honor, I don't think that that's what we need to do here.

So for starters, I think that producing, you know, documents that don't hit on privilege terms -- it sounds like we are all in agreement there.

In terms of the -- producing

Page 37

documents where only Ms. Hibble is involved, I think that we -- you know, subject to claw back, I think we can agree to that as well.

JUDGE HOCHBERG: Well, are you satisfied that the privilege criteria are narrow enough that have been done -- in other words, as I understand it -- and Mr. Launer, correct me if I'm wrong -- it includes whenever there is an attorney name or an e-mail domain of the attorney and nothing else is on the privilege -- you know, presumptive privilege withholding list?

MR. LAUNER: If the law firm name, your Honor, of Todd Weld is on e-mail, but is not -- I'm sorry, your Honor. I lost my train of thought.

If Todd Weld is in the e-mail but not in the e-mail meta data, which means -- and I'm using Todd Weld as an example.

Again, Steward had hundreds of law firms, and any of these terms could hit

10 (Pages 34 - 37)

Page 38

for absolutely no reason to use with this case.

For instance, bankruptcy which has 25,000 documents alone.

So I have to imagine, although I don't know, that Weil, Gotshal is going to be on a lot of those.

So if the attorney name -- and your Honor, we don't just use full names because we think that would be over-inclusive -- but for instance, if it was my name, it would usually be Josh within two of Launer.

We also use e-mail domains, and then we would search for Todd and Weld.

So we do that with the attorneys that we are aware of and the law firms that we are aware of.

So it's those kind of three categories.

Again, as I explained earlier, there are --

JUDGE HOCHBERG: I mean are there law firms that are so extraneous to this,

Page 39

that if it's that law firm, you are not interested in it, Mr. Rael?

MR. RAEL: I'm not sure. I'm not sure, your Honor.

I don't know -- I am not aware of the full universe of the law firms and their involvement in this.

But the bankruptcy -- I mean bankruptcy is the one that is top of mind for me when it comes to topics that I understand that there is probably going to be lots of attorney involvement.

JUDGE HOCHBERG: So do you want to -- so do you even want the bankruptcy documents, without the -- the ones have that no attorney involvement?

MR. RAEL: So we do want those, your Honor.

I am just thinking of attorney involvement as one that I would be willing to give in terms of, you know, this idea of withholding it and not doing a privilege review.

JUDGE HOCHBERG: Okay. So anything

Page 40

that's involving an attorney or an attorney e-mail domain in -- does this include Ms. Hibble in this bankruptcy batch?

MR. RAEL: So I'm not sure. I don't know what her -- the extent of her involvement on the bankruptcy was, your Honor.

JUDGE HOCHBERG: But I mean the bankruptcy documents -- I mean even if Ms. Hibble's name was on -- let me try to rephrase my question.

Tell me what you are willing to say you don't need in terms of the bankruptcy.

You don't need any of the -- you want the bankruptcy documents, and they can withhold anything on their privilege list of however they include it?

Have you actually looked at their privilege withholding list?

MR. RAEL: I am not sure.

I know we have exchanged attorney names, but I don't know if I have seen searches.

Page 41

JUDGE HOCHBERG: Mr. Launer, can you e-mail him that right now so he can see what it looks like?

MR. LAUNER: I am looking at files, your Honor, to see if I can do that.

I might have to get the list from the vendor.

JUDGE HOCHBERG: Okay.

MR. LAUNER: Because of the overlap, there are a lot of terms.

(Brief pause.)

MR. LAUNER: I don't think I can do it right now.

JUDGE HOCHBERG: You don't have the string or the list of whatever -- the vendor knows these are presumptively privileged to send to Mr. Rael?

MR. LAUNER: The vendor does.

It was a question of whether or not I have it right now as we speak.

I can get it within an hour of this hearing.

JUDGE HOCHBERG: Okay. Great. So how about this:

11 (Pages 38 - 41)

Veritext Legal Solutions

www.veritext.com                                               888-391-3376

Page 42

Does it make sense on this issue to take the hour -- Mr. Rael, you be on the phone with Mr. Launer and the vendor, and see what you can find out.

Then tell me of the proposals I put on the table, which ones work to have the production subject to claw back of anything that's later claimed to be privileged, of which there will be very few I'm quite sure.

MR. LAUNER: Your Honor --

JUDGE HOCHBERG:  Sorry.

And how do you want to treat Ms. Hibble's e-mail?

It sounds like anything that involves bankruptcy that has Ms. Hibble's name on it, you don't need.

She could be grouped with all the other bankruptcy attorney names, right, on that category?

MR. RAEL:  I believe that's right, your Honor, yes.

JUDGE HOCHBERG:  Okay.

Mr. Launer, over to you.  You were

Page 43

trying to say something.

MR. LAUNER: Yes.  It sounds like we backtracked from the notion that we can produce in bulk the documents that don't hit on attorney names.

But your Honor just said if it hits on an attorney name and we produce it, there will be very few subject to claw back.

I mean I have to disagree.

If your Honor is --

JUDGE HOCHBERG:  Okay.  Fair enough.

I'm assuming there are a few.  But if there are more, you will let me know.

While he has them and is going through them, you will have them too, and you know, give him a list within X number of days of which ones you claim are privilege.

And if we have to have another fight about privilege, I will hear it.

I have already got such an enormous job ahead of me with these privilege logs and the claims of consultants and when

Page 44

they became consultants subject to privilege as opposed to entities that are doing other work.

It's a big job that we are working on now.  I have gotten hard copies that weigh 25 pounds or more.

So I've got that.  That's separate and apart from today.

I am just trying to follow-up and get all of the documents produced, or as many as I can, to keep this case on schedule.

MR. LAUNER: And the best way to do that, your Honor, is to allow us to withhold documents that have attorney names on it.

The more we drill down to that, the longer and longer and longer it takes.

I will get the list to Mr. Rael.  I don't know -- I'm not sure what -- he gets to pick and choose which attorneys are important?

Like, I don't know -- I don't understand what the purpose of the

Page 45

exercise is I guess.

JUDGE HOCHBERG:  The purpose of the exercise is to determine whether the attorney's involvement in a particular subject matter is anything that they deem significant to this case or they don't care.

MR. LAUNER:  How are they going to possibly know that?

I don't even know that.

It unfair to --

JUDGE HOCHBERG:  Well, I don't know. That's up to him.

If he wants to say -- I am asking him what's -- well, it's unfair to him as well, Mr. Launer.

I am asking him to forego getting documents that he might very well have a right to see.

But in the interest of efficiency and moving fast to deal with this delay problem I am asking him if he is willing to forego that, and he is having a hard time with that.

12 (Pages 42 - 45)

Page 46

I understand that.

MR. LAUNER: I mean there is no delay, your Honor.

These weren't original custodians, one of whom --

JUDGE HOCHBERG: The delay is in adding them at the last minute to your 26A.

MR. LAUNER: So I'll remove them.

JUDGE HOCHBERG: I understand that. We are beyond that now.

As I understand my job -- if he turns that down, then we are beyond that.

MR. LAUNER: They are turning down what they specifically said they didn't want.

But we are beyond that.

I mean how does Mr. Rael get to pick our attorneys that constitute privilege?

JUDGE HOCHBERG: He is not picking your attorneys that constitute privilege.

He is saying which categories he is willing to forego even the opportunity to argue that some of them may be

Page 47

unprivileged.

I'm asking if he is willing to do. He doesn't have to answer.

What I am saying to the two of you is, on this issue get the vendor on the phone, Mr. Rael and ask the vendor -- the three of you -- the two lawyers and the vendor and work out a solution if you can, if you can come up with one that's workable.

It needs to be something workable to keep the case on schedule.

MR. LAUNER: Your Honor, the original proposal, although we are willing to agree to it -- although we don't agree, but we are willing to agree with it, the more we do privilege issues, the less chance we have of keeping the case on schedule.

So we will produce the 48,000, your Honor. We can do forthwith.

As soon as I know the data on Ms. Lobban, we will do that.

If we have to start drilling down and do a privilege review, it takes --.

Page 48

JUDGE HOCHBERG: I am not asking you to do a privilege review.

I am saying you are only going to do a claw back.

The only question is you do a claw back -- the only issue on the table right now as I understand it are two:

One, is there any difference in how Ms. Hibble's name is treated than the other attorneys?

And if so, for which categories and how difficult is that for the vendor to accomplish.

We need to know what the volume is that just have Ms. Hibble and nobody else.

MR. LAUNER: I have already sent that e-mail. I am asking. I don't know how long it will take.

JUDGE HOCHBERG: Okay. And then we need to know whether there's a whole category where Mr. Rael is perfectly satisfied or satisfied enough that you just produced it all or don't produce any of it on bankruptcy.

Page 49

Mr. Rael, what do you want on bankruptcy?

All, anything, or nothing?

MR. RAEL: So I think on the -- the reason I brought up the bankruptcy, your Honor, is because I think that that's an area where attorney involvement is such that it makes sense to exclude it.

JUDGE HOCHBERG: Okay.

MR. RAEL: So what we want is documents in those terms.

JUDGE HOCHBERG: You want the documents in what?

MR. RAEL: What we are interested in are documents that hit on the terms, but I think that's an area where we can come up with a proposal that limits any sort of privilege.

JUDGE HOCHBERG: I am just trying to translate what you are saying.

With respect to any documents that hit on the term bankruptcy, you agree that they can withhold anything from their production that has an attorney name or

13 (Pages 46 - 49)

Page 50

e-mail domain of the attorney or an attorney law firm or law firm?

MR. RAEL:  Yes, that's right.

JUDGE HOCHBERG:  Okay.  So the bankruptcy production would be done that way.

What about the -- and do we know how many of the total -- I see 25,000 are bankruptcy documents.

Is that 25,000 out of -- what's the denominator?

75,000?

MR. LAUNER: 78,000 before running privilege terms.

And I just want to make sure that when I said 25,000, that that was unique hits.

Just give me one second, your Honor, so I can tell the Court accurate information.

JUDGE HOCHBERG:  I'll tell you what. I'm going to give you an hour to do that.

Do you want to do that first, and then we'll resume with the separate issue,

Page 51

which is the stipulation?

This is more time urgent I think to get this done.

MR. LAUNER: I'm sorry.

Did you mean the reserve?

JUDGE HOCHBERG:  Yes.  The reserve stip, yes.

MR. LAUNER: We can get the information, your Honor.

We are going to have a difficult time agreeing to produce anything with an attorney name on it without doing a privilege review, claw back or otherwise.

JUDGE HOCHBERG:  Well, you will always have a claw-back right.

You are never giving up your claw-back right.

MR. LAUNER: We -- I mean we could be producing thousands of documents with attorney names.

The cat is out of the bag, your Honor.

JUDGE HOCHBERG:  Well, you are not talking about producing with attorney

Page 52

names.

I understand what you are saying.

I am trying to see if I can get Mr. Rael to agree that if an attorney -- and I understand, Mr. Rael, that it's hard to swallow.

MR. RAEL:  Uh-huh.

JUDGE HOCHBERG:  But agree that if an attorney name -- first you have to see, Mr. Rael, whatever the exclusion of the vendor has been told to exclude is presumptively privilege and see whether you are okay with the way that's described.

But you need to be on the phone with the vendor in an hour.

The second question is of those that are produced, are you willing to accept that the ones that have attorney -- whatever that withholding electronic instructions are, that you are willing to take the documents without those that are presumptively privilege, even though you are giving up your right to have a

Page 53

privileges review done on them to determine whether any of them should not be deemed privilege.

Is that acceptable as a potential compromise to resolve this?

And third, are there any categories of documents, like bankruptcy you mentioned -- where you are willing to forego all attorney names -- the same thing I just said, but including Ms. Hibble?

In other words, if you are treating -- I can understand if there is certain categories where only Hibble's name is on them, you want to see them.

But you have to say what they are, talk to the vendor, see how he can separate out categories and give you hit counts.

Work out something on this today within the hour to figure out what will be done by the vendor subject -- everything will be subject to claw back -- potential claw back.

Veritext Legal Solutions

www.veritext.com                                                      888-391-3376

Page 54

Okay.

MR. LAUNER: Your Honor, I don't know that -- let's just be honest.

I don't know that you are going to get the information in an hour.

Running these complex searches takes time. It could be an hour.

It could most likely be tomorrow. I mean --

JUDGE HOCHBERG: I'm not asking you -- sorry, Mr. Launer. I apologize for interrupting, but time is running short.

I'm not saying that. I'm not saying I'm going to have the whole document production done by tomorrow.

But within the hour or two, you will have gotten the vendor on the phone to determine the realm of what's possible.

What are the total hits, if this, if that.

He is possible -- is he able to identify the documents that just have Hibble's name on them for categories other than bankruptcy?

Page 55

MR. LAUNER: I can answer that. Yes. It's a matter of getting the answer to the question.

Yes. We can devise any search within -- I shouldn't say any search -- but we can devise that search.

It's a matter the machines processing the search and spitting out the information.

That will not be done in a hour. It's not going to be done today most likely.

JUDGE HOCHBERG: Well, let's try to even if the vendor needs to met me, which I am sure he does not want to do -- or she.

MR. LAUNER: But it's not a matter of them being told to do it now.

They are doing it for us. They have been doing it around the clock every time we get --

JUDGE HOCHBERG: Okay. If it's more than hour -- I just don't want more time to go by.

Page 56

Why don't you find out how long it will -- figure out what he wants to see.

First he has to see whatever the string is that this is presumptively privileged.

Hopefully that's agreeable and similar to what's customarily done in the profession when using vendors.

And then, Mr. Rael, it's for you to use a surgical instrument and make a calculated decision as to which ones you really care about it.

It sounds like you don't really care about bankruptcy. So you don't care whether Hibble's name is or isn't on that.

That's okay. So they don't have to search anything that hits on bankruptcy.

They withhold anything with attorney names on them, and it all gets produced subject to claw back.

Okay?

Is every other category treated the same way, or are there certain categories where you need a carve-out for Ms. Hibble?

Page 57

If so, you need to tell Mr. Launer while you are on the phone with the vendor what the carve-out is for the different way to treat Ms. Hibble if only Ms. Hibble is copied on the e-mail.

Okay?

MR. RAEL: Understood, your Honor. We can do that.

JUDGE HOCHBERG: Okay. Let's do that today, and we'll come back and talk about this other issue later.

So let's -- the other issue is the document has already been produced, the only question is really about redactions.

So I'm going to get off the phone now. You two -- well, everybody can get to work.

And we will -- and tell me when you are ready, and we will find a date to reschedule the rest of this discussion.

Okay?

I really need you to get to work, both of you, on solving this document production issue in a way that's not

15 (Pages 54 - 57)

Page 58

ideal, but the best we can do under the circumstances.

MR. LAUNER: We can resolve it right now, your Honor, but --

JUDGE HOCHBERG:  Okay.

MR. LAUNER: Defendants are pushing for documents with attorneys on it. That's where we are at right now.

We could resolve it right now and don't have to come back, but they want to look into documents with our attorney names on it.

JUDGE HOCHBERG:  Well, I think I just said -- well, I understand the quandary that they are in.

I -- my proposal is not requiring that.

I don't think you are hearing me right if you think it is.

You are looking -- your eyebrows are looking like you're quizzical.

I am not saying they would -- I am saying that the idea where would be where the attorney names on it, they are

Page 59

withheld, and the production is done without it.

No?

MR. LAUNER: No.  That's full stop. We can do that.

There are --

JUDGE HOCHBERG:  Then why are you saying that's not what -- the only thing that I could -- and he may not agree to it, but this was a proposal I put on the table.

He then responded that he had a concern about Ms. Hibble.

I said okay.  Everybody but Ms. Hibble we will treat that way.

How do you want to treat Ms. Hibble?

First he needs to know how many documents have only her on it because he believes, like many companies do these days, they cc an attorney even when it's not really a privileged communication.

I mean I have had cases -- and I'm not going to say which ones they are -- where they literally talked about this as

Page 60

like a secret way of keeping things secret.  Always throw the attorney on it. I have even seen instructions on some of those to say that.

I understand that.  I am not saying Steward did or didn't do it.  I have no idea.

But I think --

MR. LAUNER: I have data for your Honor and Mr. Rael because he was just able to do it.  I sent the e-mail at 10:32.

Over the 78,000 documents that are Lisa Martin and Mark Rich documents, Ms. Hibble is on 2,061 of them.

1,917 parent e-mails.

144 attachment e-mails.  That's where you attach an e-mail to an e-mail.

Of those, only 14 e-mails have Hibble as the only attorney.

JUDGE HOCHBERG:  Okay.  So this is not really an issue, Mr. Rael, unless you want those 14 produced.

And I realize that's just for Martin

Page 61

and Rich.

What is the story on Lobban?  I've forgotten.

MR. LAUNER: The e-mail this morning said that the relativity has been stuck on 99 percent done for a couple of hours and we are still waiting on Lobban to run the privilege terms.

We know the search term universe. We have provided that information.

JUDGE HOCHBERG:  What is the total number on Lobban?

MR. LAUNER: The total number on Lobban is 48,000 unique documents, meaning nothing to do with Martin, Rich, or anybody else have been reviewed in the case.

JUDGE HOCHBERG:  Okay.  So Lobban is only another 48,000, but he hasn't done the privilege screen on that?

MR. LAUNER: Correct, your Honor.

JUDGE HOCHBERG:  So it sounds like you have got some information, Mr. Rael.

Why don't the two of you negotiate,

16 (Pages 58 - 61)

Page 62

send me a -- ideally you can work something out.

I recognize it's not perfect.  We are trying to get something worked out so we don't get stuck doing one-by-one privilege reviews on documents that no one may ever even want to use.

Thank you for that information, Mr. Launer.

Thank your vendor.  He is very speedy.  If I were in the practice of law, I would be retaining him myself, or her.

So surely, I am ordering you both not to move on to other things today, but to get this resolved.

E-mail me jointly with whatever the resolution is ideally by 5:00 o'clock today.

Okay.

I don't mean to be strong arming anybody here.

I am trying to come up with a practical solution.

MR. RAEL:  Understood, your Honor.

Page 63

MR. LAUNER: Thank you, your Honor.

JUDGE HOCHBERG:  You are welcome.

(At 9:55 a.m. the above proceedings were adjourned.)

Page 64

STATE OF ILLINOIS  )
                   ) SS:
COUNTY OF W I L L  )

JOANN M. KLAWITTER hereby certifies that she reported in shorthand the proceedings in the above-entitled matter and that the foregoing is a true and correct transcript of said proceedings.

*Joann M. Klawitter*

Certified Shorthand Reporter

17 (Pages 62 - 64)

Veritext Legal Solutions

www.veritext.com                                   888-391-3376

**[& - approximately]**                                                                      Page 1

| & | | |
|---|---|---|
| **&** 2:2,5,8,13 | | |

| **0** | | |
|---|---|---|
| **02110** 2:4,6,9 | | |

| **1** | | |
|---|---|---|
| **1** 2:14 7:23 28:20,22 | | |
| **1,917** 60:16 | | |
| **10:32** 60:12 | | |
| **11** 9:6 | | |
| **11902** 1:7 | | |
| **12** 4:6 | | |
| **126,000** 10:4 | | |
| **12th** 7:4 | | |
| **13th** 9:11 | | |
| **14** 60:19,23 | | |
| **144** 60:17 | | |
| **15** 5:5 | | |
| **15,000** 35:6,12 | | |
| **194,000** 10:1 | | |

| **2** | | |
|---|---|---|
| **2,061** 60:15 | | |
| **2026** 1:14 | | |
| **21** 1:7 | | |
| **2200** 2:14 | | |
| **22nd** 7:2,6 26:6 | | |
| **25** 44:6 | | |
| **25,000** 38:4 50:8,10,16 | | |
| **26a** 3:11,11,19 4:2,4 10:9 46:8 | | |

**28175** 64:19

| **3** | | |
|---|---|---|
| **3** 1:14 | | |
| **30,000** 21:15 24:24 | | |

| **4** | | |
|---|---|---|
| **48,000** 14:23 16:1 18:14,19 19:3,5 20:23 47:19 61:14,19 | | |

| **5** | | |
|---|---|---|
| **5:00** 62:17 | | |

| **6** | | |
|---|---|---|
| **60603** 2:14 | | |

| **7** | | |
|---|---|---|
| **75,000** 50:12 | | |
| **78** 21:9 | | |
| **78,000** 13:5 20:24 21:9,15 50:13 60:13 | | |

| **9** | | |
|---|---|---|
| **99** 61:6 | | |
| **9:00** 1:15 | | |
| **9:45** 19:19 | | |
| **9:55** 63:4 | | |

| **a** | | |
|---|---|---|
| **a.m.** 1:15 63:4 | | |
| **able** 4:21 19:24 30:22 54:21 60:11 | | |

**above** 1:13 63:4 64:8
**absolutely** 24:7 38:1
**accept** 52:18
**acceptable** 53:4
**accomplish** 48:13
**accurate** 4:12 50:19
**actual** 14:3 18:10
**actually** 14:5,8 14:17 16:4 19:13 33:5 40:19
**add** 9:14 12:11 13:23 34:20
**added** 3:11 9:17 12:8
**adding** 46:7
**additional** 4:2 4:5,7 6:18 34:15
**adjourned** 63:5
**advice** 24:1,14
**advise** 24:4
**afternoon** 5:11 19:23
**ago** 7:24
**agree** 26:20 29:4 37:3 47:14,15,16 49:22 52:4,8

59:9
**agreeable** 56:6
**agreeing** 51:11
**agreement** 10:8 36:23
**agrees** 34:1
**ahead** 43:23
**allow** 44:14
**amendment** 4:4
**american** 1:7,8
**amount** 7:18
**answer** 9:24 19:24 24:23 32:17 47:3 55:1,2
**answers** 18:13 30:22 31:6
**anybody** 61:16 62:21
**anymore** 32:3
**anyway** 34:17
**apart** 44:8
**apologize** 54:11
**appearances** 2:1
**appeared** 25:19 25:21
**appears** 21:4
**appreciate** 19:1 23:3
**approach** 27:13 28:2
**approximately** 4:12

**[area - case]** Page 2

**area** 49:7,16
**areas** 27:10
**argue** 46:24
**argument**
  17:22
**arguments**
  16:17
**arming** 62:20
**asked** 6:13 8:15
  10:12 15:15
  16:19 33:18
  35:8
**asking** 6:18
  29:13 45:14,17
  45:22 47:2
  48:1,17 54:10
**assist** 24:1
**assistant** 21:23
**assume** 10:6
**assuming** 43:13
**attach** 60:18
**attachment**
  60:17
**attention** 9:4
**attenuated**
  16:16
**attorney** 13:10
  14:8,13,20
  15:4 16:19,22
  17:8,11,12,20
  18:1,9,21 19:3
  19:7,11 21:10
  21:15,19,20
  23:5,21 24:12

24:13,15 25:16
27:16 30:6
32:24 34:13,16
34:20 35:13
37:10,11 38:8
39:12,16,19
40:1,2,22
42:19 43:5,7
44:15 49:7,24
50:1,2 51:12
51:20,24 52:4
52:9,19 53:9
56:18 58:11,24
59:20 60:2,20
**attorney's**
  21:23 45:4
**attorneys** 12:24
  14:3 21:5,16
  22:18 25:10
  27:9 34:15
  35:4 38:16
  44:21 46:19,21
  48:10 58:7
**automatically**
  34:5
**aware** 38:17,18
  39:5

**b**

**back** 3:8 4:23
  5:7 9:10 14:10
  16:2,6 17:4,4
  17:22 24:21
  25:6 27:7

29:21 30:3
33:16 34:22
36:13 37:3
42:7 43:9 48:4
48:6 51:13,15
51:17 53:23,24
56:20 57:10
58:10
**backs** 17:6
**backtracked**
  43:3
**backwards**
  20:6
**bag** 51:21
**balance** 36:1,2
**bankruptcy**
  13:16 27:14,17
  27:24 28:5,7
  28:13,17,18
  32:18 35:9
  38:3 39:8,9,14
  40:3,7,10,14,16
  42:16,19 48:24
  49:2,5,22 50:5
  50:9 53:7
  54:24 56:14,17
**basis** 4:11
**batch** 40:4
**behalf** 2:11,16
**believe** 5:10 7:1
  7:8 28:6 42:21
**believes** 59:19
**benefit** 17:14

**best** 12:17
  20:13 44:13
  58:1
**better** 31:10
**beyond** 28:22
  28:23 46:11,13
  46:17
**big** 12:4 44:4
**boston** 2:4,6,9
**break** 23:4
**brief** 25:14,14
  41:11
**briefs** 21:3
**bring** 31:22
**broad** 13:15
**broadly** 23:24
**brought** 49:5
**bulk** 43:4
**button** 31:5

**c**

**calculated**
  56:11
**calendar** 31:21
  32:8
**call** 32:14
**cancila** 2:13
**candor** 19:1
**care** 45:7 56:12
  56:13,14
**carve** 56:24
  57:3
**case** 5:22 9:3
  10:17 13:21

**[case - crowded]**

20:12 21:17
27:14 32:4
38:2 44:11
45:6 47:12,18
61:17
**cases** 59:22
**cat** 51:21
**categorical**
27:13 28:2
**categories** 30:4
38:20 46:22
48:11 53:6,14
53:18 54:23
56:23
**category** 30:1
42:20 48:21
56:22
**caveat** 6:6
**cc** 59:20
**certain** 30:1
35:19 53:14
56:23
**certified** 64:20
**certifies** 64:7
**challenge** 18:2
**chance** 14:15
47:17
**check** 30:12
**chicago** 2:14
**choices** 29:8
**choose** 44:21
**chose** 12:11
**circumstances**
58:2

**claim** 16:7,13
21:6 27:19
43:18
**claimed** 42:8
**claiming** 16:12
**claims** 43:24
**clarification**
18:12
**claw** 14:10 16:1
16:6 17:3,4,5
17:22 25:6
27:7 29:21
30:2 33:16
34:22 37:3
42:7 43:8 48:4
48:5 51:13,15
51:17 53:23,24
56:20
**clear** 12:11
18:23
**click** 31:5
**client** 16:22
24:1,12
**clock** 55:20
**close** 25:3
**closer** 27:17
**closing** 10:18
**colleague** 35:2
**come** 5:15
26:24 33:12
36:9 47:9
49:16 57:10
58:10 62:22

**comes** 16:9
17:24 22:10
25:23 39:10
**commencing**
1:14
**committed** 32:5
**communication**
14:4 59:21
**communicati...**
10:6 14:16
21:6 25:18
**companies**
59:19
**company** 1:7,8
13:13
**compel** 8:22
**completed** 6:23
7:7,22
**completely**
6:14
**complex** 54:6
**compromise**
53:5
**concern** 7:20
20:24 59:13
**concerned** 7:11
7:15,17
**concerns** 25:23
**conference**
30:20
**consent** 35:18
**constitute**
46:19,21

**consultants**
43:24 44:1
**contacting**
34:20
**continued** 3:12
**contract** 23:21
**copied** 17:13
25:17 27:8
57:5
**copies** 44:5
**copying** 21:5
25:9
**correct** 19:6,8
37:9 61:21
64:10
**counsel** 3:2
26:2
**country** 23:15
**counts** 5:12
28:9 53:19
**county** 64:2
**couple** 5:8 6:1
61:6
**court** 1:1,14
16:21 20:12
29:13 32:5
36:14 50:19
**court's** 3:4
**crafted** 15:19
**creditor** 1:4
**criteria** 37:6
**critical** 7:10
**crowded** 32:7

**[csmith - e]**                                                            Page 4

| | | | |
|---|---|---|---|
| **csmith** 22:2 | 26:17 58:6 | **discussed** 25:16 | 45:18 49:11,13 |
| **custodians** 8:19 | **delay** 45:21 | **discussion** 3:3 | 49:15,21 50:9 |
| 46:4 | 46:3,6 | 3:12 57:20 | 51:19 52:22 |
| **customarily** | **delight** 19:2 | **dispute** 8:8,18 | 53:7 54:22 |
| 56:7 | **delighted** 7:14 | **disregard** 12:7 | 58:7,11 59:18 |
| **cut** 14:18 | **denied** 10:23 | **district** 1:1,2 | 60:13,14 61:14 |
| **cv** 1:7 | **denominator** | **document** 3:10 | 62:6 |

**d**

data 19:14,20
37:20 47:21
60:9
database 19:16
date 7:3 11:6
29:2,13 57:19
dates 32:10
day 3:5 5:10
24:19 31:13
days 5:5 43:18
59:20
de 9:21,22
deal 27:1 45:21
dealing 27:18
dearborn 2:14
decision 56:11
deem 45:5
deemed 16:4
53:3
defendant 8:15
defendant's
10:1 13:4,14
defendants 1:9
2:16 4:9 6:13
8:21,22 22:5

50:11
depends 31:1,2
deposition
16:10
depositions 9:4
described
52:14
despite 10:2
determine 3:4
45:3 53:2
54:18
devise 55:4,6
difference
21:19 48:8
different 57:3
difficult 48:12
51:10
disagree 24:8
24:10 33:19
43:10
disclosures
3:19 9:2
discovery 5:5
10:18 19:18
25:3
discuss 15:8

4:2,7 6:2,11
8:4 13:21
14:23 17:3,24
18:10 26:7,8
26:15,15,18
28:16 29:6,15
35:5 54:14
57:13,23
documents 6:3
7:19 8:17,23
9:20,21 10:1,4
10:10 11:9,10
12:2,13,23
13:5,18,18
15:10,20 16:6
16:8,11 17:8
17:10,15,17
19:4,15 20:16
24:24 25:21
26:11 27:24
28:5,13 29:11
32:22,23 33:8
33:20,21 34:7
35:6 36:3,21
37:1 38:4
39:15 40:10,16
43:4 44:10,15

doing 6:2 25:1
26:7 29:14
31:12 36:13
39:22 44:3
51:12 55:19,20
62:5
domain 14:1
21:16,20 22:9
22:14 34:6
37:11 40:2
50:1
domains 13:11
21:10 22:16
38:14
downgraded
6:8
drill 44:17
drilling 47:23
drive 6:14
drives 6:18
duped 9:22
duping 9:21

**e**

e 11:18 13:10
14:1 19:18
21:10,16,20

**[e - giving]** Page 5

22:9,14,16
32:15 34:3,5
35:2 37:11,16
37:19,20 38:14
40:2 41:2
42:14 48:17
50:1 57:5
60:11,16,17,18
60:18,19 61:4
62:16
**earlier**  38:21
**early**  20:15
**earth**  9:13
**edits**  5:1,7
**efficiency**
  45:20
**either**  11:9
  15:19,22 21:9
  33:6 36:11
**electronic**
  52:20
**eliminated**  12:1
**engaged**  23:16
**enormous**
  43:22
**entities**  44:2
**entitled**  1:13
  17:18 29:12
  34:8 64:8
**everybody**  22:4
  57:16 59:14
**exact**  7:3
**example**  13:3
  37:22

**examples**  25:11
  25:13
**exceeding**
  26:16
**exception**  3:18
**exceptionally**
  8:3
**exchanged**
  40:22
**exclude**  27:6
  28:1 32:22
  34:4 49:8
  52:11
**exclusion**  52:10
**exercise**  45:1,3
**expansive**
  16:23
**expeditiously**
  10:19
**experience**  8:2
**explained**
  38:21
**extension**  29:1
**extent**  10:14
  28:14 40:6
**extraneous**
  38:24
**extremely**  32:7
**eyebrows**  58:20

**f**

**fact**  16:9
**factors**  31:4

**fair**  15:21
  43:12
**faith**  1:14
**fall**  32:9
**fashion**  29:14
**fast**  30:10
  45:21
**faster**  31:9
**fault**  29:5
**federal**  2:3,6,9
**feel**  20:10
**felt**  20:8
**fight**  43:20
**figure**  12:17
  17:16 53:21
  56:2
**files**  41:4
**filing**  24:5,16
**finally**  6:23
  7:21
**find**  35:23 42:4
  56:1 57:19
**finger**  8:11
**finished**  7:24
**firm**  23:5 37:15
  39:1 50:2,2
**firm's**  22:9
**firms**  13:10
  23:14 37:24
  38:17,24 39:6
**first**  4:1 22:16
  50:23 52:9
  56:3 59:17

**five**  8:1
**flip**  27:21
**focus**  27:22
**follow**  44:9
**following**  3:4
**forego**  45:17,23
  46:23 53:9
**foregoing**  64:9
**forgotten**  61:3
**forth**  4:23 5:7
**forthwith**  4:11
  47:20
**forward**  8:6
  9:3 20:11
**friday**  5:10,11
  11:23
**frozen**  19:22
**full**  38:9 39:6
  59:4
**furman**  2:8

**g**

**generally**  4:14
**getting**  17:14
  17:17 20:16
  27:23 34:7
  45:17 55:2
**give**  14:12
  39:21 43:17
  50:18,22 53:18
**given**  4:19
**giving**  23:24
  24:4,13 51:16
  52:24

**[glad - honor]** Page 6

| | | | |
|---|---|---|---|
| **glad** 7:21 | **happening** | 21:9,15 28:9 | 48:19 49:9,12 |
| **go** 3:9 14:10 | 16:15 | 35:5 36:22 | 49:19 50:4,21 |
| 16:8 17:2,19 | **happy** 36:10,10 | 37:24 43:5 | 51:6,14,23 |
| 20:12 23:23 | **hard** 44:5 | 49:15,22 53:18 | 52:8 54:10 |
| 36:13 55:24 | 45:23 52:5 | **hits** 14:12 | 55:13,22 57:9 |
| **goes** 24:17 | **hear** 43:21 | 17:19 22:17 | 58:5,13 59:7 |
| **going** 6:11 9:5 | **hearing** 3:4 7:2 | 27:4 28:5 43:6 | 60:21 61:11,18 |
| 10:14 12:6 | 7:6,6 19:20 | 50:17 54:19 | 61:22 63:2 |
| 17:21 18:8 | 25:8 30:13 | 56:17 | **holmes** 2:13 |
| 24:6 25:4,6 | 32:9 41:22 | **hochberg** 1:14 | **honest** 54:3 |
| 30:21 32:10 | 58:18 | 3:1,23 4:18 | **honor** 3:17,21 |
| 38:6 39:11 | **help** 11:5,12 | 5:24 6:22 7:5 | 4:15,16,22 5:4 |
| 43:15 45:8 | 29:9 31:8 | 7:10 9:13 10:5 | 5:14 6:5,17 |
| 48:3 50:22 | **hibble** 25:16,17 | 10:23 11:3,14 | 8:12 9:11,23 |
| 51:10 54:4,14 | 26:1,9,12,19 | 12:10,15,21 | 10:11,17 11:13 |
| 55:11 57:15 | 27:2,6,8 29:24 | 13:6,24 14:24 | 12:4,6,14 13:1 |
| 59:23 | 30:7 33:13,20 | 15:6,23 18:24 | 13:13,20 15:9 |
| **gotshal** 38:6 | 33:21 34:2,10 | 19:9 20:5 21:8 | 18:11,23 19:8 |
| **gotten** 44:5 | 34:16,19 37:1 | 21:18 22:15 | 20:21 21:3,13 |
| 54:17 | 40:3 48:15 | 23:3,8,16,19 | 22:5,20 23:2 |
| **granted** 28:24 | 53:11 56:24 | 24:9,15,21 | 23:13 24:7 |
| **granularity** | 57:4,4 59:13 | 25:4,8 26:1,22 | 25:12 26:4,21 |
| 22:22 | 59:15,16 60:15 | 28:4,12,21 | 27:10,20 28:8 |
| **great** 41:23 | 60:20 | 29:23 30:10,15 | 28:11,15,19 |
| **grouped** 42:18 | **hibble's** 33:15 | 30:19 31:7 | 29:16,21 30:9 |
| **guarantee** 1:7 | 35:7,12 40:11 | 32:1,19 33:4,9 | 30:13 31:24 |
| **guess** 9:15 45:1 | 42:14,16 48:9 | 33:23 34:14 | 32:16 33:7,17 |
| **h** | 53:14 54:23 | 35:11,15 36:7 | 34:24 35:22 |
| | 56:15 | 37:5 38:23 | 36:18 37:16,17 |
| **halfway** 28:23 | **high** 5:17 | 39:13,24 40:9 | 38:9 39:4,18 |
| **hand** 5:20 | **hit** 5:12 8:7 | 41:1,8,14,23 | 40:8 41:5 |
| **happen** 8:10 | 9:17 11:17 | 42:12,23 43:12 | 42:11,22 43:6 |
| 29:19 32:11 | 12:12 13:8 | 45:2,12 46:6 | 43:11 44:14 |
| | 18:16,21 21:1 | 46:10,20 48:1 | 46:3 47:13,20 |

49:6 50:18 51:9,22 54:2 57:7 58:4 60:10 61:21 62:24 63:1

**honor's** 19:24 32:21

**honorable** 1:13

**hopeful** 19:21 19:23

**hopefully** 56:6

**hoping** 19:14

**hour** 1:14 41:21 42:2 50:22 52:16 53:21 54:5,7 54:16 55:10,23

**hours** 19:12 61:6

**house** 26:2

**howard** 15:16

**huge** 9:18

**huh** 52:7

**hundred** 12:13

**hundreds** 37:23

**i**

**idea** 35:20 39:21 58:23 60:7

**ideal** 58:1

**ideally** 62:1,17

**identified** 15:20

**identify** 4:10 28:10 54:22

**il** 2:14

**illinois** 64:1

**imagine** 27:15 38:5

**important** 44:22

**inadvertently** 22:8

**include** 40:3,18

**included** 25:13

**includes** 37:10

**including** 53:10

**inclusive** 15:21 38:11

**incorrect** 13:1

**indicated** 10:17 36:16

**indicative** 5:18

**individually** 25:1

**individuals** 9:1

**information** 6:16,19 8:20 20:1 22:23 31:18 50:20 51:9 54:5 55:9 61:10,23 62:8

**initial** 34:13

**initially** 5:3

**instance** 21:24 38:3,11

**instructions** 52:21 60:3

**instrument** 56:10

**insurance** 1:7,8 27:19

**interest** 36:2 45:20

**interested** 35:20,23 39:2 49:14

**interrupting** 54:12

**involved** 37:2

**involvement** 27:16 39:7,12 39:16,20 40:7 45:4 49:7

**involves** 42:16

**involving** 40:1

**issue** 3:10,18 3:21 12:4 33:19 42:1 47:5 48:6 50:24 57:11,12 57:24 60:22

**issues** 3:7 5:19 12:5 13:16 25:15 27:17 47:17

**items** 3:15

**j**

**jammed** 31:20

**january** 7:2,4,6 9:11 26:5

**jlauner** 22:1

**joann** 64:6

**job** 43:23 44:4 46:12

**join** 30:20 32:13

**jointly** 62:16

**josh** 2:3 38:12

**judge** 1:14 3:1 3:7,19,23 4:18 5:24 6:22 7:5 7:10 9:13 10:5 10:23 11:3,14 12:10,15,21 13:6,24 14:24 15:6,23 18:24 19:9 20:5 21:8 21:18 22:15 23:3,8,16,19 24:9,15,21 25:4,8 26:1,22 28:4,12,21,24 29:23 30:10,15 30:19 31:7 32:1,19 33:4,9 33:23 34:14 35:11,15 36:7 37:5 38:23 39:13,24 40:9

**[judge - longer]**

41:1,8,14,23
42:12,23 43:12
45:2,12 46:6
46:10,20 48:1
48:19 49:9,12
49:19 50:4,21
51:6,14,23
52:8 54:10
55:13,22 57:9
58:5,13 59:7
60:21 61:11,18
61:22 63:2
**judgment** 32:2
**june** 31:20 32:7
**justice** 20:18

**k**

**keep** 6:17 44:11
47:12
**keeping** 47:18
60:1
**kelly** 3:20
**kept** 32:8
**kind** 27:12,20
27:21 28:1
36:2 38:19
**klawitter** 64:6
**knew** 19:19
**know** 4:24 5:6
7:3 11:21
12:10,21 13:3
15:6 16:5,9
18:16,20 20:7
22:19,20 27:1

28:1,21 30:5,8
30:18 35:4,14
36:2,9,21 37:2
37:13 38:6
39:5,21 40:6
40:22,23 43:14
43:17 44:20,23
45:9,10,12
47:21 48:14,17
48:20 50:7
54:2,4 59:17
61:9
**knows** 6:17
32:4 41:16
**kronfeld** 1:3

**l**

**l** 64:2,2
**large** 27:23
**late** 4:4 5:10
9:17
**launer** 2:3 3:16
3:24 4:13,14
4:20 6:1,5,23
6:24 7:8,13
8:12 9:22
11:13,20 12:14
12:16,20 13:1
13:8 14:22
15:3,8 18:11
19:1,6,13
21:12,21 22:19
23:4,13,18
24:7,11,20,23

25:7 26:4
28:11 30:8,11
30:12,18,21
31:24 32:15,20
33:7,17 34:11
34:24 35:14
37:9,15 38:13
41:1,4,9,12,18
42:3,11,24
43:2 44:13
45:8,16 46:2,9
46:14 47:13
48:16 50:13
51:4,8,18 54:2
54:11 55:1,17
57:1 58:3,6
59:4 60:9 61:4
61:13,21 62:9
63:1
**law** 13:10
16:16 23:14
37:15,23 38:17
38:24 39:1,6
50:2,2 62:11
**lawyers** 16:24
47:7
**legal** 15:14
**legitimate** 16:7
**lesser** 11:1
**letter** 25:14,14
**level** 22:21
**liability** 1:7
**light** 4:4

**likelihood**
22:12
**likely** 54:8
55:12
**limits** 49:17
**line** 14:4
**lisa** 8:23 11:20
11:22 13:4
14:22 21:14
60:14
**list** 8:7 9:17
10:9 11:17
12:12 22:15
34:21 37:14
40:18,20 41:6
41:15 43:17
44:19
**literally** 59:24
**litigation** 1:4
23:17,20
**llp** 2:13
**lobban** 18:17
19:5 47:22
61:2,7,12,14,18
**log** 6:7 25:15
25:19,20
**logs** 43:23
**long** 7:16 8:3
18:17 19:9,17
22:22 26:16
48:18 56:1
**longer** 44:18,18
44:18

**[look - narrowing]**

**look**  6:13 11:19 15:13 22:3 24:18 58:11
**looked**  40:19
**looking**  19:20 24:24 25:20 28:9 41:4 58:20,21
**looks**  41:3
**losing**  14:15
**lost**  37:17
**lot**  9:19 23:6 27:15 38:7 41:10
**lots**  39:12
**lucas**  2:13

**m**

**m**  64:6
**ma**  2:4,6,9
**machines**  20:4 55:7
**made**  4:5,20 21:2
**magistrate**  3:7
**mail**  11:18 13:10 14:1 19:18 21:10,16 21:20 22:9,14 22:16 32:15 34:3,5 37:11 37:16,19,20 38:14 40:2 41:2 42:14

48:17 50:1 57:5 60:11,18 60:18 61:4 62:16
**mailing**  35:2
**mails**  60:16,17 60:19
**majority**  13:17
**make**  5:16 17:4 17:22 18:12,22 22:7 42:1 50:15 56:10
**makes**  27:11 49:8
**making**  6:6 36:3
**march**  1:14
**mark**  1:3 13:5 13:12,18 14:22 60:14
**martin**  8:23 11:21,22 13:4 14:22 18:15 19:4 21:14,14 60:14,24 61:15
**massachusetts**  1:2
**master**  5:5 28:19
**material**  10:15 17:11 36:5,6
**materials**  18:18
**matter**  1:13 15:18 34:13

45:5 55:2,7,17 64:9
**matthew**  2:8
**mean**  5:3 7:12 7:17 9:19 12:5 13:20 20:2 22:4,13 29:18 31:4 38:23 39:8 40:9,10 43:10 46:2,18 51:5,18 54:9 59:22 62:20
**meaning**  61:14
**means**  37:21
**mediation**  15:17
**memory**  4:9
**mentioned**  53:8
**met**  55:14
**meta**  37:20
**mid**  7:1
**million**  19:15
**mind**  39:9
**minute**  23:9 46:7
**month**  7:24 29:1
**months**  7:22 8:1 28:23 31:14,19
**morning**  61:4
**motions**  32:2
**move**  9:2 12:15 24:21 31:11

62:14
**moved**  8:22
**moving**  8:6 20:6,11 45:21
**myers**  2:5

**n**

**name**  17:20 18:1,21 21:16 21:19 23:5 30:6 32:24 34:5,6 35:7,12 35:13 37:11,15 38:8,12 40:11 42:17 43:7 48:9 49:24 51:12 52:9 53:15 54:23 56:15
**names**  13:10 14:8,13,20 15:5 17:9,12 18:9 19:3,7,11 21:10 22:3 34:16 38:9 40:23 42:19 43:5 44:16 51:20 52:1 53:9 56:19 58:12,24
**narrow**  5:2,15 11:5 37:7
**narrowing**  11:7

**nathalie** 25:17
**need** 12:21
15:16 28:12
31:17,22 32:3
36:19 40:14,15
42:17 48:14,20
52:15 56:24
57:1,22
**needed** 4:10
10:18
**needs** 6:8 8:10
16:20 47:11
55:14 59:17
**negotiate** 61:24
**never** 8:18
29:12 32:4
51:16
**new** 4:5 10:3
**nine** 28:24
**non** 27:1 36:5
**notion** 16:23
43:3
**number** 6:12
6:15,21 7:13
12:5 18:14
19:4 25:18
27:5,23 28:20
28:22 43:17
61:12,13
**numbers** 11:21
22:24

**o**

**o'clock** 62:17
**object** 18:3,4
32:21
**objection** 25:9
**october** 36:17
**odd** 12:13
**okay** 4:1,18
6:22 10:5
14:24 15:23
16:14 20:22
32:19 35:15
39:24 41:8,23
42:23 43:12
48:19 49:9
50:4 52:13
54:1 55:22
56:16,21 57:6
57:9,21 58:5
59:14 60:21
61:18 62:19
**old** 29:14
**omitted** 14:7
**once** 8:4 16:5
**ones** 14:3,7,19
15:4 18:9
19:11 27:8
34:19 39:15
42:6 43:18
52:19 56:11
59:23
**opportunity**
46:23

**opposed** 44:2
**option** 10:21
**order** 5:5 6:12
6:15,21 12:19
26:8 28:19,22
**ordered** 5:4 6:3
8:5 28:19
29:21
**ordering** 62:13
**original** 10:2
29:1 46:4
47:13
**overlap** 23:7
41:9
**overwhelming**
13:17 22:11
**overwithhold...**
36:4

**p**

**pace** 20:7
**paper** 26:6
**paralegal** 21:22
**parent** 60:16
**part** 9:15 28:18
**particular**
11:10 27:3,4
30:4 45:4
**parties** 9:2,10
**parts** 20:15
**passed** 25:3
**past** 5:8 7:21
**pause** 41:11

**pbs** 1:7
**people** 4:6 8:7
9:17 10:8 12:9
18:7
**peoples** 9:14
**percent** 61:6
**perfect** 27:1
29:10 62:3
**perfectly** 48:21
**period** 26:16
**person** 11:10
**perspective**
29:18
**phone** 30:16
42:3 47:6
52:15 54:17
57:2,15
**pick** 44:21
46:18
**picking** 11:1
46:20
**plaintiff** 1:5
4:24 7:18 8:13
8:24 32:20
**plaintiff's** 12:7
13:9,14
**plaintiffs** 2:11
**please** 35:16
**point** 5:13 21:2
**position** 9:10
**possible** 11:6
54:18,21
**possibly** 15:1
45:9

**[potential - quizzical]**                                    Page 11

**potential** 53:4 53:23
**pounds** 44:6
**practical** 62:23
**practice** 62:11
**preclusion** 8:16 10:13,20,24
**preliminary** 20:15
**preparation** 23:19
**present** 16:21
**president** 13:12
**pressing** 32:9
**presto** 31:5
**presumably** 32:2
**presumptive** 37:13
**presumptively** 32:23 41:16 52:12,23 56:4
**pretty** 22:11
**previously** 29:22
**prior** 15:11
**privilege** 6:7 13:9,17 14:1 15:1,20 16:7 16:13,14,17,23 21:1 22:8 23:6 23:10,12,23 24:13 25:2,5 25:15 27:11

28:3 32:22,23 36:5,22 37:6 37:12,13 39:23 40:17,20 43:19 43:21,23 44:2 46:19,21 47:17 47:24 48:2 49:18 50:14 51:13 52:12,23 53:3 61:8,20 62:6
**privileged** 12:23 13:7 14:6,17 16:4 22:12 24:5,17 25:22 26:9,13 33:3,22 34:3 36:5 41:17 42:9 56:5 59:21
**privileges** 53:1
**probably** 39:11
**problem** 35:1 35:17 45:22
**proceed** 10:9 10:19 12:18 29:20
**proceedings** 1:13 63:4 64:8 64:11
**process** 23:2
**processing** 20:3 55:8

**produce** 8:5 16:1 22:8 26:18 43:4,7 47:19 48:23 51:11
**produced** 20:16 25:21 26:11 30:2 33:20 34:17 44:10 48:23 52:18 56:19 57:13 60:23
**producing** 7:19 17:8 20:22 36:21,24 51:19 51:24
**product** 24:12
**production** 3:11 6:3,11,20 8:4 18:6 20:8 29:6,15,19 34:21 42:7 49:24 50:5 54:15 57:24 59:1
**profession** 56:8
**promptly** 20:23
**proposal** 12:7 18:5 32:21 33:14 47:14 49:17 58:16 59:10
**proposals** 42:5

**proposed** 8:24
**proposing** 8:13
**provide** 20:1
**provided** 5:9 61:10
**providing** 10:2
**public** 24:6
**purpose** 17:5 44:24 45:2
**pushing** 58:6
**put** 7:19 9:10 18:5 20:14 24:16 29:13 36:12 42:5 59:10
**putting** 14:6

**q**

**quandary** 58:15
**question** 9:24 16:20 18:13 19:24 32:18 35:8,16 40:12 41:19 48:5 52:17 55:3 57:14
**questions** 6:1 34:4
**quickly** 8:9
**quite** 42:10
**quizzical** 58:21

**[rael - right]**                                                    Page 12

| r | | | |
|---|---|---|---|
| **rael** 2:13 4:13 4:16,18,22 10:7,11 11:2 14:14 17:13 18:4,13 20:1 20:17,20,21 23:1 25:9,11 25:12 26:2 27:3,10 28:6 28:14 29:5,16 33:24 35:19,21 35:22 36:10,18 39:2,3,17 40:5 40:21 41:17 42:2,21 44:19 46:18 47:6 48:21 49:1,4 49:10,14 50:3 52:4,5,7,10 56:9 57:7 60:10,22 61:23 62:24 | **reason** 38:1 49:5 **received** 5:11 **receiving** 36:3 **recent** 7:1 11:24 **recently** 5:9 **recipient** 26:12 **recognize** 62:3 **redacted** 6:9 **redactions** 57:14 **regard** 5:22 21:6 27:18 28:2 **regarding** 3:13 3:18 6:16 13:15 **regardless** 22:10 **reinsurance** 3:14 | **remember** 7:5 **remove** 8:13,24 10:8 14:2 46:9 **removing** 15:4 **rephrase** 40:12 **report** 1:13 35:6 **reported** 64:7 **reporter** 64:20 **reports** 11:23 12:1 18:16 **request** 13:22 **requests** 28:16 **required** 4:6 **requirement** 10:24 **requiring** 58:16 **reschedule** 57:20 **reserve** 51:5,6 **reserves** 3:13 3:22 **resolution** 62:17 | **response** 25:13 **responsive** 10:15 13:21 **rest** 14:9 24:2 57:20 **resume** 50:24 **retaining** 62:12 **review** 15:11 23:21 25:2,5 26:8,15 39:23 47:24 48:2 51:13 53:1 **reviewed** 61:16 **reviews** 62:6 **revised** 10:3 13:4 18:20 **rich** 13:5,12 14:23 18:15 19:5 21:14 60:14 61:1,15 **rich's** 13:18 |
| **range** 11:6 **ready** 20:14 36:15 57:19 **real** 16:13 **realize** 60:24 **really** 56:12,13 57:14,22 59:21 60:22 **realm** 54:18 | **related** 27:13 27:16,24 28:7 28:16,17 **relation** 5:19 **relativity** 61:5 **relevant** 5:19 8:19 9:19 13:20 17:11 **relying** 16:11 **remainder** 9:7 **remedy** 11:1 | **resolve** 53:5 58:3,9 **resolved** 62:15 **resources** 7:18 9:4 20:14 **respect** 49:21 **responded** 20:18 59:12 | **right** 3:1,23 4:16 5:24 9:5 10:11 11:2 12:24 13:3 16:5 17:7 18:2 25:7 30:16,23 32:16 33:18 35:2 41:2,13 41:20 42:19,21 45:19 48:6 50:3 51:15,17 52:24 58:3,8,9 58:19 |

**riley** 2:13
**rough** 14:18 20:18
**rounds** 5:1 10:3
**rule** 3:11,19
**ruling** 3:5 4:3
**run** 30:24 61:7
**running** 50:13 54:6,12

**s**

**s** 2:14
**safer** 2:13
**samuel** 2:5
**satisfied** 37:6 48:22,22
**saying** 7:12 16:18 21:8,9 33:24 46:22 47:4 48:3 49:20 52:2 54:13,13 58:22 58:23 59:8 60:5
**says** 15:14 16:19 24:16
**scant** 31:15
**schedule** 29:3 44:12 47:12,18
**screen** 61:20
**search** 4:2,7,10 4:19 5:1,23 11:16,22,24

13:19 18:16 27:4,5 31:1 35:5 38:15 55:4,5,6,8 56:17 61:9
**searches** 30:24 40:24 54:6
**searching** 31:3
**sec** 24:5,16,17
**second** 50:18 52:17
**secret** 60:1,2
**see** 14:15 18:8 19:10 29:12 32:6,13,13 34:8,21,22 41:2,5 42:4 45:19 50:8 52:3,9,12 53:15,17 56:2 56:3
**seeking** 26:17
**seemed** 10:21
**seems** 31:12 33:11,12 35:19
**seen** 40:23 60:3
**segregate** 33:15
**send** 11:14,16 12:3 15:7 33:15 41:17 62:1
**sense** 27:12 42:1 49:8

**sent** 3:8 48:16 60:11
**sentence** 16:18
**separate** 6:15 19:11 44:7 50:24 53:18
**separately** 34:10
**september** 6:4 7:23 36:16
**set** 3:21
**seven** 33:8
**several** 4:24 5:7
**share** 6:14,18
**shc** 1:4
**short** 54:12
**shorthand** 64:7 64:20
**shown** 24:2
**shows** 35:6
**side** 14:7 15:22
**signature** 64:19
**significant** 45:6
**similar** 56:7
**single** 23:21
**six** 7:22 28:22
**slow** 20:9 29:5 36:13,14
**snap** 8:11
**solution** 35:24 47:8 62:23
**solve** 35:17
**solving** 57:23

**somebody** 23:24
**somewhat** 20:18
**soon** 47:21
**sorry** 11:15 37:17 42:12 51:4 54:11
**sort** 14:17 16:16 49:17
**sounds** 36:22 42:15 43:2 56:13 61:22
**speak** 30:23 31:8 41:20
**speaking** 4:14
**special** 28:19
**specifically** 8:15 46:15
**speedy** 62:11
**spitting** 55:8
**ss** 64:1
**st** 2:14
**stage** 10:16,20
**start** 47:23
**starters** 34:11 36:20
**state** 64:1
**stated** 4:8
**states** 1:1
**steward** 7:19 23:14 26:3 37:23 60:6

**[steward's - todd]**

| | | | |
|---|---|---|---|
| **steward's** 15:14 | **surgical** 56:10 | 61:9 | 60:8 |
| **stip** 51:7 | **surprises** 9:15 | **terms** 4:19 5:1 | **thinking** 39:19 |
| **stipulation** 3:13 12:8 51:1 | **swallow** 52:6 | 5:4,9,14,23 | **third** 53:6 |
| **stop** 59:4 | **system** 19:22 | 10:2,3 11:16 | **thirty** 13:8 |
| **story** 24:18 61:2 | **t** | 12:6 13:4,9,14 | 21:12 |
| **street** 2:3,6,9 | **table** 18:6 42:6 | 15:19 18:20 | **thought** 37:18 |
| **string** 41:15 56:4 | 48:6 59:11 | 21:1 23:6,10 | **thousand** 12:2 |
| **strong** 22:11 62:20 | **take** 11:19 14:2 | 23:12 27:4,5 | 13:8 21:12 |
| **stuck** 61:5 62:5 | 25:2 27:12 | 27:22 28:3,7 | 33:8 |
| **subject** 14:9 | 28:1 42:2 | 28:17 29:20 | **thousands** |
| 16:1 20:3 27:7 | 48:18 52:22 | 35:5 36:22,24 | 26:11 33:21 |
| 29:20 30:2 | **taken** 7:15 | 37:24 39:21 | 51:19 |
| 33:16 34:22 | 18:17 | 40:14 41:10 | **three** 4:5,6 5:4 |
| 37:3 42:7 43:8 | **takes** 8:3 19:17 | 49:11,15 50:14 | 8:7 9:1 11:11 |
| 44:1 45:5 | 22:22 26:15 | 61:8 | 18:7 38:19 |
| 53:22,23 56:20 | 44:18 47:24 | **thank** 3:24 | 47:7 |
| **submitted** 8:14 | 54:6 | 18:24 62:8,10 | **throw** 60:2 |
| **subpoenaed** 8:21 | **talk** 4:1 53:17 | 63:1 | **tight** 29:3 |
| **suggestion** 20:19 | 57:10 | **thing** 53:10 | **time** 8:3 17:16 |
| **summary** 32:1 | **talked** 59:24 | 59:8 | 17:19 18:18 |
| **sure** 6:6 18:22 | **talking** 51:24 | **things** 13:15 | 19:17 20:3 |
| 22:7 28:8 36:4 | **targeted** 4:21 | 15:14,18 19:16 | 22:22 26:16 |
| 39:3,4 40:5,21 | 11:11 | 31:22 60:1 | 31:15 33:1,2,5 |
| 42:10 44:20 | **tasks** 3:3 | 62:14 | 45:24 51:2,11 |
| 50:15 55:15 | **team** 15:14 | **think** 3:21 4:6 | 54:7,12 55:20 |
| **surely** 12:22 | **tell** 25:20 30:11 | 5:13,14,18,21 | 55:23 |
| 62:13 | 36:14 40:13 | 10:12 12:4 | **timeframe** |
| | 42:5 50:19,21 | 20:21 25:12 | 36:15 |
| | 57:1,18 | 27:11 28:15 | **times** 7:13 34:2 |
| | **ten** 29:1 | 29:19 36:19,20 | **today** 3:15 44:8 |
| | **term** 11:22 | 37:2,3 38:10 | 53:20 55:11 |
| | 12:1 13:19 | 41:12 49:4,6 | 57:10 62:14,18 |
| | 35:10 49:22 | 49:16 51:2 | **todd** 2:2,5,8 |
| | | 58:13,18,19 | 37:16,19,21 |

38:15
**toddweld.com** 22:2
**toddweld.com.** 22:1,5
**told** 52:11 55:18
**tomorrow** 16:21 54:8,15
**top** 39:9
**topics** 39:10
**total** 50:8 54:19 61:11,13
**totally** 31:20
**train** 37:18
**tranche** 35:11
**transcript** 64:10
**translate** 49:20
**treat** 29:24 34:9 42:13 57:4 59:15,16
**treated** 48:9 56:22
**treating** 53:13
**trial** 20:12,14 28:23 29:2 36:15
**true** 23:14 64:9
**trust** 1:4
**trustee** 1:3
**try** 5:1 29:9 40:11 55:13

**trying** 6:16,19 9:9 22:21 23:4 28:10 31:11 32:17 35:23 36:1,8 43:1 44:9 49:19 52:3 62:4,22
**turn** 9:3
**turned** 14:9
**turning** 46:14
**turns** 46:13
**two** 3:15 9:6 12:2 19:12 29:8 38:13 47:4,7 48:7 54:16 57:16 61:24

**u**

**uh** 52:7
**under** 3:11 6:11,21 10:1 10:24 16:23 18:19 58:1
**understand** 3:6 3:9 5:22 16:24 20:5 29:16,17 31:9 33:9 36:7 37:8 39:11 44:24 46:1,10 46:12 48:7 52:2,5 53:13 58:14 60:5

**understanding** 3:17 4:17 10:13 14:4,14 18:7 32:24
**understood** 57:7 62:24
**unfair** 45:11,15
**unfortunately** 15:12
**unique** 50:16 61:14
**united** 1:1
**universe** 15:11 39:6 61:9
**unprivileged** 47:1
**updated** 5:12
**urgent** 11:9,9 51:2
**use** 16:3,24 38:1,9,14 56:10 62:7
**using** 17:3 37:21 56:8
**usually** 38:12

**v**

**v** 1:6
**vendor** 19:19 30:13,16,19,21 31:8 32:13 35:16 41:7,16 41:18 42:3 47:5,6,8 48:12

52:11,16 53:17 53:22 54:17 55:14 57:2 62:10
**vendors** 56:8
**view** 20:7 26:7
**volume** 5:17 18:19 31:2 48:14

**w**

**w** 64:2
**wait** 23:8,8
**waiting** 61:7
**want** 8:16 12:19 16:3 18:12 26:18 27:5,6 29:23 30:22 36:12,13 39:13,14,17 40:16 42:13 46:16 49:1,10 49:12 50:15,23 53:15 55:15,23 58:10 59:16 60:23 62:7
**wanted** 18:22 22:24
**wants** 20:12 45:14 56:2
**warning** 31:19
**way** 12:17,22 14:18 15:12,21 20:10 24:23

27:1,21 28:22 29:14 34:9 35:17 36:14 44:13 50:6 52:13 56:23 57:4,24 59:15 60:1

**week** 9:7,8

**weeks** 5:8 9:6

**weigh** 44:6

**weil** 38:6

**welcome** 63:2

**weld** 2:2,5,8 37:16,19,21 38:15

**willing** 39:20 40:13 45:22 46:23 47:2,14 47:16 52:18,21 53:8

**wishes** 3:9

**withheld** 59:1

**withhold** 40:17 44:15 49:23 56:18

**withholding** 27:7 30:6 37:14 39:22 40:20 52:20

**witnesses** 3:12 5:19

**words** 34:14 37:8 53:12

**work** 19:2 24:11 29:9 31:17 42:6 44:3 47:8 53:20 57:17,22 62:1

**workable** 35:24 47:10,11

**worked** 62:4

**working** 44:4

**world** 24:3 33:1,5

**written** 21:3

**wrong** 37:9

**wrote** 4:3

**x**

**x** 43:17

**y**

**year** 31:14 36:17

**yesterday** 5:12

**z**

**zurich** 1:8