# Exhibit L

**Todd&Weld** LLP

William Gildea
wgildea@toddweld.com

March 17, 2025

**BY E-MAIL**

Deidre Foley, Esq.
Consigli Construction Co., Inc.
313 Congress Street
Boston, Massachusetts 02110
dfoley@consigli.com

> Re:  ***Steward Health Care System LLC v. American Guarantee and
> Liability Insurance Company, et al***
> **United States District Court, District of Massachusetts**
> **Civil Action No. 21-cv-11902-PBS**

Dear Attorney Foley:

Todd & Weld LLP represents Steward Health Care System LLC ("Steward") in the above-captioned litigation. Steward understands that Zurich and AGLIC have served a subpoena duces tecum on Consigli, seeking various materials regarding Norwood Hospital (the "Subpoena").

This letter serves as notice that Steward instructs Consigli <u>not</u> to produce any materials, including, but not limited to, communications with Steward's attorneys, that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. These privileges belong to Steward alone, and Consigli has no authority to waive them. Steward maintains that materials prepared after February 2021 are presumptively protected from disclosure, though some earlier materials may also be protected.

Further, as Consigli is <u>not</u> a testifying expert for Steward, Steward's position is that the Subpoena seeks impermissible discovery under Fed. R. Civ. P. 26(b)(4)(D). *See In re Grassi*, No. 3:12-CV-00344-RCJ, 2013 WL 6623189, at *2 (D. Mass. Dec. 13, 2013) (Dein, M.J.) (quashing subpoena to consulting expert); *see also Servicios Funerarios GG, S.A. de C.V. v. Advent Int'l Corp.*, No. CV 23-10684-IT, 2023 WL 7334270, at *6 (D. Mass. Nov. 7, 2023) (Boal, M.J.) (internal citations omitted) ("Rule 26(b)(4)(D) 'creates a safe harbor whereby facts and opinions of nontestifying, consulting experts are shielded from discovery, except upon a showing of exceptional circumstances.'").

Should Consigli have any questions regarding specific materials, Steward requests the opportunity to review and assess them before any disclosure.



Deidre Foley, Esq.
March 17, 2025
Page 2 of 2

If you wish to discuss further, kindly propose some convenient times to discuss.

Thank you.

Kind regards,

*/s/ William E. Gildea*

William E. Gildea

cc:    Robert V. Lizza, Esq. (via electronic mail)
       Seth J. Robbins, Esq. (via electronic mail)