UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEWARD HEALTH CARE SYSTEM LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 1:21-cv-11902 – PBS |

**Second Addendum to Confidentiality Stipulation (Dkt. No. 66), Concerning Documents Produced Pursuant to Discovery Master Order No. 22 and Marked Attorneys' Eyes Only**

WHEREAS, the parties to the above-captioned litigation have entered into a Confidentiality Stipulation entered by this Court (Dkt. No. 66) (the "Stipulation") as well as the First Addendum to the Confidentiality Stipulation (Dkt. No. 154);

WHEREAS, the parties seek to file a Second Addendum to the Stipulation to establish procedures for documents marked Attorneys' Eyes Only, and produced by Plaintiff in accordance with Discovery Master Order No. 22 (Dkt. No. 224) at Section IV(B);

**IT IS HEREBY STIPULATED AND AGREED** by the Parties hereto, through their undersigned counsel, subject to the approval of the Court and pursuant to Fed. R. Civ. P. 26(c)(1), that this Second Addendum to the Confidentiality Stipulation Concerning Documents Produced Pursuant to Discovery Master Order No. 22, Section IV(B) (the "Second Addendum") will govern the handling of documents, including the use of the documents in furtherance of litigation in this case, that are produced by Plaintiff after entry of this Second Addendum and pursuant to Discovery Master Order No. 22, Section IV(B).

1.      Pursuant to the Court's ruling on June 26, 2026, Plaintiff may mark documents produced pursuant to Discovery Master Order No. 22, Section IV(B) ("Plaintiff's Withholdings Involving CREF"), as Highly Confidential – Attorneys' Eyes Only.

2.      Designation of material as Highly Confidential – Attorneys' Eyes Only will also render Highly Confidential – Attorneys' Eyes Only any copies, excerpts, summaries, or other forms of recording of the contents of such materials.

3.      The inadvertent production of any document without a designation of "Highly Confidential – Attorneys' Eyes Only" but intended to be protected by Plaintiff as such shall not waive Plaintiff's claim of Highly Confidential – Attorneys' Eyes Only status as to such document (or any portion thereof), and after discovery of the inadvertent production Plaintiff may designate the same as "Highly Confidential – Attorneys' Eyes Only." Disclosure by any party or non-party of such matter prior to notice by Plaintiff of the Highly Confidential – Attorneys' Eyes Only nature thereof shall not be deemed a breach of this Stipulation.

4.      Except with the prior written consent of the producing party or the Court, no Highly Confidential-Attorneys' Eyes Only material may be disclosed to any person other than:

(a) outside counsel retained for this action, and any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

(b) a single in-house attorney from each Defendant, identified in writing to Plaintiff, who will comply with the terms of the Second Addendum;

(c) outside vendors and service providers (such as copy-service providers and document-management consultants, graphic production services, or other litigation support services) that counsel hire and assign to this matter;

(d) any mediator that the Parties engage in this matter or that this Court appoints, provided such person has first executed the Non-Disclosure Agreement attached as Exhibit A-1 to Dkt. No. 66;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or a deposition in this action, and who can provide testimony about the subject or contents of the document marked Highly Confidential – Attorneys' Eyes Only, to the extent deemed reasonably necessary by counsel, in preparation for depositions or testimony in this litigation and provided such person has first executed the Non-Disclosure Agreement attached as Exhibit A-1 to Dkt. No. 66. Witnesses shall not retain a copy of documents containing Highly Confidential – Attorneys' Eyes Only designations, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Highly Confidential – Attorneys' Eyes Only must be designated by Plaintiff and separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(g) any person retained by a Party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed the Non-Disclosure Agreement attached as Exhibit A-1 to Dkt. No. 66;

(h) stenographers engaged to transcribe depositions conducted in this action; and

(i) this Special Discovery Master, this Court, any appellate court, and the court reporters and support personnel for the same.

5.    All other terms, provisions, and procedures concerning the exchange, use, and disclosure of Confidential Material as set forth in the Confidentiality Stipulation (Dkt. No. 66) shall apply to materials marked Highly Confidential – Attorneys' Eyes Only.

6.    The Parties have agreed that by July 31, 2026, Plaintiff will identify all documents produced pursuant to Discovery Master Order No. 22 (Dkt. No. 224) at Section IV(B) that Plaintiff seeks to claw back. After July 31, 2026, any document marked Highly Confidential – Attorneys' Eyes Only that is not clawed back will no longer be treated as Highly Confidential – Attorneys' Eyes Only under this Second Addendum, and instead will be re-designated as Confidential Material under the terms of Confidentiality Stipulation (Dkt. No. 66). All documents marked Highly Confidential – Attorneys' Eyes Only that Plaintiff identifies for clawback by July 31, 2026, will continue to be treated as Highly Confidential – Attorneys' Eyes Only under this Second

Addendum until the Court or Discovery Master resolves the clawback request. Upon entry of an order by the Court or Discovery Master rejecting Plaintiff's clawback request and deeming a document not to be subject to the attorney-client privilege, attorney work product doctrine, or other applicable privilege, that document will no longer be treated as Highly Confidential – Attorneys' Eyes Only under this Second Addendum and instead will be re-designated as Confidential Material under the terms of the Confidentiality Stipulation (Dkt. No. 66).

7.     The foregoing provisions of this Second Addendum shall become binding and effective as between the parties upon execution of this document by the parties and approval by the Court.

8.     The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further protective order or for modification of this Second Addendum or to seek any other relief from the Court.

9.     The restrictions imposed by this Second Addendum may be modified or terminated only by further order of the Court or by written stipulation of the parties.

**SO ORDERED.**

Dated:_____7/27/26_____

_____
The Honorable Patti B. Saris
United States District Court Judge