7/24/26, 6:28 PM
Re: [EXTERNAL EMAIL] Re: Kronfeld v. American Guarantee & Liability Ins. Co., et al. -- Plaintiff's Production Volume 47 - Yonah J…

Case 1:21-cv-11902-PBS   Document 285-2   Filed 08/11/26   Page 1 of 8

 Outlook

## Re: [EXTERNAL EMAIL] Re: Kronfeld v. American Guarantee & Liability Ins. Co., et al. -- Plaintiff's Production Volume 47

**From** Yonah Jaffe <yjaffe@reidcollins.com>

**Date** Fri 7/24/2026 6:42 AM

**To** Lucas Rael <LRael@rshc-law.com>; Jeff Gross <jgross@reidcollins.com>; Norwood <norwood@reidcollins.com>; Robbins, Seth J. <srobbins@toddweld.com>; Todd Weld Norwood Team <toddweldnorwoodteam@toddweld.com>

**Cc** Abbie Peluso <apeluso@rshc-law.com>; Amy Andrews <AAndrews@rshc-law.com>; Michael H. Fleck <MFleck@rshc-law.com>; Jessie Michelin <jmichelin@rshc-law.com>; Mutch, Jonathan D. <jmutch@robinskaplan.com>; Menapace, Michael <mmenapace@wiggin.com>

Lucas,

Further to the below, if your client insists on rejecting our reasonable compromise proposal based on your impossible and arbitrary 5pm deadline, please include this entire email chain with the Redfern chart.

Best regards,

**Yonah Jaffe**
Partner
Reid Collins & Tsai LLP
212.344.5209 (Direct)
718.757.1820 (Cell)

---

**From:** Yonah Jaffe <yjaffe@reidcollins.com>
**Sent:** Friday, July 24, 2026 1:53 AM
**To:** Lucas Rael <LRael@rshc-law.com>; Jeff Gross <jgross@reidcollins.com>; Norwood <norwood@reidcollins.com>; Robbins, Seth J. <srobbins@toddweld.com>; Todd Weld Norwood Team <toddweldnorwoodteam@toddweld.com>
**Cc:** Abbie Peluso <apeluso@rshc-law.com>; Amy Andrews <AAndrews@rshc-law.com>; Michael H. Fleck <MFleck@rshc-law.com>; Jessie Michelin <jmichelin@rshc-law.com>; Mutch, Jonathan D. <jmutch@robinskaplan.com>; Menapace, Michael <mmenapace@wiggin.com>
**Subject:** Re: [EXTERNAL EMAIL] Re: Kronfeld v. American Guarantee & Liability Ins. Co., et al. -- Plaintiff's Production Volume 47

Lucas,

As you surely know, it is not possible for our vendor to process these documents and complete a production by 5pm tomorrow. Our proposal was not a request for an "extension" but a practical compromise to resolve this dispute efficiently.

Plaintiff timely produced more than 2,000 CREF documents earlier this week, and between now and July 31 Plaintiff needs to update his privilege log, identify all clawback documents, and provide other information Defendants have requested. We compromised earlier this week by agreeing to produce two

email chains that are undisputed work product involving Todd & Weld and are now proposing another compromise that adds yet another task to that workload, all in the interest of minimizing disputes.

Defendants do not have any impending deadlines and have postponed all pending depositions. Do Defendants plan to review these documents over the weekend? What "further delay" do you contend is implicated if these documents are produced—attorneys' eyes only and subject to clawback by July 31— next week instead of by 5pm tomorrow?

We note that Defendants have added to Plaintiff's time crunch by postponing Dr. Diaz's expert deposition at the last minute. Defendants know that Dr. Diaz rearranged his professional commitments to be available on July 29 and to prepare for the deposition. Defendants also surely knew that Plaintiff would be diverting resources from the discovery tasks above to prepare for that deposition. Defendants now cite "ongoing document issues and the adjustments to the schedule," but Defendants postponed all the other scheduled depositions on the same basis weeks ago, yet affirmatively chose not to postpone Dr. Diaz's expert deposition until today. There have been no material recent developments relevant to Dr. Diaz's expert disclosure, and, to our knowledge, Dr. Diaz does not appear on any documents that are subject to ongoing document disputes.


**Yonah Jaffe**
Partner
Reid Collins & Tsai LLP
212.344.5209 (Direct)
718.757.1820 (Cell)

---

**From:** Lucas Rael <LRael@rshc-law.com>
**Sent:** Thursday, July 23, 2026 6:54 PM
**To:** Yonah Jaffe <yjaffe@reidcollins.com>; Jeff Gross <jgross@reidcollins.com>; Norwood <norwood@reidcollins.com>; Robbins, Seth J. <srobbins@toddweld.com>; Todd Weld Norwood Team <toddweldnorwoodteam@toddweld.com>
**Cc:** Abbie Peluso <apeluso@rshc-law.com>; Amy Andrews <AAndrews@rshc-law.com>; Michael H. Fleck <MFleck@rshc-law.com>; Jessie Michelin <jmichelin@rshc-law.com>; Mutch, Jonathan D. <jmutch@robinskaplan.com>; Menapace, Michael <mmenapace@wiggin.com>
**Subject:** Re: [EXTERNAL EMAIL] Re: Kronfeld v. American Guarantee & Liability Ins. Co., et al. -- Plaintiff's Production Volume 47

Yonah,

We will agree to hold-off on the filing with the Special Master, if you produce the records by 5:00 ET tomorrow, so as not to cause further delay. We are not authorized to agree to an extension beyond then.

We also agree that the records are produced as AEO and subject to clawback. We reserve all rights to argue that any particular communication is not privileged, including arguments that inclusion of third parties waived any privilege. But we agree that Plaintiff may seek to clawback any of the produced records and attempt to fulfill his burden to establish privilege.

On timing - we are proceeding under the Special Master's directive to raise disputes with her within days, and in an effort to maintain the July 31 deadline.

Best regards,
Lucas

Case 1:21-cv-11902-PBS   Document 285-2   Filed 08/11/26   Page 3 of 8

Lucas T. Rael (bio)

**Riley Safer Holmes & Cancila LLP**

1 South Dearborn, Suite 2200
Chicago, Illinois 60603
(312) 471-8784
lrael@rshc-law.com
www.rshc-law.com



---

**From:** Yonah Jaffe <yjaffe@reidcollins.com>
**Sent:** Thursday, 23 July 2026 17:26:22
**To:** Lucas Rael <LRael@rshc-law.com>; Jeff Gross <jgross@reidcollins.com>; Norwood <norwood@reidcollins.com>; Robbins, Seth J. <srobbins@toddweld.com>; Todd Weld Norwood Team <toddweldnorwoodteam@toddweld.com>
**Cc:** Abbie Peluso <apeluso@rshc-law.com>; Amy Andrews <AAndrews@rshc-law.com>; Michael H. Fleck <MFleck@rshc-law.com>; Jessie Michelin <jmichelin@rshc-law.com>; Mutch, Jonathan D. <jmutch@robinskaplan.com>; Menapace, Michael <mmenapace@wiggin.com>
**Subject:** Re: [EXTERNAL EMAIL] Re: Kronfeld v. American Guarantee & Liability Ins. Co., et al. -- Plaintiff's Production Volume 47

Lucas,

You have not responded regarding Order 22's holding that if Chris Kidney is "on otherwise privileged communications between Todd & Weld and Steward . . . the CREF employees' presence on the chain does not destroy that privilege." Your July 21 email stated that "the involvement of CREF employees (other than Chris Kidney) on communications waives the attorney client privilege," whereas your Redfern chart takes no position on waiver and focuses solely on whether the documents could be withheld subject to clawback. We ask that you clarify your position, which may facilitate resolution without unnecessarily involving the Discovery Master.

Specifically, if an otherwise privileged email between Todd & Weld and Kidney and/or Gendron also includes other CREF employees, is it your position that (1) the presence of other CREF employees requires Plaintiff to produce the document, but that the document remains subject to clawback on the basis of privilege, or is it that (2) it has already been determined that the presence of the other CREF employees waived privilege such that Plaintiff must produce and cannot claw them back? We interpret Order 22 to allow us to withhold such communications. We would consider producing communications involving Kidney and/or Gendron where other CREF employees are also on the chain, subject to clawback, if that would resolve the present dispute. Any dispute regarding whether the inclusion of other CREF employees constitutes waiver would be more appropriately addressed under the parties' agreed schedule for resolving clawback disputes.

It appears that further meet and confer might partially or fully resolve this dispute without unnecessarily involving the Discovery Master. We note that you are seeking sanctions while ignoring our stated position under Order 22, and we reserve all rights in that respect. More broadly, your premature escalation of this dispute — including demanding substantive responses within hours on two occasions in two days — is distracting from Plaintiff's ongoing efforts to meet the next deadline under the parties' jointly proposed schedule, including preparation of an updated privilege log and identification of all documents being produced subject to clawback.

If you intend to proceed with the submission this evening, our position is as follows:

7/24/26, 6:28 PM

Case 1:21-cv-11902-PBS   Document 285-2   Filed 08/11/26   Page 4 of 8
Re: [EXTERNAL EMAIL] Re: Kronfeld v. American Guarantee & Liability Ins. Co., et al. -- Plaintiff's Production Volume 47 - Yonah J…

Plaintiff disagrees with Defendants' interpretation of Order 22, which ignores the Discovery Master's directive that if Chris Kidney is "on otherwise privileged communications between Todd & Weld and Steward . . . the CREF employees' presence on the chain does not destroy that privilege." Notably, Defendants changed their position between their July 21 email, which asserted that CREF employee involvement waives attorney-client privilege, and their Redfern chart served this afternoon, which takes no position on waiver. Given Defendants' modified position, Plaintiff invited Defendants to meet and confer further before raising this dispute, but Defendants declined. Plaintiff respectfully requests that the Discovery Master deny Defendants' motion.

We will respond separately about your belated request below to postpone the Diaz deposition scheduled for next week.

Best regards,

**Yonah Jaffe**
Partner
Reid Collins & Tsai LLP
212.344.5209 (Direct)
718.757.1820 (Cell)

---

**From:** Lucas Rael <LRael@rshc-law.com>
**Sent:** Thursday, July 23, 2026 1:14 PM
**To:** Yonah Jaffe <yjaffe@reidcollins.com>; Jeff Gross <jgross@reidcollins.com>; Norwood <norwood@reidcollins.com>; Robbins, Seth J. <srobbins@toddweld.com>; Todd Weld Norwood Team <toddweldnorwoodteam@toddweld.com>
**Cc:** Abbie Peluso <apeluso@rshc-law.com>; Amy Andrews <AAndrews@rshc-law.com>; Michael H. Fleck <MFleck@rshc-law.com>; Jessie Michelin <jmichelin@rshc-law.com>; Mutch, Jonathan D. <jmutch@robinskaplan.com>; Menapace, Michael <mmenapace@wiggin.com>
**Subject:** RE: [EXTERNAL EMAIL] Re: Kronfeld v. American Guarantee & Liability Ins. Co., et al. -- Plaintiff's Production Volume 47

Yonah,

Please see the attached joint Redfern chart teeing up for Judge Hochberg the dispute regarding Plaintiff's noncompliance with Discovery Master Order No. 22 and Judge Saris's rulings. We intend to submit this to Judge Hochberg by close of business today. Please let me know Plaintiff's position and we will include it with our submission.

Additionally, given the ongoing document issues and the adjustments to the schedule, we'd like to postpone Dr. Diaz's expert deposition to late August or early September.

Best regards,

Lucas

Lucas T. Rael
**Riley Safer Holmes & Cancila LLP**
(312) 471-8784
lrael@rshc-law.com

Case 1:21-cv-11902-PBS Document 285-2 Filed 08/11/26 Page 5 of 8

**From:** Yonah Jaffe <yjaffe@reidcollins.com>
**Sent:** Wednesday, July 22, 2026 9:09 AM
**To:** Lucas Rael <LRael@rshc-law.com>; Jeff Gross <jgross@reidcollins.com>; Norwood <norwood@reidcollins.com>; Robbins, Seth J. <srobbins@toddweld.com>; Todd Weld Norwood Team <toddweldnorwoodteam@toddweld.com>
**Cc:** Abbie Peluso <apeluso@rshc-law.com>; Amy Andrews <AAndrews@rshc-law.com>; Michael H. Fleck <MFleck@rshc-law.com>; Jessie Michelin <jmichelin@rshc-law.com>; Mutch, Jonathan D. <jmutch@robinskaplan.com>; Menapace, Michael <mmenapace@wiggin.com>
**Subject:** [EXTERNAL EMAIL] Re: Kronfeld v. American Guarantee & Liability Ins. Co., et al. -- Plaintiff's Production Volume 47

Lucas,

Demanding substantive responses by 9:30 this morning — and an index of withheld documents by close of business yesterday — before your vendor has even finished processing the more than 2,000 documents we produced Monday night is neither reasonable nor productive, and your threat of sanctions on that basis is frivolous. Plaintiff met the agreed-upon July 20 production deadline; the next milestone under the parties' jointly proposed schedule is July 31. We provide an initial response to correct your overarching misperception about the Trustee's compliance with Order 22 and will respond further as appropriate.

With respect to your first two points, the only "outside counsel" other than Todd & Weld involved in emails withheld or redacted pursuant to Order 22's parameters (i.e., direct work product requests by or responses thereto from Todd & Weld) was MPT's outside counsel. As Order 22 recognized, Steward and MPT shared a common legal interest based on, among other things, their coordinated approach to resolving their respective insurance disputes. The documents withheld or redacted all involve explicit work product requests, in almost all instances directly from Todd & Weld but in a few instances by MPT's outside counsel at Foley Hoag, which in nearly every case was also copied to Todd & Weld. Given that these requests are unambiguously protected work product involving Todd & Weld, we treated them accordingly. We disclosed in footnote 1 of our production letter our view that Order No. 22's directives apply to communications involving other outside counsel representing Steward or MPT in the same manner as communications involving Todd & Weld — consistent with the Order's own common interest finding and the engagement letters through which Foley Hoag retained consultants to assist both MPT's and Steward's counsel. Your assertion that Plaintiff "waived" this argument mischaracterizes our position: we are applying the Order's own finding, not raising a new one.

Nevertheless, after receiving your email yesterday afternoon, we asked our vendor to confirm the precise number of redacted or withheld email chains where the work product request to the group came from MPT's counsel at Foley Hoag. We understand there are fewer than 5 total such email chains. In the spirit of compromise, we will produce this handful of documents this week and simultaneously claw them back.

With respect to your third point, we have complied with Order No. 22 as written. Judge Hochberg held that if Chris Kidney is "on otherwise privilege communications between Todd & Weld and Steward . . . the CREF employees' presence on the chain does not destroy that privilege." Order No. 22 at 36. Consistent with Judge Hochberg's ruling, we have withheld or redacted communications directly between Chris Kidney or Robert Gendron and outside counsel, even where other CREF employees appear on the communication or email chain. We have not withheld or redacted communications between Kidney or Gendron and only Steward in-house counsel if other CREF employees are also on that communication or are higher in the email chain.

Your email characterizes Judge Saris's oral remarks at the June 26 hearing as establishing a rule different from Order No. 22. That is not correct. Judge Saris expressly stated, "I'm affirming the master,"

and overruled Plaintiff's objections, upholding Order No. 22 in full with the sole exception of leaving the door open for reconsideration as to Robert Gendron and ordering production under clawback with "Attorneys' Eyes Only" protection.

We do not agree with your efforts to accelerate the agreed-upon schedule with a brand new request yesterday afternoon to identify all withheld documents by Privilege Log Sort Order number by close of business the same day. Plaintiff intends to meet the July 31 deadline to produce an updated privilege log and identify documents produced that he is clawing back, with briefing on any unresolved issues thereafter through August 28. Your request appears to be a counterpart to Jessie's request from last Friday for an index of documents previously redacted that are being produced without redactions. We intend to provide this information with the July 31 privilege log.

We remain committed to working through these issues in good faith and on the schedule the parties have agreed upon — not on the accelerated deadlines your email arbitrarily and unreasonably proposes.

Best regards,


**Yonah Jaffe**
Partner
Reid Collins & Tsai LLP
212.344.5209 (Direct)
718.757.1820 (Cell)

---

**From:** Lucas Rael <LRael@rshc-law.com>
**Sent:** Tuesday, July 21, 2026 2:33 PM
**To:** Jeff Gross <jgross@reidcollins.com>; Yonah Jaffe <yjaffe@reidcollins.com>; Norwood <norwood@reidcollins.com>; Robbins, Seth J. <srobbins@toddweld.com>; Todd Weld Norwood Team <toddweldnorwoodteam@toddweld.com>
**Cc:** Abbie Peluso <apeluso@rshc-law.com>; Amy Andrews <AAndrews@rshc-law.com>; Michael H. Fleck <MFleck@rshc-law.com>; Jessie Michelin <jmichelin@rshc-law.com>; Mutch, Jonathan D. <jmutch@robinskaplan.com>; Menapace, Michael <mmenapace@wiggin.com>
**Subject:** Kronfeld v. American Guarantee & Liability Ins. Co., et al. -- Plaintiff's Production Volume 47

Dear Counsel:

We received Plaintiff's Production Volume 47 late yesterday evening, and our vendor is currently processing the data for our review. Nevertheless, your production cover letter has raised serious concerns about whether Plaintiff has complied with Discovery Master Order No. 22, as affirmed by Judge Saris.

- ***First,*** your letter indicates that Plaintiff has produced "Documents reflecting attorney work product that did not follow an explicit request from **outside counsel**." (emphasis added). Discovery Master Order No. 22 is explicit: Plaintiff shall "[p]roduce, subject to clawback, any documents on the privilege log as to CREF that do not directly show work product requests by or responses to such requests from ***Todd & Weld*** for work product information." Order No. 22 at 37 (emphasis added). Judge Hochberg's Order does not allow for withholding of email communications with other outside counsel on the basis of a claim of work product. Please confirm that Plaintiff is not withholding such documents.

- ***Second,*** footnote 1 of your letter claims that Plaintiff has withheld communications involving CREF and outside counsel for MPT on the basis of a common interest and work product claim. Order No. 22 does not allow Plaintiff to withhold documents based on work product that involved requests or responses by MPT's counsel. Plaintiff never raised common interest in its objection to Order No.

Case 1:21-cv-11902-PBS   Document 285-2   Filed 08/11/26   Page 7 of 8

22 Section IV(B) to allow it to withhold work product requests by or responses to MPT's attorneys. Plaintiff has waived this issue and must comply with Section IV(B) as written. Please produce subject to clawback any withheld documents involving MPT's outside counsel and CREF as ordered.

- ***Third,*** your letter indicates that you have produced "Any communication between Steward's in-house counsel and any CREF employee, other than Chris Kidney or Robert Gendron, subject to clawback." But your letter also indicates that you have produced "Attorney client communications other than those in the categories above between Steward's outside counsel and any CREF employee, **unless Chris Kidney or Robert Gendron was also on the communication, subject to clawback**" (emphasis added).

  Discovery Master Order No. 22 ruled that the involvement of CREF employees (other than Chris Kidney) on communications waives the attorney client privilege because those employees were not functional equivalents of Steward employees and because they were not "translators" for the purpose of the *Kovel* doctrine. Judge Saris agreed and ruled that only communications involving "just Gendron, Kidney, Todd & Weld, or in-house counsel" could be withheld and that all other communications, including those that involve "Mr. Van Ness, Kenyon, and Crowley, if those individuals are copied and Mr. Gendron and Mr. Kidney is on the email" "should be produced under the clawback 'Attorneys eyes only.'" *See* June 26, 2026 Hearing Tr. 19:24 – 21:1.

  From your letter, it appears that Plaintiff is withholding communications where Mr. Kidney and/or Mr. Gendron are involved that also involve other CREF employees (e.g., Michael Crowley, Scott Kenyon, and Steve Van Ness). Please confirm whether Plaintiff is continuing to withhold such documents. If Plaintiff is withholding such communications, he is in violation of Discovery Master Order No. 22, and those documents should be produced.

We are under tight turnarounds, even with our agreed upon schedule, with clawback identifications needing to occur by July 31. Please confirm by **9:30 a.m. CT tomorrow (July 22)** whether you are withholding: (1) communications with outside counsel, other than Todd & Weld, as work product; and/or (2) communications including CREF employees other than Gendron and Kidney, as attorney-client privileged.

If you are withholding those documents, we plan to file a motion seeking to compel production by the close of business tomorrow, July 22, reserving all rights to seek any appropriate relief, including sanctions.

Further, given our concerns about the adequacy of your production and whether it complies with Order No. 22 and Judge Saris's statements at the June hearing, we further request **by the close of business today** you identify by Privilege Log Sort Order number (taken from Plaintiff's Second Amended Privilege Log) the CREF-related documents that Plaintiff is continuing to withhold. We assume this information is readily available to Plaintiff, given that he has been under Court order to produce these documents since May 14. We understand and appreciate that a fulsome privilege log, as well as identification of documents that continue to be partially withheld as redacted for privilege or work product, will be produced by July 31.

We look forward to your prompt response on these issues.

Best regards,

Lucas

Lucas T. Rael (bio)
**Riley Safer Holmes & Cancila LLP**

7/24/26, 6:28 PM

Case 1:21-cv-11902-PBS Document 285-2 Filed 08/11/26 Page 8 of 8

Re: [EXTERNAL EMAIL] Re: Rosenfeld v. American Guarantee & Liability Ins. Co., et al. - Plaintiff's Production Volume 47 - Yonah J…

1 South Dearborn, Suite 2200
Chicago, Illinois 60603
(312) 471-8784
lrael@rshc-law.com
www.rshc-law.com



CONFIDENTIALITY NOTE: This e-mail is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this e-mail message is not the intended recipient, or the employee or agent responsible for delivery of the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at (312) 471-8700 and also indicate the sender's name. Thank you.