**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MARK KRONFELD, AS TRUSTEE OF THE SHC CREDITOR LITIGATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 1:21-cv-11902 – PBS<br><br>**DECLARATION OF YONAH JAFFE** |

I, Yonah Jaffe, hereby declare under penalty of perjury as follows:

1.      I am a partner at Reid Collins & Tsai LLP, counsel to Plaintiff Mark Kronfeld, as Trustee of the SHC Creditor Litigation Trust ("Plaintiff"). I submit this declaration in response to the Court's July 24, 2026 request for a declaration regarding Plaintiff's compliance with Discovery Master Order No. 22 (ECF No. 224) ("Order 22"). I have personal knowledge of the facts stated herein.

2.      As set forth below, Plaintiff has already complied with his production obligations under Order 22. Given the substantial other tasks Plaintiff must focus on this week to meet the July 31, 2026 deadline this Friday, Plaintiff respectfully requests he be given the opportunity to fully respond to the Motion in a letter brief on Monday, August 3, 2026.

**THE PRESENT DISPUTE**

3.      On July 24, 2026, Defendants filed a Motion to Compel Compliance with Discovery Master Order No. 22 (the "Motion") claiming that Plaintiff failed to produce documents involving Chris Kidney and/or Robert Gendron and any other CREF employee(s) even though the communication also involves outside counsel from Todd & Weld.

4.      By the plain language of Order 22, however, Plaintiff was never required to produce such communications. Order 22 expressly permitted Plaintiff to *withhold* this very category of documents.

5.      Order 22 stated on page 36 that if Kidney is on "otherwise privilege communications between Todd & Weld and Steward … the CREF employees' presence on the chain does not destroy that privilege." Section 4(B)(2) of Order 22 implemented this holding and required Plaintiff to "[p]roduce subject to clawback, any communications between Mr. Kidney

and other CREF employees with third-parties, ***when no Todd & Weld attorney is part of the email*** …" Thus, if a Todd & Weld attorney was included in the email chain with Kidney, Order 22 did ***not*** require production subject to clawback even if other CREF employees were also included.

6.    Defendants' Motion appears to dispute the plain language of Order 22 and characterizes Plaintiff's reliance on Order 22's language as non-compliance with Order 22. Defendants refused to respond to Plaintiff's reading of Order 22 during the meet and confer process.

7.    As set forth below, Plaintiff has complied with his obligations pursuant to Order 22 in accordance with the parties' agreed-to case schedule submitted to the Discovery Master on July 8, 2026.

8.    Plaintiff submits this declaration, as requested by the Discovery Master, in connection with his request to respond to the Motion on Monday, August 3, 2026. Plaintiff is currently focused on meeting multiple imminent deadlines by July 31 pursuant to the parties' agreed schedule, including updating the privilege log and identifying all produced documents to be clawed back, which is a complex undertaking. Requiring Plaintiff to divert resources to opposing this Motion over the next week would undermine Plaintiff's ability to fulfill these commitments.

### <u>TIMELINE OF PRODUCTION PURSUANT TO ORDER 22</u>

9.    On May 14, 2026, the Discovery Master issued Order 22, addressing privilege disputes concerning communications with third-party consultants, including CREF. Order 22 required Plaintiff to produce certain document categories by May 26, 2026 and to submit documents for in camera review by May 29, 2026.

10.    On May 21, 2026, Josh Launer of Todd & Weld emailed the Discovery Master requesting "a very brief extension of the deadlines to (i) file any objection to [Order 22] and (ii) produce documents pursuant to those portions of the Order that are not being challenged until next Friday, May 29." Defendants did not oppose the request, which the Discovery Master granted that day.

11.    On Friday, May 29, 2026, in accordance with the extended deadline, Plaintiff produced all previously withheld documents required under Sections IV(A)(i)–(xiii) of Order 22—that is, all portions of the Order to which Plaintiff was not objecting. On Sunday, May 31, after informing the Discovery Master of a slight delay, Plaintiff submitted documents selected by him and Defendants for the Discovery Master's *in camera* review as directed in Order 22.

12.    Also on May 29, 2026, Plaintiff filed an Objection to Section IV(B) of Order 22 (ECF No. 237), addressing CREF-related communications (the "Objection"), and an Emergency Motion to Stay Section IV(B) pending the Court's resolution of the Objection (ECF No. 236).

13.     On June 2, 2026, Judge Saris denied the Stay Motion as untimely, stating it was filed "after the due dates for the documents." The Court's Order appears not to have considered the Discovery Master's extension, which was disclosed only in a footnote to the Stay Motion. Accordingly, on June 4, 2026, Plaintiff filed a Motion for Reconsideration (ECF No. 252), attaching the Discovery Master's email granting the extension and explaining that the Stay Motion was timely filed on the extended deadline.

14.     On June 5, 2026, Plaintiff produced previously redacted documents with redactions appropriately removed according to Sections IV(A)(i)–(xiii) of Order 22. Although Order 22 was silent as to redacted documents, both parties agreed that they were nonetheless intended to be covered by Order 22. This production was made in advance of the June 8, 2026 date to which the parties had agreed.

15.     On June 26, 2026, Judge Saris held a hearing on Plaintiff's Objection to Section IV(B) of Order 22 and on Plaintiff's Motion for Reconsideration. Judge Saris ruled on the merits—she did not hold that Plaintiff should have already produced the CREF documents when the Stay was denied. Judge Saris stated "I'm affirming the master" and overruled Plaintiff's Objections, upholding Order 22 in full. The Court left open reconsideration as to Robert Gendron and permitted Plaintiff to withhold documents pertaining to Mr. Gendron until the Discovery Master ruled on the motion for reconsideration and directed that other documents being produced subject to clawback could be produced as "Attorneys' Eyes Only."

16.     Judge Saris also directed the parties to confer on an adjusted case schedule.

17.     Following the June 26 hearing, the parties negotiated an adjusted case schedule. On July 8, 2026, the parties jointly submitted the agreed schedule to the Discovery Master, including the following deadlines: (a) July 20, 2026, for Plaintiff to "comply with [Order 22] and complete production of all withheld documents subject to clawback"; (b) July 31, 2026, for Plaintiff to identify all documents produced pursuant to Order 22 that are asserted to be subject to clawback; and (c) August 14, 2026, for Defendants to identify any objections to Plaintiff's clawback assertions, followed by parallel briefing on any clawback disputes on August 28, 2026. Plaintiff thereafter agreed to also provide an updated privilege log by July 31.

18.     On July 13, 2026, Plaintiff submitted a letter brief to the Discovery Master requesting reconsideration as to Robert Gendron, consistent with Judge Saris's invitation at the June 26 hearing.

19.     On July 20, 2026, Plaintiff timely produced more than 2,000 CREF-related documents pursuant to Order 22. This production included email chains previously partially redacted and documents previously withheld. The production included, subject to clawback: (a) documents reflecting attorney work product that did not follow an explicit request from outside counsel; (b) any communication on which Nathalie Hibble is the only attorney and appears as a CC; (c) any communication between Steward's in-house counsel and any CREF employee other than Chris Kidney or Robert Gendron; and (d) attorney-client communications between

Steward's outside counsel and any CREF employee, unless Chris Kidney or Robert Gendron was also on the communication.

## PLAINTIFF HAS COMPLIED WITH ORDER 22

20.    Following this July 20 production, Plaintiff has complied with his production obligations pursuant to Order 22 and the stipulated case schedule.

21.    Defendants argue that Plaintiff's production is incomplete because it did not include communications between outside counsel and Kidney and/or Gendron that also involve other CREF employees.

22.    Defendants are incorrect. Plaintiff was not required to produce such documents based on the plain language of Order 22. Section IV(B)(2) states that Plaintiff must "[p]roduce, subject to clawback, any communications between Mr. Kidney and other CREF employees with third-parties, ***when no Todd & Weld attorney is part of the email***." Section IV(B)(2) thus requires production only when "no Todd & Weld attorney is part of the email"—it does not require production of communications between Kidney and Todd & Weld even when other CREF employees are included. Defendants' apparent interpretation—that Section IV(B)(1) requires Plaintiff to produce all communications between Todd & Weld and CREF employees other than Kidney unless the communication "directly show[s] work product requests by or responses to such requests from Todd & Weld"—would render Section IV(B)(2) superfluous.

23.    This directive in Order 22 is consistent with the Discovery Master's holding on page 36 of Order 22 that if Chris Kidney is "on otherwise privileged communications between Todd & Weld and Steward . . . the CREF employees' presence on the chain does not destroy that privilege."

24.    Consistent with Order 22, Plaintiff has withheld otherwise direct communications between Kidney and/or Gendron and outside counsel even where other CREF employees are also on the chain. Plaintiff has *not* withheld communications between Kidney or Gendron and only Steward in-house counsel if other CREF employees are also on that communication.

25.    Judge Saris's oral ruling at the June 26 hearing affirmed Order 22. Judge Saris stated that if a communication is "just Gendron, Kidney, and Todd & Weld or in-house counsel," it "should stay just privileged." Judge Saris did not alter Order 22's recognition that the presence of Kidney (and/or Gendron) does not destroy privilege. The only modifications to Order 22 were to permit reconsideration as to Gendron and to require that clawback documents be produced as Attorneys' Eyes Only. Plaintiff has applied Order 22 consistent with this understanding.

26.    Plaintiff is working diligently to meet the July 31, 2026 deadline under the parties' agreed schedule to identify all documents produced pursuant to Order 22 that are asserted to be subject to clawback. Plaintiff also intends to serve an updated privilege log by that date. As is common when preparing a privilege log, Plaintiff will de-designate and produce any

remaining documents that upon additional review in preparing the privilege log are found not to be privileged.

27.     Plaintiff has complied with Order 22 as written. Defendants' Motion is based on what Plaintiff believes to be a misinterpretation of Order 22's plain language.

28.     Given the substantial other tasks Plaintiff must focus on this week to meet the July 31, 2026 deadline this Friday, Plaintiff respectfully requests the opportunity to fully respond to the Motion (including its baseless request for sanctions) in a letter brief on Monday, August 3, 2026.

29.     I declare under penalty of perjury that the foregoing is true and correct.


Dated: July 27, 2026

/s/ Yonah Jaffe
Yonah Jaffe (*pro hac vice*)
**REID COLLINS & TSAI LLP**
420 Lexington Avenue, Suite 2515
New York, NY 10170
Tel.: (212) 344-5200
yjaffe@reidcollins.com

5