Outlook

---

**Kronfeld v. American Guarantee & Liability Ins. Co., et al. -- Reply ISO Defendants' Motion to Compel Compliance with Order No. 22**

---

**From** Faith Hochberg <judgehochberg@judgehochberg.com>

**Date** Wed 8/5/2026 10:54 AM

**To** Yonah Jaffe <yjaffe@reidcollins.com>; Norwood <norwood@reidcollins.com>; Amy Andrews <AAndrews@rshc-law.com>; Daniela Thomas <daniela@judgehochberg.com>; Hanna Cohen <hannacohen@hannacohen.com>; Jessie Michelin <jmichelin@rshc-law.com>; Abbie Peluso <apeluso@rshc-law.com>; Amanda Misisian <AMisisian@rshc-law.com>; Lucas Rael <LRael@rshc-law.com>; Michael Menapace <mmenapace@wiggin.com>; Ronald Safer <rsafer@rshc-law.com>; Samuel Myers <smyers@toddweld.com>; William Gildea <wgildea@toddweld.com>; Timothy D. Wenger <twenger@robinskaplan.com>; Todd Weld Norwood Team <ToddWeldNorwoodTeam@toddweld.com>; David H. Rich <drich@toddweld.com>; Jonathan D. Mutch <jmutch@robinskaplan.com>; Seth J. Robbins <srobbins@toddweld.com>; Matthew S. Furman <mfurman@toddweld.com>; Michael H. Fleck <MFleck@rshc-law.com>

📎 1 attachment (288 KB)

2026-08-04 P's Surreply re MTC.pdf;

Your request for clarification of Order No. 26 was received last night, August 4, 2026. You ask 2 questions, and then make a comment about whether the Motion to Compel is moot.

Questions seeking clarification usually require submitting a motion. However, because your deadline to produce the Gendron documents is near, I will quickly attempt to discern what you are asking, and provide answers without asking for letter briefs. If the Defendants disagree with these answers, then it will require briefing:

**Question 1**: Did Order 26 intend to require production of withheld communications between Todd & Weld and only Mr. Kidney, without Mr. Gendron, which are a subset of the "approximately 200 emails" that include Todd & Weld, Kidney and/or Gendron, and no other CREF employee?

**Answer to Question 1**: Order No. 26 does not require disclosure of communications between Mr. Kidney and Todd & Weld, if Mr. Kidney is the only third party on the communication, provided that the communication is otherwise attorney-client privileged. In plain speaking, that means that its purpose must be to either seek or respond to a question for legal advice between Steward and Todd & Weld. It is your job to be sure that the re-reviewers of this subset of 200 documents and 1,749 documents understand these distinctions. Please explain to them that: Order 26 rules that Plaintiff has not met its burden of proof to establish that Gendron

is a "functional employee" (even if the First Circuit were to decide to adopt this concept.)

A "functional employee" designation does not provide a separate basis for attorney client privilege. This designation does only one thing: it prevents waiver of attorney client privileged communications, by disclosure to this particular third party when otherwise privileged communications are disclosed to this individual. Because Gendron is not a "functional employee", communications copied to him Do constitute disclosure to a third party. The only person at CREF as to whom Plaintiff has met its burden to establish the "functional employee" status is Kidney. CREF is a third-party consultant entity that has been ruled not to have the status of a "translator". Nor was CREF engaged as a non-testifying consultant. Therefore, communications between Todd & Weld that include other CREF personnel (beyond Kidney) are disclosures to a third party that are not privileged.

**Question 2**: Did Order 26 intend to preserve any grounds for clawback, or does the finding that documents that copy Mr. Gendron "are not privileged" foreclose any clawback?

**Answer to Question 2**: The phrase "not privileged" refers only to attorney client privilege. The phrase does not apply to a "work product" claim. Work Product requested by attorneys at Todd & Weld is "subject to claw back" [following production]. It cannot be withheld any longer, because there has been too much over-withholding for far too long.

A motion to claw back, on the grounds of work product, can be made if:

1. There was a claim of work product preserved as to the communication;

2. The motion is supported by the submission of a single physical Redweld file (and an electronic file folder counterpart) containing a set of documents as to each claw back request. The documents for each claw back request shall include:

a. The outgoing email from a Todd & Weld attorney to Kidney, asking for certain specific information to be compiled and sent back to counsel in anticipation of litigation, [not a request for information to be compiled for the business purpose of making an insurance claim] and a response to Todd & Weld supplying that information or otherwise responding to the attorney's request.

 b. You must personally eyeball the claw back request, to be sure that it meets the legal requirements for work product.

I will not answer the remainder of the request regarding mootness without briefing from both parties.


**Hon. Faith S. Hochberg, Discovery Master**
Hochberg ADR LLC
U.S. Federal Court Judge (ret.)
Fellow, Chartered Institute of Arbitrators (FCIArb)
Fellow, College of Commercial Arbitrators
Distinguished Neutral, AAA, ICDR, ICC, USCIB, CPR, SIAC, WIPO


---------- Forwarded message ---------
From: **Yonah Jaffe** <yjaffe@reidcollins.com>
Date: Tue, Aug 4, 2026 at 9:03 PM
Subject: Re: Kronfeld v. American Guarantee & Liability Ins. Co., et al. -- Reply ISO Defendants' Motion to Compel Compliance with Order No. 22
To: Faith Hochberg <judgehochberg@judgehochberg.com>
Cc: Amy Andrews <AAndrews@rshc-law.com>, Lucas Rael <LRael@rshc-law.com>, Hanna Cohen <hannacohen@hannacohen.com>, Daniela Thomas <daniela@judgehochberg.com>, Norwood <norwood@reidcollins.com>, Jessie Michelin <jmichelin@rshc-law.com>, Seth J. Robbins <srobbins@toddweld.com>, Howard M. Cooper <hcooper@toddweld.com>, David H. Rich <drich@toddweld.com>, Matthew S. Furman <mfurman@toddweld.com>, Samuel Myers <smyers@toddweld.com>, William Gildea <wgildea@toddweld.com>, Abbie Peluso <apeluso@rshc-law.com>, Ronald Safer <rsafer@rshc-law.com>, Michael H. Fleck <MFleck@rshc-law.com>, Jonathan D. Mutch <jmutch@robinskaplan.com>, Timothy D. Wenger <TWenger@robinskaplan.com>, Michael Menapace <mmenapace@wiggin.com>, toddweldnorwoodteam@toddweld.com <toddweldnorwoodteam@toddweld.com>, Amanda Misisian <AMisisian@rshc-law.com>


Dear Judge Hochberg,

We received Discovery Master Order 26 this afternoon, which includes the following in its final paragraph: "the communication on which Mr. Gendron is copied, or on which he is the recipient or sender, <u>are not privileged, subject to claw back</u>. Plaintiff shall therefore produce, <u>subject to clawback</u>, the 1,749 withheld communications involving Mr. Gendron, regardless of whether Mr. Kidney or an attorney is on the communication." (emphases added). Order 26 orders that "The Gendron documents must be produced ... not later than August 7, 2026."

We raise two points of clarification to be sure we understand what Order 26 orders:

1) Did Order 26 intend to require production of withheld communications between Todd & Weld and only Mr. Kidney, without Mr. Gendron, which are a subset of the "approximately 200 emails" that include Todd & Weld, Kidney and/or Gendron, and no other CREF employee?

2) Did Order 26 intend to preserve any grounds for clawback, or does the finding that documents that copy Mr. Gendron "are not privileged" foreclose any clawback?

Finally, Order 26 appears to moot the Defendants' pending motion to compel by ordering disclosure of the subject communications regardless of Order 22, but we are

submitting the attached surreply as authorized yesterday to ensure the response is part of the record for any future proceedings relating to these issues.

Respectfully submitted,

**Yonah Jaffe**
Partner
Reid Collins & Tsai LLP
212.344.5209 (Direct)
718.757.1820 (Cell)

---

**From:** Yonah Jaffe <yjaffe@reidcollins.com>
**Sent:** Tuesday, August 4, 2026 10:33 AM
**To:** Faith Hochberg <judgehochberg@judgehochberg.com>
**Cc:** Amy Andrews <AAndrews@rshc-law.com>; Lucas Rael <LRael@rshc-law.com>; Hanna Cohen <hannacohen@hannacohen.com>; Daniela Thomas <daniela@judgehochberg.com>; Norwood <norwood@reidcollins.com>; Jessie Michelin <jmichelin@rshc-law.com>; Seth J. Robbins <srobbins@toddweld.com>; Howard M. Cooper <hcooper@toddweld.com>; David H. Rich <drich@toddweld.com>; Matthew S. Furman <mfurman@toddweld.com>; Samuel Myers <smyers@toddweld.com>; William Gildea <wgildea@toddweld.com>; Abbie Peluso <apeluso@rshc-law.com>; Ronald Safer <rsafer@rshc-law.com>; Michael H. Fleck <MFleck@rshc-law.com>; Jonathan D. Mutch <jmutch@robinskaplan.com>; Timothy D. Wenger <TWenger@robinskaplan.com>; Michael Menapace <mmenapace@wiggin.com>; toddweldnorwoodteam@toddweld.com <toddweldnorwoodteam@toddweld.com>; Amanda Misisian <AMisisian@rshc-law.com>
**Subject:** Re: Kronfeld v. American Guarantee & Liability Ins. Co., et al. -- Reply ISO Defendants' Motion to Compel Compliance with Order No. 22

Thank you. We will submit a surreply letter brief today.

**Yonah Jaffe**
Partner
Reid Collins & Tsai LLP
212.344.5209 (Direct)
718.757.1820 (Cell)

---

**From:** Faith Hochberg <judgehochberg@judgehochberg.com>
**Sent:** Monday, August 3, 2026 8:30 PM
**To:** Yonah Jaffe <yjaffe@reidcollins.com>
**Cc:** Amy Andrews <AAndrews@rshc-law.com>; Lucas Rael <LRael@rshc-law.com>; Hanna Cohen <hannacohen@hannacohen.com>; Daniela Thomas <daniela@judgehochberg.com>; Norwood <norwood@reidcollins.com>; Jessie Michelin <jmichelin@rshc-law.com>; Seth J. Robbins <srobbins@toddweld.com>; Howard M. Cooper <hcooper@toddweld.com>; David H. Rich <drich@toddweld.com>; Matthew S. Furman <mfurman@toddweld.com>; Samuel Myers <smyers@toddweld.com>; William Gildea <wgildea@toddweld.com>; Abbie Peluso <apeluso@rshc-law.com>; Ronald Safer <rsafer@rshc-law.com>; Michael H. Fleck <MFleck@rshc-law.com>; Jonathan D. Mutch <jmutch@robinskaplan.com>; Timothy D. Wenger <TWenger@robinskaplan.com>; Michael Menapace <mmenapace@wiggin.com>; toddweldnorwoodteam@toddweld.com <toddweldnorwoodteam@toddweld.com>; Amanda Misisian <AMisisian@rshc-law.com>

**Subject:** Re: Kronfeld v. American Guarantee & Liability Ins. Co., et al. -- Reply ISO Defendants' Motion to Compel Compliance with Order No. 22

I certainly would permit you to respond....but I am trying to ascertain whether your response is what if stated in the body of this email, or whether you wish to file a surreply letter brief.

If the latter, please send it by cob tomorrow, August 4, limited to the same length as Defendant's letter brief.


Hon. Faith S. Hochberg
Hochberg ADR LLC
U.S. Federal Court Judge (ret.)
FCIArb
Fellow, College of Commercial Arbitrators
Member, American Law Institute
Distinguished Neutral, AAA, ICDR, ICC, USCIB, CPR, SIAC, WIPO, LCIA
Advisory Board, Innovation Center for Law & Technology, New York Law School


On Aug 3, 2026, at 7:46 PM, Yonah Jaffe <yjaffe@reidcollins.com> wrote:


Dear Judge Hochberg,

Defendants' unauthorized reply, sent on Sunday evening after "just beginning" to review Plaintiff's updated privilege log that Plaintiff timely served Friday evening, is the latest example of Defendants' emerging pattern of rushing to Your Honor about any perceived discovery complaint before they have even digested Plaintiff's submissions.

If Your Honor is inclined to accept Defendants' reply submission, Plaintiff requests a chance to respond to Defendants' new complaints raised therein.

At a minimum, Plaintiff needs to respond to Defendants' new accusations in their "reply" about documents on Plaintiff's privilege log served on Friday to remove the documents that have now been produced pursuant to Order 22. Defendants identified several documents that they claim are evidence that "Plaintiff continues to withhold documents that include multiple third parties, where Mr. Gendron or Mr. Kidney is copied but not directly communicating." Defendants' accusations are misinformed at best.

1) Sort Order #s 694-698 are all from the same email chain, with the subject line "Steward/Norwood - Research on Proof on Loss." Plaintiff has produced to Defendants multiple iterations of this chain that redact the bottom emails in which Howard Cooper of Todd & Weld communicates his firm's legal research and analysis about the proof of loss submission to Ron Papa of NFA, Michael Crowley, and Nathalie Hibble. On May 20, Defendants selected this same email chain to submit to Your Honor for in-camera review pursuant to the NFA portion of Order 22 (Sort Order 1022).

2) The other communication Defendants identify in their letter is Sort Order 826, which is an email chain consisting of a direct communication from Mr. Gendron to Mr. Cooper (Todd & Weld), originally copying Nathalie Hibble, Michael Crowley, Scott Kenyon, Ron Papa, and John Polanowicz, before removing all others besides Mr. Cooper. The top email in the chain is from Dana Meunier who was added to schedule a call between Mr. Gendron and Mr. Cooper about that subject.

If helpful, Plaintiff is happy to provide these privileged communications—in which Plaintiff sought and obtained legal advice from its attorneys at Todd & Weld about core issues in this litigation—for in camera review.

To be clear, Plaintiff is not looking to litigate discovery issues by email. Plaintiff respectfully asks that Defendants be ordered to approach discovery disputes in an orderly and professional manner rather than requiring Plaintiff and Your Honor to review and respond to every perceived inadequacy, piecemeal, whenever and however Defendants choose to raise it.

Respectfully submitted,

**Yonah Jaffe**
Partner
Reid Collins & Tsai LLP
212.344.5209 (Direct)
718.757.1820 (Cell)

**From:** Amy Andrews <AAndrews@rshc-law.com>
**Sent:** Sunday, August 2, 2026 6:48 PM
**To:** Lucas Rael <LRael@rshc-law.com>; Faith Hochberg <judgehochberg@judgehochberg.com>
**Cc:** Hanna Cohen <hannacohen@hannacohen.com>; Daniela Thomas <daniela@judgehochberg.com>; Yonah Jaffe <yjaffe@reidcollins.com>; Norwood <norwood@reidcollins.com>; Jessie Michelin <jmichelin@rshc-law.com>; Seth J. Robbins <srobbins@toddweld.com>; Howard M. Cooper <hcooper@toddweld.com>; David H. Rich <drich@toddweld.com>; Matthew S. Furman <mfurman@toddweld.com>; Samuel Myers <smyers@toddweld.com>; William Gildea <wgildea@toddweld.com>; Abbie Peluso <apeluso@rshc-law.com>; Ronald Safer <rsafer@rshc-law.com>; Michael H. Fleck <MFleck@rshc-law.com>; Jonathan D. Mutch <jmutch@robinskaplan.com>; Timothy D. Wenger <TWenger@robinskaplan.com>; Michael Menapace <mmenapace@wiggin.com>; toddweldnorwoodteam@toddweld.com <toddweldnorwoodteam@toddweld.com>; Amanda Misisian <AMisisian@rshc-law.com>
**Subject:** Kronfeld v. American Guarantee & Liability Ins. Co., et al. -- Reply ISO Defendants' Motion to Compel Compliance with Order No. 22

Your Honor,

Defendants respectfully submit the attached short reply in support of their Motion to Compel Compliance with Order No. 22.  While we recognize that Your Honor did not order a reply, Defendants wished the opportunity to address certain items from Plaintiff's July 31 submission opposing Defendants' motion.  Our letter brief is attached, along with an Exhibit not previously submitted (Dkt. 260, Defendants' Response to Plaintiff's Objection to Section IV(B) of Order No. 22).

We will coordinate tomorrow with Ms. Cohen regarding delivery of hard copies to Your Honor.

Thank you,

Amy Andrews

Amy C. Andrews (bio)

**Riley Safer Holmes & Cancila LLP**

1 South Dearborn, Suite 2200
Chicago, Illinois 60603
(312) 471-8756

aandrews@rshc-law.com

www.rshc-law.com

<image001.png>

---

**From:** Lucas Rael <LRael@rshc-law.com>
**Sent:** Friday, July 24, 2026 1:15 PM
**To:** Faith Hochberg <judgehochberg@judgehochberg.com>
**Cc:** Hanna Cohen <hannacohen@hannacohen.com>; Daniela Thomas <daniela@judgehochberg.com>; Yonah Jaffe <yjaffe@reidcollins.com>; Norwood <norwood@reidcollins.com>; Jessie Michelin <jmichelin@rshc-law.com>; Seth J. Robbins <srobbins@toddweld.com>; Howard M. Cooper <hcooper@toddweld.com>; David H. Rich <drich@toddweld.com>; Matthew S. Furman <mfurman@toddweld.com>; Samuel Myers <smyers@toddweld.com>; William Gildea <wgildea@toddweld.com>; Amy Andrews <AAndrews@rshc-law.com>; Abbie Peluso <apeluso@rshc-law.com>; Ronald Safer <rsafer@rshc-law.com>; Lucas Rael <LRael@rshc-law.com>; Michael H. Fleck <MFleck@rshc-law.com>; Jonathan D. Mutch <jmutch@robinskaplan.com>; Timothy D. Wenger <TWenger@robinskaplan.com>; Michael Menapace <mmenapace@wiggin.com>; toddweldnorwoodteam@toddweld.com; Amanda Misisian <AMisisian@rshc-law.com>
**Subject:** Kronfeld v. American Guarantee & Liability Ins. Co., et al. -- Defendants' Motion to Compel Compliance with Order No. 22

Dear Judge Hochberg:

On behalf of Defendants, I am submitting the attached motion which seeks to compel Plaintiff's full compliance with Discovery Master Order No. 22 and Judge Saris' June 26, 2026 ruling upholding Order No. 22.  Defendants also seek appropriate sanctions pursuant to Rule 37(b)(2).

I have attached Defendants' letter brief, a Redfern chart, supporting exhibits, and a case cited in Defendants' letter brief.

Hard copies of these materials will be delivered to you. Please let us know if you would prefer us to send those materials to your Connecticut or New York address.

Best regards,

Lucas

Lucas T. Rael (bio)

**Riley Safer Holmes & Cancila LLP**

1 South Dearborn, Suite 2200
Chicago, Illinois 60603

(312) 471-8784

lrael@rshc-law.com

www.rshc-law.com

<image001.png>

CONFIDENTIALITY NOTE: This e-mail is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this e-mail message is not the intended recipient, or the employee or agent responsible for delivery of the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at (312) 471-8700 and also indicate the sender's name. Thank you.