# Exhibit 10

REID COLLINS TSAI

Reid Collins & Tsai LLP
420 Lexington Avenue, Suite 2515
New York, NY 10170
212.344.5200

Yonah Jaffe / Partner
212.344.5209
yjaffe@reidcollins.com

August 18, 2026

***Via Email***

Hon. Faith S. Hochberg
Hochberg ADR, LLP
judgehochberg@judgehochberg.com

**Re:** ***Mark Kronfeld, as Trustee of the SHC Creditor Litigation Trust v. American Guarantee and Liability Insurance Company, et al., Case No. 21-cv-11902-PBS (D. Mass.)***

Dear Judge Hochberg:

Plaintiff Mark Kronfeld, as Trustee of the SHC Creditor Litigation Trust ("Plaintiff"), respectfully submits this brief response to Defendants' August 14, 2026 letter brief, which purports to address mootness and renew Defendants' request for sanctions under Rule 37(b)(2). Defendants' submission mischaracterizes both the record and the effect of Order No. 26, and their motion to compel compliance with Order No. 22 should be denied as moot.

**1. Defendants' Motion to Compel Is Moot.**

Defendants' motion to compel was moot when Plaintiff first raised the issue, and it is even more moot today. Order 26 requires Plaintiff to produce the 1,549 emails that were the subject of the motion (plus others). Had Order 26 not been stayed by the district court, or if the District Court overruled Plaintiff's objection to Order 26, Plaintiff would have already produced them. Now, as directed by Your Honor's Saturday evening email, Plaintiff is producing ***today*** the 1,549 documents that are the subject of Defendants' motion notwithstanding Plaintiff's position, as stated in his July 31 and August 4 letter briefs, that they were properly withheld. Once these documents are produced, there is nothing left for Defendants' motion to compel to accomplish.

Order No. 26 ordered production of the 1,749 withheld communications involving Mr. Gendron "regardless of whether Mr. Kidney or an attorney is on the communication." That directive necessarily encompasses the documents that are the subject of the pending motion to compel. Accordingly, whether one looks at this through the lens of Order No. 22 or Order No. 26, the documents Defendants seek are being produced. The motion to compel seeks relief that is already being provided and is therefore moot.

Defendants argue that Order No. 26 addressed only Gendron's functional-equivalent status and thus did not resolve their motion. However, the practical result is the same: the documents are being produced. A court need not rule on an alternative theory for compelling production of documents that are already being disclosed.

REID
COLLINS
TSAI

**2. Defendants' Claim of Surprise at Plaintiff's Position Is Unfounded.**

Defendants profess to have been "hesitant" to file further briefing but claim they were compelled to respond because Plaintiff's Objection to Order No. 26 characterized the Order as requiring production of 1,749 documents. Defendants' claimed surprise is meritless.

***First***, Order No. 26 said exactly that—it ordered production of 1,749 documents ("Plaintiff shall therefore produce, subject to clawback, the 1,749 withheld communications"). Plaintiff's Objection accurately described the Order's plain language. There is nothing surprising or novel about Plaintiff's characterization.

***Second***, Plaintiff's position that all 1,749 communications were properly withheld prior to Order No. 26 is the same position Plaintiff has consistently maintained throughout this dispute, including in its letter brief and surreply opposing Defendants' motion to compel. There is no new position for Defendants to address.

**3. Sanctions Are Not Warranted.**

Defendants seek sanctions under Rule 37(b)(2), but Plaintiff has not violated any order, as explained in Plaintiff's July 31 and August 4 letter briefs on this motion to compel. Plaintiff has met every agreed-upon production deadline, made rolling productions beyond what was required, voluntarily reassessed privilege positions, and reduced its privilege log entries by nearly half through careful, document-by-document review. Of the 142,761 emails Plaintiff has produced in this case, only approximately 2.2% have been withheld—a rate well within normal parameters for complex commercial litigation involving communications with counsel. Plaintiff's diligent compliance and ongoing good-faith reassessment of its privilege positions is the opposite of sanctionable conduct.

***

For the foregoing reasons, Plaintiff respectfully requests that Your Honor deny Defendants' motion to compel as moot and decline to award sanctions.

Respectfully submitted,
*/s/ Yonah Jaffe*

Yonah Jaffe, Partner
REID COLLINS & TSAI LLP

*Counsel for Plaintiff Mark Kronfeld, as Trustee of the SHC Creditor Litigation Trust*