**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

MARK KRONFELD, AS TRUSTEE OF THE SHC CREDITOR LITIGATION TRUST,

Plaintiff,

v.

AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,

Defendants.

Civ. Action. No. 21-cv-11902-PBS

**DISCOVERY MASTER ORDER NO. 28:**
***In Camera* Review of Privilege Log Documents**

Pursuant to Discovery Master Order No. 22 (ECF 224), Plaintiff submitted documents for *in camera* review by the Discovery Master. Some of these documents were explicitly chosen by the Discovery Master for inspection, while others were selected by the Parties per instructions in Order No. 22. The Discovery Master has reviewed the *in camera* submissions. Pursuant to the Court's Order appointing the undersigned as Discovery Master (ECF 149), the Discovery Master rules as follows.

***In Camera* Submissions Requested in Order No. 22:**

Discovery Master Order No. 22 ruled on the Parties' long-standing disputes regarding Plaintiff's assertions of privilege for documents involving third-parties that appear on Plaintiff's privilege logs. In relevant part, Order No. 22 instructed that Plaintiff produce for *in camera* inspection documents including:

(i) Certain specific documents whose dates did not appear to be tied to the litigation in this matter.

(ii) For specific third-party vendors, examples of withheld documents within the 3-week period prior to the MPT mediation on June 22, 2021 so that the Discovery Master could determine if the documents meet the standard "to establish that actual 'translation' of information [by the third-party] necessary to take a legal position at the mediation, or work product type of information requested by counsel." These documents were to be paired with communications from attorneys seeking that information from the third-party.

(iii) For certain third-party vendors, examples of withheld documents on which Ms. Hibble is the only attorney copied, and that are dated prior to the date of any engagement letter with Foley Hoag, Steward's outside counsel.

(iv) Documents that were selected by Defendants as examples of entries from the privilege log on which Ms. Hibble is the only attorney copied that are dated after the date of any engagement letter with Foley Hoag.

(v) Documents that were selected by Defendants as examples of entries from the privilege log on which no attorneys are on the email chain that are dated after the date of any engagement letter of any engagement letter with Foley Hoag.

For several of the third-parties, Discovery Order No. 22 also requested a showing of the relationship between those third-parties and Steward.

**Applicable Law:**

In Order No. 22, as well as other orders pertaining to the Parties' discovery disputes, the Discovery Master has addressed various assertions of privilege. In that context, the Discovery Master has considered authorities pertaining to privilege as it applies to this case. A summary of the most germane privilege doctrines follows.

*A. Attorney-Client Privilege*

"By safeguarding communications between client and lawyer, the [attorney-client] privilege encourages full and free discussion, better enabling the client to conform his conduct to the dictates of the law and to present legitimate claims and defenses if litigation ensues." *In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.),* 348 F.3d 16, 22 (1st Cir. 2003). "The privilege protects only those communications that are confidential and are made for the purpose of seeking or receiving legal advice." *Id*. "[T]he party who invokes the privilege bears the burden of establishing that it applies to the communications at issue and that it has not been waived." *Id*.

Although the attorney-client privilege promotes unfettered communications between the client and attorney, "the privilege runs contrary to full disclosure of relevant information and is, therefore, narrowly construed." *Colonial Gas Co. v. Aetna Cas. & Sur. Co*., 144 F.R.D. 600, 604 (D. Mass. 1992). "The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981).

The attorney-client privilege may be waived by the client; voluntary disclosure to an outside party generally waives the privilege. *Colonial Gas Co. v. Aetna Cas. & Sur. Co*., 144 F.R.D. 600, 604 (D. Mass. 1992).

*B. "Derivative Attorney-Client Privilege"*

"Generally, disclosing attorney-client communications to a third-party, undermines the privilege." *Cavallaro v. United States*, 284 F. 3d 236, 246-47 (1st Cir. 2002). However, as the Second Circuit explained in *United States v. Kovel*, an exception to this rule exists if a third-party communications is "necessary, or at least highly useful, for the effective consultation between the client and the lawyer which the privilege is designed to permit." 296 F.2d 918, 922 (2d Cir. 1961). Under the *Kovel* doctrine, "the 'necessity' element means more than just useful and convenient," and requires that "[t]he involvement of the third-party must be nearly indispensable or serve some specialized purpose in facilitating the attorney-client communications." *Cavallaro*, 284 F.3d at 249.

"[T]he exception applies only to communications in which the third-party plays an interpretive role;" that is, "the third party's communication must serve to translate information between the client and the attorney." *Dahl v. Bain Capital Partners, LLC*, 714 F.Supp.2d 225, 228 (D. Mass. 2010). In addition, "the third party's communication must be made for the purpose of rendering legal advice, rather than business advice." *Id*.

*C. Work Product Doctrine*

The attorney work-product privilege "protects work done by an attorney in anticipation of, or during, litigation from disclosure to the opposing party." *State of Maine v. U.S. Dept. of Interior*, 298 F.3d 60, 67 (1st Cir. 2002). Work product protection "encompasses documents that are prepared in anticipation of litigation by a party's representative, including a party's consultant or agent." *Bryan Corp. v. Chemwerth, Inc*., 296 F.R.D. 31, 38 (D. Mass. 2013). The pertinent test for whether work product protection applies is "whether in light of the nature of the document and the factual situation in the particular case the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Colonial Gas Co. v. Aetna Cas. & Sur. Co*., 144 F.R.D. 600, 605 (D. Mass. 1992).

A party "does not automatically waive work product protection by disclosing the information to another person, and "[t]he existence and extent of a waiver depends upon the following three factors: (1) whether the party claiming the privilege seeks to use it in a way that is inconsistent with the purpose of the privilege; (2) whether the party claiming the privilege had a reasonable basis for believing that the disclosed materials would be kept confidential, and (3) whether waiver of the privilege in these circumstances would trench on any policy elements inherent in the privilege." *Colonial Gas Co. v. Aetna Cas. & Sur. Co*., 144 F.R.D. 600, 605 (D. Mass. 1992).

In order for a document to be eligible for protection as work product, a party need not establish that the document was prepared "primarily or exclusively to assist in litigation." *In re Grand Jury Subpoena*, 220 F.R.D. 130, 146 (D. Mass. 2004). However, the "because of" standard does not protect from disclosure "documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation." *State of Maine v. U.S. Dept. of Interior*, 298 F.3d 60, 70 (1st Cir. 2002); *see also Doe v. Lahey Health System, Inc*., 2020 WL 13561720, at *3 (D. Mass. Aug. 12, 2020).

"Work product is generally discoverable if a party demonstrates that it has substantial need for the materials and cannot obtain, without undue hardship, their substantial equivalent by other means." *Doe v. Lahey Health System, Inc*., 2020 WL 13561720, at *3 (D. Mass. Aug. 12, 2020)(citing Fed. R. Civ. P. 26(b)(3)(A)).

**Analysis:**

As instructed in Order No. 22, Plaintiff provided documents setting out the context for Plaintiff's privilege assertions for the samples of the categories of documents requested by the Discovery Master. For documents from the three-week period immediately prior to the June 22, 2021 mediation ("Mediation Window"), Plaintiff submitted several background documents (*e.g*., those labeled as "Sort Order 634," "Sort Order 4288," "Sort Order 4289") showing introductions to, and requests for information by Todd & Weld and Foley Hoag attorneys, involving the third-parties at issue. The Discovery Master's findings for the samples submitted by both Parties for each third-party vendor are discussed individually below.

*A. Array*

For third-party Array, Order No. 22 instructed that: (1) Plaintiff submit for *in camera* inspection a specific document with a date in November 2020;[1] (2) Plaintiff submit for *in camera* inspection a sample of documents from the Mediation Window; and (3) Plaintiff submit for *in camera* inspection a sampling of documents selected by Defendants from the entries on Plaintiff's privilege logs meeting criteria set out in Order No. 22.

(i) <u>Plaintiff's Samples</u>:

Plaintiff selected five documents (Sort Order Nos. 4107, 4111, 4118, 4135, and 4382) from the Mediation Window for *in camera* review. These documents request information and input from Array for use in documents and Plaintiff's positions that were being prepared for the mediation. In this respect, they are communications seeking third-party guidance in the attorney's rendering of legal advice in advance of the mediation meetings as to what should or should not be said during these sessions. These documents and other similar documents within the Mediation Window are properly withheld and may remain privileged.

(ii) <u>Defendants' Selected Samples</u>:

The only document selected by Defendants for *in camera* review for third-party Array (STEWARD0153752 – redacted) has been described by Plaintiff as follows: "Will be downgraded to Not Privileged and produced without redactions." If not yet produced, Plaintiff shall produce this document immediately. Any other documents previously withheld from production that are of similar nature shall also be produced to Defendants.

---

[1] Plaintiff submitted the document specifically requested by the Discovery Master in Order No. 22 (STEWARD01546566), but explained that Plaintiff had downgraded this document and produced it to Defendants.

*B. BR+A*

For third-party BR+A, Order No. 22 instructed that: (1) Plaintiff submit for *in camera* inspection a specific document with a date in December 2020;[2] (2) Plaintiff submit for *in camera* inspection a sample of documents from the Mediation Window; and (3) Plaintiff submit for *in camera* inspection a sampling of documents selected by Defendants from the entries on Plaintiff's privilege logs meeting criteria entries set out in the Order.

(i) <u>Plaintiff's Samples</u>:

Plaintiff selected four documents (Sort Order Nos. 4229, 4230, 4236, and 4367) from the Mediation Window on which no attorney was copied for *in camera* review. Three of these emails are part of the same chain of communications which was initiated by a request from Scott Kenyon of CREF requesting specific information from BR+A representatives for use by Steward's outside counsel for the mediation. The information requested is nuanced and technical in nature, and reflects the type of information in which BR+A plays an interpretive role; that is, the third-party translates information between the client and the attorney and is necessary for facilitating attorney-client communications needed for conducting the mediation. The fourth document is an agenda for a meeting with third-party vendors including BR+A attaching a document of information for discussion with the vendors that will be used for mediation purposes. This communication seeks third-party guidance in the attorney's rendering of legal advice in advance of the mediation meetings as to what should or should not be said during these sessions. These documents and other similar documents within the Mediation Window are properly withheld and may remain privileged.

Plaintiff also selected five documents (Sort Order Nos. 4107, 4111, 4135, 4233, and 4382) from the Mediation Window on which only Ms. Hibble is copied for *in camera* review. Sort Order Nos. 4107, 4111, and 4233 are discussed above in Section A pertaining to Array and the same conclusions and reasoning apply here. Sort Order 4233 is from the same email chain as the Scott Kenyon request discussed immediately above. These documents and other similar documents from the Mediation Window are properly withheld and may remain privileged.

(ii) <u>Defendants' Selected Samples</u>:

Five of seven documents selected by Defendants for *in camera* review for third-party BR+A (STEWARD01382473, STEWARD01528002, STEWARD01528354, STEWARD01529043, and STEWARD01529046 – all redacted) have been described by Plaintiff as follows: "Will be downgraded to Not Privileged and produced without redactions." If not yet produced, Plaintiff shall produce these documents immediately. Any other documents previously withheld from production that are of similar nature shall also be produced to Defendants.

[2] Plaintiff submitted the document specifically requested by the Discovery Master in Order No. 22 (STEWARD01546603), but explained that Plaintiff had downgraded this document and produced it to Defendants.

The remaining two documents selected by Defendants for *in camera* review (Sort Order Nos. 8190 and 8310) are documents dated in August 2022. Sort No. 8190 relates to the scope of drawings for the work to be done at Norwood. This information would be created for the purpose of the insurance claim irrespective of litigation and the correspondence doesn't directly refer to litigation. However, certain portions of this communication are annotated by counsel from Foley Hoag. These counsel annotations (those described as being "responses below in red") may be redacted. The rest of the communication is to be produced. Sort No. 8310 relates to Norwood cost model updates, which themselves do not constitute the type of information that would be privileged.

*C. Code Red*

For third-party Code Red, Order No. 22 instructed that: (1) Plaintiff submit for *in camera* inspection a sample of documents from the Mediation Window; and (2) Plaintiff submit for *in camera* inspection a sampling of 10 documents selected by Defendants from the entries on Plaintiff's privilege logs meeting criteria entries set out in the Order.

(i) <u>Plaintiff's Samples</u>:

Documents Sort Order Nos. 4107, 4111, 4135, 4367, and 4382 shall be treated as described above. To the extent that document Sort Order No. 4164 attaches a document created by a third-party vendor for the purpose of assisting counsel in establishing positions for the mediation, that attachment would be privileged – however, the text of the email itself (Sort Order No. 4164 itself) is not privileged and that document standing alone should be produced to Defendants.

(ii) <u>Defendants' Samples</u>:

All ten documents selected by Defendants from Plaintiff's privilege log for third-party Code Red for *in camera* review (Sort Order Nos. 8360, 8361, 8364, 8366, 8367, 8368, 8369, 8373, 8374, and 8375) have been described by Plaintiff as follows: "Will be downgraded to Not Privileged and produced." If not yet produced, Plaintiff shall produce this document. immediately. Any other documents previously withheld from production that are of similar nature shall also be produced to Defendants.

*D. Consigli*

For third-party Consigli, Order No. 22 instructed that: (1) Plaintiff submit for *in camera* inspection a specific document with a date in December 2020; (2) Plaintiff submit for *in camera* inspection a sample of documents from the Mediation Window or other requests from counsel for information needed for litigation; and (3) Plaintiff submit for *in camera* inspection a sampling of documents selected by Defendants from the entries on Plaintiff's privilege logs meeting criteria entries set out in the Order.

(i) Document Requested by Discovery Master

Plaintiff submitted for *in camera* inspection the document specifically requested by the Discovery Master in Order No. 22 (STEWARD01535588). It is a December 14, 2020 email from a representative of Plaintiff's accounting vendor Marsh, requesting approval from the recipients of the email, including outside counsel, as well as other third-parties, to send attached document to Defendants. In explanatory notes accompanying Plaintiff's *in camera* submissions, Plaintiff states that the attached file itself is not privileged and was produced to Defendants on January 25, 2026.

Given that the attached document has been produced, and Plaintiff has not provided any other documents corroborating that the request for input was sought in the context of legal advice for purposes of the litigation, as opposed to in the context of the insurance claim for business advice, it shall be produced to the Defendants. Any other similar documents should also be produced.

(ii) Plaintiff's Samples

Documents Sort Order Nos. 4107, 4111, 4135, 4164, 4367, and 4382 shall be treated as described above. Documents Sort Order Nos. 2978, 3335, 3348, 3678, 3855, 4288, 4289, 4290, 4291 are all documents that were created prior to and in preparation for the June 22, 2021 mediation. These documents request information and input from Consigli for use in documents and positions that were being prepared for the mediation. In this respect, they are communications seeking third-party guidance in the attorney's rendering of legal advice in advance of the mediation meetings as to what should or should not be said during these sessions. These documents and other similar documents are properly withheld and may remain privileged.

Documents Sort Order Nos. 4821, 4991, and 5089 are documents created after the June 22, 2021 mediation. They are also iterations of the same email chain of communications that is the subject of Order No. 25 regarding Clawback Documents and shall be treated in the manner described in Order No. 25 and produced to Defendants.

(iii) Defendants' Samples

Both documents selected by Defendants for *in camera* review for third-party Consigli (Sort Order Nos. 8837 and 8838) have been described by Plaintiff as follows: "Will be downgraded to Not Privileged and produced." If not yet produced, Plaintiff shall produce this document immediately. Any other documents previously withheld from production that are of similar nature shall also be produced to Defendants.

*E. Continental*

For third-party Continental, Order No. 22 instructed Defendants to select up to 5 documents from the "Work Product" category and up to 5 documents from the "Attorney-Client/Work-Product/Common-Interest" category on which no Todd & Weld attorney appears for *in camera* review.

(i) Defendants' Samples

Document Sort Order No. 6877 is a request to schedule meetings with consultants and legal. Although in its description of this document, Plaintiff argues that the document attaches a document that will be discussed, the attachments is not included and the cover email itself does not contain any privileged information and shall be produced to Defendants.

Document Sort Order No. 6789 discusses specific requests for information made by counsel from Todd & Weld and can remain privileged. Document Sort Order No. 6392 also discusses specific topics to be discussed with legal teams and can remain privileged.

Document Sort Order No. 3659 is essentially a request for a meeting. It contains no privileged information and is not privileged.

Documents Sort Order Nos. 4748, 4751, 4890, 4841, 4880, and 4884 are all versions of the same email chain collecting information from vendors for purposes of legal preparation for mediation and can remain privileged.

*F. CREF*

Order No. 22 instructed Defendants to select up to 20 privilege log entries for third-party CREF in which Mr. Kidney is communicating with Ms. Hibble for *in camera* review. Defendant selected 7 such communications, and after this selection, 4 of the 7 were downgraded by Plaintiff. Three documents (Sort Order Nos. 3046, 3048, and 3323) have been described by Plaintiff as follows: "Will be downgraded to Not Privileged and produced," while another document (STEWARD01311337 – redacted) is described by Plaintiff as: "Will be downgraded to Not Privileged and produced without redactions." If not yet produced, Plaintiff shall produce these documents immediately. Any other documents previously withheld from production that are of similar nature shall also be produced to Defendants.

Document Sort Order No. 6130 is an email chain originating with a request from a Todd & Weld attorney that explicitly requests information in preparation for litigation. Specifically, the chain asks third-party CREF to supply information needed by the attorneys to create materials for the litigation. It is properly withheld and may remain privileged.

Document Sort Order No. 7055 is described by Plaintiff as an email from Ms. Hibble providing legal advice regarding internal Steward policies. The advice that Ms. Hibble gives is not legal in nature, however, but instead pertains to procedures for approving contractor costs for purposes of advancing Steward's insurance claim. This instruction would have been provided irrespective of litigation because it was needed for purposes of submitting a supportable insurance claim – it would have been rendered in the context of ordinary course of business. Plaintiff may redact the sentence referring to the Legal teams.

Document STEWARD01324770 is a partially-redacted email chain. Plaintiff describes the earlier part of the communication as a non-privileged discussion about allocation of money

received from Zurich, but claims that later responses on the chain include Mr. Kidney and Ms. Hibble and request legal advice and are therefore privileged. The redactions can remain privileged.

*G. EH&E*

For third-party EH&E, Defendants were asked to select documents for *in camera* review up to 5 documents from the "Work Product" category and up to 5 documents from the "Attorney-Client/Work-Product/Common-Interest" category on which no Todd & Weld attorney appears. Six documents were selected by Defendants for review. Five of these six documents selected by Defendants for *in camera* review for EH&E (Sort Order Nos. 2997, 4103, 6194, 7544, and 8173) have been described by Plaintiff as follows: "Will be downgraded to Not Privileged and produced." If not yet produced, Plaintiff shall produce these documents immediately. Any other documents previously withheld from production that are of similar nature shall also be produced to Defendants. Document Sort Order 4367 shall be treated as described above.

*H. Green Seal*

The Discovery Master asked Plaintiff to submit the document STEWARD01546566, which initially appeared on Plaintiff's privilege log for third-party Green Seal, for *in camera* inspection. Plaintiff explained that the Plaintiff had downgraded this document and produced it to Defendants.

Defendants selected five documents from the privilege log for Green Seal for *in camera* inspection. Two of the documents selected by Defendants (Sort Order 6309 and STEWARD01534842) have been downgraded to "Not Privileged" and Plaintiff indicated that it would produce these documents to Defendants. If not yet produced, Plaintiff shall produce these documents immediately. Any other documents previously withheld from production that are of similar nature shall also be produced to Defendants.

The documents selected by Defendants that were not downgraded by Plaintiff were Sort Order Nos. 6427, 7527, and 7569. In the notes accompanying the submission of these documents to the Discovery Master, Plaintiff explained that these documents are communications involving Steward's outside counsel, Connor and Hilliard, P.C., and representatives from Green Seal. Plaintiff further explained that pursuant to the instructions of Order No. 22, Plaintiff was required to produce a number of emails between Green Seal and Connor and Hilliard subject to clawback, including document Sort Order No. 7569 (which now has a Bates number of STEWARD02053438). This document is not privileged and was properly produced because it does not contain legal advice or request information for purposes of rendering legal advice. The other two documents Order Nos. 6427 and 7527 are not privileged. They are planning documents for town filings, do not relate to the litigation, and are shared with third party Green Seal. They shall be produced to Defendants.

*I. Marsh*

(i) Establishment of Derivative Privilege:

For third-party Marsh, Order No. 22 instructed Plaintiff to provide for *in camera* review 25 documents "to attempt to establish attorney communications with Marsh and with its clients, to satisfy the required elements stated in the caselaw for derivative attorney client privilege," as well as "any other document showing that an attorney asked Marsh to prepare information for counsel's use in anticipation of this litigation." Plaintiff provided the requested documents. Many of the documents provided are described as Marsh representatives using their expertise "so that outside counsel Todd & Weld can provide advice related to the insurance claim."

As set out in Order No. 22, the "derivative privilege" doctrine is an exception to the general rule that disclosure to third-parties undermines privilege, but "derivative privilege" applies only to communications in which the third-party plays an interpretive role; that is, "the third party's communication must serve to translate information between the client and the attorney." *Dahl v. Bain Capital Partners, LLC*, 714 F.Supp.2d 225, 228 (D. Mass. 2010). In addition, "the third party's communication must be made for the purpose of rendering legal advice, rather than business advice." *Id*.

(ii) Defendants' Samples:

Pursuant to instructions in Order No. 22, Defendants selected 5 documents from Plaintiff's privilege logs for third-party Marsh that were withheld on Attorney-Client/Work Product/Common-Interest grounds and another 5 withheld under "Work Product" protection for *in camera* inspection. Plaintiff explains that 3 of these 10 documents (Sort Order No. 9069, STEWARD01311359-72 (redacted), and STEWARD01352372-78 (redacted)) were downgraded since their selection by Defendants and would be produced to Defendants. If not yet produced, Plaintiff shall produce these documents immediately. Any other documents previously withheld from production that are of similar nature shall also be produced to Defendants.

Document STEWARD01324783-91 is a continuation of an email chain discussed in the CREF in camera samples – Document STEWARD01324770 – and shall be treated similarly and redactions may remain privileged.

Document Sort Order No. 1646 is an email from Marsh to several individuals at Steward, including Ms. Hibble, as well as several individuals at Todd & Weld. It attaches a document for review, but the document is not part of this Sort Order submission. The email itself is not privileged. It contains no legal advice or any substantive information on any topic. It shall be produced.

Document Sort Order Nos. 4782, 4808, 4834 relate to discussions pertaining to mediation and can remain privileged.

Document Sort Order No. 8218 is an email that contains legal advice from Todd & Weld counsel and can remain privileged.

Document Sort Order No. 8629 is an email planning a call and gathering availability to discuss general categories of topics. It does not contain any legal advice and includes Robert Gendron, the subject of a previous ruling by the Discovery Master. It is not privileged and shall be produced to Defendants.

*J. MPT*

(i) Discovery Master Request:

For third-party, MPT, the Discovery Master found in Order No. 22 that Plaintiff had established a common interest privilege between Steward and MPT after June 28, 2020 but requested that 5 documents withheld from 2018 shall be submitted for *in camera* review. Order No. 22 also requested that Plaintiff provide other documents showing that "employees of Steward and MPT were discussing attorney client communications on an issue of common interest, either about this litigation or another issue in which they shared a common interest." Plaintiff provided such documents and has sufficiently confirmed the existence of issues on which MPT and Steward shared a common interest prior to the June 28, 2020 storm event.

(ii) Defendants' Samples:

Defendants selected 10 documents for MPT for *in camera* inspection. Three of these (Sort Order Nos. 4038, 4039, and 8243) have since been downgraded by Plaintiff to "Not Privileged" and Plaintiff stated that it would produce them. If not yet produced, Plaintiff shall produce these documents immediately. Any other documents previously withheld from production that are of similar nature shall also be produced to Defendants. The remainder of the documents selected by Defendants relate to the June 22, 2021 mediation and are properly withheld as privileged.

*K. NFA*

(i) Discovery Master Request:

For third-party NFA, the Discovery Master asked that Plaintiff provide for *in camera* review up to 10 documents where no attorney from Todd & Weld appears in the email chain, and where Nathalie Hibble is only a cc, "where they can show that these communications were necessary for 'translation' of advice between counsel and the client." Defendants were asked to select an additional 10 documents in this category of documents for review.

Defendants were also instructed to select for *in camera* inspection 5 documents logged as "Work Product" and 5 as protected by various categories of Attorney-Client/Work-Product/Common-Interest, on which no Todd & Weld attorneys appear.

(ii) Defendants' Samples:

Defendants selected a total of 20 documents for NFA for *in camera* inspection. Three of these (Sort Order Nos. 4254, 4864, and 2342) have since been downgraded by Plaintiff and Plaintiff stated that it would produce them. If not yet produced, Plaintiff shall produce these documents immediately. Any other documents previously withheld from production that are of similar nature shall also be produced to Defendants. Two other documents (Sort Order Nos. 3140 and 4219) were produced pursuant to Order No. 22 and Plaintiff states that it will not reassert privilege concerning this document.

Document Sort Order No. 1947 is a chain of emails between a representative at NFA, Steward, and Todd & Weld counsel seeking and rendering legal advice regarding a draft document. It is appropriately withheld as protected.

Documents Sort Order Nos. 2049 and 2078 provide information from NFA that Plaintiff has tied to a specific request from counsel at Todd & Weld to assist in preparing 93A/176D Demand Letter in this case and may remain privileged.

Document Sort Order No. 2153 is a chain of emails between a representative at NFA, Steward, and Todd & Weld counsel seeking and rendering legal advice regarding drafting documents. It is appropriately withheld as protected.

Document Sort Order No. 1597 was produced pursuant to Order No. 22 and shall remain produced. It is not linked to any specific request for information from counsel and provides information related to the insurance claim. It would have been generated irrespective of litigation and does not provide or request legal advice.

Document Sort Order No. 2609 is an email chain between third-parties and Steward, including Ms. Hibble. It has been produced pursuant to Order No. 22. Plaintiff describes this communication as a collection of information from the third-party vendors by Ms. Hibble to provide to outside counsel, but does not tie it to a specific request by counsel. It also discusses the type of information that would be generated irrespective of litigation in the course of conducting the insurance claim. It may remain produced.

Document Sort Order No. 3295 is an email chain between third-party vendors and Steward, including Ms. Hibble discussing information that will be used for mediation. It is appropriately withheld as protected.

Document Sort Order No. 3543 is an email chain between NFA and Steward, including Ms. Hibble circulating drafts for purposes of mediation. Plaintiff's notes on the document explain that it was produced pursuant to Order No. 22. Plaintiff also acknowledge that this email itself is not privileged, but argues that the attached document (which is not part of the document reviewed by the Discovery Master) is protected by work-product protection. This document, having no attachment associated with it, shall remain produced and is not privileged.

Document Sort Order Nos. 3810 and 3894 are versions of the same email chain that were produced pursuant to Order No. 22. The documents are drafts and discussions of a response to mediator questions in the mediation between the parties prepared by third party vendors after a request to gather this information from Todd & Weld counsel. They are work product and should not be part of the production in this matter.

Document Sort Order No. 4219 was produced pursuant to Order No. 22, and Plaintiff states that it will not reassert privilege as to this document. It does not contain privileged information and shall remain produced.

Document Sort Order No. 4855 pertain to mediation and may remain privileged.

Document Sort Order No. 5279 is a document reflecting an attorney request for information for purposes of rendering legal advice and is appropriately withheld as protected.

Document Sort Order Nos. 1022 and 1041 are versions of the same an email chain including legal advice and the results of legal research by Todd & Weld counsel and are appropriately withheld from production.

Document Sort Order No. 1006 was produced pursuant to Order No. 22. It reflects strategies and goals of Steward in the context of the insurance claim and has no specific reference to providing information that was requested by counsel, and copies Robert Gendron. It shall remain produced.

(iii) Plaintiff's Samples:

Plaintiff explained that because many documents on Plaintiff's privilege logs are continuations of the same email chains, Plaintiff submitted 8 representative samples pursuant to the instructions of Order No. 22.

Document Sort Order No. 1371 is an email from Chris Kidney to third party vendors, copying Ms. Hibble. The email consists of an agenda for a meeting with Zurich, which Plaintiff argues is privileged because it was sent at the request of Steward's outside counsel. There is no cross-reference to such a request from outside counsel. The agenda and outline given are general in nature and reflect the type of business advice that would be given in the context of an insurance claim adjustment process irrespective of litigation. It is therefore not protected from disclosure.

Document Sort Order Nos. 2043, 2044, 2045, and 2078 are an email and attachments reflecting a request from Steward's outside counsel for information from third-party vendors made so that the "legal team can complete their work." These documents can remain withheld.

Document Sort Order No. 2158 is an email from Todd & Weld counsel with legal advice and can remain withheld.

Document Sort Order No. 2607 is a continuation of the same email chain as set out in Document Sort Order No. 2609 discussed above, and shall be treated similarly.

Document Sort Order No. 4524 is an email from Mr. Kidney to third party vendors, copying outside counsel, informing them that the legal team might reach out to them. It relates to mediation and may remain privileged.

Document Sort Order No. 4800 discusses gathering information for counsel and may remain privileged.

Document Sort Order Nos. 4991 and 4997 are iterations of the same email chain of communications that is the subject of Order No. 25 regarding Clawback Documents and shall be treated in the manner described in Order No. 25 and produced to Defendants.

L. *Optisure*

(i) Documents Requested by Discovery Master:

The Discovery Master requested two documents (Sort Order Nos. 8370 and 8894) for in camera review.

Document Sort Order No. 8370 is a communication between Steward and outside counsel Sidley Austin regarding amendments of documents and is appropriately withheld.

Document Sort Order No. 8894 is an email chain in which Ms. Hibble suggest that business teams of Steward and MPT meet up. It pertains to the insurance claim and is the type of information that would be created irrespective of litigation. It also copies Robert Gendron and is therefore not privileged. It shall be produced.

(ii) Defendants' Samples:

Defendants selected 5 documents for Optisure for *in camera* inspection. Two of these (Sort Order No. 0739 and STEWARD01526157 (redacted)) have since been downgraded by Plaintiff and Plaintiff stated that it would produce them. If not yet produced, Plaintiff shall produce these documents immediately. Any other documents previously withheld from production that are of similar nature shall also be produced to Defendants.

Document Sort Order No. 0751 provides information regarding Norwood insurance policy but does not have any request for information from counsel, nor does it provide or seek legal advice. It is also copied to Robert Gendron. It is not privileged.

Documents Sort Order Nos. 0823 and 0832 are communications copied to outside counsel that include comments that relate to litigation and may remain privilege.

M. *Suffolk*

Order No. 22 instructed Plaintiff to submit one document from January 2021 (Sort Order No. 1987). It is a chain of emails that includes a request for a meeting which was to include third party vendors, Steward, and outside counsel. Plaintiff argues that the agenda concerns legal strategy. However, although this document mentions the word "strategy" several times, it does not actually discuss any legal strategy or any detailed information that is legal in nature. The document seems to pertain to business matters and copy Robert Gendron. It is not protected by privilege.

**General Observations from the *In Camera* Submissions**:

Having reviewed the *in camera* selections made by Defendants, it is clear that Plaintiff has downgraded several, and at times many, documents for nearly every third-party. This is indicative of the sort of over-withholding that the Discovery Master has been trying to avoid in this case. Although it is understandable that some mistakes may be made in the privilege designations in a production of this size, the mistakes made here are significant in number. Therefore, the Plaintiff shall review its privilege log carefully and produce all documents that are similar in nature to those ordered for production here.

**SO ORDERED**

Dated: October 19, 2026

/s/ *Faith S. Hochberg*
Hon. Faith S. Hochberg, U.S.D.J. (ret.)